UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

## NOTICE OF RULE DISCONTINUING SERVICE BY MAIL

    This is an E-filing case.  Pursuant to Local Rule, the Court will no longer serve any counsel by mail.  If counsel wish to be served with documents generated by the Court, they must register for E-filing pursuant to Local Rule 5-4 and General Order 45.

    IT IS SO ORDERED.

Dated: May 30, 2003

JOSEPH C. SPERO
United States Magistrate Judge

United States District Court
For the Northern District of California

1
2
3
4                    UNITED STATES DISTRICT COURT
5                    NORTHERN DISTRICT OF CALIFORNIA
6
7                                         No.
8          Plaintiff(s),
9      v.                                 **CASE MANAGEMENT**
                                          **CONFERENCE ORDER**
10
                                          [ALL CASES]
11         Defendant(s).
12  _____/
13
14          IT IS HEREBY ORDERED that, pursuant to Fed. R. Civ. P. 16 and Civil L.R. 16-10, a Case

15  Management Conference will be held in this case before the Honorable Joseph C. Spero on

16  _____, at 1:30 p.m., in Courtroom A, 15th Floor, U.S. District Court, 450

17  Golden Gate Avenue, San Francisco, California.

18          1.      Plaintiff(s) shall serve copies of this Order and the Court's Standing Orders at once on all

19  parties to this action, and on any parties subsequently joined, in accordance with the provisions of

20  Fed. R. Civ. P. 4 and 5. Following service, plaintiff(s) shall file a certificate of service with the Clerk of this

21  Court.

22          2.      Counsel are directed to confer in advance of the Case Management Conference with

23  respect to the subjects detailed in Fed. R. Civ. P. 16(c), 26(f), and all of the agenda items listed below.

24  Not less than seven (7) days before the conference, counsel shall file a Joint Case Management Conference

25  Statement in compliance with Local Rule 16-9. In addition, the Joint Case Management Conference

26  Statement shall address each agenda item listed below. Failure to file a Joint Case Management

27  Conference Statement, without good cause, may subject a party to sanctions.

28

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

3.    Each party shall be represented at the Case Management Conference by counsel (or a party if *in pro se*) prepared to address all of the matters referred to in this Order, and with authority to enter stipulations and make admissions pursuant to this Order.

4.    Any request to reschedule the above dates should be made in writing, and by stipulation, if possible, not less than ten (10) days before the conference date. Good cause must be shown.

5.    The parties should be prepared to address and resolve at the Case Management Conference the matters set forth in Fed. R. Civ. P. 16(b) and (c).

6.    Other agenda matters which the Court will address at the Case Management Conference include the following:

a)    The basis for this Court's subject matter jurisdiction and whether any issue exists regarding personal jurisdiction or venue;

b)    The factual and legal bases for plaintiff's claims, defendant's defenses, defendant's counterclaims and the defenses to those counterclaims;

c)    Any related proceedings, including any administrative proceedings, and any related cases pending before other judges of this court or before any other court;

d)    Whether all parties consent to the jurisdiction of a Magistrate Judge for all purposes, including trial and entry of judgment;

e)    A brief summary of the proceedings to date, including whether or not there has been full compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and, in patent cases, the schedule for compliance with Patent Local Rules 3-1 through 4-6;

f)    A description of all pending motions and their current status;

g)    A description of all motions expected before trial;

h)    The extent to which new parties will be added or existing parties deleted, deadlines for adding and deleting parties, and deadlines for amendment of pleadings;

i)    The extent to which evidentiary, claim construction, or class certification hearings are anticipated;

United States District Court
For the Northern District of California

1              j)    The scope of discovery to date and, separately, the scope of anticipated discovery,

2    including limits that should be imposed on discovery and a proposed discovery plan pursuant to Fed. R.

3    Civ. P. 26(f);

4              k)    The extent to which any special discovery or other problems or issues have arisen

5    or are expected;

6              l)    Proposed deadlines and court dates, including trial date;

7              m)    The expected length of trial, approximate number of witnesses, experts, exhibits,

8    and whether a jury is demanded;

9              n)    What damages and other relief are sought and what method is used to compute

10   such damages;

11             o)    ADR efforts to date and a specific ADR plan for the case;

12             p)    The extent to which a special master should be involved in the case;

13             q)    A service list for all counsel that includes telephone and fax numbers; and

14             r)    Such other matters as any party considers conducive to the just, speedy and

15   inexpensive determination of this action.

16       7.    As soon as a party has notice of this order, the party shall take such affirmative steps as are

17   necessary to preserve evidence related to the issues presented by the action, including, without limitation,

18   interdiction of any document destruction programs and any ongoing erasures of emails, voicemails, and

19   other electronically recorded material to the extent necessary to preserve information relevant to the issues

20   presented by the action.

21       8.    Motions for summary judgment shall be accompanied by a statement of the material facts

22   not in dispute supported by citations to admissible evidence. The parties shall file a joint statement of

23   undisputed facts where possible. If the parties are unable to reach complete agreement after meeting and

24   conferring, they shall file a joint statement of the undisputed facts about which they do agree. Any party

25   may then file a separate statement of the additional facts that the parties contends are undisputed. A party

26   who, without substantial justification, contends that a fact is in dispute is subject to sanctions.

27

28

1      9.     The remainder of this order will apply to all discovery in this action. For good cause, the
2   parties are invited to propose any modifications in their joint case management statement.  Unless and until
3   modified, however, the following provisions shall supplement the requirements of the Federal Rules of Civil
4   Procedure and the local rules.

5      10.    Counsel shall contact Judge Spero jointly by telephone before filing any discovery motions.
6   If the Court determines that a formal discovery motion should be filed, counsel are directed to follow the
7   procedures outlined in the Civil Local Rules and in this Order, unless otherwise specified at the time of the
8   telephonic conference.

9      11.    Discovery motions may be addressed to the Court in three ways:  A motion may be
10  noticed on not less than 35 days notice pursuant to Civil L.R. 7-2.  Alternatively, any party may seek an
11  order shortening time under Civil L.R. 6-3 if the circumstances justify that relief.  In emergencies during
12  discovery events (such as depositions), the Court is available pursuant to Civil L.R. 37-1(b).  In the event a
13  discovery dispute arises, counsel for the party seeking discovery shall in good faith confer **in person** with
14  counsel for the party failing to make the discovery in an effort to resolve the dispute without court action, as
15  required by Fed. R. Civ. P. 37 and Civil L.R. 37-1(a).  The meeting must be **in person**, except where
16  good cause is shown why a telephone meeting is adequate.  A declaration setting forth these meet and
17  confer efforts, and the final positions of each party, shall be included in the moving papers.  The Court will
18  not consider discovery motions unless the moving party has complied with Fed. R. Civ. P. 37 and Civil
19  L.R. 37-1(a).

20     12.    In responding to requests for documents and materials under Fed. R. Civ. P. 34, all parties
21  shall affirmatively state in a written response served on all other parties the full extent to which they will
22  produce materials and shall, promptly after the production, confirm in writing that they have produced *all*
23  such materials so described that are locatable after a diligent search of *all* locations at which such materials
24  might plausibly exist.  It shall not be sufficient to object and/or to state that "responsive" materials will be or
25  have been produced.

26     13.    In searching for responsive materials in connection with Fed. R.Civ. P. 34 requests or for
27  materials required to be disclosed under Fed. R. Civ. P. 26(a)(1), parties must search computerized files,
28

United States District Court
For the Northern District of California

4

1  emails, voicemails, work files, desk files, calendars and diaries, and any other locations and sources if

2  materials of the type to be produced might plausibly be expected to be found there.

3      14.    To the maximum extent feasible, all party files and records should be retained and

4  produced in their original form and sequence, including file folders, and the originals should remain available

5  for inspection by any counsel on reasonable notice.

6      15.    Except for good cause, no item will be received in evidence if the proponent failed to

7  produce it in the face of a reasonable and proper discovery request covering the item, regardless of

8  whether a motion to overrule any objection thereto was made.    Privilege logs shall be promptly provided

9  and must be sufficiently detailed and informative to justify the privilege.  *See* Fed. R. Civ. P. 26(b)(5).  No

10  generalized claims of privilege or work product protection shall be permitted.  With respect to each

11  communication for which a claim of privilege or work product is made, the asserting party must at the time

12  of its assertion identify: (a) all persons making and receiving the privileged or protected communication, (b)

13  the steps taken to ensure the confidentiality of the communication, including affirmation that no unauthorized

14  persons have received the communication, (c) the date of the communication, and (d) the subject matter of

15  the communication.  Failure to furnish this information at the time of the assertion will be deemed a waiver

16  of the privilege or protection.

17      16.    Absent extraordinary circumstances, counsel shall consult in advance with opposing counsel

18  and unrepresented proposed deponents to schedule depositions at mutually convenient times and places.

19  Where an agreement cannot be reached as to any party deponent or a deponent represented by counsel of

20  record, the following procedure may be invoked by the party seeking any such deposition.  The party

21  seeking such a deposition may notice it at least thirty (30) days in advance.  If the noticed date and place is

22  unacceptable to the deponent or the deponent's counsel, then within ten (10) days or receipt of the notice,

23  the deponent or counsel for the deponent must reply and counter-propose in writing an alternative date and

24  place falling within thirty (30) days of the date noticed by the party seekin/g the deposition.

25      17.    Counsel and parties shall comply with Fed. R. Civ. P. 30(d)(1).  Deposition objections

26  must be as to privilege or form only.  Speaking objections are prohibited.  When a privilege is claimed, the

27  witness should nevertheless answer questions relevant to the existence, extent or waiver of the privilege,

28  such as the date of a communication, who made the statement, to whom and in whose presence the

United States District Court
For the Northern District of California

5

1

2

**STANDING ORDER**

3     1.     Civil Law and Motion is heard on Fridays, at 9:30 a.m. Criminal Law and

4     Motion is heard on Fridays, at 10:30 a.m. Counsel need not reserve a hearing date in advance

5     for civil motions. However, noticed dates may be reset as the Court's calendar requires.

6

7     2.     Case Management and Pretrial Conferences are heard on Fridays, at 1:30 p.m.

8     Case Management Conferences will no longer be recorded, unless requested by the parties.

9

10    3.     In cases that are randomly assigned to Judge Spero for all purposes, a Consent to

11    Proceed before a U.S. Magistrate Judge and a Declination to Proceed Before a Magistrate Judge

12    And Request For Reassignment to a United States District Judge Forms will be mailed to all

13    parties. The parties are requested, within two weeks from receipt of the form, to complete and

14    file the form indicating their consent or request for reassignment to a District Judge.

15

16    4.     Parties with questions regarding scheduling of settlement conferences should

17    contact Judge Spero's secretary, Mary Ann Macudzinski-Gomez, at (415) 522-3691. All other

18    scheduling questions should be addressed to Judge Spero's courtroom deputy, Karen Hom, at

19    (415) 522-2035.

20

21    5.     Discovery motions may be addressed to the Court in three ways. A motion may

22    be noticed on not less than thirty-five (35) days notice pursuant to Civil L.R. 7-2. Alternatively,

23    any party may seek an order shortening time under Civil L.R. 6-3 if the circumstances justify

24    that relief. In emergencies during discovery events (such as depositions), the Court is available

25    pursuant to Civil L.R. 37-1(b). In the event a discovery dispute arises, counsel for the party

26    seeking discovery shall in good faith confer **in person** with counsel for the party failing to make

27    the discovery in an effort to resolve the dispute without court action, as required by Fed. R. Civ.

28    P. 37 and Civil L.R. 37-1(a). The meeting must be **in person**, except where good cause is

1

1   shown why a telephone meeting is adequate. A declaration setting forth these meet and confer

2   efforts and the final positions of each party shall be included in the moving papers. The Court

3   will not consider discovery motions unless the moving party has complied with Fed. R. Civ. P.

4   37 and Civil L.R. 37-10(a).

5

6          6.     In all "e-filing" cases, when filing papers in connection with any motion for

7   determination by a judge, the parties shall, in addition to filing papers electronically, lodge with

8   chambers a printed copy of the papers by the close of the next court day following the day the

9   papers are filed electronically. **These printed copies shall be marked "Chambers Copy" and**

10  **shall be submitted directly to Magistrate Judge Spero's chambers in an envelope clearly**

11  **marked with the judge's name, case number and "E-Filing Chambers Copy." Parties**

12  **shall not file a paper copy of any document with the Clerk's Office that has already been**

13  **filed electronically.**

14

15         7.     Any proposed stipulation or proposed order in a case subject to electronic filing

16  shall be sent by email to **jcspo@cand.uscourts.gov.** This address is to be used only for

17  proposed orders unless otherwise directed by the Court.

18         IT IS SO ORDERED.

19

20  Dated: February 26, 2003

21

22                                              JOSEPH C. SPERO
                                                United States Magistrate Judge

23

24

25

26

27

28

                                                2

**APPENDIX A - JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Plaintiff(s), | CASE NO. |
| v. | JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER |
| Defendant(s). | |

The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

### DESCRIPTION OF THE CASE

1. A brief description of the events underlying the action:

2. The principal factual issues which the parties dispute:

3. The principal legal issues which the parties dispute:

4. The other factual issues *[e.g. service of process, personal jurisdiction, subject matter jurisdiction or venue]* which remain unresolved for the reason stated below and how the parties propose to resolve those issues:

5. The parties which have not been served and the reasons:

6. The additional parties which the below-specified parties intend to join and the intended time frame for such joinder:

7. The following parties consent to assignment of this case to a United States Magistrate Judge for *[court or jury]* trial:

### ALTERNATIVE DISPUTE RESOLUTION

8. *[Please indicate the appropriate response(s).]*

☐ The case was automatically assigned to Nonbinding Arbitration at filing and will be ready for the hearing by *(date)* _____ .

☐ The parties have filed a Stipulation and Proposed Order Selecting an ADR process *(specify process):* _____ .

☐ The parties filed a Notice of Need for ADR Phone Conference and the phone conference was held on or is scheduled for _____ .

☐ The parties have not filed a Stipulation and Proposed Order Selecting an ADR process and the ADR process that the parties jointly request [or a party separately requests] is _____

9. Please indicate any other information regarding ADR process or deadline.

## DISCLOSURES

10. The parties certify that they have made the following disclosures *[list disclosures of persons, documents, damage computations and insurance agreements]*:

## DISCOVERY

11. The parties agree to the following discovery plan *[Describe the plan e.g., any limitation on the number, duration or subject matter for various kinds of discovery; discovery from experts; deadlines for completing discovery]*:

## TRIAL SCHEDULE

12. The parties request a trial date as follows:

13. The parties expect that the trial will last for the following number of days:

Dated: _____    _____
                             [Typed name and signature of counsel.]


Dated: _____    _____
                             [Typed name and signature of counsel.]


## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders:

*[The Court may wish to make additional orders, such as:*
*a. Referral of the parties to court or private ADR process;*
*b. Schedule a further Case Management Conference;*
*c. Schedule the time and content of supplemental disclosures;*
*d. Specially set motions;*
*e. Impose limitations on disclosure or discovery;*
*f. Set time for disclosure of identity, background and opinions of experts;*
*g. Set deadlines for completing fact and expert discovery;*
*h. Set time for parties to meet and confer regarding pretrial submissions;*
*I. Set deadline for hearing motions directed to the merits of the case;*
*j. Set deadline for submission of pretrial material;*
*k. Set date and time for pretrial conference;*
*l. Set a date and time for trial.]*


Dated: _____    _____
                             UNITED STATES DISTRICT/MAGISTRATE JUDGE

1  extent or waiver of the privilege, such as the date of a communication, who made the statement, to

2  whom and in whose presence the statement was made, other persons to whom the contents of the

3  statement have been disclosed, and the general subject matter of the statement, unless such

4  information is itself privileged.  Private conferences between deponents and attorneys in the course

5  of interrogation, including a line of related questions, are improper and prohibited except for the sole

6  purpose of determining whether a privilege should be asserted.

7       18.    Failure to comply with this Order or the Local Rules of this Court may result in

8  sanctions.  *See* Fed. R. Civ. P. 16(f), Civil L.R. 1-4.

9       IT IS SO ORDERED.

10

11  Dated: January 30, 2001

12

13                                JOSEPH C. SPERO
                                  United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court

For the Northern District of California