Jeannine Y. Sano (SBN: 174190)
DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, California 94303-2225
Telephone: 650 845-7000
Facsimile: 650 845-7333

Jeffrey L. Kessler (pro hac vice)
David G. Feher (pro hac vice)
Eamon O'Kelly (pro hac vice)
DEWEY BALLANTINE LLP
1301 Avenue of the Americas
New York, New York 10019-6092
Telephone: 212 259-8000
Facsimile: 212 259-6333

Kenneth L. Steinthal (pro hac vice pending)
Joseph R. Wetzel (SBN: 238008)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

Bruce S. Meyer (pro hac vice pending)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310 8000
Facsimile: (212) 310 8007

Attorneys for Defendant
NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED
d/b/a PLAYERS INC, a Virginia corporation.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| BERNARD PAUL PARRISH, HERBERT ANTHONY ADDERLEY, and WALTER ROBERTS III on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a PLAYERS INC, a Virginia corporation,<br><br>Defendant. | Civil Action No. C07 0943 WHA<br><br>Honorable William H. Alsup<br><br>**PLAYERS INC'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |

## ANSWER

Defendant National Football League Players Incorporated d/b/a/ Players Inc ("Players Inc"), by its attorneys, states its answers to the First Amended Complaint (the "Complaint") as follows:

1. Deny the allegations as set forth in paragraph 1 of the Complaint, except to admit that the Players Inc press release dated Jan. 16, 2007 and the complete Form 990 filed by the National Football League Players Association ("NFLPA") speak for themselves.

2. Deny the allegations as set forth in paragraph 2 of the Complaint, except to admit that the letter from Players Inc attached as Exhibit B to the Complaint speaks for itself.

3. In response to paragraph 3 of the Complaint, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Players Inc denies the allegations set forth in paragraph 3, except to admit that the un-redacted email communication between Bruce Laird and Doug Allen and others dated October 2006 speaks for itself.

4. In response to paragraph 4 of the Complaint, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Players Inc denies the allegations as set forth in paragraph 4 of the Complaint.

5. In response to paragraph 5 of the Complaint, state that said paragraph constitutes a legal conclusion to which no responsive pleading is required. To the extent any response is required, Players Inc denies the allegations as set forth in paragraph 5 of the Complaint.

6. In response to paragraph 6 of the Complaint, state that said paragraph constitutes a legal conclusion to which no responsive pleading is required. To the extent any response is required, Players Inc denies the allegations as set forth in paragraph 6 of the Complaint.

7. In response to paragraph 7 of the Complaint, state that said paragraph constitutes a legal conclusion to which no responsive pleading is required. To the extent any

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, California 94303-2225

response is required, Players Inc denies the allegations as set forth in paragraph 7 of the Complaint.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint, except admit that Bernard Parrish played in the National Football League ("NFL") from 1959 through 1966 and is the author of the book *They Call it a Game*.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint, except admit that Herbert Adderley played in the NFL from 1961 through 1972.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint, except admit that Walter Roberts played in the NFL from 1964-1970.

11. Deny the allegations as set forth in paragraph 11 of the Complaint except admit that Players Inc is a Virginia Corporation organized in 1994 and that its principal place of business is 2021 L Street, NW, Washington D.C. 20036. Players Inc further admits that its activities include marketing, licensing, special events, corporate sponsorship, media and content development, publishing, website and other promotional programs involving active and retired NFL players.

12. Deny the allegations as set forth in paragraph 12 of the Complaint except admit that the website www.nflplayers.com and the Players Inc press release dated Jan. 16, 2007 speak for themselves.

13. Admit the allegations as set forth in the first sentence of paragraph 13 of the Complaint. Players Inc denies the allegations as set forth in the remainder of paragraph 13 except to state that the letter from the NFLPA attached as Exhibit D to the Complaint speaks for itself.

14. Deny the allegations as set forth in paragraph 14 of the Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint, except admit that Mike Webster

played in the NFL and that state that the decision of the U.S. Court of Appeals for the Fourth Circuit in *Sunny Jani, Administrator of the Estate of Michael L. Webster, deceased, v. The Bert Bell/Pete Rozelle NFL Player Retirement Plan and The NFL Supplemental Disability Plan* speaks for itself.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint.

17. In response to paragraph 17 of the Complaint, state that said paragraph constitutes conclusory allegations and a legal conclusions to which no responsive pleading is required. To the extent any response is required, Players Inc denies the allegations set forth in paragraph 17 of the Complaint.

18. Deny the allegations as set forth in paragraph 18 of the Complaint.

19. In response to paragraph 19 of the Complaint, state that said paragraph constitutes a legal conclusion to which no responsive pleading is required. To the extent any response is required, Players Inc denies the allegations as set forth in paragraph 19 of the Complaint.

20. In response to paragraph 20 of the Complaint, state that said paragraph constitutes a conclusory allegation and legal conclusion to which no responsive pleading is required. To the extent any response is required, Players Inc denies the allegations as set forth in paragraph 20 of the Complaint.

21. In response to paragraph 21 of the Complaint, state that said paragraph constitutes a conclusory allegation and legal conclusion to which no responsive pleading is required. To the extent any response is required, Players Inc denies the allegations as set forth in paragraph 21 of the Complaint.

22. In response to paragraph 22 of the Complaint, state that said paragraph constitutes a conclusory allegation and legal conclusion to which no responsive pleading is required. To the extent any response is required, Players Inc denies the allegations as set forth in paragraph 22 of the Complaint.

23. In response to paragraph 23 of the Complaint, state that said paragraph

Players Inc's Answer to First Amended Complaint                              Civ. Action No. C07 0943 WHA

constitutes a conclusory allegation and legal conclusion to which no responsive pleading is required. To the extent any response is required, Players Inc denies the allegations as set forth in paragraph 23 of the Complaint.

24. In response to paragraph 24 of the Complaint, state that said paragraph constitutes a conclusory allegation and legal conclusion to which no responsive pleading is required. To the extent any response is required, Players Inc denies the allegations as set forth in paragraph 24 of the Complaint.

25. In response to paragraph 25 of the Complaint, state that said paragraph constitutes a conclusory allegation and legal conclusion to which no responsive pleading is required. To the extent any response is required, Players Inc denies the allegations as set forth in paragraph 25 of the Complaint.

26. In response to paragraph 26 of the Complaint, state that said paragraph constitutes a conclusory allegation and legal conclusion to which no responsive pleading is required. To the extent any response is required, Players Inc denies the allegations as set forth in paragraph 26 of the Complaint.

27. In response to paragraph 27 of the Complaint, state that said paragraph constitutes a conclusory allegation and legal conclusion to which no responsive pleading is required. To the extent any response is required, Players Inc denies the allegations as set forth in paragraph 27 of the Complaint.

28. In response to paragraph 28 of the Complaint, state that said paragraph constitutes a legal conclusion to which no responsive pleading is required. To the extent any response is required, Players Inc denies the allegations as set forth in paragraph 28 of the Complaint.

29. In response to paragraph 29 of the Complaint, state that said paragraph constitutes a legal conclusion to which no responsive pleading is required. To the extent any response is required, Players Inc denies the allegations as set forth in paragraph 29 of the Complaint.

30. In response to paragraph 30 of the Complaint, state that said paragraph

Players Inc's Answer to First Amended Complaint        Civ. Action No. C07 0943 WHA

constitutes a legal conclusion to which no responsive pleading is required. To the extent any response is required, Players Inc denies the allegations as set forth in paragraph 30 of the Complaint.

31.  In response to paragraph 31 of the Complaint, Players Inc repeats and realleges its answers to paragraphs 1 through 30 of the Complaint as if fully set forth herein.

32.  In response to paragraph 32 of the Complaint, state that said paragraph constitutes a legal conclusion to which no responsive pleading is required. To the extent any response is required, Players Inc denies the allegations as set forth in paragraph 32 of the Complaint.

33.  In response to paragraph 33 of the Complaint, state that said paragraph constitutes a legal conclusion to which no responsive pleading is required. To the extent any response is required, Players Inc denies the allegations as set forth in paragraph 33 of the Complaint.

34.  In response to paragraph 34 of the Complaint, state that said paragraph constitutes a legal conclusion to which no responsive pleading is required. To the extent any response is required, Players Inc denies the allegations as set forth in paragraph 34 of the Complaint.

35.  In response to paragraph 35 of the Complaint, state that said paragraph constitutes a legal conclusion to which no responsive pleading is required. To the extent any response is required, Players Inc denies the allegations as set forth in paragraph 35 of the Complaint.

36.  In response to paragraph 36 of the Complaint, Players Inc repeats and realleges its answers to paragraphs 1 through 35 of the Complaint as if fully set forth herein.

37.  In response to paragraph 37 of the Complaint, state that said paragraph constitutes a legal conclusion to which no responsive pleading is required. To the extent any response is required, Players Inc denies the allegations as set forth in paragraph 37 of the Complaint.

38.  In response to paragraph 38 of the Complaint, state that said paragraph

constitutes a legal conclusion to which no responsive pleading is required. To the extent any response is required, Players Inc denies the allegations as set forth in paragraph 38 of the Complaint.

39. In response to paragraph 39 of the Complaint, state that said paragraph constitutes a legal conclusion to which no responsive pleading is required. To the extent any response is required, Players Inc denies the allegations as set forth in paragraph 39 of the Complaint.

40. In response to paragraph 40 of the Complaint, Players Inc repeats and realleges its answers to paragraphs 1 through 39 of the Complaint as if fully set forth herein.

41. In response to paragraph 41 of the Complaint, state that said paragraph constitutes a legal conclusion to which no responsive pleading is required. To the extent any response is required, Players Inc denies the allegations as set forth in paragraph 41 of the Complaint.

42. In response to paragraph 42 of the Complaint, state that said paragraph constitutes a legal conclusion to which no responsive pleading is required. To the extent any response is required, Players Inc denies the allegations as set forth in paragraph 42 of the Complaint.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claims are barred in whole or in part by reason of equitable estoppel.

### THIRD DEFENSE

Plaintiffs' claims are barred in whole or in part by reason of laches.

### FOURTH DEFENSE

Plaintiffs' claims are barred in whole or in part by reason of release.

### FIFTH DEFENSE

Plaintiffs' claims are barred in whole or in part by reason of the statute of limitations.

### SIXTH DEFENSE

Plaintiffs' claims are barred in whole or in part by reason of the statute of frauds.

### SEVENTH DEFENSE

Plaintiffs' claims are barred in whole or in part by reason of assumption of the risk.

### EIGHTH DEFENSE

Plaintiffs' claims are barred in whole or in part by reason of Plaintiffs' failure to mitigate or avoid harm or damages Plaintiffs may have suffered.

### NINTH DEFENSE

Any injuries or damages sustained by Plaintiffs were caused by the acts, omissions, or negligence of the Plaintiffs

### TENTH DEFENSE

Any injuries or damages sustained by Plaintiffs were caused by parties other than Players Inc over whom Players Inc had no control and/or for whom Players Inc is not responsible.

### ELEVENTH DEFENSE

Any injuries or damages sustained by Plaintiffs were not caused and/ or

Players Inc's Answer to First Amended Complaint                    Civ. Action No. C07 0943 WHA

proximately caused by any action of Players Inc, its agents, servants, or employees.

## TWELFTH DEFENSE

Plaintiffs' claims are barred in whole or in part by reason of the economic loss rule.

## THIRTEENTH DEFENSE

Any liability of Players Inc must be reduced by the fault of Plaintiffs or other non-parties, presently unknown to Players Inc, and Players Inc reserves the right to amend this answer to specify those non-parties whose fault contributed to Plaintiffs' alleged damages.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part and any recovery must be reduced or set off by any amounts received by Plaintiffs that compensated them for any alleged loss.

## FIFTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrines of waiver, estoppel, unclean hands, and *in pari delicto*.

## SIXTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part because the Court lacks personal jurisdiction over Players Inc.

Players Inc reserves the right to assert additional affirmative defenses as they become known during discovery.

## CERTIFICATE OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, California 94303-2225

National Football League Players Association – 100% owner of Class A shares and 79% owner of Class B shares of National Football League Players Incorporated d/b/a Players Inc

Professional Athletes Foundation – 21% owner of Class B shares of National Football League Players Incorporated d/b/a Players Inc

Date: April 2, 2007                                    DEWEY BALLANTINE LLP


BY: _____/S/ JEFFREY L. KESSLER_____
Jeffrey L. Kessler
Attorneys for Defendant Players Inc

-10-

Players Inc's Answer to First Amended Complaint                    Civ. Action No. C07 0943 WHA