1   Jeannine Y. Sano (SBN: 174190)
    jsano@deweyballantine.com
2   DEWEY BALLANTINE LLP
    1950 University Avenue, Suite 500
3   East Palo Alto, California 94303-2225
    Telephone: (650) 845-7000
4   Facsimile: (650) 845-7333

5   Jeffrey L. Kessler (pro hac vice)
    jkessler@deweyballantine.com
6   David G. Feher (pro hac vice)
    Eamon O'Kelly (pro hac vice)
7   DEWEY BALLANTINE LLP
    1301 Avenue of the Americas
8   New York, New York 10019-6092
    Telephone: (212) 259-8000
9   Facsimile: (212) 259-6333

10  Kenneth L. Steinthal (pro hac vice pending)
    Joseph R. Wetzel (SBN: 238008)
11  WEIL, GOTSHAL & MANGES LLP
    201 Redwood Shores Parkway
12  Redwood Shores, California 94065
    Telephone: (650) 802-3000
13  Facsimile: (650) 802-3100

14  Bruce S. Meyer (pro hac vice pending)
    WEIL, GOTSHAL & MANGES LLP
15  767 Fifth Avenue
    New York, New York 10153
16  Telephone: (212) 310-8000
    Facsimile: (212) 310-8007

17

18  Attorneys for Defendant
    NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED
    d/b/a PLAYERS INC, a Virginia corporation.

19

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| BERNARD PAUL PARRISH, HERBERT ANTHONY ADDERLEY, and WALTER ROBERTS III on behalf of themselves and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a PLAYERS INC, a Virginia corporation,<br><br>　　　　　Defendant. | Civil Action No. C07 0943 WHA<br><br>Honorable William H. Alsup<br><br>**PLAYERS INC'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)** |

28

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, California 94303-2225

---

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on May 17, 2007 at 8 a.m., or as soon thereafter as this matter may be heard, in Courtroom 9 of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California, Defendant National Football League Players Incorporated d/b/a Players Inc ("Players Inc") will and hereby does move, pursuant to Fed. R. Civ. P. 12(c), to dismiss all causes of action alleged by Plaintiffs Bernard Paul Parrish ("Parrish"), Herbert Anthony Adderley ("Adderley"), and Walter Roberts III ("Roberts") (collectively "Plaintiffs") in their First Amended Complaint (the "Amended Complaint" or "Am. Compl.").

As set forth in the accompanying Memorandum of Points and Authorities, Plaintiffs' claim for breach of fiduciary duty should be dismissed because Plaintiffs do not and cannot allege any facts that would support a claim that Players Inc owed them any fiduciary duties and, thus, they cannot allege a legally valid claim that Players Inc breached any such duties. Plaintiffs do not and cannot allege that there was any relationship at all between Players Inc and Parrish or Roberts, and thus cannot allege any facts that would support a claim that Players Inc owed Parrish or Roberts a duty of any kind, let alone a fiduciary duty.

Although Plaintiffs do allege facts that might support a contractual relationship between Players Inc and Adderley, as a matter of law contractual relationships alone do not give rise to fiduciary duties and Plaintiffs allege no facts which would support the existence of a fiduciary duty owed by Players Inc to Adderley. Moreover, even if Plaintiffs had alleged facts to support a claim that Players Inc owed any of them a fiduciary duty (which they did not), they allege no facts to support a claim that Players Inc breached any such duty. Plaintiffs' other "causes of action" (for unjust enrichment and an accounting) are entirely derivative of their failed breach of fiduciary claim. Accordingly, the Amended Complaint must be dismissed in its entirety.

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, California 94303-2225

Players Inc's Motion for Judgment on the Pleadings                    Civ. Action No. C07 0943 WHA

1    Players Inc's Motion to Dismiss is based upon this Notice of Motion, and the

2  accompanying Memorandum of Points and Authorities.

3

4  Date: April 4, 2007                                    DEWEY BALLANTINE LLP

5

6                                                      BY: ___s/Jeffrey L. Kessler_____

7                                                          Jeffrey L. Kessler
                                                        Attorneys for Defendant Players Inc

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, California 94303-2225

Players Inc's Motion for Judgment on the Pleadings                    Civ. Action No. C07 0943 WHA

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................. ii

MEMORANDUM OF POINTS AND AUTHORITIES ..................................... 1

STATEMENT OF FACTS ................................................................. 2

    I.     THE PARTIES ................................................................. 2

    II.    PLAYERS INC GROUP LICENSING PROGRAMS .......................... 3

ARGUMENT ................................................................................. 4

    I.     PLAINTIFFS ALLEGE NO FACTS TO SUPPORT A CLAIM
         THAT PLAYERS INC OWES THEM ANY FIDUCIARY DUTY ........... 6

         A.    Even If Plaintiffs Allege a Contractual Relationship Arising
               Out of Players Inc's Group Licensing Activities with Those
               Retired Players Who Signed GLAs, Such a Relationship
               Would Not Give Rise to a Fiduciary Duty ........................... 8

         B.    Plaintiffs Fail to Allege Facts to Support the Existence of
               Any "Special" or "Confidential" Relationship ..................... 10

    II.    PLAINTIFFS FAIL TO ALLEGE THE BREACH OF ANY
         CLAIMED FIDUCIARY DUTY ............................................. 11

    III.   PLAINTIFFS ALSO FAIL TO STATE A CLAIM FOR UNJUST
         ENRICHMENT ................................................................. 13

    IV.   PLAINTFFS FAIL TO STATE A CAUSE OF ACTION FOR
         AN ACCOUNTING ............................................................ 14

    V.    PLAINTIFFS' ALLEGATIONS CONCERNING THE NFLPA
         COLLECTIVE BARGAINING ACTIVITIES ARE IRRELEVANT
         TO THEIR CLAIMS AGAINST PLAYERS INC AND THE
         COMPLAINT MUST BE DISMISSED WITH PREJUDICE .............. 14

CONCLUSION ............................................................................. 18

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, CA 94303-2225

Players Inc's Motion for Judgment on the Pleadings                Civ. Action No. C07 0943 WHA

1

<div align="center">

**TABLE OF AUTHORITIES**

</div>

2

<div align="right">

<u>Page</u>

</div>

3

**<u>Cases</u>**

4

<u>Albrecht v. Lund,</u>
     845 F.2d 193 (9th Cir. 1988) .................................................................15, 16

5

<u>Allaun v. Scott,</u>
     59 Va. Cir. 461 (2005) ..............................................................................6, 11

6

7

<u>Allen Realty Corp. v. Holbert,</u>
     277 Va. 441 (1984) ....................................................................................6

8

<u>Allis-Chalmers Corp. v. Lueck,</u>
     471 U.S. 202 (1985) ..................................................................................15

9

10

<u>Asante Techs., Inc. v. PMC-Sierra, Inc.,</u>
     164 F. Supp. 2d 1142 (N.D. Cal. 2001) ...................................................17

11

<u>Bailey v. Turnbow,</u>
     639 S.E.2d 291 (Va. 2007) ........................................................................8

12

<u>Balistreri v. Pacifica Police Dep't,</u>
     901 F.2d 696 (9th Cir. 1988) ................................................................5, 7, 13

13

14

<u>Boyd v. Keyboard, Network Magazine,</u>
     C 99-94439 WHA, 2000 WL 274204 (N.D. Cal. Mar. 1, 2000) .............15, 16

15

<u>CARES, Inc. v. California,</u>
     C 05-01026 WHA, 2005 WL 3454140 (N.D. Cal. Dec. 16, 2005) ...........15

16

<u>City of Oakland v. Comcast Corp.,</u>
     No. C 06-5380 CW, 2007 WL 518868 (N.D. Cal. Feb. 14, 2004) ...........13

17

18

<u>City Solutions v. Clear Channel Commc'ns, Inc.,</u>
     201 F. Supp. 2d 1048 (N.D. Cal. 2002) ...................................................9

19

20

<u>Clarke v. Newell,</u>
     1:05cv1013 (JCC), 2005 WL 3157570 (E.D. Va. Nov. 23, 2005) ...........14

21

<u>De la Torre v. United States,</u>
     No. C 02-1942, 2004 WL 3710194 (N.D. Cal. Apr. 14, 2004) ...............13

22

23

<u>Deveraturda v. Globe Aviation Sec. Serv.,</u>
     454 F.3d 1043 (9th Cir. 2006) .................................................................15

24

<u>Diaz Vicente v. Obenauer,</u>
     736 F. Supp. 679 (E.D. Va. 1990) ...........................................................8

25

26

<u>Doe v. Harris,</u>
     CL 5544, 2001 Va. Cir. LEXIS 529 (Va. Cir. Ct. Apr. 11, 2001) ...........9

27

28

<div style="float:left">

**DEWEY BALLANTINE LLP**
1950 University Avenue, Suite 500
East Palo Alto, CA 94303-2225

</div>

<div align="center">

-ii-

</div>

Doe v. United States,
    419 F.3d 1058 (9th Cir. 2005) ................................................................. 4

Dworkin v. Hustler Magazine, Inc.,
    867 F.2d 1188 (9th Cir. 1989) ................................................................. 4

Edmonson v. City of Martinez,
    C 00-2396 WHA, 2000 WL 1639492 (N.D. Cal. Oct. 27, 2000) ............... 15

Epstein v. Wash. Energy Co.,
    83 F.3d 1136 (9th Cir. 1996) ................................................................. 13

Filak v. George,
    267 Va. 612 (2004) ........................................................................ 12, 16

Friendly Ice Cream Corp. v. Beckner,
    268 Va. 34 (2004) ...................................................................... 10, 11, 12

Giordano v. Atria Assisted Living,
    429 F. Supp. 2d 732 (E.D. Va. 2006) ...................................................... 17

Goodworth Holdings, Inc v. Suh,
    239 F. Supp. 2d 947 (N.D. Cal. 2002) ...................................................... 9

Hal Roach Studios, Inc. v. Richard Feiner & Co.,
    896 F.2d 1542 (9th Cir. 1989) ................................................................. 5

Hancock v. Anderson,
    160 Va. 225 (1933) .......................................................................... 9, 10

Heliotrope Gen., Inc. v. Ford Motor Co.,
    189 F.3d 971 (9th Cir. 1999) ................................................................. 5

Henderson v. Office & Prof'l Employees Int'l Union,
    143 Fed. Appx. 741 (9th Cir. 2005) ........................................................ 15

Henderson v. Office & Prof'l Employees Int'l Union,
    143 Fed. Appx. 741 (9th Cir. 2005) ........................................................ 15

Hirschler v. GMD Invs. Ltd.,
    Civ. A. No. 90-1289-N, 1991 WL 115773 (E.D. Va. Mar. 28, 1991) ........ 6

In re Stac Elecs. Sec. Litig.,
    89 F.3d 1542 (9th Cir. 1996) ................................................................. 5

Kang v. Roof,
    24 Va. Cir. 193 (1991) ........................................................................ 13

McClung v. Smith,
    870 F. Supp. 1384 (E.D. Va. 1994) ........................................................ 10

Melchior v. New Line Prods., Inc.,
    106 Cal. App. 4th 779 (2003) ................................................................ 13

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, CA 94303-2225

Microstrategy, Inc. v. Netsolve, Inc.,
        368 F. Supp. 2d 533 (E.D. Va. 2005) ........................................................... 13

Nelson v. Bill Martz Chevrolet, Inc.,
        No. 12722, 1991 WL 835339 (Va. Cir. Ct. Dec. 5, 1991) ............................... 6

Nelson v. City of Irvine,
        143 F.3d 1196 (9th Cir. 1998) ...................................................................... 5

Nuckols v. Nuckols,
        228 Va. 25 (1984) ....................................................................................... 17

Oakland Raiders v. Nat'l Football League,
        131 Cal. App. 4th 621 (2005) ........................................................................ 6

Okura & Co. v. Careau Group,
        783 F. Supp. 482 (C.D. Cal. 1991) .............................................................. 14

Ott v. Home Sav. & Loan Ass'n,
        265 F.2d 643 (9th Cir. 1958) ..................................................................... 4, 5

Pierce Fin. Corp. v. Sterlikng Cycle, Inc.,
        No. 12592, 1992 WL 884734 (Va. Cir. Ct. June 15, 1992) ............................. 8

Richelle L. v. Roman Catholic Archbishop of San Francisco,
        106 Cal. App. 4th 257 (2003) ...................................................................... 10

Rita Med. Sys., Inc. v. Resect Medical, Inc.,
        No. C 05-03291 WHA, 2007 WL 161049 (N.D. Cal. Jan. 17, 2007) ....... 12, 16

Robertson v. Dean Witter Reynolds, Inc.,
        749 F.2d 530 (9th Cir. 1984) ........................................................................ 5

Roth v. Garcia-Marquez,
        942 F.2d 617 (9th Cir. 1991) ..................................................................... 4, 5

Schreiber Distrib. Co. v. Serv-Well Furniture Co.,
        806 F.2d 1393 (9th Cir. 1986) ..................................................................... 15

State Farm Mut. Auto. Ins. Co. v. Floyd,
        235 Va. 136 (1988) ....................................................................................... 9

Strawflower Elecs., Inc. v. Radioshack Corp.,
        No. C-05-0747, 2005 WL 2290314 (N.D. Cal. Sept. 20, 2005) ...................... 8

United States ex rel. Chunie v. Ringrose,
        788 F.2d 638 (9th Cir. 1986), cert. denied, 479 U.S. 1009 (1986) ................. 5

VA Timberline, LLC v. Land Mgmt. Group,
        No. 2:06cv463, 2006 WL 3746144 (E.D. Va. Dec. 15, 2006) ................. 12, 16

Van't Rood v. County of Santa Clara,
        113 Cal. App. 4th 549 (2003) ...................................................................... 17

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, CA 94303-2225

-iv-

<u>Warner v. Clementson,</u>
    254 Va. 356 (1997) ................................................................ 6

<u>W. Mining Council v. Watt,</u>
    643 F.2d 618 (9th Cir. 1981) ........................................... 5, 13

<u>Wolf v. Superior Court,</u>
    107 Cal. App. 4th 25 (2003) ............................................. 6, 8

<u>WRH Mortgage, Inc. v. S.A.S. Assocs.,</u>
    214 F.3d 528 (4th Cir. 2000) ............................................... 14

**Statutes and Rules**

Fed. R. Civ. P. 12(c) ............................................................. passim

Fed. R. Civ. P. 11 ...................................................................... 2

28 U.S.C. § 1927 ...................................................................... 2

**Secondary Sources**

Restatement (First) of Agency § 15 ......................................... 17

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, CA 94303-2225

Players Inc's Motion for Judgment on the Pleadings          Civ. Action No. C07 0943 WHA

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs' claims are premised upon a single legal theory: that Players Inc owed some unspecified fiduciary duty, and breached that duty, to Plaintiffs. The Amended Complaint is legally deficient in numerous respects but, most significantly, the Amended Complaint does not and cannot allege any facts to state a claim upon which relief can be granted.

First, Plaintiffs do not allege facts to establish any relationship of any type between Players Inc and Plaintiffs Parrish or Roberts, much less a relationship that could give rise to a fiduciary duty. It is hornbook law that a fiduciary duty does not arise simply because a party calls it such. At most, Plaintiffs allege a limited contractual relationship between Players Inc and Plaintiff Adderley – a relationship that, as a matter of law, does not give rise to any fiduciary duty.

Second, even if Plaintiffs had alleged facts that would support a claim that Players Inc owed any of them a fiduciary duty (and they did not do so), they allege no facts to support a claim that Players Inc breached any such duty. As demonstrated by the Amended Complaint allegations and the documents attached thereto, Players Inc offered retired National Football League ("NFL") players (including Plaintiffs) the opportunity to participate in group licensing programs. The fact that Parrish and Roberts chose not to grant their group licensing rights to Players Inc – which meant that Players Inc had no group licensing rights to license for those players – does not and could not constitute a breach of any duty by Players Inc. Moreover, Plaintiffs do not allege any facts to support a claim that Players Inc breached any contractual duties to Adderley; but even if they had, the law is clear that breach of contract claims cannot be bootstrapped into a claim for breach of fiduciary duty.

Third, Plaintiffs' unjust enrichment claim is based on the same deficient factual allegations as their claim for breach of a fiduciary duty and states no independent cause of action. Thus, this claim fails as well.

Fourth, Plaintiffs' "cause of action" for an accounting merely seeks a particular remedy arising out of the alleged breach of fiduciary duty. Because the substantive claim fails, this "cause of action" fails also.

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, California 94303-2225

Finally, the Amended Complaint is principally a vehicle for Plaintiffs to try to garner publicity for their long-running campaign against a union entity affiliated with Players Inc, the National Football League Players Association ("NFLPA"), about the level of pensions and other benefits provided to former NFL players in collective bargaining agreements entered into with the NFL – matters wholly unrelated to the claims in this lawsuit. This Court should not countenance such a continued abuse of the litigation process and should dismiss the Amended Complaint with prejudice.[1]

## STATEMENT OF FACTS

## I.    THE PARTIES

Defendant Players Inc, a Virginia corporation, is a for-profit licensing, sponsorship, marketing, and content development company that negotiates and facilitates group licensing and marketing opportunities for active and certain retired NFL players. Am. Compl. ¶ 11; Ex. A. Players Inc's activities include retail licensing, corporate sponsorships and promotions, special events, radio and television projects, publishing and internet. Am. Compl. Ex. A.

Players Inc is 79% owned by the NFLPA, the union that represents active NFL players. Am. Compl. Ex. G. Despite allegations in the Amended Complaint concerning such matters as pension and disability benefits, it is undisputed that Players Inc itself is not a union, does not represent any players in collective bargaining, and has no role in negotiating or providing any benefits to Plaintiffs or other retired players.

Parrish is a retired NFL player who played professionally from 1959 to 1966. Am. Compl. ¶ 8. For years, he has campaigned against the NFLPA with regard to pension and disability issues. See id. There is no allegation in the Amended Complaint, nor can it be

---

[1] Players Inc describes in more detail in its motion for sanctions (which is filed simultaneously herewith) the improper purposes for which Plaintiffs have filed this baseless lawsuit. See generally Players Inc's Notice of Motion and Motion for Sanctions Pursuant to Rule 11, 28 U.S.C. § 1927, and the Court's Inherent Powers dated April 4, 2008 ("Sanctions Motion"). In addition to harassing Players Inc and the NFLPA, Plaintiffs are seeking to promote a new entity founded by Parrish, Adderely, and Plaintiffs' counsel that will compete with Players Inc for the commercial licensing of retired NFL players' names and images. Sanctions Motion at 5-6.

Players Inc's Motion for Judgment on the Pleadings                    Civ. Action No. C07 0943 WHA

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, California 94303-2225

inferred from any of the documents appended thereto, that Parrish ever signed a group licensing

authorization ("GLA") whereby he assigned rights to his name or likeness for use in group

licensing activities, or that he ever participated in any Players Inc group licensing program.  (See

discussion at 6-7, infra.)  In short, there is no factual allegation that Parrish has ever had any

relationship with Players Inc.

Roberts is a retired NFL player who played professionally from 1964 to 1970.

Am. Compl. ¶ 10.  There is also no allegation nor can it be inferred that Roberts ever signed a

GLA or ever participated in any Players Inc group licensing program.  Thus, there is no factual

allegation that Roberts ever had any relationship with Players Inc.[2]

Adderley is a retired NFL player who played professionally from 1961 to 1972.

Am. Compl. ¶ 9.  Although there is no allegation in the Amended Complaint that Adderley

signed a GLA or participated in any Players Inc licensing program, Plaintiffs attach to the

Amended Complaint a copy of a letter agreement evidencing Adderley's participation in a

Players Inc group licensing program with Reebok.[3]  Am. Compl. Ex. F.  As this letter agreement

states, the Reebok group licensing program (like all other Players Inc group licensing programs

for retired players) was non-exclusive.  See id.  Plaintiffs do not allege that Players Inc breached

any contractual provisions or contractual duty owed to Adderley with regard to this non-

exclusive group licensing program.

## II.    PLAYERS INC GROUP LICENSING PROGRAMS

The NFLPA (which is not a party to this lawsuit) offers retired NFL players the

opportunity to sign GLAs, whereby a player agrees to assign rights to his name, image and other

attributes to the NFLPA for group licensing to entities such as video game companies, trading

card companies, and sports merchandise companies.  Am. Compl. Ex. D.[4]  The NFLPA, in turn,

---

[2] In fact, as discussed in Players Inc's sanctions motion, it is undisputed that neither Parrish nor Roberts ever participated in any Players Inc licensing programs.  Sanctions Motion at 9.

[3] Players Inc does not deny that Adderley participated in certain Players Inc group licensing programs, for which he was compensated.

[4] Although Plaintiffs attempt to confuse the Court by alleging that Ex. D "is a letter from Defendant" (Am. Compl. ¶ 13), it is clear from the face of the letter that it was sent by the NFLPA.  Where there is a discrepancy between an allegation in a complaint and a document appended thereto, it is the document that is controlling for purposes of a motion to dismiss.  See

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, California 94303-2225

assigns the GLAs to Players Inc to pursue group licensing opportunities. Id. The GLAs are "non-exclusive and [do] not interfere with any other licensing or endorsement opportunities [the retired player] may have." Id. Individual retired players may also enter into ad hoc licensing agreements with Players Inc from time to time, whereby a player licenses rights to his name or image to Players Inc for use in a specific group licensing program. See Am. Compl. Ex. F.

In offering retired players the opportunity to sign GLAs, the NFLPA stated that "thousands of retired players … have provided their name and image rights to the NFLPA and Players Inc" and that "[h]undreds of retired NFL players have received payments from Players Inc for [licensing] activities." Am. Compl. Ex. D; see also Am. Compl. Ex. C (email stating that 358 retired players received payments for participation in Players Inc programs in FY 2006). The NFLPA stated that if a retired player signs a GLA he "may get the opportunity to receive royalty payments or appearance fees." Am. Compl. Ex. D (emphasis added).

Plaintiffs do not allege in the Amended Complaint, nor can it be inferred from any of the documents attached thereto, that Players Inc ever undertook to pay to Plaintiffs (or any retired player) any monies generated by Players Inc's licensing activities if the retired player did not sign a GLA or otherwise participate, or was not selected by licensees, in Players Inc group licensing programs.

**ARGUMENT**

A defendant may move for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) at any time after it has filed its answer. See Doe v. United States, 419 F.3d 1058, 1061-62 (9th Cir. 2005). A Rule 12(c) motion for judgment on the pleadings is "functionally identical" to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989). "A judgment on the pleadings is properly granted when, taking all the allegations in the [complaint] as true, the moving party is entitled to judgment as a matter of

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, California 94303-2225

---

Roth v. Garcia-Marquez, 942 F.2d 617, 625 n.1 (9th Cir. 1991) (citing Ott v. Home Sav. & Loan Ass'n, 265 F.2d 643, 646 n.1 (9th Cir. 1958)) ("when the allegations of the complaint are refuted by an attached document, the Court need not accept the allegations as being true").

Players Inc's Motion for Judgment on the Pleadings                    Civ. Action No. C07 0943 WHA

1  law." Heliotrope Gen., Inc. v. Ford Motor Co., 189 F.3d 971, 978-79 (9th Cir. 1999) (citing

2  Nelson v. City of Irvine, 143 F.3d 1196, 1200 (9th Cir. 1998)).

3        A complaint must be dismissed where there is either a "lack of a cognizable legal

4  theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v.

5  Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988) (citing Robertson v. Dean Witter

6  Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984)). While the Court must presume all well-

7  pleaded factual allegations in the complaint to be true on a motion to dismiss, it is not

8  "necessar[y] [to] assume the truth of legal conclusions merely because they are cast in the form

9  of factual allegations." W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981) (citations

10 omitted); see also Epstein v. Wash. Energy Co., 83 F.3d 1136, 1140 (9th Cir. 1996) ("conclusory

11 allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for

12 failure to state a claim") (citation omitted); United States ex. rel. Chunie v. Ringrose, 788 F.2d

13 638, 643 n.2 (9th Cir. 1986), cert. denied, 479 U.S. 1009 (1986) ("While the court generally must

14 assume factual allegations to be true, it need not assume the truth of legal conclusions cast in the

15 form of factual allegations"). Here, as demonstrated below, Plaintiffs fail to allege any facts

16 capable of supporting a claim under any cognizable legal theory and thus all claims against

17 Players Inc must be dismissed.

18        For purposes of a motion to dismiss, exhibits and other materials submitted as part

19 of the complaint are incorporated by reference, and are treated as part of the complaint. See Hal

20 Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989)

21 (citation omitted). Further, the court may consider the full text of a document that the complaint

22 quotes in part. See In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1405 n.4 (9th Cir. 1996).

23 Moreover, when documents are incorporated by reference, the attached documents control when

24 allegations set forth in the complaint conflict with the facts set forth in an attachment. See Roth

25 v. Garcia-Marquez, 942 F.2d 617, 625 n.1 (9th Cir. 1991) (citing Ott v. Home Sav. & Loan

26 Ass'n, 265 F.2d 643, 646 n.1 (9th Cir. 1958)) ("when the allegations of the complaint are refuted

27 by an attached document, the Court need not accept the allegations as being true"). As discussed

28

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, California 94303-2225

-5-

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, California 94303-2225

1    below, the documents submitted as exhibits by Plaintiffs reinforce their inability to state a claim

2    against Players Inc and thus further support dismissal of the Amended Complaint.

3    **I.    PLAINTIFFS ALLEGE NO FACTS TO SUPPORT A CLAIM THAT PLAYERS INC OWES THEM ANY FIDUCIARY DUTY**

4              Plaintiffs' entire Amended Complaint is premised on a claim of breach of

5    fiduciary duty.  <u>See</u> Am. Compl. ¶¶ 3, 18.  However, plaintiffs fail to allege <u>any</u> facts that would

6    support a claim that Players Inc owed them any fiduciary duty.  The Amended Complaint should

7    be dismissed for this reason alone.  <u>See</u> <u>Warner v. Clementson</u>, 254 Va. 356, 361 (1997)

8    (affirming dismissal of a breach of fiduciary duty claim).[5]  Although Plaintiffs assert in purely

9    conclusory fashion that Players Inc owed them some unspecified fiduciary duty (Am. Compl. ¶¶

10   3, 17), they do not allege any facts in support of that assertion.  This dooms the Amended

11   Complaint:  A "[f]iduciary duty does not arise simply because a party calls it such."  <u>Nelson v.</u>

12   <u>Bill Martz Chevrolet, Inc.</u>, No. 12722, 1991 WL 835339, at *3 (Va. Cir. Ct. Dec. 5, 1991)

13   (dismissing breach of fiduciary duty claim); <u>see also</u> <u>Allaun v. Scott</u>, 59 Va. Cir. 461, at *2

14   (2002) (dismissing claim where "[a]lthough Plaintiff's Motion for Judgment alleges that a

15   fiduciary duty existed, the Motion of Judgment does not provide any further support for such

16   allegation"); <u>Oakland Raiders v. Nat'l Football League</u>, 131 Cal. App. 4th 621, 642 (2005)

17   (affirming summary judgment where "there was no fiduciary relationship between defendant and

18   the Raiders arising either as a result of agreement or by operation of law").

19             A fiduciary duty exists only "when a special confidence has been reposed in one

20   who in equity and in good conscience is bound to act in good faith and with due regard for the

21   interests of one reposing the confidence."  <u>Nelson</u>, 1991 WL 835339, at *3 (<u>citing</u> <u>Allen Realty</u>

22   <u>Corp. v. Holbert</u>, 227 Va. 441, 446 (1984)); <u>see also</u> <u>Hirschler v. GMD Invs. Ltd.</u>, Civ. A. No.

23   90-1289-N, 1991 WL 115773, at *10 (E.D. Va. Mar. 28, 1991) (granting motion to dismiss)

24   (<u>citing</u> <u>Allen Realty Corp.</u>, 227 Va. at 446); <u>Wolf v. Superior Court</u>, 107 Cal. App. 4th 25, 29

25   (2003) ("Such a [fiduciary] relation ordinarily arises where a confidence is reposed by one

26   _____

27   [5] Because Players Inc is a Virginia corporation, the substantive law of Virginia regarding
     fiduciary duties applies here.  The law in California with respect to fiduciary duty, however, is
28   substantially the same for purposes of the instant motion.  <u>See</u>, <u>e.g.</u>, <u>Wolf v. Superior Court</u>, 107
     Cal. App. 4th 25, 29-30 (2003).

person in the integrity of another, and in such a relation the party in whom the confidence is reposed, if he voluntarily accepts or assumes to accept the confidence, can take no advantage from his acts relating to the interest of the other party"). There are no factual allegations in the Amended Complaint, however, that would support an assertion that any of the Plaintiffs reposed any "special confidence" in Players Inc. Indeed, with the exception a single letter agreement between Players Inc and Adderley attached as an exhibit to the Amended Complaint (see Am. Compl. Ex. F), Plaintiffs do not allege (and it cannot otherwise be inferred from the Amended Complaint) that any of them had any relationship with Players Inc at all – much less a relationship that could give rise to a fiduciary duty. Plaintiffs do not allege that they signed GLAs and they do not allege that they chose to participate in any group licensing programs offered through Players Inc.

Plaintiffs' claim that they were owed a fiduciary duty by Players Inc rests almost entirely on a single factual allegation: that Players Inc purported to represent "over 3,000 retired players" or "3,500 retired NFL players." Am. Compl. ¶¶ 12, 32. Plaintiffs, however, do not and cannot allege that they themselves are among these "over 3,000" or "3,500" retired players allegedly stated to be "represented" by Players Inc. Nor do Plaintiffs allege any facts explaining how Players Inc could represent or acquire group licensing rights of a retired player (and thus any purported duty incident thereto) without the player's agreement (as through a GLA), or that Players Inc ever engaged in any group licensing activities as to these players without their consent. Thus, even if any weight were to be given to their conclusory and unsupported allegation that "Defendant owed and owes each represented player a fiduciary duty" (Am. Compl. ¶ 3) (emphasis added), Plaintiffs have not alleged any facts to state a claim that such a duty was owed to any player who did not sign a GLA or other licensing agreement (such as Parrish or Roberts). See Balistreri, 901 F.2d at 699. Moreover, they do not allege any relationship that would give rise to a fiduciary duty even between Players Inc and those retired players who did sign GLAs.

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, California 94303-2225

-7-

**A.    Even If Plaintiffs Allege a Contractual Relationship Arising Out of Players Inc's Group Licensing Activities with Those Retired Players Who Signed GLAs, Such a Relationship Would Not Give Rise to a Fiduciary Duty**

Taken in the light most favorable to Plaintiffs, the allegations of the Amended Complaint suggest only a contractual relationship between Players Inc and some retired NFL players who signed GLAs or ad hoc licensing agreements, and not a relationship involving the duties of a fiduciary.  Moreover, it bears repeating that there are no allegations of even a contractual or business relationship between Players Inc and Parrish or Roberts:  Plaintiffs do not allege that Parrish or Roberts ever signed a GLA or participated in any Players Inc group licensing program, and no such inference can be drawn from the Amended Complaint.[6]

Further, to the extent it can be inferred from documents appended as Exhibit F to the Amended Complaint that Adderley did participate in certain Players Inc group licensing activities, such a contractual relationship did not and could not give rise to any fiduciary duty on the part of Players Inc.  See Bailey v. Turnbow, 639 S.E.2d 291, 294 (Va. 2007) ("A mere commercial relationship, even where the parties like and trust each other, is insufficient to establish a confidential relationship") (citation omitted) (emphasis added); Diaz Vicente v. Obenauer, 736 F. Supp. 679, 695 (E.D. Va. 1990) ("Plaintiffs cite, and the Court has found, no authority … to convert a typical business investment relationship into one involving the duties of a fiduciary."); Pierce Fin. Corp. v. Sterling Cycle, Inc., No. 12592, 1992 WL 884734, at *5 (Va. Cir. Ct. June 15, 1992) ("Just because there is a business relationship even if it of a long duration and involves large sums of money, it does not automatically create a fiduciary relationship."); Wolf, 130 Cal. Rptr. 2d at 864 ("Contrary to [Plaintiff's] contention, the contractual right to contingent compensation in the control of another has never, by itself, been sufficient to create a fiduciary relationship where one would not otherwise exist.") (citations omitted); Strawflower Elecs., Inc. v. Radioshack Corp., No. C-05-0747, 2005 WL 2290314, at *3-5 (N.D. Cal. Sept. 20, 2005) (granting motion to dismiss breach of fiduciary duty claim alleged to arise out of mere

---

[6] As discussed in Players Inc's motion for sanctions, Plaintiffs do not allege any relationship between Players Inc and Parrish or Roberts for the simple reason that although Parrish and Roberts were eligible (like all retired NFL players) to sign GLAs and participate in Players Inc group licensing programs, they never chose to do so.  Sanctions Motion at 9.

Players Inc's Motion for Judgment on the Pleadings                    Civ. Action No. C07 0943 WHA

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, California 94303-2225

1    business relationship).

2              For a fiduciary duty to arise in the context of contractual relationship (such as the

3    relationship alleged between Players Inc and Adderley with respect to the Reebok agreement, <u>see</u>

4    Am. Compl. Ex. F), the creation of the fiduciary duty "must be <u>expressly</u> reposed or <u>necessarily</u>

5    implied" in the contract itself.  <u>Hancock v. Anderson</u>, 160 Va. 225, 242 (1933) (emphasis in

6    original); <u>see City Solutions v. Clear Channel Commc'ns, Inc.</u>, 201 F. Supp. 2d 1048, 1049

7    (N.D. Cal. 2002) (Alsup, J.) ("It is a well-settled principle that parties to a contract do not by

8    necessary implication become fiduciaries") (citation omitted); <u>Goodworth Holdings, Inc. v. Suh</u>,

9    239 F. Supp. 2d 947, 960 (N.D. Cal. 2002) (Alsup, J.) ("A fiduciary relationship, however, does

10   not arise simply because parties repose trust and confidence in each other.  A confidentiality

11   agreement does not give rise to a fiduciary relationship unless it does so expressly") (citations

12   omitted).  Plaintiffs do not allege facts to support a claim that any fiduciary duty was "expressly

13   reposed" in any agreements between Players Inc and Plaintiffs (or any retired players) and the

14   contractual documents attached to the Amended Complaint do not contain any such language.

15   Further, Plaintiffs allege no facts from which any such fiduciary duty could "necessarily [be]

16   implied" by those contracts.

17             Finally, as the documents that Plaintiffs attach to the Amended Complaint

18   demonstrate, Players Inc's licensing arrangements with retired players are non-exclusive.  <u>See</u>

19   Am. Compl. Ex. D (stating with regard to the GLA that "[t]his agreement is non-exclusive"); Ex.

20   F (stating that Adderley "agreed to participate on a non-exclusive basis" in a group licensing

21   program).  Such non-exclusive relationships negate any potential claim that Players Inc owed

22   "total fidelity" to any particular retired players, such as Adderley, who may have participated in

23   certain Players Inc group licensing programs, thereby legally negating the possibility of a

24   fiduciary duty.  <u>See State Farm Mut. Auto. Ins. Co. v. Floyd</u>, 235 Va. 136, 143 (1988) (holding

25   that no fiduciary duty exists where "the interests of the parties are parallel and to some extent

26   overlapping, but may diverge" because a fiduciary must owe "total fidelity to the interests of his

27   principal"); <u>Doe v. Harris</u>, CL 5544, 2001 Va. Cir. LEXIS 529, at *19 (Va. Cir. Ct. Apr. 11,

28   2001) (affirming dismissal where the relationships between the parties "are not always parallel

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, California 94303-2225

-9-

1    relationships").

2    **B.    Plaintiffs Fail To Allege Facts to Support the Existence of Any "Special" or "Confidential" Relationship**

3    In an apparent effort to allege a "special" or "confidential" relationship, Plaintiffs

4    assert that "Players Inc purports to have the sole and exclusive control over licensing contracts

5    with vendors" and that this alleged "position of control and Plaintiffs' lack of information"

6    somehow gives rise to a fiduciary duty.  Am. Compl. ¶ 17.  However, plaintiffs do not allege any

7    facts to support such a conclusory assertion.  Indeed, this assertion is directly contradicted by the

8    facts that Plaintiffs do allege.

9    In certain rare instances, where there are marked inequalities of power or

10   education between the two parties <u>in a close relationship</u>, courts have found such relationships to

11   be "special" or "confidential" and imposed fiduciary duties.  <u>See</u>, <u>e.g.</u>, <u>Friendly Ice Cream Corp.</u>

12   <u>v. Beckner</u>, 268 Va. 23, 34 (2004) (a confidential relationship "appears when the circumstances

13   make it certain the parties do not deal on equal terms, but on the one side, there is an

14   <u>overmastering influence</u>, or, on the other, weakness, dependence, or trust, justifiably reposed")

15   (quoting <u>Hancock</u>, 160 Va. at 242) (emphasis added)); <u>McClung v. Smith</u>, 870 F. Supp. 1384,

16   1400, 1400 n.6 (E.D. Va. 1994) (finding a "special" relationship under Virginia law where a

17   woman, unsophisticated in financial matters and weakened by alcohol dependence, entrusted her

18   finances to a family friend, a lawyer who was especially knowledgeable about land investing);

19   <u>Richelle L. v. Roman Catholic Archbishop of San Francisco</u>, 106 Cal. App. 4th 257, 270-74

20   (2003) (addressing whether there was a "confidential" relationship under California law where a

21   devout, sexually inexperienced parishioner had been seduced by her pastor).

22   In <u>Richelle L.</u>, the court explained that a "confidential" relationship may occur

23   where "(1) the vulnerability of one party to the other, (2) results in the empowerment of the

24   stronger party by the weaker which (3) empowerment has been solicited or accepted by the

25   stronger party and (4) prevents the weaker party from effectively protecting itself."  <u>Id.</u> at 272.

26   The required "vulnerability" is found where a plaintiff suffers from "advanced age, youth, lack

27   of education, weakness of mind, grief, sickness, or some other incapacity."  <u>Id.</u> at 273.  Plaintiffs

28

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, California 94303-2225

-10-

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, California 94303-2225

1  do not allege any facts from which the Court could infer that they are in such a position of

2  "vulnerability" vis-à-vis Players Inc as to give rise to a "special" or "confidential" relationship.

3  To the contrary, Plaintiffs expressly allege that Parrish "was the CEO and President of a

4  commercial construction company for over 20 years that employed over 3,000 tradesman,

5  laborers and engineers." Am. Compl. ¶ 8. Roberts is alleged to be an experienced business

6  person who "co-owned a building supplies company called JR Builders Specialties, Inc." Am.

7  Compl. ¶ 10.

8          Similarly, there is no allegation and no basis to infer that Players Inc exercised

9  "overmastering influence" on Plaintiffs. See Friendly Ice Cream Corp., 268 Va. at 34. In fact, it

10  is more reasonable to infer from the allegations in the Amended Complaint that Players Inc had

11  to make an effort to get any retired players to participate in group licensing programs. See Am.

12  Compl. Ex. B (exclaiming in the first line "PLAYERS INC has an exciting opportunity for

13  you!"). Indeed, Players Inc's lack of any influence over retired players, much less

14  "overmastering influence," is plainly demonstrated by the fact that neither Parrish nor Roberts

15  claim to have ever signed GLAs or to have ever participated in any Players Inc group licensing

16  programs.[7]

17  ## II.    PLAINTIFFS FAIL TO ALLEGE THE BREACH OF ANY CLAIMED FIDUCIARY DUTY

18   

19          Even if Plaintiffs had alleged any facts to support a claim that Players Inc owed

20  any of them a fiduciary duty (which they did not), their claim would still fail because they do not

21  allege any facts to support a claim for breach of such an alleged duty. See Allaun, 59 Va. Cir.

22  461, at *2 (holding that to state a claim for breach of fiduciary duty, a plaintiff must allege the

23  existence of a fiduciary duty, the breach of the duty, and damages caused by the breach). Indeed,

24  Plaintiffs allege no facts from which the breach of any type of duty could be inferred, much less

25  breach of a fiduciary duty. For instance, Plaintiffs do not identify any group licensing program

26  where Players Inc allegedly received payment of any money for the use of the name or image of

---

[7] Further, as detailed in Players Inc's motion for sanctions, rather than being under the "overmastering influence" of Players Inc, Parrish and Adderley have long been vocal critics of Players Inc and the NFLPA. Sanctions Motion at 11.

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, California 94303-2225

1   any Plaintiff without passing on the appropriate amount of such money to the Plaintiff in

2   question.[8]

3          Plaintiffs point to a letter agreement between Players Inc and Adderley to support

4   their assertion that Players Inc breached a fiduciary duty when it allegedly failed to respond to

5   Adderley's requests for information regarding that agreement.  See Am. Compl. ¶ 18(a) and Ex.

6   F.  Assuming it to be true for purposes of this motion to dismiss that Players Inc did not respond

7   to Adderley's request, this is insufficient to state a claim for breach of fiduciary duty.  At the

8   very most, Plaintiffs might be able to state a claim that Players Inc purportedly breached certain

9   contractual obligations to Adderley set forth in the letter agreement; it is black letter law,

10  however, that a simple breach of contract cannot be transformed into a tort, let alone a breach of

11  fiduciary duty claim.  See, e.g., Filak v. George, 267 Va. 612, 618 (2004) (affirming dismissal

12  under the "economic loss rule" because "losses suffered as a result of the breach of duty assumed

13  only by agreement, rather than a duty imposed by law, remain the sole province of the law of

14  contracts") (citation omitted); VA Timberline, LLC v. Land Mgmt. Group, No. 2:06cv463, 2006

15  WL 3746144, at *2 (E.D. Va. Dec. 15, 2006) (noting that "[m]ultiple courts applying Virginia

16  law have dismissed tort claims when the underlying cause of action is truly for breach of

17  contract" and listing cases); accord Rita Med. Sys., Inc. v. Resect Med., Inc., No. C 05-03291

18  WHA, 2007 WL 161049, at *6 (N.D. Ca. Jan. 17, 2007) (Alsup, J.) (applying California law).

19         In any event, Plaintiffs do not allege any contractual breach.  Nor are there are

20  any factual allegations that Adderley suffered any injury as a result of any breach, regardless of

21  whether Players Inc timely responded to his inquiry.  Thus, Plaintiffs have failed to allege any

22  facts that would support a breach of contract claim, let alone a breach of fiduciary duty claim.

23         Further, even if Plaintiffs had alleged facts to support a claim that Players Inc

24  breached some fiduciary duty owed to Adderley (and they did not), any such breach would be

25  irrelevant as to the breach of fiduciary claims of Parrish and Roberts.  See De la Torre v. United

---

[8] Plaintiffs do not allege, for example, that any retired players who participated in the EA Sports group licensing program described in Exhibit B were not paid any sums to which they were entitled.  In fact, it is undisputed that Adderley received the $1,500 promised in Ex. B, plus an additional payment of $750 for his participation in this program.

-12-

States, No. C 02-1942, 2004 WL 3710194, at *11-12 (N.D. Cal. Apr. 14, 2004) (granting

dismissal of claims brought by ten plaintiffs that allegedly worked as "braceros" after January 1,

1946, but denying dismissal of claims brought by three plaintiffs that alleged to have worked as

"braceros" before that date).

In sum, Plaintiffs do not allege any facts to support a claim that Players Inc

breached a fiduciary duty to them under any cognizable legal theory. Conclusory allegations and

legal conclusions masquerading as facts will not suffice, and thus the Amended Complaint

should be dismissed. See Balistreri, 901 F.2d at 699; Epstein, 83 F.3d at 1140; W. Mining

Council, 643 F.2d at 624.

## III.    PLAINTIFFS ALSO FAIL TO STATE A CLAIM FOR UNJUST ENRICHMENT

California law does not recognize an independent cause of action for unjust

enrichment. See, e.g., Melchior v. New Line Prods., Inc., 106 Cal. App. 4th 779, 785 (2004);

City of Oakland v. Comcast Corp., No. C 06-5380 CW, 2007 WL 518868, at *4 (N.D. Cal. Feb.

14, 2007). Accordingly, if California law applies to Plaintiffs' Amended Complaint, this cause

of action must be dismissed.

If Virginia law applies, Plaintiffs' unjust enrichment claim fails as well because

the claim is based on the same conclusory and contradictory allegations as their claim for breach

of fiduciary duty. More specifically, an essential element of a claim for unjust enrichment under

Virginia law is that the plaintiff conferred a benefit on the defendant. See Microstrategy, Inc. v.

Netsolve, Inc., 368 F. Supp. 2d 533, 537 (E.D. Va. 2005) (citation omitted). Plaintiffs have not

alleged that they have conferred any benefit on Players Inc. Indeed, as noted above, Plaintiffs

have not alleged that they signed GLAs and, with the exception of a single letter agreement for a

Reebok program relating only to Adderley, they have not alleged that they participated in any

Players Inc group licensing program. Thus, there is no allegation or inference of enrichment and

Plaintiffs' claim fails. See Kang v. Roof, 24 Va. Cir. 193, at *1-2 (1991). Moreover, to the

extent the unspecified benefit arose from Adderley's participation in the Reebok group licensing

program which is the subject of Exhibit F, that benefit is controlled by the contract between

Adderley and Players Inc and cannot serve as the basis for a claim of unjust enrichment. See

-13-

1  WRH Mortgage, Inc. v. S.A.S. Assocs., 214 F.3d 528, 534 (4th Cir. 2000) ("Where a contract

2  governs the relationship of the parties, the equitable remedy of … unjust enrichment does not

3  lie"). Thus, the Amended Complaint fails to state a claim for unjust enrichment under any

4  theory.

5  **IV.    PLAINTIFFS FAIL TO STATE A CAUSE OF ACTION FOR AN ACCOUNTING**

6             Plaintiffs also purport to state a cause of action for an accounting. An accounting

7  is a remedy for breach of fiduciary duty, however, not an independent cause of action. See

8  Clarke v. Newell, 1:05cv1013 (JCC), 2005 WL 3157570, at *5 (E.D. Va. Nov. 23, 2005); Okura

9  & Co. v. Careau Group, 783 F. Supp. 482, 490 (C.D. Cal. 1991). Because Plaintiffs fail to state

10  a claim for breach of fiduciary duty, their request for an accounting must be dismissed as well.

11  **V.    PLAINTIFFS' ALLEGATIONS CONCERNING THE NFLPA COLLECTIVE
    BARGAINING ACTIVITIES ARE IRRELEVANT TO THEIR CLAIMS**

12  **AGAINST PLAYERS INC AND THE COMPLAINT MUST BE DISMISSED
    WITH PREJUDICE**

13             The Amended Complaint contains numerous allegations concerning Plaintiffs'

14  pension and disability benefits. See, e.g., Am. Compl. ¶ 9 (Adderley's "pension payment from

15  the NFLPA is $176.85 per month"); id. ¶ 14 (complaining about "poverty-level NFLPA pension

16  payments"); id. ("the situation regarding disability payments is a rapidly growing tragedy"); id.

17  ("an extremely low percentage of retired players receive disability payments"); id. ¶ 15

18  (complaining about disability status of former player Mike Webster). These allegations are

19  totally irrelevant to the causes of action alleged against Players Inc, which relate solely to group

20  licensing. Further, as Plaintiffs acknowledge, such benefits are provided by the NFLPA (the

21  players union) and not by Players Inc (a for-profit corporation), and thus are controlled by the

22  collective bargaining agreements between the NFLPA and the NFL. Am. Compl. ¶ 14 and Ex.

23  E. Plaintiffs, however, have no cause of action that would permit them to challenge the

24  NFLPA's collective bargaining activities in any court, being limited under the Labor

25  Management Relations Act, 29 U.S.C. § 185(a), to claims for breach of duty of fair

26  representation that are long since time-barred. See, e.g., Henderson v. Office & Prof'l

27  Employees Int'l Union, 143 Fed. Appx. 741, 743 (9th Cir. 2005); see also Allis-Chalmers Corp.

28

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, California 94303-2225

-14-

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, California 94303-2225

1    v. Lueck, 471 U.S. 202, 210-11 (1985).  Thus, any issues that Plaintiffs may have with the

2    NFLPA concerning these retired player benefits are wholly irrelevant to any purported breach of

3    fiduciary duty allegations against Players Inc related to group licensing activities.

4            Indeed, as Players Inc discusses in its motion for sanctions, the prominent place

5    given to these legally irrelevant criticisms in the Amended Complaint, combined with the

6    complete lack of factual and legal support for Plaintiffs' breach of fiduciary claims, demonstrates

7    the improper purpose for which the Amended Complaint was filed.  Sanctions Motion at 11-13.

8    This Court should not countenance such an abuse of the litigation process and should dismiss the

9    Amended Complaint with prejudice.

10           Under controlling Ninth Circuit law, a complaint should be dismissed with

11   prejudice "if amendment of the complaint would be futile."  Albrecht v. Lund, 845 F.2d 193, 195

12   (9th Cir. 1988) (affirming dismissal of complaint without leave to amend); see also Deveraturda

13   v. Globe Aviation Sec. Serv., 454 F.3d 1043, 1046 (9th Cir. 2006) (same).  If "the 'allegation of

14   other facts consistent with the challenged pleading could not possibly cure the deficiency,' then

15   … dismissal without leave to amend is proper."  Albrecht, 845 F.2d at 195 (citing Schreiber

16   Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986)).  As this Court put

17   it, leave to amend should be rejected as futile "when no set of facts can be proved under the

18   amendment to the pleadings that would constitute a valid and sufficient claim…."  Boyd v.

19   Keyboard, Network Magazine, C 99-04430 WHA, 2000 WL 274204, at *1 (N.D. Cal. Mar. 1,

20   2000) (Alsup, J.).  See also CARES, Inc. v. California, C 05-01026 WHA, 2005 WL 3454140, at

21   *6 (N.D. Cal. Dec. 16, 2005) (Alsup, J.) (dismissing complaint with prejudice because

22   amendment would be futile); Edmonson v. City of Martinez, C 00-2396 WHA, 2000 WL

23   1639492, at *7 (N.D. Cal. Oct. 27, 2000) (Alsup, J.) (same).

24           Here, Plaintiffs can allege no facts that would allow them to state "a valid and

25   sufficient claim" and therefore dismissal should be granted with prejudice.  Boyd, 2000 U.S. WL

26   274204, at *1.  Plaintiffs do not allege, and (as is discussed in Players Inc's sanctions motion)

27   could not allege that either Parrish or Roberts ever had any relationship with Players Inc and,

28   thus, Players Inc never could have owed – or breached – any duty of any kind to Parrish or

-15-

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, California 94303-2225

1    Roberts, much less a fiduciary duty.  Plaintiffs can allege no set of facts that "could ... possibly

2    cure [that] deficiency."  See Albrecht, 845 F.2d at 195.  Similarly, Plaintiffs do not allege and

3    could not allege that there was ever any relationship other than a purely contractual relationship

4    between Players Inc and Adderley (and/or any retired NFL player who signed a GLA or ad hoc

5    licensing agreement with Players Inc).  Moreover, Plaintiffs do not allege that any such contracts

6    were breached by Players Inc.  Leave to amend would be futile because, as a matter of black

7    letter law, a breach of contract claim, even if alleged, could not be transformed into a tort, let

8    alone a breach of fiduciary duty claim.  See Filak, 267 Va. at 618-19; VA Timberline, LLC, 2006

9    WL 3746144, at *2; Rita Med. Sys., Inc., 2007 WL 161049, at *6.  In short, because Plaintiffs

10    can allege no facts that would allow them to state a legally valid claim, further amendment of the

11    complaint would be futile and the Amended Complaint should be dismissed with prejudice.

12            In fact, the futility of further amending the complaint was clearly illustrated by

13    Plaintiffs themselves when they sent a draft "Second Amended Complaint" to Players Inc in an

14    effort to stave off the filing of Players Inc's Sanctions Motion.  (A copy of the draft Second

15    Amendment Complaint is attached to the Declaration of Eamon O'Kelly in Support of

16    Defendant's Motion for Judgment on the Pleadings as Ex. A).  Not only would the Second

17    Amended Complaint not cure Plaintiffs' Rule 11 violation, but if submitted to the Court, it would

18    aggravate the violation.

19            In the Second Amendment Complaint, Plaintiffs do not allege any new facts.  The

20    basic premise of Plaintiff's draft Second Amendment Complaint appears to be that Players Inc

21    breached a fiduciary duty by not engaging in sufficient licensing activities for players it claimed

22    to represent on its website, irrespective of whether these players ever signed a GLA or other

23    licensing agreement with Players Inc.  However, whether the law of Virginia or California

24    applies, it is black letter law that "[a]n agency relation exists only if there has been a

25    manifestation by the principal to the agent that the agent may act on his account, and consent by

26    the agent so to act."  Rest. (First) of Agency § 15 (emphasis added).  See Nuckols v. Nuckols,

27    228 Va. 25, 35 (1984) ("Agency has been defined as the relationship which results from the

28    manifestation of consent by one person to another that the other shall act on his behalf and

-16-

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, California 94303-2225

1    subject to his control, and the agreement by the other to so act") (citation omitted); <u>Giordano v.</u>

2    <u>Atria Assisted Living</u>, 429 F. Supp. 2d 732, 737 (E.D. Va. 2006) ("Agency is a fiduciary

3    relationship resulting from one person's manifestation of consent to another person that the one

4    shall act on his behalf and subject to his control, and the other person's manifestation to so act")

5    (citation omitted); <u>Van't Rood v. County of Santa Clara</u>, 113 Cal. App. 4th 549, 571 (2003)

6    ("The principal must in some manner indicate that the agent is to act for him, and the agent must

7    act or agree to act on his behalf and subject to his control") (citation omitted).  Players Inc cannot

8    assume (or breach) a duty to players with whom it has no licensing relationship (such as Parrish

9    and Roberts) by a mere statement that on its website that it represented certain players, absent the

10    consent of those players to be represented by Players and when there is no allegation that Players

11    Inc ever licensed any rights to those players to anyone.  <u>See</u> <u>Asante Techs., Inc. v. PMC-Sierra,</u>

12    <u>Inc.</u>, 164 F. Supp. 2d 1142, 1148-49 (N.D. Cal. 2001) (dismissing complaint for breach of

13    agency duties, where there were no facts alleged that principal consented to be represented by

14    purported agent or bound by his actions).

15          In short, for players who signed a GLA or other licensing agreement, there is a

16    contractual relationship, but no facts alleged supporting a fiduciary duty.  And, as to players who

17    did not sign a GLA or other licensing agreement, and as to whom there is no allegation that

18    Players Inc ever licensed their rights to anyone, there is no relationship or duty at all.  For

19    purposes of the instant motion, the Second Amended Complaint demonstrates Plaintiffs' inability

20    to state a legally cognizable claim no matter how often they attempt to amend the complaint.

Players Inc's Motion for Judgment on the Pleadings        Civ. Action No. C07 0943 WHA

1

## CONCLUSION

2      For all of the foregoing reasons, Players Inc respectfully requests that this motion

3   to dismiss be granted and the Amended Complaint be dismissed with prejudice.

4

5

6   Date: April 4, 2007                          DEWEY BALLANTINE LLP

7

8                                          BY:    s/Jeffrey L. Kessler

9                                                Jeffrey L. Kessler
                                           Attorneys for Defendant Players Inc

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, California 94303-2225

-18-

Players Inc's Motion for Judgment on the Pleadings                    Civ. Action No. C07 0943 WHA