Jeannine Y. Sano (SBN: 174190)
jsano@deweyballantine.com
DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, California 94303-2225
Telephone: (650) 845-7000
Facsimile: (650) 845-7333

Jeffrey L. Kessler (pro hac vice)
jkessler@deweyballantine.com
David G. Feher (pro hac vice)
Eamon O'Kelly (pro hac vice)
DEWEY BALLANTINE LLP
1301 Avenue of the Americas
New York, New York 10019-6092
Telephone: (212) 259-8000
Facsimile: (212) 259-6333

Kenneth L. Steinthal (pro hac vice pending)
Joseph R. Wetzel (SBN: 238008)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, California 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

Bruce S. Meyer (pro hac vice pending)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Defendant
NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED
d/b/a PLAYERS INC, a Virginia corporation.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| BERNARD PAUL PARRISH, HERBERT ANTHONY ADDERLEY, and WALTER ROBERTS III on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a PLAYERS INC, a Virginia corporation,<br><br>    Defendant. | Civil Action No. C07 0943 WHA<br><br>Honorable William H. Alsup<br><br>**PLAYERS INC'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)** |

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on May 17, 2007 at 8 a.m., or as soon thereafter as this matter may be heard, in Courtroom 9 of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California, Defendant National Football League Players Incorporated d/b/a Players Inc ("Players Inc") will and hereby does move, pursuant to 28 U.S.C. § 1404(a), to transfer venue to the United States District Court for the Eastern District of Virginia or, in the alternative, to the United States District Court for the District of Columbia. The convenience of the parties and witnesses, and the interests of justice, weigh strongly in favor of transferring this case.

Players Inc's Motion to Dismiss is based upon this Notice of Motion, the Declarations of Joe Nahra and Gene Upshaw, and the accompanying Memorandum of Points and Authorities.

Date: April 4, 2007

DEWEY BALLANTINE LLP

BY:   s/Jeffrey L. Kessler
Jeffrey L. Kessler
Attorneys for Defendant Players Inc

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ... ii

INTRODUCTION ... 1

STATEMENT OF RELEVANT FACTS ... 1

I. THE PARTIES ... 1

II. THE DISPUTE ... 2

ARGUMENT ... 3

I. TRANSFER TO THE EASTERN DISTRICT OF VIRGINIA IS WARRANTED UNDER 28 U.S.C. SECTION 1404(a) ... 3

    A. Venue in the Eastern District of Virginia is Proper ... 3

    B. Fairness and Convenience Factors Favor Transferring Venues ... 4

        1. Relevant Sources of Proof Are Not in This Venue ... 4

        2. Plaintiffs' Choice of Venue Should Be Given Little Weight in a Purported Class Action ... 5

        3. Convenience of Parties Favors Transfer of Venue ... 6

        4. Convenience of Witnesses Favors Transfer ... 6

    C. Public Factors Weigh in Favor of Granting Players Inc's Motion to Transfer Venues ... 7

CONCLUSION ... 9

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, California 94303-2225

# TABLE OF AUTHORITIES

Page

**Cases**

David v. Alphin,
 No. C 06-04763 WHA, 2007 WL 39400 (N.D. Cal. Jan. 4, 2007) .................. 3-7

Decker Coal Co. v. Commw. Edison Co.,
 805 F.2d 834 (9th Cir. 1986) .................. 3, 4, 7

DeFazio v. Hollister Employee Share Ownership Trust.,
 406 F. Supp. 2d 1085 (E.D. Cal. 2005) .................. 6

Greenwell v. Belkin Corp.,
 No. C 06-02760 WHA, 2006 WL 2884393 (N.D. Cal. Oct. 10, 2006) .................. 4, 5

In re Hakim,
 212 B.R. 632 (Bankr. N.D. Cal. 1997) .................. 7

Italian Colors Rest. v. Am. Express Co.,
 No. C 03-3719 SI, 2003 WL 22682482 (N.D. Cal. Nov. 10, 2003) .................. 5

Los Angeles Mem'l Coliseum Comm. v. Nat'l Football League,
 89 F.R.D. 497 (C.D. Cal. 1981) .................. 6

Lou v. Belzberg,
 834 F.2d 730 (9th Cir. 1987) .................. 5

Stewart Org., Inc. v. Ricoh Corp.,
 487 U.S. 22 (1988) .................. 3

Tropos Networks, Inc. v. IPCO, LLC,
 No. C 05-04281 JSW (N.D. Cal. July 7, 2006) .................. 4

Van Dusen v. Barrack,
 376 U.S. 612 (1964) .................. 3

Williamson v. Recovery Ltd. P'ship.,
 No. 2:06-CV-0292, 2006 WL 3483966 (S.D. Ohio Nov. 30, 2006) .................. 7

**Statutes and Rules**

28 U.S.C. § 1404(a) .................. passim

28 U.S.C. § 1391(c) .................. 3, 4

**Secondary Sources**

Federal Court Management Statistics 2006, District Courts .................. 7

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, California 94303-2225

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant National Football League Players Incorporated d/b/a Players Inc ("Players Inc") submits this Memorandum of Points and Authorities in support of its Motion to Transfer Venue to the Eastern District of Virginia or alternatively to the U.S. District Court for the District of Columbia pursuant to 28 U.S.C. § 1404(a). As established below, for the convenience of the parties and witnesses, and in the interest of justice, this case should be transferred.

## INTRODUCTION

Plaintiffs Bernard Paul Parrish, Herbert Anthony Adderley, and Walter Roberts III ("Plaintiffs"), on behalf of themselves and a purported class of retired National Football League ("NFL") players, have accused Players Inc of breach of fiduciary duty, unjust enrichment, and sought an accounting related to certain licensing and marketing activities of Players Inc. For the convenience of the parties and witnesses, and because it serves the interests of justice, this Court should transfer this action to the Eastern District of Virginia or, alternatively, to the District of Columbia. While Plaintiffs and their purported class are scattered across the country, Players Inc is incorporated in Virginia and has its principal place of business in nearby Washington, D.C. The licensing and marketing activities that are the center of this dispute primarily take place in Washington, D.C. The only tie this case has to California is that it is the alleged residence of one of the named plaintiffs. The other two named plaintiffs are located on the East Coast. On balance, therefore, there can be no question that the proper forum for this dispute is the Eastern District of Virginia or the District of Columbia, not the Northern District of California, and that this action should be transferred. The Eastern District of Virginia is preferred to the District of the District of Columbia because of the speed of the docket. See infra at 7-8.

## STATEMENT OF FACTS

### I. THE PARTIES

Defendant Players Inc is a Virginia corporation with its principal place of business in Washington, D.C. Players Inc is a for-profit subsidiary of the National Football Players Association ("NFLPA") and, among other things, is engaged in the business of licensing

-1-

Players Inc. Motion to Transfer Venue                                   Civ. Action No. C07 0943 WHA

intellectual property rights of current and some former NFL players. See First Amended Complaint ("Am. Compl.") ¶ 11. The NFLPA (also a Virginia corporation with its principal place of business in Washington, D.C.) is an incorporated non-profit association that acts as the exclusive collective-bargaining representative for NFL players. Declaration of Joe Nahra ("Nahra Decl.") ¶ 3. The NFLPA, which is not a defendant, obtains certain licensing rights from players, which are then assigned to Players Inc, which has the right to enter into group licensing contracts on behalf of such players for products, services, and sponsors. Id. ¶ 4. The vast majority of Players Inc's staff and those responsible for its core functions are located in the Washington, D.C. area. See Declaration of Gene Upshaw in Support of Defendant's Motion to Transfer Venue ("Second Upshaw Decl.") ¶ 4. Virtually all relevant documents and files are also at this location.[1] Id.

Plaintiffs are allegedly retired NFL players located in three different locations across the country. Bernard Paul Parrish resides in Florida, Herbert Anthony Adderley is a resident of New Jersey, and Walter Roberts III is a resident of California. Am. Compl. ¶¶ 8-10. Plaintiffs purport to represent approximately 3,500 unnamed retired NFL players that Plaintiffs admit are "geographically dispersed throughout the United States and perhaps elsewhere." Id. ¶ 22. Some of these purported class members likely reside in Virginia or in the Washington, D.C. area.

## II.  THE DISPUTE

Plaintiffs filed their complaint in this action on February 14, 2007, and filed their First Amended Complaint on February 23, 2007. The First Amended Complaint alleges that Players Inc owes a fiduciary duty to Plaintiffs and that it breached its alleged fiduciary duty by not providing adequate disclosures, failing to diligently license and market Plaintiffs' licensing rights, and not making proper payments to Plaintiffs. The thrust of this dispute centers around the group licensing rights licensed by Players Inc at its Washington, D.C. office.

---

[1] Of course, at this early stage of the litigation, discovery has not yet begun and it is not possible to anticipate every category of documents or other material that Plaintiffs may request. However, based on the allegations in the First Amended Complaint, it appears that the most responsive materials are likely to be found in the Washington, D.C. area.

-2-

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, California 94303-2225

# ARGUMENT

## I.  TRANSFER TO THE EASTERN DISTRICT OF VIRGINIA IS WARRANTED UNDER 28 U.S.C. SECTION 1404(a)

28 U.S.C. § 1404(a) governs the transfer of actions in federal courts to other venues. It states in relevant part:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The purpose of this section is "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." See Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (internal quotations omitted). In adjudicating a motion to transfer venue, a district court exercises its discretion, weighing "case-specific factors" related to convenience, fairness, and the interests of justice. See Stewart Org., Inc., v. Ricoh Corp., 487 U.S. 22, 29 (1988); Van Dusen, 376 U.S. at 616. To make its determination, "[t]he district court must consider both public factors which go to the interests of justice, and private factors, which go to the convenience of the parties and witnesses." David v. Alphin, No. C 06-04763 WHA, 2007 WL 39400, at *2 (N.D. Cal. Jan. 4, 2007) (granting motion to transfer venue in alleged class action case involving breach of fiduciary duty of defendant bank to its retirees to district where defendants are located).

When the relevant factors are balanced in this case, it is clear that transfer to the Eastern District of Virginia is warranted.

### A.  Venue in the Eastern District of Virginia is Proper

This action could have properly been brought in the Eastern District of Virginia or Washington, D.C. See David, 2007 WL 39400, at *2 (appropriate venue for action included district where defendant had its headquarters and administered the contracts at issue in the dispute). This case is brought on the basis of diversity jurisdiction, and therefore venue is proper in a district where Players Inc resides. See 28 U.S.C. § 1391(a); Decker Coal Co. v. Commw. Edison Co., 805 F.2d 834, 841-42 (9th Cir. 1986). A corporation is a resident of a venue where it is subject to personal jurisdiction, including the state where it is incorporated and where it does

business. 28 U.S.C. § 1391(c); <u>Greenwell v. Belkin Corp.</u>, No. C 06-02760 WHA, 2006 WL 2884393, at *2 (N.D. Cal. Oct. 10, 2006) (court granted motion to transfer putative class action). Players Inc is incorporated in Virginia and its headquarters is in nearby Washington, D.C. <u>See</u> Second Upshaw Decl. ¶ 4. The alleged agreements in dispute in this action would be administered at Players Inc headquarters. <u>Id.</u> ¶ 5. Therefore, venue in the Eastern District of Virginia, or alternatively in Washington, D.C., is proper.

### B. Fairness and Convenience Factors Favor Transferring Venue

The fairness and convenience factors considered by a district court include "ease of access to sources of proof, plaintiff's choice of forum, relative convenience to parties, and relative convenience to witnesses." <u>David</u>, 2007 WL 39400, at *3; <u>see also</u> <u>Decker Coal</u>, 805 F.2d at 843 (factors courts consider include "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses" as well as "all other practical problems that make trial of a case easy, expeditious and inexpensive" (internal quotations omitted)). These factors favor a transfer of this action to the Eastern District of Virginia or the District of Columbia.

#### 1. Relevant Sources of Proof Are Not in This Venue

The relevant sources of proof in this action will come from the business records and evidentiary materials located at Players Inc. These include agreements, financial records related to Players Inc's marketing and licensing activities, and other files located at Players Inc's primary place of business. To the extent there is discovery as to all of the licenses that may have been signed with retired players and all of the agreements with third parties, those documents would potentially be voluminous and are located in Washington, DC <u>See</u> Uphsaw Decl. ¶ 4. To the extent Plaintiffs have any documents in their own files, they would be located around the country. While modern document storage and retrieval lessens the burdens of transporting documentary evidence, <u>see</u> <u>David</u>, 2007 WL 39400, at * 3, this factor still weighs in favor of a finding that the Eastern District of Virginia or the District of the District of Columbia is a more convenient forum, because the vast majority of documentary evidence is likely located in or near that district. See <u>Tropos Networks, Inc. v. IPCO, LLC</u>, No. C 05-04281 JSW, 2006 WL

-4-

Players Inc. Motion to Transfer Venue             Civ. Action No. C07 0943 WHA

1883316, at *4 (N.D. Cal. July 7, 2006) (court considered "[a]ccess to sources of proof" in deciding to grant motion to transfer venue); see also Greenwell, 2006 WL 2884393, at *2 (court granted motion to transfer where access to discovery materials would be "facilitated by transfer" because defendants' records were located in other venue).

### 2. Plaintiffs' Choice of Venue Should be Given Little Weight in a Purported Class Action

A second factor that courts consider in determining whether to grant a motion to transfer the venue of an action is Plaintiffs' choice of forum. See David, 2007 WL 39400, at *3. However, this factor is "entitled to less deference where, as here, the action is brought on behalf of a nationwide class." Id. (quoting Italian Colors Rest. v. Am. Express Co., No. C 03-3719 SI, 2003 WL 22682482, at *3 (N.D. Cal. Nov. 10, 2003); see also Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987) (named plaintiff's choice of forum in class action "is given less weight"). Plaintiffs allege that there are 3,500 similarly situated retired players located around the country. Am. Compl.¶ 22. The three named plaintiffs are also located in three separate states and only one of these plaintiffs is located in their chosen district. Id. ¶¶ 8-10.

Additionally, the operative facts in this case have no apparent connection to the Northern District of California, and, therefore, Plaintiffs choice of forum is also accorded little weight. See Lou, 834 F.2d at 739 (plaintiff's choice of forum "is entitled to only minimal consideration" when "the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter"). The licensing and accounting activities of Players Inc take place in large part at or near its offices, not in the Northern District of California. Second Upshaw Decl. ¶ 5. Finally, Players Inc does not have any office in the district. Id. ¶ 6.

Therefore, Plaintiff's chosen forum should be accorded little, if any, weight in determining Players Inc's motion to transfer venue and is not sufficient to justify denial of Players Inc's motion to transfer venue.

### 3. Convenience of Parties Favors Transfer of Venue

The convenience of the parties is a third factor weighed by courts in deciding a motion to transfer venue. See DeFazio v. Hollister Employee Share Ownership Trust, 406 F. Supp. 2d. 1085, 1089-90 (E.D. Cal. 2005). In this case, Players Inc is incorporated in Virginia and headquartered in nearby Washington, D.C. Second Upshaw Decl. ¶ 3. Therefore, it is obviously much more convenient to Players Inc if the case is litigated in the Eastern District of Virginia or the the District of Columbia, as opposed to California. In addition, Plaintiffs' chosen venue is only convenient to one of the named plaintiffs. The others are located on the East Coast, in New Jersey and Florida. Am. Compl. ¶¶ 8-9. The Eastern District of Virginia or the District of Columbia will be a more convenient forum for these named plaintiffs as well. Therefore, this factor weighs in favor of this Court granting Players Inc's motion to transfer venue. See David, 2007 WL 39400, at * 3.

### 4. Convenience of Witnesses Favors Transfer

The convenience of witnesses is "an important factor in resolving a motion to transfer venue." DeFazio, 406 F. Supp. 2d at 1090. Courts consider the "effect of a transfer on the availability of certain witnesses and their live testimony, at trial." Los Angeles Mem'l Coliseum Comm. v. Nat'l Football League, 89 F.R.D. 497, 501 (C.D. Cal. 1981). If the parties wish to obtain evidence from the NFLPA, former employees of Players Inc, and any other third parties, the chosen forum would be inconvenient. See David, 2007 WL 39400, at *4 ("Courts must consider the effect of transfer on the availability of witnesses to testify at trial, particularly for third party witnesses"). Like Players Inc, the NFLPA offices are also located in Washington, D.C. Nahra Decl. ¶ 3. Plaintiffs have not identified any third party witnesses that are located in their chosen district. They have also demanded a jury trial and, therefore, if this case were to proceed to trial, witnesses who might testify at a trial in the Northern District of California could be greatly inconvenienced and may not be available. See David, 2007 WL 39400, at * 5 (this Court placed "considerable weight" on inconvenience to witnesses in granting motion to transfer venue).

### C. Public Factors Weigh in Favor of Granting Players Inc's Motion to Transfer Venue

Public-interest factors "such as relative degrees of court congestion, local interest in deciding local controversies, potential conflicts of laws, and burdening citizens of an unrelated forum with jury duty" must also be weighed by courts deciding a motion to transfer venue pursuant to 28 U.S.C. § 1404(a). See David, 2007 WL 39400, at *5; see also Decker Coal, 805 F.2d at 843 (court congestion, local interest in local controversies, conflicts of law, and burdening citizens of an unrelated forum with jury duty are public factors considered by courts). These public factors go to whether the "interests of justice" favor granting Players Inc's motion to transfer venue. See David, 2007 WL 39400, at *2.

The dockets in the Eastern District of Virginia and Washington, D.C. are less congested than the dockets in the Northern District of California. See Federal Court Management Statistics 2006, District Courts, at http://www.uscourts.gov/cgi-bin/cmsd2006.pl. In this district in 2006, 8,683 cases were filed with 8,158 pending and only 14 judges. In the Eastern District of Virginia, there were only 3,059 cases pending in 2006 before 11 judges, with 5,636 cases filed last year. Finally, in Washington, D.C. there are 15 judges handling 4,114 pending cases, with 2,947 cases filed last year. See id.

Significantly, this case may be resolved more quickly if it is transferred to the Eastern District of Virginia than to the District of Columbia because that district, known as the "rocket docket," generally disposes of litigation swiftly. See In re Hakim, 212 B.R. 632, 636, n.10 (Bankr. N.D. Cal. 1997) (Eastern District of Virginia is "frequently referred to as the 'rocket docket' because of the speed with which it disposes of litigation"); Williamson v. Recovery Ltd. P'ship, No. 2:06-CV-0292, 2006 WL 3483966, at *2-3 (S.D. Ohio Nov. 30, 2006) (court denied transfer to Eastern District of Virginia's "legendary 'rocket docket'" because admiralty case could not have been brought in that venue). This is the reason why the Eastern District of Virginia is preferable to the District of Columbia in determining which venue the case should be transferred to.

-7-

Finally, Plaintiffs have demanded a jury trial in this case. Am. Compl. p. 14. Therefore, if this case were to proceed in Plaintiffs' chosen district, the citizens of the Northern District of California may be burdened with jury duty for a case that has little if any connection to this venue because Plaintiffs have not identified any facts that tie their alleged complaints to the district. Jurors in the Eastern District of Virginia may have more of a connection to this litigation because the marketing and licensing activities of Players Inc generally occur in their area.

In sum, the interests of justice support a transfer of this action from the Northern District of California to the Eastern District of Virginia or, alternatively, to Washington, D.C.

## CONCLUSION

For all of the above reasons, NFL Players Inc respectfully requests that the Court grant its Motion to Transfer Venue to the Eastern District of Virginia or, in the alternative, to Washington, D.C.

Date: April 4, 2007

DEWEY BALLANTINE LLP


BY: ___s/Jeffrey L. Kessler___
Jeffrey L. Kessler
Attorneys for Defendant Players Inc