Jeannine Yoo Sano (Bar No. 174190)
*jsano@deweyballantine.com*
DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, CA  94303
Tel:  (650) 845-7000; Fax:  (650) 845-7333

Jeffrey L. Kessler (*pro hac vice*)
*jkessler@deweyballantine.com*
David G. Feher (*pro hac vice*)
*dfeher@deweyballantine.com*
Eamon O'Kelly (*pro hac vice*)
*eokelly@deweyballantine.com*
DEWEY BALLANTINE LLP
1301 Avenue of the Americas
New York, NY  10019-6092
Tel:  (212) 259-8000; Fax:  (212) 259-6333

Kenneth L. Steinthal (*pro hac vice* pending)
*kenneth.steinthal@weil.com*
Joseph R. Wetzel (238008)
*joseph.wetzel@weil.com*
Weil, Gotshal & Manges
201 Redwood Shores Parkway
Redwood Shores, CA  94065
Tel:  (650) 802-3000; Fax:  (650) 802-3100

Bruce S. Meyer (*pro hac vice* pending)
*bruce.meyer@weil.com*
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY  10153
Tel:  (212) 310-8000; Fax:  (212) 310-8007

Attorneys for Defendant National Football League Players
Incorporated d/b/a Players Inc., a Virginia Corporation

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION**

| | |
|---|---|
| BERNARD PAUL PARRISH, HERBERT ANTHONY ADDERLEY, WALTER ROBERTS III on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a/ PLAYERS INC., a Virginia Corporation,<br><br>Defendant. | Case No.  C 07 00943 WHA<br><br>**PLAYERS INC.'S CORRECTED OPPOSITION TO PLAINTIFFS' MOTION TO APPOINT INTERIM CLASS COUNSEL**<br><br>Date:   May 3, 2007<br>Time:   8:00 a.m.<br>Ctrm:   9<br>Judge:  William H. Alsup |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................................ ii

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................... 1

INTRODUCTION ......................................................................................................................... 1

STATEMENT OF FACTS ............................................................................................................ 3

ARGUMENT ................................................................................................................................. 5

    I.    PLAINTIFFS' MOTION SHOULD BE DENIED BECAUSE APPOINTMENT OF INTERIM CLASS COUNSEL IS PREMATURE AND UNWARRANTED UNDER FED. R. CIV. P. 23(g)(2)(A) ........................ 5

    II.    PLAINTIFFS' MOTION SHOULD ALSO BE DENIED BECAUSE MANATT FAILS TO MEET THE REQUIREMENTS OF FED. R. CIV. P. 23(g)(1) ........................................................................... 7

        A.    Manatt Has Irreparable Conflicts of Interest that Preclude It from Fairly and Adequately Representing the Interests of the Class ........................................................................ 8

        B.    Manatt Proposed Class Representatives Who Are Not Members of the Putative Class, Contrary to the Requirements of Fed. R. Civ. P. 23(g)(1) ............................................ 11

        C.    Manatt Is Unfit to Act as Class Counsel Because It Filed This Lawsuit for Improper Purposes and Without Conducting the Necessary Factual and Legal Inquiry ............... 11

CONCLUSION ............................................................................................................................ 13

**DEWEY BALLANTINE LLP**
1950 University Avenue, Suite 500
East Palo Alto, California 94303-2225

# TABLE OF AUTHORITIES

Page

**Cases**

Amchem Prods., Inc. v. Windsor,
    521 U.S. 591 (1997) .......................................................................................... 8, 9, 11

Armstrong v. Powell,
    230 F.R.D. 661 (W.D. Okla. 2005) ................................................................................ 9

Cardinal Indus., Inc. v. Huntington Nat'l Bank,
    139 B.R. 703 (Bankr. S.D. Ohio 1991) ........................................................................ 10

Carrier v. Am. Bankers Life Assurance Co. of Fla.,
    Civ. No. 05-cv-430-JD, 2006 WL 2990465 (D.N.H. Oct. 19, 2006) ............................ 6

Carroll v. Am. Fed'n of Musicians,
    372 F.2d 155 (2d Cir. 1967) ........................................................................................... 9

Donaldson v. Pharmacia Pension Plan.,
    Civil No. 06-3-GPM, 2006 WL 1308582 (S.D. Ill. May 10, 2006) ......................... 5, 6

DuPont v WYLY,
    61 F.R.D. 615 (D. Del. 1973) ................................................................................... 9, 12

E. Tex. Motor Freight Sys. v. Rodriguez,
    431 U.S. 395 (1977) ....................................................................................................... 11

Fechter v. HMW Indus.
    117 F.R.D. 362 (E.D. Pa. 1987) ..................................................................................... 9

Gen. Tel. Co. of the Southwest v. Falcon,
    457 U.S. 147 (1982) ....................................................................................................... 11

Hill v. Tribune Co.,
    Nos. 05-C-2602, 05-C-2640, 05-C-2684, 05-C-2927, 05-C-3374, 05-C-3377,
    05-C-3390, 05-C-3928, 2005 WL 3299144 (N.D. Ill. Oct. 13, 2005) ............... 6, 8, 10

In re Delphi ERISA Litig.,
    230 F.R.D. 496 (E.D. Mich. 2005) .......................................................................... 6, 10

In re Issuer Plaintiff IPO Antitrust Litig.,
    243 F.R.D. 67 (S.D.N.Y. 2006) ..................................................................................... 6

Legge v. Nextel Commcn's, Inc.,
    CV 02-8676 DSF (VNKx), 2004 WL 5235587 (C.D. Cal. June 25, 2004) ............... 10

Norman, D.D.S., P.C. v. ARCS Equities Corp.,
    72 F.R.D. 502 (S.D.N.Y. 1976) .................................................................................... 12

Piambino v. Bailey,
    757 F.2d 1112 (11th Cir. 1985) ................................................................................ 9, 10

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, California 94303-2225

Schlesinger v. Reservists Comm. To Stop the War,
    418 U.S. 208 (1974) ........................................................................................... 11

Smith v. Aon Corp.,
    238 F.R.D. 609 (N.D. Ill. 2006) ........................................................................... 7

Sweet v. Pfizer,
    232 F.R.D. 360 (C.D. Cal. 2005) ....................................................................... 13

Taub v. Glickman,
    67 Civ. 3447, 1970 WL 210 (S.D.N.Y. Dec. 1, 1970) ...................................... 13

Turner v. Murphy Oil U.S.A., Inc.,
    234 F.R.D. 597 (E.D. La. 2006) ........................................................................... 6

William Penn Mgmt. Corp. v. Provident Fund for Income, Inc.,
    68 F.R.D. 456 (E.D. Pa. 1975) ........................................................................... 10

**Statutes and Rules**

Fed. R. Civ. P. 23(g)(1) ............................................................................................ passim

Fed. R. Civ. P. 23(g)(2) ............................................................................................ passim

Fed. R. Civ. P. 23 advisory committee notes to the 2003 Amendments ............ 5, 8, 10

Fed. R. Civ. P. 11 ....................................................................................................... 3, 12

Fed. R. Civ. P. 12(c) ......................................................................................................... 4

28 U.S.C. § 1927 ........................................................................................................ 3, 12

**Secondary Sources**

Daniel Kaplan, New Group May Seek Retired NFLers' Rights,
    Sports Bus. J., Feb. 26-Mar. 4, 2007, at 5 ......................................................... 4, 8

Manual for Complex Litig. (Fourth) § 21.11 (2004) ....................................................... 6

"Retired Professional Football Players for Justice,"
    http://www.playersforjustice.org (last visited Mar. 9, 2007) ........................ 5, 8, 9

**DEWEY BALLANTINE LLP**
1950 University Avenue, Suite 500
East Palo Alto, California 94303-2225

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant National Football League Players Incorporated, d/b/a Players Inc ("Players Inc"), hereby opposes Plaintiffs' Motion to Appoint Manatt, Phelps & Phillips, LLP as Interim Class Counsel.

**INTRODUCTION**

On February 14, 2007 – the same day that the original complaint was filed in this lawsuit – Plaintiffs moved for the appointment of Manatt, Phelps & Phillips, LLP ("Manatt") as interim class counsel. Plaintiffs' motion should be denied because: (1) appointment of class counsel is premature and not warranted under Fed. R. Civ. P. 23(g)(2)(A); and (2) Manatt cannot "fairly and adequately" represent the interests of the class as required by Fed. R. Civ. P. 23(g)(1).

Plaintiffs' motion should be denied in the first instance because it is premature. It is long-established procedure in United States courts that class counsel ordinarily is not appointed until such time – and if – a class is certified. Rule 23(g)(2)(A) of the Federal Rules of Civil Procedure, as amended in 2003, provides a very limited exception to this long-established procedure by permitting appointment of interim class counsel to protect the interests of the putative class in extraordinary cases where many class actions have been consolidated and numerous firms are jockeying for position as lead counsel. This is not one of those cases. A single class action lawsuit was commenced by the filing of a complaint by Manatt almost two months ago. No competing complaints have been filed on behalf of other named plaintiffs since. There are no other law firms wrestling with Manatt for the role of lead counsel. In short, there is no basis for invoking the extraordinary procedure provided by Rule 23(g)(2)(A) and departing from the normal process of determining first whether a class should be certified and then appointing suitable class counsel.

Plaintiffs' motion should be also be denied because, even if appointment of interim class counsel were appropriate at this time (and it is not), Manatt cannot "fairly and adequately" represent the interests of the class as required by Fed. R. Civ. P. 23(g)(1). First, Manatt faces irreparable conflicts of interest that make it impossible for that firm to fairly and adequately represent the interests of the purported class. The purported class comprises former

*DEWEY BALLANTINE LLP*
*1950 University Avenue, Suite 500*
*East Palo Alto, CA 94303-2225*

National Football League ("NFL") players who participate in Players Inc group licensing programs. It clearly is in the interest of such individuals for Players Inc's retired player group licensing programs to be successful commercially, thereby generating revenues for the members of the class. Manatt, however, has taken the lead in establishing an entity named Retired Professional Football Players for Justice ("Retired Players for Justice"), which will compete directly with Players Inc for the commercial licensing of former NFL players' names and images, and whose interests thus are directly adverse to those of the class.

Manatt's conflicts do not end there. Ronald Katz, the Manatt partner who signed the complaint and first amended complaint, as well as two of Manatt's co-counsel, are identified as Officers and Directors of Retired Players for Justice. Two of the named plaintiffs, Bernard Parrish ("Parrish") and Herbert Adderley ("Adderley"), are Co-Presidents of the organization and thus have interests that are directly adverse to those of the class as well.

Moreover, not only has Manatt put forward as purported class representatives two individuals with interests opposed to the interests of the class (Parrish and Adderley), it has underscored the conflict by selecting Parrish and another one of the purported class representatives, Walter Roberts III ("Roberts"), although they are not members of the purported class at all. The Amended Complaint asserts that Players Inc breached some unspecified fiduciary duty that it owed to the class members, former NFL players who participated in Players Inc group licensing activities. Neither Parrish nor Roberts signed a group licensing authorization ("GLA") or participated in any Players Inc group licensing programs and, indeed, neither has any relationship with Players Inc at all. Thus, neither Parrish nor Roberts has any claim against Players Inc for breach of any duty (much less breach of fiduciary duty) and cannot be members of the putative class. The only reason experienced counsel would sponsor such unqualified class representatives is because of counsel's conflict of interest in establishing Retired Players for Justice.

Further demonstrating Manatt's unsuitability as class counsel is the fact that it commenced this lawsuit without sufficient factual or legal bases for Plaintiffs' claims. It did so for improper purposes that include advancing Parrish's long-running dispute with an entity

-2-

Players Inc's Opposition to Motion to Appoint Interim Class Counsel                    Case No. C 07-00943 WHA

affiliated with Players Inc, the National Football League Players Association ("NFLPA"), over retirement and disability benefits – issues that have nothing at all to do with the group licensing activities of Players Inc.

In sum, Plaintiffs' Motion should be denied because (1) appointment of interim class counsel is not warranted under Fed. R. Civ. P. 23(g)(2)(A), and (2) even if it were, Manatt fails to meet the requirements for class counsel of Fed. R. Civ. P. 23(g)(1).

## STATEMENT OF FACTS

On February 14, 2007, Plaintiffs Parrish and Adderley, purportedly on behalf of themselves and all others similarly situated, filed a class action complaint against Players Inc for breach of fiduciary duty, unjust enrichment, and an accounting. See Complaint for Breach of Fiduciary Duty, Unjust Enrichment and an Accounting ("Complaint"). On the same day, Plaintiffs filed a Motion to Appoint Manatt, Phelps & Phillips, LLP as Interim Class Counsel.

On February 23, 2007, Plaintiffs filed an Amended Complaint ("Am. Compl."), adding Walter Roberts III as a named plaintiff. The Amended Complaint alleges that Players Inc breached some unspecified fiduciary duty to owed to Plaintiffs and to a putative class of former NFL players who participate in Players Inc group licensing programs. As described more fully in Players Inc's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11, 28 U.S.C. § 1927, and the Court's Inherent Powers ("Sanctions Motion"), and as attested to by the Declaration of Gene Upshaw (both submitted simultaneously herewith),[1] the NFLPA has signed current and certain former NFL players to GLAs, whereby a player agrees to assign rights to his name, image and other attributes to the NFLPA for licensing to entities such as video game companies, trading card companies, and sports merchandise companies. See Upshaw Decl. ¶ 5. The NFLPA, in turn, assigns the GLAs to Players Inc for group licensing activities. Id. Certain individual retired players may also enter into ad hoc licensing agreements with Players Inc from time to time, whereby a player licenses rights to his name or image to Players Inc for use in a specific

---

[1] Players Inc will not burden the Court by repeating herein the full discussion contained in the Sanctions Motion, but instead will summarize relevant portions where appropriate and incorporate the more complete discussion by reference.

-3-

Players Inc's Opposition to Motion to Appoint Interim Class Counsel        Case No. C 07-00943 WHA

group licensing program. Id. ¶ 6. If a retired player does not sign a GLA or ad hoc licensing agreement, Players Inc has no relationship with him, does not license the retired player's name or image, and does not include the retired player in its group licensing programs. Id. ¶ 7. Neither Parrish nor Roberts ever signed a GLA or licensing agreement, never participated in Players Inc licensing activities, and never had any relationship with Players Inc. See Upshaw Decl. ¶ 8-9. Therefore, Players Inc, a for-profit corporation, did not owe any duty to Parrish or Roberts, much less a fiduciary duty. See Sanctions Mot. at 8-10 for discussion. Neither Parrish nor Roberts has any claim against Players Inc for breach of such duty and, thus, neither of them can be a member of, or representative of, the purported class.[2]

Upon information and belief (and as discussed in more detail in the Sanctions Motion), Plaintiffs apparently filed the Complaint and Amended Complaint, in significant part, in order to seek publicity for a long-running campaign by Parrish against the NFLPA (the union that represents athletes who play in the NFL) concerning retired players' pension and disability payments. See Sanctions Mot. at 4-5. These matters have nothing to do with Players Inc, a for-profit corporation that licenses names and images of current and certain former NFL players to entities such as video game companies, sports merchandise companies, and apparel companies. See Upshaw Decl. ¶ 3,5; Sanctions Mot. at 3.

Shortly after commencing this lawsuit, Manatt announced the formation of Retired Players for Justice, which plans to enter into group licensing contracts with retired players, competing with Players Inc "in deals with commercial interests, such as video game and apparel companies." Daniel Kaplan, New Group May Seek Retired NFLers' Rights, Sports Bus. J., Feb. 26-Mar. 4, 2007, at 5 (attached to the Sanctions Motion as O'Kelly Decl. Ex. B). According to its website, the Co-Presidents of this entity are Parrish and Adderley. Its Secretary-Treasurer is Manatt's co-counsel on the Complaint and Amended Complaint, Samuel Mutch. And Ronald S. Katz of Manatt (who signed the Complaint and Amended Complaint) and his co-

---

[2] As discussed in Players Inc's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (also filed simultaneously herewith), Players Inc did not owe – and thus did not breach – any fiduciary duty to Adderley either.

-4-

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, CA 94303-2225

counsel Lewis T. LeClair are also identified as "Officers and Directors."  See "Retired Professional Football Players for Justice," at http://www.playersforjustice.org (last visited Mar. 9, 2007) (attached to the Sanctions Motion as O'Kelly Decl. Ex. D).  The stated purposes of this entity include "bringing class action lawsuits," providing "an organized voice to all retired NFL players on issues such as royalties, pensions, and disability payments," and "establish[ing] an <u>alternative</u> to the current marketing and licensing system which will empower players."  See O'Kelly Decl., Ex. D (emphasis added).

## ARGUMENT

### I. PLAINTIFFS' MOTION SHOULD BE DENIED BECAUSE APPOINTMENT OF INTERIM CLASS COUNSEL IS PREMATURE AND UNWARRANTED UNDER FED. R. CIV. P. 23(g)(2)(A)

Appointment of interim class counsel is not warranted under Fed. R. Civ. P. 23(g)(2)(A) because appointment is not necessary to protect Plaintiffs' interests at this early stage of the litigation.  Ordinarily in a class action lawsuit, the court does not appoint class counsel until such time as it determines whether to certify the class.  See <u>Donaldson v. Pharmacia Pension Plan</u>, Civ. No. 06-3-GPM, 2006 WL 1308582, at *1 (S.D. Ill. May 10, 2006).  As set forth in the Advisory Committee's comments, this is because "such work (as would be handled by interim class counsel) is handled by the lawyer who filed the action."  Fed. R. Civ. P. 23(g)(2)(A) advisory committee notes to 2003 amendments.  In 2003, however, Rule 23 was amended to provide a limited exception to the usual procedure.  Fed. R. Civ. P. 23(g)(2)(A) now provides that "(t)he court may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action."  The Advisory Committee notes explain that this amendment "authorizes the court to designate interim counsel during the pre-certification period if necessary to protect the interests of the putative class."  Fed. R. Civ. P. 23(g)(2)(A) advisory committee notes to 2003 amendments.

The exception for appointing interim class counsel is very limited, and applies only in extraordinary circumstances.  "Appointment of interim class counsel is not appropriate where … a single law firm has brought a class action and seeks appointment as class counsel.… Absent special circumstances requiring appointment of interim counsel, the Court prefers to take

-5-

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, CA 94303-2225

up adequacy of representation and appointment of class counsel at such time as Plaintiffs may seek class certification." Donaldson, 2006 WL 1308582, at *1. The Manual for Complex Litigation (Fourth) explains:

> If the lawyer who filed the suit is likely to be the only lawyer seeking appointment as class counsel, appointing interim class counsel may be unnecessary. If, however, there are a number of overlapping, duplicative, or competing suits pending in other courts, and some or all of those suits may be consolidated, a number of lawyers may compete for class counsel appointment. In such cases, designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities.…

Manual for Complex Litig. (Fourth) § 21.11 (2004). See In re Issuer Plaintiff IPO Antitrust Litig., 234 F.R.D. 67, 69-70 (S.D.N.Y. 2006) (refusing to appoint interim class counsel where there was "no rivalry among competing law firms to represent the putative class"); Carrier v. Am. Bankers Life Assurance Co. of Fla., No. 05-cv-430-JD, 2006 WL 2990465, at *1 (D.N.H. Oct. 19, 2006) (refusing to appoint interim class counsel where the putative class was represented only by the firm that filed the complaint). In the words of the Donaldson court, "the kind of matter in which interim counsel is appointed is one where a large number of putative class actions have been consolidated or otherwise are pending in a single court" and rival law firms are competing to represent the class. Donaldson, 2006 WL 1308582 at *1; cf. Hill v. Tribune Co., Nos. 05-C-2602, 05-C-2640, 05-C-2684, 05-C-2927, 05-C-3374, 05-C-3377, 05-C-3390, 05-C-3928, 2005 WL 3299144, at *3-4 (N.D. Ill. Oct. 13, 2005) (appointing interim class where eight cases were consolidated and two sets of lawyers were actively competing for appointment as class counsel); Turner v. Murphy Oil U.S.A., Inc., 234 F.R.D. 597, 611 (E.D. La. 2006) (appointing interim class counsel after twenty-seven cases were consolidated and defendant initiated settlement discussions); In re Delphi ERISA Litigation, 230 F.R.D. 496, 489-90 (E.D. Mich. 2005) (appointing interim class counsel where fifteen cases were consolidated and different lawyers were competing to be class counsel); Smith v Aon Corp., 238 F.R.D. 609, 613 (N.D. Ill. 2006) (noting interim class counsel had been appointed upon consolidation of twelve competing class action lawsuits).

-6-

Players Inc's Opposition to Motion to Appoint Interim Class Counsel      Case No. C 07-00943 WHA

By contrast, interim class counsel should not be appointed where, as here, there is no special circumstance warranting such action. Here, there is a single purported class action pending, with the interests of the putative class represented, at least for now, by the lawyers who filed the complaint. No other actions have been consolidated with this one and there are not competing groups of plaintiffs' counsel jockeying for appointment as class counsel. Thus, this case is in all relevant respects identical to those cases such as <u>In re Issuer Plaintiff IPO Antitrust Litig.</u>, <u>Carrier</u>, and <u>Donaldson</u>, where courts refused to invoke the extraordinary procedures provided by Fed. R. Civ. P. 23(g)(2)(A). For all of these reasons, Plaintiffs' Motion should be denied.

## II. PLAINTIFFS' MOTION SHOULD ALSO BE DENIED BECAUSE MANATT FAILS TO MEET THE REQUIREMENTS OF FED. R. CIV. P. 23(g)(1)

Even if it were appropriate to apply the extraordinary procedure provided by Fed. R. Civ. P. 23(g)(2)(A) and appoint interim class counsel at this time, Plaintiffs' Motion should be denied because Manatt does not satisfy the requirement of Fed. R. Civ. P. 23(g)(1) that class counsel be able to "fairly and adequately represent the interests of the class." Manatt fails this test for several reasons, including: (1) Manatt and its co-counsel have irreparable conflicts of interest though their association with Retired Players for Justice, an entity whose interests are directly adverse to those of the putative class; (2) apparently because of its conflicts, Manatt has put forward as purported class representatives individuals who themselves (a) are not class members, and/or (b) have interests adverse to those of the class; and (3) as discussed in Players Inc's Sanctions Motion, Manatt has not adequately "identif[ied] or investigat[ed] potential claims in the action" as required by Fed. R. Civ. P. 23(g)(1)(C).

Fed. R. Civ. P. 23(g)(1)(B) provides that "(a)n attorney appointed to serve as class counsel must fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). Fed. R. Civ. P. 23(g)(1)(C) provides in relevant part that "(i)n appointing class counsel, the court (i) must consider: … the work counsel has done in identifying or investigating potential claims in the action, … counsel's knowledge of the applicable law, and … (ii) may consider any other matter pertinent to counsel's ability to … adequately represent the interests of

-7-

Players Inc's Opposition to Motion to Appoint Interim Class Counsel          Case No. C 07-00943 WHA

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, CA 94303-2225

the class." Fed. R. Civ. P. 23(g)(1)(C). The Advisory Committee notes to Fed. R. Civ. P. 23(g)(1)(C) state that "(i)f, after review of all applicants, the court concludes that none would be satisfactory class counsel, it may deny class certification, [and] reject all applications .…" Fed. R. Civ. P. 23 advisory committee notes to the 2003 Amendments. The same standards apply whether the decision to appoint class counsel is being made on an interim basis or at the class certification stage. Hill, 2005 WL 3299144, at *3.

### A. Manatt Has Irreparable Conflicts of Interest That Preclude It from Fairly and Adequately Representing the Interests of the Class

Manatt has irreparable conflicts of interest that would preclude it from "fairly and adequately represent[ing] the interests of the class," as required by Fed. R. Civ. P. 23(g)(1)(B). Players Inc is a for-profit corporation that, among other things, licenses names and images of certain former NFL players and pays royalties to such players based on those licensing activities. See Upshaw Decl. ¶ 5; Sanctions Mot. at 3. The putative class comprises former NFL players who participate in Players Inc's group licensing programs. See Am. Compl. ¶ 20. It clearly is in the interests of members of the putative class that Players Inc's group licensing programs be as successful as possible, thereby generating the maximum royalties for the class members. Manatt, however, played a leading role in establishing Retired Players for Justice, an entity formed with express purposes of competing with Players Inc for the commercial licensing of retired NFL players' names and images and "establish[ing] an <u>alternative</u> to the current marketing and licensing system," (see O'Kelly Decl. Exs. B, D (emphasis added)), something that is directly at odds with the interests of the purported class.[3]

---

[3] Even if some class members (i.e., certain retired players who participate on a non-exclusive basis in Players Inc's group licensing programs) were also to participate in the licensing programs of Retired Players for Justice, this would do nothing to alleviate the conflict. There are many class members who would assign their group licensing only to Players Inc (probably a majority). But as long as at least <u>some</u> class members chose not to participate in Retired Players for Justice licensing programs, their continued interest in the success of Players Inc's group licensing programs would conflict directly with the interests of Retired Players for Justice and Manatt. See, e.g., Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 625 (1997) (holding that conflict between majority of class (which was represented by class counsel) and minority defeated adequate representation requirements of Rule 23). Indeed, not only would participation of some class members in Retired Players for Justice's licensing programs not alleviate the conflict, it would aggravate it, likely making it impossible to certify a class at all. See id. at 625-27; DuPont v. WYLY, 61 F.R.D. 615, 622 (D. Del. 1973) ("Because the members of the class and their representatives must share common interests, 'diverse and potentially conflicting

-8-

Players Inc's Opposition to Motion to Appoint Interim Class Counsel     Case No. C 07-00943 WHA

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, CA 94303-2225

1        Moreover, the Secretary and Treasurer of Retired Players for Justice is Manatt's
2 co-counsel, Samuel Mutch, while Ronald S. Katz of Manatt (who signed the Complaint and
3 Amended Complaint) and his co-counsel Lewis T. LeClair are also identified as "Officers and
4 Directors."  See O'Kelly Decl. Ex. D.  Presumably, as officers and directors of Retired Players
5 for Justice, Messrs. Katz, LeClair, and Mutch have an obligation to work for its success – again,
6 an obligation that squarely conflicts with the interests of the putative class.

7        In light of the leading role played by Manatt in establishing Retired Players for
8 Justice, Manatt's continued representation of that organization, and the fact that Manatt litigation
9 partner Ronald Katz acts as one its Officers and Directors, Manatt has an obvious conflict that
10 precludes it from representing the putative class in this lawsuit.  See , e.g., Piambino v. Bailey,
11 757 F.2d 1112, 1145-46 (11th Cir. 1985) (disqualifying class counsel because of conflict of
12 interest); Armstrong v. Powell, 230 F.R.D. 661, 681 (W.D. Okla. 2005) ("Due process demands
13 that class members receive adequate representation before they are bound by a judgment.  An
14 attorney who labors under a conflict of interest cannot satisfy the requirements of Rule 23(g).")
15 (citations and internal quotation marks omitted); Fechter v. HMW Indus., 117 F.R.D. 362, 363-
16 64 (E.D. Pa. 1987) (disqualifying class counsel because of potential conflict of interest).

17        Manatt's conflicts do not end there.  Manatt has named as plaintiffs and putative
18 class representatives Parrish and Adderley, who themselves have irreparable conflicts with the
19 interests of the class.  This action, apparently motivated by Manatt's own conflicts, further serves
20 to disqualify Manatt.  According to the website of Retired Players for Justice, Parrish and
21 Adderley are Co-Presidents of this new entity.  See O'Kelly Decl. Ex. D.  The interest of Parrish
22 and Adderley in ensuring the success of their new venture, in which Manatt is so closely
23 involved, is directly at odds with the interests of the putative class members, and disqualifies
24 Parrish and Adderley from representing the class.  See Amchem Products, Inc. v. Windsor, 521
25 U.S. 591, 625 (1997) (stating that Rule 23 requirements of adequate representation cannot be
26 satisfied where there are conflicts between named plaintiffs and members of the class they

---

28 interests within the class are incompatible with the maintenance … of a class action." (citing Carroll v. Am. Fed'n of Musicians, 372 F.2d 155, 162 (2d Cir. 1967)).

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, CA 94303-2225

-9-

purport to represent); <u>William Penn Management Corp. v. Provident Fund for Income, Inc.</u>, 68 F.R.D. 456, 459 (E.D.P.A. 1975) ("'adequate representation' requires, at a minimum, that the representative party have no interests which may conflict with those of the person he purports to represent"); <u>see also</u> <u>Legge v. Nextel Communications, Inc.</u>, CV 02-8676 DSF (VBKx), 2004 U.S. Dist. LEXIS 30333, at *37-*40 (C.D. Cal. June 25, 2004); <u>Cardinal Indus., Inc. v. The Huntington Nat'l Bank</u>, 139 B.R. 703, 706-07 (Bankr. S.D. Ohio 1991); Manual for Complex Litigation (Fourth) §21.26 (2004) (Rule 23 requires that class representatives "remain free of conflict").

Because Manatt represents and has an obligation to Parrish and Adderley, named plaintiffs who cannot satisfy the "adequate representation" requirements of Rule 23, Manatt itself cannot "fairly and adequately" represent the interests of the class as required by Rule 23(g)(1). <u>See</u> <u>Amchem</u>, 521 U.S. at 625 n.20 (noting interrelationship between "adequate representation" requirement and conflicts of counsel); <u>Hill</u>, 2005 WL 3299144, at *3 ("Class counsel's primary obligation is to the interests of the class and not any conflicting interests of the named plaintiff who may have been the initial client.") (citing Advisory Committee Notes to the 2003 Amendments to Fed. R. Civ. P. 23); <u>see also</u> <u>id.</u> (stating that Rule 23(g)(1)(B) requires that "class counsel 'must fairly and adequately represent the interests of the class,' not the named or lead plaintiff").[4]

### B. Manatt Proposed Class Representatives Who Are Not Members of the Putative Class, Contrary to the Requirements of Fed. R. Civ. P. 23(g)(1)

Manatt's conflict of interest and unfitness to act as interim class counsel is further illustrated by the fact that it not only put forward as putative class representatives two individuals

---

[4] Indeed, Manatt's inability to comport with its obligations under Rule 23(g)(1) are illustrated by its failure to inform the court of its present conflicts of interest. <u>See</u> <u>In re Delphi ERISA Litigation</u>, 230 F.R.D. at 499 (stating that interim class counsel, in representing the putative class's best interests, has an ongoing duty to advise the court of any conflicts of interest that may arise so the court may modify its interim appointments to address and mitigate such conflicts); <u>Piambino</u>, 757 F.2d at 1144-45 ("When very early in this case Lead Counsel found themselves in a conflict of interest with [certain class members], they became, under Rule 23, generally unable to conduct the litigation and there [was] inadequate representation of the [class members'] interest. Counsel certainly knew, or should have known, that the presence of the … conflict would create divided loyalties which would constitute inadequate representation") (internal quotations omitted).

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, CA 94303-2225

-10-

with irreparable conflicts with the class (Parrish and Adderley), but it also named as plaintiffs (and putative class representatives) two individuals who are not and cannot be members of the class at all – Parrish and Roberts. As discussed (at 4, supra), because Parrish and Roberts never signed GLAs, never participated in Players Inc group licensing activities and, indeed, never had any relationships at all with Players Inc, Players Inc did not owe any duty to Parrish or Roberts, much less a fiduciary duty. (See Sanctions Mot. at 8-10 for more complete discussion.) Because neither Parrish nor Roberts has any claim against Players Inc for breach of such duty, neither of them can be a member of the purported class – let alone act as class representatives. See Amchem, 521 U.S. at 625 ("[A] class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members."); General Tel. Co. of the S.W. v. Falcon, 457 U.S. 147, 156 (1982) (same); E. Tex. Motor Freight Sys., Inc. v. Rodriguez, 431 U.S. 395, 403 (1977) (same); Schlesinger v. Reservists Comm. to Stop the War, 418 U.S. 208, 216 (1974) (same).

Fed. R. Civ. P. 23(g)(1)(C) provides in relevant part that "(i)n appointing class counsel, the court (i) must consider: … the work counsel has done in identifying or investigating potential claims in the action, … counsel's knowledge of the applicable law, and … (ii) may consider any other matter pertinent to counsel's ability to … adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(C). The fact that Manatt has proposed as class representatives two individuals who could not be members of the putative class under any cognizable legal theory speaks volumes about its own conflict of interest.

**C.   Manatt Is Unfit to Act as Class Counsel Because It Filed This Lawsuit for Improper Purposes and Without Conducting the Necessary Factual and Legal Inquiry**

Players Inc discusses in detail in its Sanctions Motion how Manatt filed this lawsuit without sufficient factual or legal bases for the claims set forth in the Complaint and Amended Complaint, and for the apparent improper purposes of engaging in a fishing expedition for public relations purposes, attacking the unrelated collective bargaining activities of the NFLPA, and promoting the competing commercial interests of Retired Players for Justice. Not only was Manatt's conduct contrary to its obligations under Fed. R. Civ. P. 11 and 28 U.S.C.

-11-

Players Inc's Opposition to Motion to Appoint Interim Class Counsel        Case No. C 07-00943 WHA

1  § 1927, it also further illustrates Manatt's conflict with the class and unsuitability to act as class
2  counsel.

3  Had Manatt conducted a reasonable investigation of the facts and controlling law
4  before it filed the Complaint and Amended Complaint in this lawsuit, or adhered to its Rule 11
5  obligations if such an investigation was in fact made, it would have concluded that at least as to
6  Parrish and Roberts, the claims asserted in the initial Complaint were without any possible
7  foundation because neither Parrish nor Roberts had any relationship at all with Players Inc. See
8  discussion at 4, supra. Thus, in light of the requirements of Fed. R. Civ. P. 23(g)(1)(C) that "(i)n
9  appointing class counsel, the court (i) must consider: … the work counsel has done in
10 identifying or investigating potential claims in the action, …[and] counsel's knowledge of the
11 applicable law," this Court should not appoint Manatt as interim class counsel here.

12 Moreover, in addition to filing this lawsuit in order to promote the commercial
13 interests of Retired Players for Justice (which, as discussed above), conflict with the interests of
14 the putative class, Manatt also acted with the apparent improper purpose of advancing the agenda
15 of a non-class member, Parrish, in his long-running campaign against the NFLPA – an agenda
16 that has nothing to do with the claims in this case. See Sanctions Motion at 4-5 for discussion.
17 Another named plaintiff, Adderley, may also have shared Parrish's agenda of harassing the
18 NFLPA. See Norman, D.D.S., P.C. v. ARCS Equities Corp., 72 F.R.D. 502, 506 (S.D.N.Y.
19 1976) (stating that a class representative "who is motivated by spite against a defendant is no
20 different from one which has an adverse pecuniary interest"); DuPont v. WYLY, 61 F.R.D. 615,
21 622-23 (D. Del. 1973) (finding putative class representative to be inadequate where "this suit
22 may be an attempt to open still another front in a wide ranging battle having objectives unrelated
23 to those shared by the class"). In short, Manatt's conduct is contrary to the obligations of class
24 counsel pursuant to Fed. R. Civ. P. 23(g)(1) to "fairly and adequately represent the interests of
25 the class," and further demonstrates why Plaintiffs' motion should be denied. See Taub v.
26 Glickman, 67 Civ. 3447, 1970 WL 210, at *1 (S.D.N.Y. 1970) (denying class certification
27 because plaintiffs' counsel had been "criticized for conduct that would at least seem to be of
28 questionable propriety" and thus would "not fairly and adequately represent the suggested

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, CA 94303-2225

-12-

class"); see also Sweet v. Pfizer, 232 F.R.D. 360, 371 (C.D. Cal. 2005) (disqualifying class counsel because of questionable quality of his work).

## CONCLUSION

For all of the foregoing reasons, Players Inc respectfully requests that the Court deny Plaintiffs' Motion to Appoint Manatt, Phelps & Phillips, LLP as Interim Class Counsel, and enter an order denying Plaintiffs' motion.

Date: April 4, 2007

DEWEY BALLANTINE LLP

BY: ___s/Jeffrey L. Kessler_____

Jeffrey L. Kessler
Attorneys for Defendant Players Inc