1    MANATT, PHELPS & PHILLIPS, LLP
     RONALD S. KATZ (Bar No. CA 085713)
2    E-mail: rkatz@manatt.com
     RYAN S. HILBERT (California Bar No. 210549)
3    E-mail: rhilbert@manatt.com
     NOEL S. COHEN (California Bar No. 219645)
4    E-mail: ncohen@manatt.com
     1001 Page Mill Road, Building 2
5    Palo Alto, CA  94304-1006
     Telephone:  (650) 812-1300
6    Facsimile:  (650) 213-0260

7    Attorneys for Plaintiffs.

8

9                   UNITED STATES DISTRICT COURT

10                       NORTHERN DISTRICT

11                    SAN FRANCISCO DIVISION

12

13

14   BERNARD PAUL PARRISH, HERBERT          CIVIL ACTION NO. C07 0943 WHA
     ANTHONY ADDERLEY, and WALTER
15   ROBERTS III, on behalf of themselves and
     all others similarly situated,

16                Plaintiffs,                **PLAINTIFFS' OPPOSITION TO**
                                             **DEFENDANT'S MOTION FOR JUDGMENT**
17                                           **ON THE PLEADINGS, OR, IN THE**
                                             **ALTERNATIVE, REQUEST TO FILE**
18   NATIONAL FOOTBALL LEAGUE               **SECOND AMENDED COMPLAINT**
     PLAYERS INCORPORATED d/b/a
19   PLAYERS INC, a Virginia corporation,    Date:   Thursday, May 31, 2007
                                             Time:  8:00 am
20                Defendant.                 Judge:  Honorable William H. Alsup

21

22

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

Dallas 237846v1

Dockets.Justia.com

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ............................................................................................................. 1

II.  ARGUMENT ................................................................................................................... 2

    A.   Legal Standard ..................................................................................................... 2

    B.   California Law Governs the Resolution of This Dispute ..................................... 3

    C.   Breach of Fiduciary Duty Claim ......................................................................... 4

        1.   The Fiduciary Relationship ...................................................................... 4

            a.   The Agency Relationship ............................................................. 5

            b.   The Informal Confidential Relationship ....................................... 8

        2.   The Breaches of Duty to the Retired Players ........................................... 13

    D.   Unjust Enrichment ............................................................................................. 14

    E.   The Right To An Accounting .............................................................................. 16

    F.   Plaintiffs' Proposed Amendment ........................................................................ 17

III. CONCLUSION .............................................................................................................. 18

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Palo Alto

i

OPPOSITION TO MOTION FOR
JUDGMENT ON THE PLEADINGS
CASE NO. C07 0943 WHA

1

# TABLE OF AUTHORITIES

2
Page

3
## CASES

4
*Aagard v. Palomar Builders, Inc.,*
  344 F. Supp. 2d 1211(E.D. Cal. 2004)..................................................................................... 10

5
*Accuimage Diagnostics Corp. v. Terarecon, Inc.,*
6
  260 F. Supp. 2d 941 (N.D. Cal. 2003) ....................................................................................... 3

7
*Aldabe v. Aldabe,*
  616 F. 2d 1089 (9th Cir. 1980)..................................................................................................... 1

8
*Asante Techs, Inc. v. PMC-Sierra, Inc.,*
  164 F. Supp. 2d 1142 (N.D. Cal. 2001) ..................................................................................... 8

9
*Ascon Properties, Inc. v. Mobil Oil Co.,*
  866 F.2d 1149, 1160 (9th Cir. 1989)......................................................................................... 17

10
*Bear Stearns & Co. v. Daisy Sys. Corp.,*
11
  97 F. 3d 1171 (9th Cir. 1996)..................................................................................................... 10

12
*Beck v. Wecht,*
  28 Cal. 4th 289 (2002) ................................................................................................................. 5

13
*Beery v. State Bar,*
  43 Cal. 3d 802 Cal.Rptr. 121 (1987).......................................................................................... 10

14
*Borders Online, LLC v. State Board of Equalization,*
  129 Cal. App. 4th 1179 (2005)..................................................................................................... 5

15
*Browning v. Yahoo! Inc.,*
16
  2004 WL 2496183 at *3 (N.D. Cal. 2004)........................................................................... 14, 15

17
*C.A.R. Transp. Brokerage Co., Inc. v. Darden Restaurants, Inc.,*
  213 F.3d 474 (9th Cir. 2000)....................................................................................................... 6

18
*Carpenter Foundation v. Oakes,*
  26 Cal. App. 3d 784 (1972).......................................................................................................... 8

19
*Chou v. Univ. of Chicago,*
  254 F.3d 1347 (Fed. Cir. 2001).................................................................................................. 10

20
*City of Oakland v. Comcast Corp.,*
21
  2007 WL 518868 at *4 (N.D. Cal. Feb. 14, 2007).................................................................... 15

22
*Civil Western Corp. v. Zila Industries, Inc.,*
  66 Cal. App. 3d 1 (1977)............................................................................................................ 16

23
*Clark v. Newell,*
  2005 WL 3157570, *5 (E.D. Va. 2005)..................................................................................... 17

24
*Conley v. Gibson,*
  355 U.S. 41 (1957)......................................................................................................................... 1

25
*County of Santa Clara v. Astra USA, Inc.,*
26
  401 F. Supp. 2d 1022 (N.D. Cal. 2005) .................................................................................... 16

27
*Cruz v. United States,*
  219 F. Supp. 2d 1027 (N.D. Cal. 2002) .................................................................................... 16

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

ii

OPPOSITION TO MOTION FOR
JUDGMENT ON THE PLEADINGS
CASE NO. C07 0943 WHA

**TABLE OF CONTENTS**
(continued)

Page

*Engalla v. Permanente Medical Group, Inc.,*
    15 Cal. 4th 951 (Cal. 1997)............................................................................. 6

*Estate of Migliaccio,*
    436 F. Supp. 2d 1095 (C.D. Cal. 2006)...................................................... 9, 11

*Friendly Ice Cream Corp. v. Beckner,*
    268 Va. 23 (2004) ...................................................................................... 11

*Ghirardo v. Antonioli,*
    14 Cal. 4th 39 (1996) ................................................................................. 14

*Giordano v. Atria Assisted Living,*
    429 F. Supp. 2d 732 (E.D. Va. 2006)............................................................ 8

*Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.,*
    896 F.2d 1542 (9th Cir. 1990).................................................................... 12

*Holland v. Westport Ins. Corp.,*
    Slip Op., 2007 WL 951826 at *4 (N.D. Cal. March 28, 2007)................... 6, 12, 14

*Honey v. Distelrath,*
    195 F.3d 531 (9th Cir. 1999)......................................................................... 3

*Hurtado v. Superior Court,*
    11 Cal. 3d 574 (1974) ............................................................................... 3, 4

*In re Daisy Sys. Corp.,*
    97 F.3d 1171 (9th Cir. 1996)............................................................... 5, 9, 10

*In re National Western Life Ins. Deferred Annuities Litigation,*
    467 F. Supp. 2d 1071 (S.D. Cal. 2006) ........................................................ 9

*Insurance Co. of North America v. Federal Express Corp.,*
    189 F.3d 914 (9th Cir. 1999)......................................................................... 4

*Jackson v. Bank of Hawaii,*
    902 F.2d 1385 (9th Cir. 1990)....................................................................... 3

*Kang v. Roof,*
    24 Va. Cir. 193 at *2 (1991) ...................................................................... 15

*Kennard v. Glick,*
    183 Cal. App. 2d 246 (1960)......................................................................... 6

*Kudokas v. Balkus,*
    26 Cal. App. 3d 744 (1972).......................................................................... 9

*Lectrodryer v. SeoulBank,*
    77 Cal. App. 4th 723 (Cal. App. 2000) ................................................... 14, 15

*Lukovsky v. City and County of San Francisco,*
    2006 WL 436142 *1 (N.D. Cal. 2006)......................................................... 3

*Lynch v. Cruttenden & Co.,*
    18 Cal. App. 4th 802 (1993)......................................................................... 9

*McClung v. Smith,*
    870 F. Supp. 1384 (E.D. Va. 1994).............................................................. 11

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Palo Alto

iii

OPPOSITION TO MOTION FOR
JUDGMENT ON THE PLEADINGS
CASE NO. C07 0943 WHA

1

2

**TABLE OF CONTENTS**
(continued)

Page

3  *Melchior v. New Line Prods., Inc.,*
      106 Cal. App. 4th 779 (Cal. App. 2004) ................................................................. 15

4  *Michelson v. Hamada,*
5      29 Cal. App. 4th 1566 (1994)............................................................................... 5, 6

   *Microstrategy, Inc. v. Netsolve, Inc.,*
6      368 F. Supp. 2d 533 (E.D. Va. 2005)..................................................................... 15

7  *Moore v. Kayport Package Express,*
      885 F.2d 531 (9th Cir. 1989)................................................................................... 2

8  *Nordberg v. Trilegiant Corp.,*
      445 F. Supp. 2d 1082 (N.D. Cal. 2006) ................................................................ 15

9  *Nuckols v. Nuckols,*
10      228 Va. 25 (1984) .................................................................................................... 8

11  *Okura & Co. v. Careau Group,*
      783 F. Supp. 482 (C. D. Cal. 1991) ...................................................................... 17

12  *People v. Cobler,*
      108 Cal. 541 (1895) ................................................................................................. 6

13  *People v. Oldham,*
      111 Cal. 648 (1896) ................................................................................................. 6

14  *People v. Robertson,*
15      6 Cal. App. 514 (1907)............................................................................................ 6

16  *People v. Royce,*
      106 Cal. 187 (1894) ................................................................................................. 6

17  *People v. Treadwell,*
      69 Cal. 22d (1986) ................................................................................................... 6

18  *Persson v. Smart Inventions, Inc,*
      125 Cal. App. 4th 1141, 23 Cal.Rptr.3d 335 (Cal.App. 2 Dist. 2005) ................... 12

19  *Pollack v. Lytle,*
20      120 Cal. App. 3d 931 (1981).................................................................................... 5

21  *Recorded Picture Co. v. Nelson Entertainment, Inc.,*
      53 Cal. App. 4th 350 (1997)..................................................................................... 9

22  *Richelle L. v. Roman Catholic Archbishop,*
      106 Cal. App. 4th at 273 ........................................................................................ 11

23  *Rivera v. Southern Pacific Transp. Co.,*
      217 Cal. App. 3d 294 (Cal. App. 1990) .................................................................. 4

24  *San Francisco Bay Area Rapid Transit Dist. v. Spencer,*
25      Slip Copy, 2007 WL 81899 *1 (N.D. Cal. 2007) .................................................. 14

26  *Schreiber Distribution Co. v. Serv-Well Furniture Co.,*
      806 F.2d 1393 (9th Cir. 1986)................................................................................. 2

27  *Sigma Dynamics, Inc. v. E. Piphany, Inc.,*
      No. C-04-569, 2004 U.S. Dist. LEXIS 24261 at *1, *15 (N.D. Cal. May 21,
28      2004) ..................................................................................................................... 14

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

iv

OPPOSITION TO MOTION FOR
JUDGMENT ON THE PLEADINGS
CASE NO. C07 0943 WHA

**TABLE OF CONTENTS**
(continued)

Page

*Spector v. Miller,*
   199 Cal. App. 2d 87 (1962)............................................................................................ 6

*Stokes v. Henson,*
   217 Cal. App. 3d 187 (1990).......................................................................................... 9

*Third Eye Blind, Inc. v. Near North Entertainment Insurance Services, LLC,*
   127 Cal. App. 4th 1311 (Cal. App. 2005) ................................................................... 12

*Van't Rood v. County of Santa Clara,*
   113 Cal. App. 4th 549 (2003)......................................................................................... 8

*Waverly Productions, Inc. v. RKO General, Inc.,*
   217 Cal. App. 2d 721 (1963).........................................................................................16

*Whittaker v. Otto,*
   188 Cal. App. 2d 619 (1961)........................................................................................... 8

*WRH Mortgage, Inc. v. S.A.A. Assocs.,*
   214 F.3d 528 (4th Cir. 2000).........................................................................................15

*Zenith Radio Corp. v. Hazeltine Research, Inc.,*
   401 U.S. 321 (1971)......................................................................................................... 3

**STATUTES**

Feb. R. Civ. P. 12(c)............................................................................................................ 1, 2, 3

Fed. R. Civ. P. 12(b)(6)................................................................................................... 1, 2, 10

**OTHER AUTHORITIES**

1 Cal. Jur. 3d Accounts and Accounting § 85 (2006) .....................................................16

5 C. Wright & A. Miller, *Federal Practice and Procedure: Civil,* § 1368, p. 690
   (1969)...................................................................................................................................... 3

5 Witkin Cal. Procedure 4th, Pleading § 776, p. 233 (1997) .........................................16

C.J.S. Agency § 47................................................................................................................. 5

C.J.S., Agency § 43 ............................................................................................................... 5

Cal. Jur., Agency, § 11 ......................................................................................................... 5

CJS Agency §48 (2007) ........................................................................................................ 8

Restatement (First) Agency, § 15, Comment d (1933) ..................................................... 7

Restatement (First) Agency, § 430............................................................................................ 7

Restatement (First) of Agency ............................................................................................. 6

Restatement (Second) Agency, § 15, Comment e (1958)................................................. 7

Restatement (Second) Agency, § 430 .................................................................................. 7

Restatement (Third) Agency, § 8.02 .................................................................................... 7

Restatement (Third) Agency, § 8.09, Comment b ............................................................. 7

Restatement (Third) of Agency, § 1.01, Comment c (2006) ........................................ 6, 7

Restatement (Third) of Agency, § 3.05, Comment c ........................................................ 7

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

v

OPPOSITION TO MOTION FOR
JUDGMENT ON THE PLEADINGS
CASE NO. C07 0943 WHA

1   Plaintiffs BERNARD PAUL PARRISH, HERBERT ANTHONY ADDERLEY, and

2   WALTER ROBERTS III, on behalf of themselves and all others similarly situated, respond to

3   Defendant's Motion to Dismiss on the Pleadings, as follows:

## I.   INTRODUCTION

5   Plaintiffs' First Amended Complaint states three claims brought on behalf of all retired

6   NFL players against Defendant PLAYERS INC: breach of fiduciary duty, unjust enrichment and

7   a claim for an accounting ("Amended Complaint"). PLAYERS INC's Motion seeks judgment on

8   the pleadings on the entirety of Plaintiff's claims ("Motion").

9   Under Federal Rule 12(b)(6) and 12(c), a motion to dismiss should be granted only if it

10  appears beyond doubt that Plaintiffs "can prove no set of facts in support of [their] claim[s] which

11  would entitle [them] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Aldabe v.*

12  *Aldabe*, 616 F. 2d 1089, 1093 (9th Cir. 1980) (concluding that a motion to dismiss under 12(b)(6)

13  should be treated as a motion for judgment on the pleadings under 12(c) if submitted after the

14  pleadings were closed). Here, however, the case is in its infancy, and there is no basis either for

15  dismissal or judgment on the pleadings. Ample evidence exists supporting the assertion of each

16  of the claims that Plaintiffs have alleged.

17  The Motion is based upon two false premises. First, it claims that the retired players can

18  have a relationship with PLAYERS INC only insofar as the relationship stems from a signed

19  Group Licensing Agreement ("GLA") with another entity, NFL Players Association ("NFLPA").[1]

20  But this argument fails because it is well-settled that fiduciary duties or other obligations can arise

21  by operation of law and/or be inferred based on the conduct of the parties or circumstances.

22  Plaintiffs have not alleged a relationship with PLAYERS INC based upon the GLA;

23  instead, it is PLAYERS INC's *own representations* which confirm the relationship between the

24

25

---

26  [1]   The relationship between PLAYERS INC and the NFL Players Association is explained
    on the NFLPA website, as follows: "PLAYERS INC, otherwise known as NFL PLAYERS, is the
27  for-profit licensing, marketing, sponsorship and content development subsidiary of the NFL
    Players Association.    PLAYERS INC, branded as NFL PLAYERS, is the NFL Players
28  Association's fully integrated sports marketing company." *See* www.nflplayers.com.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

1

OPPOSITION TO MOTION FOR
JUDGMENT ON THE PLEADINGS
CASE NO. C07 0943 WHA

1    parties.    PLAYERS INC has held itself out as the sole and exclusive group licensing

2    representative of *all* retired NFL players and has benefited from that position.

3         The Motion's second failed (and very cursory) premise is that the remaining claims for

4    unjust enrichment and an accounting are somehow based on the breach of fiduciary duty claim.

5    The second premise fails because there is no legal or factual support for the argument that

6    Plaintiffs' unjust enrichment claim (to which Defendant devotes 22 lines of its opening brief) and

7    accounting claim (five lines of the opening brief) derive from a claim of breach of fiduciary duty.

8    Instead, these two claims arise separately and stand independently of the fiduciary duty claim.

9         All three claims are fully supportable and adequately pled. Furthermore, the allegations

10   raise questions of fact and are not dismissible as a matter of law. For these reasons and the

11   reasons below, Defendant's Motion should be denied. Alternatively, this Court should dismiss

12   without prejudice so that Plaintiffs can file a Second Amended Complaint, which more fully

13   describes the claims.[2]

14   **II.    ARGUMENT**

15        **A.    Legal Standard**

16        A Motion for Judgment on the Pleadings is evaluated under the same standards as a

17   Motion to Dismiss. *See, e.g.,* Fed. R. Civ. P. 12(b)(6) and 12(c). However, when a complaint is

18   dismissed for failure to state a claim, "leave to amend should be granted unless the court

19   determines that the allegation of other facts consistent with the challenged pleading could not

20   possibly cure the deficiency." *Schreiber Distribution Co. v. Serv-Well Furniture Co.,* 806 F.2d

21   1393, 1401 (9th Cir. 1986) (district court abused its discretion in dismissing with prejudice). The

22   Court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory

23   motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the

24   opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express,*

25   885 F.2d 531, 538 (9th Cir. 1989). Of these factors, prejudice to the opposing party is the most

26

27   [2]    A copy of Plaintiffs' proposed Second Amended Complaint is attached as <u>Exhibit 3</u> to the
     Declaration of Ryan S. Hilbert in Opposition to Defendant's Motion for Judgment on the
28   Pleadings.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

2

OPPOSITION TO MOTION FOR
JUDGMENT ON THE PLEADINGS
CASE NO. C07 0943 WHA

1    important. *See Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citing *Zenith*

2    *Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-31 (1971)). Because this case is at its

3    inception, denial of leave to amend would be inappropriate and the motion should be treated as a

4    motion to dismiss.

5         Just as with a motion to dismiss, the Court must accept the facts alleged as true and must

6    construe all inferences from those facts in favor of Plaintiffs. *See, e.g., Lukovsky v. City and*

7    *County of San Francisco*, 2006 WL 436142 *1 (N.D. Cal. 2006). Defendant must be able to

8    establish that no material issue of fact remains to be resolved, and that it is therefore entitled to

9    judgment as a matter of law on each of the claims alleged. *See, e.g., Honey v. Distelrath*, 195

10   F.3d 531, 532-33 (9th Cir. 1999); *Accuimage Diagnostics Corp. v. Terarecon, Inc.*, 260 F. Supp.

11   2d 941, 955-56 (N.D. Cal. 2003); *see also* 5 C. Wright & A. Miller, *Federal Practice and*

12   *Procedure: Civil*, § 1368, p. 690 (1969) (The federal courts have followed a fairly restrictive

13   standard in ruling on motions for judgment on the pleadings. Although the motion may be helpful

14   in disposing of cases in which there is no substantive dispute that warrants the litigants and the

15   court proceeding further, thereby easing crowded trial dockets in the federal district courts, hasty

16   or imprudent use of this summary procedure by the courts violates the policy in favor of ensuring

17   to each litigant a full and fair hearing on the merits of his or her claim or defense. The importance

18   of this policy has made federal judges unwilling to grant a motion under Rule 12(c) unless the

19   movant clearly establishes that no material issue of fact remains to be resolved and that he is

20   entitled to judgment as a matter of law.). As detailed below, PLAYERS INC has fallen far short

21   of satisfying this standard.

22        **B.    California Law Governs the Resolution of This Dispute.**

23        PLAYERS INC mistakenly contends that because it is a Virginia corporation, the

24   substantive law of Virginia governs the resolution of this dispute. Motion, p. 6, n. 5. It is well-

25   settled that California courts apply a "governmental interest" approach to resolution of conflict of

26   law issues. *Hurtado v. Superior Court*, 11 Cal. 3d 574, 579 (1974). Under such an approach, a

27   court must first determine if a true conflict between two states' laws exist. *Id.* If so, it will then

28   analyze the respective interests of the states involved and determine which has an overriding

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

3

OPPOSITION TO MOTION FOR
JUDGMENT ON THE PLEADINGS
CASE NO. C07 0943 WHA

1   interest in having its law applied. *Id.* However, if no true conflict exists, a forum is "entitled to

2   apply its own law." *Insurance Co. of North America v. Federal Express Corp.*, 189 F.3d 914,

3   921 (9th Cir. 1999) (citing *Rivera v. Southern Pacific Transp. Co.*, 217 Cal. App. 3d 294, 299

4   (Cal. App. 1990)).

5       PLAYERS INC concedes that no true conflict exists between California law and Virginia

6   law. In fact, it admits that the laws of both states are "substantially the same." Motion p. 6, n. 5.

7   Therefore, by PLAYERS INC'S own reasoning, California law governs the resolution of this

8   dispute.

9       **C.    Breach of Fiduciary Duty Claim**

10              1.    The Fiduciary Relationship

11      In support of their breach of fiduciary duty claim, Plaintiffs have alleged that PLAYERS

12  INC purported to represent *every* retired NFL player. The factual predicate for the relationship in

13  the Amended Complaint is based largely on PLAYERS INC's own admissions and documents

14  and thus furnishes an ample basis for the claims alleged:

15      • Defendant's press release asserts that PLAYERS INC represents "**all** 1,800 active and
16        3,500 retired NFL players (emphasis added). (Amended Complaint ¶ 12 and Exhibit
          A).

17      • At the time Plaintiffs filed their Amended Complaint, PLAYERS INC'S website at
18        www.nflplayers.com stated that it represented "over 3,000 retired players." In implicit
          acknowledgement of the correctness of Plaintiffs' claims, that website has been
          changed to read: ". . . PLAYERS INC represents more than 1,800 active *and many*
19        *memorable* retired NFL players." (emphasis added). Declaration of Ryan S. Hilbert in
          Opposition to Defendant's Motion for Judgment on the Pleadings ("Hilbert Decl."),
20        Exs. 1 and 2.

21      • PLAYERS INC claims to market active and retired players through licensed products,
22        such as trading cards and video games, television and radio programming, personal
          appearances, autograph signing, an Internet site, and events such as the Super Bowl
23        (Amended Complaint, ¶¶ 1-3, 11).

24      • PLAYERS INC purported to represent *all* retired NFL players in licensing and
          marketing opportunities. (Amended Complaint, ¶¶ 1-3).

25      • PLAYERS INC purported to have the sole and exclusive control over any such
26        licensing contracts for all active and retired NFL players: "PLAYERS INC'S licensees
          such as EA Sports are permitted to secure retired NFL player rights *only* from
          PLAYERS INC, not from any other source, contrary to what others may have told
27        you. This offer will be your *only* opportunity to participate in NFL player video
          games and get paid." (Amended Complaint, ¶¶ 2, 17, Exhibit B).

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

4

OPPOSITION TO MOTION FOR
JUDGMENT ON THE PLEADINGS
CASE NO. C07 0943 WHA

- PLAYERS INC has received millions of dollars through licensing deals on behalf of NFL players, and controls all of the material information relevant to licensing revenue and/or funds due and owing to Plaintiffs. (Amended Complaint ¶¶ 1, 17-18).

- A letter from Defendant's President to a retired player states that "**every** retired player has benefited from PLAYERS INC's creation . . . [b]ecause 40% of PLAYERS INC'S operating revenue is paid to the NFLPA as a royalty . . . This allows the NFLPA to provide extensive services and benefits to retired players . . . ." (Amended Complaint ¶13 and Exhibit D).[3]

Because of the doctrines of agency and informal confidential relationship described below, these allegations are more than sufficient to state a claim based upon a fiduciary or confidential relationship under relevant California law.

### a.    The Agency Relationship

An agency giving rise to a fiduciary relationship need not be express or subject to a formal agreement. Instead, an agency can arise by operation of law and/or can be inferred or implied by a court based on the conduct or the parties and the circumstances of the case. *See, e.g., Michelson v. Hamada,* 29 Cal. App. 4th 1566, 1579-80 (1994); *Borders Online, LLC v. State Board of Equalization,* 129 Cal. App. 4th 1179, 1190-92 (2005); *Pollack v. Lytle,* 120 Cal. App. 3d 931, 940 (1981), *overruled on other grounds, Beck v. Wecht,* 28 Cal. 4th 289 (2002); *see also* C.J.S., Agency § 43 and Cal. Jur., Agency, § 11 (an agency may be inferred or implied as a matter of law from the words and conduct of the parties or the circumstance of a particular case); C.J.S. Agency § 47 (an agency relationship may arise by operation of law and/or be implied by law); *In re Daisy Sys. Corp.,* 97 F.3d 1171, 1178 (9th Cir. 1996) ("[A]mong the terms of Bear Stearns' retention was a provision stating that it would be acting on Daisy's behalf. Should a fact finder determine from the record that an agency relationship existed between the parties, then a fiduciary relation should be presumed to exist.") (citing *Michelson v. Hamada,* 29 Cal. App. 4th 1566, 1575-76 (1994) (holding that "[t]he existence of an agency is a factual question within the province of the trier of fact whose determination may not be disturbed on appeal if supported by substantial evidence")).

---

[3]    Section V of Defendant's opening brief states that allegations concerning the NFLPA are irrelevant when, in fact, those allegations simply respond to PLAYERS INC's claim described in this bullet point.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

5

OPPOSITION TO MOTION FOR
JUDGMENT ON THE PLEADINGS
CASE NO. C07 0943 WHA

1    California courts have long recognized a form of purported agency or agency by estoppel,

2  whereby a party who assumes to act as an agent for another may not later deny the existence of

3  the agency – as to the purported principal or a third party – in order to shield himself from

4  liability. In *People v. Robertson,* for example, the California Supreme Court explicitly held that:

5       [W]hen one assumes to act as agent for another, he may not, when challenged for
         these acts, deny his agency; that he is estopped not merely as against his assumed
6       principal, but also against [third parties].

7  *Id.,* 6 Cal. App. 514, 517 (1907) (citing, *inter alia, People v. Treadwell,* 69 Cal. 22d (1986);

8  *People v. Royce,* 106 Cal. 187 (1894); *People v. Cobler,* 108 Cal. 541 (1895); *People v. Oldham,*

9  111 Cal. 648 (1896)). In addition, whether such an agency should be inferred and/or whether an

10  agent acted with authority are typically *questions of fact,* not properly resolved on a motion for

11  judgment on the pleadings. *See, e.g., C.A.R. Transp. Brokerage Co., Inc. v. Darden Restaurants,*

12  *Inc.,* 213 F.3d 474 (9th Cir. 2000); *see also, Holland v. Westport Ins. Corp.*, Slip Op., 2007 WL

13  951826 at \*4 (N.D. Cal. March 28, 2007); *Michelson v. Hamada,* 29 Cal.App.4th 1566, 1575-76

14  (1994). By holding itself out as the purported agent of all retired NFL players, PLAYERS INC is

15  estopped from arguing otherwise in its Motion.

16    It is also well-settled that an agent is a fiduciary, obligated to act with the highest duty of

17  loyalty and regard for the interests of its principal. *See, e.g., Engalla v. Permanente Medical*

18  *Group, Inc.,* 15 Cal. 4th 951, 977 (Cal. 1997) (an agency relationship is a fiduciary one,

19  obligating the agent to act in the interest of the principal); *see also Spector v. Miller,* 199 Cal.

20  App. 2d 87, 95 (1962) (agent is a fiduciary on behalf of its principle); *Kennard v. Glick,* 183 Cal.

21  App. 2d 246, 250-51 (1960) (agent acts as a fiduciary).

22    PLAYERS INC contends, citing the Restatement (First) of Agency, that "[a]n agency

23  relationship exists only if there has been a manifestation by the principal to the agent that the

24  agent may act on his account, and consent by the agent so to act." Motion, p. 16. However, the

25  more recent Restatement (Third) of Agency confirms that the formation of an agency relationship

26  is not governed by such formalities -- *i.e.,* an agent need not *consent* to act on behalf of another,

27  and a principal's assent is often informal or implicit (inferred from the circumstances of each

28  case):

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

6

OPPOSITION TO MOTION FOR
JUDGMENT ON THE PLEADINGS
CASE NO. C07 0943 WHA

> A principal's manifestation may be such that an agency relationship will exist without communication from the agent to the principal explicitly stating the agent's consent. . . . **A principal's manifestation of assent to an agency relationship may be informal, implicit and nonspecific**.

Restatement (Third) of Agency, § 1.01, Comment c (2006) (emphasis added); *see also id.,* Comment d ("[I]t is not necessary to formation of a relationship of agency that the agent manifest asset to the principal . . . It is a question of fact whether the agent has agreed."); *id.,* § 3.05, Comment c ("Persons who act as agents owe duties toward their principals and become subject to liabilities to their principals if they breach those duties.").

In addition, PLAYERS INC ignores that Comments to both the Restatement (First) and (Second) of Agency note that:

> [O]ne acting for the benefit of another, without a manifestation of consent by the other, may subject himself to the liabilities of an agent at the election of the principal. Thus, one who purports to act on behalf of another but without the authority to do so is subject to liability to the other as if he were a disobedient agent if he affects the principal's interests either by binding the principal to a third person where he has apparent authority, or by disposing of or meddling with the principal's assets.

Restatement (Second) Agency, § 15, Comment e (1958) (emphasis added); Restatement (First) Agency, § 15, Comment d (1933) (same); *see also* Restatement (Second) Agency, § 430 ("One who, without the consent or manifestation of consent of another, purports to act as the agent for such other is subject to liability for loss occasioned to the other by such conduct or for the value of anything belonging to the purported principal which he has improperly used."); Restatement (First) Agency, § 430 (same); Restatement (Third) Agency, § 8.02 ("An agent has a duty not to acquire a material benefit from a third party in connection with transactions conducted or other actions taken on behalf of the principal or otherwise through the agent's use of the agent's position."); Restatement (Third) Agency, § 8.09, Comment b ("If an agent takes action beyond the scope of the agent's actual authority [such as without the principal's consent] the agent is subject to liability to the principal for loss caused the principal.").

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

7

OPPOSITION TO MOTION FOR
JUDGMENT ON THE PLEADINGS
CASE NO. C07 0943 WHA

1    Likewise, in *Carpenter Foundation v. Oakes*, the California appellate court imposed an

2    agency based on defendant's actions in holding himself out as an agent and at least implicitly

3    precluded the defendant from denying the existence of the agency in order to avoid liability for

4    the claims asserted. *Carpenter Foundation*, 26 Cal. App. 3d 784, 791-92 (1972) (implied agency

5    formed through conduct of party holding himself out as agent of another); *see also Whittaker v.*

6    *Otto*, 188 Cal. App. 2d 619, 625 (1961) (by holding oneself out as an agent, a party is later

7    estopped from using anything gained thereby as against its purported principle); *see also*, CJS

8    Agency §48 (2007) (an agency by estoppel may arise even where actual authority is absent; one

9    professing to act as agent for another may be estopped to deny his or her agency both as against

10   the asserted principal and third persons interested in the transaction in which he or she engaged.)

11   PLAYERS INC mistakenly relies on authority that concerns the issue of whether an

12   agency relationship can be imposed as against a *principal* without his consent or control over the

13   agent. Motion, pp. 16-17 (*citing Nuckols v. Nuckols*, 228 Va. 25, 35 (1984) (holding that, unlike

14   here, agency would not be imputed *as against the principal* unless he consented to the formation

15   of the agency); *Giordano v. Atria Assisted Living*, 429 F. Supp. 2d 732, 737 (E.D. Va. 2006)

16   (same); *Van't Rood v. County of Santa Clara*, 113 Cal. App. 4th 549, 571 (2003) (one who

17   performs a mere favor for another is not acting as an agent); *Asante Techs, Inc. v. PMC-Sierra,*

18   *Inc.*, 164 F. Supp. 2d 1142, 1148-49 (N.D. Cal. 2001) (third party could not impose agency

19   against a principal who did not consent to its formation, and the formation of which was expressly

20   prohibited under an agreement between the parties).

21   On its face, the law cited by Defendant does not apply to self-proclaimed agents like

22   PLAYERS INC. There is no law or logic that does or should permit the self-proclaimed agent to

23   keep its ill-gotten gains by denying the very agency from which it has benefited to the detriment

24   of another.

25              b.    The Informal Confidential Relationship

26   Informal confidential relationships may give rise to fiduciary duties as well.    As one

27   California court has explained, a confidential relationship arises where:

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

8

> [C]onfidence is reposed by one person in the integrity of another, and in such a relation the party in whom the confidence is reposed, if he voluntarily accepts or assumes to accept the confidence, can take no advantage from his acts relating to the interest of the others . . . [such a] fiduciary duty is created where a person reposes trust and confidence in another and the person in whom such confidence is reposed obtains control over the other person's affairs.

*Recorded Picture Co. v. Nelson Entertainment, Inc.*, 53 Cal. App. 4th 350, 370 (1997) (*citing Lynch v. Cruttenden & Co.*, 18 Cal. App. 4th 802, 809 (1993) (emphasis added)). This type of fiduciary relationship is not based on the trust and reliance inherent in the type of relationship itself but instead is implied in law because of the factual situation surrounding the involved transaction and the relationship of the parties to each other and to the transaction. In these informal relationships, courts have found that the attachment of fiduciary obligations is not driven by title or status alone, but rather by varying factual circumstances determined through a fact-specific analysis.

For example, the Ninth Circuit Court of Appeals has held that "the existence of a fiduciary relation is a question of fact which properly should be resolved by looking to the particular facts and circumstances of the relationship at issue." *In re Daisy Sys. Corp.*, 97 F.3d 1171, 1178 (9th Cir. 1996); *see also, Kudokas v. Balkus*, 26 Cal. App. 3d 744 (1972) (the "[e]xistence of a confidential or fiduciary relationship depends on the circumstances of each case and is a question of fact for the fact trier."); *Stokes v. Henson*, 217 Cal. App. 3d 187 (1990) (inferring the existence of a fiduciary relationship between an investment advisor and his clients on the basis of the surrounding facts).

A party which holds itself out as acting on behalf of another may support the inference of a confidential relationship giving rise to fiduciary duties. *See, e.g., , Estate of Migliaccio*, 436 F. Supp. 2d 1095, 1108 (C.D. Cal. 2006) (denying motion to dismiss fiduciary duty claim because allegations that defendants held themselves out as acting in the interests of purchasers who were senior citizens were sufficient to support the inference of a confidential relationship); *In re National Western Life Ins. Deferred Annuities Litigation*, 467 F. Supp. 2d 1071, 1087 (S.D. Cal. 2006) (special relationship giving rise to fiduciary duty sufficiently pled by allegations that defendants held themselves out as financial planners who acted in the plaintiffs' best interests);

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

9

OPPOSITION TO MOTION FOR
JUDGMENT ON THE PLEADINGS
CASE NO. C07 0943 WHA

1    *Aagard v. Palomar Builders, Inc.*, 344 F. Supp. 2d 1211, 1220 (E.D. Cal. 2004) (Palomar

2    contends that inherent in the parties' relationship was Aagard's obligation to refrain from

3    claiming credit for, or ownership of, Palomar's Plans. Based upon this trust and confidence,

4    Palomar asserts that the parties maintained a fiduciary relationship. Pursuant to Fed. R. Civ P.

5    12(b)(6), the court must accept this non-conclusory allegation as true. Therefore, Palomar's

6    allegations are sufficient to support a counterclaim for breach of fiduciary duty.).

7        The essence of a fiduciary or confidential relationship is that the parties do not deal on

8    equal terms, because the person in whom trust and confidence is reposed and who accepts that

9    trust and confidence is in a superior position to exert unique influence over the dependent party.

10   *Beery v. State Bar,* 43 Cal. 3d 802, 239 Cal.Rptr. 121, 126-27 (1987); *In re Daisy Sys. Corp.*, 97

11   F.3d 1171, 1178 (9th Cir. 1996) (Even though both parties were sophisticated corporations, the

12   fact that Bear Stearns was retained to advise Daisy in a type of transaction with which Daisy had

13   no experience suggests that the requisite degree of "superiority" may have existed to support a

14   confidential relationship); *Aagard v. Palomar Builders, Inc.*, 344 F. Supp. 2d 1211 (E.D. Cal.

15   2004) (citing *Bear Stearns & Co. v. Daisy Sys. Corp.*, 97 F. 3d 1171, 1177 (9th Cir. 1996)). This

16   point was addressed in *Chou v. Univ. of Chicago,* 254 F.3d 1347, 1362-63 (Fed. Cir. 2001):

17       Chou alleged that Roizman held a position of superiority over her as her
         department chairman, and that he had specifically represented to her that he would
18       protect and give her proper credit for her research and inventions.  Given the
         disparity of their experience and roles, and Roizman's responsibility to make
19       patenting decisions regarding Chou's inventions, Chou has adequately pleaded the
         existence of circumstances that place on Roizman a fiduciary duty with respect to
20       her inventions.  Furthermore, Chou pleaded that Roizman breached that duty by
         naming himself as an inventor of her discoveries.  Resolving all inferences in favor
21       of Chou, as we must at this stage of the proceedings, we conclude that she has
         sufficiently stated a claim of breach of fiduciary duty and that the district court
22       erred in dismissing that claim.

23       By its own account, PLAYERS INC is in just such a superior position – it is the *only*

24   source for licensees to obtain retired group NFL players rights. It also is the *only* avenue through

25   which groups of retired NFL players could be compensated for their licensing rights, and its

26   creation purportedly benefited *every* retired NFL player by providing critical funding to the

27   NFLPA. Amended Complaint, ¶¶ 2, 13, and Ex. D.

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

10

1    None of PLAYERS INC's authority is contrary. *See, e.g.,* Motion, pp. 10-11. In *Friendly*

2    *Ice Cream Corp. v. Beckner,* for example, the court not only applied Virginia law (irrelevant to

3    Plaintiffs' claims), but addressed factual allegations far different from those at issue here. Unlike

4    here, the factual allegations in *Friendly* merely pointed to a commercial relationship between a

5    landlord and a lessee. *Id.*, 268 Va. 23, 34 (2004). Contrary to Plaintiffs' allegations, there was no

6    claim that the defendant landlord held herself out as acting on behalf of the plaintiff, and there

7    was also no claim that defendant was in a position of trust or confidence that would have

8    supported the existence of a "confidential relationship". *Id.* The *Friendly* holding is thus

9    inapposite to this case.

10    Similarly, in *Richelle L. v. Roman Catholic Archbishop,* the court addressed facts unlike

11    those alleged by Plaintiffs. In particular, the court found that the mere allegation defendant was a

12    member of the clergy was insufficient to support the inference of a "confidential relationship".

13    *Richelle L. v. Roman Catholic Archbishop,* 106 Cal.App.4th 257, 273 (2003) , n.6. In reaching

14    that conclusion, the *Richelle L.* court confirmed that "confidential relationships" do not fall into

15    well-defined categories of law and depend heavily on the factual circumstances of each case. *Id.*

16    Unlike here, there was no allegation in *Richelle L.* that defendant was in a unique or superior

17    position of knowledge and/or that plaintiff had no choice but to rely on him. *Id.* The *Richelle L.*

18    holding is thus inapplicable to the factual allegations at issue in the Motion.

19    Finally, the *McClung v. Smith* case offers PLAYERS INC no support. In fact, contrary to

20    PLAYERS INC's argument, the *McClung* court actually held that the allegations *were* sufficient

21    to support the inference of a fiduciary duty. *Id.*, 870 F. Supp. 1384, 1400 (E.D. Va. 1994). In

22    *McClung,* the plaintiff alleged that the defendant was a professional, far more knowledgeable

23    about financial matters than she. Like here, the plaintiff also alleged that defendant acted on her

24    behalf (or offered to act on her behalf) in dealing with financial matters, and thus the court

25    inferred a "confidential relationship" giving rise to a fiduciary duty. *Id.*

26    Furthermore, whether such a fiduciary or confidential relationship exists is typically a

27    question of fact, not properly resolved on a Motion for Judgment on the Pleadings. *See, e.g.,*

28    *Estate of Migliaccio v. Midland National Life Ins. Co.*, 436 F. Supp. 2d 1095, 1107 (C.D. Cal.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

11

OPPOSITION TO MOTION FOR
JUDGMENT ON THE PLEADINGS
CASE NO. C07 0943 WHA

1   2006); *Persson v. Smart Inventions, Inc,* 125 Cal. App. 4th 1141, 1161, 23 Cal.Rptr.3d 335, 350

2   (Cal.App. 2 Dist. 2005); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542,

3   1550 (9th Cir. 1990) (question of fact precludes the grant of judgment on the pleadings); *Holland*

4   *v. Westport Ins. Corp.*, Slip Op., 2007 WL 951826 at *4 (N.D. Cal. March 28, 2007) (same).

5       Instead of addressing the relationship as set forth in the Amended Complaint, however,

6   PLAYERS INC recasts Plaintiffs' claim as a garden-variety contractual dispute between

7   PLAYERS INC and *some* retired NFL players who signed group licensing authorizations

8   ("GLAs").    PLAYERS INC argues that Plaintiffs have failed to allege any fiduciary or

9   confidential relationship arising from a "contractual relationship" – *i.e.,* the GLA between

10  NFLPA and some retired NFL players.  Motion, pp. 8-9.  But Plaintiffs have *not* alleged a

11  fiduciary relationship arising from the GLAs, nor have they alleged that any fiduciary or special

12  relationship arises simply by virtue of a contract; Plaintiffs have carefully *avoided* making such

13  allegations because not enough is yet known about these contracts.[4]

14      Indeed, PLAYERS INC has simply created a straw man, rewriting Plaintiffs' fiduciary

15  duty allegations, and then attacking only its "contract-based" version of this claim.  PLAYERS

16  INC cannot obtain judgment as a matter of law on claims never at issue in this case. *See, e.g.,*

17  *Holland,* 2007 WL 951826 at *4 (for purposes of judgment on the pleadings, defendant cannot

18  eliminate question of fact by misrepresenting what plaintiff has actually alleged); *see also Third*

19  *Eye Blind, Inc. v. Near North Entertainment Insurance Services, LLC,* 127 Cal. App. 4th 1311,

20  1319, 1323 (Cal. App. 2005) (party is not entitled to judgment on the pleadings merely by

21  knocking down straw men arguments, while ignoring the actual legal theories alleged in the

22  complaint).

23      The GLA or lack of one does not determine the existence of a fiduciary relationship

24  between retired players and PLAYERS INC in this case, nor is that alleged.  The GLA is a

25  _____

26  [4]    For example, Gene Upshaw in his Declaration in Support of PLAYERS INC's Motion for
    Sanctions swears that Bernie Parrish never signed a GLA, which is not a true statement. *See*
27  Declaration of Bernard Paul Parrish in Support of Plaintiffs' Opposition to Defendant's Motion
    for Sanctions ¶ 8, filed concurrently herewith.

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

12

OPPOSITION TO MOTION FOR
JUDGMENT ON THE PLEADINGS
CASE NO. C07 0943 WHA

purported agreement between the NFLPA and certain players, and PLAYERS INC is not even a party to it. The very nature and existence of the standard GLA form is evidence of the dependent relationship between the retired players and PLAYERS INC, who must rely on the NFL Players Association, through its subsidiary PLAYERS INC, for the group marketing opportunities relating to their former team.[5]  The GLA is not a PLAYERS INC document and is not alleged to be the basis of the fiduciary relationship.

Indeed, the lack of a GLA with certain players for certain years has not prevented PLAYERS INC from proclaiming to the world that it represents *all* the retired players, a proclamation from which PLAYERS INC has apparently benefited as a self-professed monopolist, e.g., "PLAYERS INC licensees such as EA Sports are permitted to secure retired NFL player rights *only* from PLAYERS INC, not from any *other* source, contrary to what others may have told you." Amended Complaint, ¶¶ 2, 18, Ex. B.

Not only does the GLA not provide the nexus necessary to the relationship, but also it shows the lack of equal bargaining power and the one-sided nature of the relationship that are hallmarks of a fiduciary relationship. It promises no payment, delivers no payment to 90% of the retired players, and directs money to the NFLPA without the consent of the retired players. *See also* Amended Complaint ¶¶ 1, 3, 11-19.

### 2.    The Breaches of Duty to the Retired Players

Plaintiffs have sufficiently alleged breaches of the duties owed by PLAYERS INC:

- PLAYERS INC has revealed only sketchy and inadequate information to Plaintiffs relevant to revenues, efforts and opportunities to develop business opportunities and basic business facts -- in spite of PLAYERS INC'S complete monopoly over such information, and in spite of Plaintiffs' repeated requests for such information;

- PLAYERS INC has failed to make diligent efforts to generate revenue for Plaintiffs; almost 90% of all retired NFL players receive no money;

- PLAYERS INC has not allocated opportunities to Plaintiffs in any fair or equitable

---

[5]    Furthermore, the assertion by PLAYERS INC. that the GLAs are "non-exclusive" is evidence of the continuing  pattern of deception and abuse of retired players and is further evidence of the breach of fiduciary duty to the retired players. Although the cover letter purports to claim that the GLA is non-exclusive, the first line of the GLA "exclusively authorizes" the NFLPA to represent the retired player in an undefined "NFLPA Retired Player Licensing Program."

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

13

OPPOSITION TO MOTION FOR
JUDGMENT ON THE PLEADINGS
CASE NO. C07 0943 WHA

1    manner;

2    • On information and belief, PLAYERS INC has failed to distribute revenues to
     Plaintiffs that should have been distributed to them;

3
     • In callous disregard of the rights of retired NFL players it purports to represent,
4      PLAYERS INC has arbitrarily allocated moneys to the NFLPA, instead of distributing
       it to the players.

5
     Amended Complaint, ¶¶ 15-18. As a matter of law, these allegations support an inference that

6    PLAYERS INC breached its fiduciary duties. *See, e.g., Browning v. Yahoo! Inc.*, 2004 WL

7    2496183 at *3; *Holland*, 2007 WL 951826 at *4. PLAYERS INC's argument to the contrary

8    attacks a straw-man Complaint that bears no resemblance to the Amended Complaint.

9
         **D.    Unjust Enrichment**

10       Under California law the elements of a claim for unjust enrichment are: (1) the receipt of a

11   benefit and (2) unjust retention of the benefit at the expense of another. *San Francisco Bay Area*

12   *Rapid Transit Dist. v. Spencer*, Slip Copy, 2007 WL 81899 *1 (N.D. Cal. 2007); *Lectrodryer v.*

13   *SeoulBank*, 77 Cal. App. 4th 723, 726 (Cal. App. 2000) . Plaintiffs have alleged that:

14
     • Defendant has unjustly retained the benefit of its purported "representation" of each
15     member of the class without paying fair compensation to the plaintiffs for this benefit.
       (Amended Complaint, ¶ 37).

16
     • Plaintiffs' status as former players in the NFL has provided significant value to the
17     Defendant which benefited the Defendant, and it would be unjust to allow the
       Defendant to retain this benefit without providing compensation to the Plaintiffs.
18     (Amended Complaint, ¶ 38).

19   *See also id.*, ¶¶ 1-2, 11, 17.

20       Contrary to what Defendant has argued, California courts have routinely recognized an

21   independent claim for unjust enrichment. *See, e.g., San Francisco Bay Area Rapid Transit Dist.*

22   *v. Spencer*, Slip Copy, 2007 WL 81899 *1 (N.D. Cal. 2007) (citing *Sigma Dynamics, Inc. v. E.*

23   *Piphany, Inc.*, No. C-04-569, 2004 U.S. Dist. LEXIS 24261 at *1, *15 (N.D. Cal. May 21,

24   2004)); *see also Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723, 726 (Cal. App. 2000) (elements

25   of a claim for unjust enrichment are receipt of a benefit and unjust retention of the benefit at the

26   expense of another); *Ghirardo v. Antonioli*, 14 Cal. 4th 39, 51 (1996) (same); *Browning v. Yahoo!*

27   *Inc.*, 2004 WL 2496183 at *3 (N.D. Cal. 2004) (denying motion to dismiss because plaintiff had

28   alleged sufficient facts to support its claim for unjust enrichment).

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

14

1    PLAYERS INC cursorily argues that the Court should dismiss Plaintiffs' unjust

2  enrichment claim because "California law does not recognize an independent cause of action for

3  unjust enrichment." Motion, p. 13. But this is simply untrue.

4    Neither of the cases cited in the Motion supports dismissal of this claim. The *Melchior*

5  court dismissed an unjust enrichment claim because it was preempted by federal law, and the *City*

6  *of Oakland* court dismissed an unjust enrichment claim because the parties' written contract

7  precluded such quasi-contractual relief. *Melchior v. New Line Prods., Inc.,* 106 Cal. App. 4th

8  779, 793 (Cal. App. 2004) ("Since Melchior's cause of action for unjust enrichment has the same

9  basis as his cause of action for conversion, the Copyright Act also preempts it."); *City of Oakland*

10  *v. Comcast Corp.,* 2007 WL 518868 at *4 (N.D. Cal. Feb. 14, 2007) ("The City's claim that

11  Comcast Corp. has been unjustly enriched by receiving control of the franchise fails because

12  unjust enrichment cannot be claimed where a written contract covers the same issue."). *See also*

13  *Nordberg v. Trilegiant Corp.,* 445 F. Supp. 2d 1082, 1101 (N.D. Cal. 2006) (criticizing courts

14  that have questioned the viability of a cause of action for unjust enrichment, noting that those

15  courts have largely relied on improper, semantic arguments).

16    As a matter of law, Plaintiffs need allege nothing more to survive Defendant's Motion.

17  *See, e.g., Browning,* 2004 WL 2946183 at *3.[6]   Contrary to PLAYERS INC's suggestion,

18  Plaintiffs need not allege that *they* actually conferred the benefit for which they seek restitution.

19  *See, e.g., Lectrodryer,* 77 Cal. App. 4th at 726. In any event, Plaintiffs have alleged that by virtue

20  of their status as former NFL players, *they* conferred a benefit -- *i.e.,* a virtual monopoly on all

21  group licensing rights -- on PLAYERS INC. *See, e.g.,* Amended Complaint, ¶¶ 17, 38.

22

23

24  [6]    PLAYERS INC offers no basis for dismissal of this claim under Virginia law either. *See,*
*e.g.,* Motion, pp. 13-14 (citing *Microstrategy, Inc. v. Netsolve, Inc.,* 368 F. Supp. 2d 533, 537

25  (E.D. Va. 2005) (unlike here, the court dismissed a claim for unjust enrichment because it was
preempted by the Copyright Act); *Kang v. Roof,* 24 Va. Cir. 193 at *2 (1991) (unlike here, the

26  court dismissed an unjust enrichment claim because Plaintiff actually conceded that no benefit
had been conferred on defendants); *WRH Mortgage, Inc. v. S.A.A. Assocs.,* 214 F.3d 528, 534 (4th

27  Cir. 2000) (unlike here, the court dismissed an unjust enrichment claim because the parties'

28  written contract governed the appropriate relief)).

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

15

**E.     The Right To An Accounting**

Accounting claims are consistently recognized by California courts. *See e.g., County of Santa Clara v. Astra USA, Inc.*, 401 F. Supp. 2d 1022, 1026 (N.D. Cal. 2005) (providing overview of elements of a "claim for accounting" under California law, including an allegation that there is a balance due from defendant that can be ascertained only by an accounting); *Cruz v. United States*, 219 F. Supp. 2d 1027, 1041 (N.D. Cal. 2002) (citing 5 Witkin Cal. Procedure 4th, Pleading § 776, p. 233 (1997) ("[A]n element of a cause of action for accounting is 'a balance due from defendant to the plaintiff that can only be ascertained by an accounting.'"); 1 Cal. Jur. 3d Accounts and Accounting § 85 (2006) (to state an equitable claim for accounting, a complaint need only state facts showing the nature of the relationship that requires an accounting and that some balance is due to plaintiff).

The Amended Complaint alleges:

- on information and belief, PLAYERS INC has failed to distribute revenue that should have been distributed to Plaintiffs,

- despite repeated requests by Plaintiffs, PLAYERS INC has provided only sketchy information regarding licensing and revenue disbursements, and

- by virtue of a complete monopoly over the basic business information relevant to revenue received and/or disbursed, Plaintiffs are unable to determine the exact amount of money to which they are entitled absent an accounting.

Amended Complaint, ¶¶ 18(a), (d); 40-42 (alleging that because of PLAYERS INC's failure to provide adequate information to Plaintiffs, the exact amount of money received and distributed by PLAYERS INC in connection with the licensing and marketing of Plaintiffs is not known and cannot be ascertained without an accounting).

Plaintiffs have sufficiently stated a claim for an accounting. Such a claim is not dependent on the existence of a fiduciary relationship, contrary to Defendant's position. *See, e.g., County of Santa Clara*, 401 F. Supp. 2d at 1026; *see also Waverly Productions, Inc. v. RKO General, Inc.*, 217 Cal. App. 2d 721, 731 (1963) (right to an accounting may exist even absent a fiduciary relationship); *Civil Western Corp. v. Zila Industries, Inc.*, 66 Cal. App. 3d 1, 14 (1977) (action for accounting exists in case of fiduciary relationship or "where . . . the accounts are so

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

16

OPPOSITION TO MOTION FOR
JUDGMENT ON THE PLEADINGS
CASE NO. C07 0943 WHA

1   complicated that an ordinary legal action demanding a fixed sum is impracticable"). PLAYERS

2   INC offers no basis for dismissal of Plaintiffs' accounting claim.[7]

3   ### F.     Plaintiffs' Proposed Amendment

4       In the event the Court is inclined to grant Defendant's Motion, Plaintiffs respectfully

5   request that dismissal be without prejudice so that Plaintiffs can file a Second Amended

6   Complaint. A copy of Plaintiffs' proposed Second Amended Complaint is attached as Exhibit 3

7   to the Declaration of Ryan S. Hilbert in Opposition to Defendant's Motion for Judgment on the

8   Pleadings. Under Rule 15(a), leave to amend should be freely granted until the defendant files a

9   responsive pleading. After that point, leave to amend should be granted unless amendment would

10  cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay.

11  *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("We have stressed

12  Rule 15's policy of favoring amendments, and we have applied this policy with liberality.").

13      Plaintiffs' Second Amended Complaint seeks only to clarify and explain further the claim

14  of breach of fiduciary duty against Defendant. As detailed above, several legal theories support

15  the inference of a fiduciary duty, including agency by estoppel and/or the existence of a special or

16  confidential relationship between PLAYERS INC and the retired NFL players it putatively

17  represents. Plaintiffs' Second Amended Complaint seeks to address these theories in more detail.

18      The claim addressed in Plaintiffs' Second Amended Complaint is not new and the

19  clarifications cause no delay or prejudice to Defendant. Indeed, the Second Amended Complaint

20  comports with the federal practice of notice pleading embodied in Federal Rule of Civil

21  Procedure Rule 8(a) by giving Defendant more information concerning Plaintiffs' claim and the

22  grounds upon which it rests. Allowing the amendment also serves the interests of judicial

23  efficiency.

24

25

26  ───────────

[7]     *See* Motion, p. 14 (citing *Okura & Co. v. Careau Group*, 783 F. Supp. 482, 490 (C. D.
27  Cal. 1991) (noting in *dicta* that claim for accounting was equitable in nature and not a separate
    cause of action that would entitle plaintiff to jury trial); *Clark v. Newell*, 2005 WL 3157570, *5
28  (E.D. Va. 2005) (noting that plaintiff still had remedy for accounting even if it were not
    maintained as an independent "cause of action")).

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

17

1  **III.    CONCLUSION**

2           For the reasons stated above, Plaintiffs request that this court DENY the Motion to

3  Dismiss based on the Pleadings.  Alternatively, Plaintiffs request that this Court dismiss without

4  prejudice so that Plaintiffs can file Second Amended Complaint.

5                                          Respectfully submitted,

6

7  Dated:    May 10, 2007

8                                          Ronald S. Katz (SBN 085713)
                                           Ryan S. Hilbert (SBN 210549)
9                                          Noel S. Cohen (SBN 219645)
                                           MANATT, PHELPS & PHILLIPS, LLP
10                                         1001 Page Mill Road, Building 2
                                           Palo Alto, CA  94304-1006
11                                         Telephone:    (650) 812-1300
                                           Facsimile:    (650) 213-0260
12                                         *Attorneys for Plaintiff*

13                                         **OF COUNSEL**

14                                         Lewis T. LeClair, Esq.
                                           Jill C. Adler, Esq.
15                                         McKool Smith
                                           A Professional Corporation
16                                         300 Crescent Court
                                           Dallas, TX 75201
17                                         214-978-4984
                                           214-978-4044 (fax)

18                                         Samuel A. Mutch Esq.
                                           SAMUEL A. MUTCH, P.A.
19                                         2114 N.W. 40th Terrace, Suite A-1
                                           Gainesville, FL  32605
20                                         Telephone:    (352) 378-5599
                                           Facsimile:    (352) 378-3388

21

22

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

OPPOSITION TO MOTION FOR
JUDGMENT ON THE PLEADINGS
CASE NO. C07 0943 WHA