1   MANATT, PHELPS & PHILLIPS, LLP
    RONALD S. KATZ (Bar No. CA 085713)
2   E-mail: rkatz@manatt.com
    RYAN S. HILBERT (California Bar No. 210549)
3   E-mail: rhilbert@manatt.com
    NOEL S. COHEN (California Bar No. 219645)
4   E-mail: ncohen@manatt.com
    1001 Page Mill Road, Building 2
5   Palo Alto, CA  94304-1006
    Telephone:  (650) 812-1300
6   Facsimile:  (650) 213-0260

7   Attorneys for Plaintiffs.

8

9               UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT

11                SAN FRANCISCO DIVISION

12

13
    BERNARD PAUL PARRISH, HERBERT
14  ANTHONY ADDERLEY, and WALTER        CIVIL ACTION NO. C07 0943 WHA
    ROBERTS III, on behalf of themselves and
15  all others similarly situated,

16          Plaintiffs,                 **PLAINTIFFS' OPPOSITION TO
                                        DEFENDANT'S MOTION TO TRANSFER
17                                      VENUE**

18  NATIONAL FOOTBALL LEAGUE            Date:  Thursday, May 31, 2007
    PLAYERS INCORPORATED d/b/a          Time:  8:00 am
19  PLAYERS INC, a Virginia corporation, Judge:  Honorable William H. Alsup

20          Defendant.

21

22

23

24

25

26

27

28

MANATT, PHELPS &                                    OPPOSITION TO MOTION
PHILLIPS, LLP                                       TO TRANSFER VENUE
ATTORNEYS AT LAW                                    CASE NO. C07 0943 WHA
PALO ALTO

Dockets.Justia.com

1

**TABLE OF CONTENTS**

2

                                                                                                    **Page**

3    I.    INTRODUCTION ............................................................................................. 1

4    II.   ARGUMENT .................................................................................................... 2

      A.    Standard to Transfer Venue .................................................................. 2

5     B.    The Northern District of California is the Most Appropriate Forum .................... 3

6          1.    The Plaintiffs' Choice of Forum Is Entitled To Deference ........................ 3

7          2.    The Private Convenience Factors Favor the Northern District of
                California .................................................................................... 4

8                a.    The Northern District of California is Convenient for the
                      Witnesses .......................................................................... 4

9                b.    Sources of Proof/Location of Documents ................................. 7

10         3.    The Public Factors Favor Northern California ................................... 8

11   III.  CONCLUSION ................................................................................................ 10

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

i

OPPOSITION TO MOTION
TO TRANSFER VENUE
CASE NO. C07 0943 WHA

1

# TABLE OF AUTHORITIES

2

**Page**

3

## CASES

4

*Apex Sales Agency v. Phoenix Sintered Metals, Inc.,*
2006 WL 3022987 *2 (N.D. Ohio 2006) ............................................................ 6, 8

5

*David v. Alphin,*
2007 WL 39400, *3 (N.D. Cal. 2007)........................................................ 3, 6, 7, 8

6

*Decker Coal v. Commonwealth Edison Co.,*
805 F.2d 834 (9th Cir. 1986)...................................................................... 2, 3, 8

7

8

*DeFazio v. Hollister Employee Ownership Trust,*
406 F. Supp. 2d 1085 (E.D. Cal. 2005).......................................................... 4

9

*E. & J. Gallo Winery v. F. & P. S.p.A.,*
899 F. Supp. 465 (E.D. Cal. 1994)............................................................. 2, 7

10

*Greenwell v. Belkin,*
2006 WL 2884393 at 2 (N.D. Cal. 2006)......................................................... 8

11

12

*Hurtado v. Superior Court,*
11 Cal. 3d 574 (Cal. 1974) ......................................................................... 9

13

*Insurance Co. of North America v. Federal Express Corp.,*
189 F.3d 914 (9th Cir. 1999)........................................................................ 9

14

*Jaco Environmental Inc. v. Appliance Recycling Centers of America, Inc.,*
2007 WL 951274, *2 (N.D. Cal. 2007)......................................................... 2, 5

15

16

*Lou v. Belzberg,*
834 F.2d 730 (9th Cir. 1987)....................................................................... 3, 4

17

*Oppen v. Aetna Ins. Co.,*
485 F.2d 252 (9th Cir. 1973)....................................................................... 2, 8

18

*Piper Aircraft Co. v. Reyno,*
454 U.S. 235 (1981)................................................................................... 2

19

*Rivera v. Southern Pacific Transp. Co.,*
217 Cal. App. 3d 294 (Cal. App. 1990) ......................................................... 9

20

21

*Tropos Networks, Inc. v. IPCO, LLC,*
2006 WL 1883316 at 4 (N.D. Cal. 2006).......................................................... 8

22

*Van Dusen v. Barrack,*
376 U.S. 612 (1964)............................................................................... 1, 3

23

## STATUTES

28 U.S.C. §1404(a) .......................................................................... 1, 2, 3, 7

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

ii

OPPOSITION TO MOTION
TO TRANSFER VENUE
CASE NO. C07 0943 WHA

1    Plaintiffs BERNARD PAUL PARRISH, HERBERT ANTHONY ADDERLEY, and

2    WALTER ROBERTS III, on behalf of themselves and all others similarly situated, respond to

3    Defendant's Motion to Transfer Venue, as follows:

4    **I.    INTRODUCTION**

5    Defendant seeks a transfer of venue to either Virginia or Washington, D.C. based upon 28

6    U.S.C. §1404(a). The Supreme Court states that this section's purpose is "to prevent the waste of

7    time, energy, and money and to protect litigants, witnesses and the public against unnecessary

8    inconvenience and expense." *Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964). In this case, a

9    transfer would not serve these purposes.

10    The Northern District of California is the Plaintiffs' chosen venue, the longtime residence

11    of one of the Plaintiffs, and the location of the Plaintiffs' chosen counsel. Certain key witnesses,

12    including non-party witnesses, and evidence are located in California. California also has an

13    interest in the parties and subject matter of this lawsuit. The parties can also expect a faster

14    resolution in this forum than in the District of Columbia. For these reasons, the Northern District

15    of California should remain the venue of this action.

16    In essence, PLAYERS INC argues that because it and its parent, the NFL Players

17    Association ("NFLPA"), are both incorporated in Virginia and are each headquartered in the

18    Washington, D.C. area, one of these is a more convenient forum. But a change of venue would

19    be more convenient only for Defendant – not for the Plaintiffs or several non-party key witnesses.

20    Furthermore, PLAYERS INC fails to alert this Court to the fact that the NFLPA maintains an

21    office in this District.[1] Additionally, Defendant claims (wrongly) that this dispute is centered on

22    "alleged agreements in dispute" (presumably, the GLAs) which "would be administered" at

23    PLAYERS INC headquarters. This argument reflects a purposeful misunderstanding of the

24    nature of the lawsuit.[2] Finally, the public interest factors favor California. In short, PLAYERS

25    INC has not met its burden on this motion.

---

[1]    These two entities also share at least one member of their respective boards, Gene
Upshaw. *See* Declaration of Ryan S. Hilbert in Opposition to Motion to Transfer, Exs. 1 and 3.

[2]    *See generally,* Opposition To Motion for Judgment on the Pleadings and Opposition to

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

1

OPPOSITION TO MOTION
TO TRANSFER VENUE
CASE NO. C07 0943 WHA

1  **II.    ARGUMENT**

2      **A.    Standard to Transfer Venue**

3      As the moving party, PLAYERS INC bears the burden of a "strong showing" that the

4  inconvenience of litigating in this forum favors transfer.  The movant bears a heavy burden of

5  showing a clear balance of inconveniences to it.  Unless the balance is strongly in favor of the

6  Defendant, Plaintiffs' choice of forum should not be disturbed.  *Decker Coal v. Commonwealth*

7  *Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986); *E. & J. Gallo Winery v. F. & P. S.p.A.*, 899 F.

8  Supp. 465, 466 (E.D. Cal. 1994) (Defendant "bears a heavy burden of showing a clear balance of

9  inconveniences to it.").

10     In order for a district court to transfer an action under section 1404(a), the court must

11 make the following two findings: (1) that the transferee court is one where the action "might have

12 been brought," and (2) that the convenience of the parties and witnesses and the interest of justice

13 favor transfer.  *Jaco Environmental Inc. v. Appliance Recycling Centers of America, Inc.*, 2007

14 WL 951274, *2 (N.D. Cal. 2007).  Plaintiffs concede that this action might have been brought in

15 either Virginia or Washington, D.C.  (Likewise, PLAYERS INC has not asserted that this venue

16 is improper.)  Thus, the first prong of this standard is not in dispute.

17     The second prong of the standard, the determination of "convenience," turns on a set of

18 private and public factors averred in *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d

19 834, 843 (9th Cir. 1986) *(citing Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981)).  The

20 private factors include: (1) relative ease of access to sources of proof; (2) availability of

21 compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing

22 witnesses; (3) possibility of view of premises, if appropriate; and (4) all other practical problems

23 that make trial of a case easy, expeditious and inexpensive.   The public factors include:

24 (1) relative court congestion; (2) local interest to resolution of localized controversies at home;

25 (3) interest of having the trial of a diversity case in a forum with governing law over the action;

26

27 Motion for Rule 11 Sanctions.  Moreover, the "thrust of the dispute" (as Defendant calls it), is spread amongst the 50 states, including California, where the injuries to class members have occurred.  The locus of a tort is the place where injury takes effect.  *Oppen v. Aetna Ins. Co.*, 485

28 F.2d 252, 256 (9th Cir. 1973).

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

2

OPPOSITION TO MOTION
TO TRANSFER VENUE
CASE NO. C07 0943 WHA

1    (4) avoidance of problems with conflict of laws; and (5) unfairness of burdening citizens in an

2    unrelated forum with jury duty. *Id.* The Court must take into consideration all of the relevant

3    factors at issue in the present litigation by making an "individualized, case-by-case consideration

4    of convenience and fairness." *Van Dusen v. Barrack,* 376 U.S. 612, 622 (1964).    The

5    convenience factors must outweigh the deference given to Plaintiffs' choice of forum to warrant

6    transfer. *See Decker Coal Co.*, 805 F.2d at 843. As illustrated below, in this case these factors do

7    not favor transfer.

8            **B.    The Northern District of California is the Most Appropriate Forum**

9                 1.    The Plaintiffs' Choice of Forum Is Entitled To Deference

10    The Northern District of California is the chosen venue of the named Plaintiffs. Unless

11    the balance of the §1404(a) factors is strongly in favor of Defendant, Plaintiffs' choice of forum

12    should not be disturbed. Defendant argues that Plaintiffs' choice of forum should be given less

13    weight because Plaintiffs seek to represent a class. *See* Motion to Transfer, p. 5 (citing *David v.*

14    *Alphin*, 2007 WL 39400, *3 (N.D. Cal. 2007) and *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir.

15    1987)). But on this point, *David v. Alphin* actually stated as follows:

16        It has been said that "[p]laintiffs' choice of forum is entitled to less deference
    where, as here, the action is brought on behalf of a nationwide class. . . . Here,

17        defendants argue that David's choice of forum should not be given deference
    because as a class action, this lawsuit now includes thousands of Plaintiffs spread

18        across the country. This argument ignores the fact that the class has not yet been
    certified. If it is certified and David is appointed class representative, she would

19        still bear a great deal of responsibility. Also, these thousands of other class
    members would not need to appear in this action unless they choose to intervene.

20        Intervention would be a real possibility, but it has not occurred yet (and the
    residency of any intervenors is speculative at this stage). Accordingly, plaintiff's

21        choice of forum remains entitled to deference and weighs against transfer.

22    *David v. Alphin*, 2007 WL 39400 at *3. While *David v. Alphin* was an ERISA case which gives

23    greater deference to plaintiff's choice of forum, similarities exist. For example, in this matter, no

24    class has been certified. If it is certified, Mr. Roberts and the other named Plaintiffs will bear a

25    great deal of responsibility, and they are, therefore, entitled to their choice of forum.

26        Moreover, PLAYERS INC's other case on this point, *Lou v. Belzberg*, 834 F.2d 730, 739

27    (9th Cir. 1987), is distinguishable. In that case, the Ninth Circuit held that the plaintiff's choice is

28    accorded minimal consideration "if the operative facts have not occurred within the forum and the

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

3

OPPOSITION TO MOTION
TO TRANSFER VENUE
CASE NO. C07 0943 WHA

1  forum has no interest in the parties or subject matter." *Id.* Given that one of the Plaintiffs is a

2  resident here, and given the other Northern District of California connections described below,

3  that is clearly not the situation here.

4          2.    <u>The Private Convenience Factors Favor the Northern District of California.</u>

5        The private convenience and fairness factors, including ease of access to sources of proof,

6  relative convenience to parties, and relative convenience to witnesses favor the Northern District

7  of California.

8          a.    <u>The Northern District of California is Convenient for the Witnesses.</u>

9        Courts must consider the effect of transfer on the availability of witnesses to testify at

10 trial, particularly for third-party witnesses. *DeFazio v. Hollister Employee Ownership Trust,* 406

11 F. Supp. 2d 1085, 1090 (E.D. Cal. 2005).

12         (1)    <u>The Convenience to the Parties Favors Northern California.</u>

13       California is the residence of one named Plaintiff. Putting aside the years he spent playing

14 professional football, Walter Roberts III has been a resident of California since he was nine years

15 old. *See* Declaration of Walter Roberts III in Support of Plaintiffs' Opposition to Defendant's

16 Motion to Transfer Venue ("Roberts Decl.") ¶ 3. Mr. Roberts, who is a former California state

17 long-jump champion, attended San Jose State University from 1960 to 1964 before embarking on

18 a 7-year professional football career. *Id.* ¶ 4. Following his professional football career, Mr.

19 Roberts returned to Southern California in 1971 before moving to Northern California in 1979.

20 *Id.* ¶ 5. Mr. Roberts has resided in Northern California since 1979, and currently resides in San

21 Jose, California. *Id.* ¶ 3. Any records Mr. Roberts has in connection with this case are located in

22 San Jose. *Id.*

23       In the early 1980s, Mr. Roberts co-founded a building supplies company called JR

24 Builders Specialties, Inc., which was located on Third Avenue in San Mateo, California. Roberts

25 Decl. ¶ 5. This company was in business until the late 1980s. *Id.* Since that time, Mr. Roberts

26 has worked in various jobs throughout Northern California, including as a carrier for the San

27 Francisco Chronicle. *Id.* ¶ 6. It would be difficult for Mr. Roberts to serve as a class

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

4

OPPOSITION TO MOTION
TO TRANSFER VENUE
CASE NO. C07 0943 WHA

1    representative if this case was litigated on the East Coast because of his ties to Northern

2    California. *Id.*

3        As far as the other two named Plaintiffs are concerned, neither resides in Virginia or

4    Washington, D.C. However, both have chosen Northern California as the venue for this action

5    and, thus, their level of convenience is subsumed within that choice.

6        The convenience of Defendant's witnesses is entitled to little weight because the

7    witnesses are employees of the party seeking transfer, and the Defendant will be able to compel

8    their testimony at trial. *See Jaco Environmental Inc. v. Appliance Recycling Centers of America,*

9    *Inc.*, 2007 WL 951274 *4 (N.D. Cal. 2007) (the convenience of Defendants' party witness is

10   entitled to little weight because the witness is an employee of the party seeking transfer, and

11   Defendants will be able to compel his testimony at trial). Furthermore, the Defendant does not

12   state that it would encounter any burden by having to litigate in this forum. *See* Declaration of

13   Joe Nahra in Support of Defendant's Motion to Transfer Venue ("Nahra Decl."); Declaration of

14   Gene Upshaw in Support of Defendant's Motion to Transfer Venue ("Upshaw Decl.").

15       Defendant also neglects to mention that the NFLPA – which owns 79% of Defendant

16   PLAYERS INC (First Amended Complaint, ¶ 1) – has a West Coast  office located at 423

17   Washington Street, Suite 700 in San Francisco. *See* Declaration of Ryan S. Hilbert in Opposition

18   to Motion to Transfer ("Hilbert Decl."), Ex. 1. Moreover, Gene Upshaw is an officer of both of

19   these entities:   Mr. Upshaw is the Executive Director of the NFLPA and the Chairman of

20   PLAYERS INC. *See* Hilbert Decl. Exs. 1 and 3.

21       It is also worth noting that Plaintiffs' choice of class counsel, Ronald Katz and Manatt,

22   Phelps and Phillips, LLP are located in nearby Palo Alto, California. Because of Plaintiffs'

23   counsel's proximity to this Court, a significant amount of time and expense would be eliminated

24   for Plaintiffs. Each of the law firms representing Defendant also has offices located in Northern

25   California, and lawyers from those offices have appeared in this matter.

26                (2)    California is Also Convenient for Third Party Witnesses.

27       California is the residence of several key non-party witnesses, whose testimony is

28   anticipated. For example, Plaintiffs have reason to believe that two key witnesses, Doug Allen

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

5

OPPOSITION TO MOTION
TO TRANSFER VENUE
CASE NO. C07 0943 WHA

1  and Pat Allen, the former President and Executive Vice President of PLAYERS INC,

2  respectively, reside in California. *See* Hilbert Decl. ¶ 4. In addition, Howard Skall, a former VP

3  for PLAYERS INC, is currently employed by Creative Artists Agency, which is headquartered at

4  2000 Avenue of the Stars, Los Angeles, CA 90067. *See id.* ¶ 5. Plaintiffs have alleged that each

5  of these individuals resigned from Defendant in 2006 after the United States Department of Labor

6  imposed new, more stringent disclosure requirements on the NFLPA. First Amended Complaint,

7  ¶¶ 11, 18. Testimony from each of these non-party witnesses is necessary and significant to this

8  matter.

9      Northern California (Redwood City) also is the headquarters of Electronic Arts, which is

10  believed to be one of the largest licensees – if not *the* largest licensee – of Defendant PLAYERS

11  INC.[3] The LM-2 Form filed in 2006 by the NFLPA states that Electronic Arts paid the NFLPA

12  $33,487,103 in 2005 alone. *See* Hilbert Decl. ¶ 6.

13      PLAYERS INC argues that "if the parties wish to obtain evidence from the NFLPA,

14  former employees of Players Inc. and any other third parties, the chosen forum would be

15  inconvenient." *See* Motion to Transfer, p. 6 (citing *David v. Alphin,* 2007 WL 39400, at *4).[4]

16  But this argument is unsupported.

17      Although the NFLPA is not a party to this lawsuit, it is closely related to Defendant.

18  When faced with a similar situation, at least one court has determined that this fact weighs against

19  a transfer of venue. In *Apex Sales Agency v. Phoenix Sintered Metals, Inc.,* 2006 WL 3022987 *2

20  (N.D. Ohio 2006), the Court said:

21          Defendants argue that the action would be more convenient in the Western District
            of Pennsylvania because only one party, Plaintiff, resided in Ohio, while Defendant
22          companies are both Pennsylvania corporations and the individual defendants reside
            in Pennsylvania. Defendants are related entities and individuals with aligned
23          interests, however, and, thus, cannot assert that they are truly multiple parties for
            purposes of a transfer analysis. This is not a case, for instance, where a single
24          plaintiff has sued many otherwise unrelated entities and charged them with parallel
            or similar conduct. As such, this Court finds that a transfer of venue would merely
25

26  ---
    [3]     Because of various group licensing deals around the country, however, it is likely that
    non-party witnesses and documentary evidence will be sought from numerous districts.
27
    [4]     In *David v. Alphin*, the court granted transfer only after finding that "the large number of
28  witnesses and parties located in North Carolina favors transfer," a situation that is inapposite here.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO                                          6                      OPPOSITION TO MOTION
                                                                          TO TRANSFER VENUE
                                                                          CASE NO. C07 0943 WHA

1   shift the burden of inconvenience, vis-a-vis the parties, from one group of aligned
2   Defendants to Plaintiff. That is not the result that Section 1404(a) was intended to
    promote.

3   PLAYERS INC fails to specifically identify any other third party witnesses or testimony

4   that would be adversely affected by a California venue. *See* Nahra Decl. and Upshaw Decl. In *E.*

5   *& J. Gallo Winery v. F. & P. S.p.A.*, 899 F. Supp. 465, 466 (E.D. Cal. 1994), the court noted that

6   to meet the burden on a Motion to Transfer under §1404(a), affidavits or declarations are required

7   to identify key witnesses and a generalized statement of their anticipated testimony. Because the

8   defendant in *E. & J. Gallo Winery* mentioned only the potential for testimony by retailers who

9   purchased defendant's rice in the Los Angeles area, but failed to identify specific witnesses and

10  their anticipated testimony, the court denied the motion to transfer. *Id.*    Without such

11  information, the court stated "it is difficult to evaluate the role of these witnesses and realize the

12  impact of a venue change on their function." *Id.*  Likewise, other than the NFLPA, Defendant has

13  failed to identify specific third-party witnesses or anticipated testimony.[5]  Once again, this factor

14  does not warrant transfer.

15                                 b.      Sources of Proof/Location of Documents

16  There is no single location that would provide the easiest access to all of the relevant

17  evidence. Plaintiffs will likely have proof located in various jurisdictions. Furthermore, sources

18  of proof obtained from Electronic Arts and possibly other non-party witnesses will be available in

19  this District.

20  Defendant claims that "the vast majority of PLAYERS INC's staff and all relevant

21  documents and files" are in the Washington, D.C. area, but technological advances virtually

22  eliminate this burden, of which Defendant has presented no evidence. *See* Nahra Decl. and

23  Upshaw Decl. In *David v. Alphin,* 2007 WL 39400 (N.D. Cal. 2007), the court said:

24

25  [5]    PLAYERS INC also claims that "Plaintiffs have not identified any third party witnesses
26  that are located in their chosen district." Motion to Transfer, p. 6. This statement is inapt,
    because it is the Defendant which has the burden of proof on this Motion. In any event, Plaintiff
27  has certainly identified third-party witnesses that are located in this district, including the NFLPA
    and Electronic Arts.
28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

7

OPPOSITION TO MOTION
TO TRANSFER VENUE
CASE NO. C07 0943 WHA

1

> With technological advances in document storage and retrieval, transporting
> documents does not generally create a burden. Defendants argue that most of the
> evidence related to Plaintiffs' claims, specifically documents related to
> administration of the plans, is located in Charlotte, North Carolina. Defendants do
> not contend that transporting documents would cause them hardship, so this factor
> does not favor transfer.

*Id.* at 3; *see also, Apex Sales Agency v. Phoenix Sintered Metals, Inc.* 2006 WL 3022987 *3 (N.D. Ohio 2006) (the location of documentary evidence is only a minor consideration because documents can "easily be sent by mail, copied, or even faxed" to another location). PLAYERS INC has not contended that transporting documents would cause hardship, so this factor does not favor transfer.[6]

As demonstrated above, the private convenience factors do not warrant transfer. Even assuming inconvenience for PLAYERS INC, at best, a transfer "would merely shift rather than eliminate the inconvenience." *Decker Coal Co.*, 805 F.2d at 843.

### 3. The Public Factors Favor Northern California.

The public factors favor California as well. Specifically, the factors of relative court congestion; local interest; choice of law, and unfairness of burdening citizens favor California. The "thrust of the dispute," as Defendant calls it, is not altogether centered on its Washington D.C. office; instead, the locus of the dispute is likely spread amongst the 50 states, including California, where the injuries to class members have occurred. *See Oppen v. Aetna Ins. Co.*, 485 F.2d 252, 256 (9th Cir. 1973) ("The locus of a tort is the place where injury takes effect."). Until a class is certified, the situs of injury is in California (as well as Florida and New Jersey).

---

[6]    PLAYERS INC also relies on *Tropos Networks, Inc. v. IPCO, LLC*, 2006 WL 1883316 at 4 (N.D. Cal. 2006) and *Greenwell v. Belkin*, 2006 WL 2884393 at 2 (N.D. Cal. 2006) for the proposition that access to its own records is a consideration. While this may be true as a general proposition, *Tropos Networks, Inc.* actually held that where sources of proof derive from both fora, this factor is determined to be "neutral" in evaluating a motion to transfer. *See Tropos Networks, Inc. v. IPCO, LLC*, 2006 WL 1883316 at 4. In *Greenwell v. Belkin*, the court transferred venue where there was an identical, earlier-filed action pending in the transferee district and the plaintiff filed no objection to the Motion to Transfer Venue. *Greenwell v. Belkin*, 2006 WL 2884393.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

8

OPPOSITION TO MOTION
TO TRANSFER VENUE
CASE NO. C07 0943 WHA

1   Furthermore, California law presumptively applies to this dispute.[7]  In short, these factors do not

2   favor transfer.

3          Secondly, PLAYERS INC seeks a transfer to the Eastern District of Virginia, in great part

4   due to its "rocket docket".  But despite the historically fast resolution of cases in the Eastern

5   District of Virginia, that district has no particular interest in this dispute, other than the fact that

6   the Defendant and its parent are incorporated in Virginia.  As explained above, PLAYERS INC

7   has not shown that Virginia is particularly convenient to the Plaintiffs or other key non-party

8   witnesses.

9          Between this District and the District of Columbia, this District historically resolves cases

10  faster.  *See* Hilbert Decl., Ex. 2  The median time interval in months for trial in this district is 27.5

11  months.  The median time interval for trial in the District of Columbia is 34.5 months.  As above,

12  this factor does not favor transfer.

13         In sum, neither the private nor public "convenience" factors provide enough support for

14  transfer of the California action to Virginia or Washington, D.C.  The Defendant has not met its

15  burden on this Motion.

16

17

18

19

20

21

---

22   [7]     It is well-settled that California courts apply a "governmental interest" approach to
resolution of conflict of law issues. *Hurtado v. Superior Court,* 11 Cal. 3d 574, 579 (Cal. 1974).
23   Under such an approach, a court must first determine if a true conflict between two states' laws
exist. *Id.*, 11 Cal. 3d at 579.  If so, it will then analyze the respective interests of the states
24   involved and determine which has an overriding interest in having its law applied. *Id.*  However,
if no true conflict exists, a forum is "entitled to apply its own law." *Insurance Co. of North*
25   *America v. Federal Express Corp.*, 189 F.3d 914, 921 (9th Cir. 1999) (*citing Rivera v. Southern*
*Pacific Transp. Co.*, 217 Cal. App. 3d 294, 299 (Cal. App. 1990)).  PLAYERS INC concedes that
26   no true conflict exists between California and Virginia; in fact, it admits that the laws of both
states are "substantially the same". *See* Defendant's Motion for Judgment on the Pleadings, p. 6,
27   n. 5.  Thus, by PLAYERS INC's own argument, California law governs the resolution of this
28   matter.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

9

OPPOSITION TO MOTION
TO TRANSFER VENUE
CASE NO. C07 0943 WHA

1

## III.    CONCLUSION

2      For the foregoing reasons, Plaintiffs respectfully request that Defendant's Motion to

3   Transfer Venue be DENIED.

4                                          Respectfully submitted,

5

6   Dated:    May 10, 2007                 _Rya S. Hilber_
                                           Ronald S. Katz (SBN 085713)
7                                          Ryan S. Hilbert (SBN 210549)
                                           Noel S. Cohen (SBN 219645)
8                                          MANATT, PHELPS & PHILLIPS, LLP
                                           1001 Page Mill Road, Building 2
9                                          Palo Alto, CA 94304-1006
                                           Telephone:    (650) 812-1300
10                                         Facsimile:    (650) 213-0260
                                           *Attorneys for Plaintiff*
11
                                           **OF COUNSEL**
12
                                           Lewis T. LeClair, Esq.
13                                         Jill C. Adler, Esq.
                                           McKool Smith
14                                         A Professional Corporation
                                           300 Crescent Court
15                                         Dallas, TX 75201
                                           214-978-4984
16                                         214-978-4044 (fax)

17                                         Samuel A. Mutch Esq.
                                           SAMUEL A. MUTCH, P.A.
18                                         2114 N.W. 40th Terrace, Suite A-1
                                           Gainesville, FL 32605
19                                         Telephone:    (352) 378-5599
                                           Facsimile:    (352) 378-3388
20

21

22

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

10

OPPOSITION TO MOTION
TO TRANSFER VENUE
CASE NO. C07 0943 WHA