1   MANATT, PHELPS & PHILLIPS, LLP
    RONALD S. KATZ (Bar No. CA 085713)
2   E-mail: rkatz@manatt.com
    RYAN S. HILBERT (California Bar No. 210549)
3   E-mail: rhilbert@manatt.com
    NOEL S. COHEN (California Bar No. 219645)
4   E-mail: ncohen@manatt.com
    1001 Page Mill Road, Building 2
5   Palo Alto, CA  94304-1006
    Telephone:  (650) 812-1300
6   Facsimile:  (650) 213-0260

7   Attorneys for Plaintiffs.

8

9                    UNITED STATES DISTRICT COURT

10                        NORTHERN DISTRICT

11                     SAN FRANCISCO DIVISION

12

13
    BERNARD PAUL PARRISH, HERBERT
14  ANTHONY ADDERLEY, and WALTER          CIVIL ACTION NO. C07 0943 WHA
    ROBERTS III, on behalf of themselves and
15  all others similarly situated,

16              Plaintiffs,                **PLAINTIFFS' OPPOSITION TO
                                           DEFENDANT'S MOTION FOR SANCTIONS**
17
                                           Date:  Thursday, May 31, 2007
18  NATIONAL FOOTBALL LEAGUE               Time:  8:00 am
    PLAYERS INCORPORATED d/b/a             Judge:  Honorable William H. Alsup
19  PLAYERS INC, a Virginia corporation,

20              Defendant.

21

22         Plaintiffs BERNARD PAUL PARRISH, HERBERT ANTHONY ADDERLEY, and

23  WALTER ROBERTS III, on behalf of themselves and all others similarly situated, respond to

24  Defendant's ("PLAYERS INC'S") Motion for Sanctions as follows:

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

OPPOSITION TO
MOTION FOR SANCTIONS
CASE NO. 07-0943 WHA

Dockets.Justia.com

# TABLE OF CONTENTS

Page

I.      INTRODUCTION ............................................................................................................. 1

II.     RELEVANT STANDARDS.............................................................................................. 2

III.    PLAINTIFFS' CLAIMS ARE WELL-GROUNDED IN FACT AND LAW ................... 4

        A.    Plaintiffs' Claims Are Not Factually Frivolous ...................................................... 6

        B.    Plaintiffs' Claims Are Not Legally Frivolous ........................................................ 8

              1.    As the self proclaimed agent of all retired NFL players, PLAYERS INC was obligated to act as a fiduciary ........................................................ 8

              2.    PLAYERS INC put itself in a special position of confidence and trust with retired NFL players giving rise to a fiduciary duty.................. 10

        C.    PLAYERS INC Concedes That Plaintiffs' Claim Is Not Frivolous ..................... 12

IV.     PLAYERS INC IS NOT ENTITLED TO SANCTIONS BASED ON AN "IMPROPER PURPOSE" BY PLAINTIFFS AND/OR THEIR COUNSEL ................. 12

        A.    Neither Plaintiffs Nor Their Counsel Are Subject To Sanctions For An "Improper Purpose" In Filing A Non-Frivolous Lawsuit ..................................... 13

        B.    PLAYERS INC Offers No Evidence Of Improper Purpose On The Part Of Plaintiffs Or Their Counsel .................................................................................. 13

V.      PLAYERS INC OFFERS NO BASIS FOR IMPOSITION OF MONETARY SANCTIONS BASED ON ONLY A PORTION OF PLAINTIFFS' AMENDED COMPLAINT ............................................................................................................... 16

VI.     THE COURT SHOULD DECLINE TO IMPOSE SANCTION UNDER ANY OTHER GROUND .......................................................................................................... 17

VII.    CONCLUSION ............................................................................................................... 19

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

i

OPPOSITION TO
MOTION FOR SANCTIONS -
CASE NO. 07-0943 WHA

1

**TABLE OF AUTHORITIES**

2

Page

3

**CASES**

4
*Agard v. Palomar Builders, INC,*
    344 F. Supp. 2d 1209 (E.D. Cal. 2004)..................................................................................... 11

5
*Antonious v. Spalding & Evenflo Cos., INC,*
    281 F.3d 1258 (Fed. Cir. 2002)................................................................................................. 14

6

7
*Barber v. Miller,*
    146 F.3d 707 (9th Cir. 1998).................................................................................................... 17

8
*Bear Stearns & Co. v. Daisy Sys. Corp.,*
    97 F. 3d 1171 (9th Cir. 1996)................................................................................................... 11

9
*Beck v. Wecht,*
    28 Cal. App. 4th 289 (2002)....................................................................................................... 8

10
*Beery v. State Bar,*
    43 Cal. 3d 802 (1987) ............................................................................................................... 11

11

12
*Borders Online, LLC v. State Board of Equalization,*
    129 Cal. App. 4th 1179 (2005).................................................................................................... 8

13
*Bryant v. Brooklyn Barbecue Corp.,*
    932 F.2d 697 (8th Cir. 1991)..................................................................................................... 13

14
*California Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.,*
    818 F.2d 1466 (9th Cir. 1987), *cert. denied,* 108 S.Ct. 698 (1988)........................................... 2

15
*Christian v. Mattel,*
    286 F.3d 1118 (9th Cir. 2002)................................................................................................... 14

16

17
*DeMarco v. Depotech Corp.,*
    131 F. Supp. 2d 1185 (S.D. Cal. 2001).................................................................................. 6, 7

18
*Estate of Migliaccio,*
    436 F. Supp. 2d at 1108 ........................................................................................................... 11

19
*Golden Eagle Distributing Corp. v. Burroughs Corp.,*
    801 F.2d 1531 (9th Cir. 1986)................................................................................................ 3, 4

20
*Greenburg v. Sala,*
    822 F.2d 882 (9th Cir. 1987).................................................................................................. 3, 7

21

22
*Harara v. Conoco Phillips Co.,*
    2005 WL 240773 (N.D. Cal. 2005)............................................................................................ 3

23
*Himaka v. Buddhist Churches of America,*
    919 F. Supp. 332 (9th Cir. 1995) ....................................................................................... 10, 12

24
*Holland,*
    2007 WL 951826 ........................................................................................................................ 5

25
*Hudson v. Moore Business Forms, Inc.,*
    836 F.2d 1157 (9th Cir. 1987).................................................................................................. 3, 4

26

27
*In re Daisy Sys. Corp.,*
    97 F.3d 1171 (9th Cir. 1996).................................................................................................. 8, 11

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

ii

OPPOSITION TO
MOTION FOR SANCTIONS -
CASE NO. 07-0943 WHA

1

**TABLE OF AUTHORITIES**
(continued)

2

Page

3    *In re Keegan Management Co. Securities Litigation,*
     78 F.3d 431 (9th Cir. 1996)............................................................................ 17

4    *In re National Western Life Ins. Deferred Annuities Litigation,*
5        467 F. Supp. 2d 1071 (S.D. Cal. 2006) ......................................................... 11

     *In re U.S. Grant Hotel Association, Ltd. Securities Litigation,*
6        740 F. Supp. 1460 (S.D. Cal. 1990).............................................................. 3, 5

7    *Intamin Ltd. v. Magnetar Technologies, Corp.,*
         ___ F.3d ___, 2007 WL 1138489 (Fed. (Cal.) April 18, 2007)......................... 4

8    *Jensen Elec. Co. v. Moore, Caldwell, Rowland & Dodd, Inc.,*
         873 F.2d 1327 (9th Cir. 1989).................................................................. passim

9    *Jensen v. Stangel,*
10       762 F.2d 815 (9th Cir. 1985)............................................................................ 5

     *Khan v. Park Capital Securities, LLC,*
11       2004 WL 1753385 (N.D. Cal. 2004)................................................................. 7

12   *Kudokas v. Balkus,*
         26 Cal.App.3d 744 (1972)............................................................................... 11

13   *Lloyd v. Schlag,*
         884 F.2d 409 (9th Cir. 1989)........................................................................... 17
14
     *Lynch v. Cruttenden & Co.,*
15       18 Cal. App. 4th 802 (1993)............................................................................ 11

16   *Michelson v. Hamada,*
         29 Cal. App. 4th 1566 (1994)............................................................................ 8

17   *Operating Eng'r Pension Trust v. A-C Co.,*
         849 F.2d 1336 (9th Cir. 1988)........................................................................ 1, 2

18   *Patterson v. Aiken,*
         841 F.2d 386 (11th Cir. 1988)......................................................................... 17
19
     *People v. Cobler,*
20       108 Cal. 541 (1895) ......................................................................................... 10

21   *People v. Oldham,*
         111 Cal. 648 (1896) ......................................................................................... 10

22   *People v. Robertson*
         6 Cal. App. 514 (1907).................................................................................... 10

23   *People v. Royce,*
         106 Cal. 187 (1894) ......................................................................................... 10
24
     *People v. Treadwell,*
25       69 Cal. 22 (1986) ............................................................................................ 10

26   *Pollack v. Lytle,*
         120 Cal. App. 3d 931 (1981)............................................................................. 8

27   *Recorded Picture Co. v. Nelson Entertainment, Inc.,*
         53 Cal. App. 4th 350 (1997)............................................................................ 11

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

iii

1

**TABLE OF AUTHORITIES**
**(continued)**

2

Page

3   *Sebastian Int'l, Inc. v. Long's Drug Stores Corp.,*
    1993 WL 733844 (C.D. Cal. 1993)........................................................................ 5

4   *Stitt v. Williams,*
5       919 F.2d 516 (9th Cir. 1990)............................................................................. 3

    *Stokes v. Henson,*
6       217 Cal.App.3d 187 (1990)............................................................................ 11

7   *Sussman v. Bank of Israel,*
        56 F.3d 450 (2nd Cir. 1995)............................................................................ 4

8   *The WU Group v. Synopsys, Inc.,*
        2005 WL 1926629 (N.D. Cal. 2005)............................................................ 7, 15

9   *Third Eye Blind, Inc. v. Near North Entertainment Insurance Services, LLC,*
10      127 Cal. App. 4th 1311 (Cal. App. 2005) ...................................................... 5

    *Townsend v. Holman Consulting Corp.,*
11      929 F.2d 1358 (9th Cir. 1990)............................................................. 4, 13, 15, 16

12  *Warren v. City of Carlsbad,*
        58 F.3d 439 (9th Cir. 1995)......................................................................... 5, 10

13  *Westlake North Property Owners v. Thousand Oaks,*
        915 F.2d 1301 (9th Cir. 1990)........................................................................ 13

14  *Whitehead v. Food Max of Miss., Inc.,*
15      332 F.3d 796 (5th Cir. 2003).......................................................................... 13

    *Zaldivar v. City of Los Angeles,*
16      780 F.2d 823 (9th Cir. 1986)................................................................... passim

17

**STATUTES**

    28 U.S.C. § 1927.................................................................................................... 17

18  Fed.R.Civ.P. 11 ................................................................................................. passim

19  Fed.R.Civ.P. 11(b) ............................................................................................... 1, 7

20  Fed.R.Civ.P. 12 ..................................................................................................... 17

    Fed.R.Civ.P. 12(c).................................................................................................. 17

21

**OTHER AUTHORITIES**

22  Alan Schwarz, *2 Former NFL Players Sue Over Sharing of Fees,* N.Y. Times, Feb.
        15, 2007 at D2 .............................................................................................. 14

23  C.J.S. Agency § 43 .................................................................................................. 8

24  C.J.S. Agency § 47 .................................................................................................. 8

25  Cal. Jur., Agency, § 11 ........................................................................................... 8

    Daniel Kaplan, *Retired NFLers Delay Announcement of Group,* Sports Bus. J.,
26      Mar. 5-11, 2007 at 8 ..................................................................................... 14

27  Restatement (First) Agency, § 15, Comment d (1933) ........................................... 9

    Restatement (First) Agency, § 430........................................................................... 9

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

iv

OPPOSITION TO
MOTION FOR SANCTIONS -
CASE NO. 07-0943 WHA

1

**TABLE OF AUTHORITIES**
(continued)

2
                                                                                                    **Page**

3   Restatement (Second) Agency, § 15, Comment e (1958) ................................................................. 9

4   Restatement (Second) Agency, § 430 ............................................................................................. 9

    Restatement (Third) Agency, § 8.02 ............................................................................................... 9

5   Restatement (Third) Agency, § 8.09, Comment b ......................................................................... 9

6   Restatement (Third) of Agency, § 1.01, Comment c (2006) .......................................................... 9

7   Restatement (Third) of Agency, § 1.01, Comment d (2006) .......................................................... 9

    Restatement (Third) of Agency, § 3.05, Comment c (2006) .......................................................... 9

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

v

OPPOSITION TO
MOTION FOR SANCTIONS -
CASE NO. 07-0943 WHA

# I.    INTRODUCTION

Rule 11 sanctions are improper and unwarranted. Rule 11 sanctions are an extreme remedy reserved "for the rare and exceptional case" where the action is clearly frivolous and/or brought for an improper purpose, neither of which apply in this case. *See, e.g.,* Fed.R.Civ.P. 11(b); *see also Operating Eng'r Pension Trust v. A-C Co.,* 849 F.2d 1336, 1344 (9th Cir. 1988).

In fact, Plaintiffs' claims for breach of fiduciary duty, unjust enrichment and accounting are well-grounded in both fact and law. The claims are supported by facts discovered after diligent investigation by Plaintiffs and their counsel -- drawn primarily from PLAYERS INC's own statements and documents -- and corroborated by third party sources. *See, e.g.,* Opposition to PLAYERS INC's Motion for Judgment on the Pleadings ("Opposition to the JOP"), 2, 4-5. As a matter of law, these factual allegations offer more than sufficient evidentiary support for the claims alleged in the Amended Complaint.[1] The claims are not even subject to dismissal—let alone, sanctionable.

PLAYERS INC premises its motion on a case that Plaintiffs have not alleged -- a garden-variety contract dispute that is not at issue in this case.[2] Furthermore, PLAYERS INC attacks only one of the claims, breach of fiduciary duty, as frivolous. But the breach of fiduciary duty claim is based on PLAYERS INC's own purported representation of all retired NFL players, and its unique position of confidence, trust and reliance with these retired players. This legal theory is reported in the Restatement of Agency, which makes a Rule 11 attack on it frivolous. The other claims brought by Plaintiffs (for unjust enrichment and an accounting) have not been attacked in the Rule 11 Motion.

---

[1]    Indeed, PLAYERS INC has acknowledged the veracity of Plaintiffs' claims by changing its website from stating that it represents "over 3000 retired players" to stating that it represents "many memorable retired players." Declaration of Ryan S. Hilbert in Opposition to Motion for Sanctions ("Hilbert Decl.") Exs. 1 and 2.

[2]    According to PLAYERS INC, because two of the three Plaintiffs had no contractual relationship with it (through a group licensing agreement or "GLA"), their breach of fiduciary claims are "clearly baseless." Motion, 6-10. However, as detailed below, whether the named Plaintiffs had a contractual relationship with PLAYERS INC is irrelevant to the claims at issue here.

1       PLAYERS INC's request for sanctions based on the so-called "improper purpose" of

2   Plaintiffs and their counsel is even more flawed. Under relevant Ninth Circuit law, neither

3   Plaintiffs nor their counsel can be sanctioned for acting with an "improper purpose" unless

4   PLAYERS INC first establishes that the Amended Complaint is factually and legally frivolous.

5   PLAYERS INC cannot satisfy this standard and, for this reason alone, sanctions on this ground

6   would be improper.

7       In any event, PLAYERS INC cannot establish that Plaintiffs or their counsel acted with an

8   improper purpose. Absent admissible evidence or legal authority, PLAYERS INC asserts that

9   Plaintiffs' lawsuit is harassing and that publicity regarding this suit is somehow illicit. Even

10  assuming that out-of-court statements made by Plaintiffs or their counsel were subject to

11  sanctions under Rule 11, PLAYERS INC has not shown that the statements were part of a pattern

12  of harassing or vexatious behavior, cannot prove that the lawsuit is frivolous or a mere "fishing

13  expedition," and cannot dispute that its own documents and actions provide the basis for these

14  challenged statements. PLAYERS INC's desire to suppress criticism aimed at its unfair business

15  practices does not justify sanctions under Rule 11, or on any other ground. Indeed, this Motion is

16  simply more evidence of its heavy-handedness against those that it purports to represent, the

17  retired players.

18  **II.     RELEVANT STANDARDS**

19      Rule 11 is a drastic measure, employed only in ". . . the rare and exceptional case where

20  the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an

21  improper purpose." *See, e.g., Operating Eng'r Pension Trust,* 849 F.2d at 1344 (9th Cir. 1988));

22  *see also Jensen Elec. Co. v. Moore, Caldwell, Rowland & Dodd, Inc.,* 873 F.2d 1327, 1330 (9th

23  Cir. 1989) (citing, *inter alia, California Architectural Bldg. Prods., Inc. v. Franciscan Ceramics,*

24  *Inc.,* 818 F.2d 1466, 1472 (9th Cir. 1987), *cert. denied,* 108 S.Ct. 698 (1988) (to warrant

25  sanctions under Rule 11, a complaint must be objectively "baseless" and entirely lacking in

26  plausibility)).

27      For purposes of Rule 11, an action is frivolous only if, under an objective standard, a

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

2

OPPOSITION TO
MOTION FOR SANCTIONS
CASE NO. 07-0943 WHA

1  "competent attorney, after reasonable inquiry[3], could not form a reasonable belief that the [action]

2  was well-founded in fact." *See, e.g., Jensen,* 873 F.2d at 1329; *see also Greenburg v. Sala,* 822

3  F.2d 882, 887 (9th Cir. 1987) ("[W]e are reluctant to impose sanctions for factual errors,

4  especially errors in papers filed before an opportunity for discovery, if the litigant has conducted

5  a reasonable inquiry into the fact.").

6      The key question in assessing whether a complaint is without legal foundation is whether

7  it states an *arguable* claim for relief – not whether the plaintiff is actually correct in his or her

8  perception of the law. *See, e.g., Jensen,* 873 F.2d at 1329; *see also Zaldivar v. City of Los*

9  *Angeles,* 780 F.2d 823, 832 (9th Cir. 1986). As explained by the Advisory Committee:

10      [Rule 11] is not intended to chill an attorney's enthusiasm or creativity in pursuing
       factual or legal theories. The court is expected to avoid using the wisdom of
11      hindsight and should test the signer's conduct by inquiring what was reasonable to
       believe at the time the pleading . . . was submitted.

12

13  *Greenburg,* 822 F.2d at 887 (citing Fed. R. Civ. P. 11, Advisory Comm. Notes, 1983 am.)

14      In considering a Rule 11 Motion, courts do not examine the complaint in the same manner

15  as a court considering a Motion to Dismiss or a Motion for Summary Judgment because ultimate

16  failure on the merits is irrelevant to a sanctions request. *See, e.g., Hudson v. Moore Business*

17  *Forms, Inc.,* 836 F.2d 1157, 1159 (9th Cir. 1987) (*citing Golden Eagle Distributing Corp. v.*

18  *Burroughs Corp.,* 801 F.2d 1531, 1538 (9th Cir. 1986); *In re U.S. Grant Hotel Association, Ltd.*

19  *Securities Litigation,* 740 F. Supp. 1460, 1468 (S.D. Cal. 1990) (although court dismissed breach

20  of fiduciary duty claim with prejudice for failure to allege facts or theory which would establish

21  existence of fiduciary relationship court denied Rule 11 Motion for sanctions); *Stitt v. Williams,*

22  919 F.2d 516, 527 (9th Cir. 1990) (even if evidence would be insufficient to withstand summary

23  judgment, that fact does not establish that a pleading is unfounded or frivolous for purposes of

24  Rule 11); *see also Harara v. Conoco Phillips Co.,* 2005 WL 240773, *1 (N.D. Cal. 2005) (Rule

25  11 should not be used to raise issues as to the legal sufficiency of a claim or defense that more

26  appropriately should be resolved on a motion to dismiss or at trial).

27

28  ———
    [3]    For evidence of reasonable inquiry, *see* the Declaration of Ronald S. Katz filed in support
    of Plaintiffs' Motion to Appoint Manatt, Phelps & Phillips, LLP as Interim Class Counsel ¶¶ 4-6.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

3

OPPOSITION TO
MOTION FOR SANCTIONS
CASE NO. 07-0943 WHA

1    Under Ninth Circuit law, sanctions for filing with an "improper purpose" will be imposed

2    only if the movant first establishes that the complaint is frivolous, and then offers proof of

3    improper motive. *See, e.g., Intamin Ltd. v. Magnetar Technologies, Corp.,* 2007 WL 1138489

4    (Fed. (Cal.) April 18, 2007) (citing *Townsend v. Holman Consulting Corp.,* 929 F.2d 1358, 1362

5    (9th Cir. 1990) (en banc)). Thus, a party cannot be sanctioned for acting with an "improper

6    purpose" in filing a non-frivolous complaint, even if one of the subjective purposes in filing that

7    complaint was to generate publicity damaging to the defendant. *Townsend,* 929 F.2d at 1362

8    (citing *Zaldivar,* 80 F.2d at 832); *see also Sussman v. Bank of Israel,* 56 F.3d 450, 459 (2nd Cir.

9    1995).

10   **III.    PLAINTIFFS' CLAIMS ARE WELL-GROUNDED IN FACT AND LAW**

11   PLAYERS INC argues that because neither Parrish nor Roberts executed Group Licensing

12   Authorizations ("GLAs"),[4] their breach of fiduciary duty claim is "clearly frivolous" and

13   therefore sanctionable under Rule 11. Motion, pp. 8-10.[5] PLAYERS INC's does not (and

14   cannot) establish that Plaintiffs' claim is "clearly frivolous."

15   As it did in seeking dismissal of Plaintiffs' claims, PLAYERS INC has mischaracterized

16   the nature of Plaintiffs' fiduciary duty claim. *See, e.g.,* Opposition to JOP, 12-13. According to

17   PLAYERS INC, Plaintiffs' breach of fiduciary claim is a garden-variety contractual dispute

18

---

19   [4]    PLAYERS INC is incorrect when it states that Parrish never executed a GLA. Parrish
executed at least two. *See* Declaration of Bernard Paul Parrish in Opposition to Motion for
20   Sanction ("Parrish Decl.") ¶ 8.

21   [5]    PLAYERS INC not only ignores Plaintiffs' separate, legally cognizable claims for unjust
enrichment and accounting, but concedes that it does not seek sanctions as to the breach of
22   fiduciary duty claim asserted by Plaintiff Adderley because he has executed a GLA with
PLAYERS INC *See, e.g.,* Motion, 1, n. 1 ("reserving" its right to seek sanctions against Adderley
23   in the future). PLAYERS INC's "reservation" of its right to seek sanctions reflects a fundamental
misunderstanding of the relevant standards on this Motion. Notwithstanding the irrelevance of
24   the GLAs to this case, *see* Opposition to JOP, 12-13, whether Adderley is ultimately successful in
proving his breach of fiduciary duty claim against PLAYERS INC is not determinative of
25   whether he should be sanctioned for bringing the claim. *See, e.g., Hudson,* 836 F.2d at 1159;
*Golden Eagle Distributing Corp.,* 801 F.2d at 1538; *see also Jensen,* 873 F.2d at 1329 (key
26   question is whether party states an *arguable* claim for relief, not whether the party is ultimately
27   correct in its perception of the law). PLAYERS INC has no basis for sanctions against Adderley
28   now, and will have no basis for sanctions against him in the future.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO                                    4                      OPPOSITION TO
                                                                    MOTION FOR SANCTIONS
                                                                    CASE NO. 07-0943 WHA

between PLAYERS INC and *some* retired NFL players who signed GLAs:

> Plaintiffs' claims are grounded in a single legal theory: that Players INC owed them some unspecified fiduciary duty and breached that duty. Not only is there no evidentiary support for such a claim as required by Rule 11, this claim is directly contradicted by indisputable facts with regard to Parrish and Roberts, since neither of them has ever had any licensing relationship with Players INC

Motion, 8. PLAYERS INC argues that because neither Parrish nor Roberts executed GLAs, their breach of fiduciary duty claim is "clearly frivolous" and therefore sanctionable under Rule 11. Motion, 8-10.

PLAYERS INC is not entitled to dismissal, let alone sanctions, based on claims never at issue in this case. *See, e.g.,* Opposition to JOP, 12.[6] In fact, it is precisely because PLAYERS INC *cannot* satisfy even the standard for dismissal of this claim that denial of its request for sanctions is compelled. *See, e.g., Warren v. City of Carlsbad,* 58 F.3d 439, 444 (9th Cir. 1995) (Rule 11 sanctions are inappropriate when plaintiff has made a *prima facie* showing in support of its claims); *Jensen v. Stangel,* 762 F.2d 815, 818 (9th Cir. 1985) (court's denial of motion to dismiss and summary judgment confirmed that plaintiff's claims were not frivolous or "without merit" so as to justify sanctions); *see also Sebastian Int'l, Inc. v. Long's Drug Stores Corp.,* 1993 WL 733844, *7 (C.D. Cal. 1993) (". . . in light of the Court's denial of [defendant's] Motion to Dismiss, this Court declines to impose Rule 11 sanctions against [plaintiff].").

Even if the Court found that Plaintiffs had failed to sufficiently allege a breach of fiduciary duty claim, sanctions would still not be warranted in this case, because the allegations are neither frivolous nor made for an improper purpose. *See, e.g., In re U.S. Grant Hotel Association, Ltd. Securities Litigation,* 740 F. Supp. 1460, 1468 (S.D. Cal. 1990) (although court dismissed breach of fiduciary duty claim with prejudice, court denied Rule 11 Motion for

---

[6]    Plaintiffs have *not* alleged a fiduciary relationship arising from the GLAs, nor have they alleged that any fiduciary or special relationship arises simply by virtue of a contract. Opposition to JOP, 12-13. PLAYERS INC has simply improperly created a straw man, rewriting Plaintiffs' fiduciary duty allegations, and then attacking only its "contract-based" version of this claim. *Id. See, e.g., Holland v. Westport Ins. Corp.,* 2007 WL 951826, at *4 (N.D. Cal. 2007) (for purposes of judgment on the pleadings, defendant cannot eliminate question of fact by misrepresenting what plaintiff has actually alleged); *see also Third Eye Blind, Inc. v. Near North Entertainment Insurance Services, LLC,* 127 Cal. App. 4th 1311, 1319, 1323 (Cal. App. 2005) (party is not entitled to judgment on the pleadings merely by knocking down straw men arguments, while ignoring the actual legal theories alleged in the complaint).

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

5

OPPOSITION TO
MOTION FOR SANCTIONS
CASE NO. 07-0943 WHA

1    sanctions because claims were not "clearly frivolous" or lacking in plausibility); *DeMarco v.*

2    *Depotech Corp.*, 131 F. Supp. 2d 1185, 1186 (S.D. Cal. 2001) (although claims did not survive

3    motion to dismiss, the failure to state a claim for relief did not warrant sanctions under Rule 11

4    either).

5        **A.**    **Plaintiffs' Claims Are Not Factually Frivolous**

6        PLAYERS INC cannot establish that Plaintiffs' claims are so lacking in evidentiary

7    support that they merit sanctions -- particularly when the evidentiary support comes in the form of

8    PLAYERS INC's own admissions. *See, e.g., Jensen*, 873 F.2d at 1330.

9        More specifically, Plaintiffs' claims have a solid basis in facts drawn largely from

10    PLAYERS INC's own documents and representations:

11    - Defendant's press release asserts that PLAYERS INC represents "**all** 1,800 active and
12       3,500 retired NFL players. (Amended Complaint ¶ 12 and Exhibit A) (emphasis
   added)

13    - At the time Plaintiffs filed their Amended Complaint, PLAYERS INC'S  website at
   www.nflplayers.com indicated that it represented "over 3,000 retired players." In
14       implicit acknowledgement of the correctness of Plaintiffs' claims, that website has
   been changed to read: ". . . PLAYERS INC. represents more than 1,800 active *and*
15       *many memorable* retired NFL players." Hilbert Decl., Exs. 1 and 2. This action
   reflects PLAYERS INC belief that Plaintiffs' claims have merit – a concession fatal to
16       its Motion for Judgment on the Pleadings, and to this Motion as well.

17    - PLAYERS INC purported to have the sole and exclusive control over any such
   licensing contracts for all active and retired NFL players: "PLAYERS INC's licensee
18       such as EA Sports are permitted to secure retired NFL player rights *only* from
   PLAYERS INC, not from any other source, contrary to what others may have told
19       you. This offer will be your *only* opportunity to participate in NFL player video
   games and get paid." (Amended Complaint ¶¶ 2, 17, Ex. B)
20

21    - PLAYERS INC claims to market active and retired players through licensed products,
   such as trading cards and video games, television and radio programming, personal
22       appearances, auto graph signing, an Internet site, and events such as the Super Bowl
   (Amended Complaint, ¶¶ 1-3, 11)

23    - PLAYERS INC purported to represent *all* retired NFL players in licensing and
   marketing opportunities. (Amended Complaint, ¶¶ 1-3)
24

25    - PLAYERS INC has received millions of dollars through licensing deals on behalf of
   NFL players, and controls all of the material information relevant to licensing revenue
26       and/or funds due and owing to Plaintiffs. (Amended Complaint ¶¶ 1, 17-18)

27    - A letter from Defendant's President to a retired player states that "**every** retired player
   has benefited from PLAYERS INC's creation . . . [b]ecause 40% of PLAYERS INC'S
28       operating revenue is paid to the NFLPA as a royalty . . . This allows the NFLPA to
   provide extensive services and benefits to retired players . . . " (Amended Complaint

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

6

OPPOSITION TO
MOTION FOR SANCTIONS
CASE NO. 07-0943 WHA

¶13 and Exhibit D)

PLAYERS INC cannot establish that Plaintiffs' claims are so lacking in evidentiary support that they merit sanctions -- particularly when the evidentiary support comes in the form of PLAYERS INC's own admissions. *See, e.g., Jensen,* 873 F.2d at 1330. As set forth in their Motion for Interim Class Counsel, Plaintiffs and their counsel made these factual allegations only after extensive investigation, including multiple interviews and in-person meetings with potential class representatives, detailed review of records of the NFL Players Association, PLAYERS INC, the Department of Labor, and examination of correspondence from several retired NFL players, notwithstanding the lack of forthcoming information from PLAYERS INC.. *See, e.g.,* Motion for Interim Class Counsel, 4-6 and accompanying Declaration of Ronald S. Katz in Support of Motion. On its face, this investigation more than satisfies the "reasonable and competent" standard set forth under Rule 11. Fed.R.Civ.P. 11(b).[7]

PLAYERS INC identifies <u>no</u> factual errors in the Amended Complaint.[8] *See, e.g.,* Motion, pp. 8-10 (arguing instead that Plaintiffs' allegations do not support any legal basis for inference of a fiduciary duty). Even if it had identified factual errors (or complained of a lack of factual detail), given the lack of any discovery in this case – coupled with PLAYERS INC's *refusal* to disclose relevant financial information which is in its sole possession – sanctions would be particularly inappropriate in this case. *See, e.g., Greenburg,* 822 F.2d at 887 (if reasonable inquiry is conducted, sanctions based on factual errors would be improper, particularly when party has had no opportunity for discovery); *see also DeMarco,* 131 F. Supp. 2d at 1186 (citing *Khan v. Park Capital Securities, LLC,* 2004 WL 1753385, *4 (N.D. Cal. 2004) (sanctions based on a lack of basis in fact are inappropriate where factual evidence is largely in the hands of the opposing party).

---

[7]    Although none have been raised, any doubts regarding the credibility of Plaintiffs or their counsel in conducting the investigation would not properly be resolved on a Rule 11 Motion. *See, e.g., The WU Group v. Synopsys, Inc.*, 2005 WL 1926629, *13 (N.D. Cal. 2005).

[8]    Indeed, it is paragraph 8 of Gene Upshaw's Declaration in Support of this Motion that is incorrect. *See* footnote 4 above.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

7

OPPOSITION TO
MOTION FOR SANCTIONS
CASE NO. 07-0943 WHA

**B.    Plaintiffs' Claims Are Not Legally Frivolous.**

PLAYERS INC has also failed to establish that Plaintiffs' claims are without any arguable legal foundation under existing law, or that Plaintiffs would have no reasoned grounds for seeking extension of existing law in this case. Motion, 8-10. Plaintiffs' breach of fiduciary duty claim is supported by at least two existing legal theories, either of which gives rise to a fiduciary duty on the part of PLAYERS INC. Opposition to JOP, 4-14.

> 1.    As the self proclaimed agent of all retired NFL players, PLAYERS INC was obligated to act as a fiduciary.

Plaintiffs have alleged that PLAYERS INC held itself out as the purported agent of all retired NFL players, and thus owed a fiduciary duty to them. Amended Complaint, ¶¶ 1-3, 11-19. An agency giving rise to such a fiduciary relationship need not be express or subject to a formal agreement. Instead, an agency can arise by operation of law and/or can be inferred or implied by a court based on the conduct or the parties and the circumstances of the case. *See, e.g., Michelson v. Hamada,* 29 Cal. App. 4th 1566, 1579-80 (1994); *Borders Online, LLC v. State Board of Equalization,* 129 Cal. App. 4th 1179, 1190-92 (2005); *Pollack v. Lytle,* 120 Cal. App. 3d 931, 940 (1981), *overruled on other grounds, Beck v. Wecht,* 28 Cal. App. 4th 289 (2002); *see also* C.J.S., Agency § 43 and Cal. Jur., Agency, § 11 (an agency may be inferred or implied as a matter of law from the words and conduct of the parties or the circumstance of a particular case); C.J.S. Agency § 47 (an agency relationship may be arise by operation of law and/or be implied by law); *In re Daisy Sys. Corp.,* 97 F.3d 1171, 1178 (9th Cir. 1996).

In its Motion for Judgment on the Pleadings, PLAYERS INC contends, citing the Restatement (First) of Agency, that "[a]n agency relationship exists <u>only</u> if there has been a manifestation by the principal to the agent that the agent may act on his account, and consent by the agent so to act." Motion for Judgment on the Pleadings, 16.  However, the more recent Restatement (Third) of Agency confirms that the formation of an agency relationship is not governed by such formalities -- *i.e.,* an agent need not *consent* to act on behalf of another, and a principal's assent is often informal or implicit (inferred from the circumstances of each case):

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

8

OPPOSITION TO
MOTION FOR SANCTIONS
CASE NO. 07-0943 WHA

> A principal's manifestation may be such that an agency relationship
> will exist without communication from the agent to the principal
> explicitly stating the agent's consent. . . . **A principal's**
> **manifestation of assent to an agency relationship may be**
> **informal, implicit and nonspecific.**

Restatement (Third) of Agency, § 1.01, Comment c (2006) (emphasis added); *see also id.,*

Comment d ("[I]t is not necessary to formation of a relationship of agency that the agent manifest

asset to the principal . . . It is a question of fact whether the agent has agreed."); *id.,* § 3.05,

Comment c ("Persons who act as agents owe duties toward their principals and become subject to

liabilities to their principals if they breach those duties.").

In addition, PLAYERS INC ignores that both the Comments of the Restatement (First)

and (Second) of Agency note that:

> [o]ne acting for the benefit of another, without a manifestation of
> consent by the other, may subject himself to the liabilities of an
> agent at the election of the principal. Thus, one who purports to act
> on behalf of another but without the authority to do so is subject to
> liability to the other as if he were a disobedient agent if he affects
> the principal's interests either by binding the principal to a third
> person where he has apparent authority, or by disposing of or
> meddling with the principal's assets.

Restatement (Second) Agency, § 15, Comment e (1958) (emphasis added); Restatement (First)

Agency, § 15, Comment d (1933) (same); *see also* Restatement (Second) Agency, § 430 ("One

who, without the consent or manifestation of consent of another, purports to act as the agent for

such other is subject to liability for loss occasioned to the other by such conduct or for the value

of anything belonging to the purported principal which he has improperly used."); Restatement

(First) Agency, § 430 (same); Restatement (Third) Agency, § 8.02 ("An agent has a duty not to

acquire a material benefit from a third party in connection with transactions conducted or other

actions taken on behalf of the principal or otherwise through the agent's use of the agent's

position."); Restatement (Third) Agency, § 8.09, Comment b ("If an agent takes action beyond

the scope of the agent's actual authority [such as without the principal's consent] the agent is

subject to liability to the principal for loss caused the principal.").

California courts have also long-recognized a form of purported agency or agency by

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

9

OPPOSITION TO
MOTION FOR SANCTIONS
CASE NO. 07-0943 WHA

1    estoppel, whereby a party who assumes to act as an agent for another may not later deny the

2    existence of the agency – as to the purported principal or a third party – in order to shield himself

3    from liability. In *People v. Robertson,* for example, the California Supreme Court explicitly held

4    that:

5              . . . when one assumes to act as agent for another, he may not, when challenged for
       these acts, deny his agency; that he is estopped not merely as against his assumed
6              principal, but also against [third parties].

7    *Id.*, 6 Cal. App. 514, 517 (1907) (citing, *inter alia, People v. Treadwell,* 69 Cal. 22 (1986); *People*

8    *v. Royce,* 106 Cal. 187 (1894); *People v. Cobler,* 108 Cal. 541 (1895); *People v. Oldham,* 111

9    Cal. 648 (1896)).

10        Under existing law, at the very least, Plaintiffs have an arguable legal theory that by

11   holding itself out as the purported agent of all retired NFL players, PLAYERS INC was obligated

12   to act as their fiduciary. *See, e.g., Jensen,* 873 F.2d at 1329 (plaintiff need only establish an

13   arguable legal claim to avoid sanctions). In light of existing law, PLAYERS INC cannot

14   legitimately argue that Plaintiffs' legal theories are "clearly frivolous" for purposes of Rule 11.

15   *See, e.g., Warren,* 58 F.3d at 444 (sanctions are not proper if plaintiff makes out a *prima facie*

16   claim for relief); *see also Himaka v. Buddhist Churches of America,* 919 F. Supp. 332, 335 (9th

17   Cir. 1995) (even if plaintiff offers no actual authority in support of its argument, absence of any

18   contrary authority offered by defendant confirms that the pleading is not sufficiently frivolous so

19   as to warrant sanctions).

20              2.    PLAYERS INC put itself in a special position of confidence and trust with
                     retired NFL players giving rise to a fiduciary duty
21

22        PLAYERS INC concedes that "in certain rare circumstances" a fiduciary duty will be

23   imposed, but argues that none of these circumstances is applicable here. Motion, 9-10. To the

24   contrary, Plaintiffs have alleged facts which also support the inference of a special or confidential

25   relationship as a matter of law. Amended Complaint, ¶¶ 2, 13 and Ex. D.

26        As one California court has explained, a confidential relationship arises where:

27

28

                                    10                    OPPOSITION TO
                                                          MOTION FOR SANCTIONS
                                                          CASE NO. 07-0943 WHA

1

2

3

4

> . . . confidence is reposed by one person in the integrity of another, and in such a relation the party in who the confidence is reposed, if he voluntarily accepts or assumes to accept the confidence, can take no advantage from his acts relating to the interest of the others . . . [such a] fiduciary duty is created where a person reposes trust and confidence in another and the person in whom such confidence is reposed obtains control over the other person's affairs.

5  *Recorded Picture Co. v. Nelson Entertainment, Inc.*, 53 Cal. App. 4th 350, 370 (1997) (*citing*

6  *Lynch v. Cruttenden & Co.*, 18 Cal. App. 4th 802, 809 (1993) (emphasis added)); *see also In re*

7  *Daisy Sys. Corp.*, 97 F.3d 1171, 1178 (9th Cir. 1996) ("existence of a fiduciary relation is a

8  question of fact which properly should be resolved by looking to the particular facts and

9  circumstances of the relationship at issue."); *Kudokas v. Balkus,* 26 Cal.App.3d 744 (1972)

10  ("[e]xistence of a confidential or fiduciary relationship depends on the circumstances of each case

11  and is a question of fact for the fact trier."); *Stokes v. Henson*, 217 Cal.App.3d 187 (1990)

12  (inferring the existence of a fiduciary relationship between an investment advisor and his clients

13  on the basis of the surrounding facts).

14  Likewise, a party holding itself out as acting on behalf of another may be subject to an

15  inference of a confidential relationship giving rise to fiduciary duties. *See, e.g., Estate of*

16  *Migliaccio,* 436 F. Supp. 2d, 1095, 1108 (C.D. Cal. 2006) (denying motion to dismiss fiduciary

17  duty claim because allegations that defendants held themselves out as acting in the interests of

18  purchasers who were senior citizens were sufficient to support the inference of a confidential

19  relationship); *In re National Western Life Ins. Deferred Annuities Litigation,* 467 F. Supp. 2d

20  1071, 1087 (S.D. Cal. 2006) (special relationship giving rise to fiduciary duty sufficiently pled by

21  allegations that defendants held themselves out as financial planners who acted in the plaintiffs'

22  best interests). The essence of this type of fiduciary or confidential relationship is that the parties

23  do not deal on equal terms; the person in whom trust and confidence is reposed is in a superior

24  position to exert unique influence over the dependent party. *Beery v. State Bar,* 43 Cal. 3d 802

25  (1987); *see also In re Daisy Sys. Corp.*, 97 F.3d 1171, 1178 (9th Cir. 1996); *Agard v. Palomar*

26  *Builders, INC,* 344 F. Supp. 2d 1209, 1211 (E.D. Cal. 2004) (*citing Bear Stearns & Co. v. Daisy*

27  *Sys. Corp.*, 97 F. 3d 1171, 1177 (9th Cir. 1996)).

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

11

OPPOSITION TO
MOTION FOR SANCTIONS
CASE NO. 07-0943 WHA

1  By its own account, PLAYERS INC is in just such a superior position – it is the *only*

2  source for licensees to obtain retired group NFL players rights, it is the *only* avenue through

3  which retired group NFL players could be compensated for their licensing rights, and its creation

4  purportedly benefited *every* retired NFL player by providing critical funding to the NFLPA.

5  Amended Complaint, ¶¶ 2, 13, and Ex. D. PLAYERS INC cannot deny these facts, does not

6  dispute Plaintiffs' authority, and cannot establish these claims are "clearly frivolous" for purposes

7  of Rule 11. *See, e.g., Jensen,* 873 F.2d at 1329 (arguable legal theory precludes sanctions under

8  Rule 11); *see also Himaka,* 919 F. Supp. at 335 (absence of contrary legal authority confirms that

9  complaint is not sufficiently frivolous to warrant sanctions under Rule 11).

10  **C.    PLAYERS INC Concedes That Plaintiffs' Claim Is Not Frivolous.**

11  PLAYERS INC. argues that the fiduciary duty claim is "baseless" absent proof of a GLA

12  between Plaintiffs and PLAYERS INC Motion, 7-9. As detailed above and in the Opposition to

13  the JOP, the GLA (or lack of one) does not determine the existence of a fiduciary relationship

14  between retired players and PLAYERS INC, and is not alleged by Plaintiffs to do so. Opposition

15  to JOP, 12-13.

16  Even if the GLA were relevant to Plaintiffs' fiduciary duty claim, however, PLAYERS

17  INC concedes that at least one Plaintiff, Herb Adderley, *did* sign a GLA. Motion, n. 1.[9] Even

18  under PLAYERS INC's logic, Mr. Adderley's GLA supports the existence of a fiduciary duty.

19  Motion, 8-10.

20  **IV.    PLAYERS INC IS NOT ENTITLED TO SANCTIONS BASED ON AN
           "IMPROPER PURPOSE" BY PLAINTIFFS AND/OR THEIR COUNSEL**

21

22  Furthermore, sanctions are unwarranted because neither Plaintiffs nor their counsel filed

23  this lawsuit for an "improper purpose." Motion, 4-6, 11-14. PLAYERS INC.'s contention

24  otherwise is erroneous.

25

26

27  [9]    Mr. Parrish has also signed two GLAs, which he discovered after reading Mr. Upshaw's

28  Declaration stating that the GLAs were between the retired player and the NFLPA, and not
     PLAYERS INC. *See* Parrish Decl. ¶ 8.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO                    12                    OPPOSITION TO
                                                   MOTION FOR SANCTIONS
                                                   CASE NO. 07-0943 WHA

**A.    Neither Plaintiffs Nor Their Counsel Are Subject To Sanctions For An "Improper Purpose" In Filing A Non-Frivolous Lawsuit.**

Although the bulk of PLAYERS INC's Motion is devoted to its "improper purpose" argument, PLAYERS INC ignores that under relevant Ninth Circuit law, sanctions for an "improper purpose" can be awarded *only* if PLAYERS INC first establishes that the complaint is frivolous. *See, e.g., Townsend,* 919 F.3d at 1362 (citing, *inter alia, Zaldivar,* 80 F.2d at 832); *see also Westlake North Property Owners v. Thousand Oaks,* 915 F.2d 1301, 1305 (9th Cir. 1990) ("In the context of a complaint, pleadings must first be determined to be frivolous before they can be determined to have been filed for an improper purpose.").

Thus, even if Plaintiffs and/or their counsel were motivated to file this lawsuit in order to generate negative publicity for PLAYERS INC, that fact would not compel sanctions under relevant Ninth Circuit law. Given the factual and legal basis for the claims at issue, *see* Section III above, Plaintiffs' subjective intent and/or that of their counsel in filing this non-frivolous lawsuit is irrelevant. *See, e.g., Zaldivar,* 780 F.2d at 830 (where there is a basis for a claim in law and fact, the "subjective intent of the pleader . . . is of no moment.").

Some Circuits including the Fifth Circuit and Eighth Circuit (cited by PLAYERS INC in its Motion), have adopted a more narrow view of Rule 11, imposing sanctions for an "improper purpose" even if a pleading is non-frivolous on the merits. *See, e.g.,* Motion, pp. 12-13 (citing *Whitehead v. Food Max of Miss., Inc.,* 332 F.3d 796, 807 (5th Cir. 2003); *Bryant v. Brooklyn Barbecue Corp.,* 932 F.2d 697, 698 (8th Cir. 1991)). PLAYERS INC's reliance on this other law – when it directly contradicts relevant Ninth Circuit law and undermines PLAYERS INC's request for sanctions – is, at best, disingenuous. Simply put, PLAYERS INC cannot establish that Plaintiffs' claims are objectively frivolous and, for this reason alone, the Court should reject PLAYERS INC's plea for sanctions on the grounds of "improper purpose."

**B.    PLAYERS INC Offers No Evidence Of Improper Purpose On The Part Of Plaintiffs Or Their Counsel.**

Even if it could establish that the Plaintiffs' claims are "clearly frivolous," PLAYERS INC offers no grounds for sanctions under this prong of Rule 11. PLAYERS INC argues that

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

13

1   Plaintiffs intended to harass it by filing this suit. *See, e.g.,* Motion, 11-12. But, PLAYERS INC

2   has not offered any evidence to support this bald assertion. Plaintiffs have not filed successive

3   suits against PLAYERS INC nor have they taken any other action to multiply this proceeding –

4   the type of "harassing" behavior that might otherwise justify sanctions on this ground. *See, e.g.,*

5   *Zaldivar,* 780 F.2d at 829-30.

6           In fact, in an effort to *avoid* needless and costly motion practice, Plaintiffs offered to file a

7   Second Amended Complaint, providing additional detail regarding their claims and the nature of

8   the relationship between PLAYERS INC and Plaintiffs giving rise to a fiduciary duty.

9   PLAYERS INC rejected that offer and opted to instead to needlessly multiply this proceeding by

10  filing this Motion and the accompanying Motion for Judgment on the Pleadings, both of which

11  lack merit.

12          PLAYERS INC also claims that public criticism leveled against it by Plaintiffs and/or

13  their attorneys reflects an "improper purpose" deserving of Rule 11 sanctions. Motion, pp. 12-14.

14  PLAYERS INC allege comments by Plaintiffs from inadmissible news articles such as "disgust[]

15  with the way [retired NFL players] have been treated," counsel's claim that "[we]'re picking up a

16  rock and seeing what's crawling underneath," and a website reflecting a connection between the

17  filing of this lawsuit and the creation of an organization called Retired Professional Football

18  Players for Justice ("RPFPJ") *Id.* (citing, *inter alia,* Alan Schwarz, *2 Former NFL Players Sue*

19  *Over Sharing of Fees,* N.Y. Times, Feb. 15, 2007 at D2; Daniel Kaplan, *Retired NFLers Delay*

20  *Announcement of Group,* Sports Bus. J., Mar. 5-11, 2007 at 8; Press Release, Manatt, Phelps &

21  Phillips, Feb. 15, 2007; www.playersforjustice.org).

22          At a bare minimum, PLAYERS INC ignores that none of these statements was made in a

23  paper filed with this Court, and thus none of them subject Plaintiffs or their counsel to sanctions

24  under Rule 11. *See, e.g., Christian v. Mattel,* 286 F.3d 1118, 1131 (9th Cir. 2002); *see also*

25  *Antonious v. Spalding & Evenflo Cos., INC,* 281 F.3d 1258, 1261 (Fed. Cir. 2002). Of course,

26  PLAYERS INC has also offered no basis for sanctions resulting from the expression of opinion

27  and/or the desire to expose the unfair business practices of PLAYERS INC, particularly where

28  PLAYERS INC's own statements and documents corroborate the basis for these claims.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

14

OPPOSITION TO
MOTION FOR SANCTIONS
CASE NO. 07-0943 WHA

1    Even as to those criticisms which Plaintiffs have included in the Amended Complaint,

2    PLAYERS INC offers no basis for sanctions under Rule 11. As noted above, the facts underlying

3    Plaintiffs' allegations regarding "poverty-level" payments and an "extremely low percentage" of

4    players who receive disability payments are simply a response to Defendants' statement in

5    Exhibit D to the First Amended Complaint that "every retired player has benefited from

6    PLAYERS INC's creation . . . because 40% of PLAYERS INC's operating revenue is paid to the

7    NFLPA as a royalty . . . This allows the NFLPA to provide extensive services and benefits to

8    retired players." Therefore, sanctions based on an "improper purpose" are not appropriate.

9    *Zaldivar,* 780 F.2d at 830; *Townsend,* 929 F.2d at 1362.

10    Likewise, PLAYERS INC has also not shown any "improper purpose" in connection with

11    allegations regarding the NFLPA. Motion, 11-12. Plaintiffs have not alleged any claims based

12    on the collective bargaining activities of the Players Union, but rather (relying again on the

13    admissions and documents of PLAYERS INC) they have alleged that, by virtue of its relationship

14    with the NFLPA, PLAYERS INC has been able to exploit licensing opportunities for active and

15    retired NFL players. *See, e.g.,* Amended Complaint, ¶¶ 1, 13-15.

16    Plaintiffs refer to internal NFLPA reporting forms to corroborate their fiduciary duty

17    claims; *i.e.,* to reinforce PLAYERS INC's own admissions that it held itself out as acting on

18    behalf of *all* retired NFL players. *Id.* PLAYERS INC offers no basis for sanctions based on non-

19    frivolous allegations, all of which are relevant to Plaintiffs' claims that PLAYERS INC acted as

20    the agent of retired NFL players and/or was in a position of trust and confidence with them that

21    would give rise to a fiduciary duty. At this stage, whether such allegations are superfluous and/or

22    credible is beyond the scope of this Rule 11 Motion. *See, e.g., WU Group,* 2005 WL 1926629, at

23    *13.

24    Similarly, PLAYERS INC has shown no basis for sanctions in connection with Plaintiffs'

25    formation of the RPFPJ and/or counsel's alleged connection to the group (based totally on

26    inadmissible newspaper articles). Motion, 12-13. Contrary to PLAYERS INC's argument,

27    RPFPJ is a not-for-profit organization, aimed solely at advancing the rights of retired NFL

28    players. *See* Parrish Decl. ¶ 4. No one receives any compensation from RPFPJ, which was not

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

15

OPPOSITION TO
MOTION FOR SANCTIONS
CASE NO. 07-0943 WHA

1   founded by counsel. RPFPJ is currently engaged in no commercial or licensing activities, and if

2   it engages in such activities in the future, its intention is to do that on a cooperative, non-profit

3   basis in which all retired players share equally. *Id.,* ¶ 5. Exposing the unfair practices of

4   PLAYERS INC by encouraging this non-frivolous lawsuit falls squarely within the framework of

5   the RPFPJ's legitimate aims. *Id.* Contrary to PLAYERS INC's arguments, counsel have also

6   derived no financial gain from any association with RPFPJ, and Messrs. Katz and LeClair are not

7   officers or directors, but rather are simply outside litigation counsel available if the organization

8   ever brings a litigation, which it has not yet done. *Id.,* ¶ 6. Although Mr. Mutch serves in the

9   strictly administrative position of secretary-treasurer, he is being replaced. *Id.,* ¶ 7.

10      Finally, PLAYERS INC offers no basis for sanctioning what it dubs an "aggressive

11   publicity" campaign against it. Motion, 12-14. Absent proof that Plaintiffs' lawsuit is clearly

12   frivolous and lacking in plausibility, PLAYERS INC has no grounds whatsoever for sanctions.

13   *See, e.g., Zaldivar,* 780 F.2d at 830; *Townsend,* 929 F.2d at 1362. Stripped of exaggeration and

14   speculation, PLAYERS INC's arguments merely identifies public statements aimed at exposing

15   the unfair practices of PLAYERS INC, lobbying activities aimed at improving the benefits

16   received by retired NFL players, and association by and among retired NFL players – activities

17   which are *all* protected under the First Amendment.

18  **V.    PLAYERS INC OFFERS NO BASIS FOR IMPOSITION OF MONETARY
         SANCTIONS BASED ON ONLY A PORTION OF PLAINTIFFS' AMENDED**
19       **COMPLAINT**

20      PLAYERS INC seeks sanctions for the breach of fiduciary duty claims asserted by Parrish

21   and Roberts, *not* for the unjust enrichment and accounting asserted by all Plaintiffs, and *not* for

22   the breach of fiduciary duty claim asserted by Adderley. *See, e.g.,* Motion, pp. 6-15 and n. 1.

23   Although Rule 11 may apply when only a portion of a pleading is "frivolous," monetary sanctions

24   are recoverable only if the party seeking them can establish that the frivolous claim alone (as

25   opposed to any meritorious claims) increased the cost of litigation. See, e.g., Fed.R.Civ.P. 11,

26   Advisory Comm. Notes (1993 am.) (". . . any award of expenses should be limited to those

27   directly caused by inclusion of the improper count and not those resulting from the filing of the

28   complaint or answer itself."); *see also Lloyd v. Schlag,* 884 F.2d 409, 414-15 (9th Cir. 1989)

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

16

1   (award must be limited to those expenses incurred in opposing frivolous pleading or motion;

2   expenses incurred in defending against claims that have sound basis in fact are not recoverable);

3   *Patterson v. Aiken*, 841 F.2d 386, 387-88 (11th Cir. 1988) (sanctions award properly limited to

4   only "frivolous" claims; sanctions not recoverable for expenses incurred in responding to

5   meritorious claims).

6          Even assuming PLAYERS INC could show that the breach of fiduciary duty claim filed

7   by Parrish and Roberts was frivolous (which it cannot do), PLAYERS INC could not show that

8   this claim alone has increased its cost of litigation. Discovery has not yet begun on any claims.

9   Had Parrish and Roberts not filed the fiduciary duty claim, PLAYERS INC would still have been

10  under an obligation to Answer Plaintiffs' complaint regarding unjust enrichment, accounting and

11  Adderley's fiduciary duty claim and/or move to dismiss such claims under Rule 12.

12         In fact, PLAYERS INC opted to move for Judgment on the Pleadings under Rule 12(c) on

13  Adderley's fiduciary duty claim, as well as Plaintiffs' claims for unjust enrichment and

14  accounting. PLAYERS INC's costs of litigation would not have been any different even absent

15  the fiduciary duty claim at issue on this Motion. For this additional reason, the Court should deny

16  PLAYERS INC's request for monetary sanctions under Rule 11.

17  **VI.    THE COURT SHOULD DECLINE TO IMPOSE SANCTION UNDER ANY
            OTHER GROUND**

18

19         PLAYERS INC has also offered no other basis for sanctions under 28 U.S.C. § 1927 or

20  the court's inherent powers. Among other things, PLAYERS INC has made no showing that

21  Plaintiffs have multiplied this proceeding, or acted with the subjective "bad faith" or recklessness

22  necessary to support an award under 28 U.S.C. § 1927 or the court's inherent powers. *See, e.g.,*

23  *Barber v. Miller*, 146 F.3d 707, 711 (9th Cir. 1998) (to justify sanctions under either Section 1927

24  or the court's inherent powers, court must find that party unnecessarily multiplied the proceedings

25  and/or acted with bad faith); *see also In re Keegan Management Co. Securities Litigation*, 78

26  F.3d 431, 434-35 (9th Cir. 1996) (Section 1927 sanctions apply only to vexatious multiplication

27  of the proceedings – such as unnecessary filings or other tactics employed – not to the initial

28  round of pleadings filed by the parties). If any party has needlessly multiplied this litigation,

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

17

OPPOSITION TO
MOTION FOR SANCTIONS
CASE NO. 07-0943 WHA

1   PLAYERS INC has done so by filing this Motion, and the accompanying Motion for Judgment
2   on the Pleadings, both of which are devoid of merit.

3       The only so-called evidence of "bad faith" offered by PLAYERS INC is Plaintiffs'
4   counsel's alleged statement that by "we're picking up a rock and seeing what's crawling
5   underneath." Motion, 15. PLAYERS INC claim that this comment reveals an improper "fishing
6   expedition" is pure speculation.

7       Having investigated Plaintiffs' evidence, counsel drafted claims well-founded in fact and
8   law. Counsel's comment does not evidence a fishing expedition, but rather the confidence that
9   Plaintiffs' lawsuit will finally expose PLAYERS INC's unlawful tactics, previously kept hidden
10  by PLAYERS INC's refusal to provide relevant information and/or promised revenue to retired
11  NFL players. That is precisely why Plaintiffs have included a cause of action for an accounting.

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

18

1

2    **VII.    CONCLUSION**

3        Plaintiffs' claims have a basis in fact and non-frivolous legal argument, were the product

4    of well-developed inquiry (surpassing even that compelled under Rule 11), and are supported by

5    the legitimate motive of holding PLAYERS INC publicly accountable to those retired players it

6    purports to represent. Under the circumstances, sanctions under Rule 11, or any other authority,

7    would be improper. Therefore, Plaintiffs respectfully request that the Court deny this Motion.

8
     Dated:    May 10, 2007                Respectfully submitted,
9

10

11                                         Ronald S. Katz (SBN 085713)
                                           Ryan S. Hilbert (SBN 210549)
12                                         Noel S. Cohen (SBN 219645)
                                           MANATT, PHELPS & PHILLIPS, LLP
13                                         1001 Page Mill Road, Building 2
                                           Palo Alto, CA 94304-1006
14                                         Telephone:    (650) 812-1300
                                           Facsimile:    (650) 213-0260
15                                         *Attorneys for Plaintiff*

16                                         **OF COUNSEL**

17                                         Lewis T. LeClair, Esq.
                                           Jill C. Adler, Esq.
18                                         McKool Smith
                                           A Professional Corporation
19                                         300 Crescent Court
                                           Dallas, TX 75201
20                                         214-978-4984
                                           214-978-4044 (fax)
21
                                           Samuel A. Mutch Esq.
22                                         SAMUEL A. MUTCH, P.A.
                                           2114 N.W. 40th Terrace, Suite A-1
23                                         Gainesville, FL 32605
                                           Telephone:    (352) 378-5599
24                                         Facsimile:    (352) 378-3388

25   41115026.1

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

19

OPPOSITION TO
MOTION FOR SANCTIONS
CASE NO. 07-0943 WHA