MANATT, PHELPS & PHILLIPS, LLP
RONALD S. KATZ (Bar No. CA 085713)
E-mail: rkatz@manatt.com
RYAN S. HILBERT (California Bar No. 210549)
E-mail: rhilbert@manatt.com
NOEL S. COHEN (California Bar No. 219645)
E-mail: ncohen@manatt.com
1001 Page Mill Road, Building 2
Palo Alto, CA 94304-1006
Telephone: (650) 812-1300
Facsimile: (650) 213-0260

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT

SAN FRANCISCO DIVISION

| | |
|---|---|
| BERNARD PAUL PARRISH, HERBERT ANTHONY ADDERLEY, and WALTER ROBERTS III, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a PLAYERS INC, a Virginia corporation,<br><br>Defendant. | CIVIL ACTION NO. C07 0943 WHA<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO APPOINT MANATT, PHELPS & PHILLIPS, LLP AS INTERIM CLASS COUNSEL**<br><br>Date: May 31, 2007<br>Time: 8:00 a.m.<br>Judge: William Alsup |

Plaintiffs BERNARD PAUL PARRISH, HERBERT ANTHONY ADDERLEY, and WALTER ROBERTS III, on behalf of themselves and all others similarly situated, submit their Reply in Support of Plaintiffs' Motion to Appoint Manatt, Phelps & Phillips, LLP as Interim Class Counsel, as follows:

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

REPLY IN SUPPORT OF MOTION
TO APPOINT MANATT PHELPS AS INTERIM
CLASS COUNSEL, CASE NO. C07 0943 WHA

Dockets.Justia.com

## I. INTRODUCTION

Plaintiffs' Motion to Appoint Manatt, Phelps & Phillips, LLP ("Manatt") as Interim Class Counsel ("Motion") should be granted. Defendant offers several reasons why the Motion should be denied, none of which is persuasive.

First, Defendant contends that the Court should not grant this "extraordinary" request now because there are no competitive class actions pending. But this request is far from extraordinary, as Rule 23(g)(2)(A) expressly authorizes the Court to "designate interim class counsel to act on behalf of the putative class *before* determining whether to certify the action as a class action." (emphasis added). If the Court decides, however, that this Motion is premature, it should be denied without prejudice.

Second, Defendant argues that Manatt has irreparable conflicts because of its alleged involvement in the creation of an organization called the Retired Professional Football Players For Justice ("RPFPJ") and therefore cannot adequately represent the interests of the class. But there are no such conflicts, let alone "irreparable" ones. As set forth in Plaintiffs' Opposition to Defendant's Motion for Sanctions and the Supplemental Declaration of Ronald S. Katz attached hereto ("Supp. Katz Decl."), Mr. Katz is not identified as an officer or director of that organization; has never been an officer or director of that organization; is not a founder of that organization; and has no association with that organization except being listed as outside litigation counsel (although the organization has not engaged in and is not engaging in litigation). [Supp. Katz Decl., ¶¶ 2-4.] That "association" -- the same role that Dewey Ballantine plays for PLAYERS INC -- hardly creates a conflict with the putative class.

Third, Defendant contends that Manatt did not properly research the facts and law prior to filing this action. This contention is erroneous. As set forth in the Declaration of Ronald S. Katz filed with the underlying Motion, Manatt thoroughly investigated the facts and law involved in this case. Defendant does not dispute any of the facts set forth in the Katz Declaration; instead it makes broad assertions and legal arguments (without citation to authority) as to why Plaintiffs' claims lack merit. Such assertions and arguments are not evidence, and should be rejected.

Finally, Defendant attacks the adequacy of the class representatives (Messrs. Adderley, Parrish, and Roberts) in an attempt to turn the Motion into a class certification motion. Aside from lacking merit, the adequacy of the proposed class representatives is not relevant to this matter.

Manatt is qualified to act as counsel to the putative class, and there is no reason to delay its designation as class counsel, which is authorized by statute. Accordingly, Plaintiffs request that Manatt be designated interim class counsel effective immediately.

## II. ARGUMENT

### A. Rule 23(g)(2)(A) Authorizes the Court to Appoint Interim Class Counsel Prior to Certification of a Class

Rule 23(g)(2)(A) of the Federal Rules of Civil Procedure states "the court may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Rule 23(g)(2)(A) sets no limits as to time or scope.

Defendant contends that the appointment of interim class counsel is "unnecessary," yet it fails to support this assertion. In fact, the appointment of interim class counsel enables the class to effectively and efficiently engage in discovery and motion practice before a ruling on class certification (and "final" appointment of class counsel). Fed. R. Civ. 23, Advisory Committee Notes, 1993 Amendments, Subdivision (g), Paragraph 2(A). Defendant has not claimed and cannot claim *any* prejudice to it by this appointment.

### B. This Lawsuit Was Instituted for a Proper Purpose After a Thorough Review by Counsel of the Facts and Law in Dispute

As set forth in the underlying Motion, Plaintiffs' counsel spent several months investigating the merits of this action. Motion, 4-7. Specifically, Manatt spent numerous hours conducting a pre-filing investigation of this action, which included traveling to Florida to engage in a personal visit with Mr. Parrish, meeting with other potential class members, obtaining relevant documents, consulting with expert witnesses, and thoroughly researching the law upon which this action is based. Motion, 5.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

2

REPLY IN SUPPORT OF MOTION
TO APPOINT MANATT PHELPS AS INTERIM
CLASS COUNSEL, CASE NO. C07 0943 WHA

1   Similarly, this action was not brought for an improper purpose. Rather, Plaintiffs' claims
2   for breach of fiduciary duty, unjust enrichment and accounting are well-grounded in both fact and
3   law. Opposition to Motion for Sanctions, 8-12. The claims are supported by facts discovered
4   after diligent investigation by Plaintiffs and their counsel -- drawn primarily from PLAYERS
5   INC's own statements and documents -- and corroborated by third party sources. *See, e.g.,*
6   Opposition to PLAYERS INC's Motion for Judgment on the Pleadings ("Opposition to the
7   JOP"), 2, 4-5.
8   Absent admissible evidence or legal authority, PLAYERS INC asserts that Plaintiffs'
9   lawsuit is harassing and that publicity regarding this suit is somehow illicit. But PLAYERS INC
10  has not shown that these alleged public statements were part of a pattern of harassing or vexatious
11  behavior, cannot prove that the lawsuit is frivolous or a mere "fishing expedition," and cannot
12  dispute that its own documents and actions provide the basis for these challenged statements.

### C. Defendant's Ad Hominem Attack on Manatt Through Unsubstantiated Claims of "Irreparable Conflict" with the Class Is Inaccurate and Incorrect.

16  Defendant argues that Manatt should be precluded from acting as class counsel because of
17  irreparable conflicts, primarily counsel's alleged role in the RFPFJ. But PLAYERS INC has
18  shown no basis for its allegation that counsel was or is involved with Plaintiffs' formation of
19  RPFPJ, other than inadmissible (and inaccurate) newspaper articles.
20  Contrary to PLAYERS INC's argument, RPFPJ is a not-for-profit organization, aimed
21  solely at advancing the rights of retired NFL players. [Declaration of Bernard Paul Parrish filed
22  concurrently with Opposition to Motion for Sanctions ("Parrish Decl."), ¶ 4.] No one receives
23  any compensation from RPFPJ, which was not founded by counsel. [Supp. Katz Decl., ¶ 4.]
24  RPFPJ is currently engaged in no commercial or licensing activities, and if it engages in such
25  activities in the future, its intention is to do that on a cooperative, non-profit basis in which all
26  retired players share equally. Parrish Decl., ¶ 5. Contrary to PLAYERS INC's arguments,
27  Manatt has derived no financial gain from any association with RPFPJ, and Mr. Katz is not an
28  officer or director, but rather outside litigation counsel available if the organization ever brings a

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

3

REPLY IN SUPPORT OF MOTION
TO APPOINT MANATT PHELPS AS INTERIM
CLASS COUNSEL, CASE NO. C07 0943 WHA

litigation, which it has not yet done. *Id.*, ¶ 6. There is simply no conflict based on Manatt's role as outside counsel.

In support of its contention that an "irreparable conflict" exists, Defendant cites two cases where a court disqualified class counsel because of conflicts of interests. Motion, 9. However, neither of these cases is applicable here. In fact, it is not at all surprising that these courts refused to appoint interim class counsel as in each circumstance, the attorney was a member of the putative class. *See Armstrong v. Powell,* 230 F.R.D. 661, 681 (W.D. Okla. 2005) (noting concern over plaintiff's counsel being a percipient witness and member of the putative class); *Fechter v. HMW Indust.,* 117 F.R.D. 362 (E.D. Pa. 1987) (rejecting class certification on the grounds that plaintiff's counsel's membership in plaintiff class created appearance of impropriety).[1] Because Manatt is not a member of the putative class, this line of cases is irrelevant.

Defendant next suggests that there is a conflict of interest because "it clearly is in the best interests of members of the putative class that PLAYERS INC's group licensing programs be as successful as possible, thereby generating the maximum royalties for the class members." Opposition, 8. Given the allegations that PLAYERS INC is breaching its fiduciary duties to the retired players, being unjustly enriched at their expense, and not providing them with information, this contention is disingenuous at best. Also, RPFPJ currently has no licensing program, and, if it had one, it would not preclude any retired player from participating in PLAYERS INC's program.

**D.    The Adequacy of the Class Representatives is Not at Issue Here**

Defendant devotes considerable time addressing the alleged inadequacy of Messrs. Parrish and Roberts as class representatives. Opposition, 10-11. This is irrelevant to this Motion because Plaintiffs have not yet moved to certify a class; they seek only to have Manatt named as interim counsel. As such, Plaintiffs will not burden the Court by responding to arguments that have no bearing on this Motion. Plaintiffs will address these issues at the appropriate time, and until then,

---

[1] Defendant cites a third case, *Piambino v. Bailey,* 757 F.2d 1112 (11th Cir. 1985), in support of its "irreparable conflict" argument. That case does not help Defendant either as the Eleventh Circuit found *after* certification that class counsel could not represent all of the various subclasses due to conflicts that arose within the class. Because no class has been certified, let alone conflicting subclasses, Defendant's reliance on this case is misplaced.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

4

REPLY IN SUPPORT OF MOTION
TO APPOINT MANATT PHELPS AS INTERIM
CLASS COUNSEL, CASE NO. C07 0943 WHA

simply refer the Court to their Oppositions to the Motion for Sanctions and Motion for Judgment on the Pleadings for reasons why these individuals are appropriate class representatives.

### III.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that their Motion to Appoint Manatt, Phelps & Phillips as Interim Class Counsel be GRANTED.

Dated:   May 17, 2007              Respectfully submitted,

/s/Ronald S. Katz
Ronald S. Katz (SBN 085713)
Ryan S. Hilbert (SBN 210549)
Noel S. Cohen (SBN 219645)
MANATT, PHELPS & PHILLIPS, LLP
1001 Page Mill Road, Building 2
Palo Alto, CA  94304-1006
Telephone: (650) 812-1300
Facsimile: (650) 213-0260
*Attorneys for Plaintiff*

**OF COUNSEL**

Lewis T. LeClair, Esq.
Jill C. Adler, Esq.
McKool Smith
A Professional Corporation
300 Crescent Court
Dallas, TX 75201
Telephone: (214) 978-4984
Facsimile (214) 978-4044

Samuel A. Mutch Esq.
SAMUEL A. MUTCH, P.A.
2114 N.W. 40th Terrace, Suite A-1
Gainesville, FL  32605
Telephone: (352) 378-5599
Facsimile: (352) 378-3388