Mark Malin (Bar No. 199757)
*mmalin@deweyballantine.com*
DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, CA  94303
Tel:  (650) 845-7000; Fax:  (650) 845-7333

Jeffrey L. Kessler (*pro hac vice*)
*jkessler@deweyballantine.com*
David G. Feher (*pro hac vice*)
*dfeher@deweyballantine.com*
Eamon O'Kelly (*pro hac vice*)
*eokelly@deweyballantine.com*
DEWEY BALLANTINE LLP
1301 Avenue of the Americas
New York, NY  10019-6092
Tel:  (212) 259-8000; Fax:  (212) 259-6333

Kenneth L. Steinthal (*pro hac vice*)
*kenneth.steinthal@weil.com*
Claire E. Goldstein (Bar No. 237979)
*claire.goldstein@weil.com*
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065
Tel:  (650) 802-3000; Fax:   (650) 802-3100

Bruce S. Meyer (*pro hac vice*)
*bruce.meyer@weil.com*
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY  10153
Tel:  (212) 310-8000; Fax:  (212) 310-8007

Attorneys for Defendant National Football League Players
Incorporated d/b/a Players Inc., a Virginia Corporation

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| BERNARD PAUL PARRISH, HERBERT ANTHONY ADDERLEY, WALTER ROBERTS III on behalf of themselves and all others similarly situated,<br><br>             Plaintiffs,<br><br>             v.<br><br>NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a/ PLAYERS INC., a Virginia Corporation,<br><br>             Defendant. | Case No.  C 07 00943 WHA<br><br>**PLAYERS INC'S REPLY IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)**<br><br>Date:  May 31, 2007<br>Time:  8:00 am<br>Ctrm:  9<br>Judge:  William H. Alsup |

Case No. C 07-00943 WHA
Players Inc's Reply in Support of Its Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c)

Dockets.Justia.com

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES .................................................................................................. ii

INTRODUCTION .............................................................................................................1

I.     LEGAL STANDARD FOR A RULE 12(c) MOTION ............................................2

II.    THE COURT MUST APPLY EITHER THE LAW OF VIRGINIA
       OR THE LAWS OF EACH APPLICABLE STATE ...............................................3

III.   PLAINTIFFS ALLEGE NO FACTS CAPABLE OF SUPPORTING A
       CLAIM THAT PLAYERS INC OWES THEM ANY FIDUCIARY DUTY .........5

       A.     Plaintiffs Do Not Allege Any Facts That Would Support a Claim
              Based on an Implied Agency Relationship Between Plaintiffs
              and Players Inc ..............................................................................................5

       B.     Plaintiffs Do Not Allege Any Facts That Would Support a Claim
              Based on a Confidential Relationship ..........................................................9

       C.     None of the Other "Facts" Alleged by Plaintiffs Support Their
              Claim That There Was an Agency or Fiduciary Relationship
              Between Plaintiffs and Players Inc ............................................................10

       D.     Plaintiffs Have Not Alleged Facts Sufficient to Establish a Breach
              of Any Fiduciary Duty ................................................................................12

IV.    PLAINTIFFS HAVE NOT ALLEGED FACTS THAT WOULD SUPPORT
       AN UNJUST ENRICHMENT CLAIM ................................................................12

V.     PLAINTIFFS HAVE NOT ALLEGED FACTS TO SUPPORT A CLAIM
       FOR AN ACCOUNTING .....................................................................................14

VI.    LEAVE TO AMEND WOULD BE FUTILE BECAUSE PLAINTIFFS'
       PROFFERED SECOND AMENDED COMPLAINT WOULD NOT
       CURE THE DEFICIENCIES OF ITS PRIOR COMPLAINTS ...........................15

CONCLUSION ...............................................................................................................16

**DEWEY BALLANTINE LLP**
1950 University Avenue, Suite 500
East Palo Alto, California 94303-2225

i

1

**TABLE OF AUTHORITIES**

**Page(s)**

2

<u>**Cases**</u>

3

<u>Aagard v. Palomar Builders, Inc.</u>,
4      344 F. Supp. 2d 1211 (E.D. Cal. 2004)..........................................................10

<u>Allen v. Lindstrom</u>,
5      237 Va. 489 (1989) ........................................................................................11

6  <u>Am. Security & Trust Co. v. John J. Juliano, Inc.</u>,
7      203 Va. 827 (1962) ..........................................................................................8

8  <u>Arno v. Club Med, Inc.</u>,
    22 F.3d 1464 (9th Cir. 1994) ......................................................................3, 4

9  <u>Balistreri v. Pacifica Police Dep't</u>,
10      901 F.2d 696 (9th Cir. 1988) ...........................................................................3

11  <u>Beery v. State Bar of Cal.</u>,
    43 Cal. 3d 802 (1987) ....................................................................................10

12  <u>Bishop v. Saab Auto A.B.</u>,
13      95-0721 JGD(JRX), 1996 WL 33150020 (C.D. Cal. 1996) .............................5

14  <u>Borders Online, LLC v. State Bd. of Equalization</u>,
    129 Cal. App. 4th 1179 (2005) ........................................................................8

15  <u>Browning v. Yahoo, Inc.</u>,
16      04-01463HRL, 2004 WL 2496183 (N.D. Cal. Nov. 4, 2004) ......................14

17  <u>Carpenter Foundation v. Oakes</u>,
    26 Cal. App. 3d 784 (1972) .............................................................................7

18  <u>Chou v. Univ. of Chicago</u>,
19      254 F.3d 1347 (Fed. Cir. 2001).....................................................................10

20  <u>City of Oakland v. Comcast Corp.</u>,
    No. C 06-5380 CW, 2007 WL 518868 (N.D. Cal. Feb. 14, 2007) ..............13

21  <u>Civic W. Corp. v. Zila Indus., Inc.</u>,
22      66 Cal. App. 3d 1 (1977) ..............................................................................14

23  <u>County of Santa Clara v. Astra USA, Inc.</u>,
    401 F. Supp. 2d 1022 (N.D. Cal. 2005) ........................................................14

24  <u>Cruz v. United States</u>,
    219 F. Supp. 2d 1027 (N.D. Cal. 2002) ........................................................14
25

26  <u>Dinosaur Dev., Inc. v. White</u>,
    216 Cal. App. 3d 1310 (1989) ......................................................................13

27  <u>Emery v. Visa Int'l Serv. Ass'n</u>,
28      95 Cal. App. 4th 952 (2002) .........................................................................11

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, California 94303-2225

ii

<u>Epstein v. Wash. Energy Co.</u>,
    83 F.3d 1136 (9th Cir. 1996) ................................................................................ 3

<u>Estate of Migliaccio v. Midland Nat'l Life Ins. Co.</u>,
    436 F. Supp. 2d 1095 (C.D. Cal. 2006) .............................................................. 10

<u>Faigman v. Cingular Wireless, LLC</u>,
    06-04622 MHP, 2007 WL 708554 (N.D. Cal. Mar. 2, 2007) ................................ 13

<u>Friendly Ice Cream Corp. v. Beckner</u>,
    2688 Va. 23 (2004) .............................................................................................. 10

<u>Ghirardo v. Antonioli</u>,
    14 Cal. 4th 39 (1996) ........................................................................................... 14

<u>Golden Day Schools, Inc. v. Dept. of Ed.</u>,
    69 Cal. App. 4th 681 (1999) ............................................................................. 4, 8

<u>Heliotrope Gen., Inc. v. Ford Motor Co.</u>,
    189 F.3d 971 (9th Cir. 1999) ................................................................................. 2

<u>Highridge Place Condominum Unit Owner's Ass'n v. Langley</u>,
    66 Va. Cir. 185 (2004) .......................................................................................... 4

<u>Hurtado v. Superior Court</u>,
    11 Cal. 3d 574 (1974) ........................................................................................... 3

<u>IB Melchoir v. New Line Prods., Inc.</u>,
    106 Cal. App. 4th 779 (2003) .............................................................................. 13

<u>In re Cherokee Corp. of Linden</u>,
    222 B.R. 281 (E.D. Va. 1998) ............................................................................. 13

<u>In re Daisy Sys. Corp.</u>,
    97 F.3d 1171 (9th Cir. 1996) ............................................................................ 8, 10

<u>In re Nat'l. W. Life Ins. Deferred Annuities Litig.</u>,
    467 F. Supp. 2d 1071 (S.D. Cal. 2006) ................................................................ 10

<u>Kang v. Roof</u>,
    No. 91844, 1991 WL 835012 (Va. Cir. Ct. June 13, 1991) .................................. 13

<u>Lauriedale Assocs., Ltd. v. Wilson</u>,
    7 Cal. App. 4th 1439 (1992) ................................................................................ 13

<u>Lectrodryer v. Seoulbank</u>,
    77 Cal. App. 4th 723 (2000) ................................................................................ 14

<u>Marina Tenants Assoc. v. Deauville Marina Dev. Co.</u>,
    181 Cal. App. 3d 122 (1986) ............................................................................... 13

<u>Michelson v. Hamada</u>,
    29 Cal. App. 4th 1566 (1994) ............................................................................... 8

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, California 94303-2225

iii

Case No. C 07-00943 WHA
Players Inc's Reply in Support of Its Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c)

<u>Microstrategy, Inc. v. Netsolve, Inc.</u>,
    368 F. Supp. 2d 533 (E.D. Va. 2005) ........................................................................ 12

<u>Nelson v. City of Irvine</u>,
    143 F.3d 1196 (9th Cir. 1998) ..................................................................................... 2

<u>Nordberg v. Trilegiant Corp.</u>,
    445 F. Supp. 2d 1082 (N.D. Cal. 2006) ..................................................................... 14

<u>Penn. Casualty Co. v. Chris Simopoulos, M.D., Ltd.</u>,
    235 Va. 460 (1988) ...................................................................................................... 4

<u>People v. Robertson</u>,
    6 Cal. App. 514 (1907) ................................................................................................ 7

<u>Pollack v. Lyttle</u>,
    120 Cal. App. 3d 931 (1981) ....................................................................................... 8

<u>Recorded Picture Co. v. Nelson Entm't, Inc.</u>,
    53 Cal. App. 4th 350 (1997) ........................................................................................ 9

<u>Robinson v. Fair Employment & Hous. Comm'n</u>,
    823 P.2d 767 (Cal. 1992) ............................................................................................. 8

<u>San Francisco Bay Area Rapid Transit Dist. v. Spencer</u>,
    No. C 04-04632 SI, 2007 WL 81899 (N.D. Cal. Jan. 9, 2007).................................... 14

<u>Sanchez v. Medicorp Health Sys.</u>,
    270 Va. 299 (2005) ...................................................................................................... 8

<u>Singer v. Dungan</u>,
    No. 107888, 1992 WL 884986 (Va. Cir. Ct. Oct. 28, 1992) ...................................... 13

<u>Stokes v. Henson</u>,
    217 Cal. App. 3d 187 (1990) ..................................................................................... 10

<u>W. Mining Council v. Watt</u>,
    643 F.2d 618 (9th Cir. 1981) ....................................................................................... 3

<u>Wackenhut Applied Techs. v. Sygnetron Protection Sys., Inc.</u>,
    979 F.2d 980 (4th Cir. 1992) ....................................................................................... 4

<u>Waverly Prods, Inc. v. RKO General, Inc.</u>,
    217 Cal. App. 2d 721 (1963) ..................................................................................... 14

<u>Whittaker v. Otto</u>,
    188 Cal. App. 2d 619 (1981) ....................................................................................... 7

**<u>Statutes and Rules</u>**

Fed. R. Civ. P. 12(c) ............................................................................................... passim

Cal. Civ. Proc. Code § 343 .............................................................................................. 6

Fla. Stat. Ann. § 95.11(o).................................................................................................. 6

iv

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, California 94303-2225

Va. Code Ann. § 8.01-38.1 ................................................................................................. 4

Va. Code Ann. § 8.01-248 ................................................................................................. 6

**<u>Secondary Sources</u>**

31 C.J.S. <u>Estoppel & Waiver</u> § 88 (2007)........................................................................ 7

Kim Johnston, <u>Using Fiduciary Law to Compel Disclosure of Managed Care Financial
    Incentives</u>, 35 San Diego L. Rev. 951 (1998)............................................................. 5

Restatement (Second) of Agency § 15 cmt. e (1958) ................................................... 6

Stephen Bainbridge, <u>Incorporating State Law Fiduciary Duties into the Federal Insider
    Trading Prohibition</u>, 52 Wash. & Lee L. Rev. 1189 (1995) ........................................ 5

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, California 94303-2225

v

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, California 94303-2225

**INTRODUCTION**

As Players Inc demonstrated in its Motion for Judgment on the Pleadings ("Moving Br."), the First Amended Complaint must be dismissed because it fails to state legally cognizable claims for breach of fiduciary duty, unjust enrichment or an accounting.  Nothing in Plaintiffs' Opposition to Defendant's Motion for Judgment on the Pleadings, or, In the Alternative, Request to File Second Amended Complaint ("Opp.") supports a different result.

First, Plaintiffs do not allege any facts in the Amended Complaint that would support a claim for breach of fiduciary duty.  In particular, Plaintiffs do not allege, and cannot in good faith allege, that Parrish and Roberts have a relationship of any kind with Players Inc or that Players Inc has misused or misappropriated their assets.  Moreover, they concede that the relationship between Players Inc and Adderley was purely contractual in nature and that such a relationship cannot be the basis for a breach of fiduciary duty claim.  Opp. at 12:5-13.

Rather than concede that their claim for breach of fiduciary duty is fatally defective, however, Plaintiffs cite statements by Players Inc that it purportedly represented "3,500 retired NFL players" and "over 3000 retired players" (without specification of any individual players).  Opp. at 10:15-18.  Plaintiffs contend, without any support in the case law, that these statements alone are a sufficient basis to state a claim that Players Inc acted as an agent, or an agent by estoppel, of Plaintiffs and every other retired NFL player in the country.  This is not the law.

Plaintiffs concede that their new agency claim cannot survive absent complaint allegations that Players Inc either bound them to a third party, or disposed of or interfered with Plaintiffs' assets (Opp. at 7:12-16).  The Amended Complaint fails to allege any such facts, however.  Plaintiffs do not allege, and cannot allege, that Players Inc ever licensed the names or likenesses of Parrish or Roberts (or of any retired players who did not sign GLAs), or ever licensed Adderley's name except pursuant to a GLA.[1]  In addition, Plaintiffs' claim based on agency by estoppel must be dismissed because they do not allege that they (or any retired players

---

[1] As discussed in Players Inc's Opening Br. at 3-4, retired players may participate in Players Inc group licensing activities either through GLAs or ad hoc licensing agreements.  For convenience, we will simply refer to all such agreements in this Reply as "GLAs."

1

Case No. C 07-00943 WHA
Players Inc's Reply in Support of Its Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c)

1   who did not sign GLAs) relied to their detriment on the alleged statements by Players Inc that it

2   represented "3,500 retired NFL players" – an essential element of an estoppel claim.

3            Plaintiffs' assertion that a fiduciary duty arose from a special or confidential

4   relationship with Players Inc is equally baseless.  Plaintiffs do not allege that they were

5   dependent on Players Inc or that Players Inc prevented them from promoting the sale of their

6   rights, individually or collectively, through an entity other than Players Inc.  In fact, Plaintiffs do

7   not allege any relationship <u>at all</u> between Players Inc and Parrish or Roberts, let alone a

8   confidential relationship, and they allege only a contractual relationship between Players Inc and

9   Adderley.  In sum, Plaintiffs cannot rebut the showing in Players Inc's moving papers that they

10  fail to allege facts which can support a breach of fiduciary duty claim.

11           Further, Plaintiffs do not allege any facts to support their claims for unjust

12  enrichment and an accounting, which are nothing more than derivative of their legally deficient

13  breach of fiduciary duty claim.  Indeed, as the proposed Second Amended Complaint appended

14  to their Opposition makes clear, Plaintiffs cannot allege any facts that are legally capable of

15  supporting their claims.  Permitting any amendment of the complaint would thus be futile.

16  **I.    LEGAL STANDARD FOR A RULE 12(c) MOTION**

17           Plaintiffs correctly note that a "Motion for Judgment on the Pleadings is evaluated

18  under the same standards as a Motion to Dismiss."  <u>See</u> Opp. at 2:16-17.  However, Plaintiffs

19  then erroneously contend that to prevail on this Rule 12(c) motion, "<u>Defendant must be able to</u>

20  <u>establish that no material issue of fact remains to be resolved</u>, and is therefore entitled to

21  judgment as a matter of law on each of the claims alleged."  <u>Id.</u> at 3:7-9 (emphasis added).  This

22  is not correct.  "A judgment on the pleadings is properly granted when, taking all the allegations

23  in the [complaint] as true, the moving party is entitled to judgment as a matter of law."

24  <u>Heliotrope Gen., Inc. v. Ford Motor Co.</u>, 189 F.3d 971, 978-79 (9th Cir. 1999) (<u>citing</u> <u>Nelson v.</u>

25  <u>City of Irvine</u>, 143 F.3d 1196, 1200 (9th Cir. 1998)).  Because all factual allegations in the

26  complaint must be assumed to be true, there are no factual issues to be resolved.[2]

27  _____

28  [2] Because they confuse the standard for a Rule 12(c) motion, Plaintiffs erroneously contend that
    determining whether there is an implied agency or confidential relationship necessarily involves
    fact finding and thus cannot be resolved on a Rule 12(c) motion.  <u>See</u> Opp. at 6:9-14; 11:26-12:4.

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, California 94303-2225

2

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, California 94303-2225

A complaint must be dismissed where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). While the Court must presume all well-pleaded factual allegations in the complaint to be true, it is not "necessar[y] [to] assume the truth of legal conclusions merely because they are cast in the form of factual allegations." W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); see also Epstein v. Wash. Energy Co., 83 F.3d 1136, 1140 (9th Cir. 1996) ("conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim"). As Players Inc demonstrated in its moving brief, Plaintiffs fail to allege any facts capable of supporting any of their asserted legal claims, and, thus, their Amended Complaint must be dismissed.

## II.    THE COURT MUST APPLY EITHER THE LAW OF VIRGINIA OR THE LAWS OF EACH APPLICABLE STATE

Although Plaintiffs concede that California courts apply a "governmental interest" test to choice of law questions, they erroneously contend that California law applies to each of Plaintiffs' claims in this case. Under the governmental interest test, the Court must consider: (1) whether the states' laws differ; (2) each state's interest in having its law apply; and (3) whether there is a conflict between application of the laws. See Hurtado v. Superior Court, 11 Cal. 3d 574, 579 (1974); Arno v. Club Med, Inc., 22 F.3d 1464, 1468 (9th Cir. 1994). In their cursory discussion of the issue, Plaintiffs ignore important differences between California law and the law of Virginia, Players Inc's home state.[3] Moreover, Plaintiffs do not identify any interest on the part of California in applying its law to the claims of non-California plaintiffs here. Thus, balancing the government interests, this Court should apply Virginia law. Alternatively, if the Court concluded that the law of a plaintiff's home state should apply, in light of the fact that Plaintiffs purport to assert claims on behalf of a 50-state class of retired NFL players, the Court would have to apply the laws of each state to the claims of plaintiffs domiciled in that state.

---

[3] In its Opening Brief, Players Inc noted that there were no material differences between California and Virginia law with respect to certain specific legal issues discussed in the brief. Opening Br. at 6 n.5. Plaintiffs disingenuously assert that Players Inc thus conceded that there are no differences between California and Virginia law with respect to any of the legal issues involved in the lawsuit – something that is manifestly untrue. See Opp. at 4:5-8.

1    Plaintiffs' central claim is that Players Inc allegedly owed them a fiduciary duty

2   and breached that duty.  There are important differences, however, between the fiduciary duty

3   laws of California and Virginia.  For example, Plaintiffs now contend that Players Inc owes

4   Plaintiffs a fiduciary duty based on an alleged "agency by estoppel."  Opp. at 6:1-4.  Although

5   both California and Virginia recognize some type of agency by estoppel, under Virginia law,

6   "estoppel must be shown by clear and convincing evidence."  See Highridge Place

7   Condominium Unit Owner's Ass'n v. Langley, 66 Va. Cir. 185, 187 (2004).  This heightened

8   evidentiary standard protects Virginia defendants, such as Players Inc, from the imposition of

9   principal-agent liability without "clear, precise and unequivocal evidence."  See Penn. Casualty

10   Co. v. Chris Simopoulos, M.D., Ltd., 235 Va. 460, 465 (1988).  Under California law, on the

11   other hand, agency by estoppel can be proven by a preponderance of the evidence.  See, e.g.,

12   Golden Day Schools, Inc. v. Dept. of Ed., 69 Cal. App. 4th 681, 692-93 (1999).

13    By way of further example, Virginia law differs from California law because it

14   limits the amount of punitive damages awards.  See Va. Code Ann. § 8.01-38.1 ("total amount of

15   [punitive damages] awarded may not exceed $350,000").  The goal of the Virginia legislature

16   was to "limit … punitive damages awards to those that punish and deter and to prevent awards

17   that burden the state's economy."  See Wackenhut Applied Techs. v. Sygnetron Protection Sys.,

18   Inc., 979 F.2d 980 (4th Cir. 1992).  California, by contrast, imposes no such limits on punitive

19   damages.  Here, where Plaintiffs seek punitive damages in an unspecified amount (see Am.

20   Compl., "Prayer for Relief" at ¶ b), this difference between the laws is significant.

21    Under the governmental interest test, this Court should apply Virginia law.

22   Players Inc is a Virginia corporation and this case has no connection to California other than the

23   presence of one of the named Plaintiffs, while the activities at issue generally occur in and

24   around Virginia.  See Players Inc's Mot. to Transfer Venue at 8.  Since Plaintiffs – who are

25   residents of Florida, New Jersey, and California – have not articulated any California interest that

26   would be compromised by the application of Virginia law, Virginia law should apply.  See, e.g.,

27   Arno, 22 F.3d at 1468 (applying French law where plaintiff was a California resident but

28   defendant was based in Guadeloupe and all relevant activity occurred there).

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, California 94303-2225

4

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, California 94303-2225

In the alternative, if the Court concludes that Virginia law does not apply because Plaintiffs are not Virginia residents and purport to represent a nationwide class of retired players, including some California residents, the Court must apply the laws of all 50 states.  There are significant differences in the fiduciary duty laws among the states.  See Kim Johnston, Using Fiduciary Law to Compel Disclosure of Managed Care Financial Incentives, 35 San Diego L. Rev. 951, 961-62 (1998) ("While most jurisdictions recognize a cause of action for breach of fiduciary duty, the elements of this cause of action and the damages recoverable vary widely."); Stephen Bainbridge, Incorporating State Law Fiduciary Duties into the Federal Insider Trading Prohibition, 52 Wash. & Lee L. Rev. 1189, 1213 (1995) ("Different states impose different fiduciary duties on the same relationship.").  Accordingly, if the Court declines to apply Virginia law to all Plaintiffs, it should apply the laws of all states where individual Plaintiffs reside.  See Bishop v. Saab Auto A.B., 95-0721 JGD(JRX), 1996 WL 33150020, *4-*5 (C.D. Cal. Feb. 16,1996) (stating that "California may not abrogate the rights of parties beyond its borders" and questioning whether "application of California law to non-resident plaintiffs is constitutional").

## III.  PLAINTIFFS ALLEGE NO FACTS CAPABLE OF SUPPORTING A CLAIM THAT PLAYERS INC OWES THEM ANY FIDUCIARY DUTY

### A.  Plaintiffs Do Not Allege Any Facts That Would Support a Claim Based on an Implied Agency Relationship Between Plaintiffs and Players Inc

As Players Inc demonstrated in its moving brief, Plaintiffs fail to allege any facts that can support a claim that Players Inc owed them a fiduciary duty or breached any such duty. It is axiomatic that in order for one party to owe a fiduciary duty to another, there must be a relationship between them that gives rise to such duty.  See Moving Br. at 6-11 (discussing cases).  Plaintiffs do not allege that there was any relationship at all between Players Inc and Parrish or Roberts, much less a fiduciary relationship, and they allege, at most, the existence of a contractual licensing relationship between Players Inc and Adderley – which they now concede cannot give rise to a fiduciary duty.  Opp. at 12:5-13.[4]

---

[4] Plaintiffs now allege in their Opposition, but not in the Amended Complaint, that Parrish signed GLAs with the NFLPA in 1997 and 1998, but concede that these agreements could not give rise to a fiduciary relationship.  Opp. at 12 n.4.  Moreover, even if a fiduciary relationship could be grounded in such GLAs, a claim arising out of the Parrish GLAs, which expired in 1999, would be barred by the statutes of limitations of Virginia (two years, Va. Code Ann.

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, California 94303-2225

1    Having failed to allege any relationship between Plaintiffs and Players Inc that

2 could give rise to a cognizable fiduciary duty, Plaintiffs now contend that Players Inc falsely

3 purported to represent <u>all</u> retired NFL players for licensing purposes and that this assertion

4 somehow created an agency relationship with Plaintiffs that would support a fiduciary duty

5 claim.  Opp. at 4:10-8:24.  They do not allege (and could not allege), however, that Players Inc

6 ever licensed the images of any retired players, including Plaintiffs, who did not sign and have,

7 in effect, an unexpired GLA.  In other words, they do not allege any improper use of any right or

8 asset of Plaintiffs or any other facts from which the Court could find an agency relationship

9 between Players Inc and Plaintiffs (or any other retired players), and thus their claim for breach

10 of fiduciary duty cannot be saved from dismissal.

11    Plaintiffs' implied agency theory rests principally on the assertion that

12 "PLAYERS INC purported to represent <u>every</u> retired NFL player."  Opp. at 4:11-12 (emphasis in

13 original).  This assertion is belied by actual factual allegations in their Complaint, such as that

14 Players Inc claimed to represent "all 1,800 active" and "3,500 retired NFL players" (Am. Compl.

15 Exh. A) or "over 3,000 retired players" (Am. Compl. ¶ 12 ).  As retired NFL players themselves,

16 Plaintiffs presumably are aware that the total number of retired players greatly exceeds 3,500

17 (Players Inc estimates there to be over 13,000 retired players currently living).  <u>See</u> Players Inc's

18 Reply in Support of Motion for Sanctions at 2.  Even if, however, it were accepted to be true for

19 purposes of this motion that Players Inc claimed that it represented "every" retired player,

20 Plaintiffs do not point to a single case to support their contention that this assertion (without

21 more) could give rise to an implied agency or fiduciary duty.  Indeed, Plaintiffs expressly

22 concede that, under applicable law, "one who purports to act on behalf of another but without the

23 authority to do so" may be subject to the obligations of an agent only "if he affects the

24 principal's interests <u>either by binding the principal to a third party where he has apparent</u>

25 <u>authority, or by disposing of or meddling with the principal's assets.</u>"  Opp. at 7:14-16, (<u>citing</u>

26 Restatement (Second) of Agency § 15 cmt. e (1958) (emphasis added)).

27

28 § 8.01-248 (West 2007)), California (four years, Cal. Civ. Proc. Code § 343 (West 2007), and
Parrish's home state, Florida (four years, Fla. Stat. Ann. § 95.11(o) (West 2007))).

6

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, California 94303-2225

1    As a threshold matter, it should be noted that Plaintiffs do not cite any cases that

2  would support their theory of "implied agency" under Virginia law.  Counsel for Players Inc has

3  diligently researched the reported case law and has not found any such cases either.  If this Court

4  determines that Virginia law should apply (see discussion at Section II, <u>supra</u>), the breach of

5  fiduciary duty claim should be dismissed for that reason alone.  However, even if the Court were

6  to apply California law, none of the California cases cited by Plaintiffs supports their claim either

7  and, thus, dismissal is required regardless of which state's law applies.

8    For example, in <u>Carpenter Foundation v. Oakes</u>, 26 Cal. App. 3d 784 (1972), a

9  case upon which Plaintiffs rely, the court held the defendant liable under an agency theory when

10  he misappropriated intellectual property that had been entrusted to him by the plaintiff.  Here, by

11  contrast, Plaintiffs do not allege that Players Inc <u>ever</u> licensed the names or images of Plaintiffs

12  who did not have a signed GLA in effect (or of any retired players who did not sign GLAs),

13  much less that Players Inc misappropriated such names, images, or any other intellectual

14  property in any way.  In another case relied upon by Plaintiffs, <u>People v. Robertson</u>, 6 Cal. App.

15  514, 517 (1907), the court found the defendant tax official guilty of embezzling funds received

16  from a taxpayer, rejecting his argument that he had not acted as an agent of the state when

17  accepting payment of the funds.  Here, by contrast, Plaintiffs do not allege that Players Inc ever

18  even <u>held</u> – much less misappropriated – any funds of Parrish or Roberts (who do not allege in

19  the Amended Complaint that they ever participated in Players Inc licensing activities), and they

20  do not dispute that Adderley received any compensation to which he was contractually entitled.

21    Plaintiffs also cite <u>Whittaker v. Otto</u>, 188 Cal. App. 2d 619 (1981), for the

22  proposition that "by holding oneself out as an agent, a party is later estopped from using

23  anything gained thereby as against its purported principle [sic]."  Opp at 8:6-7.[5]  Plaintiffs'

24  invocation of estoppel, however, highlights another critical flaw in their claim of implied agency.

25  It is hornbook law that for estoppel to apply, a plaintiff must have relied to his detriment on some

26  action by the defendant.  31 C.J.S. <u>Estoppel & Waiver</u> § 88 (2007) ("detrimental reliance … is an

27
28
---
[5] Not only does <u>Whittaker</u> not support Plaintiffs' theory, it further illustrates why their claim
should be dismissed.  <u>Whittaker</u> involved both an express agency agreement and
misappropriation of the principal's property, neither of which Plaintiffs allege here.

essential element of estoppel").  The Virginia Supreme Court has held that to establish agency by

estoppel, there must be "a showing of justifiable reliance by the injured person upon the

representation" of the party denying agency.  Sanchez v. Medicorp Health Sys., 270 Va. 299,

306 (2005); see also Am. Security & Trust Co. v. John J. Juliano, Inc., 203 Va. 827, 834 (1962)

(Plaintiff must have been "misled to his injury by relying upon the conduct of the other party.").[6]

Thus, even assuming it to be true for purposes of this motion that Players Inc represented that it

acted on behalf of "all retired NFL players," Plaintiffs do not allege any facts that would support

a claim that they relied upon that representation to their detriment.  Without an allegation of

detrimental reliance by Plaintiffs, any claim grounded in estoppel must fail.

None of the other cases cited by Plaintiffs support their theory that there can be an

agency absent a direct relationship between the parties.  See, e.g., Michelson v. Hamada, 29 Cal.

App. 4th 1566, 1575-76 (1994) (finding a fiduciary relationship where there was a written

agency agreement between the parties); Pollack v. Lyttle, 120 Cal. App. 3d 931, 940 (1981)

(finding an agency relationship where plaintiff, a lawyer, agreed to retain defendant as co-

counsel to perform certain specific legal functions); In re Daisy Sys. Corp., 97 F.3d 1171, 1178

(9th Cir. 1996) (finding an agency relationship where plaintiff retained defendant to advise it in

connection with a corporate acquisition).  Here, by contrast, Plaintiffs do not allege that there

ever was any agency agreement between Players Inc and Plaintiffs, contending only that Players

Inc unilaterally held itself out as representing "all retired NFL players."  Indeed, unlike Borders

Online, LLC v. State Bd. of Equalization, 129 Cal. App. 4th 1179 (Cal. App. 2005), where the

claimed principal advertised on its website that Borders stores were its "authorized agent or

representative for the purpose of accepting returns of online merchandise from California

purchasers," 129 Cal. App. 4th at 1189, there is no allegation that Plaintiffs ever stated to anyone

that Players Inc was their "authorized agent or representative" for any purpose whatsoever.

Finally, Plaintiffs assert (citing no authority) that "[t]here is no law or logic that

does or should permit the self-proclaimed agent to keep its ill-gotten gains by denying the very

---

[6] Similarly, detrimental reliance is an essential element of an estoppel claim under California
law.  See Robinson v. Fair Employment & Hous. Comm'n, 2 Cal 4th 226, 244-45 (1992);
Golden Day Schools, Inc. v. Dep't. of Educ., 69 Cal. App. 681, 693-94 (1999).

8

1    agency from which it has benefited to the detriment of another." As discussed, however,

2    Plaintiffs have alleged no facts that would support a claim that Players Inc possesses any "ill-

3    gotten gains" or has unjustly benefited in any way from the intellectual property rights of

4    Plaintiffs, or any retired players.

5    **B.    Plaintiffs Do Not Allege Any Facts That Would Support a Claim Based on a Confidential Relationship**

6            Plaintiffs also contend that Players Inc owed them a fiduciary duty arising out of a

7    purported "confidential relationship." As every one of the cases they cite makes clear, however,

8    it is an essential element of a breach of fiduciary claim based on a "confidential relationship" that

9    there first be a <u>relationship</u> between plaintiffs and defendants. Plaintiffs have alleged no facts to

10   support a claim that there is any relationship between Players Inc and Parrish or Roberts and

11   allege, at most, a previous, purely contractual relationship between Players Inc and Adderley.

12           Plaintiffs quote <u>Recorded Picture Co. v. Nelson Entertainment, Inc.</u>, 53 Cal. App.

13   4th 350, 370 (1997), in which the court stated that a "fiduciary relationship is created where a

14   person reposes trust and confidence in another and the person in whom such confidence is

15   reposed obtains control over the other person's affairs." <u>See</u> Opp. at 9:1-4. However, Plaintiffs

16   have alleged no facts that would support a claim that they "reposed trust and confidence" in

17   Players Inc or that Players Inc obtained control over Plaintiffs' affairs. Moreover, <u>Recorded</u>

18   <u>Picture Co.</u> demonstrates why Plaintiffs' claim based on a purported "confidential relationship"

19   must fail. In that case, although there was a relationship between the plaintiff movie producers

20   and a distributor (Hemdale), and a relationship between Hemdale and the defendant, there was

21   no direct relationship between plaintiffs and the defendant. Consequently, the California Court

22   of Appeal held that there could not be any "confidential relationship" between plaintiffs and the

23   defendant giving rise to a fiduciary duty. <u>See Recorded Picture Co.</u>, 53 Cal. App. 4th at 370-

24   371. Here, where Plaintiffs do not allege any relationship between themselves and Players Inc,

25   their breach of fiduciary duty claim similarly must fail.

26           None of the other cases cited by Plaintiffs support their claim of a confidential

27   relationship in the absence of an actual relationship between the parties. <u>See, e.g.</u>, <u>In re Daisy</u>

28

**DEWEY BALLANTINE LLP**
1950 University Avenue, Suite 500
East Palo Alto, California 94303-2225

9

Sys. Corp., 97 F.3d at 1178 (finding a fiduciary relationship where plaintiff retained defendant to advise it in connection with a corporate acquisition); Stokes v. Henson, 217 Cal. App. 3d 187, 194 (1990) (finding a fiduciary relationship where defendant investment adviser approached individual investors in order to involve them in several investments); Estate of Migliaccio, 436 F. Supp. 2d 1095, 1108 (C.D. Cal. 2006) (finding a fiduciary relationship between an insurance company and individuals it fraudulently induced into buying worthless annuities); In re Nat'l. W. Life Ins. Deferred Annuities Litig., 467 F. Supp. 2d 1071, 1087 (S.D. Cal. 2006) (same); Aagard v. Palomar Builders, Inc., 344 F. Supp. 2d 1211, 1220 (E.D. Cal. 2004) (finding a fiduciary relationship between a builder and a draftsman it retained to modify its housing designs); Beery v. State Bar of Cal., 43 Cal. 3d 802, 814 (1987) (finding a confidential relationship where a lawyer misappropriated money from a long-standing client); Chou v. Univ. of Chicago, 254 F.3d 1347, 1362-63 (Fed. Cir. 2001) (finding a confidential relationship where a University department chairman promised a graduate student he would protect her interests).  Here, where Plaintiffs fail to allege the most fundamental element of a "confidential relationship" – an actual relationship between them and Players Inc – their arguments as to whether Players Inc was in a "superior position" to Plaintiffs (see Opp. at 10:9) are simply beside the point.[7]

**C.    None of the Other "Facts" Alleged by Plaintiffs Support Their Claim That There Was an Agency or Fiduciary Relationship Between Plaintiffs and Players Inc**

In addition to their allegations that Players Inc claimed to represent "3,500 retired NFL players" and/or "all retired NFL players" (which, as discussed in Section III.A, Supra, cannot support a an implied agency or breach of fiduciary claim), Plaintiffs' claim depends on the allegations that Players Inc: (1) markets active and retired players through licensed products such as trading cards, video games, etc.; (2) purported to have exclusive control over licensing contracts with certain licensees such as EA Sports; (3) received millions of dollars through licensing deals on behalf of NFL players; and (4) controls information "relevant to licensing

---

[7] Again, Plaintiffs cite no Virginia cases in support of their confidential relationship claim.  To state a claim under Virginia law for breach of fiduciary duty based on a confidential relationship, a plaintiff must allege, at a minimum, that there was a direct relationship between the parties. Friendly Ice Cream Corp. v. Beckner, 268 Va. 23 (2004).  Because Plaintiffs do not even allege facts to satisfy this threshold requirement of a claim based on a confidential relationship, their breach of fiduciary claim must be dismissed.

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, California 94303-2225

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, California 94303-2225

1   revenue and/or funds due and owing to Plaintiffs." See Opp at 4:11-5:2.  Plaintiffs also rely on a

2   letter to an unidentified retired player from the NFLPA (not Players Inc) stating that every retired

3   player benefits from Players Inc's licensing activities because of royalty payments the NFLPA

4   receives from Players Inc.  See id. at 5:3-5.

5           None of these allegations comes close to stating an agency or breach of fiduciary

6   duty claim running to Plaintiffs.  The fact that Players Inc represents retired players who did sign

7   GLAs, and receives revenues from licensees arising out of such "licensing deals," cannot support

8   a claim that Players Inc is the agent of retired players who did not sign GLAs.  Moreover,

9   Plaintiffs' conclusory allegation that Players Inc controls information "relevant to licensing

10  revenue and/or funds due and owing to Plaintiffs" is belied by the fact that Plaintiffs do not (and

11  cannot) allege that Players Inc ever licensed their names or images to anyone absent a GLA –

12  and thus they do not (and cannot) allege that there ever were any "licensing revenue[s] and/or

13  funds due and owing" to them that were not paid.  In addition, Plaintiffs do not explain how

14  exclusive licensing agreements with licensees such as EA Sports could create an agency

15  relationship between Players Inc and any retired players (such as Plaintiffs), whose names and

16  images are not licensed by Players Inc in the first place.  And finally, Plaintiffs do not explain

17  how a letter from the NFLPA (not Players Inc) could be relevant to their agency claim against

18  Players Inc (not the NFLPA).

19          To state a claim for breach of fiduciary duty based on an agency relationship

20  under Virginia law, a plaintiff must allege facts to show "the manifestation of consent by one

21  person to another that the other shall act on his behalf and subject to his control, and the

22  agreement of the other to so act."  Allen v. Lindstrom, 237 Va. 489, 496 (1989).  None of the

23  alleged "facts" in the Amended Complaint can support a claim that Plaintiffs (or any retired

24  players who did not sign GLAs) manifested their consent that Players Inc would "act on [their]

25  behalf and subject to [their] control."  Indeed, the Virginia Supreme Court has made clear that

26  failure to allege the element of control defeats any agency claim.  See id.[8]

27  _____

28  [8] Plaintiffs' failure to allege facts supporting the "control" element alone is similarly fatal to a
    breach of fiduciary duty claim under California law.  See Emery v. Visa Int'l Serv. Ass'n, 95
    Cal. App. 4th 952, 960 (2002).

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, California 94303-2225

**D.    Plaintiffs Have Not Alleged Facts Sufficient to Establish a Breach of Any Fiduciary Duty**

As Players Inc demonstrated in its Moving Brief, not having alleged facts sufficient to support a claim that Players Inc owed Plaintiffs any fiduciary duty, Plaintiffs cannot state a claim that Players Inc breached such duty.  See Moving Br. at 6:3-11:16.  Moreover, Plaintiffs have alleged no facts to support a claim that Players Inc breached any such duty.  See Moving Br. at 11:17-13:9.  Plaintiffs offer nothing in their Opposition to overcome this additional fatal defect.  Their conclusory allegations that Players Inc "has revealed only sketchy and inadequate information to Plaintiffs relevant to revenues, efforts and opportunities to develop business opportunities"; "has failed to make diligent efforts to generate revenue for Plaintiffs"; "has not allocated opportunities to Plaintiffs in any fair and equitable manner"; "has failed to distribute revenues to Plaintiffs"; and "has arbitrarily allocated monies to the NFLPA, instead of distributing it to the players" are legally incapable of stating a claim for breach of fiduciary duty when Plaintiffs do not allege that Players Inc ever licensed their names or images without a GLA – and therefore never had any duty to "generate revenue for Plaintiffs," share with them any "information … relevant to revenues," or "distribute [any] revenues" to them.[9]

**IV.    PLAINTIFFS HAVE NOT ALLEGED FACTS THAT WOULD SUPPORT AN UNJUST ENRICHMENT CLAIM**

Plaintiffs have not stated an independent claim for unjust enrichment.  "Under Virginia law, the elements of unjust enrichment are (1) the plaintiff's conferring of a benefit on the defendant, (2) the defendant's knowledge of the conferring of the benefit, and (3) the defendant's acceptance or retention of the benefit under circumstances that render it inequitable for the defendant to retain the benefit without paying for its value."  Microstrategy, Inc. v. Netsolve, Inc., 368 F. Supp. 2d 533, 537 (E.D. Va. 2005).  Plaintiffs allege that "Defendant has unjustly retained the benefit of its purported 'representation' of each member of the class without paying fair compensation for this benefit," and that "Plaintiffs' status as former players in the NFL has provided significant value to the Defendant which benefited the Defendant."  Opp. at

---

[9] In essence, Plaintiffs' claims represent nothing more than a legally unsupportable effort to divert to their own pockets some of the revenues earned by players who did sign GLAs and enter into licensing agreements through Players Inc.

14:14-18, citing Am. Compl. ¶¶ 37, 38.  Such conclusory allegations are not sufficient to survive

a motion to dismiss.  Plaintiffs do not allege any facts to explain how Players Inc benefited from

"its purported 'representation' of each member of the class" or from "Plaintiffs' status as former

players," or indeed what "benefits" Players Inc received.  In particular, Plaintiffs do not allege

(and could not allege) that Players Inc ever licensed their names or images, absent a GLA.  They

do not allege that Players Inc ever received a single penny in revenue from licensing the names

or images of Plaintiffs without a GLA (or of any retired player who had not signed a GLA).  In

short, Plaintiffs do not allege facts supporting the contention that they conferred any benefit on

Players Inc, and this failure is fatal to their unjust enrichment claim under Virginia law.  See In

re Cherokee Corp. of Linden, 222 B.R. 281, 288 (E.D. Va. 1998) (granting judgment to

defendant on unjust enrichment claim where there was no evidence that defendant "actually

benefited from the property"); Singer v. Dungan, No. 107888, 1992 WL 884986, *4 (Va. Cir. Ct.

Oct. 28, 1992) (sustaining demurrer for unjust enrichment claim where "plaintiff does not allege

that plaintiff conferred a benefit on defendants"); Kang v. Roof, 24 Va. Cir. 193, *2 (Va. Cir. Ct.

1991) (precluding plaintiff from recovering "for unjust enrichment for failure to prove the

essential element of enrichment").

Plaintiffs also cannot state a claim for unjust enrichment under California law.  As

Players Inc demonstrated in its Moving Brief, California courts have found that there is no

independent cause of action for unjust enrichment under California law.  See, e.g., IB Melchoir

v. New Line Prods., Inc., 106 Cal. App. 4th 779, 793 (2003) ("there is no cause of action in

California for unjust enrichment....  Unjust enrichment is 'a general principle underlying various

legal doctrines and remedies,' rather than a remedy itself.") (quoting Dinosaur Dev., Inc. v.

White, 216 Cal. App. 3d 1310, 1315 (1989)); Lauriedale Assocs., Ltd. v. Wilson, 7 Cal. App. 4th

1439, 1448 (1992) (same); Marina Tenants Assoc. v. Deauville Marina Dev. Co., 181 Cal. App.

3d 122, 134 (1986) (same); see also Faigman v. Cingular Wireless, LLC, 06-04622 MHP, 2007

WL 708554, *6 (N.D. Cal. Mar. 2, 2007); City of Oakland v. Comcast Corp., 06-5380 CW, 2007

WL 518868, *4 (N.D. Cal. Feb. 14, 2007).  Under California law, therefore, Plaintiffs' unjust

enrichment claim is entirely derivative of their claim for breach of fiduciary duty.  Because

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, California 94303-2225

13

Plaintiffs have not alleged any facts that would support a breach of fiduciary duty claim, they have no basis for seeking restitution from Players Inc for unjust enrichment under California law.

In any event, as even the cases cited by Plaintiffs make clear, to claim unjust enrichment under California law, a plaintiff must allege that a defendant unjustly retained a benefit conferred upon it by the plaintiff. See Opp. at 14:10-13. For the same reasons that Plaintiffs have not alleged any such facts to support an unjust enrichment claim under Virginia law, they have not stated a California unjust enrichment claim.[10]

## V.    PLAINTIFFS HAVE NOT ALLEGED FACTS TO SUPPORT A CLAIM FOR AN ACCOUNTING

Plaintiffs concede that to obtain an accounting they must allege there is a balance due from the defendant under some other legal theory. Opp. at 16:2-11. Again, however, Plaintiffs' failure to allege any facts that would support a claim that they were owed any monies by Players Inc under any legal theory is fatal to their claim for an accounting. Indeed, this is borne out by the very cases they cite. See County of Santa Clara v. Astra USA, Inc., 401 F. Supp. 2d 1022, 1025-1026 (N.D. Cal. 2005) (accounting remedy was appropriate if plaintiff had "paid more than allowed" under federal law); Cruz v. United States, 219 F. Supp. 2d 1027, 1041 (N.D. Cal. 2002) (dismissing accounting claim because "[t]he classic accounting action entails circumstances under which defendant owes plaintiff money"); Waverly Prods, Inc. v. RKO Gen., Inc., 217 Cal. App. 2d 721, 731 (1963) (affirming rejection of an accounting claim, except with respect to certain revenues from defendant's sublicensees owed to plaintiff); Civic W. Corp. v. Zila Indus., Inc., 66 Cal. App. 3d 1, 8-9 (1977) (remanding request for an accounting where plaintiff alleged that defendant owed money to plaintiff). Thus, an accounting is solely a form of relief, not an independent cause of action. Here, where Plaintiffs' demand for an accounting is

---

[10] None of the California cases cited by Plaintiffs support an unjust enrichment claim based on Players Inc's having "benefited" from an amorphous "'representation' of each member of the class" or from "Plaintiffs' status as former players." In each of the cases cited, the plaintiff actually conferred a tangible financial benefit on the defendant and the defendant unlawfully retained that benefit. See San Francisco Bay Area Rapid Transit Dist. v. Spencer, 04-04632 SI, 2007 WL 81899, *1 (N.D. Cal. Jan. 9, 2007); Nordberg v. Trilegiant Corp, 445 F. Supp. 2d 1082, 1100 (N.D. Cal. 2006); Browning v. Yahoo, Inc., 04-01463HRL, 2004 WL 2496183, *3 (N.D. Cal. Nov. 4, 2004); Lectrodryer v. Seoulbank, 77 Cal. App. 4th 223, 726 (2000); Ghirardo v. Antonioli, 14 Cal. 4th 39, 45 (1996).

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, California 94303-2225

14

1  grounded solely in their breach of fiduciary duty claim, their failure to state such a claim also

2  dooms their demand for an accounting.

3  **VI.    LEAVE TO AMEND WOULD BE FUTILE BECAUSE PLAINTIFFS'
         PROFFERED SECOND AMENDED COMPLAINT WOULD NOT CURE THE
4        DEFICIENCIES OF ITS PRIOR COMPLAINTS**

5              As Players Inc described in its moving brief, a complaint should be dismissed

6  with prejudice if amendment would be futile.  <u>See</u> Moving Br. at 15:10-23.  Here, Plaintiffs can

7  allege no facts stating a legally cognizable claim and therefore this Court should dismiss the First

8  Amended Complaint without leave to amend.

9              The draft Second Amended Complaint that Plaintiffs have appended to their

10 Opposition demonstrates the futility of further amending their complaint.  Plaintiffs contend that

11 the "Second Amended Complaint seeks only to clarify and explain further the claim of breach of

12 fiduciary duty against Defendant."  Opp. at 17:13-14.  Plaintiffs' clarification and explanation,

13 however, consists of nothing more than conclusory allegations that Players Inc is the "purported

14 implied and/or actual representative" or the "agent or implied agent" of retired players, based

15 upon alleged assertions by Players Inc that it represents all retired players.  <u>See</u>, <u>e.g.</u>, Second Am.

16 Compl. ¶¶ 5-6.  Plaintiffs have alleged no new facts in the proposed Second Amended Complaint

17 concerning any relationship between Players Inc and Plaintiffs that could give rise to a claim for

18 breach of fiduciary duty.  Plaintiffs also do not seek to allege (and could not allege) that Players

19 Inc ever licensed Plaintiffs' names or images (except through GLAs, which they have conceded

20 to be legally irrelevant to their breach of fiduciary duty claims), or the names or images of any

21 retired players that did not sign GLAs.  They do not seek to allege (and could not allege) any

22 facts that would support a claim that they reposed any trust in Players Inc or that they gave any

23 control to Players Inc over the conduct of their affairs.  They also do not seek to allege (and

24 could not allege) that Players Inc improperly licensed their names or images to anyone or that

25 Plaintiffs conferred any benefit on Players Inc that would support a claim for unjust enrichment.

26 In short, the draft Second Amended Complaint suffers from all of the legal defects of the original

27 Complaint and First Amended Complaint.  Permitting further amendment would be futile and the

28 First Amended Complaint should be dismissed with prejudice.

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, California 94303-2225

15

1

**CONCLUSION**

2         For all of the foregoing reasons, and the reasons set forth in Players Inc's Moving

3  Brief, Players Inc respectfully requests that this motion for judgment on the pleadings be granted

4  and that the Amended Complaint be dismissed with prejudice.

5

| Date: May 17, 2007 | DEWEY BALLANTINE LLP |
| --- | --- |
| | |
| | BY: _____ s/Jeffrey L. Kessler _____ |
| | Jeffrey L. Kessler<br>Attorneys for Defendant Players Inc |

6

7

8

9

10

**DEWEY BALLANTINE LLP**
1950 University Avenue, Suite 500
East Palo Alto, California 94303-2225

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16