Mark Malin (Bar No. 199757)
*mmalin@deweyballantine.com*
DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, CA 94303
Tel:  (650) 845-7000; Fax:  (650) 845-7333

Jeffrey L. Kessler (*pro hac vice*)
*jkessler@deweyballantine.com*
David G. Feher (*pro hac vice*)
*dfeher@deweyballantine.com*
Eamon O'Kelly (*pro hac vice*)
*eokelly@deweyballantine.com*
DEWEY BALLANTINE LLP
1301 Avenue of the Americas
New York, NY 10019-6092
Tel:  (212) 259-8000; Fax:  (212) 259-6333

Kenneth L. Steinthal *(pro hac vice)*
*kenneth.steinthal@weil.com*
Claire E. Goldstein (Bar No. 237979)
*claire.goldstein@weil.com*
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065-1175
Tel: (650) 802-3000; Fax:  (650) 802-3100

Bruce S. Meyer *(pro hac vice)*
*bruce.meyer@weil.com*
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY  10153-0119
Tel:  (212) 310-8000; Fax:  (212) 310-8007

Attorneys for Defendant National Football League Players
Incorporated d/b/a Players Inc, a Virginia Corporation

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

| | |
|---|---|
| BERNARD PAUL PARRISH, HERBERT ANTHONY ADDERLEY, and WALTER ROBERTS III, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a PLAYERS INC., a Virginia Corporation,<br><br>Defendant. | Case No. CV 07 00943 WHA<br><br>**PLAYERS INC'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO TRANSFER VENUE**<br><br>Date:  May 31, 2007<br>Time:  8:00 a.m.<br>Ctrm:  9<br>Judge:  Honorable William H. Alsup |

**INTRODUCTION**

In its opening brief, Defendant National Football League Players Incorporated d/b/a Players Inc ("Players Inc") demonstrated that for the convenience of the parties and witnesses, and in the interest of justice, this Court should grant its Motion to Transfer Venue to the Eastern District of Virginia or, alternatively, to the District of Columbia pursuant to 28 U.S.C. § 1404(a). Players Inc itself and the bulk of its testimonial and documentary evidence are located in the Washington D.C. area and the operative facts underlying this dispute mainly took place in the Washington, D.C. area. In addition, the Eastern District of Virginia and Washington D.C. have interests in this action because Players Inc is incorporated in Virginia and its licensing and marketing activities largely take in the Washington, D.C. area. Also, this case would likely go to trial much more quickly if it were transferred to the Eastern District of Virginia.

In their opposition, Plaintiffs Bernard Paul Parrish, Herbert Anthony Adderley, and Walter Roberts III ("Plaintiffs") have failed to demonstrate that the convenience of the parties and interests of justice do not support a transfer. Plaintiffs overstate the importance this Court should give to Plaintiffs' chosen forum, because the case is a purported class action and only one of the named plaintiffs lives in the district. Additionally, this Court should give no weight to the location of plaintiffs' counsel. Plaintiffs point to three purportedly relevant third-party witnesses; none of the three reside in this district and Plaintiffs have misrepresented the location of one of the witnesses, who resides in the Washington, D.C. area. Finally, while the locus of the alleged tort for one named plaintiff may be in the district, the operative facts as to all named plaintiffs and their purported class members took place primarily in the Washington, D.C. area. Therefore, this district has little interest in the dispute and a change of venue is appropriate.

There can be no question that the Eastern District of Virginia or, alternatively, Washington, D.C., is a more convenient forum for this dispute and this action should be transferred from the Northern District of California.

**ARGUMENT**

The parties agree that, pursuant to 28 U.S.C. § 1404(a), this Court may grant a motion to transfer venue if (1) the action could have been brought in the transferee district and (2)

1  a "transfer will service the convenience of the parties and witnesses, and will promote the

2  interests of justice." Alexander v. Franklin Res., Inc., No. C 06-7121 SI, 2007 WL 518859, at *2

3  (N.D. Cal. Feb. 14, 2007) (in the interest of judicial economy, court granted motion to transfer

4  case to venue where substantially similar actions were pending); see also Defendant's Motion to

5  Transfer Venue ("Transfer Motion") at 3; Plaintiffs' Opposition to Defendant's Motion to

6  Transfer Venue ("Opposition Brief") at 2.  The Plaintiffs concede that this action could have been

7  brought in the Eastern District of Virginia or Washington, D.C.  See Opposition Brief at 2.

8  The only dispute, therefore, is whether the interests of justice and convenience of

9  the parties and witnesses favor a transfer.  To determine such issues, this Court "must consider

10 both public factors which go to the interests of justice and private factors, which go to the

11 convenience of the parties and witnesses."  David v. Alphin, No. C 06-04763 WHA, 2007 WL

12 39400, at *2 (N.D. Cal. Jan. 4, 2007) (granting motion to transfer venue in alleged class action

13 case involving breach of fiduciary duty of defendant bank to its retirees to district where

14 defendants were located).  The factors include (1) plaintiffs' choice of forum; (2) the convenience

15 of the parties; (3) the convenience of the witnesses; (4) ease of access to evidence; (5) the

16 familiarity of the forums with the applicable law; (6) local interest in the dispute; and (7) the

17 relative east of court congestion and time of trial in each forum.  See Alexander, 2007 WL

18 518859 at *2.  Because Plaintiffs have failed to refute that these factors weigh in favor of a

19 transfer to the Eastern District of Virginia, this Court should grant Players Inc's motion.

20 **I.      PLAINTIFFS' CHOICE OF FORUM SHOULD BE GIVEN LIMITED
21                 DEFERENCE**

22 Plaintiffs argue that this Court should not disturb Plaintiffs' choice of forum.  See

23 Opposition Brief at p. 3.  However, they do not dispute that where a plaintiff "purports to

24 represent a nationwide class," a plaintiff's choice of forum is "less significant."  Alexander, 2007

25 WL 518859 at * 3 (in granting motion to transfer venue, court accorded less weight to plaintiff's

26 choice of forum where plaintiff purported to represent uncertified nationwide class); see also

27 Berenson v. Nat'l Fin. Servs., LLC, 319 F. Supp. 2d 1, 3-4 (D. D.C. 2004) (court gave "little

28 deference" to plaintiffs' choice of forum and granted motion to transfer venue in uncertified class

1   action lawsuit by consumers against electronic bill payment service); <u>Genden v. Merrill, Lynch,
2   Pierce, Fenner & Smith. Inc.</u>, 621 F. Supp. 780, 781 (N.D. Ill. 1985) (plaintiff's choice of venue
3   was accorded less deference in nationwide class action lawsuit that had "no unique local interest
4   or contact" with the chosen district); Transfer Motion at 5.

5   Plaintiffs' attempts to distinguish <u>David</u>, 2007 WL 39400 at *3, are insufficient.
6   <u>See</u> Opposition Brief at 3. While it is true that the Court gave some deference to the plaintiff's
7   choice of forum, the Court also acknowledged that in a class action lawsuit, the named plaintiffs'
8   choice of forum is given less deference.

9   Similarly, plaintiffs have not disputed that less deference is given to a plaintiff's
10  chosen forum when the operative facts giving rise to the dispute occurred outside the forum and
11  where the forum has little interest in the parties or subject matter. <u>See</u> <u>Jaco Envtl. Inc v.
12  Appliance Recycling Ctrs. of America, Inc.</u>, No C 06-06601 JSW, 2007 WL 951274 at *2 (N.D.
13  Cal. March 27, 2007) (in granting motion to transfer venue, court gave less deference to
14  plaintiff's chosen forum where facts giving rise to the case had "little connection" to district).
15  <u>Lou v. Belzberg</u> further supports this argument, despite plaintiffs' attempts to distinguish it. 834
16  F.2d 730, 739 (9th Cir. 1987) (named plaintiff's choice of forum in shareholders' derivative suit
17  given less weight because it was class action lawsuit and operative facts did not occur within
18  forum); <u>see also</u> Opposition Brief at 3-4. In that shareholders' derivative case, the court
19  examined the plaintiff's contacts with the forum and found that the fact that their stock purchase
20  agreement was negotiated and executed in the transferee district weighed in favor of the court
21  granting a motion to transfer venue.

22  Plaintiffs' choice to bring this case in this district should be accorded limited
23  deference because they purport to represent a nationwide class and because Players Inc's
24  licensing and marketing activities, including the execution and negotiation of agreements, were
25  largely conducted in the Washington, D.C. area, not in the Northern District of California. The
26  burden on Players Inc to prove that the remaining factors favor transfer to the Eastern District of
27  Virginia should also be reduced. <u>See</u> <u>Jaco</u>, 2007 WL 951274 at *3 ("[a]s deference to plaintiff's
28  choice of forum decreases, a defendant's burden to upset the plaintiff's choice of forum also

decreases). The residence of one named plaintiff and one licensee in the forum does not provide a significant connection to this venue.

## II. THE CONVENIENCE OF THE PARTIES FAVORS TRANSFERRING THIS CASE TO THE EASTERN DISTRICT OF VIRGINIA OR WASHINGTON, D.C.

Plaintiffs argue that the convenience of the parties weighs against this motion to transfer venue. See Opposition Brief at 4-5. However, Plaintiffs have cited no relevant evidence to contradict Players Inc's argument that the Eastern District of Virginia and Washington, D.C. are more convenient forums for the parties. See Transfer Motion at 6.

The location within this district of one of the named plaintiffs – who was added in the Amended Complaint, presumably in anticipation of this motion – is not dispositive. See Genden, 621 F. Supp. at 782 (location of main class representative was not relevant to court's determination of whether to transfer venue). The location of counsel is afforded even less weight – it is not considered in the court's determination. See id. ("the convenience of counsel is not one of the factors to be considered" in deciding a motion to transfer venue). Also, the fact that the plaintiffs located in Florida and New Jersey chose to bring this action in this district does not prove that this forum is convenient to those parties.

Most importantly, while Plaintiffs are correct that the National Football League Players Association ("NFLPA") has an office in San Francisco, that fact is irrelevant to the convenience of the parties because the NFLPA is not a party to this litigation. Additionally, no employee of Players Inc has worked out of the NFLPA's San Francisco office and no Players Inc licensing or marketing activities have taken place there. See Declaration of Mary Moran in Support of Players Inc's Reply to Plaintiffs' Opposition to Motion to Transfer Venue at 2. In fact, the NFLPA's San Francisco office was used by its regional director, who was engaged in labor issues, but it currently has no staff. See id.

The present forum is inconvenient to Players Inc, which is incorporated in Virginia and headquartered in nearby Washington, D.C. Therefore, this factor weighs in favor of the Court granting the motion to transfer venue.

### III.  THE WITNESSES' CONVENIENCE WEIGHS IN FAVOR OF A TRANSFER

Plaintiffs also argue that the Northern District of California is a more convenient forum for third party witnesses. See Opposition Brief at 5-7. However, Plaintiffs have only identified one potential witness in the district, a licensee of Players Inc, while at the same time conceding that "it is likely that non-party witnesses and documentary evidence will be sought from numerous districts." Id., at 6, n.3. If the licensee is relevant to the dispute, Plaintiffs have brought forth no evidence that it would be unavailable in the transferee district. See Berenson, 319 F. Supp. 2d at 4 (in granting motion to transfer venue, court considered that there was no evidence that witnesses would be unavailable in either forum).

Plaintiffs also identify Doug Allen, Pat Allen, and Howard Skall as "key non-party witnesses." Opposition Brief at 5-6. However, none of these witnesses reside in this district or within the subpoena power of this court. See Fed R. Civ. P. 45. Plaintiffs state that Doug Allen and Pat Allen live in Los Angeles. See Declaration of Ryan S. Hilbert in Support of Plaintiffs' Opposition to Defendant's Motion to Transfer Venue ("Hilbert Declaration") at 2. However, although Howard Skall is employed by Creative Artists Agency Sports, he lives and works in Olney, Maryland, a suburb of Washington, D.C. See Declaration of Howard Skall in Support of Players Inc's Reply to Plaintiffs' Opposition to Motion to Transfer Venue at 2.

Plaintiffs also suggest that because the NFLPA is closely related to Players Inc, the convenience of the witnesses weighs against a transfer. See Opposition Brief at 6-7 (citing Apex Sales Agency v. Phoenix Sintered Metals, Inc., No. 1:06 CV 01203, 2006 WL 3022987 *2 (N.D. Ohio Oct. 23, 2006)). However, Apex is distinguishable because it involved the convenience of parties, not witnesses, and a claim by multiple defendants that they were more inconvenienced by the forum than the single plaintiff. The Apex court stated that the defendants were related entities and the inconvenience of the chosen forum was not greater than the inconvenience that the plaintiff would face if the case were transferred. Here, the NFLPA is not a party to this lawsuit and, therefore its inconvenience is not subsumed by any inconvenience to Players Inc. Instead, it

should be separately considered as a third party that is located outside this district, and near the transferee district.

Because Plaintiffs have identified only one potential non-party witness located in this forum, and numerous other third party witnesses are located around the country, including within the subpoena power of the transferee venue, the convenience of the witnesses favors a transfer to the Eastern District of Virginia. See Jaco, 2007 WL 951274 at * 3-4 (court granted motion to transfer venue where witnesses relevant to the case were located outside the Northern District of California and outside the state); David, 2007 WL 39400 at * 4 (where third-party witnesses are outside the court's subpoena power and, therefore, may not be available to testify at trial, the court said that the convenience of the witnesses favored transfer of the case).

### IV. EVIDENCE IS LARGELY LOCATED IN THE WASHINGTON, D.C. AREA

Plaintiffs argue that because no single location would provide the easiest access to the sources of proof and because one licensee (and possibly other unidentified witnesses), is located in the district, this factor weighs against a transfer of venue. See Opposition Brief at 7-8. Even if one named plaintiff may have evidence in the district (though none is cited by Plaintiffs), this does not outweigh the fact that evidence from the two other named plaintiffs and remainder of the purported class, if any, will likely be located outside the district. See Transfer Motion at 4-5.

In addition, the fact that Players Inc is headquartered in Washington, D.C. and, therefore, its corporate books and witnesses are located in or near the transferee venue weighs in favor of this motion. See Greenwell v. Belkin Corp., No. C 06-02760, 2006 WL 2884393 at *2 (N.D. Cal. Oct. 10, 2006) (court granted motion to transfer where it would facilitate access to discovery materials and witnesses where evidence largely came from defendant's records and corporate representatives, which were located in transferee district); Berenson, 319 F. Supp. 2d at 4 (in granting motion to transfer venue, court considered that the bulk of the documentary evidence was located in the transferee forum). Notwithstanding Plaintiffs' conclusory assertion that technological advances may lessen the discovery burden on Players Inc, the fact that the bulk

of the evidence in this matter is outside this venue and near the transferee district is highly relevant to the Court's analysis and weighs in favor of the Court granting this motion. See Jaco, 2007 WL 951274 at * 4 (in granting motion to transfer venue, court said fact that relevant evidence was outside the district weighed in favor of the transfer); Genden, 621 F. Supp. at 783 (court granted motion to transfer venue where overwhelming number of witnesses and documents were located in transferee district and plaintiffs provided "no reason why defendants should bear the greater legal cost of transporting documents, counsel and witnesses … to defend against Plaintiffs' as yet unproven allegations").

### V.  PUBLIC FACTORS ALSO WEIGH IN FAVOR OF TRANSFER TO THE EASTERN DISTRICT OF VIRGINIA OR WASHINGTON, D.C.

Plaintiffs argue that public factors, including local interest, court congestion, choice of law, and unfairness in burdening the citizens of a district, "favor California as well." Opposition Brief at 8. However, Plaintiffs have failed to sufficiently demonstrate that these factors do not weigh in favor of this Court granting the motion to transfer venue. See Transfer Motion at 7-8.

In support of its opposition, Plaintiffs argue that the "locus" of this dispute is in California, New Jersey and Florida – and that if a class is certified, it will be likely be "spread amongst the 50 states," – and not in the Washington, D.C. area. See Opposition Brief at 8. However, the majority of the operative facts in this dispute center around the licensing and marketing activities of Players Inc, in the Washington, D.C. area. In addition, Virginia has a local interest in this dispute because the defendant is a Virginia Corporation. In an unpublished decision, cited by the Plaintiffs, the court held that districts have an interest in the companies incorporated in their states and in the activities those corporations undertake. See Tropos Networks Inc. v. IPCO LLC, No C 05-04281 JSW, 2006 WL 1883316 at * 4 (N.D. Cal. July 7, 2006) (court granted motion to transfer patent infringement case to Georgia where defendant was Georgia corporation and its allegedly infringing activity took place there).

Also, as explained above, the citizens of northern California have little connection to this purported class action lawsuit and a jury trial in this venue would be a burden to them. In

contrast, the licensing and marketing activities of Players Inc are centered in the Washington, D.C. area and the citizens of that district and the Eastern District of Virginia have more connection to this dispute.

Moreover, Plaintiffs are mistaken in their assertion that there are no differences between the laws of Virginia and California applicable to the issues raised by this lawsuit. As Players Inc points out in its Reply in Support of Its Motion for Judgment on the Pleadings Pursuant to Rule 12(c) ("Rule 12(c) Reply") at 3-4, there are important differences between the fiduciary duty laws of California and Virginia. For example, under Virginia law, "estoppel must be shown by clear and convincing evidence." See Highridge Place Condominium Unit Owner's Ass'n v. Langley, 66 Va. Cir. 185, 187 (2004). This heightened evidentiary standard protects Virginia defendants, such as Players Inc, from the imposition of principal-agent liability without "clear, precise and unequivocal evidence." See Penn. Casualty Co. v. Chris Simopoulos, M.D., Ltd., 235 Va. 460, 465 (1988). Under California law, on the other hand, agency by estoppel can be proven by a preponderance of the evidence. See, e.g., Golden Day Schools, Inc. v. Dept. of Ed., 69 Cal. App. 4th 681, 692-93 (1999). By way of further example, Virginia law limits the amount of punitive damages awards. See Va. Code Ann. § 8.01-38.1 ("total amount of [punitive damages] awarded may not exceed $350,000"). California, by contrast, imposes no such limits on punitive damages. Here, where Plaintiffs seek punitive damages in an unspecified amount (see Am. Compl., "Prayer for Relief" at ¶ b), this difference between the laws is significant.

California courts apply a "governmental interest" test to choice of law questions. See Hurtado v. Superior Court, 11 Cal. 3d 574, 579 (1974); Arno v. Club Med, Inc., 22 F.3d 1464, 1468 (9th Cir. 1994). As Players Inc discusses in its Rule 12(c) Reply, under a governmental interest analysis, this Court should apply Virginia law. See Rule 12(c) Reply at 4. If the Court agrees that Virginia law applies, then this factor weighs in favor of transferring venue, because the Eastern District of Virginia will be in a much better position to apply Virginia law. See Ferens v. John Deere Co., 494 U.S. 516, 529-30 (1990) (public transfer of venue factors included "appropriateness" of having trial in forum whose laws apply to the dispute); Sweet-Reddy v. Vons Cos. Inc., No. C06-06667 MJJ, 2007 WL 841792 at * 3 (N.D. Cal. March 20,

2007) (in granting motion to transfer venue, court said application of Nevada law weighed in favor of transfer to Nevada district court).  If, on the other hand, the Court concludes that Virginia law does not apply because Plaintiffs are not Virginia residents and purport to represent a nationwide class of retired players, including some California residents, the Court must apply the laws of all 50 states.  See Rule 12(c) Reply at 5.  In that event, this factor does not weigh against the Court granting this motion because either venue has the proper expertise to interpret the relevant law in this dispute.  See David, 2007 WL 39400 at * 5.

Finally, Plaintiffs fail to disclose that the Eastern District of Virginia has a much less congested docket and a much faster trial schedule than this district.  Evidence submitted by the Plaintiffs shows that the median time interval to trial in the transferee district is just 9.6 months.  See Hilbert Declaration at Exh. 2.  In contrast, the time to trial in this district is 27.5 months.  See id.  That the "rocket docket" may provide faster resolution of this dispute weighs in favor of granting this motion to transfer.  See Alexander, 2007 WL 518859 at * 4 (in granting motion to transfer, court noted that less congested docket of transferee court favored transfer to that venue).

## CONCLUSION

For all of the above reasons, Players Inc respectfully requests that the Court grant its Motion to Transfer Venue to the Eastern District of Virginia or, in the alternative, to Washington, D.C.

Dated: May 17, 2007                               DEWEY BALLANTINE LLP

                                                  By: ___/S/_____

                                                  Jeffrey L. Kessler
                                                  *Attorneys for Defendant Players Inc*