1   MANATT, PHELPS & PHILLIPS, LLP          MCKOOL SMITH,
    RONALD S. KATZ (Bar No. CA 085713)      LEWIS T. LECLAIR (Bar No. CA
2   E-mail: rkatz@manatt.com                077136)
    RYAN S. HILBERT (California Bar No.      E-mail: lleclair@mckoolsmith.com
3   210549)                                 300 Crescent Court
    E-mail: rhilbert@manatt.com             Dallas, TX 75201
4   NOEL S. COHEN (California Bar No. 219645) Telephone: (214) 978-4984
    E-mail: ncohen@manatt.com               Facsimile: (214) 978-4044
5   1001 Page Mill Road, Building 2
    Palo Alto, CA 94304-1006
6   Telephone: (650) 812-1300
    Facsimile: (650) 213-0260
7
    *Attorneys for Plaintiffs.*
8
    DEWEY BALLANTINE LLP                     WEIL, GOTSHAL & MANGES LLP
9   MARK MALIN (Bar No. 199757)             KENNETH L. STEINTHAL (*pro hac vice*)
    *mmalin@deweyballantine.com*            *kenneth.steinthal@weil.com*
10  1950 University Avenue, Suite 500        CLAIRE E. GOLDSTEIN (Bar No. 237979)
    East Palo Alto, CA 94303                *claire.goldstein@weil.com*
11  Tel: (650) 845-7000; Fax: (650) 845-7333 201 Redwood Shores Parkway
                                             Redwood Shores, CA 94065
12  JEFFREY L. KESSLER (*pro hac vice*)     Tel: (650) 802-3000; Fax: (650) 802-3100
    *jkessler@deweyballantine.com*
13  DAVID G. FEHER (*pro hac vice*)         BRUCE S. MEYER (*pro hac vice*)
    *dfeher@deweyballantine.com*            *bruce.meyer@weil.com*
14  EAMON O'KELLY (*pro hac vice*)          767 Fifth Avenue
    *eokelly@deweyballantine.com*           New York, NY 10153
15  1301 Avenue of the Americas             Tel: (212) 310-8000; Fax: (212) 310-8007
    New York, NY 10019-6092
16  Tel: (212) 259-8000; Fax: (212) 259-6333

17  *Attorneys for Defendant National Football League Players
    Incorporated d/b/a Players Inc, a Virginia Corporation.*

18              UNITED STATES DISTRICT COURT

19                  NORTHERN DISTRICT

20              SAN FRANCISCO DIVISION

21  BERNARD PAUL PARRISH, HERBERT          CIVIL ACTION NO. C07 0943 WHA
    ANTHONY ADDERLEY, and WALTER
22  ROBERTS III, on behalf of themselves and
    all others similarly situated,
23                                          **JOINT MANAGEMENT STATEMENT**
24          Plaintiffs,

25  v.

26  NATIONAL FOOTBALL LEAGUE               **CLASS ACTION**
    PLAYERS INCORPORATED d/b/a
27  PLAYERS INC, a Virginia corporation,    **JURY TRIAL DEMANDED**

28          Defendant.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO
                                                    JOINT MANAGEMENT STATEMENT
                                                    CASE NO. C07 0943 WHA

                                                    Dockets.Justia.com

1    The parties jointly submit this Case Management Statement pursuant to Fed. R. Civ. P.

2    26(f) and Local Civil Rule 16-9.

3    **1.    JURISDICTION**

4    Plaintiffs contend that the Court has subject matter jurisdiction over Plaintiffs' claims

5    pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) because one or more Class members is a

6    citizen of a state different from Defendant, there are more than 100 class members, and, on

7    information and belief, the aggregate amount in controversy exceeds the jurisdictional amount of

8    $5 million.  Defendant disputes this legal conclusion which requires additional discovery to

9    establish.  Defendant has not filed any counterclaims.

10    The parties are unaware of any outstanding issues regarding personal jurisdiction or

11    venue.  Nor are the parties currently aware of any additional parties that have yet to be served.

12    **2.    FACTS**

13    **Plaintiffs' Statement:**

14    This is a class action lawsuit for breach of fiduciary duty, unjust enrichment and an

15    accounting.  Defendant claims to market active and retired players through licensed products,

16    such as trading cards and video games, television and radio programming, personal appearances,

17    autograph signing, an Internet site, and events such as the Super Bowl.  Defendant recently

18    indicated on its website at www.nflplayers.com that it represents "over 3,000 retired players."

19    Similarly, Defendant's press release states that it represents "3,500 retired NFL players."

20    Defendant also purports to have exclusive group licensing rights.   In a letter from

21    Defendant's Chairman to a retired player, Defendant stated:  "PLAYERS INC.'S licensees such

22    as EA Sports are permitted to secure retired NFL player rights only from PLAYERS INC., not

23    from any other source, contrary to what others may have told you.  This offer will be your only

24    opportunity to participate in NFL player video games and get paid."

25    Plaintiffs contend that Defendant derives substantial benefits by purporting to represent

26    3500 retired players, but does not properly account to the retired players for those benefits,

27    regardless of whether the retired player has signed a Group Licensing Agreement (GLA) with

28    Defendant.  (GLAs are for groups of six players or more, some of whom are more popular than

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Palo Alto

1

JOINT MANAGEMENT STATEMENT
CASE NO. C07 0943 WHA

1   others.)   Although Defendant has a complete monopoly on the basic information relevant to

2   Plaintiffs (including, for example, sources of revenue, principles for division of monies, revenues,

3   principles for division of opportunities, efforts to develop business, and other basic business

4   facts), Defendant has revealed only sketchy and inadequate information to Plaintiffs in spite of

5   numerous requests.

6       Defendant has not, on information and belief, distributed revenues to Plaintiffs that should

7   have been distributed, even to the small percentage of Plaintiffs who have received some monies.

8   Furthermore, Defendant has not made diligent efforts to generate revenue for Plaintiffs; almost

9   90% of the Class receives no money. Defendant has not allocated opportunities to Plaintiffs in

10  any fair or equitable manner.  At the same time, Defendant allocates tens of millions of dollars

11  per year to its parent, the National Football League Players Association ("NFLPA").

12      **Defendant's Statement:**

13      Defendant Players Inc, a Virginia corporation, is a for-profit licensing, sponsorship,

14  marketing, and content development company that negotiates and facilitates group licensing and

15  marketing opportunities for active and certain retired NFL players.  Defendant is 79% owned by

16  the NFLPA, the union that represents active NFL players.  Defendant is not a union, does not

17  represent any players in collective bargaining, and has no role in negotiating or providing any

18  benefits to Plaintiffs or other retired players.

19      The NFLPA (which is not a party to this lawsuit) offers retired NFL players the

20  opportunity to sign group licensing authorizations ("GLAs"), whereby a player agrees to assign

21  rights to his name, image and other attributes to the NFLPA for group licensing opportunities.

22  The NFLPA assigns the GLAs to Defendant to pursue group licensing opportunities.  The GLAs

23  are non-exclusive and do not interfere with any other licensing or endorsement opportunities the

24  retired player may have.  Individual retired players may also enter into ad hoc licensing

25  agreements with Defendant from time to time.

26      Plaintiffs are retired NFL players.  During the relevant period, neither Parrish nor Roberts

27  signed a GLA, participated in any Players Inc group licensing program, or otherwise had any

28  relationship with Defendant.  Moreover, during the relevant period, Defendant never licensed the

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

2

JOINT MANAGEMENT STATEMENT
CASE NO. C07 0943 WHA

names, images or other attributes of Parrish or Roberts, and never received any money from licensees with respect to the use of their names, images or other attributes. Adderley participated in one or more Players Inc group licensing programs. Defendant paid to Adderley any sums to which he was entitled as a result of his participation in such group licensing programs. Plaintiffs conceded that Defendant has not breached any contractual provisions or contractual duty owed to Adderley with regard to such non-exclusive group licensing programs.

Defendant never purported to represent all retired players. Defendant never undertook to represent or to pay to Plaintiffs (or any retired player) any monies generated by Defendant's licensing activities if the retired player did not sign a GLA or otherwise participate, or was not selected by licensees, in Players Inc group licensing programs.

## 3.    FACTUAL AND LEGAL ISSUES

The parties believe that the following factual issues, legal issues, and/or mixed issues of law and fact are in dispute:

a)    Whether Defendant represented to third parties, Plaintiffs and/or any retired player(s) that it represented all retired players.

b)    Which retired players executed GLAs within the relevant time period.

c)    Whether there is an agency relationship between Defendant and the Plaintiffs, either by operation of law and/or as can be inferred or implied based on the conduct or the parties and the circumstances of the case.

d)    Whether Defendant is estopped from denying an agency relationship between itself and the Plaintiffs.

e)    Whether Defendant formed an informal confidential relationship with the Plaintiffs that gave rise to fiduciary duties.

f)    Whether Defendant owes any duties to the Plaintiffs, and if so, the scope of those duties.

g)    Whether Defendant breached any purported fiduciary duties to the Plaintiffs, including, but not limited to, by purportedly distributing tens of millions of dollars per year to the NFLPA.

h)      Whether Defendant has been unjustly enriched by any purported representation of the Plaintiffs.

i)      Whether Defendant is obligated to give an accounting to the Plaintiffs.

j)      Whether Virginia law, California law, or the law of the states where the purported class members resides applies to Plaintiffs' claims.

k)      Whether the class can be certified.

l)      Whether Plaintiffs are adequate class representatives.

m)      Whether Plaintiffs' counsel should be appointed class counsel.

n)      Whether Defendant used, licensed, disposed of, or meddled with any rights of Plaintiffs without their permission.

o)      Whether Defendant owes any legal duties to Plaintiffs, if Defendant never used, licensed, disposed of, or meddled with any rights of Plaintiffs without their permission.

p)      Whether Plaintiffs have suffered any damages as a result of any conduct by Defendant.

**4.      MOTIONS**

Plaintiffs previously filed a Motion for Appointment of Interim Class Counsel.  Defendant filed a Motion for Judgment on the Pleadings as to the First Amended Complaint, a Motion for Sanctions and a Motion to Transfer Venue.  All of these motions were denied in an Order dated June 4, 2007.

Defendant intends to file a motion to dismiss or motion for judgment on the pleadings after Plaintiffs have filed their second amended complaint as directed by the Court.

**5.      AMENDMENT OF PLEADINGS**

Plaintiffs will be filing a Second Amended Complaint by June 21, 2007 as directed in the Court's June 4 Order.

**6.      EVIDENCE PRESERVATION**

Each side has taken steps to preserve evidence relevant to the issues reasonably evident in this action, including steps to interdict any document-destruction programs and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

4

JOINT MANAGEMENT STATEMENT
CASE NO. C07 0943 WHA

1    Plaintiffs have notified the class representatives that they must preserve any materials

2    relevant to this lawsuit, including their home or personal computers.  Additionally, Plaintiffs have

3    taken steps to ensure that such materials are preserved.  All of Plaintiffs' electronic documents are

4    reasonably available.

5    Defendant has taken steps to preserve computer and hardcopy documents from employees

6    and sources likely to contain relevant information, including materials posted on its website.

7    Before Defendant was aware that the content of its website was at issue in this case, Defendant

8    did not systematically preserve relevant website materials and, thus, reconstructing prior versions

9    of the website will not be possible.  Moreover, although Defendant has made backup tapes of

10    electronic mail files for several years, the hardware currently used by Defendant in connection

11    with its electronic mail system has been in use only since approximately October 2005.  The

12    backup tapes of electronic mail files created before October 2005 cannot be read using the current

13    hardware and, thus, accessing such materials will be burdensome and may not even be possible.

14    **7.    DISCLOSURES**

15    The parties will be exchanging their Initial Disclosures pursuant to Fed. R. Civ. P. 26 on

16    June 7, 2007.

17    **8.    DISCOVERY**

18    No discovery has been taken in this matter to date.

19    **Plaintiffs' Statement:**

20    Plaintiffs anticipate that they will propound written discovery, including document

21    requests, interrogatory requests and requests for admission, and take depositions.  Plaintiffs intend

22    to propound discovery in the following areas:  the identity of the member class of retired players

23    (and, as a subcategory, any representations made by Players Inc. as to whom they represent);

24    PLAYERS INC licensing with third parties; other efforts made by PLAYERS INC. to fulfill their

25    obligations to plaintiffs; representations by PLAYERS INC. relevant to the Class; revenues

26    received from licensing; allocations and distributions of revenues and the principles therefor;

27    expenses incurred by PLAYERS INC; and allocation of opportunities and principles therefor.

28

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Palo Alto

5

JOINT MANAGEMENT STATEMENT
CASE NO. C07 0943 WHA

1   Plaintiff also propose to modify the discovery rules such that each side is permitted to take

2   20 depositions, other than expert depositions; that each side is permitted to serve 100

3   interrogatories; and that any party may move the Court for an extension of the foregoing

4   discovery limits.  Plaintiff believes that additional depositions are warranted by the complex

5   nature of this action and the anticipated need to conduct depositions of third-party witnesses.

6   Plaintiffs do not believe that discovery should be bifurcated between class discovery and

7   merits discovery.  Among other reasons, bifurcation will cause unnecessary delay because the

8   parties will need to engage in motion practice on certification before merits discovery can begin.

9   The parties have conferred to discuss issues relating to preserving discoverable

10  information and any issues related to disclosure or discovery of electronically stored information.

11  With respect to the form  in which electronically stored information should be produced,

12  Plaintiffs believe that such information should be produced in TIF or PDF format in the order in

13  which is kept in the ordinary course of business, and that each side should have the ability to

14  request that certain information should be produced in native format, e.g., spreadsheets or other

15  information that is more useful in native format.  Plaintiffs are not aware of the necessity for

16  specific metadata information on documents at the present time, but believe that each side should

17  be permitted to request metadata information as appropriate.

18  With respect to the reasonable access to information, Plaintiffs do not anticipate any

19  problems with respect to the access to their own electronic information relevant to this matter,

20  and have not been advised of any issues with respect to access to defendant's information.

21  **Defendant's Statement:**

22  As the Court noted in its June 4, 2007 Order, Plaintiffs should "tak[e] nothing for granted"

23  in filing their second amended complaint.  Defendant believes that Plaintiffs cannot state a claim

24  upon which relief can be granted, and thus proposes that discovery be stayed until the Court rules

25  on Defendant's motion to dismiss.  Moreover, because Defendant believes that a class cannot be

26  certified in this action, Defendant also proposes that class and merits discovery be bifurcated.

27  Specifically, Defendant proposes three months of class discovery, followed by seven months of

28  merits discovery if a class is certified, and then approximately two months of expert discovery.

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Palo Alto

6

JOINT MANAGEMENT STATEMENT
CASE NO. C07 0943 WHA

1   In the alternative, if the Court chooses not to bifurcate class and merits discovery, Defendant

2   proposes twelve months for fact discovery and two months for expert discovery.

3        Pursuant to the Federal Rules of Civil Procedure, Defendant proposes that each side be

4   allowed to take 10 depositions, other than expert depositions, and serve 25 interrogatories. Fed.

5   R. Civ. P. 30(a)(2)(A), 31(a)(2)(A), 33(a). Because this case is not especially complex, there is

6   no need to modify such discovery rules.

7        Defendant agrees that electronic information should be produced in TIF or PDF format in

8   the order in which it is kept in the ordinary course of business, and that the parties will meet and

9   confer regarding request for production of files in native format.

10   **9.   CLASS ACTIONS**

11        **Plaintiffs' Position**

12        Plaintiffs currently intend to file and serve their class certification motion no later than six

13   months from the date the pleadings are at issue. Plaintiffs submit the following information

14   pursuant to Local Rule 16-9(b):

15        Plaintiffs bring this class action on behalf of themselves and all others similarly situated

16   pursuant to Rule 23 of the Federal Rules of Civil Procedure. This action is maintainable as a

17   class action pursuant to Rule 23(a), (b) and (d). The Class in this case is defined to include those

18   retired NFL players whom Defendant claims to represent. Excluded from the Class are

19   Defendant and its directors, officers and employees.

20        The Class meets the numerosity standard in Rule 23(a)(1) because it consists of retired

21   NFL players who are geographically dispersed throughout the United States and perhaps

22   elsewhere. The joinder of each of these players is impracticable. There also is a well-defined

23   community of interest and common questions of law and fact affecting the members of the Class

24   as required by 23(a)(2). Moreover, Plaintiffs' claims are typical of the claims of the entire Class

25   as required by Rule 23(a)(3) because the claims of Plaintiffs and members of the Class are based

26   on the same legal theories and arise from the same unlawful conduct. Plaintiffs will fairly and

27   adequately represent and protect the interests of the Class as required by Rule 23(a)(4).

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

7

JOINT MANAGEMENT STATEMENT
CASE NO. C07 0943 WHA

This action is maintainable under Rule 23(b)(1)(A) because the prosecution of separate actions could create the risk of inconsistent adjudication, which could establish incompatible standards of conduct for the party opposing the Class. This action also is maintainable under Rule 23(b)(1)(B) because the prosecution of separate actions could create the risk of adjudication that could, as a practical matter, be dispositive of the interests of others.

A class action is superior to all methods for the fair and efficient adjudication of this controversy pursuant to Rule 23(b)(3). Although the aggregate damages which may be awarded to Plaintiffs and the Class are likely to be in the tens of millions of dollars, the actual damages suffered by the individual damages could be small in comparison. Accordingly, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each retired player member of the Class to seek redress for the wrongs done to them. Allowing this matter to proceed as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and is the only method whereby Plaintiffs and the Class can efficiently seek redress and obtain a uniform adjudication of their claims.

**Defendant's Position**

Defendant disputes that this action is maintainable as a class action because (among many other reasons): at least two of the named Plaintiffs are not members of the class they purport to represent; the Plaintiffs and their counsel cannot fairly and adequately represent the interests of the purported class; and there are irreparable conflicts between the interests of Plaintiffs and their counsel and the interests of the class they seek to represent. Defendant also believes that a class cannot be certified in this action because individual issues would predominate over common issues and because a class action would not be superior to other methods of adjudication as required by Rule 23(b)(3). Defendant further believes that class treatment is not appropriate pursuant to Rule 23(b)(1) and/or (b)(2). Defendant will address these and other relevant issues in its opposition to class certification at the appropriate time in this lawsuit.

**10.    RELATED CASES**

The parties are presently unaware of any related cases.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

8

JOINT MANAGEMENT STATEMENT
CASE NO. C07 0943 WHA

**11.    RELIEF**

Plaintiffs seek damages, punitive damages, an accounting, and attorneys' fees.  Plaintiffs do not have adequate information to determine what monies, if any, are attributable to and distributable from the Defendant's purported representation of Plaintiffs.

Defendant contends that it is not liable to Plaintiffs for any damages.  Because Defendant does not believe there has been any cognizable relationship between Plaintiffs and Defendant that could support any damages award, Defendant cannot currently describe any basis on which damages for Plaintiffs could be calculated.

**12.    SETTLEMENT AND ADR**

Counsel have met and conferred regarding ADR pursuant to ADR L.R. 3-5.  The parties believe that there are no viable prospects for settlement, and that it would be premature to participate in ADR at this time.  The parties further believe that ADR would be most productive only after the parties have been allowed to engage in meaningful discovery.

**13.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**14.    OTHER REFERENCES**

The parties do not believe that this matter is suitable for a special master, or the Judicial Panel on Multidistrict Litigation.

**15.    NARROWING OF ISSUES**

The parties have not identified issues that can be narrowed by agreement, but both sides anticipate the possibility of filing motions for summary judgment.  The parties have no suggestions at this time to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts).

Plaintiffs do not anticipate any request to bifurcate issues, claims, or defenses.  However, as noted, Defendant believes that there should be a determination as to whether a class should be certified before any merits discovery is permitted.

**16.    EXPEDITED SCHEDULE**

The parties do not believe that this is the type of case that can be handled on an expedited basis with streamlined procedures.

**17.    SCHEDULING**

**Plaintiffs propose the following pre-trial schedule:**

Close of Fact Discovery:      Nine months after the pleadings are at issue.

Designation of Experts/Expert Reports: Thirty days prior to close of discovery for party that has burden of proof on any issue; Same day as Close of Discovery for designation by responsive party.

Expert Depositions: 30 days after Designation.

Dispositive Motions: 30 days after Close of Fact Discovery.

Pretrial Conference: 21 days before Trial

Trial:   First Availability after June 2008.

**Defendant proposes the following pre-trial schedule:**

Commencement of Class Discovery:  If at all, after the Court rules on whether Plaintiffs have stated a claim upon which relief can be granted.

Close of Class Discovery: Three months after the commencement of class discovery.

Commencement of Merits Discovery: After the Court rules on Plaintiffs' class certification motion.

Close of Merits Discovery:  Seven months after the commencement of merits discovery.

Designation of Experts/Expert Reports: Thirty days after the close of fact discovery for the party that has burden of proof on any issue.  Sixty days after the close of fact discovery for responsive expert reports.

Expert Depositions: 15 days after serving expert report.

Dispositive Motions: 30 days after close of expert discovery.

Pretrial Conference: 21 days before trial

Trial:   First availability after July 2008.

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Palo Alto

10

JOINT MANAGEMENT STATEMENT
CASE NO. C07 0943 WHA

**18.    TRIAL**

The matter will proceed as a jury trial and Plaintiffs expect a two week trial.

If the matter is certified as a class action, Defendant expects a four week trial.

**19.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Each party has filed the Certification of Interested Entities or Persons required by Civil Local Rule 3-16.  Plaintiffs list none except for putative class members.

National Football League Players Association owns 100% of Class A shares and 79% of Class B shares of Players Inc.  Professional Athletes Foundation owns 21% of Class B shares of Players Inc.

**20.    SUCH OTHER MATTERS AS MAY FACILITATE THE JUST, SPEEDY AND INEXPENSIVE DISPOSITION OF THIS DISPUTE**

The parties are not presently aware of any items under this category.

Dated:    June 7, 2007                    MANATT, PHELPS & PHILLIPS, LLP

                                          By:  s/ Ryan S. Hilbert
                                               Ryan S. Hilbert
                                               MANATT, PHELPS & PHILLIPS, LLP
                                               1001 Page Mill Road, Building 2
                                               Palo Alto, CA  94304-1006
                                               Telephone:    (650) 812-1300
                                               Facsimile:     (650) 213-0260
                                               *Attorneys for Plaintiffs*

Dated:    June 7, 2007                    DEWEY BALLANTINE LLP

                                          By:  s/ Eamon O'Kelly
                                               Eamon O'Kelly (*pro hac vice*)
                                               DEWEY BALLANTINE LLP
                                               1301 Avenue of the Americas
                                               New York, NY  10019-6092
                                               Tel:  (212) 259-8000; Fax:  (212) 259-6333
                                               *Attorneys for Defendant National Football League*
                                               *Players Incorporated d/b/a Players Inc, a Virginia*
                                               *Corporation*

*Filer's Attestation: Pursuant to General Order No. 45, Section X(B) regarding signatures,* Ryan S. Hilbert *hereby attests that concurrence in the filing of this document has been obtained.*

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

11

JOINT MANAGEMENT STATEMENT
CASE NO. C07 0943 WHA