# DEWEY BALLANTINE LLP

1301 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6092
TEL 212 259-8000   FAX 212 259-6333

DAVID GREENSPAN
212 259 6438
dgreenspan@deweyballantine.com

July 27, 2007

**BY EMAIL**

Ryan S. Hilbert
Manatt, Phelps & Phillips, LLP
1001 Page Mill Road, Building 2
Palo Alto, CA 94304-1006

    Re:   *Parrish, et al. v. Players Inc, et al.*

Dear Ryan:

    I am writing in response to your July 20, 2007 letter. I address, in turn, the issues you have raised regarding our responses and objections to Plaintiffs' first set of document requests.

### Document Request No. 1

    We objected to Request No. 1 because, among other things, the term "represent," as used by Plaintiffs, calls for a legal conclusion. In light of your now defining the term "represent" to mean "acting for or on behalf of," Players Inc will produce all documents in which Players Inc has stated that it is acting for or on behalf of retired players. Further, in light of your statement that Request No. 1 calls for contracts (including GLAs) in which retired players authorize the NFLPA and/or Players Inc to enter into licensing agreements on their behalf, Players Inc will produce all such documents.

### Document Request No. 2

    We will produce "all" documents responsive to Request No. 2.

### Document Request No. 3

    Subject to the qualifications set forth above with respect to Request No. 1, Players Inc will produce all documents that refer to or constitute an offer to "act[] for or on behalf of" a retired NFL player, whether by license, GLA or in any other manner.

NEW YORK   WASHINGTON, D.C.   LOS ANGELES   EAST PALO ALTO   AUSTIN   CHARLOTTE
LONDON   WARSAW   FRANKFURT   MILAN   ROME   BEIJING

Ryan S. Hilbert
July 27, 2007
Page 2

### Document Requests No. 4-6

Players Inc objects to producing "documents relating solely to administrative matters" because of the substantial burden associated with producing such documents, which are not reasonably calculated to lead to the discovery of admissible evidence.

For example, Request No. 6 calls for "all documents that summarize, describe or refer to communications with any retired NFL player concerning licensing matters." An email that merely instructed a player about the time he should arrive at a particular appearance, or provided a player with directions to an appearance, would fall within the scope of your Request, but would be clearly irrelevant and unnecessarily burdensome to produce. Requests No. 4 and 5 suffer from the same deficiencies.

Players Inc will produce, as it has already agreed, all documents (other than documents relating solely to administrative matters) that summarize, describe or refer to communications referring to the group licensing program for retired players, licensing or appearance opportunities available to retired players, the licensees of the NFLPA and/or Players Inc that license retired NFL player rights, the terms of licensing programs for retired NFL players, and the performance, revenues or finances of the group licensing program for retired NFL players.

### Document Request No. 11

Players Inc objects to Request No. 11 because, among other reasons, it is not limited to expenditures, income, and payments relating to retired NFL players. Rather, Request No. 11 seeks documents relating to Players Inc's entire business, most of which has nothing to do with licensing the rights of retired players or anything else at issue in this lawsuit. Players Inc is willing to produce any documents that summarize or describe the income and/or license fees that Players Inc received from the licensing of the rights of retired NFL players, and how such money was distributed. Players Inc is also willing to produce any documents referring specifically to expenditures attributable to the licensing of the rights of retired NFL players (if such documents exist). Players Inc will not, however, produce company-wide documents relating to expenditures, income, or payments that are not specific to retired players and that provide no basis for attributing any specific amounts to retired players.

### Document Request No. 12

Players Inc objects to Request No. 12 because it is overly broad and seeks documents outside the scope of permissible discovery in the same manner as Request No. 11, i.e., the Request calls for financial documents relating to Players Inc's entire business regardless of whether such documents relate to retired players. Players Inc is willing to produce any documents that summarize or describe the income and/or license fees that Players Inc received from the licensing of the rights of retired NFL players, and how such

Ryan S. Hilbert
July 27, 2007
Page 3

money was distributed. Players Inc is also willing to produce any documents referring specifically to expenditures attributable to the licensing of the rights of retired NFL players (if such documents exist).

### Document Requests No. 13-14

The commencement of the earliest applicable statutes of limitations for any of Plaintiffs' claims is February 14, 2003. Thus, documents relating to any asserted conduct by Players Inc prior to February 14, 2003 is clearly beyond the scope of permissible discovery. There is no merit to your contention that Plaintiffs are nevertheless entitled to documents dating back to January 1, 1997 pursuant to the fraudulent concealment doctrine. It is beyond dispute that allegations of fraudulent concealment must be stated with particularity; however, the conclusory allegations in the Second Amended Complaint fall far short of what is required for the doctrine to apply.

For example, Plaintiffs do not allege which causes of action were purportedly concealed, which Defendant purportedly concealed such claims, when or where such claims were purportedly concealed, how such claims were purportedly concealed, or whether and how Plaintiffs actually relied on the Defendant(s)' purportedly fraudulent acts. In fact, Plaintiffs have made no specific allegations on this point. Accordingly, Players Inc will not produce documents prior to the commencement of the applicable statutes of limitations. Players Inc will, however, produce agreements that were entered into prior to February 14, 2003, but which were in effect during the statute of limitations period.

### Document Requests No. 15 and 17-22

We will produce "all" documents responsive to Request No. 15 and Requests No. 17 through 22.

We are available early next week to further meet and confer by telephone.

Very truly yours,

David Greenspan

cc:   Eamon O'Kelly, Esq.
      Claire Goldstein, Esq.