# DEWEY BALLANTINE LLP

1301 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6092
TEL 212 259-8000    FAX 212 259-6333

DAVID GREENSPAN
212 259 6438
dgreenspan@deweyballantine.com

August 6, 2007

**BY EMAIL**

Ryan S. Hilbert, Esq.
Manatt, Phelps & Phillips, LLP
1001 Page Mill Road, Building 2
Palo Alto, CA 94304-1006

   Re:  *Parrish, et al. v. Players Inc, et al.*

Dear Ryan:

   I am writing in response to your two letters dated August 2, 2007. Those letters total seven pages in length and we will not respond to each of the numerous points raised therein. Suffice it to say, however, that our silence on any point does not mean that we agree with plaintiffs' characterizations or position.

## August 2nd Letter Regarding Document Requests

   Regarding Plaintiffs' First Request for Production of Documents to Players Inc, we appear to have just two disputes: (1) plaintiffs' requests for financial information relating to active players (Requests Nos. 11 and 12); and (2) plaintiffs' requests for documents and information dating back to January 1, 1997, which is more than six years prior to the commencement of the earliest applicable statute of limitations in this matter (Requests Nos. 13 and 14). We have previously explained to you why these Requests are unreasonable. In response to Requests Nos. 11-14, we will produce the documents described in my letter dated July 27, 2007.

   With respect to Request No. 1, you seem to be trying to create a dispute where there is none. Based the definition of the term "represent" that you provided in your letter dated July 20, 2007, Players Inc has agreed to produce all responsive documents.

## August 2nd Letter Regarding Other Discovery Issues

   Contrary to an assertion in your letter, we are not attempting to limit initial discovery to issues related to plaintiffs' class certification motion. We are simply trying to work with you to establish a reasonable and orderly discovery schedule, and in

NEW YORK   WASHINGTON, D.C.   LOS ANGELES   EAST PALO ALTO   AUSTIN   CHARLOTTE

LONDON     WARSAW     FRANKFURT     MILAN     ROME     BEIJING

Ryan S. Hilbert
August 6, 2007
Page 2

particular to accommodate your stated desire for early discovery on class issues in light of the October 18, 2007 deadline for your class certification motion. Your unilateral demand to take nine depositions during a ten-day period in September is, however, completely unreasonable – especially when there are over nine months of fact discovery remaining.

With respect to your request that we confirm the deposition locations that you have unilaterally selected for the five individual depositions (including the three individual depositions that you have not even noticed), as we previously informed you, we are looking into these individuals' availabilities and will get back to you with proposed dates and proposed locations. Regarding the four 30(b)(6) depositions that you have proposed, we cannot even begin to identify potential witnesses, much less dates, until you notice the depositions or at least fully describe in writing the topics to be covered.

Regarding the deposition notices that we served pursuant to the terms of our electronic service agreement, the dates and locations in our deposition notices constitute our proposed dates and locations. This is no different than your noticing the depositions of Mr. Upshaw and Ms. Ridley without waiting to learn whether your unilaterally proposed dates are convenient to those witnesses. We are, of course, willing to work with you to identify mutually convenient deposition dates and locations for both sides, and pursuant to a reasonable schedule. We object in the strongest terms, however, to your statement that you will not produce the three plaintiffs for deposition until "after the depositions of Defendants' witnesses have occurred." Your refusal to timely make the purported class representatives available for deposition is simply unacceptable. If the dates we have proposed are not convenient, please provide us with reasonable alternative dates.

Very truly yours,

David Greenspan /EL

David Greenspan

cc:     Ronald Katz, Esq.
        Eamon O'Kelly, Esq.
        Claire Goldstein, Esq.