# DEWEY BALLANTINE LLP

1301 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6092
TEL  212 259-8000   FAX  212 259-6333

JEFFREY L. KESSLER
212 259-8050
jkessler@deweyballantine.com

September 4, 2007

**VIA ELECTRONIC FILING**

The Honorable William Alsup
United States District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

    Re:   *Parrish, et al. v. National Football League Players Ass'n, et al.*
           **Case No. 07-0943 WHA**

Dear Judge Alsup:

    We represent the Defendants in the above-captioned matter and make this submission in response to the Court's August 30, 2007 Order Re: GLA Signed By Adderley And Dues Paid By Plaintiffs. Enclosed is a sworn declaration from Andre Collins, the Director of the NFLPA Retired Players Department.

    As set forth in Mr. Collins's Declaration, while Mr. Parrish did not pay any NFLPA Retired Players Association dues during the period 2000 to 2004, in 2005, Mr. Parrish paid $50 in such dues. I apologize for making an inaccurate statement to the Court on this point. Based on initial investigation, I erroneously had been led to believe that Mr. Parrish had not paid any dues to the NFLPA Retired Players Association during the entire statute of limitations period.

    Mr. Collins's Declaration confirms, as discussed at the recent hearing, that Mr. Adderley did pay NFLPA Retired Players Association dues during the statute of limitations period ($50 payments in 2003, 2004, and 2005), and that Mr. Roberts did not pay any such dues at any time.

    We reiterate, however, as stated in our briefs in support of Defendants' motions to dismiss, that Plaintiffs have not alleged a cognizable nexus between the $50 dues payments of Messrs. Parrish and Adderley and any of their causes of action. Moreover, there is no allegation of California in-state conduct related to these dues payments, and such payments thus cannot possibly give rise to a Section 17200 injury claim with respect to non-California residents Messrs. Parrish and Adderley.

NEW YORK   WASHINGTON, D.C.   LOS ANGELES   EAST PALO ALTO   AUSTIN   CHARLOTTE
LONDON   WARSAW   FRANKFURT   MILAN   ROME   BEIJING

Judge William Alsup
September 4, 2007
Page 2

   Finally, to put to rest another question raised at the hearing, I confirm that the documents provided to Plaintiffs establish that during the limitations period, Players Inc and the NFLPA paid to Mr. Adderley <u>all</u> of the monies received from licensees on his behalf, i.e., Players Inc did not deduct any administrative or other fees from such payments. Moreover, no money at all was received by Players Inc and/or the NFLPA on behalf of Mr. Parrish or Mr. Roberts during this period, and their intellectual property rights were never licensed by Players Inc and/or the NFLPA during this period.

            Respectfully submitted,

            /s/ Jeffrey L. Kessler
            Jeffrey L. Kessler
            Counsel for Defendants


I attest that concurrence in the filing of this document has been obtained from the signatory, pursuant to United States District Court, Northern District of California General Order 45(X)(B).

            /s/ Joseph R. Wetzel
            Joseph R. Wetzel (Cal. Bar No. 238008)
            Weil, Gotshal & Manges LLP
            201 Redwood Shores Parkway
            Redwood Shores, CA 94065
            Counsel for Defendants

Enclosures