# Exhibit N
## to the
### Third Amended Complaint for Breach of Contract, Beach of Fiduciary Duty, an Accounting and Violation of California Business & Professions Code § 17200

Mark Malin (Bar No. 199757)
mmalin@deweyballantine.com
DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, CA 94303
Tel: (650) 845-7000; Fax: (650) 845-7333

Jeffrey L. Kessler (*pro hac vice*)
jkessler@deweyballantine.com
David G. Feher (*pro hac vice*)
dfeher@deweyballantine.com
Eamon O'Kelly (*pro hac vice*)
eokelly@deweyballantine.com
DEWEY BALLANTINE LLP
1301 Avenue of the Americas
New York, NY 10019
Tel: (212) 259-8000; Fax: (212) 259-6333

Kenneth L. Steinthal (*pro hac vice*)
kenneth.steinthal@weil.com
Claire E. Goldstein (Bar No. 237979)
claire.goldstein@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Tel: (650) 802-3000; Fax: (650) 802-3100

Bruce S. Meyer (*pro hac vice*)
bruce.meyer@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000; Fax: (212) 310-8007

Attorneys for Defendant National Football League Players
Incorporated d/b/a Players Inc

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| BERNARD PAUL PARRISH, HERBERT ANTHONY ADDERLEY, WALTER ROBERTS III,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION and NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a/ PLAYERS INC,<br><br>Defendants. | Case No. C 07 0943 WHA<br><br>**PLAYERS INC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSIONS** |

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Defendant National Football League Players Inc d/b/a Players Inc ("Players Inc") hereby responds and objects to Plaintiffs' First Set of Requests for Admission (collectively, the "Requests," and individually, a "Request"), dated June 11, 2007.

## PRELIMINARY STATEMENT

The following responses and objections are based upon the information currently known and available to Players Inc, including information ascertained pursuant to Players Inc's reasonable inquiry in response to each Request. Discovery and investigation are in the preliminary stages and are ongoing, and may disclose the existence of additional responsive information. Players Inc reserves the right to amend or supplement the responses and objections as additional information is discovered, revealed, recalled or otherwise ascertained. Players Inc specifically reserves the right to utilize subsequently discovered evidence at trial.

Players Inc's responses to the Requests do not constitute an admission that Players Inc has in its possession, custody or control information responsive to each and every individual request herein. Furthermore, Players Inc's responses and objections to any Request shall not waive any objections by Players Inc, in this or in any subsequent proceeding, on any grounds, including objections as to the competency, relevancy, materiality, privilege or admissibility of the responses, or the subject matter thereof. Moreover, the fact that Players Inc has answered part or all of any Request is not intended and shall not be construed to be a waiver by Players Inc of all or any part of any objection to any Request.

## GENERAL OBJECTIONS

Players Inc asserts the following general objections with respect to each of the Requests:

1. Players Inc objects to the Requests, including the General Instructions, to the extent that they purport to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, an applicable Order of this Court, or any other applicable rules or statutes.

-1-

Players Inc's Responses and Objections to
Plaintiffs' First Set of Requests for Admissions

Civ. Action No. C07 0943 WHA

2.    Players Inc objects to the Requests to the extent that they seek information subject to the attorney-client privilege, the work-product doctrine, or any other applicable evidentiary or other privilege, immunity or restriction. The disclosure of any information is without waiver of any privilege, claim of confidentiality, or other objection. In the event that Players Inc discloses any information that is the subject of any privilege, claim of confidentiality, or other objection, such production is inadvertent and shall not constitute a waiver of any privilege, claim of confidentiality or other objection. Insofar as the disclosure of information by Players Inc in response to the Requests may be deemed to be a waiver of any privilege or right, such waiver shall be deemed to be a limited waiver with respect to that particular information only.

3.    Players Inc objects to the Requests to the extent that they seek information constituting or containing trade secrets, competitively sensitive information or other non-public confidential or proprietary information. Players Inc will, however, disclose such information because a protective order is in place.

4.    Players Inc objects to the Requests to the extent that they seek information that is not relevant to this subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. As set forth in the next paragraph, this objection includes, but is not limited to, Requests calling for information about events that occurred outside the applicable statutes of limitations.

5.    Players Inc objects to the Requests to the extent that they call for information relating to any asserted conduct by Players Inc prior to February 14, 2003, the commencement of the earliest applicable statutes of limitations for any claim asserted in the Second Amended Complaint ("SAC"). Players Inc will treat each Request as though it calls for information relating to any asserted conduct by Players Inc from February 14, 2003 until the date of these responses.

6.    Players Inc objects to the Requests to the extent that they are vague, ambiguous, overly broad in scope or unduly burdensome.

-2-

7. Players Inc further objects to the Requests to the extent that they seek information that is not within Players Inc's possession, custody or control. Players Inc construes each Request as requiring it to engage in a reasonable inquiry and bases its responses on information that is known or ascertainable through a reasonable inquiry.

8. Players Inc objects to the Requests to the extent that they are drafted in terms of legal conclusions.

9. Players Inc reserves all objections or other positions it may have as to the competency, relevance, materiality, privilege, or admissibility of any information disclosed in response to the Requests for any purpose whatsoever.

## OBJECTIONS TO PLAINTIFFS' DEFINITIONS

10. Players Inc's responses to the Requests do not in any way constitute an adoption of Plaintiffs' purported Definitions of words or phrases in the Requests. Players Inc objects to the Definitions contained in the Requests on the grounds and to the extent that they: (i) incorporate, reference, or rely upon factual assumptions or characterizations which are incorrect, speculative, or unsubstantiated; (ii) exceed the scope of permissible discovery under the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, any applicable Order of this Court or any other applicable rules or statutes; (iii) are inconsistent with the ordinary and customary meaning of the words or phrases they purport to define; (iv) include assertions of purported fact that are inaccurate or at the very least are disputed by the parties to this action; or (v) incorporate other purported Definitions that suffer from such defects. Without limiting the breadth and general application of these objections, Players Inc further objects to the Definitions as follows:

11. Players Inc objects to the definition of the terms "You," "Your," "PLAYERS INC," or "Defendant" to the extent that they purport to require the disclosure of information in the possession, custody or control of "attorneys" on the ground and to the extent that such information is protected by the attorney-client privilege, work-product doctrine or any other applicable privileges or protections from discovery. Players Inc further objects to the

-3-

definition of the terms "You," "Your," "PLAYERS INC," or "Defendant" to the extent they purport to include any of Players Inc's "former employees," "predecessors in interest" or any other entity (including the NFLPA) which may possess information outside of Players Inc's custody or control.

12. Players Inc objects to the definition of the terms "NFL Players Association" or "NFLPA" to the extent that they purport to require the disclosure of information in the possession, custody or control of "attorneys" on the ground and to the extent that such information is protected by the attorney-client privilege, work-product doctrine or any other applicable privileges or protections from discovery. Players Inc further objects to the definition of the terms "NFL Players Association" or "NFLPA" to the extent they purport to include any of the NFLPA's "former employees," "predecessors in interest" or any other person or entity which may possess information outside of Players Inc's custody or control.

13. Players Inc objects to the definition of the term "Licensee" to the extent that it is overly broad and not reasonably calculated to lead to the discovery or admissible evidence because, among other things, it includes third parties with whom Players Inc has contracted but which do not use the likenesses of retired players.

14. Players Inc objects to the definition of the term "GLA" to the extent that it is overly broad, vague and ambiguous because it includes "solicitations or offers" for contracts. For example, Plaintiffs' definition of the term GLA renders certain Requests meaningless (e.g., Request No. 6: "Admit that you have solicited every Retired Player to enter into a [solicitation for a contract]"). Players Inc will interpret the term GLA to refer to any agreement or other instrument or document whereby an active or retired NFL player assigns to the NFLPA and/or PLAYERS INC the right to use and to grant to persons, firms, or corporations the right to use his name, signature facsimile, voice, picture, photograph, likeness, and/or biographical information in group licensing programs.

-4-

## RESPONSES AND SPECIFIC OBJECTIONS

Players Inc expressly incorporates each of the above general objections and objections to definitions (collectively, "General Objections") in its response to each specific Request set forth below, as if fully set forth therein.

**REQUEST FOR ADMISSION NO. 1:**

Admit that you have purported to represent all Retired Players.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Players Inc objects to Request No. 1 on the ground that the term "represent" is overly broad and ambiguous in this context. Subject to and without waiver of the foregoing objections, Request No. 1 is denied. Players Inc admits that it has previously made statements regarding "representing" specific numbers of retired players, but a reasonable inquiry has not disclosed any statements in which Players Inc purported to represent "all" retired players. With respect to its previous statements regarding "representing" specific numbers of retired players, Players Inc was indicating that it had access to certain numbers of retired players via the NFLPA Retired Players Association, and that Players Inc had the ability to solicit the participation of such players in licensing activities to the extent that potential third-party licensees indicated an interest in pursuing licensing opportunities with such players.

**REQUEST FOR ADMISSION NO. 2:**

Admit that you have claimed that licensees could secure Retired Player rights only from PLAYERS INC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Subject to and without waiver of the foregoing objections, Request No. 2 is denied during the limitations period. Players Inc admits that during the limitations period it has claimed that third-party licensees of Players Inc could secure retired NFL player group licensing rights only through Players Inc if such rights were going to be used in conjunction with Players Inc licensed products. To the extent that Request No. 2 is referring to language in Exhibit B to the SAC, that letter was sent prior to the commencement of any applicable statute of limitations

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, California 94303-2225

period and information relating to that letter is outside the scope of permissible discovery. Players Inc will not respond to this request for information from prior to the commencement of the statute of limitations except that Players Inc admits that the letter attached to the SAC as Exhibit B was sent prior to the commencement of any applicable statute of limitations and states that "Players Inc's licensees such as EA Sports are permitted to secure retired NFL player rights only from Players Inc."

**REQUEST FOR ADMISSION NO. 3:**

Admit that you have claimed that PLAYERS INC provides the Retired Players' only opportunity to participate in NFL player video games and get paid.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Subject to and without waiver of the foregoing objections, Request No. 3 is denied during the limitations period. Players Inc admits that during the limitations period it has claimed that third-party licensees of Players Inc could secure retired NFL player group licensing rights only through Players Inc if such rights were going to be used in conjunction with Players Inc licensed NFL player video games. To the extent that Request No. 3 is referring to language in Exhibit B to the SAC, that letter was sent prior to the commencement of any applicable statute of limitations period and information relating to that letter is outside the scope of permissible discovery. Players Inc will not respond to this request for information from prior to the commencement of the statute of limitations except that Players Inc admits that the letter attached to the SAC as Exhibit B was sent prior to the commencement of any applicable statute of limitations and states that "[t]his offer will be your only opportunity to participate in NFL player video games and paid."

**REQUEST FOR ADMISSION NO. 4:**

Admit that you have solicited every Retired Player to participate in NFL player video games and get paid.

-6-

Players Inc's Responses and Objections to  
Plaintiffs' First Set of Requests for Admissions

Civ. Action No. C07 0943 WHA

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Subject to and without waiver of the foregoing objections, Request No. 4 is denied.

**REQUEST FOR ADMISSION NO. 5:**

Admit that the NFLPA has solicited every Retired Player to participate in NFL player video games and get paid.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Players Inc objects to Request No. 5 on the ground that it is directed to the NFLPA. Subject to and without waiver of the foregoing objections, Request No. 5 is denied.

**REQUEST FOR ADMISSION NO. 6:**

Admit that you have solicited every Retired Player to enter into a GLA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Subject to and without waiver of the foregoing objections, Request No. 6 is denied.

**REQUEST FOR ADMISSION NO. 7:**

Admit that the NFLPA has solicited every Retired Player to enter into a GLA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Players Inc objects to Request No. 7 on the ground that it is directed to the NFLPA. Subject to and without waiver of the foregoing objections, Request No. 7 is denied.

**REQUEST FOR ADMISSION NO. 8:**

Admit that the NFLPA has assigned to PLAYERS INC all of the GLAs that it has obtained relating to Retired Players.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Players Inc objects to Request No. 8 on the ground that the word "obtained" is vague and ambiguous in this context. Subject to and without waiver of the foregoing objections, Players Inc admits that to the extent retired NFL players enter into GLAs with the NFLPA, the

NFLPA assigns Players Inc the right to utilize the group licensing rights of such retired NFL players, except with respect to trading card agreements.

**REQUEST FOR ADMISSION NO. 9:**

Admit that the NFLPA has assigned to PLAYERS INC the right to use or license NFL logos and markings.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Subject to and without waiver of the foregoing objections, Request No. 9 is denied.

**REQUEST FOR ADMISSION NO. 10:**

Admit that you claim to represent over 3,000 Retired Players.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Players Inc objects to Request No. 10 on the ground that the term "represent" is overly broad and ambiguous in this context. Subject to and without waiver of the foregoing objections, Request No. 10 is denied as Players Inc does not currently claim to represent any specific number of retired players. Players Inc admits that it has previously made statements regarding "representing" specific numbers of retired players. In making such statements, Players Inc was indicating that it had access to certain numbers of retired players via the NFLPA Retired Players Association, and that Players Inc had the ability to solicit the participation of such players in licensing activities to the extent that potential third-party licensees indicated an interest in pursuing licensing opportunities with such players.

**REQUEST FOR ADMISSION NO. 11:**

Admit that you claim to represent more than 2,900 Retired Players.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Players Inc objects to Request No. 11 on the ground that the term "represent" is overly broad and ambiguous in this context. Subject to and without waiver of the foregoing objections, Request No. 11 is denied as Players Inc does not currently claim to represent any specific number of retired players. Players Inc admits that it has previously made statements

regarding "representing" specific numbers of retired players. In making such statements, Players Inc was indicating that it had access to certain numbers of retired players via the NFLPA Retired Players Association, and that Players Inc had the ability to solicit the participation of such players in licensing activities to the extent that potential third-party licensees indicated an interest in pursuing licensing opportunities with such players.

**REQUEST FOR ADMISSION NO. 12:**

Admit that you claim to represent 3,500 Retired Players.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Players Inc objects to Request No. 12 on the ground that the term "represent" is overly broad and ambiguous in this context. Subject to and without waiver of the foregoing objections, Request No. 12 is denied as Players Inc does not currently claim to represent any specific number of players. Players Inc admits that it has previously made statements regarding "representing" specific numbers of retired players. In making such statements, Players Inc was indicating that it had access to certain numbers of retired players via the NFLPA Retired Players Association, and that Players Inc had the ability to solicit the participation of such players in licensing activities to the extent that potential third-party licensees indicated an interest in pursuing licensing opportunities with such players.

**REQUEST FOR ADMISSION NO. 13:**

Admit that you have claimed to represent 3,700 Retired Players.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Players Inc objects to Request No. 13 on the ground that the term "represent" is overly broad and ambiguous in this context. Subject to and without waiver of the foregoing objections, Request No. 13 is denied.

**REQUEST FOR ADMISSION NO. 14:**

Admit that after this lawsuit was filed, you changed the language on your website to say that PLAYERS INC represents "many memorable" retired players instead of claiming to represent more than a specific number of Retired Players.

-9-

Players Inc's Responses and Objections to
Plaintiffs' First Set of Requests for Admissions

Civ. Action No. C07 0943 WHA

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Players Inc objects to Request No. 14 on the grounds that the Request is compound, and the term "represent" is vague and ambiguous in this context. Subject to and without waiver of the foregoing objections, Players Inc admits that some time after February 14, 2007, Players Inc changed the language on its website so that it currently states: "Formed in 1994, PLAYERS INC represents more than 1,800 active and many memorable retired NFL players."

**REQUEST FOR ADMISSION NO. 15:**

Admit that you have made no accounting to Retired Players of licensing and/or marketing distributions.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Players Inc objects to Request No. 15 on the ground that the term "accounting" is vague and ambiguous in this context. Subject to and without waiver of the foregoing objections, Request No. 15 is denied in that Players Inc accounted to retired players by providing them with appropriate distributions of licensing monies.

**REQUEST FOR ADMISSION NO. 16:**

Admit that less than 400 Retired Players received any revenue from your licensing activities in 2005.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Subject to and without waiver of the foregoing objections, Request No. 16 is denied. During 2005, more than 400 retired players received revenues from Players Inc with respect to licensing activities, including personal appearances.

**REQUEST FOR ADMISSION NO. 17:**

Admit that one or more of your agreements with Licensees prevents them from using Retired Players likenesses if the Retired Player is not under contract with PLAYERS INC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Players Inc objects to Request No. 17 on the grounds that it is vague and ambiguous. Subject to and without waiver of the foregoing objections, Request No. 17 is denied. Players Inc admits that one or more of its agreements with third-party licensees include "non-interference" provisions similar to the provision set forth in Paragraph 11 of Exhibit C to the SAC: "Licensee agrees and acknowledges that it shall not secure or seek to secure, directly from any player who is under contract to an NFL club, is seeking to become under contract to an NFL club, or at any time was under contract to an NFL club, or from such player's agent, permission or authorization for the use of such player's name, facsimile signature, image, likeness, photograph, or biography in conjunction with the licensed product(s) herein." SAC, Ex. C, ¶ 12. Contrary to the assertion in Request No. 17, such "non-interference" provisions do not purport to impose a general restriction upon third-party licensees. For example, on their face, the non-interference provisions are limited to specified licensed products.

**REQUEST FOR ADMISSION NO. 18:**

Admit that one or more of your agreements with Licensees requires that the Licensee obtain rights to Retired Players likenesses only through PLAYERS INC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Subject to and without waiver of the foregoing objections, Request No. 18 is denied. Players Inc admits that one or more of its agreements with third-party licensees include "non-interference" provisions similar to the provision set forth in Paragraph 11 of Exhibit C to the SAC: "Licensee agrees and acknowledges that it shall not secure or seek to secure, directly from any player who is under contract to an NFL club, is seeking to become under contract to an NFL club, or at any time was under contract to an NFL club, or from such player's agent, permission or authorization for the use of such player's name, facsimile signature, image, likeness, photograph, or biography in conjunction with the licensed product(s) herein." SAC, Ex. C, ¶ 12. Contrary to the assertion in Request No. 18, such "non-interference" provisions do not purport to require third-party licensees to obtain retired players' likenesses only through

-11-

Players Inc's Responses and Objections to
Plaintiffs' First Set of Requests for Admissions                    Civ. Action No. C07 0943 WHA

1  Players Inc. For example, on their face, the non-interference provisions are limited to specified
2  licensed products.

3  **REQUEST FOR ADMISSION NO. 19:**

4  Admit that Gene Upshaw has said in reference to licensing of images of the
5  Retired Players: "We could have the greatest dog food in the world, but if the dogs don't like it,
6  we can't sell it."

7  **RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

8  Subject to and without waiver of the foregoing objections, Request No. 19 is
9  admitted.

10
11  Date: August 1, 2007                              DEWEY BALLANTINE LLP
12                                                   BY: _____
13                                                         Eamon O'Kelly
                                                     *Attorneys for Defendant Players Inc*

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, California 94303-2225