Mark Malin (Bar No. 199757)
mmalin@dl.com
DEWEY & LEBOEUF LLP
1950 University Avenue, Suite 500
East Palo Alto, CA 94303
Tel: (650) 845-7000; Fax: (650) 845-7333

Jeffrey L. Kessler (*pro hac vice*)
jkessler@dl.com
David G. Feher (*pro hac vice*)
dfeher@dl.com
Eamon O'Kelly (*pro hac vice*)
eokelly@dl.com
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, NY 10019
Tel: (212) 259-8000; Fax: (212) 259-6333

Kenneth L. Steinthal (*pro hac vice*)
kenneth.steinthal@weil.com
Claire E. Goldstein (Bar No. 237979)
claire.goldstein@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Tel: (650) 802-3000; Fax: (650) 802-3100

Bruce S. Meyer (*pro hac vice*)
bruce.meyer@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000; Fax: (212) 310-8007

Attorneys for Defendants National Football League Players Association
and National Football League Players Incorporated d/b/a Players Inc

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| BERNARD PAUL PARRISH, HERBERT ANTHONY ADDERLEY, WALTER ROBERTS III, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION and NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a/ PLAYERS INC, <br><br> Defendants. | Case No. C 07 0943 WHA <br><br> **DECLARATION OF DOUG ALLEN IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT** <br><br> **PUBLIC VERSION** |

Declaration of Doug Allen                                 Civ. Action No. C07 0943 WHA

Dewey & LeBoeuf LLP
1950 University Avenue, Suite 500
East Palo Alto, CA 94303-2225

I, Douglas Allen, declare as follows:

1. I am currently the National Executive Director and Chief Negotiator for the Screen Actors Guild, which I joined in January 2007. Prior to then, and since 1986, I was the Assistant Executive Director of the National Football League Players Association ("NFLPA"), and, since 1994, I was also the President of National Football League Players Incorporated d/b/a Players Inc ("Players Inc"), the licensing subsidiary of the NFLPA. In that job, I was the person primarily responsible for the group licensing business of Players Inc. I am over twenty-one years of age and have personal knowledge of each of the facts stated herein. If called upon to testify, I could and would testify completely thereto.

2. I understand that, in seeking leave to file another complaint in this action, plaintiffs have made numerous assertions about my deposition testimony in this case (which took place on September 7, 2007), and have also made various claims about the operation of the group licensing business of Players Inc as it applies to retired NFL players. This declaration reviews those points, which include many distortions by plaintiffs that are contrary to my deposition testimony, the license agreements themselves, and other documents.

**License Agreements**

3. Players Inc entered into license agreements with Electronic Arts, Inc. ("EA"),

**REDACTED**

1    That is not correct. I never "confirmed" any such thing, which is contrary to the
2 terms of the EA contract.

3    4.

9    5.

13    **REDACTED**

18    6.

25    7.

Declaration of Doug Allen                                    Civ. Action No. C07 0943 WHA

8.

**REDACTED**

9.

They could not do so, because I did not make any such statement in my deposition.

10.

Declaration of Doug Allen                                    Civ. Action No. C07 0943 WHA

*Dewey & LeBoeuf LLP*
*1950 University Avenue, Suite 500*
*East Palo Alto, CA 94303-2225*

Dewey & LeBoeuf LLP
1950 University Avenue, Suite 500
East Palo Alto, CA 94303-2225

11.

**REDACTED**

12.

13.

Declaration of Doug Allen

Civ. Action No. C07 0943 WHA

5

1  14.

5       **REDACTED**

10                                              No retired player rights are
11  included.

### "Eligibility" To Receive Licensing Royalties

13       15.

16                                    This too is a complete distortion.

17       16.

21       17.        **REDACTED**

18.

19.

**REDACTED**

20.

7

Declaration of Doug Allen                                                                      Civ. Action No. C07 0943 WHA

**REDACTED**

21. Any suggestion that my testimony supports plaintiffs' assertion that the NFLPA Board of Player Representatives "should" (TAC ¶ 34) have declared retired players such as Mr. Adderley to be entitled to receive an equal share in revenue that they did not generate -- and that instead was generated exclusively by active NFL players -- after the retired players had already received essentially 100% of the revenue that they did generate -- is a complete distortion. The active players had no obligation to share revenues they generated with retired NFL players.

**The Revenue Reallocation**

22.   This is another distortion.

23.

**REDACTED**

24.

**REDACTED**

25. I also note that plaintiffs' proposed complaint alleges that, the "remaining revenue should have been paid directly to players or paid out as additional royalty to NFLPA members." TAC ¶ 37.

**REDACTED**

**The Escrow Account**

26.

This is yet another distortion.

27. Plaintiffs' counsel extensively questioned me on the subject of the possible existence or non-existence of the "escrow account," and my testimony could not have been clearer:

> Q. When it refers to an escrow account for all eligible NFLPA members who have signed a Group Licensing Authorization Form, was there such an account created?
>
> A. No, <u>because all of the money was distributed to the players who participated</u>.
>
> Q. So you did not divide the money at all between the player and an escrow account. <u>You didn't even create an escrow account?</u>
>
> A. <u>There was no money to create it with.</u> We wouldn't have been able to get the players to do it in the first place if they weren't getting paid. We

> learned that lesson. <u>And all of the money secured for retired player licensing was distributed to the players who were involved in those license programs. There was no other money to escrow.</u> There was no other money to divide. And if we had -- if we had discounted it and taken money out of it, we wouldn't have gotten the players to participate in the first place.

Tr. 148:16-149:10 (emphases added).

28.

### The Scope of GLAs

29.     **REDACTED**

30.

---

10

Declaration of Doug Allen                                           Civ. Action No. C07 0943 WHA

**REDACTED**

31.

I declare under the penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that this declaration was executed in Los Angeles, California on October 9, 2007.

Dated: October 9, 2007

_Douglas Allen_
Douglas Allen

Dewey & LeBoeuf LLP
1950 University Avenue, Suite 500
East Palo Alto, CA 94303-2225