Mark Malin (Bar No. 199757)
mmalin@dl.com
DEWEY & LEBOEUF LLP
1950 University Avenue, Suite 500
East Palo Alto, CA 94303
Tel: (650) 845-7000; Fax: (650) 845-7333

Jeffrey L. Kessler (*pro hac vice*)
jkessler@dl.com
David G. Feher (*pro hac vice*)
dfeher@dl.com
Eamon O'Kelly (*pro hac vice*)
eokelly@dl.com
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, NY 10019
Tel: (212) 259-8000; Fax: (212) 259-6333

Kenneth L. Steinthal (*pro hac vice*)
kenneth.steinthal@weil.com
Claire E. Goldstein (Bar No. 237979)
claire.goldstein@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Tel: (650) 802-3000; Fax: (650) 802-3100

Bruce S. Meyer (*pro hac vice*)
bruce.meyer@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000; Fax: (212) 310-8007

Attorneys for Defendants National Football League Players Association and National Football League Players Incorporated d/b/a Players Inc

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| BERNARD PAUL PARRISH, HERBERT ANTHONY ADDERLEY, WALTER ROBERTS III, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION and NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a/ PLAYERS INC, <br><br> Defendants. | Case No. C 07 0943 WHA <br><br> **DECLARATION OF RICHARD BERTHELSEN IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT** |

# DECLARATION OF RICHARD BERTHELSEN

I, Richard Berthelsen, hereby declare, as follows:

1. I am General Counsel of the National Football League Players Association ("NFLPA"). I am over twenty-one years of age, and I have personal knowledge of each of the facts stated herein. If called upon to testify, I could and would testify completely thereto.

**NFLPA Constitution**

2. I understand that the plaintiffs in this action have asserted in their proposed Third Amended Complaint ("TAC") that the NFLPA Constitution dated March 1994, attached to the TAC as Exhibit K, somehow gives rise to fiduciary obligations on the part of the defendants to provide certain retired players, including Bernard Parrish, with "information affecting other benefits to which they may be entitled, including but not limited to the fact that Players Inc was licensing retired player rights to licensees like EA, regardless of whether those players' images were ever used." TAC, ¶ 72, 79. This distorts the meaning of the NFLPA Constitution, which as set forth below, promises nothing to retired players with respect to licensing information.

3. The NFLPA Constitution provides that only persons currently employed as professional football players by a member club of the NFL shall be eligible to be active members of the NFLPA. Only active members are eligible to vote in elections of Player Representatives, collective bargaining ratification or any other matter affecting active players. See NFLPA Constitution, Art. II.

4. Thus, pursuant to the NFLPA Constitution, no retired player is eligible for active NFLPA membership.

5. With respect to retired players, the NFLPA Constitution authorizes a retired player organization and provides that "[a]ny person who has been an active player in the NFL…may join the NFLPA as a retired player member after retiring from football." Id.

6. A retired player becomes a member of this retired player organization, called the NFLPA Retired Players Association, only upon his payment of annual membership dues to the NFLPA (except that, upon official retirement and/or collection of severance pay, each retiring player receives membership in the NFLPA Retired Players Association for two years without having to pay annual dues). A retired player does not become a member of the Retired Players Association, or of the NFLPA for that matter, by virtue of signing any Group Licensing Authorization ("GLA").

7. The total amount received from retired players by the NFLPA in annual dues does not offset the cost to the NFLPA of providing various services to retired players. In a letter sent by Doug Allen to certain retired players, attached to the TAC as Exhibit L, Mr. Allen writes that dues payments allow the "NFLPA to provide extensive services and benefits to retired players…For example, the NFLPA Retired Players Department and Benefits Department serves almost 4000 NFLPA retired player members at an annual cost to the NFLPA of $1.5 million. Retired player dues offset less than $200,000 of that amount."

8. The NFLPA Constitution sets forth the rights of Retired Players Association members: a retired player member has the right to (i) attend an annual NFLPA convention and participate in certain convention activities, with the exception of meetings designated for active NFLPA members only; (ii) receive NFLPA publications, retired players publications, and other information affecting retirement benefits or other benefits he may be entitled to; (iii) participate in NFLPA special events; (iv) participate in any group insurance plan offered through the NFLPA on the retired player's behalf; (v) be represented on the NFLPA Retirement Board; and (vi) affiliate with a local chapter of the NFLPA retired players organization. Id.

9. The right conferred on Retired Player Association members in the NFLPA Constitution to receive information affecting "retirement benefits or other benefits" refers to information regarding certain benefits that may be available to retired players by virtue of the Collective Bargaining Agreement between the NFL Management Counsel and the NFLPA

("CBA"). Attached hereto as Exhibit A is a true and accurate copy of excerpts of the CBA dated March 8, 2006. (The CBA is also publicly available on the NFLPA's website at www.nflpa.org.) These CBA benefits include pension funding, Exh. A., Art. XLVII, disability benefits, id. at Art. LI, and the "88 benefit" for players suffering from dementia, id. at Art. XLVIII-D, among others, but not any purported benefits with respect to licensing or marketing activities.

**Gene Upshaw's Statements**

10. In an article that appeared in the Charlotte Observer on January 15, 2006, attached to the TAC as Exhibit P, Gene Upshaw, Executive Director of the NFLPA and Chairman of Players Inc, is quoted as saying with respect to retired players "I don't work for them."

11. I understand that the plaintiffs point to Mr. Upshaw's statement as a basis for their allegation that the NFLPA and Players Inc have "breached their fiduciary obligations to Mr. Parrish and other members of the Retired NFLPA Member Class by admitting that they do not work for retirees at all." TAC, ¶ 78.

12. Nowhere in the Charlotte Observer article is Mr. Upshaw quoted as saying the NFLPA does not work for retired players "at all." Rather, Mr. Upshaw's statement refers to the fact that <u>for collective bargaining purposes</u>, retired players are not members of the NFLPA's bargaining unit. The full text of Mr. Upshaw's quote is as follows:

> 'The bottom line is I don't work for them,' he said. 'They don't hire me and they can't fire me. They can complain about me all day long. They can have their opinion. But, the active players have the vote. That's who pays my salary. They (retirees) say they don't have anybody in the (bargaining room). Well, they don't and they never will. I'm the only one in that room. They're not in the bargaining unit. They don't even have a vote.'

13. This is confirmed in the Preamble of the CBA, which provides that the NFLPA is the "sole and exclusive bargaining representative of <u>present</u> and <u>future</u> employee players in the NFL in a bargaining unit," which includes (i) all professional football players employed by a member club of the NFL; (ii) all professional football players who have been previously employed by a member club of the NFL who are seeking employment with an NFL

Club; and (iii) certain rookie players. See Exhibit A. Retired players are, therefore, not members of the NFLPA's bargaining unit.

14. Further, in the article relied upon by plaintiffs, Mr. Upshaw is not quoted as saying anything with respect to whether the NFLPA represents, or works on behalf of, retired players in connection with marketing and licensing activities, which are not collective bargaining activities.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was in executed in __D.C.__ on October _10_, 2007.

Dated: October _10_, 2007

_Richard Berthelsen_
Richard Berthelsen

Dewey & LeBoeuf LLP
1950 University Avenue
East Palo Alto, California 94303-2225

---

Declaration of Richard Berthelsen                 4                 Civ. Action No. C07 0943 WHA