Mark Malin (Bar No. 199757)
*mmalin@dl.com*
DEWEY & LEBOEUF LLP
1950 University Avenue, Suite 500
East Palo Alto, CA 94303
Tel: (650) 845-7000; Fax: (650) 845-7333

Jeffrey L. Kessler (*pro hac vice*)
*jkessler@dl.com*
David G. Feher (*pro hac vice*)
*dfeher@dl.com*
Eamon O'Kelly (*pro hac vice*)
*eokelly@dl.com*
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, NY 10019
Tel: (212) 259-8000; Fax: (212) 259-6333

Kenneth L. Steinthal (*pro hac vice*)
*kenneth.steinthal@weil.com*
Claire E. Goldstein (Bar No. 237979)
*claire.goldstein@weil.com*
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Tel: (650) 802-3000; Fax: (650) 802-3100

Bruce S. Meyer (*pro hac vice*)
*bruce.meyer@weil.com*
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000; Fax: (212) 310-8007

Attorneys for Defendants National Football League Players Association
and National Football League Players Incorporated d/b/a Players Inc

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| BERNARD PAUL PARRISH, HERBERT ANTHONY ADDERLEY, WALTER ROBERTS III,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION and NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a/ PLAYERS INC,<br><br>Defendants. | Case No. C 07 0943 WHA<br><br>**DEFENDANTS' MISCELLANEOUS ADMINISTRATIVE MOTION TO FILE UNDER SEAL CERTAIN CONFIDENTIAL MATERIALS FILED BY PLAINTIFFS** |

Defs.' Misc. Admin. Mot. To File Under Seal Certain Confidential Materials    Civ. Action No. C07 0943 WHA

Dockets.Justia.com

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Civil Local Rules 79-5(d) and 7-11, Defendants National Football League Players Association ("NFLPA") and National Football League Players Incorporated ("Players Inc") hereby move the Court to permit certain documents filed by Plaintiffs (the Third Amended Complaint ("TAC"), and Exhibits D, F, G, I, and O thereto) to be filed under seal.

On November 15, 2007, Plaintiffs made a Miscellaneous Administrative Request To File Certain Confidential Documents Under Seal. In particular, Plaintiffs sought to file under seal unredacted versions of the TAC, and Exhibits D, F, G, I, J, and O, thereto, on the ground that those documents contained material that Defendants had designated "Highly Confidential -- Attorneys Eyes Only" or "Confidential" pursuant to the Protective Order entered by the Court in this action. Plaintiffs publicly filed versions of those documents that redacted the confidential information at issue.

On November 19, 2007, the Court issued an Order Denying Plaintiffs' Motion To Seal Documents ("Order"). In its Order, the Court held that "Plaintiffs have failed to meet their burden as required by Rule 26(c)" because "[n]o substantive basis has been given by Plaintiffs to show good cause for sealing the documents." Order at 1. In a November 20, 2007 Order Clarifying Motion To Seal Documents ("Clarifying Order"), the Court held that if Defendants were seeking to have the documents at issue filed under seal, "they must formally file a motion with a sworn record showing specifically why good cause has been met." Clarifying Order at 1.

Defendants now bring that motion, seeking to have Plaintiffs' TAC, Exhibits D, F, G, I, and O thereto, filed under seal.[1] Defendants further request that the redacted versions of those documents (the versions previously filed by Plaintiffs) serve as the publicly available versions of those documents. The "good cause" for this request is described below, and set forth in the sworn declarations of Gene Upshaw and Joel Linzner (filed concurrently herewith).

---

[1] Although Plaintiffs sought to have Exhibit J to the TAC filed under seal, Defendants believe that Exhibit J does not raise the same concerns as the other documents discussed herein, and may be publicly filed.

Defs.' Misc. Admin. Mot. To File Under Seal Certain Confidential Materials    Civ. Action No. C07 0943 WHA

**MEMORANDUM**

A court is clearly authorized under Federal Rule of Civil Procedure 26(c) to prevent the disclosure of information, including trade secrets or commercial information, upon a showing of good cause. "Good cause" exists for filing protectable information under seal whenever disclosure would result in specific harm or prejudice to the party to whom the information belongs. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172,1179-80 (9th Cir. 2006); *Reilly v. Medianews Group Inc.*, No. C 06-04332 SI, 2007 U.S. Dist. LEXIS 8139, at *11-13 (N.D. Cal. Jan. 24, 2007). Here, such good cause exists for filing under seal the documents at issue – which are confidential business documents filled with trade secrets – the public disclosure of which would cause substantial harm to both Defendants and to Electronic Arts, Inc. ("EA"), a third party computer gaming company based in Redwood City, California.[2]

### A. 2004 and 2005 EA Agreements – Exhibits F and G

The documents attached to the TAC as Exhibits F and G are confidential licensing agreements between Players Inc and EA (the "EA Agreements"). These agreements are non-public, commercial documents, the terms of which are trade secrets. Specifically, the confidential terms of these agreements include the specific price terms of the contracts negotiated between EA and Players Inc (including the precise amounts and timing of the guaranteed payments and royalties), the specific scope of the rights granted and the services to be rendered under the agreements, the terms and conditions of payment, and the various contingencies and other contractual terms between the parties that EA and Players Inc negotiated. *See* TAC, Exs. F, G.

Defendants would be seriously harmed if the EA Agreements were publicly filed, because the terms of those confidential agreements would become publicly available to other licensees and licensors that compete in the marketplace. These third parties are sure to alter their

---

[2] Defendants note that the Court has previously found that there is "good cause" for filing under seal the documents that are the subject of this motion. *See* Order Sealing Confidential Documents (Rec. Doc. 144), October 3, 2007, at 2 ("Good cause appearing, it is hereby ordered that … the following documents are to be sealed: ...An unredacted version of the Third Amended Complaint...; Exhibits D, F, G, I, J, and O to the Third Amended Complaint...").

-2-

Defs.' Misc. Admin. Mot. To File Under Seal Certain Confidential Materials     Civ. Action No. C07 0943 WHA

business behavior in negotiations with Defendants if they became aware of the specific pricing and other terms of the EA Agreements. This would severely harm the bargaining position of Players Inc and the NFLPA, and cause substantial competitive and commercial injury to Players Inc and the NFLPA. *See* Declaration of Gene Upshaw ¶¶ 4-5 (Nov. 21, 2007).

Public disclosure of the precise terms of the EA Agreements would similarly harm EA. As stated in the Declaration of Joel Linzner, the senior executive at EA primarily responsible for negotiations with Players Inc and the NFLPA, the "extremely sensitive confidential business information" contained in the EA Agreements "is not a matter of public record, and would cause substantial competitive injury to EA if it were publicly disclosed." Declaration of Joel Linzner ¶ 3 (Nov. 21, 2007). Mr. Linzner further attests that "public disclosure of this information would harm competition by divulging to EA's and Players Inc's competitors the confidential price and other terms that EA and Players Inc negotiated in these contracts. The harm to EA and others from public disclosure of these documents would be severe and immediate." Id.

For all of these reasons, there is more than sufficient good cause for filing the EA Agreements under seal.[3]

### B. Players Inc/NFLPA Agreement and Amendment – Exhibits D and I

The document attached to the TAC as Exhibit D is an agreement between Players Inc and the NFLPA ("Players Inc/NFLPA Agreement") concerning various business matters including an NFLPA grant of rights to Players Inc in connection with Players Inc's licensing activities. The document attached to the TAC as Exhibit I is an amendment to the Players Inc/NFLPA Agreement ("Amendment") regarding a redistribution of certain funds under the Players Inc/NFLPA Agreement.

---

[3] *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 n.4 (documents containing "trade secrets, financial information, and confidential information about third parties" satisfy the "good cause" standard) (9th Cir. 2003); *Johnson Controls, Inc. v. Phoenix Control Sys., Inc.*, 886 F.2d 1173, 1176 (9th Cir. 1989) (protecting by seal information containing a party's trade secrets); *Reilly*, 2007 U.S. Dist. LEXIS 8139 at *14 (filing under seal information that might allow competitors to anticipate future actions taken by defendants or that might help the bargaining position of companies that negotiate with defendants).

-3-

Defs.' Misc. Admin. Mot. To File Under Seal Certain Confidential Materials     Civ. Action No. C07 0943 WHA

These documents are confidential commercial agreements between Players Inc and the NFLPA regarding the business arrangements of these companies. The terms of these agreements include descriptions of revenue amounts received by Defendants pursuant to their licensing agreements with certain licensees, as well as the method by which such revenue is distributed. The Players Inc/NFLPA Agreement also describes the distribution of revenue received from third parties, such as NFL Properties, Inc., and certain trading card companies.

The specific terms of these commercial agreements have not been made public and constitute trade secrets regarding the operation of Defendants' licensing businesses. Public disclosure of these agreements would reveal to Defendants' competitors, counter-contracting parties, and potential counter-contracting parties detailed financial information relating to the operations of Defendants' licensing businesses and contractual arrangements with third parties. Such information could cause these entities to change their business behavior to Defendants' commercial disadvantage. Accordingly, there is good cause to file the Players Inc/NFLPA Agreement, and Amendment thereto, under seal.[4]

### C. Allen Deposition Testimony – Exhibit O

The document attached to the TAC as Exhibit O contains excerpts of the deposition testimony given in this action on September 7, 2007, by Douglas Allen, former President of Players Inc. These excerpts include testimony describing the confidential, commercial information described above. For example:

- Verbatim recitations of terms of the EA Agreements, including financial terms, and descriptions and explanations of both the financial and non-financial terms of the EA Agreements;

---

[4] *See Cal. Serv. Employees Health & Welfare Trust Fund v. Advance Bldg. Maint.*, No. C06-3078 CW (BZ), 2007 WL 2669823, at *1-2 (N.D. Cal. Sept. 7, 2007) (protecting information relating to defendant's accounts receivables and outgoing payments as trade secrets that could provide its competitors advantages in the marketplace); *Navarro v. Eskanos & Adler, et al.*, No. C-06-02231 WHA (EDL), 2007 U.S. Dist. LEXIS 24864, at *16-17 (N.D. Cal. March 22, 2007) (protecting information that reveals the ways in which a party runs its business and thereby maintains its competitive advantage); *Reilly*, 2007 U.S. Dist. LEXIS 8139 at *14 (filing under seal information regarding financial information, including past and present revenues because it might affect future business dealings).

-4-

- Verbatim recitations of terms of the Players Inc/NFLPA Agreement, and descriptions and explanations of such terms; and
- Verbatim recitations of terms of a licensing agreement between the NFLPA and another third party licensee, and descriptions and explanations of those confidential terms.

Thus, for the same reasons stated above, public disclosure of Mr. Allen's deposition testimony would cause competitive and commercial harm to Defendants and to EA, and there is good cause for filing Exhibit O under seal.

### D. Third Amended Complaint

Plaintiffs' TAC contains much of the very same confidential information described above, including extensive quotations and descriptions of the EA Agreements, the Players Inc/NFLPA Agreement and Amendment thereto, and the deposition testimony of Doug Allen. *See*, *e.g.*, TAC ¶¶ 21, 23, 25-28, 31, 34, 38, 42, 45, 48, 54, 89. Public disclosure of an unredacted version of the TAC would therefore cause competitive and commercial harm to both Defendants and EA. Accordingly, there is good cause to file the TAC under seal, and for only Plaintiffs' redacted version made publicly available.

### **CONCLUSION**

For the reasons stated above, Defendants respectfully request that this Court grant this Motion To File Under Seal Certain Confidential Materials Filed By Plaintiffs.

Date: November 21, 2007                                    Dewey & LeBoeuf LLP

BY: __/s/Jeffrey L. Kessler_____
Jeffrey L. Kessler
*Attorneys for Defendants*

I hereby attest that I have on file all holographic signatures for any signatures indicated by a "conformed" signature (/S/) within this e-filed document

Date:                                                       BY: __/s/Joseph R. Wetzel_____
Joseph R. Wetzel
*Attorneys for Defendants*

-5-