```
Mark Malin (Bar No. 199757)
mmalin@dl.com
DEWEY & LEBOEUF LLP
1950 University Avenue, Suite 500
East Palo Alto, CA 94303
Tel: (650) 845-7000; Fax: (650) 845-7333

Jeffrey L. Kessler (pro hac vice)
jkessler@dl.com
David G. Feher (pro hac vice)
dfeher@dl.com
Eamon O'Kelly (pro hac vice)
eokelly@dl.com
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, NY 10019
Tel: (212) 259-8000; Fax: (212) 259-6333

Kenneth L. Steinthal (pro hac vice)
kenneth.steinthal@weil.com
Claire E. Goldstein (Bar No. 237979)
claire.goldstein@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Tel: (650) 802-3000; Fax: (650) 802-3100

Bruce S. Meyer (pro hac vice)
bruce.meyer@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000; Fax: (212) 310-8007
```

Attorneys for Defendants National Football League Players Association and National Football League Players Incorporated d/b/a Players Inc

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| BERNARD PAUL PARRISH, HERBERT ANTHONY ADDERLEY, WALTER ROBERTS III,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION and NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a/ PLAYERS INC,<br><br>Defendants. | Case No. C 07 0943 WHA<br><br>**DECLARATION OF GENE UPSHAW IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL CERTAIN CONFIDENTIAL MATERIALS FILED BY PLAINTIFFS** |

Upshaw Declaration In Support Of Defendants' Motion To File Under Seal     Civ. Action No. C07 0943 WHA

Dockets.Justia.com

# DECLARATION OF GENE UPSHAW

I, Gene Upshaw, hereby declare, as follows:

1. I am Executive Director of the National Football League Players Association ("NFLPA") and Chairman of National Football League Players Incorporated ("Players Inc.") (collectively, "Defendants"). I am over twenty-one years of age, and I have personal knowledge of each of the facts stated herein. If called upon to testify, I could and would testify completely thereto.

2. This declaration is submitted to show good cause why Plaintiffs' Third Amended Complaint ("TAC") and Exhibits F, G, D, I, and O thereto should be filed under seal. As described below, these documents contain trade secrets regarding the licensing businesses of the NFLPA and Players Inc, as well as the licensing business of a major company with which we do business, Electronic Arts, Inc. ("EA"). Public disclosure of these documents would result in serious commercial harm to the NFLPA, Players Inc, and EA, and also harm competition in the licensing marketplace.

3. The documents attached to the TAC as Exhibits F and G are non-public commercial licensing agreements between Players Inc and Electronic Arts Inc. ("EA" and "EA Agreements," respectively). These agreements are non-public, commercial documents, the terms of which are trade secrets. Specifically, the confidential terms of these agreements include, among other things, the specific price terms of the contracts negotiated between EA and Players Inc (including the precise amounts and timing of the guaranteed payments and royalties), the specific scope of the rights granted and services to be rendered under the agreements, the terms and conditions of payment, and the various contingencies and other terms that EA and Players Inc negotiated to govern their contractual relationship.

4. Players Inc and the NFLPA would be seriously harmed commercially if the EA Agreements were publicly filed. Such public disclosure would make the precise terms of those confidential contracts available to other licensees and potential licensees in the licensing marketplace with which we deal or may deal (such as other gaming companies that would

Dewey & LeBoeuf LLP
1950 University Avenue, Suite 500
East Palo Alto, California 94303-2225

competitively benefit if they had access to the terms we negotiated with EA), and other licensors and potential licensors with which we compete (such as licensors in other sports that similarly license rights to companies such as EA).

5. Those companies would see the specific confidential business terms that Players Inc and EA negotiated, which would clearly have a major impact on their business behavior and any future negotiations they may have with Players Inc, the NFLPA or EA, or other companies in the licensing marketplace. Players Inc, the NFLPA and EA are not the only companies competing in the licensing marketplace. Disclosure of these confidential business terms to these companies would seriously distort the marketplace by having all of the confidential business terms of Players Inc and EA in these substantial contracts publicly available, while the terms that these other companies negotiate are not publicly disclosed in the same way. Other licensees and licensors would have a commercial advantage over Players Inc and the NFLPA, and these other companies would clearly modify their behavior to exploit that advantage to the fullest. In short, one of our most important business trade secrets in the marketplace -- the precise contract terms we negotiated with EA in these major contracts -- would be lost. This would result in substantial and immediate commercial harm to Players Inc and the NFLPA.

6. The document attached to the TAC as Exhibit D is an agreement between Players Inc and the NFLPA ("Players Inc/NFLPA Agreement") concerning various business matters including an NFLPA grant of certain rights to Players Inc in connection with Players Inc's licensing activities. The document attached to the TAC as Exhibit I is an amendment to the Players Inc/NFLPA Agreement ("Amendment") regarding a redistribution of certain funds under the Players Inc/NFLPA Agreement.

7. These documents are confidential, commercial agreements between Players Inc and the NFLPA regarding the business arrangements of their licensing businesses. Specifically, the terms of these agreements include descriptions of revenue amounts received by Players Inc and the NFLPA pursuant to their licensing agreements with certain licensees, as well as the methods by which such revenue is distributed. The Players Inc/NFLPA Agreement also

-2-

describes the distribution of revenue received from third parties, such as NFL Properties, Inc., and certain trading card companies.

8.  The specific terms of these commercial agreements have not been made public and they constitute confidential business information regarding the operation of Defendants' licensing businesses. Public disclosure of these agreements would reveal to Players Inc's and the NFLPA's competitors, counter-contracting parties, and potential counter-contracting parties detailed financial information relating to the operations of Players Inc's and the NFLPA's licensing businesses, as well as third party contract information. Such information could cause these entities to change their business behavior to Players Inc's and the NFLPA's commercial disadvantage.

9.  The document attached to the TAC as Exhibit O contains excerpts of the deposition testimony of Douglas Allen, the former President of Players Inc. In his testimony, Mr. Allen discusses at length much of the same confidential and commercial information described above. For example, Mr. Allen recited verbatim certain terms of the EA Agreements (including financial terms of those agreements), and explained and described the terms of those agreements. Mr. Allen also testified about the Players Inc/NFLPA Agreement and Amendment (including verbatim recitations of some of the terms of those agreements). In addition, Mr. Allen testified about the specific terms of a licensing agreement between the NFLPA and another third party licensee (i.e., other than EA). If this information were to be publicly disclosed, it would cause competitive and commercial harm to Players Inc, the NFLPA, EA, and the other third party licensee, for the same reasons I discuss above.

10. Public disclosure of an unredacted version of the Plaintiffs' TAC would cause competitive and commercial harm to Players Inc, the NFLPA, and EA since the TAC contains much of the very same confidential information described above, including extensive quotations of, and descriptions of, the EA Agreements, the Players Inc/NFLPA Agreement and Amendment thereto, and the deposition testimony of Doug Allen.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was in executed in _Washington, DC_ on November 21, 2007.

Dated: November 21, 2007

*[signature]*
Gene Upshaw

Dewey & LeBoeuf LLP
1950 University Avenue
East Palo Alto, California 94303-2225