MANATT, PHELPS & PHILLIPS, LLP
RONALD S. KATZ (Bar No. CA 085713)
E-mail: rkatz@manatt.com
RYAN S. HILBERT (California Bar No. 210549)
E-mail: rhilbert@manatt.com
NOEL S. COHEN (California Bar No. 219645)
E-mail: ncohen@manatt.com
1001 Page Mill Road, Building 2
Palo Alto, CA 94304-1006
Telephone: (650) 812-1300
Facsimile: (650) 213-0260

McKOOL SMITH, P.C.
LEWIS T. LECLAIR (Bar No. CA 077136)
E-mail: lleclair@mckoolsmith.com
JILL ADLER (Bar No. CA 150783)
E-mail: jadler@mckoolsmith.com
300 Crescent Court, Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT

SAN FRANCISCO DIVISION

| | |
|---|---|
| BERNARD PAUL PARRISH, HERBERT ANTHONY ADDERLEY, and WALTER ROBERTS III, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION, a Virginia corporation, and NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a PLAYERS INC, a Virginia corporation,<br><br>Defendants. | CIVIL ACTION NO. C07 0943 WHA<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT**<br><br>Date:<br>Time:<br>Judge: Honorable William H. Alsup |

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

MOTION FOR LEAVE TO FILE THIRD
AMENDED CLASS ACTION COMPLAINT
CASE NO. C07 0943 WHA

Dockets.Justia.com

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................................ 1
II. HOW THE TAC DIFFERS FROM PRIOR COMPLAINTS ............................................. 1
III. THE GOOD FAITH BASIS ON WHICH THE AMENDMENTS WERE MADE ........... 3
IV. HOW THE AMENDED TAC CURES THE PROBLEMS IDENTIFIED IN THE COURT'S ORDER ............................................................................................................. 5
    A. Statute of Limitations ............................................................................................. 5
    B. Section 17200 Claim .............................................................................................. 6
    C. Breach of Contract .................................................................................................. 6
        1. Existence of the Contract ............................................................................ 6
        2. Defendants' Breaches .................................................................................. 7
        3. Damages ...................................................................................................... 9
    D. Fiduciary Duty Claims ........................................................................................... 9
        1. Breach of Fiduciary Duty Claim for Adderley and the GLA Class .......... 10
            a. Direct Agency ............................................................................... 10
            b. Agency by Estoppel ...................................................................... 10
            c. Confidential Relationship ............................................................. 11
            d. Defendants' Breaches of Fiduciary Duty for Adderley and the GLA Class ................................................................................ 12
            e. Damages ........................................................................................ 12
        2. Breach of Fiduciary Duty for Parrish and other Retired NFLPA Members ................................................................................................... 13
            a. Agency by Estoppel ...................................................................... 14
            b. Confidential Relationship ............................................................. 14
            c. Defendants' Breaches of Fiduciary Duty for Parrish and the Retired NFLPA Member Class. .................................................... 15
            d. Damages ........................................................................................ 16
    E. Accounting Claim on Behalf of the GLA Class ................................................... 16
V. CONCLUSION ................................................................................................................. 16

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

i

MOTION FOR LEAVE TO FILE THIRD
AMENDED CLASS ACTION COMPLAINT
CASE NO. C07 0943 WHA

## TABLE OF AUTHORITIES

Page

**CASES**

*Forsyth v. Humana, Inc.*,
    114 F.3d 1467 (9th Cir. 1997) ................................................................................. 6

*Richelle L. v. Roman Catholic Archbishop*,
    106 Cal. App. 4th 257 (Cal. App. 2003) ........................................................... 11, 15

**STATUTES**

Bus. & Prof. Code § 17200 ................................................................................... 2, 6

41161205.1

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Palo Alto

ii

MOTION FOR LEAVE TO FILE THIRD
AMENDED CLASS ACTION COMPLAINT
CASE NO. C07 0943 WHA

Plaintiffs BERNARD PAUL PARRISH and HERBERT ANTHONY ADDERLEY on behalf of themselves and all others similarly situated, file this Motion for Leave to File Third Amended Complaint.

## I. INTRODUCTION

Pursuant to the Court's September 6, 2007 Order Granting Defendants' Motions to Dismiss (the "Order"), Plaintiffs submit this Motion for Leave to File a Third Amended Complaint ("TAC"), a copy of which complaint is attached to this motion as Exhibit 1. Consistent with the Order at p. 24, this motion, accompanied by the Declaration of Ronald S. Katz ("Katz Decl."), counsel for Plaintiffs, addresses the following issues: (1) how the TAC differs from prior complaints; (2) the good-faith basis on which the amendments set forth in the TAC were made; and (3) how the proposed TAC cures problems identified by the Court in its Order.

## II. HOW THE TAC DIFFERS FROM PRIOR COMPLAINTS

The TAC differs from prior complaints as follows:

First, the TAC asserts only those claims that fall within the statute of limitations period as discussed in the Court's Order (*see* Order, p. 5). Katz Decl. ¶ 5.

Second, the TAC sets forth an amended breach of contract claim on behalf of Adderley and the GLA Class (as that class is defined in the TAC) which now: (1) specifically references and attaches the GLAs signed by Adderley, (2) identifies the provision(s) of the Adderley GLA(s) that ha(s,ve) been violated, and (3) identifies the personal nature of the breaches to Adderley (*see* Order, pp. 14-18). More specifically, the TAC allegations address the Court's stated concerns concerning Plaintiffs' contract theory by asserting that Adderley and other class members entered into a GLA with the NFLPA (the rights to which were assigned to PLAYERS INC), that PLAYERS INC licensed the rights to Adderley and those retired players who signed the Adderley GLA to third parties pursuant to license agreements, that PLAYERS INC received substantial sums from such licensees, and that Defendants breached the terms of the Adderley GLA by failing to share the revenues with retired players as promised in the express language of the GLA (*see* Order, pp. 14-18). Katz Decl. ¶¶ 7-9.

Third, the TAC sets forth an amended breach of fiduciary duty claim on behalf of Adderley and the GLA Class which now: (1) identifies additional facts suggesting a fiduciary duty arising from an express agency, agency by estoppel, and a confidential relationship; (2) alleges numerous breaches of fiduciary duty owed to Adderley and the GLA class, including a conflict of interest on the part of Defendants between themselves, the active players and the retired players, and (3) identifies damages personally suffered by Adderley, including Defendants' failure to pay retired players like Adderley who signed a GLA ████████████████████████████████████████████████████████████ (*see* Order, pp. 18-22). Katz Decl. ¶¶ 10-13.

Fourth, based upon the above additional allegations, the TAC seeks an accounting on behalf of the GLA Plaintiffs (*see* Order, p. 23).

Fifth, the TAC sets forth an amended claim for a breach of fiduciary duty on behalf of Parrish and a class of retired NFLPA members who joined the Retired Players Association but who, according to the NFLPA's own records, did not sign a GLA (the "Retired NFLPA Members Class"). Consistent with the Court's Order, this claim: (1) identifies specific facts suggesting a fiduciary relationship between Defendants and the Class based on agency by estoppel and/or a confidential relationship, including Defendants' solicitation of Parrish and retired members for membership in the NFLPA and the vulnerability of Parrish and retired members to the internal operations and functions of the NFLPA and PLAYERS INC; (2) identifies specific breaches of fiduciary duty, including Defendants' Chairman's statement that he "does not work for" retired members of the NFLPA and the failure to provide Parrish and retired members with information regarding benefits to which they may be entitled, and (3) identifies specific, personal damages to Parrish and the Class, up to and including, dues paid to the NFLPA in exchange for membership (*see* Order, pp. 18-22). Katz Decl. ¶¶ 14-17.

Sixth, the TAC respectfully re-alleges a claim pursuant to Bus. & Prof. Code § 17200, on behalf of Roberts and a 17200 California Resident Class, but only for purposes of preserving Plaintiffs' right to appeal the dismissal of this claim (as relevant Ninth Circuit authority cited below requires Plaintiffs to do) (*see* Order, pp. 7-14). Katz Decl. ¶ 6.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

2

MOTION FOR LEAVE TO FILE THIRD
AMENDED CLASS ACTION COMPLAINT
CASE NO. C07 0943 WHA

Lastly, the TAC no longer alleges a claim for unjust enrichment because Defendants have now produced the signed Adderley GLAs (*see* Order, pp. 22-23), and no longer asserts a claim for the 17200 Class because of ███████████████████████████. Katz Decl. ¶ 18.

### III. THE GOOD FAITH BASIS ON WHICH THE AMENDMENTS WERE MADE

As set forth in more detail in the accompanying Declaration of Ronald S. Katz, Plaintiffs have made the amendments detailed above in good faith, making more specific allegations, including the additional detail added on the following bases:

- Although Plaintiffs pled the legal effect of Adderley's GLAs, copies of the relevant Adderley GLAs were no longer in Adderley's records, but were received during discovery on August 1, 2007, after Plaintiffs filed their Second Amended Complaint ("SAC");

- Additional facts confirming the basis for Plaintiffs' breach of contract and fiduciary duty claims come from the testimony of ███████████████████████████████████████████████████████ which did not occur until September 7, 2007, after Plaintiffs filed their SAC;

- ███████████████████████████████████████████████████████

- Additional facts confirming the basis for Plaintiffs' breach of contract claim and breach of fiduciary duty claim on behalf of Adderley and the GLA – in particular, the basis for the claim that Defendants' owe Adderley and other GLA class members ████████████████████████████████

Manatt, Phelps & Phillips, LLP
Attorneys At Law
Palo Alto

1 ████████████████████████████████
, both of which occurred after the date Plaintiffs filed the SAC;

- Additional facts confirming the basis for Plaintiffs' breach of fiduciary duty claim based on Defendants' ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ both of which occurred after the date Plaintiffs filed the SAC;

- Additional facts confirming the basis for Defendants' acknowledged representation of *all* NFLPA members, including those who did not sign GLAs (previously pled in good faith on the basis of public statements); the specific confirmation of these facts was derived from ████████████████ and from Defendants' Responses to Requests for Admission, none of which was available to Plaintiffs until after they filed their SAC;

- Although Plaintiffs alleged the loss of dues in the SAC, they did not allege the specific payment of dues paid by Parrish to the NFLPA during the relevant limitations period because a record of such dues payment was no longer in his personal files; confirmation of his dues payments were received from Defendants in discovery after Plaintiffs filed their SAC, and now (for reasons detailed below) form the basis for Plaintiffs' breach of fiduciary duty claims on behalf of the Retired NFLPA Members class.[1]

---

[1] On September 21, 2007, counsel for Defendants sent Plaintiffs' counsel a letter and affidavit purporting to show that PLAYERS INC paid Plaintiff Herb Adderley all monies to which Defendants claim Mr. Adderley was entitled. Counsel suggested that these "indisputable facts", along with Plaintiffs' obligations under Rule 11 of the Federal Rule of Civil Procedure, indicate that there is no good faith basis for Plaintiffs to assert any claim under any theory on behalf of Adderley. Counsel further suggested that because Defendants reflect that neither Parrish or Roberts signed a GLA, and neither entered into "ad hoc" agreements with Defendants during the relevant limitations period, Plaintiffs had no good faith basis to assert any claims under any theory on their behalf either. Notwithstanding this letter and affidavit, Plaintiffs file their TAC in good faith. The monies paid to Adderley and identified in Defendants' letter and affidavit appear to relate to individual "ad hoc" agreements Mr. Adderley signed with PLAYERS INC. As explained in detail below and in the TAC, Plaintiffs are not claiming that Defendants failed to pay Mr. Adderley pursuant to any "ad hoc" agreement, nor have they alleged any claims based on an "ad hoc" agreement. Rather, the TAC alleges that Defendants failed to pay Mr. Adderley and other retired players ████ ████. In addition, consistent with the Court's Order, Plaintiffs allege no claims on behalf of Parrish or Roberts pursuant to a GLA or to an "ad hoc" agreement.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

4

MOTION FOR LEAVE TO FILE THIRD
AMENDED CLASS ACTION COMPLAINT
CASE NO. C07 0943 WHA

*See, generally,* Katz Decl. ¶ 19.

## IV. HOW THE AMENDED TAC CURES THE PROBLEMS IDENTIFIED IN THE COURT'S ORDER

The TAC cures the defects discussed in the Court's Order in the following specific ways:

### A. Statute of Limitations

In its Order, the Court held that "Adderley can sustain a claim provided he amends his allegations to specify that he signed GLAs within the statute of limitations." Order, 5:18-19. Adderley has specifically alleged that he entered into several versions of a Group Licensing Assignment (GLA) with the NFLPA, including two GLAs within the period of the statute of limitations: (1) a GLA signed on May 1, 2002 that remained in effect until December 31, 2003 (attached to the TAC as **Exhibit B**) and (2) a GLA signed on November 22, 2002 that remained in effect until December 31, 2005 (attached to the TAC as **Exhibit C**). TAC, ¶¶ 17-19. These allegations form the basis for Adderley's breach of contract and breach of fiduciary duty claims. *Id.*, ¶¶ 29-56.

The Court also held that Roberts did not allege he had signed a GLA, nor was Parrish's belief that he signed a GLA within the relevant statute of limitations period sufficient to state a timely claim. Order, p. 5. The Court thus held that "[a]ny claims by Parrish based on the GLAs are barred by the statute of limitations." *Id.*, 5:17. Accordingly, neither Parrish nor Roberts has alleged any claims based on the GLAs.

The Court further noted, however, that "insofar as plaintiffs can plead claims *that are not based on signing GLAs,* these claims survive at least as to injuries accruing after February 14, 2005, for the unjust enrichment claim and after February 14, 2005 for the other claims." Order, 5:24-26 (emphasis added). The TAC does not assert a claim for unjust enrichment because Plaintiffs now possess the Adderley GLAs. In accordance with this Order, the TAC alleges a timely fiduciary duty claim on behalf of Parrish based on his membership in the NFLPA during 2005, a membership acknowledged by Defendants in a letter from Defendants' counsel filed with the Court on September 4, 2007.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

5

MOTION FOR LEAVE TO FILE THIRD
AMENDED CLASS ACTION COMPLAINT
CASE NO. C07 0943 WHA

Consistent with the Court's Order, the TAC no longer relies on the discovery rule or the doctrine of equitable estoppel as a basis for tolling the relevant limitations period. Order, pp. 6-7.

### B. Section 17200 Claim

Roberts has respectfully re-alleged a Section 17200 claim for the 17200 California Resident Class, based on the unfair and fraudulent prongs of Bus. & Prof. Code § 17200.

Plaintiffs re-allege the claim solely under relevant Ninth Circuit authority which requires the re-allegation of a claim for purposes of preserving the right to appeal dismissal of it. *See, e.g., Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) (citations omitted). Plaintiffs do not intend to pursue this claim before the Court at this time, and respectfully request that the Court dismiss the claim with prejudice in order to preserve it for appeal.

Plaintiffs have chosen not to bring a 17200 claim on behalf of the 17200 Class in the SAC based on new information regarding the EA contract.

### C. Breach of Contract

As noted above, the TAC includes an amended breach of contract claim on behalf of Adderley and other class members which cures the problems identified in the Court's Order in the following specific ways:

#### 1. Existence of the Contract

In its Order, the Court found that Plaintiffs failed to plead the existence of a contract due to the failure of the named plaintiffs *themselves* to allege that they signed a GLA within the limitations period. Order, pp. 14-15. As noted above, Adderley attaches to the TAC copies of two GLAs signed by him, and alleges that these Adderley GLAs thereby formed legal contracts with the NFLPA, which are the subject of Adderley's breach of contract claim. TAC, **Exhibits B and C** and ¶¶ 94-96. The TAC further explains that according to PLAYERS INC's website ▮ ▮ once a retired player signs a GLA with the NFLPA, the NFLPA assigns (and will continue to assign) the rights under those GLAs to PLAYERS INC. TAC, ¶¶ 13-14, 96.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

6

MOTION FOR LEAVE TO FILE THIRD
AMENDED CLASS ACTION COMPLAINT
CASE NO. C07 0943 WHA

The Court referenced these Adderley GLAs in its Order, and specifically noted "[b]oth GLAs were in effect during the statute of limitations and could in theory form the basis of breach of contract claim, if plaintiffs should so amend." Order, 15:23-25.

### 2. Defendants' Breaches

In its Order, the Court held that even if Plaintiffs had alleged the existence of a timely contract, "they have failed to allege what provision of the relevant GLAs was breached by defendants." Order, 16:18-19.

The TAC now specifies exactly what provision of the Adderley GLAs was breached by Defendants. The Adderley GLA states, in relevant part, that *"it is further understood that the moneys generated by such licensing of retired player group rights will be divided between the player and an escrow account for all eligible NFLPA members who have signed a group licensing authorization form."* (emphasis added). TAC, ¶¶ 19, 29.

Further confirming the basis for this theory, the TAC alleges the specific basis for Plaintiffs' claim that Defendants have licensed retired player rights to many of its licensees, *and that they have been paid for those rights.* TAC, ¶¶ 20-28. Indeed, the TAC gives an explicit example of one such license,

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

7

MOTION FOR LEAVE TO FILE THIRD
AMENDED CLASS ACTION COMPLAINT
CASE NO. C07 0943 WHA

| 1 |
| 2 |
| 3 |
| 4 |
| 5 |
| 6 |
| 7 |

8   Thus, as set forth in the TAC, having licensed retired player rights to licensees,
9   PLAYERS INC and the NFLPA breached the terms of the Adderley GLA(s) by failing to share
10  the revenue they received from such licenses –
11  – with retirees.  TAC ¶¶ 29-39.
12  The TAC further confirms that the Defendants failed to distribute these revenues as an
13  "equal share" royalty to all players who had signed GLAs,

| 14 |
| 15 |
| 16 |
| 17 |
| 18 |
| 19 |
| 20 |
| 21 |
| 22 |
| 23 |
| 24 |
| 25 |
| 26 |
| 27 |
| 28 |

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

8

MOTION FOR LEAVE TO FILE THIRD
AMENDED CLASS ACTION COMPLAINT
CASE NO. C07 0943 WHA

### 3. Damages

In its Order, the Court found that Plaintiffs failed to specify how they "personally lost funds because a provision of the contract was breached." Order, 17:21-23. As detailed above, the TAC goes into great detail to address the personal nature of the breach of the above provision and the damages to Adderley and the GLA class members. TAC, ¶¶ 29-39.



The TAC clearly alleges that instead of honoring their obligations under the GLAs, the Defendants entered into a scheme designed to deprive the GLA class of their rightful share of the funds by arbitrarily, unnecessarily and wrongfully excluding them and, instead appropriating to the Defendants substantial sums. TAC, ¶¶ 30-35.

Plaintiffs respectfully submit that these modifications cure the deficiencies identified by the Court, and properly state all elements necessary to plead a breach of contract on behalf of Adderley and the GLA class.

### D. Fiduciary Duty Claims

In its Order, the Court identified various concerns with Plaintiffs' breach of fiduciary duty claims, including an inability to allege a fiduciary duty based on the GLA alone, a failure to allege breach, a failure to allege reliance, and a failure to allege damages. Order, pp. 18-22. As set forth specifically below, the TAC addresses each of these concerns.

#### 1. Breach of Fiduciary Duty Claim for Adderley and the GLA Class

The TAC states a breach of fiduciary duty claim on behalf of the GLA Class, based on direct agency, agency by estoppel and confidential relationship.

##### a. Direct Agency

In its Order, the Court determined that Plaintiffs have "failed to plead that the GLA itself created a fiduciary relationship," and noted that there was no direct agency relationship at issue

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

9

MOTION FOR LEAVE TO FILE THIRD
AMENDED CLASS ACTION COMPLAINT
CASE NO. C07 0943 WHA

because "[p]laintiffs admit that they cannot plead, either by implication or by contract, that they had the ability to control the actions of defendants." Order, 20:14, 18-20. Based on newly discovered facts, Plaintiffs now allege a direct agency based on the GLAs, Defendants' admitted representation of all retired players who have signed GLAs, and the control that Adderley and other GLA class members exercise over Defendants in their ability to decline to participate in the



b. **Agency by Estoppel**

According to the Order, Adderley had sufficiently alleged a fiduciary relationship based upon agency by estoppel in the SAC. More specifically, the Order states: "Essentially, the NFLPA and Players Inc. held themselves out to be agents of the players who signed GLAs for purposes of licensing and marketing", and "assuming the pleaded facts to be true, plaintiffs have sufficiently alleged that there was an agency by estoppel relationship." Order, 21:18-20, 27-28. The TAC continues to support the agency by estoppel relationship found in the SAC. TAC, ¶¶ 46-49.

With regard to the agency by estoppel theory, the Court noted that the component of detrimental reliance was lacking from the SAC. Order, 22:6-19. The TAC specifically addresses this deficiency by alleging that Adderley relied on Defendants to act in good faith and to represent their best interests in connection with group licensing opportunities. TAC, ¶ 48. Because of this, Adderley and other members of the GLA Class did not pursue licensing opportunities on their own behalf. Even if they had, however, their efforts would have been highly unlikely to succeed. TAC, ¶ 48.

The TAC further alleges that Adderley and other members of the Class also relied on language of the GLAs – which provided for distribution of licensing revenue to all eligible

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

10

MOTION FOR LEAVE TO FILE THIRD
AMENDED CLASS ACTION COMPLAINT
CASE NO. C07 0943 WHA

NFLPA members who have signed a GLA – in deciding to participate in the Retired Players Group Licensing Program, and in authorizing Defendants to represent them in connection with group licensing opportunities. TAC, ¶ 49. ▮

▮

### c. Confidential Relationship

In its Order, the Court noted that a confidential relationship giving rise to a fiduciary duty can occur where "(1) the vulnerability of one party to the other, (2) results in the empowerment of the stronger party by the weaker which (3) empowerment has been solicited or accepted by the stronger party and (4) prevents the weaker party from effectively protecting itself." Order, 19:10-13 (citing *Richelle L. v. Roman Catholic Archbishop*, 106 Cal. App. 4th 257, 272 (Cal. App. 2003)). Consistent with these factors, Plaintiffs have also alleged a fiduciary relationship arising out of the confidential relationship between Adderley and the GLA Class and Defendants.

More specifically, the TAC alleges that the retired players are vulnerable to the size and complete monopoly over information relevant to retired players' licensing revenues enjoyed by Defendants, and that Defendants kept information ▮ ▮ from Plaintiffs. TAC, ¶¶ 48-51.

The TAC also alleges that Defendants solicited execution of GLAs from Adderley and other class members. TAC, ¶ 51. In addition, the TAC specifically explains that Defendants were able to exploit the vulnerability of retired players by failing to provide them with relevant information about the operation and effect of their GLAs, and the receipt of licensing revenue pursuant to these GLAs. TAC, ¶ 48. Although the Adderley GLAs are purportedly "non-exclusive" license, ▮

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

11

MOTION FOR LEAVE TO FILE THIRD
AMENDED CLASS ACTION COMPLAINT
CASE NO. C07 0943 WHA

As further support for Plaintiffs' claim, the TAC alleges that Adderley is a senior citizen who has been retired from professional football for more than thirty years, earns a pension from the NFLPA of less than $180 per month, and suffers from some physical disabilities as a result of his career in professional football. TAC, ¶ 51.

### d. Defendants' Breaches of Fiduciary Duty for Adderley and the GLA Class

In reviewing the breach of fiduciary duty claims brought on behalf of the GLA Class, the Order found that "Adderley has failed to plead that defendants breached the duty and that Adderley was damaged as a result." Order at 22. The TAC now pleads the basis for Defendants' breaches of duty with specificity, including:

- Failing to accurately report revenues to members of the GLA Class;
- Failing to distribute revenues to the members of the GLA Class that should have been distributed and were owed to them;
- Arbitrarily, capriciously and wrongfully excluding retired players from ████████████████████████████████████████████████████████████████
- Placing themselves in a position of conflict of interest and acting adversely to the interest of retired NFL players who signed a GLA.

TAC ¶¶ 52-56.

### e. Damages

The Order further found that the SAC did not show how Adderley had been personally harmed, as a result of a breach of fiduciary duty, including:

- that he did not receive licensing royalties owed to him;
- that he relied to his detriment on specific information released or withheld by the NFLPA or PLAYERS INC;
- that he failed to pursue individual, non-group licensing opportunities on his own because he believed that PLAYERS INC was representing him; or

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

12

MOTION FOR LEAVE TO FILE THIRD
AMENDED CLASS ACTION COMPLAINT
CASE NO. C07 0943 WHA

- that *Adderley himself lost money* because defendants failed to pursue licensing opportunities on his behalf.

Order, 22:10-15.

As detailed above, the TAC now specifically addresses the Court's concerns related to detrimental reliance. TAC, ¶¶ 48-49. In addition, the TAC alleges that Adderley and the GLA class have alleged that they did not receive any portion of ███████████████ ███████████████████████████████████████ *Id.*, ¶¶ 52-53, 55. The TAC no longer alleges that Defendants failed to pursue licensing opportunities on behalf of Adderley and other GLA Class members. Instead, the TAC alleges that Defendants pursued (and were paid for) the licensing of retired players' rights, but failed to distribute any portion of that licensing revenue to the retired players. TAC, ¶¶ 52-53. ███████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████

Plaintiffs respectfully submit that these modifications cure the deficiencies identified by the Court, and properly state all elements necessary to plead a breach of fiduciary duty on behalf of Adderley and the GLA class.

### 2. Breach of Fiduciary Duty for Parrish and other Retired NFLPA Members

In its Order, the Court held that Parrish may not base a fiduciary duty claim on signing a GLA. Order, 19:6-7. It noted that Parrish may nevertheless be able to plead claims that are not based on signing GLAs. *Id.*, Order 5:24-25. Accordingly, Parrish has stated a fiduciary duty claim based on agency by estoppel and/or confidential relationship on behalf of a class of retired members of the NFLPA who, according to the NFLPA's own records, did not sign a GLA (the "Retired NFLPA Member Class"). Although the Court did not specifically address this claim in its Order, Plaintiff Parrish believes and asserts that the claim nevertheless cures the Court's concerns raised in connection with a fiduciary duty as detailed above. *See* Order, pp. 18-22.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

13

MOTION FOR LEAVE TO FILE THIRD
AMENDED CLASS ACTION COMPLAINT
CASE NO. C07 0943 WHA

### a. Agency by Estoppel

In its Order, the Court suggested that Adderley had stated a claim for agency by estoppel, but had failed to allege detrimental reliance of damages. Order, pp. 21-22. Parrish has similarly alleged an agency by estoppel relationship by virtue of their membership in the NFLPA, and has alleged both detrimental reliance and damages as set forth below. TAC, ¶ 66-70. The TAC alleges that NFLPA provides for membership of retired NFL players, and solicits the membership of such retired NFL players in exchange for dues. TAC, ¶¶ 58, 72 and **Exhibits K, L** and **M**. The TAC further alleges that Parrish paid membership dues to the NFLPA. TAC, ¶ 59.

As alleged in the TAC, PLAYERS INC has now conceded that it "represents" all retired NFLPA members, *whether or not they ever signed a GLA*, because those players were "available" to PLAYERS INC *by virtue of their membership in the NFLPA*. TAC, ¶¶ 62, 66. The TAC further alleges that when deciding to join the NFLPA and pay dues, Parrish and, on information and belief, other members of the Retired NFLPA Member Class, relied on the NFLPA's membership solicitation and promises and reasonably expected that in exchange for their payment of dues and membership in the NFLPA, Defendants would provide information concerning benefits to which they might be entitled and that their Chairman, would act in good faith on their behalf and/or refrain from disavowing any obligation to work for or on behalf of retired NFLPA members. TAC ¶ 68. Thus, by virtue of offering membership in the NFLPA after retirement in exchange for dues and/or in order to gain access to retired players' rights by virtue of their membership in the NFLPA, the NFLPA and PLAYERS INC stand in a fiduciary relationship to Parrish and other members of the Retired NFLPA Member Class. TAC ¶ 65.

### b. Confidential Relationship

As noted above, the Court held that a fiduciary relationship can arise out of a confidential relationship, which can occur where "(1) the vulnerability of one party to the other, (2) results in the empowerment of the stronger party by the weaker which (3) empowerment has been solicited or accepted by the stronger party and (4) prevents the weaker party from effectively protecting itself." Order, 19:10-13 (citing *Richelle L.*, 106 Cal. App. 4th at 272). Consistent with these

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

14

MOTION FOR LEAVE TO FILE THIRD
AMENDED CLASS ACTION COMPLAINT
CASE NO. C07 0943 WHA

factors, Plaintiffs have also alleged a fiduciary relationship arising out of the confidential relationship between Parrish and the Retired NFLPA Member class and Defendants.

The TAC alleges that retired NFLPA members are particularly vulnerable to the NFLPA and PLAYERS INC because they are not entitled to vote in the NFLPA and because both the NFLPA and PLAYERS INC fail to provide them with information concerning benefits to which they may be entitled (including licensing and other opportunities). TAC, ¶¶ 72-73. The TAC further alleges that Defendants have solicited membership in the NFLPA from retired players for the purpose of obtaining dues and of obtaining access to these retired players for the purpose of pursuing commercial and marketing opportunities concerning retired players (including licensing). TAC, ¶ 64. The TAC also alleges that Defendants have confirmed the vulnerability of retired players (and their inability to protect themselves). Indeed, Gene Upshaw, Executive Director of the NFLPA and Chairman of PLAYERS INC, has confirmed not only the vulnerability of these retired players, but Defendants' exploitation of it, repeatedly stating that "he does not work for retired players" and comparing them to dog food. TAC, ¶¶ 74, 77 and **Exhibits P, Q** and **R**.

    c. **Defendants' Breaches of Fiduciary Duty for Parrish and the Retired NFLPA Member Class**

In its Order, the Court noted that Plaintiffs had failed to plead how Defendants breached any fiduciary duty. Order, p. 22. Accordingly, Parrish and other Retired NFLPA Members have pled specific breaches by Defendants, including that they:

- In plain and direct contravention of the NFLPA Constitution, as well as in violation of the duty of good faith, failed to provide retired members with accurate and complete information regarding other benefits to which they might be entitled, including licensing and marketing benefits;

- Failed to act in good faith towards retired NFLPA members by acknowledging that they do not work for retired members; and/or

- Failed to act in good faith on behalf of retired NFLPA members (whom Defendants have now admitted they represent) who did not sign a GLA in pursuing commercial and

marketing opportunities on their behalf and/or informing the retired NFLPA members of any benefits that may be owing to them in connection with opportunities that were pursued on behalf of retired NFLPA members.

TAC, ¶¶ 78-81.

### d. Damages

Because Defendants have breached their obligations to Parrish and other members of Retired NFLPA Member Class, Parrish seeks return of all NFLPA dues paid by him and those other retired NFLPA members who paid dues during the period of the statute of limitations, but did not sign a GLA according to the records of the NFLPA. TAC, ¶ 81.

Plaintiffs respectfully submit that these modifications cure the deficiencies identified by the Court, and properly state all elements necessary to plead a breach of fiduciary duty on behalf of Parrish and the Retired NFLPA Members class.

### E. Accounting Claim on Behalf of the GLA Class

The Order found that the SAC failed to plead a balance due to the Plaintiffs and that there was no other adequate remedy at law. Order, p. 23. The TAC specifically pleads that money is due to the GLA Class, that an accounting is necessary, and that there is no other adequate remedy at law. TAC, ¶¶ 107-109.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

16

MOTION FOR LEAVE TO FILE THIRD
AMENDED CLASS ACTION COMPLAINT
CASE NO. C07 0943 WHA

## V. CONCLUSION

For the reasons set forth above, Plaintiffs' TAC cures the specific problems identified by this Court in Order, and is amended and offered in good faith. Consistent with the standard freely allowing for such amendments, Plaintiffs respectfully request that the Court grant them leave to file their Third Amended Complaint.

Respectfully submitted,

Dated: September 27, 2007

/s/Ronald S. Katz
Ronald S. Katz (SBN 085713)
Ryan S. Hilbert (SBN 210549)
Noel S. Cohen (SBN 219645)
MANATT, PHELPS & PHILLIPS, LLP
1001 Page Mill Road, Building 2
Palo Alto, CA 94304-1006
Telephone: (650) 812-1300
Facsimile: (650) 213-0260
*Attorneys for Plaintiffs*

Lewis T. LeClair, Esq.
Jill Adler, Esq.
McKOOL SMITH, P.C.
300 Crescent Court
Suite 1500
Dallas, TX 75201
214-978-4984
214-978-4044 (fax)

**OF COUNSEL**

Samuel A. Mutch Esq.
SAMUEL A. MUTCH, P.A.
2114 N.W. 40th Terrace, Suite A-1
Gainesville, FL 32605
Telephone: (352) 378-5599
Facsimile: (352) 378-3388

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

17

MOTION FOR LEAVE TO FILE THIRD
AMENDED CLASS ACTION COMPLAINT
CASE NO. C07 0943 WHA