MANATT, PHELPS & PHILLIPS, LLP
RONALD S. KATZ (Bar No. CA 085713)
E-mail: rkatz@manatt.com
RYAN S. HILBERT (California Bar No. 210549)
E-mail: rhilbert@manatt.com
NOEL S. COHEN (California Bar No. 219645)
E-mail: ncohen@manatt.com
1001 Page Mill Road, Building 2
Palo Alto, CA 94304-1006
Telephone: (650) 812-1300
Facsimile: (650) 213-0260

McKOOL SMITH, P.C.
LEWIS T. LECLAIR (Bar No. CA 077136)
E-mail: lleclair@mckoolsmith.com
JILL ADLER (Bar No. CA 150783)
E-mail: jadler@mckoolsmith.com
300 Crescent Court, Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BERNARD PAUL PARRISH, and HERBERT ANTHONY ADDERLEY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs<br><br>vs.<br><br>NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION, a Virginia corporation, and NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a PLAYERS INC, a Virginia corporation,<br><br>Defendants. | CIVIL ACTION NO. C07 0943 WHA<br><br>**DECLARATION OF RONALD S. KATZ IN SUPPORT OF MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**<br><br>Date:<br>Time:<br>Judge: Honorable William H. Alsup |

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

4249v1

DECLARATION OF RONALD S. KATZ
IN SUPPORT OF MOTION FOR LEAVE
CASE NO. C07 0943 WHA

Dockets.Justia.com

I, Ronald S. Katz, do hereby declare and certify as follows:

1. I have personal knowledge of the following facts, and if called as a witness, could and would competently testify thereto.

2. I am an attorney at law, duly licensed to practice before all the courts of the State of California, and I am a partner with the law offices of Manatt, Phelps & Phillips, LLP, attorneys of record for Plaintiffs in the above-entitled action.

3. I hereby submit this Declaration in compliance with this Court's September 6, 2007 Order Granting Defendants' Motions to Dismiss Plaintiffs' Second Amended Complaint ("SAC").

4. Attached as Exhibit 1 to Plaintiffs' Motion for Leave to File a Third Amended Complaint is a true and correct copy of a proposed Third Amended Complaint ("TAC") prepared by Plaintiffs. Plaintiffs' TAC is different from prior complaints in several ways.

**Statute of Limitations Issues**

5. In its September 6, 2007 Order ("Order"), the Court determined that the statute of limitations for Plaintiffs' claims had not been tolled. Accordingly, the TAC asserts only those claims that fall within the statute of limitations period in accordance with the Court's Order.

**Plaintiffs' Claim Under California Business & Professions Code § 17200**

6. Plaintiffs have respectfully incorporated by reference into the TAC their 17200 claim on behalf of the 17200 California Resident Class (as described in the SAC) in its entirety solely to preserve the Court's prior ruling on this claim for appeal. *See* TAC, ¶¶ 82, 116. As Plaintiffs understand it, "[i]t is the law of [the Ninth] circuit that a plaintiff waives all claims alleged in a dismissed complaint which are not realleged in an amended complaint." *See, e.g., Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) (citations omitted). Plaintiffs do not intend to pursue this claim at this time and respectfully request that the Court dismiss it with prejudice so that it can preserved for appeal.

**Plaintiffs' Claim for Breach of Contract on Behalf of the GLA Class**

7. Unlike prior complaints, the TAC includes copies of agreements signed by Plaintiffs that were in effect during the statute of limitations period. Specifically, Plaintiffs attach to the TAC a GLA Mr. Adderley signed on May 1, 2001, and a GLA Mr. Adderley signed on November 22, 2002. TAC, **Exhibits B** and **C**. Each of these agreements was in effect during the relevant statute of limitations period; the May 1, 2001 GLA expired on December 31, 2003 and the November 22, 2002 expired on December 31, 2005. Plaintiffs originally pled the legal effect of these agreements on information and belief. Plaintiffs would have attached the exact agreements themselves, but did not have copies until Defendants produced them on August 1, 2007 (after the Second Amended Complaint had already been filed).

8. The TAC also has been amended to identify the specific provision of Mr. Adderley's GLAs that were breached by Defendants. Specifically, Defendants have breached the provision in the GLAs which states: *"it is further understood that the moneys generated by such licensing of retired player group rights will be divided between the player and an escrow account for all eligible NFLPA members who have signed a group licensing authorization form."* (emphasis added). TAC, ¶¶ 19, 29.

9. In addition, the TAC has been amended to better explain Plaintiffs' breach of contract theory on behalf of the GLA class. In its September 6, 2007 Order, the Court found that the SAC failed to specify how Plaintiffs "personally lost funds because a provision of the contract was breached." The TAC explains in great detail the personal nature of the breach of the above provision and the damages such breach caused Mr. Adderley and those members of the GLA Class (as that term is defined in the TAC). TAC, ¶¶ 29-39. Specifically, Plaintiffs have amended the TAC to allege that [REDACTED]

---

[1] On September 21, 2007, counsel for Defendants sent Plaintiffs' counsel a letter and affidavit purporting to show that Players Inc paid Plaintiff Herb Adderley all monies to which Defendants claim Mr. Adderley was entitled. The monies identified in Defendants' materials appear to relate to individual "ad hoc" agreements Mr. Adderley signed

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
TAC, ¶¶ 29-39.

**Plaintiffs' Claim for Breach of Fiduciary Duty on Behalf of the GLA Class**

10. Regarding the claim for breach of fiduciary duty based on the existence of a confidential relationship, Plaintiffs have alleged additional details related to Plaintiffs' vulnerability to Defendants in accordance with the Order. Specifically, Plaintiffs' TAC alleges that they were vulnerable to the size and economic power of Defendants because, among other reasons, Defendants had a complete monopoly over the relevant financial information and actively hid such information from the retired players. TAC, ¶¶ 48-51. Plaintiffs also allege that Defendants actively solicited the participation of retired players, which empowered Defendants, and that Plaintiffs were unable to effectively protect themselves from Defendants because of the lack of information and conflicts of interest fostered by the actions of Defendants. TAC, ¶ 51. Part of the basis for this claim comes from new information Plaintiffs gleaned from Defendants' Responses to Plaintiffs' First Set of Requests for Admissions, ███████████████████████████████████ both of which occurred after Plaintiffs filed their Second Amended Complaint.

11. Regarding breach of fiduciary duty based on agency by estopppel, in its September 6, 2007 Order, the Court determined that "[P]laintiffs [had] sufficiently alleged that there was an agency by estoppel relationship between [Mr.] Adderley and [D]efendants." What the Court found lacking, however, was a claim of detrimental reliance on behalf of Mr. Adderley. In an effort to address the Court's concerns, Plaintiffs now plead reliance on behalf of Mr. Adderley and others. TAC, ¶¶ 48-49. Specifically, Plaintiffs allege that Mr. Adderley

---

with Players Inc. However, as explained in more detail above, Plaintiffs are not claiming that Defendants failed to pay Mr. Adderley pursuant to any "ad hoc" agreement, but rather that Defendants failed, pursuant to the GLA, to pay Mr. Adderley and other retired players a share of the guaranteed minimum revenue they received from licensing retired player rights to third parties like EA. ████████████████████████████████████

and, on information and belief, other members of the GLA Class, relied on the Defendants to act in good faith and to represent their best interests in connection with group licensing opportunities. TAC, ¶ 49. Because of this, Mr. Adderley and others did not pursue licensing opportunities on their own behalf (even though, as explained in the TAC, this would have been futile). *Id.* Plaintiffs also allege that Mr. Adderley and, on information and belief, other members of the GLA Class, relied on language of the GLAs – which provided for distribution of licensing revenue to all eligible NFLPA members who have signed a GLA – ███████████████████████████████████████████████████████████████ TAC, ¶ 50. Further, as explained above, Plaintiffs allege that the rights to Mr. Adderley's image ████████████████████████████████████████████████████████████████ TAC, ¶¶ 52-53. As above, part of the basis for this claim comes from new information Plaintiffs did not have in their possession at the time they filed the SAC.

███ In addition to the claims above, Plaintiffs' TAC now includes a claim for breach of fiduciary duty arising from express agency on behalf of Mr. Adderley and the GLA Class. Specifically, Plaintiffs now allege that Defendants created, and accepted, an express agency relationship between themselves and the retired players based on the GLA and the retired players' ability to control Defendants' ability to license their images. ████████████████████████████████████

███ Plaintiffs' TAC also claims that Defendants breached their various fiduciary duties to Mr. Adderley and the GLA class by, among other things, ███████████████████████████████████████████████████████████████████████████████████████

**<u>Plaintiffs' Claim for Breach of Fiduciary Duty on Behalf of the Retired NFLPA Member Class</u>**

14. Since the filing of the SAC, Plaintiffs received information from Defendants concerning which Plaintiffs paid dues to be retired members of the NFLPA for which years, and which of those retired members of the NFLPA signed a GLA according to Defendants' records. Plaintiffs have also learned through Defendants' Responses to Requests for Admissions that Players Inc claims to represent *all* retired NFLPA members whether or not they ever signed a GLA, ███████████████████████████████████████ Plaintiffs previously alluded to these allegations based on information and belief, but did not possess the details they now possess. Based on the new information, Plaintiffs' TAC now includes a claim for a breach of fiduciary duty on behalf of Mr. Parrish, and a class of retired NFLPA members who joined the Retired Players Association but who, according to the NFLPA's own records, did not sign a GLA. The elements of Plaintiffs' claim are twofold.

15. First, Plaintiffs allege a fiduciary duty on behalf of Mr. Parrish and others based on agency by estopppel. Specifically, Plaintiffs claim that the NFLPA solicited the membership of these retired NFL players and subsequently claimed that it represented these retired members (without their knowledge) for purposes of pursuing commercial and marketing opportunities with existing and potential NFL sponsors. TAC, ¶¶ 66-67. Defendants enjoyed substantial benefits from such membership, including receipt of dues and access to these retired players. *Id.*

16. Second, Plaintiffs allege a fiduciary duty on behalf of Mr. Parrish and others based on a confidential relationship. Plaintiffs allege that Defendants actively solicited the membership of vulnerable retirees like Mr. Parrish in exchange for the payment of dues. TAC, ¶¶ 58, 72. Such membership provided Defendants with desired access to these players for purposes of pursuing commercial activities, including, but not limited to, the licensing of retired players' rights. TAC, ¶ 72. The NFLPA also promised retirees like Mr. Parrish a stake in the actions of the NFLPA. TAC, ¶ 73. Mr. Parrish and others were vulnerable because Defendants had a monopoly on information that was not provided to Plaintiffs, who suffer disabilities

resulting from their NFL careers. TAC, ¶ 72.

17. Plaintiffs claim that Defendants breached their fiduciary duties to Mr. Parrish and the other retired NFLPA members by failing to provide them with information regarding commercial or other opportunities pursued on the retired members' behalf. TAC, ¶¶ 79-80. .Plaintiffs also allege a breach based on Defendants' comments that they in fact do not work for retirees at all. TAC, ¶ 78.

**<u>Plaintiffs' Claim for Unjust Enrichment</u>**

18. There is no claim for unjust enrichment in the TAC because Defendants have now produced Mr. Adderley's signed GLAs.

**<u>Plaintiffs' Good Faith Basis for the Allegations in the Third Amended Complaint</u>**

19. The changes discussed above result from attempting to comply with the Court's Order and from the following newly-acquired information not in Plaintiffs' possession at the time of the filing of the SAC:

- Exact copies of the GLAs Herb Adderley signed on May 1, 2001 and on November 22, 2002, both of which were still in effect during the relevant statute of limitations period;



Players Inc's license agreements

- Defendants' Responses to Plaintiffs' First Set of Requests for Admissions, in which Defendants admit, among other things, that they represent all retired NFLPA members in licensing and marketing matters regardless of whether that member signed a GLA, and that they account to retirees merely by making

DECLARATION OF RONALD S. KATZ
IN SUPPORT OF MOTION FOR LEAVE
CASE NO. C07 0943 WHA

payments to them;

- A declaration from Defendants' counsel confirming that Mr. Adderley paid membership dues to the NFLPA at least in 2003, 2004, and 2005, that Mr. Parrish paid membership dues to the NFLPA at least in 2005, and that the NFLPA does not have any record of Mr. Parrish signing a GLA during the statute of limitations period.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on September 27, 2007.

                                                  /s/Ronald S. Katz
                                                  Ronald S. Katz

41161200.1