1   MANATT, PHELPS & PHILLIPS, LLP
    RONALD S. KATZ (California Bar No. 085713)
2   E-mail: rkatz@manatt.com
    RYAN S. HILBERT (California Bar No. 210549)
3   E-mail: rhilbert@manatt.com
    NOEL S. COHEN (California Bar No. 219645)
4   E-mail: ncohen@manatt.com
    1001 Page Mill Road, Building 2
5   Palo Alto, CA 94304-1006
    Telephone: (650) 812-1300
6   Facsimile: (650) 213-0260

7   McKOOL SMITH, P.C.
    LEWIS T. LeCLAIR (California Bar No. 077136)
8   E-mail: lleclair@mckoolsmith.com
    JILL ADLER (California Bar No. 150783)
9   E-mail: jadler@mckoolsmith.com
    300 Crescent Court, Suite 1500
10  Dallas, TX 75201
    Telephone: (214) 978-4000
11  Facsimile: (214) 978-4044

12  Attorneys for Plaintiffs

                    UNITED STATES DISTRICT COURT

13                  NORTHERN DISTRICT OF CALIFORNIA

14                  SAN FRANCISCO DIVISION

15

16

17  BERNARD PAUL PARRISH, HERBERT          CIVIL ACTION NO. C07 0943 WHA
    ANTHONY ADDERLEY, and WALTER
18  ROBERTS, III on behalf of themselves and
    all others similarly situated,
19                                         **THIRD AMENDED COMPLAINT FOR
                   Plaintiffs              BREACH OF CONTRACT, BREACH OF
20                                         FIDUCIARY DUTY, AN ACCOUNTING
    vs.                                    AND VIOLATION OF CALIFORNIA
21                                         BUSINESS & PROFESSIONS CODE § 17200**
    NATIONAL FOOTBALL LEAGUE
22  PLAYERS ASSOCIATION, a Virginia        **CLASS ACTION**
    corporation, and NATIONAL FOOTBALL
23  LEAGUE PLAYERS INCORPORATED            **JURY TRIAL DEMANDED**
    d/b/a PLAYERS INC, a Virginia
24  corporation,

25                 Defendants.

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

THIRD AMENDED CLASS ACTION COMPLAINT
CASE NO. C07 0943 WHA

Plaintiff Bernard Parrish ("Parrish"), Herbert Anthony Adderley ("Adderley"), and Walter Roberts, III ("Roberts") by and through their undersigned attorneys, bring this complaint on behalf of themselves and other similarly situated retired NFL players against National Football League Players, Inc. ("PLAYERS INC"), and its parent labor union, the National Football League Players Association (the "NFLPA" or the "Players Union"), as follows:

## I.    INTRODUCTION

This is a class action lawsuit brought by Parrish, Adderley and Roberts on behalf of themselves and three classes of retired NFL football players against the NFLPA and PLAYERS INC. Plaintiffs allege that the Defendants have breached contractual and fiduciary duties to Adderley and to those retired players who have signed what Defendants have referred to both as a Group Licensing Agreement or Group Licensing Authorization (hereafter "GLA") with the NFLPA during the class period (the "GLA Class"). Plaintiffs also continue to allege that the NFLPA has breached fiduciary duties to Adderley, Parrish and to those retired members of the NFLPA whom Defendants purported to represent during the class period (the "Retired NFLPA Member Class"). Plaintiffs seek relief on behalf of Adderley and the GLA Class for breach of contract, breach of fiduciary duty, and an accounting. Plaintiffs also seek relief on behalf of Parrish and the Retired NFLPA Member Class for breach of fiduciary duty.

In addition, solely for purposes of preserving the claims and issues for appeal (*see Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997)), Plaintiffs respectfully re-allege, and incorporate by reference, the claims under Bus. & Prof. Code § 17200 previously asserted by Roberts, and on behalf of the 17200 California Resident Class.

## II.    JURISDICTION AND VENUE

1.      The Court has subject matter jurisdiction under 28 U.S.C. § 1332 (diversity jurisdiction) because one or more Class members is a citizen of a state different from Defendants, there are more than 100 class members, and, on information and belief, the aggregate amount in controversy exceeds the jurisdictional amount of $5 million.

2.      Venue in this Court is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

2

THIRD AMENDED CLASS ACTION COMPLAINT
CASE NO. C07 0943 WHA

## III. INTRADISTRICT ASSIGNMENT

3.    Pursuant to Local Civil Rule 3-2, assignment of this action to the San Francisco division of this Court is proper because a substantial part of the events or omissions giving rise to the claims herein occurred in San Mateo County.

## IV. PARTIES

### A.    PLAINTIFFS

4.    Plaintiff BERNARD PAUL PARRISH, a resident of Florida, is a former defensive back who starred with the Cleveland Browns from 1959 through 1966. Parrish graduated with a degree in Building Construction from the University of Florida, School of Architecture and Fine Arts. He was the CEO and President of a commercial construction company for over 20 years that employed over 3,000 tradesmen, laborers and engineers (both union and non-union), building hotels, medical and office buildings, and housing for officer and enlisted men on AFB's in eight states. Prior to entering the NFL, Parrish was a baseball All-American at the University of Florida (where he is also a member of the school's Hall of Fame) and played one year of professional baseball. As a pro football player, Parrish played in two Pro Bowl games. In 1964, Parrish led the Browns to an NFL World Championship, beating Johnny Unitas and Coach Don Shula's heavily-favored Colts 27-0. Parrish has been an advocate for retired players for many years. He is the author of a best selling book, *They Call It A Game*.

5.    Plaintiff HERBERT ANTHONY ADDERLEY, a resident of New Jersey, is a former NFL cornerback who starred for the Green Bay Packers and the Dallas Cowboys from 1961 through 1972. Adderley played in five Pro Bowl games during the 1960's. He also played in seven NFL championship games, including four of the first six Super Bowl games. Adderley is one of only two players in pro football history to play on six World Championship teams. Adderley's 60-yard interception return for a clinching touchdown for the Packers in Super Bowl II was the first touchdown scored by a defensive player in Super Bowl history. He was enshrined in the Pro Football Hall of Fame in 1980. In 1999, Adderley was ranked number 45 on *The Sporting News'* list of the 100 Greatest Football Players. Adderley has signed a number of GLAs with the

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

3

THIRD AMENDED CLASS ACTION COMPLAINT
CASE NO. C07 0943 WHA

1  NFLPA. In addition, Adderley paid membership dues to the NFLPA at least in 2003, 2004, and
2  2005. On information and belief, his membership expired in February 2006.

3  6.  Plaintiff WALTER ROBERTS III, a resident of Northern California since 1979, is a
4  former wide receiver and kick returner who starred in the NFL from 1964 to 1970. A former
5  California state and national long-jump champion in 1960, Roberts went on to play with the
6  Cleveland Browns from 1964 to 1966 and was a member of the Cleveland Browns team that
7  defeated Johnny Unitas and Coach Don Shula's heavily-favored Colts 27-0 in the 1964 World
8  Championship. Roberts also led the league in kickoff returns that same year. Following his stint
9  with the Browns, Roberts played with the New Orleans Saints during their inaugural season in
10 1967 and helped the Saints win their first game in franchise history by scoring three touchdowns in
11 a 31-24 victory over the Philadelphia Eagles. Roberts also played for Coach Vince Lombardi and
12 the Washington Redskins in 1969 and 1970. Following his career in professional football, Roberts
13 co-owned a building supplies company called JR Builders Specialties, Inc. He is a competitor
14 and/or potential competitor to Defendants for the marketing of his image, and still receives many
15 requests for autographs for trading cards bearing his image.

16 **B.     DEFENDANTS**

17 7.  The NFLPA, formed in 1956, is a Virginia corporation that acts as the labor union
18 for professional football players in the National Football League. The NFLPA's principal place of
19 business is 2021 L Street, Washington, D.C.

20 8.  Almost all active NFL players grant the right to market their names and images to
21 the NFLPA under the Collective Bargaining Agreement with the NFL (the "CBA"). Even though
22 retired NFL players are not and cannot be a party to the CBA, the NFLPA solicits membership
23 from retired NFL players and charges them annual dues for membership in the association.

24 9.  The NFLPA has already been served and has appeared in this lawsuit.

25 10.  Formed in 1994, PLAYERS INC is a for profit corporation owned by the NFLPA.
26 According to a Form 990 filed by Defendant NFLPA, PLAYERS INC is 79% owned by the
27 NFLPA (*see* **Exhibit A**).

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

4

THIRD AMENDED CLASS ACTION COMPLAINT
CASE NO. C07 0943 WHA

PLAYERS INC is a Virginia corporation with its principal place of business at 2021 L Street, Washington, D.C.

11.     PLAYERS INC and the NFLPA have sought to become the exclusive representative for group licensing of active and retired players with respect to licensed products, such as trading cards and video games, television and radio programming, personal appearances, autograph signings, an Internet site, and events such as the Super Bowl. On information and belief, PLAYERS INC receives gross licensing revenues of over $50 million per year based on the licensing of products of over $700 million per year.

12.     PLAYERS INC has already been served and has appeared in this lawsuit.

## V.     SUBSTANTIVE ALLEGATIONS OF ADDERLEY AND THE GLA CLASS

### A.     DEFENDANTS' GROUP LICENSING PROGRAM

13.     The NFLPA promotes a "Retired Players Group Licensing Program," through which it solicits retired players to grant to the NFLPA a group license, giving it the ". . . non-exclusive right to market the retired player's name, number, likeness, voice, facsimile signature, photograph, picture, and/or biographical information (collectively "image") in the NFLPA Retired Group Licensing Program." *See* **Exhibits B** and **C** (GLAs signed by Herb Adderley, attached hereto and incorporated by reference). The NFLPA has solicited Adderley (and other retired NFL members) to provide their name and image rights to the NFLPA pursuant to this form of GLA.

14.     The NFLPA grants the rights that it obtains pursuant to the group license agreements that it receives from retired players to PLAYERS INC

15.     On its website dated February 6, 2007, PLAYERS INC defines these group licensing rights and programs as follows:

> Group licensing programs are defined as those programs in which a
> licensee utilizes a total of six (6) or more NFL players in conjunction with
> or on products that are sold at retail or used as promotional or premium

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

5                    THIRD AMENDED CLASS ACTION COMPLAINT
CASE NO. C07 0943 WHA

items. The players may be depicted *individually* on a product as part of a series or collectively with other players.

Some PLAYERS INC group licensing programs utilize as few as 6 players and others as many as 1,800 league-wide. PLAYERS INC works with more than 60 licensees whose products include: Trading cards (500+ players), Videogames (1,500+ players), Apparel (1,000+ players) and Collectibles (75+ players) (emphasis added). *See* **Exhibit E.**

16.     As detailed below, although the GLAs signed by Adderley and, on information and belief, by other members of the GLA Class during the limitations period, were purportedly non-exclusive,

**B.     ADDERLEY AND OTHER GLA CLASS MEMBERS ENTERED INTO GLAS WHICH PROVIDED FOR DISTRIBUTION OF LICENSING REVENUES TO ALL PARTICIPANTS IN THE GROUP LICENSING PROGRAM**

17.     As noted above, Adderley entered into several versions of a GLA with the NFLPA as part of its Retired Group Licensing Program, including two GLAs that were still in effect within the period of the statute of limitations. On information and belief, numerous other retired players signed GLAs containing language substantively identical to the language appearing in the two most recent Adderley GLAs.

18.     Adderley first signed a GLA with the NFLPA in 1993, prior to the formation of PLAYERS INC, and signed a second GLA in 1996. Adderley then entered into a third GLA on May 1, 2001, which expired on December 31, 2003. A copy of the GLA signed by Plaintiff Adderley in 2001 is attached hereto as **Exhibit B** and incorporated herein by reference. On November 22, 2002, Adderley signed a GLA that remained in effect until December 31, 2005. A copy of the GLA signed by Plaintiff Adderley in 2002 is attached hereto as **Exhibit C** and incorporated herein by reference (the "Adderley 2002 GLA"). Both of these GLAs were still in effect during the relevant statute of limitations period.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

6

THIRD AMENDED CLASS ACTION COMPLAINT
CASE NO. C07 0943 WHA

19.     The version(s) of the GLA executed by Adderley and in effect during the limitations period required that revenues be shared between *all* participants of Defendants' group licensing program.   The Adderley GLA states, in relevant part, that "*it is further understood that the moneys generated by such licensing of retired player group rights will be divided between the player and an escrow account for all eligible NFLPA members who have signed a group licensing authorization form.*" (emphasis added).  *See* **Exhibits B** and **C**.

**C.     DEFENDANTS LICENSED THE RIGHTS OF ADDERLEY AND OTHER RETIRED PLAYERS TO LICENSEES AS PART OF THE GROUP LICENSING PROGRAM**

20.     On various occasions, Defendants have disputed that they have licensed retired players' rights in connection with their group licensing programs.

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Palo Alto





28.     Defendants have licensed retired players' rights and images, as granted pursuant to the Retired Players Group Licensing Program, to other licensees, including, but not limited to

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Palo Alto

THIRD AMENDED CLASS ACTION COMPLAINT
CASE NO. C07 0943 WHA

**D.    DEFENDANTS BREACHED THEIR CONTRACTUAL OBLIGATIONS TO ADDERLEY AND THOSE RETIRED PLAYERS WHO HAVE SIGNED SIMILAR GLAS BY FAILING TO SHARE LICENSING REVENUE WITH THEM**

29.    PLAYERS INC and the NFLPA breached the terms of the Adderley GLA(s) by failing to share the revenue they received from such licenses – ███████████████████████████████████████████████████████ – with retirees. As noted above, the Adderley GLAs provide that moneys generated by licensing of retired player rights " . . . will be divided between the player and an escrow account for all eligible NFLPA members who have signed a group licensing authorization form." *See* **Exhibits B** and **C.**

30.    ██████████████████████████████████████████████████████████████████████████████ Rather than complying with the express terms of the GLAs signed by Adderley and other retired members of the NFLPA, however, PLAYERS INC and the NFLPA entered into a scheme designed to deprive the retired NFLPA members of their rightful share of the funds deposited in such account, and to appropriate to themselves substantial sums.

31.    ████████████████████████████████████████████████████████████████

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

32.     Each of the active players of the NFLPA who have signed GLAs have, on information and belief, ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████ However, the retired NFL players and members who signed GLAs have not, on information and belief, been paid ████████████████████ ████████████

33.     Defendants have arbitrarily, unnecessarily and wrongfully excluded retired NFLPA members who signed a GLA from a share of such revenues. ████████████████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████

34.     ███████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ should have been distributed on an "equal share" basis to all retired players who had executed GLAs. Nevertheless, despite the NFLPA's promise in Adderley's GLAs and its obligations to Adderley and other members of the GLA Class, licensing revenues were not divided between the player and all eligible NFLPA members who had signed a GLA. ████████████████████████████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████

35.     The GLAs were drafted solely by PLAYERS INC and should be construed strictly against the NFLPA and PLAYERS INC.

**E.      DEFENDANTS BREACHED THEIR CONTRACTUAL OBLIGATIONS TO ADDERLEY AND OTHER RETIRED PLAYERS WHO SIGNED SIMILAR GLAS BY RETAINING AMOUNTS OF GROSS LICENSING REVENUE AND BY "RE-ALLOCATING" $8 MILLION IN LICENSING REVENUE THAT SHOULD HAVE BEEN PAID TO NFLPA MEMBERS**

36.     In addition to their failure to distribute "equal share" royalties to those retired players, including Adderley, who signed GLAs ███████████████████████████████████

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

11

THIRD AMENDED CLASS ACTION COMPLAINT
CASE NO. C07 0943 WHA

Defendants retained additional amounts of such revenue in violation of the GLAs, ███ keeping such revenue for themselves rather than distributing it, as they were required to do, to NFLPA members who signed a GLA, including retired players.

37. ███████████████████████████████████████████ In accordance with the GLAs signed by Adderley and other retired players, this remaining revenue should have been paid directly to players or paid out as additional royalty to NFLPA members. Adderley does not know the disposition of such funds and will need an accounting to determine what has happened to those funds. Adderley's legal remedies are not sufficient to obtain this information.

39. Thus, instead of complying with the express terms of the GLAs signed by Adderley and other retired members of the NFLPA, PLAYERS INC has, on information and belief, with the concurrence of or at the direction of the NFLPA, diverted millions of dollars from the licensing revenue depository account to PLAYERS INC and the NFLPA. On information and belief, this money was used to support the overhead, substantial salaries and perquisites of those entities.

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Palo Alto

THIRD AMENDED CLASS ACTION COMPLAINT
CASE NO. C07 0943 WHA

**F.  THE NFLPA AND PLAYERS INC HAVE BREACHED FIDUCIARY OBLIGATIONS TO THOSE RETIRED PLAYERS WHO, LIKE ADDERLEY, JOINED THE NFLPA AND ASSIGNED THEIR GROUP LICENSING RIGHTS TO THE NFLPA**

40.     As detailed in Section V(A) above, the NFLPA and PLAYERS INC have solicited retired players, including Adderley and other members of the GLA Class, to participate in the Retired Players Group Licensing Program through execution of GLAs.  Although the GLA signed by Adderley and, on information and belief, other GLA Class members, contains language indicating it is a "non-exclusive" license, as stated on PLAYERS INC's website dated February 6, 2007, the group licensing program actually operates in practice like an "exclusive" license:

> When a player signs an NFLPA Group Licensing Assignment (GLA) or assigns his group licensing rights to the NFLPA, *he gives the NFLPA the exclusive right to use his name, number, likeness, voice, facsimile signature, photograph, picture, and/or biographical information (collectively "image") in licensed programs involving six or more players.*  The NFLPA has assigned, and will continue to assign, those rights to PLAYERS INC.  (emphasis added).  *See* **Exhibit E.**

41.     The language on PLAYERS INC's website does not distinguish between active and retired players.

In fact, the most recent agreement between PLAYERS INC





44.

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Palo Alto

THIRD AMENDED CLASS ACTION COMPLAINT
CASE NO. C07 0943 WHA

Against this backdrop, Adderley alleges the following bases for his breach of fiduciary duty claims against Defendants:

### 1. The GLAs Create an Express Agency Relationship

45. As the representative of the retired players who have signed a GLA during the class period, Defendants have created, and accepted, an express agency relationship between themselves and the retired players. Defendants had the ability to negotiate and ultimately execute licensing agreements on behalf of Adderley and the GLA Class by virtue of the GLAs.

Nevertheless, the annual GLAs signed by Adderley and, on information and belief, other GLA Class members, granted Defendants the express right to market the image of Adderley and other GLA Class members.

### 2. The GLAs and Surrounding Circumstances Create an Agency Relationship by Operation of Law And/Or As Can Be Inferred or Implied by the Conduct of the Parties and Surrounding Circumstances

46. The GLAs also create an agency relationship, either by operation of law and/or as can be inferred or implied based on the conduct of the parties and the circumstances of the case. Upon information and belief, Defendants have enjoyed substantial benefits from these agency relationships, and Defendants should now be estopped from disavowing their resulting obligations. The NFLPA entered into the GLAs with retired players and then assigned the rights to PLAYERS INC who enforced and acted upon them, on information and belief, with the consent and approval of the NFLPA.

47. In addition, Defendants have assumed a fiduciary relationship with the retired players who signed GLAs and are obligated to act with the highest duty of loyalty and regard for the interests of those retired players. These duties include fiduciary obligations that arise, among

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

15

THIRD AMENDED CLASS ACTION COMPLAINT
CASE NO. C07 0943 WHA

other ways, from the NFLPA's role as an association in which those retired players who signed GLAs were also members. On information and belief, any retired player who signed a GLA was also a member of the NFLPA.

48. Adderley and, on information and belief, other members of the GLA Class, relied on the Defendants to act in good faith and to represent their best interests in connection with group licensing opportunities. Because of this, Adderley and other members of the GLA Class did not pursue licensing opportunities on their own behalf. Even if they had, however, their efforts would have been highly unlikely to succeed. As noted above, although the GLAs signed by Adderley, and by other members of the GLA Class during the limitations period, are purportedly "non-exclusive", ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

49. Adderley and other members of the GLA Class also relied on language of the GLAs – which provided for distribution of licensing revenue to all eligible NFLPA members who have signed a GLA – in deciding to participate in the Retired Players Group Licensing Program, and in authorizing Defendants to represent them in connection with group licensing opportunities. In doing so, Adderley and other GLA Class members reasonably expected that the NFLPA and PLAYERS INC would act in good faith towards them, ████████████████████████████████████████████████████████████████████████████.

50. Defendants owed Adderley and each represented NFLPA member a fiduciary duty to act in a fair and equitable manner consistent with the best interests of retired players. Instead, Defendants have acted in an arbitrary, capricious and inequitable manner, contrary to their fiduciary obligations. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

### 3. Defendants Breached the Fiduciary Duties Owed to Adderley and Other Retired Players Who Signed GLAs

Without the knowledge of retired players such as Adderley,

53.

The actions of PLAYERS INC and the NFLPA are particularly egregious because Defendants kept secret from, and refused to provide to, Adderley and other retired players the pertinent and critical information that would have revealed their actions, leaving such players unable to know what was happening and unable to protect themselves.

54. More specifically, Defendants have violated fiduciary duties to Adderley and the putative class in at least the following ways:

- PLAYERS INC and the NFLPA have violated a continuing duty to GLA Class members to accurately report such revenues to members of the GLA Class, and they

Manatt, Phelps & Phillips, LLP
Attorneys At Law
Palo Alto

THIRD AMENDED CLASS ACTION COMPLAINT
CASE NO. C07 0943 WHA

have violated a duty to report such revenues to the members of the GLA Class in a timely fashion;

- PLAYERS INC and the NFLPA have not, on information and belief, distributed revenues to the members of the GLA Class that should have been distributed and were owed to them;

- PLAYERS INC and the NFLPA have placed themselves in a position of conflict of interest and have acted adversely to the interest of retired NFL players who signed a GLA.

55.  As a result of the unlawful conduct complained of above, Adderley seeks an accounting of the funds received and distributed by PLAYERS INC in connection with its claimed representation of retired players who signed a GLA. Adderley also seek damages on behalf of the putative class, in an amount to be proven at trial, which, on information and belief, will exceed the jurisdictional amount of $5 million.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

THIRD AMENDED CLASS ACTION COMPLAINT
CASE NO. C07 0943 WHA

## VI. SUBSTANTIVE ALLEGATIONS OF PARRISH AND THE NFLPA MEMBERS WHOM THE RECORDS OF THE NFLPA SHOW DID NOT SIGN A GLA

### A. THE NFLPA AND PLAYERS INC HAVE A FIDUCIARY OBLIGATION TO PARRISH AND THOSE RETIRED PLAYERS WHO WERE MEMBERS OF THE NFLPA, BUT, ACCORDING TO THE NFLPA, DID NOT SIGN A GLA

56.     The NFLPA provides for membership of retired NFL players, and solicits the membership of such retired NFL players in exchange for dues. In particular, the NFLPA's Constitution, enacted in March 1994 and, on information and belief, in effect during the relevant limitation period until it was amended in March of 2007, recognizes that that because ". . . retired players still have a stake in the actions of the NFLPA, the Board of Player Representatives has authorized a retired players organization." *See* **Exhibit K** (NFLPA Constitution dated March 1994), Art. II, p. 6, attached hereto and incorporated by reference.

57.     On information and belief, in the fall of 2003, the NFLPA solicited retired NFL players to join (or renew their membership) in the NFLPA, including Parrish and other members of the Retired NFLPA Member Class. *See* letter from Douglas F. Allen to "NFLPA Member" in the fall of 2003, (attached hereto as **Exhibit L** and incorporated herein by reference). *See also* March 15, 2006 Letter from NFLPA Retired Players Steering Committee to Bernie Parrish attached hereto as **Exhibit M**. Parrish and Adderley received this Fall 2003 letter.

58.     Parrish paid membership dues to the NFLPA at least in 2005, and his membership expired in April 2006. The NFLPA does not have any record of Parrish signing a GLA within the statute of limitations period.

59.     Among other things, the NFLPA Constitution provided that all retired members had a right to . . . :

> Receive NFLPA publications, the retired player publications, and ***other information which may affect his retirement benefits or other benefits he may be entitled to as an NFL player.***

**Exhibit K** (NFLPA Constitution), Art. II, p.7 (emphasis added).

60.     On various occasions, PLAYERS INC has made inconsistent, misleading, and ambiguous representations about the number of retired players that it purports to represent and the rights it has licensed on behalf of retired players. As of February 6, 2007 (before the original

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

19

THIRD AMENDED CLASS ACTION COMPLAINT
CASE NO. C07 0943 WHA

complaint in this matter was filed), PLAYERS INC's website stated that PLAYERS INC represents "over 3000 retired players." *See* **Exhibit E.** Shortly after this complaint was filed, however, PLAYERS INC changed its website to say that PLAYERS INC represents "many memorable retired NFL players."

61.    PLAYERS INC has now conceded that it "represents" all retired NFLPA members, *whether or not they ever signed a GLA*, because those players were "available" to PLAYERS INC *by virtue of their membership in the NFLPA*:

> PLAYERS INC admits that it has previously made statements regarding "representing" specific numbers of retired players but a reasonable inquiry has not disclosed any statements in which Players Inc. purported to represent "all" retired players. With respect to its previous statements regarding "representing" specific numbers of retired layers, Players Inc was indicating that it had access to certain numbers of retired players via the NFLPA Retired Players Association, and that Players Inc had the ability to solicit the participation of such players in licensing activities to the extent that potential third-party licensees indicated an interest in pursuing licensing opportunities with such players.

*See* **Exhibit N** (Responses to Requests for Admission, No. 1), attached hereto and incorporated by reference.

64.    By virtue of offering membership in the NFLPA after retirement in exchange for dues and/or in order to gain access to retired players' rights by virtue of their membership in the

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

20

THIRD AMENDED CLASS ACTION COMPLAINT
CASE NO. C07 0943 WHA

NFLPA, the NFLPA and PLAYERS INC stand in a fiduciary relationship to Parrish and other members of the Retired NFLPA Member Class.

**1.** **Membership in the NFLPA and Surrounding Circumstances Create an Agency Relationship by Operation of Law And/Or As Can Be Inferred or Implied by the Conduct of the Parties and Surrounding Circumstances**

65.    The NFLPA and PLAYERS INC have entered into an agency relationship, either by operation of law and/or as can be inferred or implied based on the conduct of the parties and the circumstances of the case, with retired NFLPA members who did not sign a GLA, according to the records of the NFLPA. The NFLPA solicited the membership from these retired NFL players, and by virtue of their membership in the NFLPA, PLAYERS INC has admitted that it represented these retired players.

66.    Upon information and belief, Defendants have enjoyed substantial benefits from these agency relationships, including receipt of dues and access to these retired players for purposes of pursuing commercial and marketing opportunities with existing and potential NFL sponsors, and Defendants should now be estopped from disavowing their resulting obligations.

67.    When deciding to join the NFLPA and in paying dues, Parrish, and, on information and belief, other Retired NFLPA Members, relied on the NFLPA's membership solicitation and promises (as set forth in correspondence and in the NFLPA Constitution). They reasonably expected that in exchange for their payment of dues and membership in the NFLPA, Defendants, including their Chairman, would act in good faith on their behalf and/or refrain from disavowing any obligation to work for or on behalf of retired NFLPA members.

68.    By virtue of its purported representation of Parrish, PLAYERS INC and the NFLPA undertook a duty to inform them of potential benefits owing to them in connection with opportunities that were pursued on behalf of retired members.

69.    Parrish and, on information and belief, other Retired NFLPA Members would not have paid dues had they known that Defendants would not have undertaken to act on their behalf in good faith or to provide them with accurate and complete information regarding benefits to which they might be entitled.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

21

THIRD AMENDED CLASS ACTION COMPLAINT
CASE NO. C07 0943 WHA

70.     The NFLPA and PLAYERS INC have actively solicited retired membership in the NFLPA from retirees, not only in exchange for payment of dues, but to provide Defendants with the desired access to these players for purposes of pursing commercial activities, including, but not limited to, licensing of retired players' rights.     More specifically, Defendants have a complete monopoly over information relevant to retired NFLPA benefits, including ". . . information which may affect [their] retirement benefits or other benefits [they] may be entitled to as [] NFL player[s]." *See* **Exhibit K** (NFLPA Constitution), Art. II, p. 7.   For example, Defendants did not inform retired NFL players of such significant agreements as the NFLPA-PLAYERS Agreement. *See* **Exhibit D**.

71.     Under the terms of the NFLPA Constitution, retired players pay membership dues and are acknowledged to "have a stake in the actions of the NFLPA". Nevertheless, retired players receive no information from PLAYERS INC regarding commercial or other opportunities pursued on their behalf.

72.     Indeed, Gene Upshaw, Executive Director of the NFLPA and Chairman of PLAYERS INC, has repeatedly stated that "he does not work for retired players."   In an article dated January 15, 2006 in the *Charlotte Observer* (attached hereto as **Exhibit P** and incorporated by reference), Mr. Upshaw was quoted as saying about the retired players:

> The bottom line is, I don't work for them. They don't hire me, and they can't fire me. They can complain about me all day long. They can have their opinion. But the active players have the vote. That's who pays my salary.

73.     Shortly after making such comments, Mr. Upshaw addressed the issue of retiree benefits in a January 20, 2006 memo to the NFLPA Retired Members. *See* **Exhibit Q**, attached hereto and incorporated by reference.

74.     In that memo, Mr. Upshaw noted that "[m]uch has been made of my recent comments to the *Charlotte Observer*." *See* **Exhibit Q**.   He further confirmed that "I stand by what I said." *Id.*

75.     Parrish received a copy of the January 20, 2006 memo from Mr. Upshaw, and believed that his statements were a confirmation that the Defendants had breached their obligations

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

to retired members. These statements were exacerbated by Mr. Upshaw in a quote in a February 16, 2007 *New York Times* article that he has admitted making about retired player licensing: "We could have the greatest dog food in the world, but if the dogs don't like it, we can't sell it." **Exhibit R.**

**B.     THE NFLPA AND PLAYERS INC HAVE BREACHED THEIR FIDUCIARY OBLIGATIONS TO PARRISH AND THOSE RETIRED PLAYERS WHO WERE MEMBERS OF THE NFLPA BUT DID NOT, ACCORDING TO THE NFLPA, SIGN GLAS**

76.     As confirmed by Mr. Upshaw, the NFLPA and PLAYERS INC have breached their fiduciary obligations to Parrish and other members of the Retired NFLPA Member Class by admitting that they do not work for these retirees at all. At a minimum, Mr. Upshaw's statements reflect a lack of good faith representation on those admittedly represented by Defendants. In addition, Mr. Upshaw's statements reflect the exploitation of those retired members who joined the NFLPA.

77.     Defendants have also failed to provide Parrish, and on information and belief, other members of the Retired NFLPA Member Class, with information affecting other benefits to which they may be entitled, including but not limited to the fact that PLAYERS INC was

78.     More specifically, Defendants have breached their fiduciary duties to Parrish, and other members of the Retired NFLPA Member Class, in at least the following ways:

- By failing to provide them with accurate and complete information relevant to benefits to which they might be entitled, including licensing and marketing benefits;

- By failing to act in good faith towards retired NFLPA members by acknowledging that they do not work for retired members; and

Manatt, Phelps & Phillips, LLP
Attorneys At Law
Palo Alto

- By failing to act in good faith on behalf of retired NFLPA members (whom Defendants have now admitted they represent) who did not sign a GLA in pursuing commercial and marketing opportunities on their behalf and/or informing the retired NFLPA members of any benefits that may be owing to them in connection with opportunities that were pursued on behalf of retired NFLPA members.

79. Because Defendants have breached their obligations to Retired NFLPA Members, Parrish seeks return of all NFLPA dues paid by him and on behalf of a class of other retired NFLPA members who paid dues during the period of the statute of limitations, but did not sign a GLA according to the records of the NFLPA.

## VI. ADDITIONAL SUBSTANTIVE ALLEGATIONS REGARDING PREVIOUSLY DISMISSED CLAIMS UNDER CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200

### A. THE NFLPA AND PLAYERS INC HAVE UNFAIRLY COMPETED AND WRONGFULLY INTERFERED WITH THE MARKETING OF THE IMAGES OF RETIRED NFL PLAYERS

80. Solely for purposes of preserving Plaintiffs' right to appeal the Court's September 6, 2007 Dismissal of claims arising under Bus. & Prof. Code § 17200 (*see Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997)), as asserted by Roberts on behalf of the 17200 California Resident Class, Plaintiffs respectfully re-allege, and incorporate by reference, allegations made in Paragraphs 1-52, 71-80 and the Prayer for Relief of the Second Amended Complaint as though set forth fully herein.

## VII. CLASS ACTION ALLEGATIONS

81. Plaintiffs bring this class action on behalf of themselves and all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure. This action is maintainable as a class action pursuant to Rule 23(a), (b) and (d).

### A. THE GLA CLASS

82. Plaintiff Herb Adderley brings claims of breach of contract and breach of fiduciary duty, on behalf of a nationwide class seeking damages and an accounting (the "GLA Class").

83. The GLA Class is defined as all those retired NFL Players who at any time have sent an executed GLA to the NFLPA containing language similar or identical to the Adderley 2002

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

24

THIRD AMENDED CLASS ACTION COMPLAINT
CASE NO. C07 0943 WHA

GLA, that was in effect during the period beginning at the earliest point of the statute of limitations and continuing until the expiration of the last such GLA.  Excluded from the GLA Class are the NFLPA, PLAYERS INC, and their directors, officers and employees.

**B.     THE RETIRED NFLPA MEMBER CLASS**

84.     Plaintiff Parrish represents a class of retired NFLPA members (the "Retired NFLPA Member Class").

85.     The Retired NFLPA Member Class is defined as retired NFL players who joined the NFLPA as retired members and paid dues to the NFLPA within the period of the statute of limitations, but, according to the records of the NFLPA, did not sign a GLA.  Excluded from the Class are the NFLPA, PLAYERS INC, and their directors, officers and employees.

86.     The above Classes meet the numerosity standard in Rule 23(a)(1) because, although the exact numbers are unknown to Plaintiffs, on information and belief each alleged class consists of at least hundreds of retired NFL players, who are geographically dispersed throughout the United States, California and perhaps elsewhere.  The joinder of each of these players is impracticable.  The disposition of their claims through this class action will provide substantial benefits to both the parties and the Court.

87.     The size of the Classes and the identities of their individual members are ascertainable through Defendants' records.

88.     Members of these Classes may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notice, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by the Court.

89.     There is a well-defined community of interest and common questions of law and fact affecting the members of the GLA Class as required by 23(a)(2).  The questions of law and fact common to the GLA Class predominate over any questions affecting only individual members and include, but are not limited to, the following:

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

25

THIRD AMENDED CLASS ACTION COMPLAINT
CASE NO. C07 0943 WHA

a)    Whether PLAYERS INC and/or the NFLPA have breached their contractual obligations and fiduciary duties to each member of the GLA Class by the acts and omissions, among others described above;



e)    Whether Adderley and the GLA Class are entitled to an accounting showing all revenue received by Defendants from group licensing and whether and how that revenue was distributed to PLAYERS INC, the NFLPA and among the members of the GLA Class; and

f)    Whether Adderley and the GLA Class are entitled to damages, punitive damages, costs and attorneys' fees as a result of the unlawful conduct of Defendants.

90.    There is a well-defined community of interest and common questions of law and fact affecting the members of the Retired NFLPA Member Class as required by 23(a)(2).  The questions of law and fact common to the Retired NFLPA Member Class predominate over any questions affecting only individual members and include, but are not limited to, the following

a)    Whether the NFLPA and PLAYERS INC owed a fiduciary duty to retired players who joined the NFLPA and paid dues, but did not sign a GLA;

b)    Whether the NFLPA and PLAYERS INC are estopped to deny the agency relationship to retired NFLPA members who paid dues but did not sign a GLA

c)    Whether the NFLPA and PLAYERS INC breached their fiduciary duties to retired players who joined the NFLPA and paid dues, but did not sign a GLA;

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

26

THIRD AMENDED CLASS ACTION COMPLAINT
CASE NO. C07 0943 WHA

d)      Whether PLAYERS INC has meddled or interfered with the rights of Parrish and other members of the Retired NFLPA Member Class through contracts and agreements with licensees; and

e)      Whether Parrish and the Retired NFLPA Member Class are entitled to a refund of all dues paid to the NFLPA, and other damages.

## VIII.    CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

### (Breach of Contract – GLA Class)

### (Against Both Defendants)

91.     Plaintiffs incorporate by reference paragraphs 1 through 90 above as though set forth fully herein.

92.     On information and belief, Adderley and other GLA Class members entered into a version of GLA(s) with PLAYERS INC and/or the NFLPA within the period of the statute of limitations.  The GLA form signed by Plaintiff Adderley in 2002 is attached as **Exhibit C**.  On information and belief, each GLA, including the one signed by Adderley and other members of the GLA Class, is a valid and binding contract between those retired players and the NFLPA.

93.     According to PLAYERS INC's website, retired players sign a GLA with the NFLPA.  In turn, the NFLPA assigns (and will continue to assign) the rights under those Agreement(s), including the Agreements signed by Adderley and other members of the GLA Class, to PLAYERS INC.

94.     The version of the GLA executed by Adderley and in effect during the limitations period provides, in relevant part, that " *it is further understood that the moneys generated by such licensing of retired player group rights will be divided between the player and an escrow account for all eligible NFLPA members who have signed a group licensing authorization form.*" (emphasis added). (**Exhibit C**) (emphasis added).

95.     On information and belief, Adderley and other GLA Class members performed any and all obligations required of them under the GLA(s).

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Palo Alto

27

THIRD AMENDED CLASS ACTION COMPLAINT
CASE NO. C07 0943 WHA

96. On information and belief, PLAYERS INC and/or the NFLPA breached the GLA(s) with retired NFL players by the acts and omissions set forth above. More specifically:

a) PLAYERS INC and the NFLPA have not, on information and belief, distributed revenues to the members of the GLA Class that should have been distributed, even to the small percentage of GLA Class members who have received some monies;

d) Defendants failed to make royalty payments as promised to all players, and diverted funds from PLAYERS INC to the NFLPA in breach of the GLA.

97. As a result of Defendants' breaches, Adderley and other GLA Class members have suffered damages.

## SECOND CAUSE OF ACTION

### (Breach of Fiduciary Duty – GLA Class)

### (Against Both Defendants)

98. Plaintiffs incorporate by reference paragraphs 1 through 97 above as though set forth fully herein.

99. Defendants have a fiduciary duty to Adderley and the retired players that at any time signed a GLA with the NFLPA with language similar or identical to the Adderley 2002 GLA.

100. Defendants have breached that duty by, among other things, the acts and omissions described above.

101. As a direct and proximate result of Defendants' breaches of fiduciary duty, each member of the GLA Class has suffered damages in an amount subject to proof that, collectively, exceeds the jurisdictional minimum of the Court.

102. As a result of Defendants' acts and or omissions, Plaintiffs and the GLA Class are entitled to recover actual damages, punitive damages and attorney's fees.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

28

THIRD AMENDED CLASS ACTION COMPLAINT
CASE NO. C07 0943 WHA

**THIRD CAUSE OF ACTION**

**(Accounting – GLA Class)**

**(Against Both Defendants)**

103.    Adderley incorporates by reference paragraphs 1 through 102 above as though set forth fully herein.

104.    By virtue of his status as a signatory of the Adderley 2002 GLA and a retired member of the NFLPA, Adderley is entitled to information concerning monies due to him from the NFLPA and/or PLAYERS INC. As set forth in the NFLPA Constitution, Adderley and other class members have a right to receive from the NFLPA, ". . . information which may affect his retirement benefits *or other benefits he may be entitled to* as an NFL player." NFLPA Constitution, Art. II, p. 7.

105.    By virtue of the acts and omissions described above, Adderley does not have adequate information to determine what monies are due to him as a result of Defendants actions pursuant to the Adderley 2002 GLA. Indeed, Defendants have admitted that they have not made an accounting to retired NFL players of licensing and/or marketing distributions except by providing them with distributions of monies Defendants believe are owed them. *See* **Exhibit N** (Responses to Requests for Admission, No. 15).

106.    The exact amount of money received and distributed by PLAYERS INC in connection with the licensing and marketing of Adderley and the GLA Class, including monies distributed to or misappropriated by PLAYERS INC and the NFLPA, is unknown and cannot be ascertained without an accounting of the funds.

107.    On information and belief, a balance is due to Plaintiffs and there is no adequate remedy at law to obtain that balance without an accounting.

**FOURTH CAUSE OF ACTION**

**(Breach of Fiduciary Duty – Retired NFLPA Member Class)**

**(Against both Defendants)**

108.    Plaintiffs incorporate by reference paragraphs 1 through 107 above as though set forth fully herein.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

109. Parrish and other members of the Retired NFLPA Member Class joined the NFLPA as retired members and paid dues to the NFLPA within the period of the statute of limitations, but, according to the records of the NFLPA, did not sign a GLA. Parrish and the members of this Class fully expected that the NFLPA would live up to its Constitution. *See* **Exhibit K.**

110. By virtue of the fiduciary duties created between Defendants and the members of the Retired NFLPA Member Class as explained above, the NFLPA undertook to act on behalf of the retired members in good faith and confirmed their right to receive information affecting benefits to which they may be entitled. PLAYERS INC gained access to the Retired NFLPA Member Class by virtue of their membership in the NFLPA and represented them in commercial and marketing opportunities, despite having no signed GLAs in their records from these players.

111. Defendants have breached their obligations to Parrish and the Retired NFLPA Member Class by, among other things: (1) failing to work in good faith on their behalf; and/or (2) failing and refusing to provide them with information affecting benefits to which they may be owed; and/or (3) meddling or interfering with the rights of retired players through licensing agreements with licensees of PLAYERS INC.

112. Defendants' Chairman has confirmed their lack of good faith on behalf of Retired NFLPA members, admitting that he doesn't work for retired players, and comparing them in connection with this litigation as "dog food." *See* **Exhibit R.**

113. As a result of Defendants' breaches, Parrish and other members of the Retired NFLPA Member Class have suffered damages, up to and including the amount of dues paid to the NFLPA.

## FIFTH CAUSE OF ACTION

### (California Unfair Competition, Cal. Bus. & Prof. Code § 17200)

### (Previously Dismissed)

114. Solely for purposes of preserving Plaintiffs' right to appeal the Court's September 6, 2007 Dismissal of claims arising under Bus. & Prof. Code § 17200 (*see Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997)), as asserted by Roberts on behalf of the 17200 California Resident Class, Plaintiffs respectfully re-allege, and incorporate by reference,

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

30

THIRD AMENDED CLASS ACTION COMPLAINT
CASE NO. C07 0943 WHA

allegations made in Paragraphs 1-52, 71-80 and the Prayer for Relief of the Second Amended Complaint as though set forth fully herein.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, pray as follows:

a.   That the Court determines that this action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and that Ronald S. Katz of MANATT, PHELPS & PHILLIPS, LLP be appointed as lead class counsel.

b.   That Plaintiffs and each and every member of the three Classes recover (i) damages determined to have been sustained by each of them, including punitive damages, (ii) restitution as provided by law, and (iii) that joint and several judgments in favor of Plaintiffs and each and every member of the three Classes, respectively, be entered against the Defendant.

c.   That an accounting by accountants of Adderley's choice be ordered by the Court at the expense of the Defendants.

d.   That Plaintiffs and other members of the three classes recover their costs of this suit, including reasonable attorneys' fees, as provided by law.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

31

THIRD AMENDED CLASS ACTION COMPLAINT
CASE NO. C07 0943 WHA

1    e.    That Plaintiffs and the other members of the three classes be granted such other,

2          further and different relief as the nature of the case may require or as may seem just

3          and proper to this Court.

4                                    Respectfully submitted,

5                                    Dated: November 15, 2007

6

7

8                                    /s/Ronald S. Katz
                                     Ronald S. Katz (SBN 085713)
9                                    Ryan S. Hilbert (SBN 210549)
                                     Noel S. Cohen (SBN 219645)
10                                   MANATT, PHELPS & PHILLIPS, LLP
                                     1001 Page Mill Road, Building 2
                                     Palo Alto, CA 94304-1006
11                                   Telephone:    (650) 812-1300
                                     Facsimile:    (650) 213-0260
12                                   *Attorneys for Plaintiffs*

13

                                     Lewis T. LeClair, Esq.
14                                   Jill Adler, Esq.
                                     McKOOL SMITH, P.C.
15                                   300 Crescent Court
                                     Suite 1500
16                                   Dallas, TX 75201
                                     214-978-4984
17                                   214-978-4044 (fax)

18

19

20

21

22

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

THIRD AMENDED CLASS ACTION COMPLAINT
CASE NO. C07 0943 WHA