Mark Malin (Bar No. 199757)
*mmalin@dl.com*
DEWEY & LEBOEUF LLP
1950 University Avenue, Suite 500
East Palo Alto, CA 94303
Tel: (650) 845-7000; Fax: (650) 845-7333

Jeffrey L. Kessler (*pro hac vice*)
*jkessler@dl.com*
David G. Feher (*pro hac vice*)
*dfeher@dl.com*
Eamon O'Kelly (*pro hac vice*)
*eokelly@dl.com*
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, NY 10019
Tel: (212) 259-8000; Fax: (212) 259-6333

Kenneth L. Steinthal (*pro hac vice*)
*kenneth.steinthal@weil.com*
Claire E. Goldstein (Bar No. 237979)
*claire.goldstein@weil.com*
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Tel: (650) 802-3000; Fax: (650) 802-3100

Bruce S. Meyer (*pro hac vice*)
*bruce.meyer@weil.com*
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000; Fax: (212) 310-8007

Attorneys for Defendants National Football League Players Association
and National Football League Players Incorporated d/b/a Players Inc

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| BERNARD PAUL PARRISH, HERBERT ANTHONY ADDERLEY, WALTER ROBERTS III, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION and NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a/ PLAYERS INC, <br><br> Defendants. | Case No. C 07 0943 WHA <br><br> **DEFENDANTS' ANSWER TO THE THIRD AMENDED COMPLAINT** |

Dewey & LeBoeuf LLP
1950 University Avenue, Suite 500
East Palo Alto, California 94303-2225

# ANSWER

Defendants National Football League Players Association ("NFLPA") and National Football League Players Incorporated d/b/a/ Players Inc ("Players Inc") (collectively, "Defendants"), by their attorneys, state their answers to the Third Amended Complaint (the "TAC") as follows:

In response to the Introduction of the TAC, state that said Introduction constitutes a conclusory allegation and legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in the Introduction of the TAC.

1. In response to paragraph 1 of the TAC, state that said paragraph constitutes a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 1 of the TAC.

2. In response to paragraph 2 of the TAC, state that said paragraph constitutes a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 2 of the TAC.

3. In response to paragraph 3 of the TAC, state that said paragraph constitutes a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 3 of the TAC.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the TAC, except admit that Bernard Parrish played in the National Football League ("NFL") from 1959 through 1966 and is the author of the book *They Call it a Game*.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the TAC, except admit that Herbert Adderley played in the NFL from 1961 through 1972, that Adderley was inducted into the Pro Football Hall of Fame in 1980, that Adderley has signed a number of GLAs, that the NFLPA's records indicate that Adderley paid dues to the NFLPA Retired Players Association in 2003, 2004, and 2005, and that Adderley's membership in the NFLPA Retired Players Association expired in or around

February 2006.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the TAC, except admit that Walter Roberts played in the NFL from 1964-1970, and, as to the last sentence thereof, state that the first clause of that sentence constitutes a conclusory allegation and a legal conclusion as to which no responsive pleading is required and that, to the extent any response is required, Defendants deny the allegations set forth in that clause.

7. Admit the allegations set forth in paragraph 7 of the TAC, except deny that the NFLPA's principal place of business is 2021 L Street, Washington, D.C. The NFLPA's principal place of business is 1133 20th Street, Washington, D.C.

8. In response to paragraph 8 of the TAC, state the said paragraph constitutes a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 8 of the TAC, except admit that retired NFL players are not a party to the current Collective Bargaining Agreement in the NFL, dated as of March 6, 2006, and admit that the NFLPA solicits retired players to become members of the NFLPA Retired Players Association and charges them annual dues for such membership.

9. Admit the allegations set forth in paragraph 9 of the TAC.

10. In response to paragraph 8 of the TAC, state the said paragraph constitutes a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 10 of the TAC, except admit that Players Inc is a Virginia corporation that was formed in 1994, and state that Exhibit A to the TAC and Doug Allen's deposition testimony speak for themselves. Players Inc's principal place of business is 1133 20th Street, Washington, D.C.

11. In response to paragraph 11 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 11.

12. Admit the allegations set forth in paragraph 12 of the TAC.

-2-

13. In response to paragraph 13 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 13, except admit that the NFLPA has solicited certain retired NFL players to sign certain Group Licensing Authorizations ("GLAs"), the terms of which speak for themselves, and state that Exhibits B and C to the TAC speak for themselves.

14. In response to paragraph 14 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 14, and state that Exhibit D to the TAC speaks for itself.

15. In response to paragraph 15 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 15, and state that Exhibit E to the TAC speaks for itself.

16. Deny the allegations set forth in paragraph 16 of the TAC.

17. Admit the allegations set forth in paragraph 17 of the TAC, except deny the allegations in the cross-reference in the first clause of paragraph 17, to the extent already denied above.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the TAC, except admit the allegations set forth in the last sentence thereof, and state that Exhibits B and C to the TAC speak for themselves.

19. In response to paragraph 19 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 19, and state that Exhibits B and C to the TAC speak for themselves.

20. Deny the allegations set forth in Paragraph 20 of the TAC.

21. In response to paragraph 21 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is

-3-

Defs.' Answer to the Third Amended Complaint  Civ. Action No. C07 0943 WHA

required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 21, and state that Exhibit F to the TAC speaks for itself.

22. In response to paragraph 22 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 22.

23. In response to paragraph 23 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 23, and state that Exhibit F speaks for itself.

24. In response to paragraph 24 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 24.

25. In response to paragraph 25 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 25, and state that Exhibit G to the TAC speaks for itself.

26. In response to paragraph 26 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 26, and state that Exhibit G to the TAC speaks for itself.

27. In response to paragraph 27 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 27, and state that Exhibit G to the TAC speaks for itself.

28. In response to paragraph 28 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is

required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 28.

29. In response to paragraph 29 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 29, and state that Exhibits B and C to the TAC speak for themselves

30. In response to paragraph 30 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 30.

31. In response to paragraph 31 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 31, and state that Exhibit D to the TAC speaks for itself.

32. In response to paragraph 32 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 32.

33. In response to paragraph 33 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 33.

34. In response to paragraph 34 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 34, and state that Exhibit H to the TAC speaks for itself.

35. In response to paragraph 35 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is

Defs.' Answer to the Third Amended Complaint                     Civ. Action No. C07 0943 WHA

required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 35.

36. In response to paragraph 36 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 36.

37. In response to paragraph 37 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 37.

38. In response to paragraph 38 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 38, and state that Exhibit I to the TAC speaks for itself.

39. In response to paragraph 39 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 39.

40. In response to paragraph 40 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 40, except admit that the NFLPA and Players Inc have solicited certain retired NFL players to execute certain GLAs, and state that Exhibit E speaks for itself.

41. Deny the allegations set forth in paragraph 41 of the TAC.

42. In response to paragraph 42 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 42, and state that Exhibit G to the TAC speaks for itself.

43. Deny the allegations set forth in paragraph 43 of the TAC, and state that Exhibit J to the TAC speaks for itself.

44. In response to paragraph 44 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 44.

45. In response to paragraph 45 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 45.

46. In response to paragraph 46 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 46.

47. In response to paragraph 47 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 47.

48. In response to paragraph 48 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 48.

49. In response to paragraph 49 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 49.

50. In response to paragraph 50 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is

required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 50.

51. Deny the allegations set forth in 51 of the TAC.

52. In response to paragraph 52 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 52.

53. In response to paragraph 53 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 53.

54. In response to paragraph 54 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 54.

55. In response to paragraph 55 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 55.

56. In response to paragraph 56 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 56, and state that Exhibit K to the TAC speaks for itself.

57. In response to paragraph 57 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 57, except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the last sentence thereof, and state that Exhibits L and M to the TAC

Defs.' Answer to the Third Amended Complaint                    Civ. Action No. C07 0943 WHA

speak for themselves.

58. Deny the allegations set forth in paragraph 58 of the TAC, except admit the allegations set forth in the last sentence thereof.

59. Deny the allegations set forth in paragraph 59 of the TAC, and state that Exhibit K to the TAC speaks for itself.

60. In response to paragraph 60 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 60, except admit that the quoted language from Players Inc's website was changed in early 2007, and state that Exhibit E to the TAC speaks for itself.

61. In response to paragraph 61 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 61, and state that Exhibit N to the TAC speaks for itself.

62. In response to paragraph 62 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 62, and state that Exhibit O to the TAC speaks for itself.

63. In response to paragraph 63 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 63, and state that Exhibit O to the TAC speaks for itself.

64. In response to paragraph 64 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 64.

65. In response to paragraph 65 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is

required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 65.

66. In response to paragraph 66 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 66.

67. In response to paragraph 67 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 67.

68. In response to paragraph 68 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 68.

69. In response to paragraph 69 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 69.

70. In response to paragraph 70 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 70, and state that Exhibits D and K to the TAC speak for themselves.

71. Deny the allegations set forth in paragraph 71 of the TAC, and state that Exhibit K to the TAC speaks for itself.

72. Deny the allegations set forth in paragraph 72 of the TAC, and state that Exhibit P speaks for itself.

73. Admit the allegations set forth in paragraph 73 of the TAC.

74. Admit the allegations set forth in paragraph 74 of the TAC.

75. In response to paragraph 75 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 75, except deny knowledge or information sufficient to form a belief as to whether Mr. Parrish received a copy of Exhibit Q to the TAC and as to Mr. Parrish's state of mind at such time, and state that Exhibit R to the TAC speaks for itself.

76. In response to paragraph 76 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 76.

77. In response to paragraph 77 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 77.

78. In response to paragraph 78 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 78.

79. In response to paragraph 79 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 79.

80. In response to paragraph 80 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth, realleged, and incorporated by reference in paragraph 80.

81. In response to paragraph 81 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is

required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 81, except admit that plaintiffs have filed this action as a putative class action asserted under Fed. R. Civ. P. 23.

82. In response to paragraph 82 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 82.

83. In response to paragraph 83 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 83.

84. In response to paragraph 84 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 84.

85. In response to paragraph 85 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 85.

86. In response to paragraph 86 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 86.

87. In response to paragraph 87 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 87.

88. In response to paragraph 88 of the TAC, state that said paragraph

constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 88.

89. In response to paragraph 89 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 89.

90. In response to paragraph 90 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 90.

91. In response to paragraph 91 of the TAC, Defendants repeat and reallege their answers to paragraphs 1 through 90 of the TAC as if fully set forth herein.

92. In response to paragraph 92 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 92, and state that Exhibit C to the TAC speaks for itself.

93. In response to paragraph 93 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 93, except state that the NFLPA has assigned certain rights under certain GLAs to Players Inc.

94. In response to paragraph 94 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 94, and state that Exhibit C to the TAC speaks for itself.

95. In response to paragraph 95 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is

Defs.' Answer to the Third Amended Complaint　　　　　　　　　　　　　Civ. Action No. C07 0943 WHA

required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 95.

96. In response to paragraph 96 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 96.

97. In response to paragraph 97 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 97.

98. In response to paragraph 98 of the TAC, Defendants repeat and reallege their answers to paragraphs 1 through 97 of the TAC as if fully set forth herein.

99. In response to paragraph 99 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 99.

100. In response to paragraph 100 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 100.

101. In response to paragraph 101 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 101.

102. In response to paragraph 102 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 102.

-14-

Defs.' Answer to the Third Amended Complaint Civ. Action No. C07 0943 WHA

103. In response to paragraph 103 of the TAC, Defendants repeat and reallege their answers to paragraphs 1 through 102 of the TAC as if fully set forth herein.

104. In response to paragraph 104 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 104, and state that Exhibit K to the TAC speaks for itself.

105. In response to paragraph 105 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 105.

106. In response to paragraph 106 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 106.

107. In response to paragraph 107 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 107.

108. In response to paragraph 108 of the TAC, Defendants repeat and reallege their answers to paragraphs 1 through 107 of the TAC as if fully set forth herein.

109. In response to paragraph 109 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 109, and deny knowledge or information sufficient to form a belief as to the state of mind of Mr. Parrish.

110. In response to paragraph 110 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in

paragraph 110.

111. In response to paragraph 111 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 111.

112. In response to paragraph 112 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 112.

113. In response to paragraph 113 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth in paragraph 113.

114. In response to paragraph 114 of the TAC, state that said paragraph constitutes a conclusory allegation and a legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendants deny the allegations set forth, realleged, and incorporated by reference in paragraph 114.

### FIRST DEFENSE

The TAC fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claims are barred in whole or in part by reason of equitable estoppel.

### THIRD DEFENSE

Plaintiffs' claims are barred in whole or in part by reason of laches.

### FOURTH DEFENSE

Plaintiffs' claims are barred in whole or in part by reason of release.

### FIFTH DEFENSE

Plaintiffs' claims are barred in whole or in part by reason of the statute of

limitations.

## SIXTH DEFENSE

Plaintiffs' claims are barred in whole or in part by reason of the statute of frauds.

## SEVENTH DEFENSE

Plaintiffs' claims are barred in whole or in part by reason of assumption of the risk.

## EIGHTH DEFENSE

Plaintiffs' claims are barred in whole or in part by reason of Plaintiffs' failure to mitigate or avoid harm or damages Plaintiffs may have suffered.

## NINTH DEFENSE

Any injuries or damages sustained by Plaintiffs were caused by the acts, omissions, or negligence of the Plaintiffs

## TENTH DEFENSE

Any injuries or damages sustained by Plaintiffs were caused by parties other than Defendants, over whom Defendants had no control, and/or for whom Defendants are not responsible.

## ELEVENTH DEFENSE

Any injuries or damages sustained by Plaintiffs were not caused and/ or proximately caused by any action of Defendants and/or their agents, servants, or employees.

## TWELFTH DEFENSE

Plaintiffs' claims are barred in whole or in part by reason of the economic loss rule.

## THIRTEENTH DEFENSE

Any liability of Defendants must be reduced by the fault of Plaintiffs or other non-parties, presently unknown to Defendants, and Defendants reserves the right to amend this Answer to specify those non-parties whose fault contributed to Plaintiffs' alleged damages.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part and any recovery must be reduced

-17-

or set off by any amounts received by Plaintiffs that compensated them for any alleged loss.

### FIFTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrines of waiver, estoppel, unclean hands, and *in pari delicto*.

### SIXTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part because the Court lacks personal jurisdiction over Defendants.

### SEVENTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part because the Court lacks subject matter jurisdiction over Defendants.

Defendants reserve the right to assert additional affirmative defenses as they become known during discovery.

-18-

Defs.' Answer to the Third Amended Complaint　　　　　　　　　Civ. Action No. C07 0943 WHA

## CERTIFICATE OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

>National Football League Players Association – 100% owner of Class A shares and 79% owner of Class B shares of National Football League Players Incorporated d/b/a Players Inc

>Professional Athletes Foundation – 21% owner of Class B shares of National Football League Players Incorporated d/b/a Players Inc

Date: November 30, 2007　　　　　　　　　　　DEWEY & LEBOEUF LLP

　　　　　　　　　　　　　　　　　　　　　BY: __/s/Jeffrey L. Kessler_____

　　　　　　　　　　　　　　　　　　　　　Jeffrey L. Kessler
　　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendants*

I hereby attest that I have on file all holographic signatures for any signatures indicated by a "conformed" signature (/s/) within this e-filed document.

Date: November 30, 2007　　　　　　　　　　BY: __/s/Joseph R. Wetzel_____

　　　　　　　　　　　　　　　　　　　　　Joseph R. Wetzel
　　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendants*

-19-

Defs.' Answer to the Third Amended Complaint　　　　　　　　　Civ. Action No. C07 0943 WHA