MANATT, PHELPS & PHILLIPS, LLP
RONALD S. KATZ (Bar No. CA 085713)
E-mail: rkatz@manatt.com
RYAN S. HILBERT (California Bar No. 210549)
E-mail: rhilbert@manatt.com
NOEL S. COHEN (California Bar No. 219645)
E-mail: ncohen@manatt.com
1001 Page Mill Road, Building 2
Palo Alto, CA 94304-1006
Telephone: (650) 812-1300
Facsimile: (650) 213-0260

McKOOL SMITH, P.C.
LEWIS T. LECLAIR (Bar No. CA 077136)
E-mail: lleclair@mckoolsmith.com
JILL ADLER (Bar No. CA 150783)
E-mail: jadler@mckoolsmith.com
300 Crescent Court, Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BERNARD PAUL PARRISH, HERBERT ANTHONY ADDERLEY, and WALTER ROBERTS, III on behalf of themselves and all others similarly situated, <br><br> Plaintiffs <br><br> vs. <br><br> NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION, a Virginia corporation, and NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a PLAYERS INC, a Virginia corporation, <br><br> Defendants. | CIVIL ACTION NO. C07 0943 WHA <br><br> **PLAINTIFFS' MISCELLANEOUS ADMINISTRATIVE REQUEST TO RE-SET DATES AND DEADLINES** <br><br> [N.D. LOCAL RULE 7-11] |

Pursuant to Northern District Local Rule 7-11, Plaintiffs Bernard Paul Parrish and Herbert Anthony Adderley, on behalf of themselves and all others similarly situated, (collectively, "Plaintiffs"), hereby respectfully request that the Court re-set certain dates and deadlines at issue in this case.

Plaintiffs make this request because recent motion practice and a stay on discovery have caused certain deadlines in this case, including Plaintiffs' deadline to file their Motion for Class Certification, to pass and the parties have lost time during which to conduct discovery.

Defendants' counsel has met and conferred with Plaintiff's counsel about this issue. As explained below, the parties were able to agree on most of the new deadlines, but were unable to agree on a new deadline for Plaintiffs' Motion for Class Certification. Defendants have indicated that they oppose Plaintiffs' submission and want an opportunity to respond to this motion.

## I. BACKGROUND FACTS

On June 14, 2007, the Court held a Case Management Conference in this matter and issued a Scheduling Order setting forth, among other things, the following dates and deadlines:

| | |
|---|---|
| October 18, 2007: | Last day to file motion for certification |
| December 6, 2007: | Hearing on certification motion |
| May 9, 2008: | Non-expert discovery cut-off |
| May 9, 2008: | Last day to file expert reports |
| May 30, 2008: | Last day to file replies in support of expert reports |
| June 26, 2008: | Last day to file dispositive motions |
| September 8, 2008 @ 2:00 pm: | Final Pretrial Conference |
| September 22, 2008 @ 7:30 am: | Jury trial commences |

Following the Court's Scheduling Order, the parties engaged in motion practice, and Defendants requested, and were granted, a stay on discovery. The stay on discovery was lifted pursuant to the Court's Order dated November 14, 2007, in which it also moved the close of discovery to May 23, 2008. These events caused the deadline for Plaintiffs to file their Motion for Class Certification to pass, and the stay caused the parties to lose time during which to conduct discovery.

In an effort to address these issues, on November 21, 2007, Plaintiffs' counsel sent Defendants' counsel a letter proposing new dates. Provided the parties could agree on such dates, Plaintiff's counsel proposed submitting the new dates to the Court in the form of a Joint Stipulation. A copy of Plaintiffs' November 21, 2007 letter is attached as <u>Exhibit A</u> to the Declaration of Ryan S. Hilbert, filed concurrently herewith.

On November 26, 2007, the parties met and conferred telephonically about Plaintiffs' proposed dates, among other things. During this call, Defendants' counsel proposed numerous changes to the dates offered by Plaintiffs. In an e-mail dated November 27, 2007, Plaintiffs' counsel indicated that Plaintiffs agreed to each of Defendant's proposed dates, except the deadline for Plaintiffs' Motion for Class Certification. The parties subsequently exchanged several lengthy e-mails on this issue, but, as explained below, were unable to agree on a date. Attached as <u>Exhibit B</u> to the Hilbert Declaration is an e-mail string showing the parties' correspondence on this issue, including Plaintiffs' November 27 e-mail. Because the parties had agreed on all but one of the dates, Plaintiffs proposed submitting a Joint Stipulation to the Court that listed all of the agreed-upon dates while giving the Court the option to determine for itself when it wishes to hear Plaintiffs' certification motion. *See* <u>Exhibit B</u> (November 28, 2007 E-Mail from Ryan Hilbert to David Feher). Defendants objected to this request. This motion followed.

## II. PLAINTIFFS REQUEST, AND ASK THAT THE COURT ADOPT, THOSE NEW DEADLINES ON WHICH THE PARTIES AGREE

As explained above, during the parties' call on November 26, Defendants proposed, and Plaintiffs subsequently agreed and now ask that the Court adopt, the following schedule (independent of the deadline for Plaintiffs' Motion for Class Certification, as explained below):

| | |
|---|---|
| <u>May 23, 2008</u>: | Non-expert discovery cut-off (pursuant to the Court's November 14, 2007 Order) |
| <u>May 23, 2008</u>: | Last day to file expert reports |
| <u>June 13, 2008</u>: | Last day to submit expert "opposition reports" |
| <u>June 27, 2008</u>: | Last day to file expert reply reports |
| <u>July 9, 2008</u>: | Close of expert discovery |

| | | |
|---|---|---|
| 1 | <u>July 11, 2008</u>: | Last day to file dispositive motions |
| 2 | <u>September 8, 2008</u> @ 2:00 pm: | Final Pretrial Conference |
| 3 | <u>September 22, 2008</u> @ 7:30 am: | Jury trial commences |

### III. PLAINTIFFS REQUEST, AND ASK THAT THE COURT ADOPT, FEBRUARY 7, 2008 AS THE DEADLINE FOR PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Plaintiffs respectfully request that the Court set the deadline for Plaintiffs' Motion for Class Certification for February 7, 2008, with such motion being heard on a 49-day track (as originally set forth in the Scheduling Order).

Plaintiffs believe this date is consistent with what the Court had in mind during the June 14 CMC, in which it originally set the deadline for September 13, 2007 – i.e., early in the discovery period and well before the close of fact discovery on May 9, 2008. Plaintiffs also believe that it is in both parties', and, more importantly, the Court's interests to have a determination on whether this case can be certified as soon as practicable.

A February 7, 2008 deadline would result in a hearing before the Court on March 27, 2008. Assuming the Court rendered its decision shortly thereafter, the issue of certification could be resolved well before the parties had to engage in expert discovery, thereby possibly conserving resources. It would also give the parties sufficient time to conduct any last-minute discovery, if necessary, thereby relieving some of the pressure of having to do so while dealing with certification.

Defendants have objected to Plaintiffs' proposed deadline on several grounds. Defendants claim that February 7 is untenable because two of the over a dozen attorneys representing Defendants in this case (11 of whom have been admitted pro hac) will be in trial in another case in January 2008. As Plaintiffs informed Defendants, however, with a 49-day track, the deadline for Defendants to file their opposition would be February 28, 2008. This is at least a month after Defendants' counsel's trial (should it even proceed on that date).

Defendants also have objected to Plaintiffs' proposed deadline – and would not even agree to let the Court decide when it would like to hear Plaintiffs' certification motion – on the ground that it somehow impairs Defendants' ability to timely conduct discovery. Defendants' argument

is premised on the fact that Plaintiffs are still waiting for Defendants to produce documents responsive to 20 document requests that were served in June 2007 (at the same time Plaintiffs have completed their production), and that Plaintiffs currently intend to conduct no more than four or five depositions (including depositions of third parties) between now and February 7, 2008. At least three of these depositions had been confirmed with Defendants prior to their request for a stay on discovery.

Defendants also incorrectly believe that Plaintiffs intend to force Defendants to conduct two massive document productions. As Plaintiffs have explained, they simply expect to receive those documents that are long overdue, at which point they will determine whether and which additional documents are necessary. This is very typical in a case such as this.

In response to Defendants' objection, Plaintiffs have informed Defendants that Plaintiffs' certification motion and Defendants' discovery obligations are mutually independent. The parties have already met and conferred about Plaintiffs' discovery concerns and Plaintiffs will be submitting to Defendants a proposal that they believe will reduce the size of Defendants' current document production. It would be imprudent for the parties and the Court to postpone implementing a new scheduling order until the parties are able to resolve their differences on discovery, especially since these differences may not even require judicial intervention.

In response to Plaintiffs' proposal of February 7, 2008, Defendants originally proposed a deadline of May 30, 2008, which is one week after the close of discovery. When Plaintiffs refused, Defendants counter-proposed mid-March, which, in addition to being three and one-half months from today and a mere two months before the close of discovery, would have resulted in a hearing date of May 2, 2008. Plaintiffs informed Defendants that with the close of discovery and the deadline for Plaintiffs to file their expert reports only 3 weeks later on May 23, the parties would have to engage in a significant amount of work at the same time they are dealing with certification. As the party who originally asked for the stay on discovery, Defendants were essentially asking Plaintiffs to face the consequences of their request by agreeing to a compressed schedule on the back end. Though Defendants have since modified their offer to shorten the briefing schedule for Plaintiffs' motion, this still results in a compressed schedule near the close

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

of discovery.

## IV. **CONCLUSION**

For the reasons given above, Plaintiffs respectfully request that the Court adopt the proposed dates set forth herein.

Dated: December 3, 2007          MANATT, PHELPS & PHILLIPS, LLP

By: /s/ Ryan S. Hilbert
Ronald S. Katz (SBN 085713)
Ryan S. Hilbert (SBN 210549)
Noel S. Cohen (SBN 219645)
MANATT, PHELPS & PHILLIPS, LLP
1001 Page Mill Road, Building 2
Palo Alto, CA 94304-1006
Telephone:    (650) 812-1300
Facsimile:     (650) 213-0260
*Attorneys for Plaintiffs*

Lewis T. LeClair, Esq.
Jill Adler, Esq.
McKOOL SMITH, P.C.
300 Crescent Court
Suite 1500
Dallas, TX 75201
214-978-4984
214-978-4044 (fax)