| | |
|---|---|
| 1 | Mark Malin (Bar No. 199757) |
| | *mmalin@dl.com* |
| 2 | DEWEY & LEBOEUF LLP |
| | 1950 University Avenue, Suite 500 |
| 3 | East Palo Alto, CA 94303 |
| | Tel: (650) 845-7000; Fax: (650) 845-7333 |
| 4 | |
| | Jeffrey L. Kessler (*pro hac vice*) |
| 5 | *jkessler@dl.com* |
| | David G. Feher (*pro hac vice*) |
| 6 | *dfeher@dl.com* |
| | Eamon O'Kelly (*pro hac vice*) |
| 7 | *eokelly@dl.com* |
| | DEWEY & LEBOEUF LLP |
| 8 | 1301 Avenue of the Americas |
| | New York, NY 10019 |
| 9 | Tel: (212) 259-8000; Fax: (212) 259-6333 |
| 10 | Kenneth L. Steinthal (*pro hac vice*) |
| | *kenneth.steinthal@weil.com* |
| 11 | Claire E. Goldstein (Bar No. 237979) |
| | *claire.goldstein@weil.com* |
| 12 | WEIL, GOTSHAL & MANGES LLP |
| | 201 Redwood Shores Parkway |
| 13 | Redwood Shores, CA 94065 |
| | Tel: (650) 802-3000; Fax: (650) 802-3100 |
| 14 | |
| | Bruce S. Meyer (*pro hac vice*) |
| 15 | *bruce.meyer@weil.com* |
| | WEIL, GOTSHAL & MANGES LLP |
| 16 | 767 Fifth Avenue |
| | New York, NY 10153 |
| 17 | Tel: (212) 310-8000; Fax: (212) 310-8007 |

Attorneys for Defendants National Football League Players Association and National Football League Players Incorporated d/b/a Players Inc

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| BERNARD PAUL PARRISH, HERBERT ANTHONY ADDERLEY, WALTER ROBERTS III, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION and NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a/ PLAYERS INC, <br><br> Defendants. | Case No. C 07 0943 WHA <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MISCELLANEOUS ADMINISTRATIVE REQUEST TO SET A FEBRUARY 7, 2008 CLASS CERTIFICATION MOTION DEADLINE** |

Defs.' Opp'n to Pls.' Mot. Re: Class Certification Deadline — Civ. Action No. C07 0943 WHA

Dockets.Justia.com

Dewey & LeBoeuf LLP
1950 University Avenue, Suite 500
East Palo Alto, California 94303-2225

Defendants NFLPA and Players Inc respectfully request that the Court deny plaintiffs' administrative request. The proposed pre-trial schedule is the result of negotiations between plaintiffs and defendants that led to agreement on almost every single date. The parties were unable to agree only upon the date by which plaintiffs must file their motion for class certification. The date proposed by plaintiffs – February 7, 2008 – is unreasonable, inconsistent with the schedule the Court previously set for this motion deadline and, for the reasons stated below, should not be adopted.

On June 14, 2007, this Court issued a Case Management Order that set a period of more than four months – i.e., until October 18, 2007 – before the class certification motion deadline. At that time, there was no reason for either the Court or the defendants to expect that plaintiffs would conduct their document production in anything other than the usual manner – i.e., issue an initial comprehensive set of document requests, and then have subsequent productions focus on discrete categories that arise after the initial production. Plaintiffs are now proposing a class certification motion deadline that is a radical departure from the schedule previously set by the Court – after refusing to negotiate over their proposal or to move their proposed deadline even one day – in an obvious attempt to unnecessarily disrupt defendants' business, and sow disorder and impose gratuitous burdens on defendants' discovery responses. Defendants respectfully submit that plaintiffs' unreasonable tactics and proposal should be rejected out of hand, so that plaintiffs are sent a message that the parties should exhaust efforts to reach agreed-upon dates in the schedule before running to the Court, and that efforts such as this to abuse the discovery process and impose unnecessary burdens on opposing parties in discovery will not be tolerated.[1]

---

[1] Defendants' repeated offers at compromise, and plaintiffs' refusal to make <u>any</u> counterproposal, is evident from the e-mails attached as Exhibit B to the Declaration of Ryan Hilbert, submitted by plaintiffs with their motion. The email correspondence evidencing plaintiffs' unilateral cancellation of yesterday's meet and confer, even though defendants

As this Court knows, discovery in this case was stayed for months while the Court dealt with – and dismissed – a series of defective complaints filed by plaintiffs. Plaintiffs finally filed a complaint as to which the Court determined some of the claims should not be dismissed at the outset. In doing so, the Court lifted the stay but kept the September 22, 2008 trial date, and moved the non-expert discovery cut-off date from May 9 to May 23, 2008. The parties then met and conferred as to the various deadlines to be reset consistent with this schedule, and reached agreement on all of these dates except one – the deadline for plaintiffs to file a class certification motion. Plaintiffs' proposal for this date is February 7, 2008, barely two months from now.

In response, defendants have made every effort to reach a reasonable agreed-upon date for the class certification motion deadline. We explained to defendants' counsel that, given the broad scope of the discovery requests the defendants have served and have indicated they plan to serve, a two month period before the class certification deadline would create chaos in this very compressed discovery schedule. This is so because plaintiffs have already issued an extensive document request (which was stayed while the court was in the process of reviewing and dismissing plaintiffs' first three complaints), but plaintiffs have also indicated that they intend to issue <u>additional</u> comprehensive document requests such that the initial document request would comprise only about 60% of the documents plaintiffs seek in this action (including the renewal of several requests seeking broad discovery of defendants' expenditures that this Court has already ruled are wholly irrelevant to plaintiffs' claims). Plaintiffs also indicated that they would <u>not</u> agree to issue their second comprehensive set of document demands in a way that

---

indicated the door was open to discussing further possible ways to resolve this matter on an agreed-upon basis, is submitted herewith as Exhibit A to the Declaration of David Greenspan, dated December 4, 2007.

Defs.' Opp'n to Pls.' Mot. Re: Class Certification Deadline     Civ. Action No. C07 0943 WHA

Dewey & LeBoeuf LLP
1950 University Avenue
East Palo Alto, California 94303-2225

would enable them to be combined with plaintiffs' first set of document demands, the most reasonable way to proceed.[2]

In response to this demand, defendants explained that expecting defendants to make two separate comprehensive document productions on this schedule is unreasonable because defendants' efforts to collect and produce documents in response to the first set of extensive document demands already served were barely underway when the Court dismissed plaintiffs' initial complaints and stayed discovery (defendants understandably focused on producing the discrete categories of documents that the court ordered to be produced during those motions, in addition to the "courtesy" production requested by the plaintiffs at the outset of this action even though defendants were under no obligation to make that production).[3] Moreover, defendants reviewed with plaintiffs that a February 7 class certification deadline date would require defendants to artificially compress the productions into a very short number of weeks during a period when the offices of the NFLPA and Players Inc would ordinarily be closed for the holidays (from December 22 through January 1), and during the period immediately prior to the Super Bowl which is not just a game, but a series of business meetings and activities – with <u>all</u> of defendants' scores of licensees and sponsors – that is the most important time of the year for the licensing business of the NFLPA and Players Inc (including managing over 450 player appearances during these events). Further, defendants noted that both Mr. Kessler and Mr. O'Kelly would be on trial in another case through January, which would further complicate the scheduling difficulties.

---

[2] Defendants would be willing to serve any objections to such combined requests on an expedited basis – e.g., two weeks – so that any disputes regarding the proper scope of the document production can be heard and resolved at the earliest possible time. This is also important because plaintiffs' initial comprehensive document requests were issued on the basis of a complaint that has since been dismissed, and certain of the documents plaintiffs requested may no longer be relevant to the more narrow claims in plaintiffs' Third Amended Complaint that the Court did not dismiss at the outset.

[3] Plaintiffs' assertion that defendants' document production is "long overdue" (Pl. br. at 4) is not an accurate statement.

-3-

Defs.' Opp'n to Pls.' Mot. Re: Class Certification Deadline　　　　Civ. Action No. C07 0943 WHA

In the discussions that followed, defendants initially proposed that the class certification deadline be held until the end of fact discovery, then proposed that the deadline be March 14 with a 49 day track (less than the four month period originally contemplated by the Court), and then proposed that the deadline be March 14 with a 35-day track (to address plaintiffs' expressed concern that the hearing on the motion be as soon as possible in the overall schedule). Defendants' most recent proposal would yield a hearing date of April 18, <u>just three weeks after the hearing date proposed by plaintiffs</u>. Defendants refused to move even one day and, despite defendants repeated statements that we were willing to further discuss the issue and reach an agreed-upon date, defendants made no counterproposal, unilaterally cancelled a meet and confer conference previously scheduled for yesterday, and filed the instant motion last night insisting upon their February 7 date.

Defendants' proposed February 7 date is manifestly unreasonable and wholly inconsistent with this Court's initial scheduling order in this case. There is no dispute that plaintiffs wish to have an early class certification motion deadline date – presumably because they wish to know as soon as possible whether their clients will have class claims, and thus whether this case, as a business proposition, is or is not appealing to plaintiffs' counsel (an interest that is <u>not</u> consistent with conducting this case in a manner in the best interests of any putative class). However, this Court initially set that date to be <u>four months</u> after the commencement of discovery, on the basis that discovery would be conducted in a reasonable manner. Plaintiffs now are seeking a period of <u>half</u> that, barely two months, and have in effect torpedoed the practicability of the schedule by insisting that defendants be forced to compress into the two month period multiple comprehensive document productions, not to mention depositions of defendants and third parties after the documents are produced, with the two

-4-

months slotted with maximum disruption to defendants' business. This is manifestly unreasonable, and obviously designed to harass defendants.

Indeed, defendants know that their date of February 7 follows immediately on the heels of the February 3 Super Bowl (which is not just a football game, but a series of critical business meetings and events) and the January trial that will make Mr. Kessler and Mr. O'Kelly largely unavailable during that period. Thus, now that plaintiffs finally have a complaint that has not been wholly dismissed, and the discovery stay has just been lifted, requiring defendants to undertake <u>two</u> separate comprehensive productions, purely to accommodate plaintiffs' class certification motion deadline, in this two month period – half the time originally ordered by the Court – is inherently unreasonable and would likely create chaos. The fact that plaintiffs have refused to consider moving this date at all – even though defendants repeatedly stated the door is open to reaching a reasonable agreed upon date, and that defendants are willing to consider other proposals from plaintiffs – is especially telling.

Plaintiffs are attempting to abuse the discovery process for no good purpose. Defendants respectfully request that the Court deny plaintiffs' motion, and set a class certification motion deadline date of March 14 with a 35 day track as the deadline for the class certification motion (the schedule offered by defendants to plaintiffs immediately before the motion was filed). This date would result in a three-and-a-half month period before the class certification motion deadline, which is <u>less</u> than the period originally ordered by the Court, and, while tight, is at least marginally practicable. Plaintiffs' proposal is wholly inconsistent with the schedule originally ordered by the Court, and would serve no purpose other than to impose gratuitous burdens on defendants, after plaintiffs have refused to engage in <u>any</u> good faith negotiations over this deadline.

-5-

Defs.' Opp'n to Pls.' Mot. Re: Class Certification Deadline     Civ. Action No. C07 0943 WHA

## **CONCLUSION**

For the reasons stated above, Defendants respectfully request that this Court deny Plaintiffs' motion to set a class certification motion deadline of February 7, 2008 with a 49-day track, and instead set a more reasonable deadline for the motion of March 14, 2008 with a 35-day track.

Date: December 4, 2007                                      Dewey & LeBoeuf LLP

BY:   /s/David G. Feher

David G. Feher
*Attorneys for Defendants*

I hereby attest that I have on file all holographic signatures for any signatures indicated by a "conformed" signature (/S/) within this e-filed document

Date:                                                            BY:   /S/Todd L. Padnos

Todd L. Padnos
*Attorneys for Defendants*

-6-

Defs.' Opp'n to Pls.' Mot. Re: Class Certification Deadline          Civ. Action No. C07 0943 WHA