| | |
|---|---|
| 1 | MANATT, PHELPS & PHILLIPS, LLP |
| | RONALD S. KATZ (Bar No. CA 085713) |
| 2 | E-mail: rkatz@manatt.com |
| | RYAN S. HILBERT (California Bar No. 210549) |
| 3 | E-mail: rhilbert@manatt.com |
| | NOEL S. COHEN (California Bar No. 219645) |
| 4 | E-mail: ncohen@manatt.com |
| | 1001 Page Mill Road, Building 2 |
| 5 | Palo Alto, CA 94304-1006 |
| | Telephone: (650) 812-1300 |
| 6 | Facsimile: (650) 213-0260 |
| 7 | McKOOL SMITH, P.C. |
| | LEWIS T. LECLAIR (Bar No. CA 077136) |
| 8 | E-mail: lleclair@mckoolsmith.com |
| | JILL ADLER NAYLOR (Bar No. CA 150783) |
| 9 | E-mail: jadler@mckoolsmith.com |
| | 300 Crescent Court, Suite 1500 |
| 10 | Dallas, TX 75201 |
| | Telephone: (214) 978-4000 |
| 11 | Facsimile: (214) 978-4044 |
| 12 | Attorneys for Plaintiffs |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BERNARD PAUL PARRISH, and HERBERT ANTHONY ADDERLEY, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs <br><br> vs. <br><br> NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION, a Virginia corporation, and NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a PLAYERS INC, a Virginia corporation, <br><br> Defendants. | CIVIL ACTION NO. C07 0943 WHA <br><br> **DECLARATION OF PHILIP Y. ROWLEY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION** <br><br> Date: April 24, 2008 <br> Time: 8:00 a.m. <br> Place: Courtroom 9, 19th Floor <br> Judge: Hon. William H. Alsup |

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

4249v1

I, Philip Y. Rowley, declare as follows:

1. I have sufficient knowledge of the facts stated herein to make this declaration and, if called upon to do so, I could and would testify competently thereto. I make this declaration in support of the Motion for Class Certification of Plaintiffs Herbert Adderley and Bernard Parrish (collectively, "Plaintiffs") in this matter.

2. I am a senior managing director at LECG. My business address is 2000 Powell Street, Suite 600, Emeryville, California. I have been with LECG since April 2002. Prior to joining LECG, I was a managing director at Peterson Consulting, a unit of Navigant Consulting, Inc., and its predecessor entities since 1986.

3. I have provided expert witness testimony in federal and state courts. A copy of my curriculum vitae and a list of my past testimony both for trials and depositions are attached as **Exhibit A**.

4. I have been asked by counsel for Plaintiffs to assess the amount of damages to which the members of the GLA Class would be entitled (assuming liability has been established). I have reviewed numerous documents produced by Plaintiffs in this matter, including "confidential" and "highly confidential" documents pursuant to the procedure set forth in the protective order regarding disclosure to expert witnesses. I also attended the deposition of Glenn M. Eyrich, Plaintiffs' 30(b)(6) witness on financial and accounting matters. I understand that discovery in this case is ongoing. However, based on my current review of the pleadings and the testimony, and other documents, it is my initial opinion that Plaintiffs can establish a plausible methodology of damages as set forth herein.

5. In my forthcoming expert report, I will show that the calculation for determining the equal share royalty for retired players is very similar to the calculation for determining the equal share royalty for active players.

6. Generally speaking, there are three steps to determining the equal share royalty for retired players. First, I will determine the pool of monies generated in connection with the Defendants' Retired Player Group Licensing Programs. Second, I will determine which active and retired players are entitled to receive a pro-rata share of the monies during a given period, in a

manner that is similar to how Defendants currently determine if an active player is entitled to a portion of the active player revenue pool. (For instance, if an active player is eligible because he is on an active player roster on (i) the first day of the current NFL season, (ii) the last day of the current NFL season or (iii) the last day of the previous NFL season, a retired player would similarly be entitled to receive monies generated in connection with Defendants' group licensing programs if he had a GLA that was in effect on those same dates.) Finally, once the number of eligible active and retired players is ascertained, I will divide the revenues for a particular period equally among all such players. In doing so, I will opine on the impact of any deductions of money from the pool that are found to be inappropriate (e.g., because they result from less-than-arms-length transactions or for other reasons related to best practices in this industry).

I declare under penalty of perjury and the laws of the United States that the foregoing is true and correct and that this declaration was executed on March 13, 2008.

/s/ Philip Y. Rowley
Philip Y. Rowley

*Filer's Attestation: Pursuant to General Order No. 45, Section X(B) regarding signatures, Ronald S. Katz hereby attests that concurrence in the filing of this document has been obtained.*

20198098.1

49v1