| | |
|---|---|
| 1 | Todd Padnos (Bar No. 208202) |
| | *tpadnos@dl.com* |
| 2 | DEWEY & LEBOEUF LLP |
| | One Embarcadero Center, Suite 400 |
| 3 | San Francisco, CA 94111 |
| | Tel: (415) 951-1100; Fax: (415) 951-1180 |
| 4 | |
| | Jeffrey L. Kessler (*pro hac vice*) |
| 5 | *jkessler@dl.com* |
| | David G. Feher (*pro hac vice*) |
| 6 | *dfeher@dl.com* |
| | Eamon O'Kelly (*pro hac vice*) |
| 7 | *eokelly@dl.com* |
| | David Greenspan |
| 8 | *dgreenspan@dl.com* |
| | DEWEY & LEBOEUF LLP |
| 9 | 1301 Avenue of the Americas |
| | New York, NY 10019 |
| 10 | Tel: (212) 259-8000; Fax: (212) 259-6333 |
| 11 | Kenneth L. Steinthal (*pro hac vice*) |
| | *kenneth.steinthal@weil.com* |
| 12 | WEIL, GOTSHAL & MANGES LLP |
| | 201 Redwood Shores Parkway |
| 13 | Redwood Shores, CA 94065 |
| | Tel: (650) 802-3000; Fax: (650) 802-3100 |
| 14 | |
| | Bruce S. Meyer (*pro hac vice*) |
| 15 | *bruce.meyer@weil.com* |
| | WEIL, GOTSHAL & MANGES LLP |
| 16 | 767 Fifth Avenue |
| | New York, NY 10153 |
| 17 | Tel: (212) 310-8000; Fax: (212) 310-8007 |
| 18 | Attorneys for Defendants National Football League Players Association |
| | and National Football League Players Incorporated d/b/a Players Inc |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | | |
|---|---|---|
| 22 | BERNARD PAUL PARRISH, HERBERT ANTHONY ADDERLEY, WALTER ROBERTS III, | Case No. C 07 0943 WHA |
| 23 | | **DEFENDANTS' MISCELLANEOUS ADMINISTRATIVE MOTION TO FILE UNDER SEAL CERTAIN CONFIDENTIAL MATERIALS FILED BY PLAINTIFFS** |
| 24 | Plaintiffs, | |
| 25 | v. | |
| 26 | NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION and NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a/ PLAYERS INC, | |
| 28 | Defendants. | |

Defs.' Misc. Admin. Mot. To File Under Seal Certain Confidential Materials    Civ. Action No. C07 0943 WHA

Dockets.Justia.com

Dewey & LeBoeuf LLP
One Embarcadero Center, Suite 400
San Francisco, CA 94111

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Civil Local Rules 79-5(d) and 7-11, Defendants National Football League Players Association ("NFLPA") and National Football League Players Incorporated ("Players Inc") hereby move the Court to permit certain documents filed by Plaintiffs (Plaintiffs' Motion for Class Certification (the "Motion"), and Exhibits G, I, K-V, X, Z, AA, CC-TT thereto) to be filed under seal.

On March 14, 2008, Plaintiffs made a Miscellaneous Administrative Request To File Certain Confidential Documents Under Seal. In particular, Plaintiffs sought to file under seal unredacted versions of the Motion, and Exhibits G, I, K-V, X, Z, AA, CC-TT, thereto, on the ground that those documents contained material that Defendants had designated "Highly Confidential -- Attorneys Eyes Only" or "Confidential" pursuant to the Protective Order entered by the Court in this action. Plaintiffs publicly filed versions of those documents that redacted the confidential information at issue.

On March 19, 2008, the Court issued a Request for Response Re Motion to Seal asking Defendants to show good cause for sealing the documents identified in Plaintiffs' motion to seal.

Defendants now bring this motion, seeking to have the Motion, Exhibits G, I, K-V, Z, AA, CC-TT thereto, filed under seal.[1] Defendants further request that the redacted versions of those documents (the versions previously filed by Plaintiffs) serve as the publicly available versions of those documents. The "good cause" for this request is set forth below.

## MEMORANDUM

The confidential information and documents that are the subject of this motion are the same types of information and documents that the Court previously found good cause to file under seal. In fact, many of the documents are the <u>same</u> documents that the Court previously found good cause to file under seal.[2] For example, in prior orders this Court has permitted to be

---

[1] Although Plaintiffs sought to have Exhibit X to the Motion filed under seal, Defendants believe that Exhibit X does not raise the same concerns as the other documents discussed herein, and may be publicly filed.

[2] As Defendants set forth in a prior motion, *see* Defendants' Miscellaneous Administrative Motion to File Under Seal Certain Confidential Information Filed by Plaintiffs, Rec. Doc. 185,

Dewey & LeBoeuf LLP
One Embarcadero Center, Suite 400
San Francisco, CA 94111

filed under seal (i) Players Inc's license agreements with Electronic Arts, Inc. ("EA"), (ii) an agreement between the NFLPA and Players Inc (the "NFLPA/Players Inc Agreement"), and amendment thereto, (iii) and deposition testimony of Douglas Allen describing Players Inc's confidential licensing practices with third parties. *See* Order Sealing Confidential Documents (Rec. Doc. 144), October 3, 2007, at 2; Order Granting Defendants' Miscellaneous Administrative Motion to File Under Seal Certain Confidential Information Filed by Plaintiffs (Rec. Doc. 188), November 26, 2007. These same documents are covered by the instant motion, as well as other documents which should be filed under seal because they contain the same type of confidential information.

The documents currently at issue are either identical or similar to these documents that the Court previously permitted to be filed under seal. For example, Exhibits CC-TT are license agreements between Players Inc and various third-party licensees, including EA. Exhibits K, U and V are commercial agreements between the NFLPA and Players Inc. Exhibits G, I and T are excerpts from the deposition testimony of Defendants' employees (or former employees, including Mr. Allen) describing Players Inc's confidential licensing practices. Here, good cause again exists for filing under seal these documents – which are confidential business documents filled with trade secrets – the public disclosure of which would cause substantial harm to both Defendants and to various non-party licensees with which Defendants have entered into certain license agreements.

We are submitting with this motion the supporting declarations of Mr. Gene Upshaw – Executive Director of the NFLPA and Chairman of Players Inc – and Mr. Joel Linzner – a senior executive at EA – that were submitted with Defendants' previous request to file certain

---

November 21, 2007, a court is clearly authorized under Federal Rule of Civil Procedure 26(c) to prevent the disclosure of information, including trade secrets or commercial information, upon a showing of good cause. "Good cause" exists for filing protectable information under seal whenever disclosure would result in specific harm or prejudice to the party to whom the information belongs. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006); *Reilly v. Medianews Group Inc.*, No. C 06-04332 SI, 2007 U.S. Dist. LEXIS 8139, at *11-13 (N.D. Cal. Jan. 24, 2007).

documents under seal. *See* Defendants' Miscellaneous Administrative Motion to File Under Seal Certain Confidential Information Filed by Plaintiffs, Rec. Doc. 185, November 21, 2007. These declarations describe why the documents (or the types of documents) at issue are confidential. The court previously found these declarations to sufficiently support its prior order sealing the same or similar documents.

Although the documents at issue are either the same documents previously filed under seal, or the same types of documents, Defendants, in an abundance of caution, describe below the confidential nature of each of these documents.

### A. Defendants' Third Party License Agreements – Exhibits M – Q, CC – TT

The documents attached to Plaintiffs' Motion as Exhibits M – Q and CC – TT are confidential licensing agreements between Players Inc and various non-party licensees, including Activa, Airplay, Atari, Fanball, Flipp Sports, Fox Interactive Media, GameWear, Inc., Jamdat Mobile Inc., K2 Licensing and Promotions, Little Earth Productions, Inc., MBI, Incorporated, The Merrick Mint, Motion Imaging Inc., MVP Pics USA, LLC, National Direct, USAOpoly, Inc., The Upper Deck Company, The Topps Company, the National Football League and Electronic Arts, Inc. ("EA")[3] (collectively the "License Agreements"). These documents are confidential for the same reasons as the EA Agreement which the Court previously found good cause to file under seal.

Specifically, these agreements are non-public, commercial documents, the terms of which are trade secrets. The confidential terms of these agreements include the specific price terms of the contracts negotiated between the non-party licensees and Players Inc (including the precise amounts and timing of the guaranteed payments and royalties), the specific scope of the

---

[3] This Court has previously found that there is "good cause" for filing under seal Defendants' license agreements with EA. *See* Order Sealing Confidential Documents (Rec. Doc. 144), October 3, 2007, at 2; Order Granting Defendants' Miscellaneous Administrative Motion to File Under Seal Certain Confidential Information Filed by Plaintiffs (Rec. Doc. 188), November 26, 2007.

-3-

Defs.' Misc. Admin. Mot. To File Under Seal Certain Confidential Materials    Civ. Action No. C07 0943 WHA

Dewey & LeBoeuf LLP
One Embarcadero Center, Suite 400
San Francisco, CA 94111

1  rights granted and the services to be rendered under the agreements, the terms and conditions of
2  payment, and the various contingencies and other contractual terms between the parties that
3  Players Inc and the non-party licensees negotiated.

4  Defendants would be seriously harmed if the License Agreements were publicly
5  filed because the terms of those confidential agreements would become publicly available to
6  other licensees and licensors that compete in the marketplace. These third parties are sure to
7  alter their business behavior in negotiations with Defendants if they became aware of the specific
8  pricing and other terms of the License Agreements. This would severely harm the bargaining
9  position of Players Inc and the NFLPA, and cause substantial competitive and commercial injury
10 to Players Inc and the NFLPA. *See* Declaration of Gene Upshaw ¶ 4 (Nov. 21, 2007) ("Upshaw
11 Decl.).

12  Public disclosure of the precise terms of the License Agreements would similarly
13 harm the non-party licensees. As stated in the Declaration of Joel Linzner, the senior executive
14 at EA primarily responsible for negotiations with Players Inc and the NFLPA, the "extremely
15 sensitive confidential business information" contained in the License Agreements between
16 Players Inc and EA, for example, "is not a matter of public record, and would cause substantial
17 competitive injury to EA if it were publicly disclosed." Declaration of Joel Linzner ¶ 3 (Nov. 21,
18 2007). Mr. Linzner further attested that "public disclosure of this information would harm
19 competition by divulging to EA's and Players Inc's competitors the confidential price and other
20 terms that EA and Players Inc negotiated in these contracts. The harm to EA and others from
21 public disclosure of these documents would be severe and immediate." Id. The same harm
22 would result to any other non-party licensee with whom Defendants have a License Agreement.

23  For all of these reasons, there is more than sufficient good cause for filing the License
24 Agreements under seal.[4]

---

[4] *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 n.4 (documents containing "trade secrets, financial information, and confidential information about third parties" satisfy the "good cause" standard) (9th Cir. 2003); *Johnson Controls, Inc. v. Phoenix Control Sys., Inc.*, 886 F.2d 1173, 1176 (9th Cir. 1989) (protecting by seal information containing a party's trade secrets); *Reilly*, 2007 U.S. Dist. LEXIS 8139 at *14 (filing under seal information that might

-4-

### B. Commercial Agreements Between the NFLPA and Players Inc – Exhibits K, U and V

The document attached to Plaintiffs' Motion as Exhibit K is an agreement between Players Inc and the NFLPA ("Players Inc/NFLPA Agreement") concerning various business matters including an NFLPA grant of rights to Players Inc in connection with Players Inc's licensing activities. The document attached to Plaintiffs' Motion as Exhibit U is the predecessor agreement to the Players Inc/NFLPA Agreement and also contains various business matters relating to Players Inc's licensing activities. The document attached to Plaintiffs' Motion as Exhibit V is an amendment to the Players Inc/NFLPA Agreement ("Amendment") regarding a redistribution of certain funds under the Players Inc/NFLPA Agreement.[5]

These documents are confidential commercial agreements between Players Inc and the NFLPA regarding the business arrangements of these companies. The terms of these agreements include descriptions of revenue amounts received by Defendants pursuant to their licensing agreements with certain licensees, as well as the method by which such revenue is distributed. The Players Inc/NFLPA Agreement also describes the distribution of revenue received from third parties, such as NFL Properties, Inc., and certain trading card companies.

The specific terms of these commercial agreements have not been made public and constitute trade secrets regarding the operation of Defendants' licensing businesses. Public disclosure of these agreements would reveal to Defendants' competitors, counter-contracting parties, and potential counter-contracting parties detailed financial information relating to the operations of Defendants' licensing businesses and contractual arrangements with third parties. Such information could cause these entities to change their business behavior to Defendants'

---

allow competitors to anticipate future actions taken by defendants or that might help the bargaining position of companies that negotiate with defendants).

[5] This Court has previously found that there is "good cause" for filing under seal the NFLPA/Players Inc Agreement and Amendment. *See* Order Sealing Confidential Documents (Rec. Doc. 144), October 3, 2007, at 2; Order Granting Defendants' Miscellaneous Administrative Motion to File Under Seal Certain Confidential Information Filed by Plaintiffs (Rec. Doc. 188), November 26, 2007.

-5-

Defs.' Misc. Admin. Mot. To File Under Seal Certain Confidential Materials   Civ. Action No. C07 0943 WHA

commercial disadvantage. Upshaw Decl., at ¶¶ 7-8. Accordingly, there is good cause to file the Players Inc/NFLPA Agreement, its predecessor agreement and its Amendment under seal.[6]

### C. Defendants' Admissions Referencing Confidential Information – Exhibit L

The document attached to Plaintiffs' Motion as Exhibit L is Defendants' Responses and Objections to Plaintiffs' First Set of Requests for Admissions ("RFAs"). The RFAs contain the confidential, commercial information described above, including:

- Descriptions and explanations of the terms of the Players Inc's license agreements with non-party licensees;

- Explanations of terms of the Players Inc/NFLPA Agreement, and descriptions and explanations of such terms; and

- Descriptions and explanations of Players Inc's internal business practices with respect to retired player licensing.

Thus, for the reasons stated above there is good reason to file Exhibit L under seal.

### D. Information Regarding Retired Player GLAs – Exhibits S, Z, and AA

The document attached to Plaintiffs' Motion as Exhibit S is a Group Licensing Authorization ("GLA") agreed to by a specific retired player who is not a party to this case. The document attached to Plaintiffs' Motion as Exhibit Z is Defendants' Responses and Objections to Plaintiffs' First Set of Interrogatories, which includes a 69-page index of the names of retired players with whom Players Inc has entered into GLAs, as well as the dates for which those GLAs are effective. Similarly, Exhibit AA is a 178-page index of the names of certain retired players

---

[6] *See Cal. Serv. Employees Health & Welfare Trust Fund v. Advance Bldg. Maint.*, No. C06-3078 CW (BZ), 2007 WL 2669823, at *1-2 (N.D. Cal. Sept. 7, 2007) (protecting information relating to defendant's accounts receivables and outgoing payments as trade secrets that could provide its competitors advantages in the marketplace); *Navarro v. Eskanos & Adler, et al.*, No. C-06-02231 WHA (EDL), 2007 U.S. Dist. LEXIS 24864, at *16-17 (N.D. Cal. March 22, 2007) (protecting information that reveals the ways in which a party runs its business and thereby maintains its competitive advantage); *Reilly*, 2007 U.S. Dist. LEXIS 8139 at *14 (filing under seal information regarding financial information, including past and present revenues because it might affect future business dealings).

-6-

who paid dues at various times to the NFLPA, but who did not at those same times have signed GLAs.

Information with respect to whether and with whom Defendants have entered into GLAs is confidential commercial information of the same kind discussed in Mr. Upshaw's declaration that Defendants have not made public. Thus, for the same reasons stated above, public disclose of this information would cause commercial harm to Defendants and there is good cause for filing these documents under seal.

### E. Deposition Testimony – Exhibit G

The documents attached to Plaintiffs' Motion as Exhibits G, I and T contain excerpts of the deposition testimony given in this action by Gene Upshaw (Executive Director of the NFLPA and Chairman of Players Inc), Douglas Allen (former President of Players Inc) and Glenn Eyrich (Defendants' 30(b)(6) designee and accountant), respectively.

These excerpts include testimony describing the confidential, commercial information described above. For example:

- Descriptions and explanations of the terms of Players Inc's license agreements with EA;

- Verbatim recitations of terms of the Players Inc/NFLPA Agreement, and descriptions and explanations of such terms; and

- Descriptions and explanations of Players Inc's internal business practices with respect to retired player licensing.

- Descriptions and explanations of Players Inc's internal accounting practices with respect to active and retired and player licensing.

Thus, for the same reasons stated above, public disclosure of this deposition testimony would cause competitive and commercial harm to Defendants and to non-party licensees, and there is good cause for filing Exhibits G, I and T under seal. Upshaw Decl. at ¶ 9.

### F. Declaration of Andrew Feffer – Exhibit R

The document attached to Plaintiffs' Motion as Exhibit R is the Declaration of Andrew Feffer, Executive Vice President and Chief Operating Officer of Players Inc. Mr.

Defs.' Misc. Admin. Mot. To File Under Seal Certain Confidential Materials   Civ. Action No. C07 0943 WHA

Feffer's declaration contains the same type of confidential, commercial information described above including:

- Descriptions and explanations of both the financial and non-financial terms of Players Inc's license agreements with EA, as well as the agreements themselves; and

- Descriptions and explanations of both the financial and non-financial terms of Players Inc's license agreement with the NFL, as well as the agreement itself.

Thus, for the same reasons stated above, public disclosure of Mr. Feffer's declaration would cause competitive and commercial harm to Defendants and non-party licensees, and there is good cause for filing Exhibit R under seal.

### G. An Unredacted Version of Plaintiffs' Motion

Plaintiffs' Motion contains much of the very same confidential information described above, including extensive quotations and descriptions of the License Agreements, the Players Inc/NFLPA Agreement and Amendment thereto, and the deposition testimony of Messrs. Allen and Eyrich. Public disclosure of an unredacted version of the Motion would therefore cause competitive and commercial harm to both Defendants and to its non-party licensees. Accordingly, there is good cause to file the Motion under seal, and for only Plaintiffs' redacted version to be made publicly available.

### H. Compliance with Local Rule 7-11

Given the volume of the documents at issue and their significance, Defendants submit that good cause exists for permitting them to file a motion in excess of five pages. Defendants' counsel undertook reasonable efforts to obtain a stipulation of the nature referenced in Rule 7-11; however, Defendants' counsel was unable to reach Plaintiffs' counsel prior to the filing of this motion. *See* Declaration of Molly M. Donovan ¶¶ 2-4. Nonetheless, Plaintiffs have previously stipulated that these documents should be filed under seal by virtue of their prior motion seeking such relief from the Court. *Id*. ¶ 6.

## **CONCLUSION**

For the reasons stated above, Defendants respectfully request that this Court grant this Motion To File Under Seal Certain Confidential Materials Filed By Plaintiffs and enter Defendants' proposed order submitted contemporaneously herewith.

Date: March 20, 2008                                                      Dewey & LeBoeuf LLP

BY: ___/s/David G. Feher_____
David G. Feher
*Attorneys for Defendants*

Defs.' Misc. Admin. Mot. To File Under Seal Certain Confidential Materials      Civ. Action No. C07 0943 WHA