Todd Padnos (Bar No. 208202)
*tpadnos@dl.com*
DEWEY & LEBOEUF LLP
One Embarcadero Center, Suite 400
San Francisco, CA 94111
Tel: (415) 951-1100; Fax: (415) 951-1180

Jeffrey L. Kessler (*pro hac vice*)
*jkessler@dl.com*
David G. Feher (*pro hac vice*)
*dfeher@dl.com*
David Greenspan (*pro hac vice*)
*dgreenspan@dl.com*
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, NY 10019
Tel: (212) 259-8000; Fax: (212) 259-6333

Kenneth L. Steinthal (*pro hac vice*)
*kenneth.steinthal@weil.com*
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Tel: (650) 802-3000; Fax: (650) 802-3100

Bruce S. Meyer (*pro hac vice*)
*bruce.meyer@weil.com*
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000; Fax: (212) 310-8007

Attorneys for Defendants National Football League Players Association
and National Football League Players Incorporated d/b/a Players Inc

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION**

| | |
|---|---|
| BERNARD PAUL PARRISH, HERBERT ANTHONY ADDERLEY, WALTER ROBERTS III,<br><br>    Plaintiffs,<br><br>v.<br><br>NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION and NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a/ PLAYERS INC.<br><br>    Defendants. | Case No. C 07 00943 WHA<br><br>**DEFENDANTS' MOTION TO STRIKE THE DECLARATION OF MARVIN MILLER FILED IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

---

Defs.' Motion to Strike the Decl. of Marvin Miller              Civ. Action No. C07 0943 WHA

Defendants ask the Court to strike from the record, Plaintiffs' proffer of the Declaration of Marvin Miller (the "Miller Declaration") filed in support of Plaintiffs' Motion for Class Certification (the "Motion" or "Mot."), filed by Plaintiffs on March 14, 2008.

## BACKGROUND

In support of their Motion for Class Certification, Plaintiffs proffer the declaration of Marvin Miller, the former Executive Director of the Major League Baseball Players Association ("MLBPA"), who has been retired from that position for 25 years. Miller Decl. ¶ 2. As Executive Director, Miller did nothing with respect to retired player licensing and, in fact, did not even permit retired baseball players to join the MLBPA. Id. at ¶ 8.

Apart from Miller's biographical information, his declaration states – in the most conclusory fashion and without any methodology – only the following:

- Miller "ha[s] always believed, and continue[s] to believe" that "all members of sports union must be treated equally because solidarity is a pre-eminent union value." Miller Decl. ¶ 8.

- "In my opinion, professional sports unions that include both active and retired players have a duty to treat all members equally and may not favor one group of members over another group of members." Id.

- After reciting how, as Executive Director of the MLBPA, he decided that retired baseball players would not be solicited to join nor permitted to join the MLBPA or to engage in MLBPA licensing activities, Miller Decl. ¶¶ 8, 10, Miller concludes that in his opinion it was incumbent upon the NFLPA in this case to treat all of the participants in its group licensing program equally. Miller Decl. ¶ 10.

Further, the Miller Declaration says nothing with respect to the Fed. R. Civ. Proc. 23 class certification requirements. Tellingly, in their Motion, Plaintiffs rely on the Miller Declaration – not in support of any argument for class certification – but only in support of the underlying merits of the putative class claims, i.e., whether Defendants' conduct constitutes a breach of fiduciary. See Mot. at 4. In fact, the specific portions of the declaration cited by Plaintiffs in their Motion speak solely to the NFLPA's purported duties toward retired players, and whether those duties were breached. Miller Decl. ¶ 8 ("In my opinion, professional sports unions … have a duty to treat all members equally…."); ¶ 10 ("In my opinion, once the NFLPA

invited retired players to participate in its group licensing program … it was incumbent upon the NFLPA to treat all of the participants … equally ….") (emphasis added).

## ARGUMENT

There are five reasons why Plaintiffs' proffer of the purported "expert" declaration of Marvin Miller in support of their Motion for Class Certification ("Plaintiffs' Motion" or "Mot.") is improper and should be stricken.[1]

First, it is axiomatic that courts will consider expert testimony in the class certification context only if that testimony is probative of whether class certification requirements have been met. Kurihara v. Best Buy Co., 2007 WL 2501698, at *5 (N.D. Cal. Aug. 30, 2007); Dukes v. Wal-Mart, Inc., 222 F.R.D. 189, 191 (N.D. Cal. 2004). On its face, the Miller Declaration has nothing at all to do with the requirements for class certification under Rule 23 (e.g., numerosity, commonality, predominance and typicality). The declaration must therefore be stricken. See McPhail v. First Command Financial Planning, Inc., 247 F.R.D. 598, 604 (S.D. Cal. 2007) ("the Court must ensure that the basis of the expert opinion is not so flawed that it would be inadmissible as a matter of law. Where an expert report amounts to written advocacy…akin to a supplemental brief, a motion to strike is appropriate because this evidence is not useful in evaluating whether class certification requirements have been met.").

Second, Miller's declaration should be rejected for the additional reason that it is unreliable expert testimony in contravention of Fed. R. Evid. 702, which requires the opinion of an expert witness to be based on "sufficient facts or data" and "reliable principles and methods."[2]

---

[1] For purposes of this motion, Defendants assume that Mr. Miller's testimony is proffered as expert, rather than lay, testimony. Mot. at 4 (Miller is the "foremost expert in sports unions…"). As set forth below, however, the Miller Declaration is improper regardless of whether it is characterized as expert or lay testimony.

[2] Rule 702 also requires an expert witness to be qualified by "knowledge, skill, experience, training, or education." Here, Mr. Miller has not claimed to be, and is not, an expert in any factor relevant to this Court's Rule 23 analysis. Moreover, Mr. Miller does not even purport to be an expert on anything having to do with the merits of this case, i.e., retired player licensing. In fact, he states that as Executive Director of the MLBPA he did not allow retired players into the MLBPA licensing program. Similarly, based on his experience as head of the baseball union over 25 years ago, he certainly is not an expert in the market for the licensing rights of retired or active NFL football players in today's marketplace. Miller is thus not qualified to provide expert testimony under F.R.E. 702.

In the class certification context, Rule 702's reliability requirement as set forth in Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993), serves as a "guidepost" in the court's determination of whether expert testimony is sufficiently reliable. If "the basis of expert opinion is…so flawed that it would be inadmissible as a matter of law, then it should not be considered in determining whether the requirements for class certification have been met." Kurihara, 2007 WL 2501698, at *5. Indeed, expert testimony should be rejected outright where the "proposed methods [used by the expert] are so insubstantial as to amount to no method at all." In re Potash Antitrust Litig., 159 F.R.D. 682, 697 (D. Minn. 1995). Here, Miller's declaration should be rejected out of hand because it proposes no methodology at all. This fact is underscored by Miller's concession that he has no experience (let alone technical or specialized knowledge) with respect to the licensing of active or retired NFL players in today's marketplace.[3]

    Third, Miller's Declaration is also inadmissible because it opines on how the law should be applied to the ultimate facts at issue without any expert value added. Indeed, the thrust of Miller's declaration is that if Plaintiffs' factual allegations are true, then Defendants have breached their purported fiduciary duties to the putative class members. This conclusory opinion impermissibly invades the province of the fact-finder and thus must be stricken. See, e.g., Fed. R. Evid. 702 advisory committee's note (recognizing that in certain cases an "expert on the stand may give a dissertation or exposition of scientific or other principles relevant to the case, leaving the trier of fact to apply them to the facts."); Fed. R. Evid. 704 advisory committee's note ("[u]nder Rules 701 and 702, opinions must be helpful to the trier of fact…These provisions afford ample assurances against the admission of opinions which would merely tell the jury what result to reach…"); Sims v. Great Am. Life Ins. Co., 469 F.3d 870, 889 (10th Cir. 2006) ("[a]lthough any witness may offer an opinion as to an ultimate issue to be decided by a jury, this opinion should not unduly invade the province of the jury when the assistance of the witness is unnecessary.").

---

[3] Miller Decl. ¶ 8 (as a union leader, Miller did not even allow retired players to participate in the MLBPA's licensing program).

-3-

Dewey & LeBoeuf LLP
One Embarcadero Center, Suit 400
San Francisco, California 94111

Dewey & LeBoeuf LLP
One Embarcadero Center, Suit 400
San Francisco, California 94111

Fourth, Miller's declaration must be rejected for yet another reason – it is, at most, an inadmissible legal opinion about (i) whether the NFLPA owed any duty to the putative class members, Miller Decl. ¶ 8, and (ii) whether the NFLPA's conduct constitutes a breach of that purported duty. Miller Decl. ¶ 10. Miller, of course, does not purport to be an expert on the law, and even if he were, his legal testimony nevertheless would be improper. Fed. R. Evid. 702; Crow Tribe of Indians v. Racicot, 87 F.3d 1039, 1045 (9th Cir. 1996) (expert testimony is not proper on issues of law since the role of experts is to interpret and analyze factual evidence); Aguilar v. Int'l Lounshoremen's Union Local No. 10, 966 F.2d 443, 447 (9th Cir. 1992) (matters of law are "inappropriate subjects for expert testimony").

Fifth, because the Miller Declaration does not provide relevant, reliable or qualified expert testimony (as set forth above), it is nothing more than lay opinion testimony, which the court should reject as procedurally deficient, and otherwise inadmissible.[4] See Civil L.R. 7–5(b) ("[a]n affidavit or declaration [not relevant to the motion at issue] may contain only facts, must conform as much as possible to the requirements of Fed. R. Civ. P. 56(e), and must avoid conclusions and argument.") (emphasis added); see also EEOC v. Lexus of Serramonte, 2006 U.S. Dist. LEXIS 67895, at *13–17 (N.D. Cal. Sept. 12, 2006) (سustaining objections to portions of a declaration that contained argument, opinions, conclusions, statements irrelevant to the motion at issue, and statements that lacked a foundation of personal knowledge); ABM Indus., Inc. v. Zurich Am. Ins. Co., 2006 U.S. Dist. LEXIS 67884, at *27 (N.D. Cal. Sept. 11, 2006) (striking a statement implying the existence of "legal duties" as a legal conclusion proffered in violation of Civil L.R. 7–5(b)); Brae Asset Funding, L.P. v. Applied Fin., LLC, 2006 U.S. Dist. LEXIS 60855, at *16–17 (N.D. Cal. Aug. 14, 2006) (striking a declaration because, among other reasons, it was "full of legal argument and conclusions" in violation of Civil L.R. 7–5(b)). Moreover, Fed. R. Evid. 701 forbids the use of lay opinion testimony unless it is "rationally based on the perception of the witness" and "helpful to a clear understanding of the

---

[4] Miller Decl. ¶ 8 ("In my opinion, professional sports unions … have a duty to treat all members equally…."); ¶ 10 ("In my opinion, once the NFLPA invited retired players to participate in its group licensing program … it was incumbent upon the NFLPA to treat all of the participants … equally ….") (emphases added).

witness' testimony or the determination of a fact in issue." Miller's testimony is neither – he has no personal knowledge of any fact at issue, and his testimony does nothing to help resolve any factual dispute.

## CONCLUSION

Based on the foregoing, Defendants respectfully request that this Court strike the irrelevant, unqualified, unreliable and improper Miller Declaration in its entirety.

Date: March 28, 2008                               WEIL, GOTSHAL & MANGES LLP

BY: \_\_/s/ Bruce S. Meyer\_\_
  Bruce S. Meyer
  *Attorneys for Defendants*

Dewey & LeBoeuf LLP
One Embarcadero Center, Suit 400
San Francisco, California 94111