1  Todd Padnos (Bar No. 208202)
   *tpadnos@dl.com*
2  DEWEY & LEBOEUF LLP
   One Embarcadero Center, Suite 400
3  San Francisco, CA 94111
   Tel: (415) 951-1100; Fax: (415) 951-1180
4
   Jeffrey L. Kessler (*pro hac vice*)
5  *jkessler@dl.com*
   David G. Feher (*pro hac vice*)
6  *dfeher@dl.com*
   David Greenspan (*pro hac vice*)
7  *dgreenspan@dl.com*
   DEWEY & LEBOEUF LLP
8  1301 Avenue of the Americas
   New York, NY 10019
9  Tel: (212) 259-8000; Fax: (212) 259-6333

10 Kenneth L. Steinthal (*pro hac vice*)
   *kenneth.steinthal@weil.com*
11 WEIL, GOTSHAL & MANGES LLP
   201 Redwood Shores Parkway
12 Redwood Shores, CA 94065
   Tel: (650) 802-3000; Fax: (650) 802-3100
13
   Bruce S. Meyer (*pro hac vice*)
14 *bruce.meyer@weil.com*
   WEIL, GOTSHAL & MANGES LLP
15 767 Fifth Avenue
   New York, NY 10153
16 Tel: (212) 310-8000; Fax: (212) 310-8007

17 Attorneys for Defendants National Football League Players Association
   and National Football League Players Incorporated d/b/a Players Inc

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| BERNARD PAUL PARRISH, HERBERT ANTHONY ADDERLEY, WALTER ROBERTS III,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION and NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a/ PLAYERS INC,<br><br>Defendants. | Case No. C 07 0943 WHA<br><br>**DEFENDANTS' MISCELLANEOUS ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

Defs.' Misc. Admin. Mot. To File Under Seal — Civ. Action No. C07 0943 WHA

Dockets.Justia.com

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Civil Local Rules 79-5(d) and 7-11, Defendants National Football League Players Association ("NFLPA") and National Football League Players Incorporated ("Players Inc") hereby request to file under seal Defendants' Opposition to Plaintiffs' Motion for Class Certification and Exhibits 1, 4, 5, 7-10, 13, 14, 16, 21-23, 26, 29, 32, 33, 35-47, and 50-52 to the Declaration of David Greenspan in Support of Defendants' Opposition to Plaintiffs' Motion for Class Certification ("Greenspan Declaration"). These Exhibits include documents designated by Defendants, Plaintiffs, and Retired Professional Football Players for Justice ("RPFPJ") (a third party formed by Plaintiffs and represented by Plaintiffs' counsel) as "Confidential" or "Highly Confidential -- Attorneys' Eyes Only." Defendants further request that the redacted version of Defendants' Opposition to Plaintiffs' Motion for Class Certification serve as the publicly available version of that document. The "good cause" for this Motion with respect to Defendants' confidential documents is set forth below.

Defendants submit that this Motion is narrowly tailored to respect the parties' confidentiality designations under the Protective Order in this action.

Pursuant to Civil L.R. 7-12, counsel for Defendants attempted to meet and confer with counsel for Plaintiffs regarding Defendants' Miscellaneous Administrative Motion to File Under Seal. Counsel for Plaintiffs would not stipulate to the filing of documents under seal solely on the basis that they had not yet reviewed the documents to be so filed (which is not possible until Defendants' submission is completed and the filing is made).[1] Finally, given the number and significance of the documents at issue, Defendants submit that good cause exists for permitting Defendants to file a motion in excess of five pages.

---

[1] See Exhibit A to the Declaration of Roy Taub filed concurrently herewith ("Because we have not seen the specific documents and/or testimony Defendants intend to file under seal, we cannot blindly stipulate to Defendants' Request nor can we unequivocally state that we will not oppose such a Request.").

# MEMORANDUM

Pursuant to Civil L.R. 79-5, Defendants proffer the following showing of good cause in support of their request to file under seal.

### A. Documents Produced by or Designated by Plaintiffs or RPFPJ – Exhibits 1, 10, 13, 14, 16, 21-23, 26, 29, 32, 33, 35

The documents attached to the Greenspan Declaration as Exhibits 1, 10, 13, 14, 16, 21-23, 26, 29, 32, 33, and 35 are documents produced or deposition transcript excerpts designated as confidential by Plaintiffs or Retired Professional Football Players for Justice ("RPFPJ") in this action. Pursuant to their obligations under the Protective Order issued by the Court, Defendants request the Court to file these documents and deposition transcript excerpts under seal because they either have been designated by Plaintiffs or RPFPJ as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" or because Plaintiffs r RPFPJ requested Defendants to treat them as if they had been so designated. See Stipulated Protective Order at § 10 (July 26, 2007) (approved by the Court subject to stated conditions on July 30, 2007).[2] Defendants presume that based on these designations, Plaintiffs and RPFPJ will make a showing to the Court as to why these documents and deposition transcript excerpts should be filed under seal, as Defendants have done in this action with the documents they designated.

### B. Documents Produced by or Designated by Defendants

#### 1. Documents Regarding Defendants' Licensing Practices with Third Party Licensees – Exhibits 4, 7, 51, 52

The documents attached to the Greenspan Declaration as Exhibits 4 and 7 are declarations submitted by Joel Linzner, the Executive Vice President of Business and Legal Affairs of Electronic Arts Inc. ("EA"), and Warren Friss, Vice President and Entertainment General Manager of Topps Company, Inc. ("Topps"), respectively, in connection with Defendants' Opposition to Plaintiffs' Motion for Leave to File a Third Amended Complaint.

---

[2] Section 5.2(b) of the Protective Order issued by the Court provides that the party presenting the testimony of a witness has the "right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted." Defendants thus are treating Exhibit 10, excerpts from Parrish's deposition, which took place on March 13, 2008, fewer than 20 days ago, as confidential.

-2-

Defs.' Misc. Admin. Mot. To File Under SealCiv. Action No. C07 0943 WHA

**Dewey & LeBoeuf LLP**
One Embarcadero Center, Suite 400
San Francisco, CA 94111

| | |
|---|---|
| 1 | The documents attached to the Greenspan Declaration as Exhibits 51 and 52 are e-mail |
| 2 | communications produced by EA and Players Inc, respectively, regarding the execution of a |
| 3 | licensing agreement with EA in December 2004 (the "EA License Agreement"), and include |
| 4 | discussions of the terms of the then-proposed EA License Agreement as well draft versions of |
| 5 | the EA License Agreement.  These documents are confidential for the same reasons that the |
| 6 | Court previously found good cause to file these documents and similar documents relating to |
| 7 | Defendants' licensing business under seal.  <u>See</u> Order Sealing Confidential Documents (Rec. |
| 8 | Doc. 144) (Oct. 3, 2007); Order Granting Motion to File Documents Under Seal (Rec. Doc. 159) |
| 9 | (Oct. 15, 2007); Order Granting Defendants' Miscellaneous Administrative Motion to File Under |
| 10 | Seal Certain Confidential Information Filed by Plaintiffs (Rec. Doc. 188) (Nov. 26, 2007); |
| 11 | Declaration of Gene Upshaw ¶¶ 7-8 (Rec. Doc. 187) (Nov. 21, 2007) ("Upshaw Decl."). |
| 12 |         Specifically, Exhibits 51 and 52 are non-public, commercial documents, the terms |
| 13 | of which are trade secrets.  The confidential terms contained in these documents include the |
| 14 | specific price terms of the contract negotiated between EA and Players Inc (including the precise |
| 15 | amounts and timing of the guaranteed payments and royalties), the specific scope of the rights |
| 16 | granted and the services to be rendered under the agreements, the terms and conditions of |
| 17 | payment, and the various contingencies and other contractual terms between the parties that |
| 18 | Players Inc and EA negotiated.  Exhibits 4 and 7 should be filed under seal because they contain |
| 19 | such commercially and competitively sensitive business information related to Defendants' and |
| 20 | third-party licensees EA's and Topps's licensing business, including the terms of confidential |
| 21 | agreements. |
| 22 |         Defendants would be seriously harmed if these documents were publicly filed |
| 23 | because the terms of those confidential agreements would become publicly available to other |
| 24 | licensees and licensors that compete in the marketplace.  These third parties are sure to alter their |
| 25 | business behavior in negotiations with Defendants if they became aware of the specific pricing |
| 26 | and other terms of Defendants' license agreements with EA and/or Topps.  This would severely |
| 27 | harm Defendants' bargaining positions, and cause substantial competitive and commercial injury |
| 28 | to Defendants.  <u>See</u> Upshaw Decl. ¶ 4. |

-3-

Defs.' Misc. Admin. Mot. To File Under Seal         Civ. Action No. C07 0943 WHA

Dewey & LeBoeuf LLP
One Embarcadero Center, Suite 400
San Francisco, CA 94111

Public disclosure of the terms of Defendants' license agreements with EA and Topps would similarly harm EA and Topps. As to EA, as stated in the Declaration of Joel Linzner, the senior executive at EA primarily responsible for negotiations with Players Inc and the NFLPA, the "extremely sensitive confidential business information" contained in the license agreements between Players Inc and EA, for example, "is not a matter of public record, and would cause substantial competitive injury to EA if it were publicly disclosed." Declaration of Joel Linzner ¶ 3 (Rec. Doc. 186) (Nov. 21, 2007). Mr. Linzner further attested that "public disclosure of this information would harm competition by divulging to EA's and Players Inc's competitors the confidential price and other terms that EA and Players Inc negotiated in these contracts. The harm to EA and others from public disclosure of these documents would be severe and immediate." Id. The same reasoning applies to the information related to Topps in Exhibit 7.

For all of these reasons, there is more than sufficient good cause for filing Exhibits 4, 7, 51, and 52 under seal.[3]

### 2. Information Regarding the Terms of Licensing of Retired Players – Exhibits 36 - 47

The documents attached to the Greenspan Declaration as Exhibits 36 - 47 contain information regarding the terms of licensing of retired players. Exhibits 36 - 47 are reports of licensing payments to retired players Archie Manning, Roger Craig, Randall Cunningham, and William Perry and contain information summarizing the terms of licensing or marketing agreements, such as the amounts paid to the players, the amounts (if any) paid to Players Inc, and details of the licensing activity. Exhibits 36 - 47 are agreements between Players Inc and Campbell-Ewald on behalf of General Motors Corp/Chevrolet to use the likenesses of Lynn Swan, Walter Payton, and Otis Taylor for the same marketing program.

---

[3] See Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1131 n.4 (9th Cir. 2003) (documents containing "trade secrets, financial information, and confidential information about third parties" satisfy the "good cause" standard); Johnson Controls, Inc. v. Phoenix Control Sys., Inc., 886 F.2d 1173, 1176 (9th Cir. 1989) (protecting by seal information containing a party's trade secrets); Reilly, 2007 U.S. Dist. LEXIS 8139 at *14 (filing under seal information that might allow competitors to anticipate future actions taken by defendants or that might help the bargaining position of companies that negotiate with defendants).

-4-

As with the documents regarding Defendants' licensing practices with third party licensees, see supra, Exhibits 36 - 47 are non-public, commercial documents and contain confidential information and trade secrets, public disclosure of which would seriously harm Defendants and their non-party licensees. See Upshaw Decl. ¶ 4. For all of these reasons, there is more than sufficient good cause for filing these documents under seal.

### 3. Retired Player GLA – Exhibit 50

The document attached the Greenspan Declaration as Exhibit 50 is a GLA agreed to by a specific retired player who is not a party to this case. Information with respect to whether and with whom Defendants have entered into GLAs is confidential commercial information of the same kind discussed in Mr. Upshaw's declaration that Defendants have not made public. Thus, for the same reasons stated above, public disclosure of this information would cause commercial harm to Defendants and, as this Court has previously found, there is good cause for filing this document under seal.

### 4. Excerpts of Deposition Transcripts -- Exhibits 5, 8, 9

The documents attached to the Declaration of David Greenspan as Exhibits 5, 8, and 9 are excerpts of deposition testimony given in this action that have been designated "Confidential" or "Highly Confidential - Attorneys' Eyes Only" by Defendants.

Defendants request to file these deposition transcript excerpts under seal because they contain testimony describing the confidential, commercial information described above, including, for example:

- Descriptions and explanations of the terms of Players Inc's license agreements with EA;
- Verbatim recitations of terms of the Players Inc/NFLPA Agreement, and descriptions and explanations of such terms; and
- Descriptions and explanations of Players Inc's internal business practices with respect to retired player licensing.

Thus, for the same reasons stated above, public disclosure of this deposition testimony would cause competitive and commercial harm to Defendants and to non-party

-5-

licensees, such as EA, and there is good cause for filing Exhibits 5, 8, and 9 under seal. See Upshaw Decl. ¶ 9.

## **CONCLUSION**

For the reasons stated above, Defendants respectfully request that this Court grant this Miscellaneous Administrative Motion to File under Seal.

Date: March 28, 2008

DEWEY & LEBOEUF LLP

BY: __/s/ David G. Feher_____

David G. Feher
*Attorneys for Defendants*

-6-

Defs.' Misc. Admin. Mot. To File Under Seal

Civ. Action No. C07 0943 WHA