MANATT, PHELPS & PHILLIPS, LLP
RONALD S. KATZ (Bar No. CA 085713)
E-mail: rkatz@manatt.com
RYAN S. HILBERT (California Bar No. 210549)
E-mail: rhilbert@manatt.com
NOEL S. COHEN (California Bar No. 219645)
E-mail: ncohen@manatt.com
1001 Page Mill Road, Building 2
Palo Alto, CA 94304-1006
Telephone: (650) 812-1300
Facsimile: (650) 213-0260

McKOOL SMITH, P.C.
LEWIS T. LECLAIR (Bar No. CA 077136)
E-mail: lleclair@mckoolsmith.com
JILL ADLER (Bar No. CA 150783)
E-mail: jadler@mckoolsmith.com
300 Crescent Court, Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BERNARD PAUL PARRISH, and HERBERT ANTHONY ADDERLEY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs<br><br>vs.<br><br>NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION, a Virginia corporation, and NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a PLAYERS INC, a Virginia corporation,<br><br>Defendants. | CIVIL ACTION NO. C07 0943 WHA<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE DECLARATION OF MARVIN MILLER FILED IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**<br><br>Date: April 24, 2008<br>Time: 8:00 a.m.<br>Judge: Honorable William H. Alsup |

Plaintiffs hereby submit this Opposition to Defendants' Motion to Strike the Declaration of Marvin Miller filed in support of Plaintiffs' Motion for Class Certification.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

Dallas 246010v1

PLAINTIFFS' OPPOSITION TO DEFENDANTS' "MOTION TO STRIKE" DECLARATION OF MARVIN MILLER, CASE NO. C07 0943 WHA

Dockets.Justia.com

## I. INTRODUCTION

Realizing that Marvin Miller's testimony cannot be refuted and is a significant blow to their case, Defendants have baselessly attempted to "strike" Mr. Miller's declaration. In doing so, Defendants' utilize the wrong legal standard and direct the Court to case law that actually supports <u>denial</u> of their own Motion. Defendants' Motion to Strike the Declaration of Marvin Miller should be denied.

Defendants move to strike Mr. Miller's declaration on several grounds. First, Defendants argue that Mr. Miller is not qualified to provide an expert opinion. This argument is without merit; as there could not be a more qualified individual to submit a declaration regarding sports unions than Marvin Miller, the highly acclaimed and former Executive Director of the Major League Baseball Players Association ("MLBPA"). For 17 years, Mr. Miller held the identical position for the MLBA that Gene Upshaw currently holds for the NFLPA. Indeed, in 2000, Mr. Miller was ranked fifth on the Sporting News' list of the "100 Most Powerful People in Sports for the 20th Century." [Declaration of Marvin Miller ("Miller Decl."), ¶ 7.] As such, Mr. Miller is extraordinarily qualified to opine on the issues in his declaration.

Defendants next argue that Mr. Miller's testimony is inadmissible because he is opining on a legal issue that is not relevant to certification. Again, Defendants are wrong. In fact, Mr. Miller is opining on issues that are crucial to class certification: commonality and typicality. Specifically, Mr. Miller states that based on his unparalleled experience, "all members of sports unions must be treated equally" and that "it is incumbent upon the NFLPA in this case to treat all of the participants in its group licensing program equally." [Miller Decl., ¶¶ 8, 10.]

Accordingly, and as detailed below, Defendants' Motion to Strike should be denied.

## II. ARGUMENT

### A. Relevant Legal Standards

#### 1. Defendants Have Not and Cannot Meet the High Standard Required For a Motion to Strike

A motion to strike <u>should not be granted</u> unless the matter to be stricken clearly could have no possible bearing of the subject of the litigation. *McPhail v. First Command Financial*

*Planning, Inc.,* 247 F.R.D. 598, 605 (S.D. Cal. 2007). If there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion." *Id. (citing Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F.Supp.2d 1048, 1057 (N.D. Cal. 2004) (internal citations omitted)). The court views the pleading in the light most favorable to the nonmoving party. *In re 2TheMart.com, Inc. Sec. Litig.*, 114 F.Supp.2d 955, 965 (C.D. Cal. 2000). As set forth below, the application of this standard warrants denial of Defendants' Motion to Strike.

**2. Defendants Misstate the Standard for Motions to Strike Expert Testimony at the Class Certification Stage**

Defendants proclaim that "in the class certification context, Rule 702's reliability requirement as set forth in *Daubert v. Merrell Dows Pharms., Inc.* serves as a 'guidepost' in the court's determination of whether expert testimony is sufficiently reliable." [Motion at 3:1-3.] However, Defendants' own case law[1] articulates a different, and correct standard for expert testimony as it relates to class certification. Specifically, the law is clear that "[a]t the class certification stage, courts employ 'a lower *Daubert* standard' to analyze the admissibility of expert testimony." *Dukes v. Wal-Mart, Inc.*, 474 F.3d 1214, 1227 (9th Cir. 2007); *McPhail v. First Command Financial Planning,* 247 F.R.D. 598, 604 (S.D. Cal. 2007) (applying a more "lenient" standard during class certification); *O'Connor v. Boeing North American Inc.,* 184 F.R.D. 311, 321, fn. 7 (C.D.Cal. 1998) (*Daubert* inquiry inappropriate at class certification stage).

The reasoning behind the application of a lower standard on class certification is well articulated in *Thomas & Thomas Rodmakers, Inc. v. Newport Adhesives & Composites, Inc.*, 209 F.R.D. 159, 162 (C.D. Cal. 2002). In *Thomas,* the defendant moved to strike plaintiff's expert offered in support of class certification. The court refused to strike the expert's opinion and declined to employ the full-blown *Daubert* analysis that Defendants request here:

---

[1] Remarkably, two of the first three cases cited by Defendants employ this "lower *Daubert* standard" rather than the high standard Defendants mistakenly seek to assert here. *See Dukes v. Wal-Mart Inc.,* 222 F.R.D. 189 (N.D. Cal. 2004) and *McPhail v. First Command Financial Planning,* 247 F.R.D. 598 (S.D. Cal. 2007). Defendants' failure to alert the Court to the appropriate standard is puzzling, at best.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' "MOTION TO STRIKE" DECLARATION OF MARVIN MILLER, CASE NO. C07 0943 WHA

Dallas 246010v1

It is clear to the Court that a lower *Daubert* standard should be employed at this stage of the proceedings. Courts have declined to engage in a *Daubert* analysis at the class certification stage of an action on the ground that an inquiry into the admissibility of the proposed expert testimony under *Daubert* would be an inappropriate consideration of the merits of the plaintiff's claims. *See In re Visa Check/MasterMoney Antitrust Litigation*, 280 F.3d 124, 132 n. 4 (2d Cir.2001) (noting that a *Daubert* motion is typically made in connection with a motion for summary judgment, motion in limine, or at trial, rather than in connection with a motion for class certification), petition for cert. filed, *163 --- U.S. ----, ---S.Ct. ---- (Apr. 3, 2002); *In re Linerboard Antitrust Litigation*, 203 F.R.D. 197, 217 n. 13 (E.D. Pa 2001) ("To preclude such evidence at the class certification stage, it must be shown that the opinion is the kind of 'junk science' that a Daubert inquiry at this preliminary stage ought to screen."); *In re Polypropylene Carpet Antitrust Litigation*, 996 F.Supp. 18, 26 (N.D. Ga. 1997) (postponing *Daubert* analysis, noting that at class certification stage, the court simply examines whether expert's methodology will comport with basic principles, will have any probative value, and will primarily use evidence that is common to all members of the proposed class). . . At this stage in the proceeding, an expert report should not be excluded merely on the basis that it assumes the substantive allegations of the complaint rather than relying upon actual data that may yet to be discovered.

*Id.* at 162-163.

The appropriate determination of expert testimony at the class certification stage is only "whether the expert evidence is sufficiently probative to be useful in evaluating whether class certification requirements have been met." *Dukes v. Wal-Mart, Inc.,* 222 F.R.D. 189. 191 (N.D. Cal. 2004). In making this determination, the Court "should only determine whether expert testimony is so fatally flawed as to be inadmissible as a matter of law." *Id. (citing Dean v. Boeing Co.,* 2003 U.S. Dist. LEXIS 8787 at *33-35 (D. Kansas 2003)).

As set forth below, after employing this standard, Mr. Miller's declaration must survive.[2]

**B.     The Motion to Strike Should Be Denied As Mr. Miller is Uniquely Qualified to Issue His Opinions Regarding Class Certification**

**1.     Marvin Miller is Uniquely Qualified to Issue His Expert Opinion.**

Defendants contend that Mr. Miller is not qualified by "knowledge, skill, experience, education or training" to provide expert testimony on either the merits of the case or class certification "based on his experience as head of the <u>baseball</u> union over 25 years ago." [Motion

---

[2] To the extent Defendants bring a *Daubert* motion at the appropriate time, Plaintiffs will articulate why Mr. Miller's testimony meets the higher standard as well. However, such analysis is both unnecessary and premature at this stage of the litigation.

at 2:18-3:11 and fn. 2 (emphasis in original).] Under Defendants' convenient theory, no individual could offer expert testimony on the issues in this case other than Gene Upshaw, the current head of the NFLPA. But Mr. Upshaw, who has proclaimed on multiple occasions that he does not work for retired players, cannot be the only individual qualified to opine on the merits of this case or the current issue of certification.

Mr. Miller is uniquely qualified to offer an opinion in this action as he was Executive Director of the MLBPA for seventeen years and has been ranked fifth on the list of the "100 Most Powerful People in Sports for the 20th Century." [Miller Decl., ¶¶ 5, 7.] Put simply, Mr. Miller is the quintessential expert on the equal treatment of players by sports unions, and Defendants have done (and can do) nothing to dispute that other than argue that he has not held his position with the MLBPA for some time. Yet, even then, Defendants have cited no authority that his retirement disqualifies him from acting as an expert in this case. As set forth in Paragraphs 2 through 10 of his declaration, Mr. Miller certainly has the "knowledge, skill, experience, education, and training" to serve as an expert witness.

### 2. Marvin Miller's Opinion Goes to the Heart of the Commonality and Typicality Requirements of Certification

Defendants next argue that even if qualified, Mr. Miller's testimony "has nothing at all to do with the requirements for class certification" and thus should be stricken. [Motion, 2:10-12.] Defendants are incorrect, as Mr. Miller's testimony relates directly to two of the four factors for certification: typicality and commonality.

Rule 23(a)(2) requires commonality. In the Ninth Circuit, the commonality requirement has been "construed permissively," and may be satisfied by *either* "shared legal issues with divergent factual predicates," or "a common core of salient facts coupled with disparate legal remedies." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1988). Rule 23(a)(3) requires that the named plaintiff's claims be typical of the class' claims. This requirement merges with the commonality requirement and tests "whether other members have the same or similar injuries, whether the action is based on conduct that is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v.*

*Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1985) (quoting *Schwartz v. Harp*, 108 F.R.D. 279, 282 (C.D. Cal. 1985).

Plaintiffs meet both the commonality and typicality requirements for Adderley's class because "each member signed a GLA substantially identical to the Adderley GLAs and thus each member was entitled to an Equal Share Royalty . . ." [Motion for Class Certification, 16:18-20.] Plaintiffs meet this requirement as to Parrish's class because each member paid a fee to join the NFLPA and the NFLPA's representation of each was disavowed. [*Id.* at 17:22-25, 18:25-19:4, and 20:15-20.]

Mr. Miller's expert opinion addresses both typicality and commonality.[3] Among other things, Mr. Miller declares that (1) "all members of a sports union must be treated equally"; (2) "the group licensing program of the MLBPA when I was its Executive Director provided for an equal share royalty to everyone who was invited to participate"; (3) "every player who played for the same period of time during a season shared equally in the proceeds of group licensing, even if a particular player's image was not used"; and (4) "once the NFLPA invited retired players to participate in its group licensing program alongside active players, it was incumbent upon the NFLPA to treat all participants in the group licensing program equally in terms of opportunities, information, revenues, and any other aspect of group licensing." [Miller Decl., ¶¶ 8-10.]

Because Mr. Miller's declaration is probative of whether Plaintiffs' claims are typical and common across all class members, including the named plaintiffs, his expert testimony is appropriate and should not be stricken.

### 3. Mr. Miller's Declaration Does Not Constitute a "Legal Opinion" Nor Does It Address How the Law Should Be Applied

Defendants' last hope of eliminating Mr. Miller's testimony is to argue that he is somehow issuing a "legal opinion" on "how the law should be applied to the ultimate facts without any expert value added." [Motion, 3:12-13 and 4:1-4.] In support of this argument, Defendants cite two cases, both involving a determination of whether to strike a declaration at

---

[3] Expert opinions on commonality are often deemed admissible. For instance, in a case cited by Defendants, *Dukes v. Wal-Mart,* the Court denied the defendant's motion to strike declarations of plaintiff's experts regarding commonality.

summary judgment, not the class certification stage.[4] As set forth above, the standard for expert testimony is different with respect to class certification from what it is at summary judgment. As such, neither case is applicable here.

Moreover, and despite having no applicable authority for its position, Mr. Miller's testimony does not involve any legal analysis. Rather, he simply offers his expert opinion based upon his lifetime of working with unions, seventeen years of which were spent with the MLBPA. [Miller Decl., ¶¶ 3-4.] His opinion relates to the equal treatment of players and contains no conclusions of law or explanations of how the law should be applied (i.e. statements that defendants breached their contract with Parrish or statements that California law should apply to this nationwide class). As such, and because this expert evidence is useful in evaluating whether class certification requirements have been met, Mr. Miller's declaration should stand.

## III. CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court deny Defendants' motion to strike.

Respectfully submitted,

Dated: April 4, 2008

/s/Ronald S. Katz
Ronald S. Katz (SBN 085713)
Ryan S. Hilbert (SBN 210549)
Noel S. Cohen (SBN 219645)
MANATT, PHELPS & PHILLIPS, LLP
1001 Page Mill Road, Building 2
Palo Alto, CA 94304-1006
Telephone: (650) 812-1300; Fax:(650) 213-0260

*Attorneys for Plaintiffs*

Lewis T. LeClair, Esq.
Jill Adler, Esq.
McKOOL SMITH, P.C.
300 Crescent Court, Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4984; Fax: (214) 978-4044

---

[4] *See* C*row Tribe of Indians v. Racicot* and *Aguilar v. Int'l Lounshoremen's Union Local No. 10.* Defendants' citations to *Brae Asset Funding v. Applied Fin., LLC* and *ABM Indus. Inc. v. Zurich Am. Ins. Co.* for the proposition that Mr. Miller is not qualified to opine at the certification stage are inapplicable for this same reason: both courts strike declarations at summary judgment, where a different legal standard is applied.