# manatt
manatt | phelps | phillips

**Ronald S. Katz**
Manatt, Phelps & Phillips, LLP
Direct Dial: (650) 812-1346
E-mail: rkatz@manatt.com

April 7, 2008

Client-Matter: 29749-060

**VIA ELECTRONIC FILING**

The Honorable William Alsup
United States District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

      **Re:** *Parrish v. National Football League Players Association*, **Case No. C07-0943 WHA**

Dear Judge Alsup:

      We represent Plaintiffs Bernard Paul Parrish, Herbert Anthony Adderley, and Walter Roberts III (collectively, "Plaintiffs") in the above-referenced class action. Plaintiffs submit this letter brief pursuant to Paragraph 26 of the Court's Supplemental Standing Order. Plaintiffs respectfully request an Order from this Court compelling Defendants to (1) respond to Plaintiffs' June 15, 2007 Document Requests, including by confirming in writing those requests to which Defendants have already provided all responsive documents; and (2) supplement their document productions as required by Fed. R. Civ. Proc. 23(e), including with responsive documents created on or after the filing of Plaintiffs' Third Amended Complaint in November 2007; and (3) submit reciprocal declarations explaining deficiencies in Defendants' document production raised in connection with the matters above.[1]

<u>Defendants' Attempt to Disregard Plaintiffs' June 15, 2007 Document Requests</u>

      During a CMC before this Court on June 14, 2007, Defendants stated that they did not think Plaintiffs could plead a claim on which relief could be granted and thus asked the Court to stay discovery. This Court expressly denied Defendants' request. *See* June 14, 2007 Hearing Transcript p.6:23-7:1. Based on these and other statements, Plaintiffs served 22 document requests on Defendants on June 15, 2007 (the "June 2007 Requests"). The parties repeatedly met and conferred during July and August 2007 to agree on the scope of the requests.

      Following the Court's mandate, Plaintiffs had every reason to believe Defendants would timely produce documents responsive to the June 2007 Requests. Once Plaintiffs were allowed to file their Third Amended Complaint ("TAC") on November 15, 2007, however, it became clear that Defendants had not been fully complying with their discovery obligations in the hope that one of their myriad motions to dismiss would be granted. In a series of e-mails in late November and early December 2007, Defendants conceded that their earlier productions had been limited to discrete categories, and stated they could not respond to the June 2007 Requests until "well into January or early February."

      Because Plaintiffs did not want to waste additional time waiting for Defendants to respond to document requests that had already been pending since June, on December 6, 2007, they offered to temporarily narrow their requests to six so that they could immediately obtain documents. As a condition for doing so, Plaintiffs expressly "reserve[d] their right to request additional documents responsive to their outstanding June 2007 requests, and to subsequently serve additional requests,

---

[1] This is only the second discovery motion brought by the parties in this matter. The parties have discussed the issues raised in this motion repeatedly and extensively, but were unable to reach a suitable compromise. *See, e.g.,* **Exhibit A**.

1001 Page Mill Road, Building 2, Palo Alto, California 94304-1006   Telephone: 650.812.1300   Fax: 650.213.0260
Albany | Los Angeles | New York | Orange County | Palo Alto | Sacramento | Washington, D.C.



depending on the nature and amount of documents produced . . . ." Plaintiffs made clear, and Defendants knew, that Plaintiffs' proposed narrowed requests would not supersede the June 2007 Requests (all of which remain relevant to this day). Indeed, in an e-mail dated December 10, 2007, Defendants accepted Plaintiffs' "proposal for an *initial* limited production" (emphasis added).

In February 2008, two things occurred that caused Plaintiffs to question the sufficiency of Defendants' production and to re-visit the June 2007 Requests: (1) Defendants produced a core agreement between the NFLPA and PLAYERS INC mere days before Plaintiffs' deposition of Defendants' 30(b)(6) witness on issues falling squarely in the Agreement; and (2) Defendants produced on the day of the deposition of Howard Skall (PLAYERS INC'S former Vice President of Marketing) a key e-mail discussing Mr. Adderley's claims of non-responsiveness by Defendants. Plaintiffs raised their concerns on these issues to Defendants in a series of e-mails dated February 2008. To this day, Defendants still have not explained how or why such important documents were not located or produced until mere days before, or in the case of Mr. Skall, on the day of, a corresponding deposition.[2]

On March 6, 2008, the parties engaged in a telephonic meet-and-confer to discuss the issues above, among others. During the call, Defendants unexpectedly suggested that the parties march through each of Plaintiffs' June 2007 Requests (which they now claim are inapposite). In doing so, Defendants indicated that they had produced all documents responsive to Request Nos. 1-3, 7-15, 17-20 and 22. This fact has been memorialized in at least two letters to Defendants. Defendants also raised new questions with respect to other requests and, although the parties had already discussed the scope of those requests in depth in July and August 2007, Plaintiffs nonetheless worked with Defendants to narrow the scope of the requests. Following this conversation, Defendants sent a letter dated March 6, 2008 in which they purported to replace Plaintiffs' June 2007 Requests with new "supplemental requests". Plaintiffs rejected this approach in a response dated March 17, 2008.

In a letter dated April 4, 2008, Defendants stated for the first time that they no longer intend to respond to the June 2007 Requests. Instead, Defendants only intend to produce documents in response to Plaintiffs' six narrowed requests (which are clearly insufficient because they did not capture the key documents described above) and those "supplemental requests" Defendants unilaterally discerned from the parties' call on March 6, 2008. Because of this, Defendants also no longer intend to stand by their assertions concerning Request Nos. 1-3, 7-15, 17-20 and 22.[3]

For the reasons given above, Plaintiffs respectfully request that the Court order Defendants to respond to the June 2007 Requests, including by confirming in writing those requests to which Defendants have already provided all responsive documents.

---

[2] Defendants recently responded to Paragraph 14 of Your Honor's Supplemental Standing Order by submitting a 653-page document containing separate line items for each *page* produced by Defendants. This document is insufficient in that it makes no mention of "the specific source" of each particular document (e.g., "personal files of ____", "E-Mail files of _____", etc.) and instead relies only on broad general categories of sources (e.g., "Players Inc Trading Cards and Collectibles Department Files", "Players Inc Player Marketing Department Files", etc.). It also appears that Gene Upshaw and Andrew Feffer (who has provided two declarations in this case) did not search for responsive documents. *See* **Exhibit B**. Problems such as these have prevented Plaintiffs from determining how and why Defendants' production has been deficient.

[3] Also in the April 4 letter, Defendants indicated that they will provide the information required by Paragraph 13 of Your Honor's Supplemental Standing Order. However, even if Defendants follow through with this promise, it is clear that such a list will only relate to their version of Plaintiffs' document requests, not the June 2007 Requests.



Defendants' Refusal to Seasonably Supplement Their Discovery Responses

Perhaps even more startling than Defendants' recent attempt to disregard Plaintiffs' June 2007 Requests is their repeated refusal to supplement their discovery responses with information created on or after November 15, 2007 – i.e., the date of the TAC. Incredibly, at the same time Defendants claim that they are under no obligation to provide such information, they claim that Plaintiffs must provide such information. Defendants cannot have it both ways.

Federal Rule of Civil Procedure 26(e) states that a party must supplement or correct discovery disclosures and responses on learning that the disclosures or responses are incomplete or incorrect. F.R.C.P. 26(e). Documents or materials discussing Defendants' retired player licensing program are clearly relevant to Plaintiffs' claims and defenses, regardless of the date. For example, Plaintiffs understand that Defendants are no longer accepting signed Group Licensing Agreements (GLAs) from retired players because of this lawsuit. If this is indeed true, Plaintiffs are entitled to communications or documents on this issue, regardless of when they were created. It is worth noting that Defendants have not stated that such materials do not exist or would be burdensome to locate, only that they will not search for them. Plaintiffs request that the Court order Defendants to do so consistent with their obligations under the Federal Rules.

Defendants' Refusal to Provide Reciprocal Declarations

Issues such as those above have raised numerous questions about the diligence and integrity of Defendants' document searches. Indeed, Plaintiffs' concerns about Defendants' document preservation, search and production were recently confirmed by Defendants' attempts to comply with Paragraph 14 of Your Honor's Supplemental Standing Order (as described in footnote 2 above).

Because of these concerns, Plaintiffs have requested a declaration from each Defendant on the diligence and integrity of the search and of document preservation; this is no different than the declaration Defendants demanded and received from Mr. Adderley.[4] *See* **Exhibit B**. Specifically, Plaintiffs have asked Defendants to provide declarations on, among other things, the steps taken to preserve electronic documents, including those of former employees; what electronic sources, if any, Defendants do or did not consider "reasonably accessible"; and which sources Defendants have not searched covering which time periods. Plaintiffs also asked for declarations on the preservation and availability of electronic documents relating to the transition of documents on the "legacy system."[5]

Defendants have steadfastly refused to provide these declarations from their clients.[6] Plaintiffs respectfully request that the Court order Defendants to provide such declarations.

---

[4] Defendants previously raised questions about Plaintiff Adderley's document production and demanded a declaration from Mr. Adderley on that subject. Although counsel for Mr. Adderley did not believe that the questions were well founded, we complied with the request for a declaration so as not to take up the time of the Court.

[5] In the parties' June 7, 2007 Case Management Conference statement, Defendants raised concerns about their ability to search and produce electronic documents dated before October 2005, which they claimed were on a "legacy system."

[6] In response to Plaintiffs' concerns, Defendants have provided a letter from counsel attempting to address some of the deficiencies. Not only does this letter raise more questions than it provides answers, it is not the same thing as a declaration under oath from the person(s) most knowledgeable about the deficiencies.



                                                   Respectfully submitted,

                                                    /s/ Ronald S. Katz
                                               Ronald S. Katz
                                               Counsel for Plaintiffs