MANATT, PHELPS & PHILLIPS, LLP
RONALD S. KATZ (Bar No. CA 085713)
E-mail: rkatz@manatt.com
RYAN S. HILBERT (California Bar No. 210549)
E-mail: rhilbert@manatt.com
NOEL S. COHEN (California Bar No. 219645)
E-mail: ncohen@manatt.com
1001 Page Mill Road, Building 2
Palo Alto, CA 94304-1006
Telephone: (650) 812-1300
Facsimile: (650) 213-0260

McKOOL SMITH, P.C.
LEWIS T. LECLAIR (Bar No. CA 077136)
E-mail: lleclair@mckoolsmith.com
JILL ADLER (Bar No. CA 150783)
E-mail: jadler@mckoolsmith.com
300 Crescent Court, Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BERNARD PAUL PARRISH, and HERBERT ANTHONY ADDERLEY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs<br><br>vs.<br><br>NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION, a Virginia corporation, and NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a PLAYERS INC, a Virginia corporation,<br><br>Defendants. | CIVIL ACTION NO. C07 0943 WHA<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MISCELLANEOUS ADMINISTRATIVE MOTION FOR LEAVE TO FILE A "SUPPLEMENTAL MEMORANDUM"**<br><br>Date: April 24, 2008<br>Time: 8:00 a.m.<br>Judge: Honorable William H. Alsup |

Plaintiffs hereby submit this Opposition to Defendants' Miscellaneous Administrative Motion for Leave to File a Supplemental Memorandum.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

Dallas 246010v1

OPPOSITION TO DEFENDANTS' MOTION FOR
LEAVE TO FILE A SUPP. MEMORANDUM
CASE NO. C07 0943 WHA

Dockets.Justia.com

The premise of Defendants' Motion for Leave to File a Supplemental Memorandum ("Motion") is that there needs to be a correction of Plaintiffs' "material misrepresentation." This premise is false. Plaintiffs stated that Defendants did not produce certain information; it is undisputed that Defendants did not produce this information.

In fact, the contention in the Supplemental Memorandum that Defendants' "expressly offered" to provide the state of residence of each putative class member is in and of itself a material misstatement. Defendants concede that this information was specifically requested, and "Defendants declined to provide the addresses of thousands of putative class members" because they were concerned that "Plaintiffs could try to use [it] for political purposes." [Administrative Request, 1:16-18.] Defendants' "political purposes" contention is not true because almost every document Defendants have produced has been cloaked with a "Confidential" or "Highly Confidential – Attorneys' Eyes Only" designation such that Plaintiffs would never have even seen this information, let alone use it for any purposes, political or otherwise. Indeed, Defendants have proffered no evidence for their disparaging suggestion about Plaintiffs, and there is no such evidence.

Further, Defendants' so-called "express offer" was actually merely an offer to "revisit" their refusal to produce the information requested <u>if</u> Plaintiffs made an additional showing of relevancy with respect to class certification. This is a far cry from Defendants actually agreeing to give Plaintiffs the state residence information of approximately 3,000 putative class members.

Indeed, Defendants did not provide any sub-set of that information, such as state of residency, even though such a partial production is mandated by Federal Rule of Civil Procedure 33(b)(3): "Each interrogatory must, <u>to the extent it is not objected to</u>, be answered separately and fully in writing under oath." F.R.C.P. 33(b)(3) (emphasis added).[1] Had Defendants simply produced the state residence information, this issue would not be before the Court.[2]

---

[1] The crux of Defendants' argument is that a request for state residency is not objectionable. [Administrative Request 1:23.] Therefore, by Defendants' own reasoning, Rule 33(b)(3) mandates that such information be provided.
[2] Defendants' refusal to provide the information requested by Plaintiffs occurs throughout the January 17, 2008 letter on which Defendants now rely: "Frankly, the law is very clear that such contact information generally is <u>not</u> discoverable at the pre-certification stage." [Exh. A at 2.]; "[T]he case law makes clear that the protection of such information is the rule, and that the production of such information is the exception, with the putative class representatives bearing the burden of establishing the exceptional need for such information." [Exh. A, p 2.];

1    Moreover, even if there had been an express offer, which there was not, an offer to
2    "revisit" requests is not relevant because it does not impact Paragraph 16 of this Court's
3    Supplemental Standing Order in that Paragraph 16 mandates production, not offers:

> Except for good cause, no item shall be received as case-in-chief evidence if the proponent has failed to <u>produce</u> it in response to a reasonable and proper discovery request <u>covering the item</u>, regardless of whether any discovery motion has been made. A burden or overbreadth or similar objection shall not be a valid reason for withholding requested materials <u>actually known to counsel or a party</u> representative responsible for the conduct of the litigation. (emphasis added).

For the reasons stated above, Plaintiffs respectfully request that the Court deny Defendants' Motion for Leave to File a Supplemental Memorandum.

Respectfully submitted,

Dated: April 10, 2008

/s/Ronald S. Katz
Ronald S. Katz (SBN 085713)
Ryan S. Hilbert (SBN 210549)
Noel S. Cohen (SBN 219645)
MANATT, PHELPS & PHILLIPS, LLP
1001 Page Mill Road, Building 2
Palo Alto, CA 94304-1006
Telephone: (650) 812-1300; Fax:(650) 213-0260

*Attorneys for Plaintiffs*

Lewis T. LeClair, Esq.
Jill Adler, Esq.
McKOOL SMITH, P.C.
300 Crescent Court, Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4984; Fax: (214) 978-4044

---

"Plaintiffs have failed to offer *any* substantive rationale showing how address information of putative class members is purportedly relevant." [*Id.* at 3.]; "In sum, the address information is the <u>only</u> information that Plaintiffs are not receiving in response to these interrogatories. If a class is ever certified, we will reconsider your request for this information, but in the meantime we believe our position is the right one under the law." [*Id.* at 4.].