Todd Padnos (Bar No. 208202)
*tpadnos@dl.com*
DEWEY & LEBOEUF LLP
One Embarcadero Center, Suite 400
San Francisco, CA 94111
Tel: (415) 951-1100; Fax: (415) 951-1180

Jeffrey L. Kessler (*pro hac vice*)
*jkessler@dl.com*
David G. Feher (*pro hac vice*)
*dfeher@dl.com*
David Greenspan (*pro hac vice*)
*dgreenspan@dl.com*
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, NY 10019
Tel: (212) 259-8000; Fax: (212) 259-6333

Kenneth L. Steinthal (*pro hac vice*)
*kenneth.steinthal@weil.com*
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Tel: (650) 802-3000; Fax: (650) 802-3100

Bruce S. Meyer (*pro hac vice*)
*bruce.meyer@weil.com*
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000; Fax: (212) 310-8007

Attorneys for Defendants National Football League Players Association
and National Football League Players Incorporated d/b/a Players Inc.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION**

| | |
|---|---|
| BERNARD PAUL PARRISH, HERBERT ANTHONY ADDERLEY, WALTER ROBERTS III,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION and NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a/ PLAYERS INC,<br><br>Defendants. | Case No. C 07 00943 WHA<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE THE DECLARATION OF MARVIN MILLER**<br><br>**Date:** April 24, 2008<br>**Time:** 8:00 A.M.<br>**Place:** Courtroom 9, 19th Floor<br>**Judge:** Hon. William H. Alsup |

Defs.' Reply ISO Motion to Strike the Declaration of Marvin Miller    Civ. Action No. C07 0943 WHA

Dock...

Defendants reply to Plaintiffs' Opposition to Defendants' Motion to Strike (the "Opposition" or "Opp'n"), and ask the Court to strike from the record Plaintiffs' proffer of the Declaration of Marvin Miller (the "Miller Declaration") in Support of Plaintiffs' Motion for Class Certification (the "Motion" or "Mot."), filed by Plaintiffs on March 14, 2008.

**ARGUMENT**

The Miller Declaration offers Mr. Miller's personal "opinion" and "belief" that the NFLPA should have acted in a certain way with respect to retired player licensing. This opinion, which Plaintiffs claim is not a "legal" opinion, is inadmissible because it has no basis other than, ipso facto, Mr. Miller's opinion itself. Nor is it relevant to the issues of class certification. Indeed, even though Plaintiffs did not in their Motion even purport to rely upon the Miller Declaration in support of their arguments for class certification, Plaintiffs now assert, albeit only in conclusory fashion, that Miller is an expert on the issues of commonality and typicality. As discussed below, however, to merely "say it is so" does not make it so; and Mr. Miller's Declaration, upon the merest scrutiny, does not provide probative evidence pertinent to either of those issues.

### A. Mr. Miller's Declaration Is Not Admissible Under Any Standard

Contrary to Plaintiffs' assertion, Defendants do not argue that a full-scale Daubert inquiry is necessary at the class certification stage. Rather, as set forth in Defendants' Motion to Strike, courts use the principles of Daubert as guidance when determining whether an expert declaration is useful in evaluating class certification requirements. Dukes v. Wal-Mart, Inc. 222 F.R.D. 189, 191 (N.D. Cal. 2004). To this end, "[t]he requirements of relevance and reliability set forth in Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993), serve as useful guideposts . . . but the court retains discretion in determining how to test reliability as well as which expert's testimony is both relevant and reliable [in the class certification context]." Kurihara v. Best Buy Co., No. C 06-01884, 2007 WL 2501698, *5 (N.D. Cal. Aug. 20, 2007) (internal citations omitted); Ellis v. Costco Wholesale Corp., 240 F.R.D. 627, 635-36 (N.D. Cal. 2007) (similar); Dukes v. Wal-Mart, Inc., 222 F.R.D. 189, 192 (N.D. Cal. 2004) (similar). The

Miller Declaration should be stricken under any standard because it meets no standard of admissibility whatsoever, whether under a lower <u>Daubert</u> test or otherwise.

To start, although Plaintiffs now claim to offer Mr. Miller as an expert "uniquely qualified to issue his opinions regarding class certification requirements," (Opp'n at 4–5), as discussed above, the Miller Declaration contains no information that would qualify him as an expert on commonality and/or typicality in the Rule 23 context.[1] Moreover, despite the fact that Mr. Miller may have been "the highly acclaimed and former Executive Director of the Major League Baseball Players Association (MLBPA)" (Opp'n at 2), he does not even purport to have any expert knowledge with respect to the Group Licensing Agreements ("GLAs") entered into by retired NFL players, the NFLPA, or even retired players in general (as Miller admits that the group licensing program of the MLBPA, when he was its Executive Director, never included retired players since the MLBPA did not permit retired players to join).  Miller Decl. ¶ 8.

The Miller Declaration is wholly unreliable for the additional reason that Mr. Miller's proffered testimony offers <u>no science at all</u>, let alone the sort of junk science that is inadmissible even at the class certification stage.  <u>See</u> <u>In re Linerboard Antitrust Litigation</u>, 203 F.R.D. 197, 217 n.13 (E.D. Pa. 2001) ("[t]o preclude such [purported expert] evidence at the class certification stage, it must be shown that the opinion is the kind of 'junk science' that a <u>Daubert</u> inquiry at this preliminary stage ought to screen.") (quoted by the Plaintiffs in Opp'n at 4).  The Miller Declaration does not discuss whether or to what extent Mr. Miller reviewed any materials produced in this case or what, if any, methodology he employed to form an opinion on whether the proposed class members meet Rule 23's requirements.  Insofar as his declaration fails to set forth any methodology for his conclusions, it should be stricken.

**B. Mr. Miller's Declaration Is Not Probative Of The Rule 23 Class Certification Requirements Of Commonality Or Typicality.**

Plaintiffs concede that courts should consider expert testimony in the class certification context <u>only</u> if that testimony is "sufficiently probative to be useful in evaluating

---

[1] Rule 702 requires an expert witness to be qualified by "knowledge, skill, experience, training, or education." Fed. R. Evid. 702.

whether class certification requirements have been met." Opp'n at 4 (citing <u>Dukes</u>, 222 F.R.D. at 191); <u>see</u> Mot. to Strike, at 2. However, having conceded this standard, Plaintiffs fail to apply it to the instant circumstances.

It is instructive to start from Plaintiffs' own arguments in support of their Motion. Plaintiffs argue that they have met Rule 23's commonality and typicality requirements because (i) the proposed Adderley class is comprised of retired NFL members who each signed a "substantially identical" GLA and (ii) the proposed Parrish class consists of members who each "paid a fee to join the NFLPA and the NFLPA's representation of each was disavowed." Opp'n at 6. But the Miller Declaration addresses neither of these matters. Nowhere does the Miller Declaration address the issue of whether or not the GLAs signed by players are substantially identical to one another, or even if they are similar at all. Miller Decl. ¶¶ 1-10. Similarly, the Miller Declaration does not discuss NFLPA membership fees or the NFLPA's purported disavowal of player representation. <u>Id.</u>

It is thus not surprising, though plainly significant, that in their discussion of the commonality and typicality requirements in their Motion, Plaintiffs do not cite the Miller Declaration at all. Mot. at 15–20. In fact, the <u>only</u> reference to the Miller Declaration in Plaintiffs' Motion is in their discussion of the purported "Background" in this case. Mot. at 4. Further, the passages Plaintiffs do cite merely offer the platitudinous opinion of Mr. Miller that unions should treat all players equally. <u>See</u>, Miller Decl. ¶¶ 8-10.[2] Such an overly general opinion goes to an ultimate legal issue (if any issue at all) in this case; but surely it is not a relevant issue for class certification purposes.

In sum, the Miller Declaration neither discusses nor analyzes the two issues as framed by Plaintiffs themselves (relating to the GLAs and NFLPA policies) that are key to the class certification issues of commonality and typicality. Plaintiffs' new and conclusory assertion

---

[2] Miller Decl. ¶ 8 ("In my opinion, professional sports unions … have a duty to treat all members equally…."); 10 ("In my opinion, once the NFLPA invited retired players to participate in its group licensing program … it was incumbent upon the NFLPA to treat all of the participants … equally….").

otherwise—that Miller's testimony "goes to the heart of the commonality and typicality requirements of certification" (Opp'n at 5)—cannot save them on this motion.

### C. Mr. Miller's "Opinions" Are Either Legal In Nature Or Completely Meaningless.

Mr. Miller states that in his opinion "all members of sports unions must be treated equally" and that "it is incumbent upon the NFLPA in this case to treat all of the participants in its group licensing program equally." Miller Decl. ¶ 8. But, nowhere does Miller set forth the source of this purported duty. If, as Plaintiffs now argue, Mr. Miller is not giving an opinion about the requirements of labor law or some other law, then the existence of this supposed duty is no more than Mr. Miller's personal "opinion." Whether that opinion is based on years of experience is irrelevant. Mr. Miller's own opinion about what a union should or should not do does not determine the obligations of the parties and has no bearing on this case.

### D. The Miller Declaration Runs Afoul of Civil Local Rule 7-5(b)

Since Mr. Miller is not a qualified expert on Rule 23 requirements, his declaration is nothing more than impermissible lay opinion testimony. See Civil L.R. 7–5(b) ([a]n affidavit or declaration may contain only facts . . . and must avoid conclusions and argument"). Plaintiffs' Motion cites from the Miller Declaration only Mr. Miller's own opinions about the legal duties owed to players by the NFLPA. See n.1 and accompanying text, supra. These statements are merely legal conclusions, which are impermissible under Civil L.R. 7-5(b). Because Plaintiffs' Motion relies only upon the paragraphs of the Miller Declaration that offer legal conclusion and opinion testimony, the entire declaration should be stricken. Alternatively, Defendants ask that the Court strike the portions of the Miller Declaration that offer such impermissible opinion testimony.

Defs.' Reply ISO Motion to Strike the Declaration of Marvin Miller -5- Civ. Action No. C07 0943 WHA

# CONCLUSION

Based on the foregoing, Defendants respectfully request that this Court strike the Miller Declaration in its entirety.

Date: April 10, 2008

DEWEY & LEBOEUF LLP

BY: /s/ *Jeffrey L. Kessler*
Jeffrey L. Kessler
*Attorneys for Defendants*