MANATT, PHELPS & PHILLIPS, LLP
RONALD S. KATZ (California Bar No. 085713)
E-mail: rkatz@manatt.com
RYAN S. HILBERT (California Bar No. 210549)
E-mail: rhilbert@manatt.com
NOEL S. COHEN (California Bar No. 219645)
E-mail: ncohen@manatt.com
1001 Page Mill Road, Building 2
Palo Alto, CA 94304-1006
Telephone: (650) 812-1300
Facsimile: (650) 213-0260

McKOOL SMITH, P.C.
LEWIS T. LECLAIR (California Bar No. 077136)
E-mail: lleclair@mckoolsmith.com
JILL ADLER NAYLOR (California Bar No. 150783)
E-mail: jnaylor@mckoolsmith.com
300 Crescent Court, Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT

SAN FRANCISCO DIVISION

| | |
|---|---|
| BERNARD PAUL PARRISH, HERBERT ANTHONY ADDERLEY, and WALTER ROBERTS III, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION, a Virginia corporation, and NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a PLAYERS INC, a Virginia corporation,<br><br>Defendants. | CIVIL ACTION NO. C07 0943 WHA<br><br>**JOINT CLASS NOTICE PROPOSAL AND DISSEMINATION PLANS** |

# JOINT CLASS NOTICE PROPOSAL AND DISSEMINATION PLANS

The parties hereby submit this their Joint Class Notice Proposal and Dissemination Plans. The parties submit their jointly proposed form of Class Notice for Adderley and the GLA Class (attached as Exhibit "A"). However, the parties disagree on the dissemination plan and, as a result, submit separate orders to the Court.

## Joint Submission

For any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3). Fed.R.Civ.P. 23(c)(2)(B).

In compliance with Rule 23(c)(2)(B) and pursuant to the Court's April 29, 2008 Order Granting in Part and Denying in Part Plaintiffs' Motion for Class Certification, the parties hereby submit their jointly proposed form of Class Notice for Adderley and the GLA Class (attached as Exhibit "A" herewith).

As well, the parties submit that the best notice practicable under the circumstances includes individual notice to all members who can be identified through reasonable effort. Thus, the parties propose the following means to disseminate:

1) Direct Mail by Plaintiffs to each individual class member (addresses to be provided by Defendants).

2) Publication of such notice on www.retiredplayerslawsuit.com.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

1

JOINT CLASS NOTICE PROPOSAL AND DISSEMINATION PLAN
CA NO. C07 0943 WHA

Dallas 255941v1

### Plaintiffs' Additional Proposal

In effort to ensure the absent class members' due process rights, Plaintiffs request two additional means of dissemination of the Class Notice:

3) Publication of such notice on www.NFLplayers.com (a website controlled by Defendants) in a prominent position on the first page of the website for the duration of the opt-out period.

4) Publication of such notice in a current issue of Touchback (a publication of the NFLPA that is disseminated to retired players.)

Plaintiffs note for the Court that www.NFLplayers.com (controlled by Defendants) has frequently published bulletins and press releases related to this lawsuit on the website, including a press release related to the certification decision, *which is currently on the website. See* Ex. B attached hereto. Touchback is a hard copy direct mail publication that is published periodically by the NFLPA and is targeted to retired NFL players. *See* Ex. C attached hereto. These two additional forms of dissemination are targeted directly to retired players and are a low cost means of protecting the absent class members. Thus, it seems that there are no other means of publication of notice which would afford such targeted and economical means as these two additional publications. While Defendants object to these as unnecessary, it seems that the interests of the absent class members should trump. Further, Defendants apparently object to prominent placement of such notice in their publications, but it is obvious that prominent placement will render notice more effective than if buried in a website.

### Defendants' Objection to Plaintiffs' Additional Proposal

Defendants object to these two additional means of notice dissemination, believing them to be duplicative, unnecessary, and constituting harassment. Rule 23(c) requires that individual notice be given to every identifiable class member along with some other form of "sufficient" notice to unidentified members. In re U.S. Fin. Sec. Litig., 69 F.R.D. 24, 47 (S.D. Cal. 1975). Delivery by first-class mail satisfies Rule 23's individual notice requirement. See Hunt v. Check Recovery Sys., Inc., No. C05-04993, MJJ 2007 WL 2220972, at *3 (N.D. Cal. Aug. 1, 2007). In cases where most class members can be notified through direct mail, then the direct mailing is

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

2

JOINT CLASS NOTICE PROPOSAL AND
DISSEMINATION PLAN
CA NO. C07 0943 WHA

Dallas 255941v1

sufficient, and further notice is unnecessary. See In re Wal-Mart Stores, Inc. Wage & Hour Litig., No. 06-02069, 2008 WL 1990806, at *2 (N.D. Cal. May 5, 2008) ("notice by publication is only used when the identity and location of class members cannot be determined through reasonable efforts, which is not the case here since the identity and location of class members can be determined through reasonable efforts using Wal-Mart's electronic records"); Lamb v. United Security Life Co., 59 F.R.D. 25, 41-42 (S.D. Iowa 1972) ("notice reasonably certain to reach most of those interested in objecting is likely to safeguard the interests of all").[1]

Here, 100% of the GLA Class members have been identified, and based upon Defendants' initial inquiry, Defendants anticipate that they will be able to provide Plaintiffs with addresses for between 95% to 100% of the class members. And, there is no reason to assume that Plaintiffs will not be able to identify the addresses for the few class members whose addresses Defendants may not have in their possession. Accordingly, Plaintiffs will be able to direct mail the class notice to all – or virtually all – of the GLA Class members. This alone will constitute adequate notice.

But Plaintiffs proposed – and Defendants did not object to – yet additional notice through a class action website (www.retiredplayerslawsuit.com). This combination of disseminating the class notice by direct mail to all (or virtually all) of the class members, plus internet posting on Plaintiffs' website would more than satisfy what Rule 23(c) requires.[2]

Plaintiffs, however, have insisted that, notwithstanding the sufficiency of the steps described above, the class notice also be published in an issue of Touchback, a newsletter

---

[1] See also Silber v. Mabon, 18 F.3d 1449, 1451-52 (9th Cir. 1994) (notice through direct mailing to identified class members plus publication in two newspapers is sufficient to satisfy Rule 23); Elite Sportswear Prods., Inc. v. New York Life Ins. Co., No. 05-CV-5181, 2006 WL 3052703, at *6 (E.D. Pa. Oct. 24, 2006) (notice through direct mailings plus publication "exceeded" the requirements of due process).

[2] Plaintiffs must bear the costs of disseminating the class notice. See, e.g., Barahona-Gomez v. Reno, 167 F.3d 1229, 1236-37 (9th Cir. 1999) (plaintiffs usually bear the cost of disseminating the class notice); In re Wal-Mart Stores, 2008 WL 1990806, at *2 ("typically, the class representative determines the class members and has the burden of identifying the class"); Mortimer v. Baca, No. CV 00-13002 DDP, 2005 WL 3497817, at *4 (C.D. Cal. Dec. 20, 2005) (ordering defendants to compile lists of potential class members, but ordering plaintiffs to pay all costs).

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

3

JOINT CLASS NOTICE PROPOSAL AND DISSEMINATION PLAN
CA NO. C07 0943 WHA

Dallas 255941v1

distributed by Defendants several times per year to members of the NFLPA Retired Players Association, and also be posted on Defendants' website. These proposals go far beyond what is required by law, and appear to be nothing more than an attempt to harass Defendants.

Plaintiffs' proposed notice through the Touchback newsletter would not provide notice to a single class member who was not already sent a class notice pursuant to Plaintiffs' direct mailing since the exact same addresses would be used for both mailings. The newsletter would also be sent, however, to thousands of NFLPA Retired Players Association members who are not GLA Class members.[3] Courts routinely reject such "over-inclusive notice program[s]." DeHoyos v. Allstate Corp., 240 F.R.D. 269, 296 (W.D. Tex. 2007); In re "Agent Orange" Prod. Liability Litig., 818 F.2d 145, 169 (2d Cir. 1987).

Plaintiffs' attempt to harass Defendants is further highlighted by their insistence that Defendants post the class notice in "a prominent position on the first page of [Defendants'] website for the duration of the opt-out period." There is no reason to assume that posting the class notice anywhere on Defendants' website would reach a single GLA Class member not already covered by direct mailing or the class action website, but such notice would definitely reach countless individuals with no connection to this case. Such dissemination is not required by law. See Lamb, 59 F.R.D. at 41-42.

This is especially true where, as here, notice requirements can be satisfied through means that do not force Defendants to put objectionable speech on their own website or newsletter. See Sjoblom v. Charter Commc'ns, LLC, 07-CV-451-BBC, 2008 U.S. Dist. LEXIS 18369, at *4-5 (W.D.Wisc. Mar. 7, 2008) ("Defendants also object to posting notice at their worksites and on their intranet on the ground it violates their First Amendment right not to be compelled to speak on a subject to which they object... Although the notice in this case would contain politically neutral speech, I will not authorize these postings at this time."); cf. Pac. Gas

---

[3] According to Plaintiffs' Motion for Class Certification, the putative Retired Member Class – i.e., NFLPA Retired Players Association Members who did not sign GLAs – would have included over 3,500 members. (See Pls.' Mot. for Class Certification at 3, 15 (Mar. 14, 2008).) Defendants also note that the Touchback newsletter is issued only several times per year (e.g., it was issued three times in 2007), and there is no date certain for the next publication.

JOINT CLASS NOTICE PROPOSAL AND
4    DISSEMINATION PLAN
CA NO. C07 0943 WHA

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

Dallas 255941v1

1 & Elec. Co. v. Pub. Util. Comm'n, 475 U.S. 1, 9-18 (1986) (it is impermissible to force a
2 corporate entity to include a third party's newsletter in its own billing envelopes – such
3 "compelled access" alters the corporation's speech to conform with an agenda it has not set).[4]

4       In meeting and conferring with Defendants over this issue, Plaintiffs never once
5 denied that the direct mailing by itself would constitute adequate notice, and it appears that
6 Parrish, Adderley, and class counsel are again simply trying to use this litigation for political
7 purposes unrelated to this litigation, by broadcasting their asserted cause to members of the public
8 and active players, rather than directing their communications to the class, the only legitimate
9 purpose for such notice under Rule 23.[5]

10       \* \* \*

11       As a result of the parties' disagreement on dissemination of the class notice, the
12 parties hereby submit two separate proposed orders.

---

[4] Plaintiffs highlight the fact that Defendants have posted on their website news releases regarding this case. But Defendants' use of their website to disseminate information they believe appropriate to disclose to the general public is irrelevant to whether Defendants' website constitutes a necessary and appropriate means for Plaintiffs to disseminate information to GLA Class members.

[5] Even if there were any legitimate justification for posting the class notice on Defendants' website, it should not be posted on the front page, which is the entry point of all users of the site, virtually all of whom are not class members, i.e., active players and members of the public. This is in contrast to the Retired Player "Resources" page, which is targeted to retired players.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

5

JOINT CLASS NOTICE PROPOSAL AND
DISSEMINATION PLAN
CA NO. C07 0943 WHA

Dallas 255941v1

| | |
|---|---|
| 1 | Dated: May 15, 2008 |

Respectfully submitted,

*/s/ Jill C. Naylor*

Ronald S. Katz (SBN 085713)
Ryan S. Hilbert (SBN 210549)
Noel S. Cohen (SBN 219645)
MANATT, PHELPS & PHILLIPS, LLP
1001 Page Mill Road, Building 2
Palo Alto, CA 94304-1006
Telephone: (650) 812-1300
Facsimile: (650) 213-0260

Lewis T. LeClair, Esq.
Jill C. Naylor, Esq.
McKOOL SMITH, P.C.
300 Crescent Court
Dallas, TX 75201
214-978-4984
214-978-4044 (fax)

*Attorneys for Plaintiff*

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

6

JOINT CLASS NOTICE PROPOSAL AND
DISSEMINATION PLAN
CA NO. C07 0943 WHA

Dallas 255941v1

| | |
|---|---|
| 1 | |
| 2 | *[signature]* |
| 3 | Todd Padnos (Bar No. 208202) |
| | tpadnos@dl.com |
| 4 | DEWEY & LEBOEUF LLP |
| | One Embarcadero Center, Suite 400 |
| 5 | San Francisco, CA 94111 |
| | Telephone: (415) 951-1100 |
| 6 | Fax: (415) 951-1180 |
| 7 | Jeffrey L. Kessler (*pro hac vice*) |
| | jkessler@dl.com |
| 8 | David G. Feher (*pro hac vice*) |
| | dfeher@dl.com |
| 9 | David Greenspan (*pro hac vice*) |
| | dgreenspan@dl.com |
| 10 | DEWEY & LEBOEUF LLP |
| | 1301 Avenue of the Americas |
| 11 | New York, NY 10019 |
| | Telephone: (212) 259-8000 |
| 12 | Fax: (212) 259-6333 |
| 13 | Kenneth L. Steinthal (*pro hac vice*) |
| | kenneth.steinthal@weil.com |
| 14 | WEIL, GOTSHAL & MANGES LLP |
| | 201 Redwood Shores Parkway |
| 15 | Redwood Shores, CA 94065 |
| | Telephone: (650) 802-3000 |
| 16 | Fax: (650) 802-3100 |
| 17 | Bruce S. Meyer *(pro hac vice)* |
| | bruce.meyer@weil.com |
| 18 | WEIL, GOTSHAL & MANGES LLP |
| | 767 Fifth Avenue |
| 19 | New York, NY 10153 |
| | Telephone: (212) 310-8000 |
| 20 | Fax: (212) 310-8007 |
| 21 | *Attorneys for Defendants* |
| | *National Football League Players Association and* |
| 22 | *National Football League Players Incorporated* |
| | *d/b/a Players Inc* |

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

Dallas 255941v1

7

JOINT CLASS NOTICE PROPOSAL AND
DISSEMINATION PLAN
CA NO. C07 0943 WHA