```
 1                                         PAGES 1 - 12

 2                       UNITED STATES DISTRICT COURT

 3                     NORTHERN DISTRICT OF CALIFORNIA

 4                  BEFORE THE HONORABLE WILLIAM H. ALSUP

 5  BERNARD PAUL PARRISH, HERBERT,     )
    ANTHONY ADDERLEY, WALTER ROBERTS,  )
 6  III,                               )
                                       )
 7              PLAINTIFFS             )
                                       )
 8    VS.                              )  NO. C 07-00943 WHA
                                       )
 9  NATIONAL FOOTBALL LEAGUE PLAYERS   )
    ASSOCIATION AND NATIONAL FOOTBALL  )
10  LEAGUE PLAYERS INCORPORATED DBA    )
    PLAYERS INC.,                      )
11                                     )  SAN FRANCISCO, CALIFORNIA
                DEFENDANTS             )  WEDNESDAY
12                                     )  JUNE 11, 2008
    _____)
13
```

14                    **TRANSCRIPT OF PROCEEDINGS**

15  **APPEARANCES:**

16  **FOR PLAINTIFFS**          MANATT, PHELPS & PHILLIPS, LLP
                                1001 PAGE MILL ROAD, BUILDING TWO
17                              PALO ALTO, CALIFORNIA  94304
                          **BY: RYAN HILBERT, ESQUIRE**
18
                                MCKOOL SMITH
19                              300 CRESCENT COURT, SUITE 1500
                                DALLAS, TEXAS 75201
20                        **BY: LEWIS T. LECLAIR, ESQUIRE**

21  **FOR DEFENDANTS**          DEWEY & LEBOEUF, LLP
                                1301 AVENUE OF THE AMERICAS
22                              NEW YORK, NEW YORK  10019
                          **BY: DAVID G. FEHER, ESQUIRE**
23

24  *REPORTED BY:*   JOAN MARIE COLUMBINI, CSR 5435, RPR
                     OFFICIAL COURT REPORTER, U.S. DISTRICT COURT
25

| | |
|---|---|
| 1 | **PROCEEDINGS; WEDNESDAY, JUNE 11, 2008** |
| 2 | |
| 3 | **THE CLERK:** CALLING CIVIL ACTION C 07-943. IT'S |
| 4 | PARRISH VERSUS NATIONAL FOOTBALL LEAGUE. |
| 5 | COUNSEL, PLEASE STATE YOUR APPEARANCES. |
| 6 | **MR. LeCLAIR:** YOUR, HONOR, LEW LECLAIR AND RYAN |
| 7 | HILBERT ON BEHALF OF THE PLAINTIFFS. |
| 8 | **THE COURT:** ALL RIGHT. WELCOME BACK. |
| 9 | **MR. FEHER:** DAVID FEHER ON BEHALF OF THE DEFENDANTS. |
| 10 | I'M MR. KESSLER'S PARTNER. I HOPE YOU'LL EXCUSE ME FOR HIS |
| 11 | ABSENSE. |
| 12 | **THE COURT:** THAT'S FEHER, DID YOU SAY? |
| 13 | **MR. FEHER:** FEHER, F-E-H-E-R. |
| 14 | **THE COURT:** OKAY, MR. FEHER, YOU ARE MOST WELCOME. |
| 15 | ALL RIGHT. WE'RE HERE ON A DISCOVERY DISPUTE. |
| 16 | MR. LECLAIR, WHAT'S THE ISSUE? |
| 17 | **MR. LeCLAIR:** YOUR HONOR, THANK YOU. |
| 18 | I THINK THE PARTIES HAVE WORKED HARD TO RESOLVE |
| 19 | THEIR DISCOVERY DISPUTES IN THIS CASE, BUT THIS ONE WE SIMPLY |
| 20 | COULD NOT RESOLVE. AND IF I COULD JUST SPEND A MOMENT GIVING |
| 21 | YOU A BIT OF BACKGROUND ABOUT THIS? |
| 22 | OUR THEORY -- ONE OF OUR THEORIES OF THE CASE IS |
| 23 | THAT OF EACH DOLLAR OF LICENSING REVENUE, APPROXIMATELY |
| 24 | 40 PERCENT IS PAID AS AN EQUAL SHARE ROYALTY. WE CLAIM THAT |
| 25 | SHOULD HAVE GONE TO THE RETIRED PLAYERS. THEY, OBVIOUSLY, |

1  CLAIM IT SHOULDN'T HAVE, AND THAT'S A DISPUTE WE'LL HAVE.  BUT
2  60 PERCENT OF EACH DOLLAR OF LICENSING REVENUE GOES TO THE NFL
3  PA AND PLAYERS, INC., PRESUMABLY TO COVER THEIR OVERHEAD AND
4  OTHER COSTS.  AND WE HAVE AN EXPERT WHO SAYS THAT'S TOO HIGH.
5  AND WE ALSO HAVE AN EXPERT WHO SAYS PART OF THIS IS THAT
6  MR. UPSHAW'S COMPENSATION IS EXTRAORDINARILY HIGH.
7        WE HAVE SOME INFORMATION ABOUT MR. UPSHAW'S
8  COMPENSATION BOTH IN PUBLICLY FILED DOCUMENTS AND IN HIGHLY
9  CONFIDENTIAL FINANCIAL STATEMENTS, BUT WE DO NOT HAVE THE
10 INFORMATION TO SHOW US HOW MUCH HE WAS PAID EACH YEAR.
11       HE DOUBLE DIPS, IN OUR THINKING, BECAUSE HE TAKES A
12 BIG SALARY FROM THE NFL PA, THE UNION, AND A BIG SALARY FROM
13 PLAYERS, INC., AND HE GETS BONUSES.  WHAT WE DON'T KNOW IS HOW
14 MUCH IS HE PAID EACH YEAR IN SALARY, HOW MUCH IS HE PAID IN
15 SUPPOSED BONUS, HOW MUCH COMES FROM PLAYERS, INC., AND HOW MUCH
16 COMES FROM THE NFL PA.  AND THAT INFORMATION IS IMPORTANT TO US
17 TO UNDERSTAND AND TO HELP OUR EXPERT WHO IS OPINING THAT THIS
18 COMPENSATION -- THAT THE AMOUNT OF COMPENSATION IS TOO HIGH AND
19 THE TOTAL AMOUNT THAT IS TAKEN BY THE TWO DEFENDANTS
20 COLLECTIVELY TO TAKE -- TO TAKE MORE THAN 60 PERCENT OF EVERY
21 LICENSING DOLLAR IS, TO OUR WAY OF THINKING, OUTRAGEOUSLY HIGH,
22 AND THAT'S WHAT WE'RE TRYING TO PROVE.
23       SO THIS IS ONE FACT.  IT'S NOT THE ONLY FACT.  IT
24 MAY NOT BE THE MOST IMPORTANT FACT, BUT IT IS AN IMPORTANT
25 FACT, FOR US TO GET THE DETAILS YEAR-BY-YEAR OF EXACTLY HOW

1  MUCH IT IS THAT MR. UPSHAW IS MAKING FROM EACH ENTITY AND HOW
2  MUCH OF THAT IS DISCRETIONARY AND HOW MUCH OF IT IS FIXED, AND
3  THAT'S WHY WE WANTED TO SEE THESE EMPLOYMENT CONTRACTS OF
4  MR. UPSHAW.
5      AND YOUR HONOR CAN DECIDE WHATEVER RULES YOUR HONOR
6  WANTS TO DECIDE TO PROTECT THE CONFIDENTIALITY OF THE
7  INFORMATION. BUT IT IS, IN OUR WAY OF THINKING, RELEVANT AND
8  WE'RE ENTITLED TO SEE IT FOR PURPOSES OF HAVING ACCURATE
9  INFORMATION, AND THAT'S WHY WE'VE ASKED FOR THIS INFORMATION.
10     THEY HAVE ONLY RAISED ONE OBJECTION AT THE TIME OF
11 THESE REQUESTS, AND THAT WAS THEY RAISED AN OBJECTION THAT IT
12 WAS IRRELEVANT, AND THEN THEY CLAIM WE WERE ON SOME PUBLICITY
13 STUNT. THAT'S ALL THEY'VE SAID.
14     IT IS RELEVANT, IN OUR WAY OF THINKING. THEY DID
15 NOT RAISE ANY OTHER OBJECTION. AND FOR THAT REASON, WE ASK
16 YOUR HONOR TO GIVE US THOSE CONTRACTS.
17     THANK YOU.
18     **THE COURT:** ALL RIGHT, MR. FEHER, WHAT DO YOU SAY?
19     **MR. FEHER:** THANK YOU, YOUR HONOR.
20     I THINK THE MOST IMPORTANT THING ABOUT THESE
21 DOCUMENTS IS WHAT WE WERE DISCUSSING HERE, WHICH IS WHETHER OR
22 NOT THEY'RE RELEVANT. AND THE QUESTION ISN'T WHETHER OR NOT
23 THEY'RE RELEVANT TO SOME ARGUMENT THAT MR. LECLAIR MIGHT WANT
24 TO MAKE TO THE JURY TO STAMP HIS FEET AND SAY MR. UPSHAW IS
25 PAID TOO MUCH, WHETHER THEY'RE RELEVANT CLAIMS PLAINTIFFS HAVE

ASSERTED.

WHEN YOU LOOK AT THE CLAIMS PLAINTIFFS HAVE ASSERTED, THEY SAID THE RETIRED PLAYERS AREN'T GETTING AS MUCH MONEY AS THEY SHOULD. WHEN YOU LOOK AT THE DAMAGES ANALYSIS THAT THEIR EXPERT HAS ALREADY PUT IN, THE DAMAGES ANALYSIS IS SAYING THAT WHEN YOU LOOK AT THE REVENUES THAT COME IN, INSTEAD OF HOW THEY WERE ALLOCATED IN TERMS OF MONEY TO ACTIVE PLAYERS WITH CERTAIN OF CONTRACTS, APART FROM WHATEVER RETIRED PLAYERS SEPARATELY RECEIVED, THAT IT SHOULD BE DIVIDED EQUALLY AMONG THE ACTIVE PLAYERS AND RETIRED PLAYERS.

THE PROBLEM IS, IN TERMS OF THE CLAIM SAYING THE RETIRED PLAYERS SHOULD GET MORE, WHATEVER THE NFL PA OR PLAYERS, INC. DID WITH MONEY THAT CAME IN SEPARATELY, WHETHER THEY SPENT IT ON MR. UPSHAW'S CONTRACT OR THEY SPENT IT ON A NEW BUILDING, WHICH THEY DID RECENTLY WHEN THEY MOVED TO A NEW BUILDING, WHETHER THEY SPENT IT ON A NEW COFFEE MACHINE, THOSE ARE ALL JUST EXPENDITURES. IT HAS NOTHING TO DO WITH PLAINTIFFS' CLAIMS.

IN TERMS OF THE STATEMENT THAT NFL PA'S OVERHEAD IS TOO HIGH, WE'RE AT THE END OF DISCOVERY NOW. THIS IS THE LAST DISCOVERY DISPUTE BEFORE YOU. THEY HAD EVERY OPPORTUNITY TO ASK MR. UPSHAW ABOUT HIS COMPENSATION. NO QUESTIONS WERE ASKED. THEY HAD EVERY OPPORTUNITY, AND, ACTUALLY, THEY DID ASK QUESTIONS OF THE NFL PA'S 30(B)(6) DESIGNEE ON ACCOUNTING MATTERS, GLEN IYRE (PHONETIC) FROM THE INDEPENDENT ACCOUNTING

FIRM. MR. IYRE SAID THAT MR. UPSHAW'S COMPENSATION CAN'T BE TIED -- IT ISN'T TIED TO ANY FORM OF LICENSING REVENUES WHATSOEVER. IT'S COMPLETELY DISCONNECTED FROM THE CLAIMS HERE.

WHAT WE HAVE HERE, YOU KNOW, IN THE FINAL ANALYSIS IS JUST A REQUEST TO TRY TO GET INTO A SIDESHOW TO TRY TO GET INTO THINGS THAT HAVE NOTHING TO DO WITH PLAINTIFFS' CLAIMS, BUT, RATHER, SAY SOMEHOW MR. UPSHAW DID A BAD JOB AND IS PAID TOO MUCH. THAT IS JUST NOT FAIR GROUNDS FOR ARGUMENT IN THIS CASE.

IT'S NOT RELEVANT TO PLAINTIFFS' CLAIMS. BESIDES WHICH, IT TRULY DOES OPEN THE DOOR TO ISSUES THAT ARE SO FAR AFIELD FROM THE CLAIMS REMAINING IN THIS CASE AND THAT HAVE MUCH MORE TO DO WITH THE POLITICAL ISSUES THAT HAVE BEEN BEFORE THIS COURT IN PRIOR MOTIONS AND MATTERS THAT THIS COURT HAS ALREADY STRICKEN FROM THE CLAIMS, THAT IT'S SUCH A DIVERSION THAT IT REALLY MAKES NO SENSE AT ALL.

MR. UPSHAW'S PERFORMANCE, EVEN IF THEY WOULD LIKE TO ARGUE MR. UPSHAW HASN'T PERFORMED AS HOW HE SHOULD -- FIRST OFF, IT'S NOT CONNECTED TO CLAIMS. SECONDLY, IF WE GET INTO A BIG DISCUSSION AS TO HOW MR. UPSHAW PERFORMED, WE'RE GOING TO BE ARGUING ABOUT WHETHER OR NOT MR. UPSHAW'S GREAT PERFORMANCE IN THE 2006 COLLECTIVE BARGAINING NEGOTIATIONS WITH THE NFL OWNERS MORE THAN JUSTIFY HIS SALARY, TO THE POINT WHERE I THINK, AS YOUR HONOR KNOWS, THE NFL OWNERS AS A MATTER OF PUBLIC RECORD HAVE TERMINATED SOME FURTHER YEARS OF THE

```
 1  COLLECTIVE BARGAINING AGREEMENT.  THEY'RE ESSENTIALLY SAYING
 2  PUBLICLY MR. UPSHAW DID TOO GREAT A JOB ON BEHALF OF THE
 3  PLAYERS IN THE LAST NEGOTIATION.
 4            SO PLAINTIFFS HERE HAVE BEEN ARGUING THERE'S A
 5  SUDDEN INCREASE IN MR. UPSHAW'S SALARY IN 2007 AND IT'S
 6  INEXPLICABLE, SO, THEREFORE, IT SHOULD SOMEHOW BE FAIR GAME IN
 7  THIS TRIAL.  BUT THE REALITY IS IT HAS NOTHING TO DO WITH THE
 8  ISSUES IN THIS CASE.
 9            WE MADE AN IN CAMERA SUBMISSION OF THE EMPLOYMENT
10  CONTRACTS.  THERE'S NOTHING IN THE CONTRACTS THEMSELVES THAT'S
11  TIED IN ANY WAY, SHAPE OR FORM TO THE LICENSING REVENUE AT ALL,
12  MUCH LESS RETIRED PLAYER LICENSING REVENUE AT ALL.  RATHER,
13  IT'S JUST A DIVERSION INTO SIDE ISSUES THAT WILL JUST YIELD
14  DEBATE AND DISCUSSION ABOUT THINGS HAVING NOTHING TO DO WITH
15  THIS CASE.
16            IN TERMS OF SOME OF THE PARTICULARS, I DO WANT TO
17  NOTE, EVEN THOUGH IT IS COMPLETELY IRRELEVANT, AS A MATTER OF
18  FEDERAL LABOR LAW, MR. UPSHAW'S TOTAL COMPENSATION IS DISCLOSED
19  UNDER DEPARTMENT OF LABOR REGULATIONS.  THE TOTAL AMOUNTS ARE
20  THERE, SO THERE'S NO DISPUTE AS TO WHAT THE DOLLAR AMOUNTS ARE.
21  WHAT I THINK PLAINTIFFS ARE TRYING TO GET INTO IS THE DETAILS.
22            I THINK ALSO -- PART OF THE REASON WE'RE STANDING
23  HERE, AND I DON'T WANT TO ARGUE TOO MUCH ABOUT PRINCIPLE,
24  BECAUSE THIS IS A QUESTION AS TO WHAT'S RELEVANT OR NOT.  AT
25  THE SAME TIME, THERE'S MUCH MISCHIEF IF EMPLOYMENT AGREEMENTS
```

1  IN FULL OF A UNION HEAD ARE PRODUCIBLE IN A MANNER WHERE THEY
2  ARE NOT RELEVANT TO THE UNDERLYING CLAIMS.  THIS IS ESPECIALLY
3  THE CASE GIVEN THAT THE NFL PA IS IN THE MIDST OF COLLECTIVE
4  BARGAINING NEGOTIATIONS RIGHT NOW WITH THE NFL OWNERS.  SO
5  THAT'S A CONCERN AT LEAST TO BE NOTED HERE.
6           THERE'S ALSO A REFERENCE IN THE LETTERS THAT HAVE
7  BEEN SUBMITTED IN TERMS OF REALLOCATING MR. UPSHAW'S SALARY.
8  NOW, WE TOOK THAT TO MEAN THAT, IN EFFECT, PLAINTIFFS ARE
9  TRYING TO REDUCE MR. UPSHAW'S SALARY, JUST AS THEY MADE PUBLIC
10 STATEMENTS ALL ALONG IN THIS CASE THAT MR. UPSHAW IS OVERPAID.
11          DURING THE MEET AND CONFER IN THE ROOM -- I'M NOT
12 SURE IF DISAVOWED IS EXACTLY THE RIGHT WORD, BUT AT THE SAME
13 TIME PLAINTIFFS' COUNSEL INDICATED THAT'S NOT WHAT THEY
14 INTENDED, RATHER, IT RELATES SOMEHOW TO THEIR PROOF OF
15 REALLOCATION AND, I ASSUME, DAMAGES OF SOME SORT.
16          THE PROBLEM WITH THAT, AGAIN, IS IT'S DISCONNECTED
17 FROM ANY RELEVANCE TO THE CASE.  THEIR EXPERT REPORTS ARE
18 ALREADY IN.  THEIR EXPERT REPORTS ON DAMAGES DO WHAT THEY HAVE
19 BEEN CLAIMING SINCE THE BEGINNING, WHICH IS TO TAKE THE REVENUE
20 AND THEN DIVIDE IT AMONG ALL THE PLAYERS, INCLUDING THE RETIRED
21 PLAYERS.  THERE'S NO ANALYSIS OF OVERHEAD.  THERE'S NO ANALYSIS
22 OF EXPENSES.  IT JUST DOESN'T RELATE TO THE CLAIMS.
23          PLAINTIFFS HAVE HAD EVERY OPPORTUNITY TO PURSUE
24 THIS.  THEY HAVE NOT DONE SO.  IT'S REALLY A QUESTION OF, AT
25 THE VERY END OF DISCOVERY, MAKING A REQUEST FOR A VERY PERSONAL

1  DOCUMENT RELATING TO MR. UPSHAW'S EMPLOYMENT HISTORY.  WHILE IT

2  MAY BE BOILERPLATE, AT THE SAME TIME IT'S AN IMPORTANT

3  PRINCIPLE, AND GIVEN ITS COMPLETE IRRELEVANCE TO THE CLAIMS IN

4  THIS CASE, WE BELIEVE THERE'S REALLY NO POINT AT ALL TO BE

5  SERVED.

6         THE BURDEN IS THEIRS.  IT'S SENSITIVE EMPLOYMENT

7  DOCUMENTATION.  WE THINK THEY HAVEN'T COME CLOSE TO CARRYING

8  THEIR BURDEN, AND WE RESPECTFULLY REQUEST YOUR HONOR DENY THE

9  MOTION.

10        THANK YOU.

11        **THE COURT:**  MR. LECLAIR, ANY REBUTTAL?

12        **MR. LeCLAIR:**  I THINK ONE VERY IMPORTANT POINT, YOUR

13 HONOR.

14        MR. FEHER SAID -- I GUESS TWO POINTS.  HE SAID THAT

15 WE DISAVOWED SOMETHING IN OUR FILING, AND I WANT TO DISAGREE

16 WITH THAT.  WE DID NOT MAKE THE ARGUMENT.  WHAT WE SAID WAS

17 THEIR AMOUNT IS TOO HIGH, AND PART OF THAT IS MR. UPSHAW'S

18 SALARY, AND A GREATER PORTION SHOULD BE GOING TO THE PLAYERS,

19 NOT TO THESE UNION OFFICIALS AND OVERHEAD COSTS.  AND SO THAT'S

20 WHAT WE SAID, AND THAT'S WHAT WE MEANT, AND THAT'S WHAT WE'RE

21 STILL SAYING TO THE COURT.

22        THE SECOND POINT IS HE SAID THESE TOTAL AMOUNTS ARE

23 DISCLOSED, BUT, YOUR HONOR, WHAT'S IN THE LM 2'S, WHICH IS THE

24 ANNUAL REPORT, IS A SINGLE NUMBER THAT'S NOT BROKEN DOWN

25 BETWEEN PLAYERS, INC. AND THE NFL PA.  IT IS NOT BROKEN DOWN

BETWEEN SALARY AND BONUS. IT DOES NOT EXPLAIN EXACTLY THE BASIS ON WHICH HE IS PAID, WHETHER IT'S DISCRETIONARY OR CONTRACTUAL, OR WHAT IT IS, AND THAT'S THE REASON WHY WE ARE SEEKING THIS INFORMATION.

AND I WOULD NOTE THAT MOST OF WHAT MR. FEHER IS SAYING SEEMS TO ME TO BE PREMATURE. WHAT HE REALLY WANTS TO DO IS HAVE A MOTION IN LIMINE ABOUT SOME OF THE EVIDENCE WE WANT TO PUT ON AT TRIAL, BUT THAT'S NOT WHAT WE ARE HERE FOR TODAY. WE ARE JUST TRYING TO SEE THE EVIDENCE FOR PURPOSES OF ALLOWING OUR EXPERT TO HAVE ACCESS TO THE INFORMATION IN CONNECTION WITH THE REPORT ABOUT THE OVERHEAD BEING TOO HIGH.

**THE COURT:** A REPORT SHOULD HAVE ALREADY BEEN DONE.

**MR. LeCLAIR:** WE HAVEN'T FINISHED THE EXPERT REPORT PROCESS. AND ONE OF -- OUR EXPERT HAS ALREADY SAID THAT THESE AMOUNTS ARE HIGH.

**THE COURT:** ACCORDING TO MY THING, IT SAYS MAY 23RD WAS THE LAST DAY TO FILE EXPERT REPORTS.

**MR. LeCLAIR:** THEY HAVE TO FILE THEIR EXPERT REPORTS THE END OF THIS WEEK. THEN WE HAVE ANOTHER WEEK TO FILE REBUTTAL REPORTS. AND PART OF WHAT WE ARE DOING IS TRYING TO GET ACCESS TO THIS LAST PIECE OF INFORMATION WHICH MIGHT CAUSE US TO AMEND OUR EXPERT REPORT IF WE CAN GET ACCESS TO IT. THAT'S THE REASON WE ARE MAKING THE MOTION.

**THE COURT:** ALL RIGHT. THE MOTION TO COMPEL IS DENIED.

1     THE REASON IT'S DENIED IS THAT THE SALARY PAID TO
2 UPSHAW IS SO FAR REMOVED FROM THE ISSUES IN THIS CASE, THAT I
3 DON'T SEE ANY REASON TO INVADE HIS PRIVACY AND TRY MAKE HIM THE
4 ISSUE IN THIS CASE.
5     I CANNOT IMAGINE A SCENARIO WHERE WE SAY TO THE
6 JURY, YOU GO AND DECIDE WHETHER UPSHAW EARNS HIS MONEY OR NOT.
7 EITHER THE CONTRACT THAT YOU SHOWED ME THE OTHER DAY GIVES THE
8 PLAYERS SOME RIGHTS OR IT DOESN'T.  WE CERTIFIED A CLASS IN
9 ORDER TO FIND OUT IF THE PLAYERS HAVE SOME RIGHTS UNDER THAT
10 AGREEMENT AND THAT THEY'RE JUST BEING TOTALLY SCREWED BY THE
11 PLAYERS ASSOCIATION.  I CAN'T IMAGINE ANY SCENARIOS WHERE
12 UPSHAW'S SALARY TIES INTO THAT SOMEHOW, EVEN LESS SO WHETHER HE
13 EARNS IT OR NOT.
14     THE FACT IS THAT THEY NEGOTIATED A DEAL.  THAT'S
15 WHAT THEY'RE PAYING HIM.  THAT'S A CONTRACTUAL OBLIGATION THAT
16 THEY GOT TO MEET.  SO IF YOUR CASE DEPENDS UPON SHOWING THAT
17 UPSHAW IS GETTING OVERPAID, I THINK YOU'RE IN TROUBLE.  I WOULD
18 ADVISE YOU TO COME UP WITH A BETTER THEORY.
19     SO THIS MOTION IS DENIED.  I'M HANDING BACK THESE
20 THINGS YOU ASKED ME TO LOOK AT.  I DID REVIEW THEM IN CHAMBERS,
21 AND THEY HAVE NOTHING TO DO WITH THE ROYALTIES THAT ARE AT
22 STAKE IN THIS CASE.  IT DOES, FOR THE RECORD, LIST WHAT HIS
23 SALARY IS; THAT PART IS TRUE.  FOR THE REASONS STATED, THAT'S
24 NOT RELEVANT ENOUGH TO GET INTO.
25     OKAY.  THANK YOU, COUNSEL.

1          MR. FEHER, PLEASE SUBMIT A FORM OF ORDER THAT
2    CAPTURES WHAT THE RULING WAS.
3          **MR. FEHER:** THANK YOU, YOUR HONOR.
4          **THE COURT:** THANK YOU.
5          (PROCEEDINGS ADJOURNED.)

# **CERTIFICATE OF REPORTER**

I, JOAN MARIE COLUMBINI, OFFICIAL REPORTER FOR THE UNITED STATES COURT, NORTHERN DISTRICT OF CALIFORNIA, HEREBY CERTIFY THAT THE FOREGOING PROCEEDINGS IN CR 07-00943 WHA, BERNARD PARRISH, ET AL. V. NATIONAL FOOTBALL LEAGUE, ET AL., WERE REPORTED BY ME, A CERTIFIED SHORTHAND REPORTER, AND WERE THEREAFTER TRANSCRIBED UNDER MY DIRECTION INTO TYPEWRITING; THAT THE FOREGOING IS A FULL, COMPLETE AND TRUE RECORD OF SAID PROCEEDINGS AS BOUND BY ME AT THE TIME OF FILING.

THE VALIDITY OF THE REPORTER'S CERTIFICATION OF SAID TRANSCRIPT MAY BE VOID UPON DISASSEMBLY AND/OR REMOVAL FROM THE COURT FILE.

_____

JOAN MARIE COLUMBINI, CSR 5435, RPR

WEDNESDAY, JUNE 11, 2008