Todd Padnos (Bar No. 208202)
*tpadnos@dl.com*
DEWEY & LEBOEUF LLP
One Embarcadero Center, Suite 400
San Francisco, CA 94111
Tel: (415) 951-1100; Fax: (415) 951-1180

Jeffrey L. Kessler (*pro hac vice*)
*jkessler@dl.com*
David G. Feher (*pro hac vice*)
*dfeher@dl.com*
David Greenspan (*pro hac vice*)
*dgreenspan@dl.com*
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, NY 10019
Tel: (212) 259-8000; Fax: (212) 259-6333

Kenneth L. Steinthal (*pro hac vice*)
*kenneth.steinthal@weil.com*
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Tel: (650) 802-3000; Fax: (650) 802-3100

Bruce S. Meyer (*pro hac vice*)
*bruce.meyer@weil.com*
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000; Fax: (212) 310-8007

Attorneys for Defendants National Football League Players Association
and National Football League Players Incorporated d/b/a Players Inc

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| BERNARD PAUL PARRISH, HERBERT ANTHONY ADDERLEY, WALTER ROBERTS III,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION and NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a/ PLAYERS INC,<br><br>Defendants. | Case No. C 07 0943 WHA<br><br>**DEFENDANTS' MISCELLANEOUS ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

Defs.' Misc. Admin. Mot. To File Under Seal      Civ. Action No. C07 0943 WHA

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Civil Local Rules 79-5(d) and 7-11, Defendants National Football League Players Association ("NFLPA") and National Football League Players Incorporated ("Players Inc") hereby request to file under seal an unredacted version of Defendants' Motion for Summary Judgment and Exhibits 1-3, 6-12, 15-24, and 26-47 to the Declaration of David Greenspan in Support of Defendants' Motion for Summary Judgment ("Greenspan Declaration"). These Exhibits include documents designated by Defendants as "Confidential" or "Highly Confidential -- Attorneys' Eyes Only." Defendants further request that the redacted version of Defendants' Motion for Summary Judgment serve as the publicly available version of that document. The "good cause" for this Motion is set forth below.

Defendants submit that this Motion is narrowly tailored to respect the parties' confidentiality designations under the Protective Order in this action.

Pursuant to Civil L.R. 7-12, counsel for Defendants attempted to meet and confer with counsel for Plaintiffs regarding Defendants' Miscellaneous Administrative Motion to File Under Seal. Counsel for Plaintiffs would not stipulate to the filing of documents under seal solely on the basis that they had not yet reviewed the documents to be so filed (which is not possible until Defendants' submission is completed and the filing is made). See Declaration of Roy Taub ¶¶ 2-4 & Ex. 1. Finally, given the number and significance of the documents at issue, Defendants submit that good cause exists for permitting Defendants to file a motion in excess of five pages.

## MEMORANDUM

Pursuant to Civil L.R. 79-5, Defendants proffer the following showing of good cause in support of their request to file under seal.

### 1. Documents Regarding Defendants' Licensing Practices with Third Party Licensees – Exhibits 11, 21, 22, 26, 28-31, 40, 41, 43, and 44

The documents attached to the Greenspan Declaration as Exhibits 11, 21, 26, 28, 29, 30, and 31 are declarations submitted by Linda Castillon, Vice President of Licensing of Fathead LLC, Joel Linzner, the Executive Vice President of Business and Legal Affairs of

Electronic Arts Inc. ("EA"), Warren Friss, Vice President and Entertainment General Manager of Topps Company, Inc. ("Topps"), Adam Sullins, Vice President and General Counsel of the Upper Deck Company, LLC ("Upper Deck"), Jason Brenner, Program Director of MBI, Incorporated ("MBI"), Christine Finch, President of the Entertainment and Licensing Division of TMP International, Inc. ("Todd McFarlane), and Steve Byrd, Executive Vice President of Sales & Marketing of STATS LLC, and respectively.

The documents attached to the Greenspan Declaration as Exhibits 22, 40, 41, 43, and 44 are license agreements (or excerpts of license agreements) between Defendants and various third-party licensees. These documents are confidential for the same reasons that the Court previously found good cause to file these documents and similar documents relating to Defendants' licensing business under seal. See Order Sealing Confidential Documents (Rec. Doc. 144) (Oct. 3, 2007); Order Granting Mot. to File Docs. Under Seal (Rec. Doc. 159) (Oct. 15, 2007); Order Granting Defs.' Misc. Admin. Mot. to File Under Seal Certain Confidential Information Filed by Pls. (Rec. Doc. 188) (Nov. 26, 2007); Order Granting in Part and Denying in Part Mots. to Seal (Rec. Doc. 255) (April 7, 2008); Declaration of Gene Upshaw ¶¶ 7-8 (Rec. Doc. 187) (Nov. 21, 2007) ("Upshaw Decl.").

Specifically, Exhibits 22, 40, 41, 43, and 44 are non-public, commercial documents (or excerpts thereof), the terms of which are trade secrets. The confidential terms contained in these documents include the specific price terms of the agreements (including the precise amounts and timing of the guaranteed payments and royalties), the specific scope of the rights granted and the services to be rendered under the agreements, the terms and conditions of payment, and the various contingencies and other contractual terms between the parties that Players Inc and the respective licensee negotiated. Exhibits 11, 21, 26, and 28-31 should be filed under seal because they contain such commercially and competitively sensitive business information related to Defendants' and third-party licensees' licensing business.

Defendants would be seriously harmed if these documents were publicly filed because the terms of those confidential agreements would become publicly available to other licensees and licensors that compete in the marketplace. These third parties are sure to alter their

-2-

business behavior in negotiations with Defendants if they became aware of the terms of Defendants' license agreements with its third-party licensees. This would severely harm Defendants' bargaining positions, and cause substantial competitive and commercial injury to Defendants. See Upshaw Decl. ¶ 4.[1]

For all of these reasons, there is more than sufficient good cause for filing Exhibits 11, 21, 22, 26, 28-31, 40, 41, 43, and 44 under seal.[2]

### 2. Information Regarding the Terms of Licensing of Retired Players – Exhibits 17, 19, 23, and 24

The documents attached to the Greenspan Declaration as Exhibits 17, 19, 23, and 24 contain information regarding the terms of licensing of specific retired players, almost all of whom (with the sole exception of Herbert Adderley) are not named parties to this action. These documents specify or summarize the terms of licensing or marketing agreements, such as the amounts paid to the players, the amounts (if any) paid to Players Inc, and details of the licensing activity.

As with the documents regarding Defendants' licensing practices with third-party licensees, see discussion of Exhibits 11, 21, 22, 26, 28-31, 40, 41, 43, and 44, supra, these documents are non-public, commercial documents and contain confidential information and trade secrets, public disclosure of which would seriously harm Defendants and their non-party

---

[1] Public disclosure of the terms of Defendants' license agreements would similarly harm third-party licensees. See Declaration of Joel Linzner ¶ 3 (Rec. Doc. 186) (Nov. 21, 2007) ("[P]ublic disclosure of this information would harm competition by divulging to EA's and Players Inc's competitors the confidential price and other terms that EA and Players Inc negotiated in these contracts. The harm to EA and others from public disclosure of these documents would be severe and immediate.").

[2] See Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1131 n.4 (9th Cir. 2003) (documents containing "trade secrets, financial information, and confidential information about third parties" satisfy the "good cause" standard); Johnson Controls, Inc. v. Phoenix Control Sys., Inc., 886 F.2d 1173, 1176 (9th Cir. 1989) (protecting by seal information containing a party's trade secrets); Reilly v. MediaNews Group Inc., No. C 06-04332 SI, 2007 WL 196682, at *4 (N.D. Cal. Jan. 24, 2007) (filing under seal information that might allow competitors to anticipate future actions taken by defendants or that might help the bargaining position of companies that negotiate with defendants).

-3-

licensees. See Upshaw Decl. ¶ 4. For all of these reasons, there is more than sufficient good cause for filing these documents under seal.[3]

### 3. Commercial Agreements Between the NFLPA and Players Inc – Exhibits 32, 33, 35, 36, and 38

The document attached to the Greenspan Declaration as Exhibit 32 is an agreement between Players Inc and the NFLPA ("Players Inc/NFLPA Agreement") concerning various business matters including an NFLPA grant of rights to Players Inc in connection with Players Inc's licensing activities. The document attached to the Greenspan Declaration as Exhibit 35 is the predecessor agreement to the Players Inc/NFLPA Agreement and also concerns various business matters relating to Players Inc's licensing activities. The document attached to the Greenspan Declaration as Exhibit 38 is an independent evaluation of various business matters set forth in the Players Inc/NFLPA Agreement. The document attached to the Greenspan Declaration as Exhibit 36 is an amendment to the Players Inc/NFLPA Agreement ("Amendment") regarding a redistribution of certain funds under the Players Inc/NFLPA Agreement.[4] And finally, the document attached as Exhibit 33 is a series of internal memoranda also regarding the distribution of certain funds under the Players Inc/NFLPA Agreement.

These documents are confidential commercial agreements between Players Inc and the NFLPA regarding the business arrangements of these companies, or are documents explaining or describing those business arrangements. The terms of these agreements include descriptions of revenue amounts received by Defendants pursuant to their licensing agreements with certain licensees, as well as the method by which such revenue is distributed. These

---

[3] The Court has previously found that there is "good cause" for filing under seal similar documents related to retired player licensing. See e.g., Order Granting Defs.' Misc. Admin. Mot. to File Under Seal, (Rec. Doc. 226) (Mar. 24, 2008).

[4] This Court has previously found that there is "good cause" for filing under seal the NFLPA/Players Inc Agreement and Amendment. See Order Sealing Confidential Docs. at 2 (Rec. Doc. 144) (Oct. 3, 2007); Order Granting Defs.' Misc. Admin. Mot. to File Under Seal Certain Confidential Information Filed by Pls. (Rec. Doc. 188) (Nov. 26, 2007).

-4-

Defs.' Misc. Admin. Mot. To File Under Seal            Civ. Action No. C07 0943 WHA

documents also describe the distribution of revenue received from third parties, such as NFL Properties, Inc., and certain trading card companies.

The specific terms of these commercial agreements have not been made public and constitute trade secrets regarding the operation of Defendants' licensing businesses. Public disclosure of these agreements would reveal to Defendants' competitors, counter-contracting parties, and potential counter-contracting parties detailed financial information relating to the operations of Defendants' licensing businesses and contractual arrangements with third parties. Such information could cause these entities to change their business behavior to Defendants' commercial disadvantage. Upshaw Decl., at ¶¶ 7-8. Accordingly, there is good cause to file these documents under seal.[5]

### 4. NFLPA's FY 2007 Annual Financial Report – Exhibit 39

The document attached to the Greenspan Declaration as Exhibits 39 is an excerpt of the NFLPA's Fiscal Year 2007 Annual Financial Report. This financial report, which has not been disseminated to the public, contains sensitive and confidential information regarding Defendants' consolidated finances and business practices, including matters not involving player licensing. For the same reasons as discussed above, Defendants would be seriously harmed by the public disclosure of such sensitive internal information. Accordingly, there is good cause to file Exhibit 39 under seal.

### 5. Plaintiffs' Expert Reports Referencing Defendants' Confidential Information – Exhibits 16 and 20

The documents attached to the Greenspan Declaration as Exhibits 16 and 20 are excerpts of reports by Philip Y. Rowley and Daniel A. Rascher, respectively. Messrs. Rowley

---

[5] See Cal. Serv. Employees Health & Welfare Trust Fund v. Advance Bldg. Maint., No. C06-3078 CW (BZ), 2007 WL 2669823, at *1-2 (N.D. Cal. Sept. 7, 2007) (protecting information relating to defendant's accounts receivables and outgoing payments as trade secrets that could provide its competitors advantages in the marketplace); Navarro v. Eskanos & Adler, et al., No. C-06-02231 WHA (EDL), 2007 U.S. Dist. LEXIS 24864, at *16-17 (N.D. Cal. March 22, 2007) (protecting information that reveals the ways in which a party runs its business and thereby maintains its competitive advantage); Reilly, 2007 U.S. Dist. LEXIS 8139, at *14 (filing under seal information regarding financial information, including past and present revenues because it might affect future business dealings).

Defs.' Misc. Admin. Mot. To File Under Seal                    Civ. Action No. C07 0943 WHA

and Rascher are experts Plaintiffs have retained in this matter. These reports contains the very same confidential information described above, including explanations of Players Inc's internal business practices with respect to retired player licensing. Public disclosure of these reports would therefore cause competitive and commercial harm to both Defendants and to its non-party licensees. Accordingly, there is good cause to file Exhibits 16 and 20 under seal.

### 6. Expert Report of Roger Noll – Exhibit 18

Attached to the Greenspan Declaration as Exhibit 18 is an excerpt of the Report of Professor Roger Noll, an expert Defendants have retained in this matter. Professor Noll's report contains the same type of confidential information described above, including discussion of Players Inc's internal business practices and transactions with individual licensees. Public disclosure of this declaration would cause competitive and commercial harm to both Defendants and to its non-party licensees. Accordingly, there is good cause to file Professor Noll's report under seal.

### 7. Declaration of Roger Noll – Exhibit 12

The document attached to the Greenspan Declaration as Exhibit 12 is the declaration of Professor Roger Noll, an expert Defendants have retained in this matter. Professor Noll's declaration contains the same type of confidential information described above, including discussion of Players Inc's internal business practices and transactions with individual licensees. Public disclosure of this declaration would cause competitive and commercial harm to Defendants. Accordingly, there is good cause to file Professor Noll's declaration under seal.

### 8. Declaration of Andrew Feffer – Exhibit 15

The document attached to the Greenspan Declaration as Exhibit 15 is the Declaration of Andrew Feffer, Executive Vice President and Chief Operating Officer of Players Inc. Mr. Feffer's declaration contains the same type of confidential, commercial information described above including descriptions and explanations of both the financial and non-financial terms of ad hoc agreements between Players Inc's third-party licensees and retired players who are not parties to this action. Thus, for the same reasons stated above, public disclosure of Mr.

Defs.' Misc. Admin. Mot. To File Under Seal　　　　　　　　　　　　Civ. Action No. C07 0943 WHA

Feffer's affidavit would cause competitive and commercial harm to Defendants and non-party licensees, and there is good cause for filing Exhibit 15 under seal.[6]

### 9. Plaintiffs' Interrogatory Responses Referencing Defendants' Confidential Information – Exhibits 42 and 45

The documents attached to the Greenspan Declaration as Exhibits 42 and 45 are Plaintiffs' Responses and Objections to Defendants' Third Set of Interrogatories and Plaintiffs' Responses and Objections to Defendants' First Set of Interrogatories, respectively. These Responses contain the confidential, commercial information of Defendants including descriptions and explanations of Players Inc's internal business practices with respect to retired player licensing, including the distribution of certain funds under the Players Inc/NFLPA Agreement. Thus, for the reasons stated above there is good cause for filing these documents under seal.

### 10. Defendants' Interrogatory Responses Referencing Defendants' Confidential Information – Exhibit 46

The document attached to the Greenspan Declaration as Exhibit 46 is Defendants' Responses and Objections to Plaintiffs' Third Set of Interrogatories. These Responses contain the confidential, commercial information described above, including descriptions and explanations of Players Inc's internal business practices with respect to retired player licensing, including the distribution of certain funds under the Players Inc/NFLPA Agreement. Thus, for the reasons stated above there is good reason to file Exhibit 46 under seal.

### 11. Plaintiffs' Opposition to Defendants' Petition for Permission to Appeal Class Certification Order– Exhibit 47

Plaintiffs' Opposition to Defendants' Petition for Permission to Appeal Class Certification Order, which is attached to the Declaration of David Greenspan as Exhibit 47, contains the very same confidential information described above, including explanations of Players Inc's internal business practices with respect to retired player licensing. Public

---

[6] The Court previously found that there is good cause for filing under seal Mr. Feffer's Declaration. See e.g., Order Granting Mot. to File Docs. Under Seal (Rec. Doc. 159) (Oct. 15, 2007).

-7-

Defs.' Misc. Admin. Mot. To File Under Seal                          Civ. Action No. C07 0943 WHA

disclosure of Exhibit 47 would therefore cause competitive and commercial harm to both Defendants and to its non-party licensees. Accordingly, there is good cause to file Exhibit 47 under seal.

**12. Excerpts of Deposition Transcripts – Exhibits 2, 3, 6-10, 27, 34, and 37**

The documents attached to the Declaration of David Greenspan as Exhibits 2, 3, 6-10, 27, 34, and 37 are excerpts of deposition testimony given in this action that have been designated "Confidential" or "Highly Confidential - Attorneys' Eyes Only" by Defendants.

Defendants request to file these deposition transcript excerpts under seal because they contain testimony describing the confidential, commercial information described above, including, for example:

- Descriptions and explanations of the terms of Players Inc's license agreements with non-party licensees;
- Verbatim recitations of terms of the Players Inc/NFLPA Agreement, and descriptions and explanations of such terms; and
- Descriptions and explanations of Players Inc's internal business practices with respect to retired player licensing.

Thus, for the same reasons stated above, public disclosure of this deposition testimony would cause competitive and commercial harm to Defendants and to non-party licensees and there is good cause for filing Exhibits 2, 3, 6-10, 27, 34, and 37 under seal. See Upshaw Decl. ¶ 9.

**13. An Unredacted Version of the Third Amended Complaint ("TAC") – Exhibit 1**

The unredacted version of the TAC contains the very same confidential information described above, including explanations of Players Inc's internal business practices with respect to retired player licensing. Public disclosure of an unredacted version of the TAC would therefore cause competitive and commercial harm to both Defendants and to its non-party licensees. Accordingly, there is good cause to file under seal the TAC, and for only Plaintiffs' redacted version made publicly available.[7]

---

[7] This Court has previously found that there is "good cause" for filing under seal the TAC and for making publicly available only Plaintiffs' redacted version. See Order Granting Defs.' Misc.

-8-

### 14. An Unredacted Version of Defendants' Motion

Defendants' Motion contains much of the very same confidential information described above, including extensive quotations and descriptions of the License Agreements, the Players Inc/NFLPA Agreement and Amendment thereto, and the deposition testimony of Defendants' current and former employees and agents. Public disclosure of an unredacted version of the Motion would therefore cause competitive and commercial harm to both Defendants and to its non-party licensees. Accordingly, there is good cause to file the Motion under seal, and for only Defendants' redacted version made publicly available.

### **CONCLUSION**

For the reasons stated above, Defendants respectfully request that this Court grant this Miscellaneous Administrative Motion to File under Seal.

Date: June 13, 2008

DEWEY & LeBOEUF LLP

BY: __/s/ David G. Feher_____

David G. Feher
*Attorneys for Defendants*

---

Admin. Mot. to File Under Seal Certain Confidential Information Filed by Pls. (Rec. Doc. 188) (Nov. 26, 2007).

-9-
Defs.' Misc. Admin. Mot. To File Under Seal					Civ. Action No. C07 0943 WHA