Todd Padnos (Bar No. 208202)
*tpadnos@dl.com*
DEWEY & LEBOEUF LLP
One Embarcadero Center, Suite 400
San Francisco, CA 94111
Tel: (415) 951-1100; Fax: (415) 951-1180

Jeffrey L. Kessler (*pro hac vice*)
*jkessler@dl.com*
David G. Feher (*pro hac vice*)
*dfeher@dl.com*
David Greenspan (*pro hac vice*)
*dgreenspan@dl.com*
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, NY 10019
Tel: (212) 259-8000; Fax: (212) 259-6333

Kenneth L. Steinthal (*pro hac vice*)
*kenneth.steinthal@weil.com*
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Tel: (650) 802-3000; Fax: (650) 802-3100

Bruce S. Meyer (*pro hac vice*)
*bruce.meyer@weil.com*
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000; Fax: (212) 310-8007

Attorneys for Defendants National Football League Players Association
and National Football League Players Incorporated d/b/a Players Inc

Dewey & LeBoeuf LLP
One Embarcadero Center, Suite 400
San Francisco, CA 94111

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| BERNARD PAUL PARRISH, HERBERT ANTHONY ADDERLEY, WALTER ROBERTS III,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION and NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a/ PLAYERS INC,<br><br>Defendants. | Case No. C 07 0943 WHA<br><br>**DECLARATION OF DAVID GREENSPAN IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

---

Declaration of David Greenspan In Further Support of
Defendants' Motion for Summary Judgment

Civ. Action No. C07 0943 WHA

# **DECLARATION OF DAVID GREENSPAN**

I, David Greenspan, hereby declare as follows:

1. I am an attorney with Dewey & LeBoeuf LLP, attorneys for Defendants National Football League Players Association ("NFLPA") and National Football League Players Incorporated d/b/a Players Inc ("Players Inc") in this action. I am a member of the bar of the State of New York and my *pro hac vice* application in this matter was granted by the Court on August 3, 2007. I make this Declaration in support of Defendants' Motion for Summary Judgment. I have personal knowledge of each of the facts stated herein, and if called to testify, could and would testify completely hereto.

2. Attached hereto as Exhibit 1 is a true and correct copy of excerpts of the transcript of the deposition of Herbert Adderley, dated February 20, 2008.

3. Attached hereto as Exhibit 2 is a true and correct copy of a license agreement between STATS LLC and Players Inc dated March 1, 2007, which was produced by Defendants in this action.

4. Attached hereto as Exhibit 3 is a true and correct copy of the NFL Sponsorship and Internet Agreement between the NFL Properties, Inc. and Players Inc, dated January 24, 2001, which was produced by Defendants in this action.

5. Attached hereto as Exhibit 4 is a true and correct copy of excerpts of the NFL Collective Bargaining Agreement 2006-2012, dated March 8, 2006.

6. Attached hereto as Exhibit 5 is a true and correct copy of excerpts of the transcript of the deposition of Chairman of Players Inc and Executive Director of the NFLPA Gene Upshaw, dated February 13, 2008.

7. Attached hereto as Exhibit 6 is a true and correct copy of a letter from Jason Clark to Lew LeClair, dated May 28, 2008.

8. Attached hereto as Exhibit 7 is a true and correct copy of excerpts of the transcript of the deposition of NFLPA General Counsel Richard A. Berthelsen, dated May 13, 2008.

Dewey & LeBoeuf LLP
One Embarcadero Center, Suite 400
San Francisco, CA 94111

**Dewey & LeBoeuf LLP**
One Embarcadero Center, Suite 400
San Francisco, CA 94111

1      9.   Attached hereto as Exhibit 8 is a true and correct copy of excerpts of the

2  transcript of the Rule 30(b)(6) deposition of Joel Linzner, dated February 8, 2008.

3      10.  Attached hereto as Exhibit 9 is a true and correct copy of excerpts of the

4  transcript of the Rule 30(b)(6) and individual deposition of NFLPA Staff Counsel Joseph H.

5  Nahra, dated April 16, 2008.

6      11.  Attached hereto as Exhibit 10 is a true and correct copy of the Rebuttal Report

7  of Philip Y. Rowley, dated June 27, 2008.

8      12.  Attached hereto as Exhibit 11 is a true and correct copy of the Expert Reply

9  Report of Daniel A. Rascher, dated June 26, 2008.

10      13.  Attached hereto as Exhibit 12 is a true and correct copy of excerpts of the

11  transcript of the deposition of former President of Players Inc and Assistant Executive Director

12  of the NFLPA Doug Allen, dated September 7, 2007.

13      I declare under penalty of perjury under the laws of the United States of America

14  that the foregoing is true and correct.

15

16  Dated:  July 10, 2008

                             _____/s/_____

17                                David Greenspan

18

19

20

21

22

23

24

25

26

27

28

Declaration of David Greenspan In Further Support of          Civ. Action No. C07 0943 WHA
Defendants' Motion for Summary Judgment

# EXHIBIT 1

**Case No. C 07 0943 WHA**

**Bernard Paul Parrish, et al. v. National Football League Players Association, et al.**

Page 1

```
 1        IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF CALIFORNIA
 2            SAN FRANCISCO DIVISION
                  -   -   -
 3   BERNARD PAUL PARRISH, :   CIVIL ACTION
     HERBERT ANTHONY       :
 4   ADDERLEY, and WALTER  :
     ROBERTS, III, on      :
 5   behalf of themselves  :
     and all others        :
 6   similarly situated,   :
            Plaintiffs     :
 7                         :
                           :
 8            v.           :
                           :
 9   NATIONAL FOOTBALL     :
     LEAGUE PLAYERS        :
10   ASSOCIATION; a        :
     Virginia Corporation  :
11   and NATIONAL FOOTBALL :
     LEAGUE PLAYERS, INC., :
12   d/b/a PLAYERS, INC.,  :
     a Virginia corporation:
13          Defendants     :   JOB NO. 200714
                              -   -   -
14
                    February 20, 2008
15
                        -   -   -
16
            Videotape deposition of HERBERT
17   ANTHONY ADDERLEY, held in the offices of
     Blank Rome, One Logan Square, 9th Floor,
18   Philadelphia, Pennsylvania 19103,
     commencing at 8:30 a.m. on the above
19   date, before Teresa M. Beaver, a
     Federally-Approved Registered
20   Professional Reporter and a Notary Public
     in the Commonwealth of Pennsylvania.
21                      -   -   -

22            ESQUIRE DEPOSITION SERVICES
                   Four Penn Center
23                1600 JFK Boulevard
                     12th Floor
24         Philadelphia, Pennsylvania 19103
                   (215) 988-9191
```

ORIGINAL

```
 1   A P P E A R A N C E S  :

 2

             MANATT, PHELPS & PHILLIPS, LLP
 3           BY:  RONALD S. KATZ, ESQUIRE
             1001 Page Mill Road
 4           Building 2
             Palo Alto, California  94304
 5           (650)  812-1346
             rkatz@manatt.com
 6                     and
             MANATT, PHELPS & PHILLIPS, LLP
 7           BY:  NOEL S. COHEN, ESQUIRE
             11355 W. Olympic Boulevard
 8           Los Angeles, California  90064
             (310)  312-4388
 9           ncohen@manatt.com
             Counsel for the Plaintiffs
10

11           DEWEY & LeBOEUF
             BY:  JEFFREY L. KESSLER, ESQUIRE
12                     and
                 MOLLY M. DONOVAN, ESQUIRE
13           1301 Avenue of the Americas
             New York, New York  10019-6092
14           (212)  259-7394
             jkessler@dl.com
15           mmdonovan@dl.com
             Counsel for the Defendants
16
                     -   -   -
17

18

19

20

21

22

23

24
```

1      agreement?

2                MR. KATZ:  Same objection.

3           Same instruction.

4                THE WITNESS:  Because it

5           didn't have anything to do with

6           the lawsuit, with the group

7           licensing agreement and the escrow

8           fund set aside.

9      BY MR. KESSLER:

10          Q.    This complaint says nothing

11     about the escrow fund; right?

12          A.    No.

13          Q.    Okay.  What did you think,

14     when your lawsuit was first filed, first

15     filed, what claim did you think you were

16     asserting, sir?

17          A.    I was thinking that this

18     referred to the agreement that I signed

19     with player's name with Reebok, that I

20     didn't get paid for, I couldn't get any

21     acknowledgement from, in the beginning.

22          Q.    That's what you thought this

23     was about?

24          A.    Yeah.

1            MR. KATZ:  Object.

2    BY MR. KESSLER:

3        Q.    But there's nothing in here

4    about that; right?

5        A.    Right.

6            MR. KATZ:  Object.

7    BY MR. KESSLER:

8        Q.    Did you have any discussion

9    with Mr. Parrish about the fact that he

10   did not sign a group license agreement?

11       A.    No, I didn't.

12       Q.    Let me show you next the

13   Second Amended Complaint in this case.

14            Mr. Parrish, I take it from

15   your earlier testimony, you never saw

16   this document before it was filed;

17   correct?

18            OMR. COHEN:  This is not

19       Mr. Parrish.

20   BY MR. KESSLER:

21       Q.    I'm sorry.  Mr. Adderley,

22   you never saw this document before it was

23   filed; correct?

24       A.    No.

1                C E R T I F I C A T E

2

3          I hereby certify that the

4    proceedings and evidence noted are

5    contained fully and accurately in the

6    notes taken by me on the deposition of

7    the above matter, and that this is a

8    correct transcript of the same.

9

10

11

12

13

14          *Teresa M. Beaver*

15              Teresa M. Beaver, RPR

16

17

18          (The foregoing certification of

19   this transcript does not apply to any

20   reproduction of the same by any means,

21   unless under the direct control and/or

22   supervision of the certifying shorthand

23   reporter.)

24

# EXHIBIT 2

## FILED UNDER SEAL

Case No. C 07 0943 WHA

<u>Bernard Paul Parrish, et al. v. National Football League Players Association, et al.</u>

# EXHIBIT 3

# FILED UNDER SEAL

Case No. C 07 0943 WHA

_Bernard Paul Parrish, et al. v. National Football League Players Association, et al._

# EXHIBIT 4

Case No. C 07 0943 WHA

__Parrish v. National Football League Players Association, et al.__



# NFL
# COLLECTIVE
# BARGAINING
# AGREEMENT
## 2006-2012

COLLECTIVE BARGAINING AGREEMENT
BETWEEN
THE NFL MANAGEMENT COUNCIL
AND
THE NFL PLAYERS ASSOCIATION
March 8, 2006



**NFL PLAYERS**
ASSOCIATION



# PREAMBLE

This Agreement, which is the product of bona fide, arm's length collective bargaining, is made and entered into as of the 8th day of March, 2006, in accordance with the provisions of the National Labor Relations Act, as amended, by and between the National Football League Management Council ("Management Council" or "NFLMC"), which is recognized as the sole and exclusive bargaining representative of present and future employer member Clubs of the National Football League ("NFL" or "League"), and the National Football League Players Association ("NFLPA"), which is recognized as the sole and exclusive bargaining representative of present and future employee players in the NFL in a bargaining unit described as follows:

1.    All professional football players employed by a member club of the National Football League;

2.    All professional football players who have been previously employed by a member club of the National Football League who are seeking employment with an NFL Club;

3.    All rookie players once they are selected in the current year's NFL College Draft; and

4.    All undrafted rookie players once they commence negotiation with an NFL Club concerning employment as a player.

# APPENDIX C
# NFL PLAYER CONTRACT

THIS CONTRACT is between _____,
hereinafter "Player," and_____,
a _____ corporation
(limited partnership) (partnership), hereinafter "Club," operating under
the name of the _____
as a member of the National Football League, hereinafter "League." In con-
sideration of the promises made by each to the other, Player and Club agree
as follows:

1.　　TERM. This contract covers _____ football season(s), and
will begin on the date of execution or March 1, _____, whichever is
later, and end on February 28 or 29, _____, unless extended, termi-
nated, or renewed as specified elsewhere in this contract.

2.　　EMPLOYMENT AND SERVICES. Club employs Player as a
skilled football player. Player accepts such employment. He agrees to give
his best efforts and loyalty to the Club, and to conduct himself on and off
the field with appropriate recognition of the fact that the success of profes-
sional football depends largely on public respect for and approval of those
associated with the game. Player will report promptly for and participate
fully in Club's official mandatory minicamp(s), official pre-season training
camp, all Club meetings and practice sessions, and all pre-season, regular
season and postseason football games scheduled for or by Club. If invited,
Player will practice for and play in any all-star football game sponsored by
the League. Player will not participate in any football game not sponsored
by the League unless the game is first approved by the League.

3.　　OTHER ACTIVITIES. Without prior written consent of the
Club, Player will not play football or engage in activities related to football
otherwise than for Club or engage in any activity other than football which
may involve a significant risk of personal injury. Player represents that he
has special, exceptional and unique knowledge, skill, ability, and experi-
ence as a football player, the loss of which cannot be estimated with any cer-
tainty and cannot be fairly or adequately compensated by damages. Player
therefore agrees that Club will have the right, in addition to any other right
which Club may possess, to enjoin Player by appropriate proceedings from
playing football or engaging in football-related activities other than for Club
or from engaging in any activity other than football which may involve a sig-
nificant risk of personal injury.

4.　　PUBLICITY AND NFLPA GROUP LICENSING PROGRAM.
(a)　　Player grants to Club and the League, separately and together,



the authority to use his name and picture for publicity and the promotion of NFL Football, the League or any of its member clubs in newspapers, magazines, motion pictures, game programs and roster manuals, broadcasts and telecasts, and all other publicity and advertising media, provided such publicity and promotion does not constitute an endorsement by Player of a commercial product. Player will cooperate with the news media, and will participate upon request in reasonable activities to promote the Club and the League. Player and National Football League Players Association, hereinafter "NFLPA," will not contest the rights of the League and its member clubs to telecast, broadcast, or otherwise transmit NFL Football or the right of NFL Films to produce, sell, market, or distribute football game film footage, except insofar as such broadcast, telecast, or transmission of footage is used in any commercially marketable game or interactive use. The League and its member clubs, and Player and the NFLPA, reserve their respective rights as to the use of such broadcasts, telecasts or transmissions of footage in such games or interactive uses, which shall be unaffected by this subparagraph.

(b)     Player hereby assigns to the NFLPA and its licensing affiliates, if any, the exclusive right to use and to grant to persons, firms, or corporations (collectively "licensees") the right to use his name, signature facsimile, voice, picture, photograph, likeness, and/or biographical information (collectively "image") in group licensing programs. Group licensing programs are defined as those licensing programs in which a licensee utilizes a total of six or more NFL player images on or in conjunction with products (including, but not limited to, trading cards, clothing, videogames, computer games, collectibles, internet sites, fantasy games, etc.) that are sold at retail or used as promotional or premium items. Player retains the right to grant permission to a licensee to utilize his image if that licensee is not concurrently utilizing the images of five or more other NFL players on products that are sold at retail or are used as promotional or premium items. If Player's inclusion in a particular NFLPA program is precluded by an individual exclusive endorsement agreement, and Player provides the NFLPA with timely written notice of that preclusion, the NFLPA will exclude Player from that particular program. In consideration for this assignment of rights, the NFLPA will use the revenues it receives from group licensing programs to support the objectives as set forth in the Bylaws of the NFLPA. The NFLPA will use its best efforts to promote the use of NFL player images in group licensing programs, to provide group licensing opportunities to all NFL players, and to ensure that no entity utilizes the group licensing rights granted to the NFLPA without first obtaining a license from the NFLPA. This subparagraph (b) shall be construed under Virginia law without reference to conflicts of law principles. The assignment in this paragraph shall expire on December 31 of the later of (a) the third year following the execution of this contract, or (b) the year in which this contract expires. Neither Club

nor the League is a party to the terms of this paragraph, which is included herein solely for the administrative convenience and benefit of Player and the NFLPA. The terms of this subparagraph apply unless, at the time of execution of this contract, Player indicates by striking out this subparagraph (b) and marking his initials adjacent to the stricken language his intention to not participate in the NFLPA Group Licensing Program. Nothing in this subparagraph shall be construed to supersede or any way broaden, expand, detract from, or otherwise alter in any way whatsoever, the rights of NFL Properties, Inc. as permitted under Article V (Union Security), Section 4 of the 1993 Collective Bargaining Agreement ("CBA").

5.    COMPENSATION. For performance of Player's services and all other promises of Player, Club will pay Player a yearly salary as follows:

$_____for the 20_____season;

$_____for the 20_____season;

$_____for the 20_____season;

$_____for the 20_____season;

$_____for the 20_____season.

In addition, Club will pay Player such earned performance bonuses as may be called for in this contract; Player's necessary traveling expenses from his residence to training camp; Player's reasonable board and lodging expenses during pre-season training and in connection with playing pre-season, regular season, and postseason football games outside Club's home city; Player's necessary traveling expenses to and from pre-season, regular season, and postseason football games outside Club's home city; Player's necessary traveling expenses to his residence if this contract is terminated by Club; and such additional compensation, benefits and reimbursement of expenses as may be called for in any collective bargaining agreement in existence during the term of this contract. (For purposes of this contract, a collective bargaining agreement will be deemed to be "in existence" during its stated term or during any period for which the parties to that agreement agree to extend it.)

6.    PAYMENT. Unless this contract or any collective bargaining agreement in existence during the term of this contract specifically provides otherwise, Player will be paid 100% of his yearly salary under this contract in equal weekly or biweekly installments over the course of the applicable regular season period, commencing with the first regular season game played by Club in each season. Unless this contract specifically provides otherwise, if this contract is executed or Player is activated after the beginning of the regular season, the yearly salary payable to Player will be reduced proportionately and Player will be paid the weekly or biweekly por-

# EXHIBIT 5

## FILED UNDER SEAL

Case No. C 07 0943 WHA

<u>Bernard Paul Parrish, et al. v. National Football League Players Association, et al.</u>

# EXHIBIT 6

# FILED UNDER SEAL

Case No. C 07 0943 WHA

Bernard Paul Parrish, et al. v. National Football League Players Association, et al.

# EXHIBIT 7

## FILED UNDER SEAL

Case No. C 07 0943 WHA

Bernard Paul Parrish, et al. v. National Football League Players Association, et al.

# EXHIBIT 8

## FILED UNDER SEAL

Case No. C 07 0943 WHA

Bernard Paul Parrish, et al. v. National Football League Players Association, et al.

# EXHIBIT 9

# FILED UNDER SEAL

Case No. C 07 0943 WHA

**Bernard Paul Parrish, et al. v. National Football League Players Association, et al.**

# EXHIBIT 10

# FILED UNDER SEAL

Case No. C 07 0943 WHA

**Bernard Paul Parrish, et al. v. National Football League Players Association, et al.**

# EXHIBIT 11

## FILED UNDER SEAL

Case No. C 07 0943 WHA

<u>Bernard Paul Parrish, et al. v. National Football League Players Association, et al.</u>

# EXHIBIT 12

# FILED UNDER SEAL

**Case No. C 07 0943 WHA**

**<u>Bernard Paul Parrish, et al. v. National Football League Players Association, et al.</u>**