1  Todd Padnos (Bar No. 208202)
   *tpadnos@dl.com*
2  DEWEY & LEBOEUF LLP
   One Embarcadero Center, Suite 400
3  San Francisco, CA 94111
   Tel: (415) 951-1100; Fax: (415) 951-1180
4
   Jeffrey L. Kessler (*pro hac vice*)
5  *jkessler@dl.com*
   David G. Feher (*pro hac vice*)
6  *dfeher@dl.com*
   David Greenspan (*pro hac vice*)
7  *dgreenspan@dl.com*
   DEWEY & LEBOEUF LLP
8  1301 Avenue of the Americas
   New York, NY 10019
9  Tel: (212) 259-8000; Fax: (212) 259-6333

10 Kenneth L. Steinthal (*pro hac vice*)
   *kenneth.steinthal@weil.com*
11 WEIL, GOTSHAL & MANGES LLP
   201 Redwood Shores Parkway
12 Redwood Shores, CA 94065
   Tel: (650) 802-3000; Fax: (650) 802-3100
13
   Bruce S. Meyer (*pro hac vice*)
14 *bruce.meyer@weil.com*
   WEIL, GOTSHAL & MANGES LLP
15 767 Fifth Avenue
   New York, NY 10153
16 Tel: (212) 310-8000; Fax: (212) 310-8007

17 Attorneys for Defendants National Football League Players Association
   and National Football League Players Incorporated d/b/a Players Inc
18

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| BERNARD PAUL PARRISH, HERBERT ANTHONY ADDERLEY, WALTER ROBERTS III,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION and NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a/ PLAYERS INC,<br><br>Defendants. | Case No. C 07 0943 WHA<br><br>**DEFENDANTS' MISCELLANEOUS ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

Defs.' Misc. Admin. Mot. To File Under Seal — Civ. Action No. C07 0943 WHA

Dockets.Justia.com

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Civil Local Rules 79-5(d) and 7-11, Defendants National Football League Players Association ("NFLPA") and National Football League Players Incorporated ("Players Inc") hereby request to file under seal an unredacted version of Defendants' Reply Brief in Support of Their Motion for Summary Judgment and Exhibits 2, 3, and 5 – 12 to the Declaration of David Greenspan in Further Support of Defendants' Motion for Summary Judgment ("Second Greenspan Declaration"). These Exhibits include documents designated by Defendants as "Confidential" or "Highly Confidential -- Attorneys' Eyes Only." Defendants further request that the redacted version of Defendants' Reply Brief in Support of Their Motion for Summary Judgment serve as the publicly available version of that document. The "good cause" for this Motion is set forth below.

Defendants submit that this Motion is narrowly tailored to respect the parties' confidentiality designations under the Protective Order in this action.

Pursuant to Civil L.R. 7-12, counsel for Defendants attempted to meet and confer with counsel for Plaintiffs regarding Defendants' Miscellaneous Administrative Motion to File Under Seal. Counsel for Plaintiffs would not stipulate to the filing of documents under seal solely on the basis that they had not yet reviewed the documents to be so filed (which is not possible until Defendants' submission is completed and the filing is made). See Declaration of Roy Taub ¶¶ 2-4 & Ex. A.

**MEMORANDUM**

Pursuant to Civil L.R. 79-5, Defendants proffer the following showing of good cause in support of their request to file under seal.

**1. Documents Regarding Defendants' Licensing Practices with Third Party Licensees – Exhibits 2 & 3**

The documents attached to the Second Greenspan Declaration as Exhibits 2 and 3 are license agreements between Defendants and third-party licensees. These documents are

confidential for the same reasons that the Court previously found good cause to file similar documents relating to Defendants' licensing business under seal. See Order Sealing Confidential Documents (Rec. Doc. 144) (Oct. 3, 2007); Order Granting Mot. to File Docs. Under Seal (Rec. Doc. 159) (Oct. 15, 2007); Order Granting Defs.' Misc. Admin. Mot. to File Under Seal Certain Confidential Information Filed by Pls. (Rec. Doc. 188) (Nov. 26, 2007); Order Granting in Part and Denying in Part Mots. to Seal (Rec. Doc. 255) (April 7, 2008); Declaration of Gene Upshaw ¶¶ 7-8 (Rec. Doc. 187) (Nov. 21, 2007) ("Upshaw Decl.").

Specifically, Exhibits 2 and 3 are non-public, commercial documents, the terms of which are trade secrets. The confidential terms contained in these documents include the specific price terms of the agreements (including the precise amounts and timing of the guaranteed payments and royalties), the specific scope of the rights granted and the services to be rendered under the agreements, the terms and conditions of payment, and the various contingencies and other contractual terms between the parties that Players Inc and the respective licensees negotiated. Exhibits 2 and 3 should be filed under seal because they contain commercially and competitively sensitive business information related to Defendants' and the third-party licensees' licensing business.

Defendants would be seriously harmed if these documents were publicly filed because the terms of these confidential agreement would become publicly available to other licensees and licensors that compete in the marketplace. These third parties are sure to alter their business behavior in negotiations with Defendants if they became aware of the terms of Defendants' license agreements with its third-party licensees. This would severely harm Defendants' bargaining positions, and cause substantial competitive and commercial injury to Defendants. See Upshaw Decl. ¶ 4.1.

---

[1] Public disclosure of the terms of Defendants' license agreements would similarly harm third-party licensees. See Declaration of Joel Linzner ¶ 3 (Rec. Doc. 186) (Nov. 21, 2007) ("[P]ublic

-2-

For all of these reasons, there is more than sufficient good cause for filing Exhibits 2 and 3 under seal.[2]

### 2. Letter from Defendants' Counsel Containing Confidential Information Regarding Payments Pursuant to the NFL Sponsorship Agreement – Exhibit 6

The document attached to the Second Greenspan Declaration as Exhibit 6 is a letter from Defendants' counsel to Plaintiffs' counsel regarding the NFL Sponsorship Agreement, filed as Exhibit 3 to the Second Greenspan Declaration. This document contains confidential, commercial information of Defendants including descriptions and explanations of Players Inc's internal business practices with respect to retired player licensing, including the distribution of certain funds under the NFL Sponsorship agreement. Thus, for the reasons stated above there is good cause for filing these documents under seal.

### 3. Plaintiffs' Expert Rebuttal Reports Referring to Defendants' Confidential Information – Exhibits 10 and 11

The documents attached to the Second Greenspan Declaration as Exhibits 10 and 11 are reports by Philip Y. Rowley and Daniel A. Rascher, respectively. Messrs. Rowley and Rascher are experts Plaintiffs have retained in this matter. These reports contains the very same confidential information described above, including explanations of Players Inc's internal business practices with respect to retired and active player licensing. Public disclosure of these

---

disclosure of this information would harm competition by divulging to EA's and Players Inc's competitors the confidential price and other terms that EA and Players Inc negotiated in these contracts. The harm to EA and others from public disclosure of these documents would be severe and immediate.").

[2] See Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1131 n.4 (9th Cir. 2003) (documents containing "trade secrets, financial information, and confidential information about third parties" satisfy the "good cause" standard); Johnson Controls, Inc. v. Phoenix Control Sys., Inc., 886 F.2d 1173, 1176 (9th Cir. 1989) (protecting by seal information containing a party's trade secrets); Reilly v. MediaNews Group Inc., No. C 06-04332 SI, 2007 WL 196682, at *4 (N.D. Cal. Jan. 24, 2007) (filing under seal information that might allow competitors to anticipate future actions taken by defendants or that might help the bargaining position of companies that negotiate with defendants).

-3-

Defs.' Misc. Admin. Mot. To File Under Seal | Civ. Action No. C07 0943 WHA

reports would therefore cause competitive and commercial harm to both Defendants and to its non-party licensees. Accordingly, there is good cause to file Exhibits 10 and 11 under seal.[3]

### 4. Excerpts of Deposition Transcripts – Exhibits 5, 7 – 9, and 12

The documents attached to the Second Greenspan Declaration as Exhibits 5, 7 – 9, and 12 are excerpts of deposition testimony given in this action that have been designated "Confidential" or "Highly Confidential - Attorneys' Eyes Only" by Defendants.

Defendants request to file these deposition transcript excerpts under seal because they contain testimony describing the confidential, commercial information described above, including, for example:

- Descriptions and explanations of the terms of Players Inc's license agreements with non-party licensees; and
- Descriptions and explanations of Players Inc's internal business practices with respect to active and retired player licensing.

Thus, for the same reasons stated above, public disclosure of this deposition testimony would cause competitive and commercial harm to Defendants and to non-party licensees and there is good cause for filing Exhibits 5, 7 – 9, and 12 under seal. See Upshaw Decl. ¶ 9.

### 5. An Unredacted Version of Defendants' Reply Brief

Defendants' Reply Brief contains much of the very same confidential information described above, including extensive quotations and descriptions of the license agreements and the deposition testimony of Defendants' current and former employees and agents. For the same

---

[3] See Cal. Serv. Employees Health & Welfare Trust Fund v. Advance Bldg. Maint., No. C06-3078 CW (BZ), 2007 WL 2669823, at *1-2 (N.D. Cal. Sept. 7, 2007) (protecting information relating to defendant's accounts receivables and outgoing payments as trade secrets that could provide its competitors advantages in the marketplace); Navarro v. Eskanos & Adler, et al., No. C-06-02231 WHA (EDL), 2007 U.S. Dist. LEXIS 24864, at *16-17 (N.D. Cal. March 22, 2007) (protecting information that reveals the ways in which a party runs its business and thereby maintains its competitive advantage); Reilly, 2007 U.S. Dist. LEXIS 8139, at *14 (filing under seal information regarding financial information, including past and present revenues because it might affect future business dealings).

Defs.' Misc. Admin. Mot. To File Under Seal        Civ. Action No. C07 0943 WHA

reasons as discussed above, public disclosure of an unredacted version of the Reply Brief would therefore cause competitive and commercial harm to both Defendants and to its non-party licensees. Accordingly, there is good cause to file the Reply Brief under seal, and for only Defendants' redacted version to be made publicly available.

## CONCLUSION

For the reasons stated above, Defendants respectfully request that this Court grant this Miscellaneous Administrative Motion to File under Seal.

Date: July 10, 2008

DEWEY & LEBOEUF LLP

BY: ___/s/ Jeffrey Kessler_____

Jeffery L. Kessler
*Attorneys for Defendants*

**Dewey & LeBoeuf LLP**
One Embarcadero Center, Suite 400
San Francisco, CA 94111