1    Todd Padnos (Bar No. 208202)
*tpadnos@dl.com*
2    DEWEY & LEBOEUF LLP
One Embarcadero Center, Suite 400
3    San Francisco, CA 94111
Tel: (415) 951-1100; Fax: (415) 951-1180
4

Jeffrey L. Kessler (*pro hac vice*)
5    *jkessler@dl.com*
David G. Feher (*pro hac vice*)
6    *dfeher@dl.com*
David Greenspan (*pro hac vice*)
7    *dgreenspan@dl.com*
DEWEY & LEBOEUF LLP
8    1301 Avenue of the Americas
New York, NY 10019
9    Tel: (212) 259-8000; Fax: (212) 259-6333

10    Kenneth L. Steinthal (*pro hac vice*)
*kenneth.steinthal@weil.com*
11    WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
12    Redwood Shores, CA 94065
Tel: (650) 802-3000; Fax: (650) 802-3100
13

Bruce S. Meyer (*pro hac vice*)
14    *bruce.meyer@weil.com*
WEIL, GOTSHAL & MANGES LLP
15    767 Fifth Avenue
New York, NY 10153
16    Tel: (212) 310-8000; Fax: (212) 310-8007

17    Attorneys for Defendants National Football League Players Association
and National Football League Players Incorporated d/b/a Players Inc

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| BERNARD PAUL PARRISH, HERBERT ANTHONY ADDERLEY, WALTER ROBERTS III, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION and NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a/ PLAYERS INC, <br><br> Defendants. | Case No. C 07 0943 WHA <br><br> **DEFENDANTS' MISCELLANEOUS ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

Defs.' Misc. Admin. Mot. To File Under Seal     Civ. Action No. C07 0943 WHA

Dockets.Justia.com

Dewey & LeBoeuf LLP
One Embarcadero Center, Suite 400
San Francisco, CA 94111

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Civil Local Rules 79-5(d) and 7-11, Defendants National Football League Players Association ("NFLPA") and National Football League Players Incorporated ("Players Inc") hereby request to file under seal an unredacted version of Defendants' Opposition to Plaintiffs' Motion to Strike the Declarations of Linda Castillon, Adam Sullins, Jason Brenner, Christine Finch and Steve Byrd ("Motion to Strike") and Exhibits Q, R and S to the Declaration of David Greenspan in Support of Defendants' Opposition to Plaintiffs' Motion to Strike ("Greenspan Declaration"). These Exhibits include deposition testimony designated by Defendants as "Confidential" or "Highly Confidential – Attorneys' Eyes Only." Defendants further request that the redacted version of Defendants' Opposition serve as the publicly available version of that document. The "good cause" for this Motion is set forth below.

Defendants submit that this Motion is narrowly tailored to respect the parties' confidentiality designations under the Protective Order in this action.

Pursuant to Civil L.R. 7-12, counsel for Defendants attempted to meet and confer with counsel for Plaintiffs regarding Defendants' Miscellaneous Administrative Motion to File Under Seal. Counsel for Plaintiffs would not stipulate to the filing of documents under seal solely on the basis that they had not yet reviewed the documents to be so filed (which is not possible until Defendants' submission is completed and the filing is made). See Declaration of Roy Taub ¶¶ 2-4 & Ex. 1.

**MEMORANDUM**

Pursuant to Civil L.R. 79-5, Defendants proffer the following showing of good cause in support of their request to file under seal.

### 1. Deposition Testimony Regarding Defendants' Licensing Practices with Third Party Licensees – Exhibits Q, R and S

The documents attached to the Declaration of David Greenspan as Exhibits Q, R and S are excerpts of deposition testimony given in this action that have been designated "Confidential" or "Highly Confidential - Attorneys' Eyes Only" by Defendants.

Defs.' Misc. Admin. Mot. To File Under Seal      Civ. Action No. C07 0943 WHA

1    This testimony is confidential for the same reasons that the Court previously
2    found good cause to file this and similar testimony relating to Defendants' licensing business
3    under seal. See Order Sealing Confidential Documents (Rec. Doc. 144) (Oct. 3, 2007); Order
4    Granting Mot. to File Docs. Under Seal (Rec. Doc. 159) (Oct. 15, 2007); Order Granting Defs.'
5    Misc. Admin. Mot. to File Under Seal Certain Confidential Information Filed by Pls. (Rec. Doc.
6    188) (Nov. 26, 2007); Order Granting in Part and Denying in Part Mots. to Seal (Rec. Doc. 255)
7    (April 7, 2008); Declaration of Gene Upshaw ¶¶ 7-8 (Rec. Doc. 187) (Nov. 21, 2007) ("Upshaw
8    Decl.").

9    Specifically, Defendants request to file these deposition transcript excerpts under
10   seal because they contain testimony describing certain confidential, commercial information
11   including descriptions and explanations of the terms of Players Inc's license agreements with
12   non-party licensees.

13   Defendants would be seriously harmed if these excerpts were publicly filed
14   because the terms of Players Inc's confidential agreements would become publicly available to
15   other licensees and licensors that compete in the marketplace. These third parties are sure to
16   alter their business behavior in negotiations with Defendants if they became aware of the terms
17   of Defendants' license agreements with its third-party licensees. This would severely harm
18   Defendants' bargaining positions, and cause substantial competitive and commercial injury to
19   Defendants. See Upshaw Decl. ¶ 4.[1]

20   For all of these reasons, there is more than sufficient good cause for filing
21   Exhibits Q, R and S under seal.[2]

---

[1] Public disclosure of the terms of Defendants' license agreements would similarly harm third-party licensees. See Declaration of Joel Linzner ¶ 3 (Rec. Doc. 186) (Nov. 21, 2007) ("[P]ublic disclosure of this information would harm competition by divulging to EA's and Players Inc's competitors the confidential price and other terms that EA and Players Inc negotiated in these contracts. The harm to EA and others from public disclosure of these documents would be severe and immediate.").

[2] See Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1131 n.4 (9th Cir. 2003) (documents containing "trade secrets, financial information, and confidential information about third parties" satisfy the "good cause" standard); Johnson Controls, Inc. v. Phoenix Control Sys., Inc., 886 F.2d 1173, 1176 (9th Cir. 1989) (protecting by seal information containing a party's trade secrets); Reilly v. MediaNews Group Inc., No. C 06-04332 SI, 2007 WL 196682, at *4 (N.D. Cal. Jan. 24, 2007) (filing under seal information that might allow competitors to

### 2. An Unredacted Version of Defendants' Opposition

Defendants' Opposition contains the exact same confidential information described above, including quotations of the deposition testimony of Defendants' licensees. Public disclosure of an unredacted version of Defendants' Opposition would therefore cause competitive and commercial harm to both Defendants and to its non-party licensees. Accordingly, there is good cause to file Defendants' Opposition under seal, and for only Defendants' redacted version made publicly available.

### CONCLUSION

For the reasons stated above, Defendants respectfully request that this Court grant this Miscellaneous Administrative Motion to File under Seal.

Date: July 10, 2008

DEWEY & LEBOEUF LLP

BY: __/s/ Jeffrey L. Kessler_____

Jeffrey L. Kessler
*Attorneys for Defendants*

---

anticipate future actions taken by defendants or that might help the bargaining position of companies that negotiate with defendants).

-3-