MANATT, PHELPS & PHILLIPS, LLP
RONALD S. KATZ (Bar No. CA 085713)
E-mail: rkatz@manatt.com
RYAN S. HILBERT (California Bar No. 210549)
E-mail: rhilbert@manatt.com
NOEL S. COHEN (California Bar No. 219645)
E-mail: ncohen@manatt.com
1001 Page Mill Road, Building 2
Palo Alto, CA 94304-1006
Telephone: (650) 812-1300
Facsimile: (650) 213-0260

MCKOOL SMITH, P.C.
LEWIS T. LECLAIR (Bar No. CA 077136)
E-mail: lleclair@mckoolsmith.com
JILL ADLER NAYLOR (Bar No. CA 150783)
E-mail: jnaylor@mckoolsmith.com
300 Crescent Court
Dallas, TX 75201
Telephone: (214) 978-4984
Facsimile: (214) 978-4044

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT

SAN FRANCISCO DIVISION

| | |
|---|---|
| BERNARD PAUL PARRISH, HERBERT ANTHONY ADDERLEY, and WALTER ROBERTS III, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION, a Virginia corporation, and NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a PLAYERS INC, a Virginia corporation,<br><br>Defendants. | CIVIL ACTION NO. C07 0943 WHA<br><br>**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO STRIKE THE DECLARATIONS OF LINDA CASTILLON, ADAM SULLINS, JASON BRENNER, CHRISTINE FINCH, AND STEVE BYRD** |

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

PLAINTIFFS' REPLY BRIEF
CASE NO. C07 0943 WHA

Plaintiffs files this reply brief in response to Defendants' July 10, 2008 Opposition to Plaintiffs' Motion to Strike. The content and timing of Defendants' disclosures, in light of the ten-deposition limit, prevented Plaintiffs from obtaining necessary discovery, and as such, the Court should strike the declarations and Linda Castillon, Adam Sullins, Jason Brenner, Steve Byrd, and Christine Finch from the summary judgment record.[1]

## I. Plaintiffs Did Not Avoid, And, Indeed, Actively Pursued Discovery

Defendants claim that Plaintiffs could have taken tens of additional depositions but wanted to avoid discovery. This is untrue. Plaintiffs have diligently conducted discovery throughout this case and pursued numerous depositions of key witnesses all across the country. Defendants cite the resulting amended complaints as justifying the late disclosure of their witnesses (even though they never informed the Court of this change in their approach to depositions), while simultaneously refusing additional depositions for those same witnesses. The current motion results from Defendants' failure to allow sufficient discovery in light of the changing circumstances surrounding this case.

Plaintiffs have used all ten of their allotted depositions. However, more than thirty of Defendants' disclosed witnesses have yet to be deposed. Plaintiffs diligently noticed and took depositions throughout 2007 and 2008, but carefully chose a selection of those key witnesses to depose, based on the information gleaned from Defendants' disclosures. Plaintiffs have not "adopted a strategy of not taking additional depositions as a cost savings," as Defendants contend.[2] Moreover, if there were any question as to Plaintiffs' desire to depose these witnesses, Plaintiffs sent Defendants a letter requesting that Defendants provide deposition dates for any and

---

[1] Plaintiffs have simultaneously filed a request for oral argument with this Reply, designating a third-year attorney to argue this motion.

[2] *See* Defs.' Resp. Br. at 11.

all remaining witnesses that Defendants wished to call at trial.[3] Defendants refused to agree, and instead identified two additionally witnesses that day.[4]

Defendants also claim that Plaintiffs should have requested additional depositions from the Court. This solution is unsatisfactory. Defendants identified over forty witnesses, even though they successfully prevailed upon this Court to limit Plaintiffs to ten depositions. As a practical matter, the Court would have needed to allow over thirty additional depositions in order to depose each of Defendants' identified witnesses. Many of these witnesses could have been of dubious value. And Plaintiffs still do not know which of these witnesses, if any, Defendants will ultimately use in this case or call at trial. The better solution lay with the parties. Plaintiffs asked Defendants to identify the witnesses it actually intended to call at trial, and to allow half-day depositions of only these witnesses. To the extent Defendants did not know at this time who they intended to call at trial, Plaintiffs even offered to conduct these additional depositions at a time closer to trial. Defendants could have avoided this impasse by reaching a compromise with Plaintiffs -- Court intervention was not required.

**II.  Striking the Declarations Is an Appropriate Remedy; However, In the Alternative, Plaintiffs are Amenable to the Possibility of the Court Ordering Late Depositions**

Rule 37(c)(1) states in unambiguous terms the appropriate remedy for failure to properly disclose a witness: "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Defendants rely on two cases from the Southern District of New York to support their argument that preclusion is not an appropriate remedy except in extraordinary circumstances.[5] However, in

---

[3] May 7, 2008 Letter from Laura Franco to David Greenspan (Charhon Decl. Ex. G, attached to Pls.' Motion to Strike).

[4] May 9, 2008 Letter from David Greenspan to Laura Franco (Charhon Decl. Ex. H, attached to Pls.' Motion to Strike); *see* Defendants' (May 9, 2008) Supplemental Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1) (identifying Richard Berthelsen and Steve Saxson) (Charhon Decl. Ex. I, attached to Pls.' Motion to Strike).

[5] See Defs.' Opp'n to Pls.' Motion to Strike Declarations p. 11 (citing *Atkins v. County of Orange*, 372 F. Supp 2d 377, 396 (S.D.N.Y. 2005); *Lesser v. Camp Wildwood*, No. 01 Civ. 4209 (RWS), 2003 U.S. Dist. LEXIS 16921 (S.D.N.Y. Sept. 30, 2003)).

the Ninth Circuit, "even absent a showing in the record of bad faith or willfulness, exclusion is an appropriate remedy for failing to fulfill the required disclosure requirements." *Yeti by Molly, Ltd. v. Deckers Outdoors Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (calling this a "self-executing," "automatic" sanction.) If precluding the witness from testifying at trial is an appropriate remedy, then clearly, precluding a declaration at summary judgment is appropriate.

Plaintiffs, however, are amenable to other remedies, and have suggested such remedies to Defendants. Rule 37(c)(1) states, "instead of [exclusion], the court . . . (C) may impose other appropriate sanctions." To the extent the Court is inclined to allow Defendants to rely on the untested and self-interested declarations they have submitted, Plaintiffs respectfully request that they be allowed to depose these witnesses for no less than a half-day before the Court decides Defendants' Motion for Summary Judgment. Plaintiffs also request that Defendants specifically identify which of these witnesses, if any, they intend to call at trial so that Plaintiffs can depose these witnesses accordingly.

### III. Plaintiffs Did Not Intend to Misrepresent Defendants' Disclosures.

In their brief, Defendants argue that Plaintiffs misrepresent Defendants' disclosures. Plaintiffs wrote that Defendants never disclosed Jason Brenner. However, as Defendants note, a Jason *Brinner* was disclosed on June 29, 2007.[6] Plaintiffs were unaware of Defendants' mistake at the time of their opening brief. Additionally, Plaintiffs correctly stated that Steve Byrd was disclosed as a witness early in the brief.[7] However, later in the brief, Plaintiffs mistakenly state that Steve Byrd was never disclosed.[8] This was an inadvertent mistake, for which Plaintiffs apologize to the Court and to Defendants. Importantly, Plaintiffs cited to Defendants' disclosures throughout the statement of facts, attached the relevant disclosures, and in no way attempted to hide the contents of any disclosures. These mistakes were wholly unintentional.

---

[6] Defs.' Br. at 8.

[7] *See* Pls.' Br. at 4.

[8] *See* Pls.' Br. at 7.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

**IV. Conclusion**

Plaintiffs respectfully request that the Court (1) strike the declarations of Linda Castillon, Adam Sullins, Jason Brenner, Steve Byrd, and Christine Finch from the summary judgment record, and/or (2) order that Plaintiffs be allowed to depose these witnesses for no less than a half-day before the Court decides Defendants' Motion for Summary Judgment.

Respectfully submitted,

Dated: July 17, 2008

MANATT, PHELPS & PHILLIPS, LLP

By: /s/ Ryan S. Hilbert
Ronald S. Katz (SBN 085713)
Ryan S. Hilbert (SBN 210549)
Noel S. Cohen (SBN 219645)
1001 Page Mill Road, Building 2
Palo Alto, CA 94304-1006
Telephone: (650) 812-1300
Facsimile: (650) 213-0260

MCKOOL SMITH, P.C.
Lewis T. LeClair (SBN 077136)
Jill Adler Naylor (SBN 150783)
300 Crescent Court
Dallas, TX 75201
Telephone: (214) 978-4984
Facsimile: (214) 978-4044

*Attorneys for Plaintiffs*