Todd Padnos (Bar No. 208202)
*tpadnos@dl.com*
DEWEY & LEBOEUF LLP
One Embarcadero Center, Suite 400
San Francisco, CA 94111
Tel: (415) 951-1100; Fax: (415) 951-1180

Jeffrey L. Kessler (*pro hac vice*)
*jkessler@dl.com*
David G. Feher (*pro hac vice*)
*dfeher@dl.com*
David Greenspan (*pro hac vice*)
*dgreenspan@dl.com*
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, NY 10019
Tel: (212) 259-8000; Fax: (212) 259-6333

Kenneth L. Steinthal (*pro hac vice*)
*kenneth.steinthal@weil.com*
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Tel: (650) 802-3000; Fax: (650) 802-3100

Bruce S. Meyer (*pro hac vice*)
*bruce.meyer@weil.com*
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000; Fax: (212) 310-8007

Attorneys for Defendants National Football League Players Association
and National Football League Players Incorporated d/b/a Players Inc

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| BERNARD PAUL PARRISH, HERBERT ANTHONY ADDERLEY, WALTER ROBERTS III,<br><br>    Plaintiffs,<br><br>  v.<br><br>NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION and NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a/ PLAYERS INC,<br><br>    Defendants. | Case No. C 07 0943 WHA<br><br>**DEFENDANTS' MISCELLANEOUS ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

Defs.' Misc. Admin. Mot. To File Under Seal      Civ. Action No. C07 0943 WHA

Dockets.Justia.com

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Civil Local Rules 79-5(d) and 7-11, Defendants National Football League Players Association ("NFLPA") and National Football League Players Incorporated ("Players Inc") hereby request to file under seal an unredacted version of Defendants' Letter Brief dated August 1, 2008 ("Reply Letter Brief") and Exhibits 1-4, 6, 7, 9, 17, and 19 to the Declaration of Jeffrey Kessler in Support of Defendants' Reply Letter Brief ("Kessler Declaration"). These Exhibits include documents designated by both parties as "Confidential" or "Highly Confidential -- Attorneys' Eyes Only." Defendants further request that the redacted version of Defendants' Reply Letter Brief serve as the publicly available version of that document. The "good cause" for this Motion is set forth below.

Defendants submit that this Motion is narrowly tailored to respect the parties' confidentiality designations under the Protective Order in this action.

## MEMORANDUM

Pursuant to Civil L.R. 79-5, Defendants proffer the following showing of good cause in support of their request to file under seal.

### A. Document Produced or Designated by Plaintiffs– Exhibit 17

The document attached to the Kessler Declaration as Exhibit 17 is a document produced and designated as confidential by Plaintiffs in this action. Pursuant to their obligations under the Protective Order issued by the Court, Defendants request the Court to file this document under seal because it has been designated by Plaintiffs as "Confidential." See Stipulated Protective Order at § 10 (July 26, 2007) (approved by the Court subject to stated conditions on July 30, 2007).

### B. Documents Produced or Designated by Defendants

#### 1. Players Inc's License Agreements with EA – Exhibits 1-2 and 4

The documents attached to the Kessler Declaration as Exhibits 1, 2 and 4 are a license agreement between Players Inc and Electronic Arts ("EA"), an addendum thereto, and a license agreement among EA, the Pro Football Hall of Fame, and Players Inc, respectively. These documents are confidential for the same reasons that the Court previously found good

cause to file similar documents relating to Defendants' licensing business under seal. See Order Sealing Confidential Documents (Rec. Doc. 144) (Oct. 3, 2007); Order Granting Mot. to File Docs. Under Seal (Rec. Doc. 159) (Oct. 15, 2007); Order Granting Defs.' Misc. Admin. Mot. to File Under Seal Certain Confidential Information Filed by Pls. (Rec. Doc. 188) (Nov. 26, 2007); Order Granting in Part and Denying in Part Mots. to Seal (Rec. Doc. 255) (April 7, 2008); Declaration of Gene Upshaw ¶¶ 7-8 (Rec. Doc. 187) (Nov. 21, 2007) ("Upshaw Decl.").

Specifically, Exhibits 1, 2 and 4 are non-public, commercial documents, the terms of which are trade secrets. The confidential terms contained in these documents include the specific price terms of the agreements (including the precise amounts and timing of the guaranteed payments and royalties), the specific scope of the rights granted and the services to be rendered under the agreements, the terms and conditions of payment, and the various contingencies and other contractual terms between the parties that Players Inc and the respective licensees negotiated. Exhibits 1, 2, and 4 should be filed under seal because they contain commercially and competitively sensitive business information related to Defendants' and EA's licensing business.

Defendants would be seriously harmed if these documents were publicly filed because the terms of these confidential agreement would become publicly available to other licensees and licensors that compete in the marketplace. These third parties are sure to alter their business behavior in negotiations with Defendants if they became aware of the terms of Defendants' license agreements with its third-party licensees. This would severely harm Defendants' bargaining positions, and cause substantial competitive and commercial injury to Defendants. See Upshaw Decl. ¶ 4.[1]

For all of these reasons, there is more than sufficient good cause for filing

---

[1] Public disclosure of the terms of Defendants' license agreements would similarly harm third-party licensees. See Declaration of Joel Linzner ¶ 3 (Rec. Doc. 186) (Nov. 21, 2007) ("[P]ublic disclosure of this information would harm competition by divulging to EA's and Players Inc's competitors the confidential price and other terms that EA and Players Inc negotiated in these contracts. The harm to EA and others from public disclosure of these documents would be severe and immediate.").

Exhibits 1, 2and 4 under seal.[2]

### 2. Excerpts of Deposition Transcripts – Exhibits 3, 6, 7 and 19

The documents attached to the Kessler Declaration as Exhibits 3, 6, 7 and 19 are excerpts of deposition testimony given in this action that have been designated "Confidential" or "Highly Confidential - Attorneys' Eyes Only" by Defendants.

Defendants request to file these deposition transcript excerpts under seal because they contain testimony describing the confidential, commercial information described above, including, for example:

- Descriptions and explanations of the terms of Players Inc's license agreements with non-party licensees; and

- Descriptions and explanations of Players Inc's internal business practices with respect to active and retired player licensing.

Thus, for the same reasons stated above, public disclosure of this deposition testimony would cause competitive and commercial harm to Defendants and to non-party licensees and there is good cause for filing Exhibits 3, 6, 7 and 19 under seal. See Upshaw Decl. ¶ 9.

### 3. An Exhibit to Plaintiffs' Expert Report Referring to Defendants' Confidential Information

The document attached as Exhibit 9 to the Kessler Declaration is an index, which was submitted by an expert retained by Plaintiffs, listing the names of retired players with whom Defendants have entered into GLAs, as well as the dates for which those GLAs are effective. Information with respect to whether and with whom Defendants have entered into GLAs is confidential commercial information that Defendants have not made public. Thus, for the same

---

[2] See Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1131 n.4 (9th Cir. 2003) (documents containing "trade secrets, financial information, and confidential information about third parties" satisfy the "good cause" standard); Johnson Controls, Inc. v. Phoenix Control Sys., Inc., 886 F.2d 1173, 1176 (9th Cir. 1989) (protecting by seal information containing a party's trade secrets); Reilly v. MediaNews Group Inc., No. C 06-04332 SI, 2007 WL 196682, at *4 (N.D. Cal. Jan. 24, 2007) (filing under seal information that might allow competitors to anticipate future actions taken by defendants or that might help the bargaining position of companies that negotiate with defendants).

reasons stated above, public disclosure of this information would cause commercial harm to Defendants and there is good cause for filing these documents under seal.

### 4. An Unredacted Version of Defendants' Reply Letter Brief

Defendants' Reply Letter Brief contains much of the very same confidential information described above, including extensive quotations and descriptions of the license agreements and the deposition testimony of Defendants' non-party licensees. For the same reasons as discussed above, public disclosure of an unredacted version of the Reply Letter Brief would therefore cause competitive and commercial harm to both Defendants and to its non-party licensees. Accordingly, there is good cause to file the Reply Letter Brief under seal, and for only Defendants' redacted version to be made publicly available.

### CONCLUSION

For the reasons stated above, Defendants respectfully request that this Court grant this Miscellaneous Administrative Motion to File under Seal.

Date: August 1, 2008

DEWEY & LEBOEUF LLP

BY: __/s/ Jeffrey Kessler_____

Jeffery L. Kessler
*Attorneys for Defendants*