Todd Padnos (Bar No. 208202)
*tpadnos@dl.com*
DEWEY & LEBOEUF LLP
One Embarcadero Center, Suite 400
San Francisco, CA 94111
Tel: (415) 951-1100; Fax: (415) 951-1180

Jeffrey L. Kessler (*pro hac vice*)
*jkessler@dl.com*
David G. Feher (*pro hac vice*)
*dfeher@dl.com*
David Greenspan (*pro hac vice*)
*dgreenspan@dl.com*
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, NY 10019
Tel: (212) 259-8000; Fax: (212) 259-6333

Kenneth L. Steinthal (*pro hac vice*)
*kenneth.steinthal@weil.com*
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Tel: (650) 802-3000; Fax: (650) 802-3100

Bruce S. Meyer (*pro hac vice*)
*bruce.meyer@weil.com*
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000; Fax: (212) 310-8007

Attorneys for Defendants National Football League Players Association
and National Football League Players Incorporated d/b/a Players Inc

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| BERNARD PAUL PARRISH, HERBERT ANTHONY ADDERLEY, WALTER ROBERTS III,<br><br>    Plaintiffs,<br><br>    v.<br><br>NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION and NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a/ PLAYERS INC,<br><br>    Defendants. | Case No. C 07 0943 WHA<br><br>**DEFENDANTS' MEMORANDUM REGARDING SEALING OF CONFIDENTIAL DOCUMENTS** |

Defs.' Memorandum Regarding Sealing — Civ. Action No. C07 0943 WHA

Dockets.Justia.com

Dewey & LeBoeuf LLP
One Embarcadero Center, Suite 400
San Francisco, CA 94111

Pursuant to the Court's Order dated August 6, 2008, Defendants hereby submit this memorandum setting forth the compelling reasons that certain of the documents attached to their summary judgment papers (or to Plaintiffs' Opposition) that contain Defendants' confidential and trade secret information should be filed under seal. The instant memorandum narrows the documents covered by Defendants' Motions to File Under Seal dated June 13, 2008, July 10, 2008 and August 1, 2008, and, as the Court instructed, seeks sealing treatment only for those documents that meet the standard set forth by the Ninth Circuit for sealing documents used in dispositive motions.

### 1. Defendants' Third-Party License Agreements

The following documents are license agreements between Defendants and various third-party licensees: Exhibits 22, 40, 41, 43, and 44 to the Declaration of David Greenspan in Support of Defendants' Motion for Summary Judgment ("Motion Declaration"); Exhibits C, D, U, V, W-MM, and KKK to the Declaration of Ryan S. Hilbert in Support of Plaintiffs' Opposition to Defendants' Motion for Summary Judgment ("Opposition Declaration"); Exhibits 2 and 3 to the Declaration of David Greenspan in Further Support of Defendants' Motion for Summary Judgment ("Reply Declaration"); and Exhibits 1, 2, and 4 to the Declaration of Jeffrey Kessler in Support of Defendants' Letter Brief to the Court dated August 1, 2008 ("Reply Letter Brief Declaration").[1]

Specifically, these exhibits are non-public, commercial documents, the terms of which are trade secrets, and the type of documents that are regularly found to present a compelling need of sealing. See Cal. Civ. Code § 3426.1; Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1179 (finding that "compelling reason" to file under seal exists when the document contains a trade secret); Pharm. Care Mgmt. Ass'n v. Rowe, 307 F. Supp. 2d 164, 177-78 (D. Me. 2004) (finding that confidential terms of contracts and financial information constitute trade secrets); Den-Tal-Ez, Inc. v. Siemens Capital Corp., 389 Pa. Super. 219, 250-51 (finding that "confidential license agreements" were trade secrets). The confidential terms

---

[1] For the Court's convenience, the documents reviewed in this memorandum that Defendants believe should be filed under seal are listed in Exhibit A hereto.

Defs.' Memorandum Regarding Sealing            Civ. Action No. C07 0943 WHA

contained in these documents include the specific price terms of the agreements (including the precise amounts and timing of the guaranteed payments and royalties), the specific scope of the rights granted and the services to be rendered under the agreements, the terms and conditions of payment, and the various contingencies and other contractual terms that Players Inc and the respective licensees negotiated. These exhibits should be filed under seal because they contain competitively sensitive, non-public commercial information of the Defendants and third-parties.

Indeed, Defendants would be seriously harmed if these documents were publicly filed because the terms of these confidential agreements, which constitute trade secrets, would become publicly available to other licensees and licensors that compete in the marketplace. These other parties would be sure to alter their business behavior in negotiations with Defendants if they became aware of the terms of Defendants' license agreements with its third-party licensees. This would severely harm Defendants' bargaining positions, and cause substantial competitive and commercial injury to Defendants. See Declaration of Gene Upshaw ¶¶ 7-8 (Rec. Doc. 187) (Nov. 21, 2007) ("Upshaw Decl.").

Public disclosure of the terms of these license agreements would similarly harm the third-party licensees. See Declaration of Joel Linzner ¶ 3 (Rec. Doc. 186) (Nov. 21, 2007) ("[P]ublic disclosure of this information would harm competition by divulging to EA's and Players Inc's competitors the confidential price and other terms that EA and Players Inc negotiated in these contracts. The harm to EA and others from public disclosure of these documents would be severe and immediate.").

For all of these reasons, there is compelling reason for filing these exhibits under seal.

**2. E-mail Correspondence Regarding Players Inc's License Agreement with EA and the Pro Football Hall of Fame**

Exhibits E, F, and G to the Opposition Declaration are e-mail correspondence among Players Inc employees and with EA employees concerning Players Inc's license agreement with EA and the Pro Football Hall of Fame, one of the third-party licensee agreements identified above. These exhibits discuss the non-public commercial terms of the license agreement, which constitute trade secrets. Thus, as with the other license agreements, there is

-2-

compelling reason for filing these exhibits under seal.

### 3. Declaration of Joel Linzner

The document attached to the Motion Declaration as Exhibit 21 is a declaration submitted by Joel Linzner, the Executive Vice President of Business and Legal Affairs of Electronic Arts Inc. ("EA"). Mr. Linzner's declaration discusses the scope and terms of EA's license agreement with Players Inc (which is attached to his declaration), its separate license agreement with Players Inc and the Pro Football Hall of Fame, and ad hoc group licensing deals with specifically identified retired players, all of which are commercial trade secrets, and should be filed under seal for the same compelling reasons as discussed above in connection with the third-party license agreements.

### 4. NFL Sponsorship and Internet Agreement

Exhibit RR to the Opposition Declaration is an agreement between Players Inc and NFL Properties, Inc. ("NFL Sponsorship and Internet Agreement"). Exhibit TT to the Opposition Declaration is a memorandum on the terms and application of the NFL Sponsorship and Internet Agreement. Exhibit 6 to the Reply Declaration is a letter from counsel for Defendants to counsel for Plaintiffs describing Defendants' internal business practices regarding revenues paid under the NFL Sponsorship and Internet Agreement.

Specifically, Exhibit RR is a non-public, commercial document, the terms of which are trade secrets. See Cal. Civ. Code § 3426.1; Kamakana, 447 F.3d at 1179; Pharm. Care Mgmt. Ass'n, 307 F. Supp. 2d at 177-78; Den-Tal-Ez, 389 Pa. Super. at 250-51. The confidential terms contained in Exhibit RR include the specific price terms of the agreement (including the precise amounts and timing of the guaranteed payments and royalties), the specific scope of the rights granted and the services to be rendered under the agreement, the terms and conditions of payment, and the various contingencies and other contractual terms between Players Inc and NFL Properties, Inc. The other exhibits in this category refer to these types of information contained in Exhibit RR. These exhibits should be filed under seal for the same compelling reasons requiring the filing of the third-party license agreements and other documents discussing the confidential terms contained therein. See discussion at ¶¶ 1-3, supra.

-3-

Dewey & LeBoeuf LLP
One Embarcadero Center, Suite 400
San Francisco, CA 94111

### 5. Information Regarding the Terms of Licensing of Retired Players

The documents attached to the Motion Declaration as Exhibits 17, 19, 23, and 24, and to the Opposition Declaration as Exhibit EEE contain the identities of specific retired players – almost all of whom (with the sole exception of Plaintiff Herbert Adderley) are not named parties to this action – who entered into ad hoc licensing agreements, the amounts and the manner in which they were paid under those agreements, and the amounts (if any) paid to Players Inc. These types of information implicate these retired players' privacy concerns and constitute Defendants' commercial trade secrets, public disclosure of which would seriously harm Defendants and their non-party licensees. See Upshaw Decl. ¶ 4. For all of these reasons, there is more than sufficient compelling reason for filing these documents under seal. See Green v. Baca, No. CV 02-4744-MMM(MANX), 2004 WL 1151649, *1 (C.D. Cal. May 19, 2004) (ordering that documents reflecting the names or information of non-parties be filed under seal).

Exhibit JJJ to the Opposition Declaration is a letter from counsel for Defendants to counsel for Plaintiffs containing these types of information for specific licensing programs, and should be filed under seal for the same compelling reasons.

### 6. Commercial Agreements Between the NFLPA and Players Inc Concerning the Distribution of Funds, and Other Documents Referring to this Information

The documents attached to the Motion Declaration as Exhibit 32, 35, 36, and 33 and to the Opposition Declaration as Exhibits T, OO, and PP are agreements between Players Inc and the NFLPA, and an amendment thereto, concerning various business matters including an NFLPA grant of rights to Players Inc in connection with Players Inc's licensing activities and regarding a redistribution of certain funds under the Defendants' agreement. Exhibit 33 to the Motion Declaration is a series of internal memoranda also regarding the distribution of certain funds under the Defendants' agreement. Exhibits 45 and 46 to the Motion Declaration and Exhibits PPP to the Opposition Declaration are written discovery responses discussing information contained in these documents, and Exhibit PPP also contains confidential commercial and trade secret information regarding the NFL Sponsorship and Internet Agreement discussed above.

Dewey & LeBoeuf LLP
One Embarcadero Center, Suite 400
San Francisco, CA 94111

These documents are confidential commercial agreements between Players Inc and the NFLPA regarding their business arrangements, or are documents explaining or describing those business arrangements. The terms of these agreements include descriptions of revenue amounts received by Defendants pursuant to their licensing agreements with certain licensees, as well as the method by which such revenue is distributed. These documents also describe the distribution of revenue received from third parties, such as NFL Properties, Inc., and certain trading card companies.

The specific terms of these commercial agreements have not been made public and constitute trade secrets regarding the operation of Defendants' licensing businesses. See Cal. Civ. Code § 3426.1; Kamakana, 447 F.3d at 1179; Pharm. Care Mgmt. Ass'n, 307 F. Supp. 2d at 177-78; Den-Tal-Ez, 389 Pa. Super. at 250-51. Public disclosure of these agreements would reveal to Defendants' competitors, counter-contracting parties, and potential counter-contracting parties detailed financial information relating to the operations of Defendants' licensing businesses and contractual arrangements with third parties. Such information could cause these entities to change their business behavior to Defendants' commercial disadvantage. Upshaw Decl. at ¶¶ 7-8. Accordingly, there is sufficient compelling reason to file these documents under seal.

### 7. Defendants' Financial Statements and Reports

The document attached to the Motion Declaration as Exhibit 39 is an excerpt from the NFLPA's Fiscal Year 2007 Annual Financial Report, and the documents attached to the Opposition Declaration as Exhibits WW and XX are the NFLPA's Annual Reviews from 2005 and 2006. These documents, which have not been disseminated to the public, contain sensitive and confidential information regarding Defendants' consolidated finances and business practices, including matters not involving player licensing, and constitute trade secrets.[2] For the same reasons as discussed above, Defendants would be seriously harmed by the public disclosure of

---

[2] See Pharm. Care Mgmt. Ass'n, 307 F. Supp. 2d at 177-78 (finding that confidential terms of contracts and financial information constitute trade secrets); Alexander & Alexander Benefit Servs. v. Benefit Brokers & Consultants, Inc., 756 F. Supp. 1408 (D. Or. 1991) (holding that financial information constituted a trade secret).

-5-

Defs.' Memorandum Regarding Sealing                              Civ. Action No. C07 0943 WHA

such sensitive non-public commercial information and trade secrets. Accordingly, there is more than sufficient reason to file these exhibits under seal.

### 8. Declaration of Andrew Feffer

The document attached to the Motion Declaration as Exhibit 15 and to the Opposition Declaration as Exhibit YY is the Declaration of Andrew Feffer, Executive Vice President and Chief Operating Officer of Players Inc. Mr. Feffer's declaration contains the same type of confidential, commercial information that constitute trade secrets described above, including descriptions and explanations of both the financial and non-financial terms of ad hoc agreements between Players Inc's third-party licensees and retired players who are not parties to this action, as well as the underlying agreements and documents as attachments to his declaration. See Cal. Civ. Code § 3426.1; Kamakana, 447 F.3d at 1179; Pharm. Care Mgmt. Ass'n, 307 F. Supp. 2d at 177-78; Den-Tal-Ez, 389 Pa. Super. at 250-51. Thus, for the same reasons stated above, public disclosure of Mr. Feffer's declaration would cause competitive and commercial harm to Defendants and non-party licensees, and there is sufficient compelling reason for filing these exhibits under seal.

### 9. Information in Expert Reports

The documents attached to the Motion Declaration as Exhibits 16, 18, and 20, to the Opposition Declaration as Exhibits R, S, and NNN, and to the Reply Declaration as Exhibits 10 and 11 are the reports (or excerpts thereof) by experts retained by the parties, namely Philip Y. Rowley, Daniel A. Rascher, and Roger G. Noll. These reports contain the very same confidential commercial information and trade secrets described above, including explanations of Players Inc's internal business practices with respect to retired player licensing. Public disclosure of these reports would therefore cause competitive and commercial harm to both Defendants and to its non-party licensees. Accordingly, there is compelling reason to file these exhibits under seal.

### 10. Non-Party Retired Players' Personal Information

The documents attached to the Opposition Declaration as Exhibits P, VV, III, and the Reply Letter Brief Declaration as Exhibit 9 contain the identities and personal information of

-6-

Defs.' Memorandum Regarding Sealing                                Civ. Action No. C07 0943 WHA

specific retired players, almost all of whom (with the sole exception of Plaintiff Herbert Adderley) are not named parties to this action. For example, Exhibit 9 to the Reply Letter Brief Declaration is a listing of the GLA Class Members included as an exhibit to Philip Y. Rowley's expert report, and Exhibit P to the Opposition Declaration contains excerpts from the NFLPA Retired Members Directory, which includes the addresses and phone numbers of retired players. The privacy concerns raised by the public disclosure of these exhibits are more than sufficient compelling reason for filing these documents under seal. Green, 2004 WL 1151649 at *1 (ordering that documents reflecting the names or information of non-parties to be filed under seal).

### 11. Players Inc Monthly Report

The document attached as Exhibit O to the Opposition Declaration is a Players Inc monthly report for June 2005, and contains many of the types of confidential commercial information concerning Defendants' trade secrets, such as the terms of license agreements and the licensing of retired players. See Cal. Civ. Code § 3426.1; Kamakana, 447 F.3d at 1179; Pharm. Care Mgmt. Ass'n, 307 F. Supp. 2d at 177-78; Den-Tal-Ez, 389 Pa. Super. at 250-51. For the same reasons discussed above, public disclosure of this information would cause commercial harm to Defendants and there is compelling reason for filing these documents under seal.

### 12. Excerpts of Deposition Transcripts

The documents attached to the Motion Declaration as Exhibits 5, 8, 27, 34, and 37, to the Opposition Declaration as Exhibits J, K, QQ, and HHH, to the Reply Declaration as Exhibit 12, and to the Letter Brief Declaration as Exhibits 6 and 7 are excerpts of deposition testimony given in this action that have been designated "Confidential" or "Highly Confidential - Attorneys' Eyes Only" by Defendants or – in the case of Exhibits 5 and 27 to the Motion Declaration, Exhibit QQQ and HHH to the Opposition Declaration, and Exhibits 6 and 7 to the Letter Brief Declaration – by non-party The Topps Company. Defendants request to file these deposition transcript excerpts under seal because they contain testimony describing the confidential, commercial and trade secret information described above, including, for example:

-7-

- Descriptions and explanations of the terms of Defendants' license agreements with non-party licensees; and

- Descriptions and explanations of Defendants' internal business practices with respect to active and retired player licensing.

Thus, for the same reasons stated above, public disclosure of this deposition testimony would cause competitive and commercial harm to Defendants and to non-party licensees and there is compelling reason for filing these exhibits under seal. See Upshaw Decl. ¶ 9.

### 13. Unredacted Versions of the Third Amended Complaint, Defendants' Motion for Summary Judgment, Plaintiffs' Opposition, Defendants' Reply, Plaintiffs' Letter Brief, and Defendants' Reply Letter Brief

Exhibit 1 to the Motion Declaration is the unredacted version of the Third Amended Complaint in this case. Exhibit 1, as well as Defendants' Motion for Summary Judgment, Plaintiffs' Opposition, Defendants' Reply, Plaintiffs' Letter Brief, and Defendants' Reply Letter Brief contain much of the very same confidential and trade secret information described above, including extensive quotations and descriptions of the non-public license agreements and the deposition testimony of Defendants' non-party licensees. For the same reasons as discussed above, public disclosure of unredacted versions of these documents would cause competitive and commercial harm to both Defendants and to its non-party licensees. Accordingly, there is compelling reason to file these documents under seal, and for only the redacted versions to be made publicly available.

## **CONCLUSION**

For the reasons stated above, Defendants respectfully request that this Court grant this Miscellaneous Administrative Motion to File under Seal, as amended by the narrowed list of documents submitted herewith.

Date: August 8, 2008            DEWEY & LEBOEUF LLP

BY: __/s/ David G. Feher_____

David G. Feher
*Attorneys for Defendants*