Parrish et al v. National Football League Players Incorporated Doc. 387

Todd Padnos (Bar No. 208202)
*tpadnos@dl.com*
DEWEY & LEBOEUF LLP
One Embarcadero Center, Suite 400
San Francisco, CA 94111
Tel: (415) 951-1100; Fax: (415) 951-1180

Jeffrey L. Kessler (*pro hac vice*)
*jkessler@dl.com*
David G. Feher (*pro hac vice*)
*dfeher@dl.com*
David Greenspan (*pro hac vice*)
*dgreenspan@dl.com*
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, NY 10019
Tel: (212) 259-8000; Fax: (212) 259-6333

Kenneth L. Steinthal (*pro hac vice*)
*kenneth.steinthal@weil.com*
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Tel: (650) 802-3000; Fax: (650) 802-3100

Bruce S. Meyer (*pro hac vice*)
*bruce.meyer@weil.com*
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000; Fax: (212) 310-8007

Attorneys for Defendants National Football League Players Association and National Football League Players Incorporated d/b/a Players Inc



**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

BERNARD PAUL PARRISH, HERBERT ANTHONY ADDERLEY, WALTER ROBERTS III,

Plaintiffs,

v.

NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION and NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a/ PLAYERS INC,

Defendants.

Case No. C 07 0943 WHA

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS PLAINTIFF PARRISH'S INDIVIDUAL CLAIM WITHOUT PREJUDICE FOR LACK OF JURISDICTION**

Hearing Date: September 18, 2008
Hearing Time: 8:00 a.m.



Dockets.Justia.com

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........ ii

INTRODUCTION ........ 1

FACTS ........ 2

ARGUMENT ........ 2

I. THIS COURT HAS CONTINUING SUBJECT MATTER JURISDICTION OVER PARRISH'S INDIVIDUAL CLAIM ........ 2

A. This Court Has Subject Matter Jurisdiction Pursuant to CAFA ........ 2

B. Even if This Court Did Not Have Subject Matter Jurisdiction Pursuant to CAFA, It Can and Should Exercise Supplemental Jurisdiction Over Parrish's Individual Claim ........ 5

II. BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION, ANY DISMISSAL OF PLAINTIFF PARRISH'S INDIVIDUAL CLAIM MUST BE A DISMISSAL WITH PREJUDICE ........ 6

A. Parrish's Claim Should Either Go to Trial or Be Dismissed With Prejudice ........ 6

B. If the Court Dismisses Parrish's Claim Without Prejudice, the Dismissal Should Be Conditioned Upon Parrish Paying Defendants' Costs and Fees ........ 8

CONCLUSION ........ 9

Dewey & LeBoeuf LLP
One Embarcadero Center, Suite 400
San Francisco, CA 94111

**TABLE OF AUTHORITIES**

**CASES** **Page(s)**

*Arabian v. Sony Elecs. Inc.*, 05cv1741 WQH (NLS), 2007 U.S. Dist. LEXIS 67769 (S.D. Cal. Sept. 13, 2007) .... 4

*Braud v. Transport Serv. Co. of Ill.*, 445 F.3d 801 (5th Cir. 2006) .... 3

*Burnette v. Godshall*, 828 F. Supp. 1439 (N.D. Cal. 1993), *aff'd*, 72 F.3d 766 (9th Cir. 1995) .... 6, 7

*Colomar v. Mercy Hosp., Inc.*, Case No. 05-22409-CIV-SEITZ/MCALILEY, 2007 U.S. Dist. LEXIS 52659 (S.D. Fla. July 20, 2007) .... 3, 5

*Davis v. Homecomings Fin.*, No. C05-1466RSL, 2007 U.S. Dist. LEXIS 83459 (W.D. Wash. March 22, 2007) .... 3

*Falcon v. Philips Elecs. N.A. Corp.*, 489 F. Supp. 2d 367 (S.D.N.Y. 2007) .... 4

*Genenbacher v. CenturyTel Fiber Co. II, LLC*, 500 F. Supp. 2d 1014 (C.D. Ill. 2007) .... 3, 4

*Giannini v. Schering-Plough Corp.*, No. C-06-06823-SBA, 2007 U.S. Dist. LEXIS 48392 (N.D. Cal. June 26, 2007) .... 5

*Helio v. Palm, Inc.*, No. C 06-7754 SBA, 2007 U.S. Dist. LEXIS 29422 (N.D. Cal. April 9, 2007) .... 9

*Marks v. AC Transit of East Bay*, No. C-92-1109 RFP, 1992 U.S. Dist. LEXIS 5982 (N.D. Cal. Apr. 23, 1992) .... 8

*Navellier v. Sletten*, 262 F.3d 923 (9th Cir. 2001) .... 8

*Miedema v. Maytag Corp.*, 450 F.3d 1322 (11th Cir. 2006) .... 3

*Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087 (9th Cir. 2008) .... 6

*Schneider v. TRW, Inc.*, 938 F.2d 986 (9th Cir. 1991) .... 5

*Sparta Surgical Corp. v. Natal Ass'n of Secs. Dealers, Inc.*, 159 F.3d 1209 (9th Cir. 1998) .... 5

*Westlands Water Dist. v. United States*, 100 F.2d 94 (9th Cir. 1996) .... 9

**Dewey & LeBoeuf LLP**
**One Embarcadero Center, Suite 400**
**San Francisco, CA 94111**

**STATUTES AND RULES**

28 U.S.C. § 1332(a) ........ 2

28 U.S.C. § 1332(d) ........ 1

28 U.S.C. § 1332(d)(1)(B) ........ 3

28 U.S.C. § 1367(a) ........ 5

Fed. R. Civ. P. 23(a)(3) ........ 8

Fed. R. Civ. P. 41(a)(2) ........ 2, 6, 8

Dewey & LeBoeuf LLP
One Embarcadero Center, Suite 400
San Francisco, CA 94111

Defendants National Football League Players Association and National Football League Players Incorporated d/b/a Players Inc ("Defendants") respectfully submit this memorandum of points and authorities in opposition to the motion to dismiss the individual claim of Plaintiff Bernard Paul Parrish ("Plaintiff" or "Parrish") without prejudice for lack of jurisdiction (the "Motion").

**INTRODUCTION**

After forcing Defendants to bear enormous costs in defending against his continuously shifting legal theories, Plaintiff Parrish seeks to exit this litigation on the eve of trial without prejudicing his ability to reassert his claim at a later date or to appeal this Court's class certification decision. Applicable legal principles and considerations of fairness, however, dictate that Parrish should not be permitted to do so.

Tellingly, Parrish cites no authority whatsoever in support of his arguments that this Court lacks subject matter jurisdiction and he should be permitted to dismiss his claim without prejudice. That is not surprising, because, under the circumstances of this case, the Court retains jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Although the Ninth Circuit has not spoken on this issue, well-reasoned authority from other courts holds that jurisdiction under CAFA is determined at the time the action is initiated, and the Court is not divested of jurisdiction based on subsequent events, such as a denial of class certification. Even if continuing CAFA jurisdiction did not exist, however, the Court can and should exercise its discretion to exercise supplemental jurisdiction over Parrish's individual claim.

Because this Court has continuing jurisdiction over Parrish's claim, the decision of whether to grant dismissal of that claim and, if so, whether the dismissal should be with or without prejudice, lies in the sound discretion of the Court. In accordance with its discretion, the Court should hold that Parrish's choices are simple: (1) he may go forward with his individual claim in this action to trial; or (2) he may dismiss his individual claim with prejudice, which would preclude him from continuing to seek to be appointed a class representative on appeal. He cannot have his cake and eat it too and try to stake out ground in between these two options by



Dewey & LeBoeuf LLP
One Embarcadero Center, Suite 400
San Francisco, CA 94111

seeking a dismissal without prejudice.

## FACTS

In its April 29, 2008 order, this Court denied Parrish's motion to certify a class with respect to his breach of fiduciary duty claim, finding that Parrish was an inadequate class representative due to, among other things, his "personal vendetta against Upshaw and the NFLPA." 04/29/2008 Order, at 13. Almost four months after the Court denied certification of his putative class, with the trial date looming, Parrish seeks to dismiss his individual claim without prejudice.

## ARGUMENT

In this Motion, Parrish is taking two legally irreconcilable positions. On the one hand, he argues that his claim should be dismissed without prejudice because this federal court lacks continuing subject matter jurisdiction over his claim. On the other hand, he argues that the Ninth Circuit, another federal court, somehow retains jurisdiction to hear his appeal of the class certification order. Motion, ¶¶ 3, 4. Parrish cites no authority supporting his attempt to straddle these two conflicting arguments. Either there is continuing federal court jurisdiction over Parrish's claim or there is not. Defendants believe that the better-reasoned authority supports the conclusion that this Court in fact retains subject matter jurisdiction over Parrish's claim. Moreover, under Fed. R. Civ. P. 41(a)(2), this Court should either dismiss the claim with prejudice for all purposes or require Parrish to stand for trial.

### I. THIS COURT HAS CONTINUING SUBJECT MATTER JURISDICTION OVER PARRISH'S INDIVIDUAL CLAIM

#### A. This Court Has Subject Matter Jurisdiction Pursuant to CAFA

Parrish argues, without citation, that this Court lacks subject matter jurisdiction because a class was not certified with respect to his breach of fiduciary duty claim and this Court lacks diversity jurisdiction over his individual claim.[1] Motion, ¶ 2. Parrish is incorrect.

Although the Ninth Circuit has not yet ruled on this issue, Defendants believe that

[1] Defendants agree that Parrish's individual claim does not exceed the $75,000 amount in controversy requirement set forth in 28 U.S.C. § 1332(a).



Dewey & LeBoeuf LLP
One Embarcadero Center, Suite 400
San Francisco, CA 94111

this Court should follow the better-reasoned decisions which hold that federal subject matter jurisdiction does continue under CAFA in a case like this.

Specifically, CAFA jurisdiction, like diversity jurisdiction, should be determined at the time the case is initiated in federal court (either through filing or removal of the lawsuit), such that a later denial of class certification does *not* end this jurisdiction. *See, e.g.*, *Colomar v. Mercy Hosp., Inc.*, Case No. 05-22409-CIV-SEITZ/MCALILEY, 2007 U.S. Dist. LEXIS 52659, at *6 (S.D. Fla. July 20, 2007) ("jurisdiction is to be measured at the time of removal, and subsequent events do not oust the Court of jurisdiction"); *Genenbacher v. CenturyTel Fiber Co. II, LLC*, 500 F. Supp. 2d 1014, 1015 (C.D. Ill. 2007) ("Diversity jurisdiction is determined at the time the complaint is filed"). *Cf. Miedema v. Maytag Corp.*, 450 F.3d 1322, 1331 (11th Cir. 2006) (noting in the context of a CAFA case that amended allegations "may not be considered for purposes of determining subject matter jurisdiction" because jurisdictional facts are assessed as of the time of the removal); *Braud v. Transport Serv. Co. of Ill.*, 445 F.3d 801, 808 (5th Cir. 2006) (citing the Senate Report on CAFA, which noted that "[t]he law is clear that, once a federal court properly has jurisdiction over a case removed to federal court, subsequent events generally cannot 'oust' the federal court of jurisdiction"); *Davis v. Homecomings Fin.*, No. C05-1466RSL, 2007 U.S. Dist. LEXIS 83459, at *2-4 (W.D. Wash. March 22, 2007) (confirming that certification of a class where the amount in controversy was below $5 million, but denial of certification of another class where the amount in controversy would have exceeded $5 million, did not divest the court of CAFA jurisdiction). Federal courts are not divested of jurisdiction in diversity of citizenship cases even if the parties' residencies or the amount in controversy later change. *Genenbacher*, 500 F. Supp. 2d at 1015. Similarly, federal courts should not be divested of jurisdiction under CAFA simply because class certification is denied. If CAFA jurisdiction existed at the time the lawsuit was initiated, a subsequent denial of class certification would not end that jurisdiction. *Id.*

Indeed, the language of CAFA does not state that actual class certification is a requirement for federal jurisdiction. To the contrary, 28 U.S.C. § 1332(d)(1)(B) defines a "class action" subject to federal court jurisdiction under CAFA to mean "any civil action *filed* under



**Dewey & LeBoeuf LLP**
**One Embarcadero Center, Suite 400**
**San Francisco, CA 94111**

rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." (Emphasis added). This definition looks to the time of filing and does not require that the requested class actually be certified for jurisdiction to exist. Congress thus clearly intended that CAFA jurisdiction would continue so that a denial of class certification could be appealed and the federal court could continue to decide the claim that was filed.

Further, even those few courts that have held that they were divested of jurisdiction after denial of class certification under CAFA do not stand for the proposition that a federal court is always deprived of jurisdiction whenever class certification is denied. The decisions by these courts are distinguishable because, in those cases, the class claims at issue were indisputably resolved. *See, e.g., Arabian v. Sony Elecs. Inc.*, 05cv1741 WQH (NLS), 2007 U.S. Dist. LEXIS 67769, at *12-13 (S.D. Cal. Sept. 13, 2007) (stating that, "[u]nlike the situation in *Genenbacher* . . . this Court finds that there is 'no reasonably foreseeable possibility' that a class . . . will be certified in the future of this action"); *Falcon v. Philips Elecs. N.A. Corp.*, 489 F. Supp. 2d 367, 369 (S.D.N.Y. 2007) (noting that CAFA did not state that class certification was a prerequisite to jurisdiction, but dismissing the case for lack of subject matter jurisdiction because, upon the facts of the case, it was an action "where a class cannot be certified either now or in the foreseeable future"). *See also Genenbacher*, 500 F. Supp. 2d at 1015 (stating that the court continued to maintain jurisdiction for the additional reason that plaintiff's class claims were not finally resolved because it was an interlocutory decision). In this case, Parrish is not conceding that his class claims are finally resolved and can never be reinstated. To the contrary, he expressly seeks to maintain his right to appeal the class certification decision. Motion, ¶ 4. In the circumstances presented here, it makes no sense to hold that CAFA jurisdiction has ended.

Thus, because CAFA jurisdiction existed when this action was initiated, and Parrish continues to maintain that he intends to appeal the class certification decision, this Court retains subject matter jurisdiction over Parrish's individual claim under CAFA. Parrish cannot be permitted to first litigate his claim to the eve of trial, to then seek dismissal without prejudice under the guise that there is no continuing jurisdiction, and simultaneously seek to preserve his



Dewey & LeBoeuf LLP
One Embarcadero Center, Suite 400
San Francisco, CA 94111

right to appeal the denial of his class certification. *See Colomar*, 2007 U.S. Dist. LEXIS 52659, at *9 (affirming CAFA jurisdiction, and noting "[t]o litigate the case up to the eve of trial, and then seek remand after adverse rulings have issued and summary judgment is briefed, equates to forum shopping which the traditional rules of removal and remand are designed to preclude").

**B. <u>Even if This Court Did Not Have Subject Matter Jurisdiction Pursuant to CAFA, It Can and Should Exercise Supplemental Jurisdiction Over Parrish's Individual Claim</u>**

Even if CAFA jurisdiction no longer existed, this Court would still have the discretion to retain jurisdiction over Parrish's claims pursuant to its supplemental jurisdiction. *See* 28 U.S.C. § 1367(a). The Ninth Circuit has held that jurisdiction is analyzed based on the pleadings when the case is first brought to federal court and subsequent changes to plaintiff's claims do not compel an automatic remand and dismissal. *See Sparta Surgical Corp. v. Natal Ass'n of Secs. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998). Rather, "[t]he court may retain supplemental jurisdiction over state claims even if the federal claims over which it had original jurisdiction are dismissed." *Giannini v. Schering-Plough Corp.*, No. C-06-06823-SBA, 2007 U.S. Dist. LEXIS 48392, at *6 (N.D. Cal. June 26, 2007). That is the case even if CAFA was the original basis for invoking federal jurisdiction and the class allegations are dismissed. *Id.* at *7 (stating "this Court's jurisdiction was not automatically divested when the class action claims were dismissed, however, it does not follow that remand is impermissible").

In deciding whether to exercise supplemental jurisdiction, "the court must consider whether the values of economy, convenience, fairness, and comity will be served[.]" *Id.* at *9. Each of these considerations weighs in favor of this Court exercising supplemental jurisdiction over Parrish's individual claim. *First*, judicial economy is best served by this Court continuing to exercise jurisdiction because it has already expended significant judicial energy in adjudicating Parrish's claims. *See Schneider v. TRW, Inc.*, 938 F.2d 986, 994 (9th Cir. 1991) (noting that the district judge "is in the best position to determine whether enough resources have been expended to make dismissal a waste at any given point"). Indeed, over the eighteen months since this action was initiated, the Court decided several motions relating to Parrish and his



Dewey & LeBoeuf LLP
One Embarcadero Center, Suite 400
San Francisco, CA 94111

attempts to state a claim. Declining to exercise jurisdiction at this point in the litigation would render all of those decisions a waste of judicial energy. *Second*, considerations of the convenience and fairness to the parties weigh heavily in favor of exercising supplemental jurisdiction. Defendants have expended significant resources and efforts in litigating in this forum and are preparing for a trial of both the GLA class claim and Parrish's claim. At this late stage of the litigation, fairness dictates that Defendants not face the prospect of starting over again in a different forum. *See Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008) (holding that the district court did not abuse its discretion by exercising supplemental jurisdiction over plaintiff's state law claim where "[j]udicial economy and convenience to the parties were better accommodated by retaining the state law claim at that juncture" in the litigation). *Third*, comity is not implicated because Parrish's claim does not raise novel issues of state law and he is not arguing that a state court is better able to adjudicate his claims. To the contrary, he chose to file his claims in this federal forum.

## II. BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION, ANY DISMISSAL OF PLAINTIFF PARRISH'S INDIVIDUAL CLAIM MUST BE A DISMISSAL WITH PREJUDICE

As set forth above, this Court has continuing subject matter jurisdiction over Parrish's claim. Accordingly, any voluntary dismissal by Parrish must be made pursuant to Fed. R. Civ. P. 41(a)(2). This Court thus has the discretion to determine: "(1) whether to allow the dismissal at all; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed." *Burnette v. Godshall*, 828 F. Supp. 1439, 1443 (N.D. Cal. 1993), *aff'd*, 72 F.3d 766 (9th Cir. 1995). Defendants do not object to the dismissal of Parrish's individual claim, if it is done with prejudice and without any right of appeal. Any other result would be fundamentally unfair at this late stage of the litigation.

### A. Parrish's Claim Should Either Go to Trial or Be Dismissed With Prejudice

Courts consider the following factors in determining whether a dismissal should be made with or without prejudice: "(1) the defendant's effort and expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in

Dewey & LeBoeuf LLP
One Embarcadero Center, Suite 400
San Francisco, CA 94111

prosecuting the action, [and] (3) insufficient explanation of the need to take a dismissal." *Burnette*, 828 F. Supp. at 1443-44 (brackets in original, citation omitted). Each of these factors weighs heavily in favor of either a dismissal with prejudice or no dismissal at all.

*First*, Defendants have expended significant effort and incurred substantial expense in defending against Parrish's claims and preparing for trial. During the course of this litigation, Defendants have, among other things: (i) answered the complaint, (ii) filed a motion for judgment on the pleadings with respect to claims asserted by Parrish in the First Amended Complaint, (iii) deposed Parrish, (iv) conducted written fact discovery of Parrish, (v) opposed the motion to certify Parrish's class, (vi) filed separate motions to dismiss the Second Amended Complaint, including Parrish's claims, and (vii) opposed a motion to file a third amended complaint, including Parrish's claim. Moreover, because Parrish's claim is still in the case, and he has delayed making any motion to dismiss for four months after the class certification decision, Defendants have prepared for trial assuming that the Parrish claim will be tried. In this regard, Defendants note that Parrish has also never made any motion to bifurcate the trial of his claim from the claims of the Adderley class. After forcing Defendants to undertake this effort and expense to defend against his claim, Parrish should not be permitted to dismiss his claim at this late date without prejudice. Defendants are entitled to have Parrish's claim resolved at the upcoming trial or to have that claim dismissed prior to trial with prejudice.

*Second*, Parrish has been anything but diligent in bringing this Motion. This Motion was filed on the eve of trial, while the parties are preparing the pre-trial order. Parrish provides no excuse for his delay, given that his Motion is premised upon the purported lack of jurisdiction resulting from the Court's denial of class certification of his breach of fiduciary duty claim. The Court's decision denying certification of Parrish's claim was issued on April 29, 2008 – three-and-a-half months before Parrish filed this Motion. No additional facts or circumstances have arisen or changed since April that impact any of the arguments made by Parrish in support of his Motion.

*Third*, Parrish provides no justification for his right to take a dismissal without prejudice other than his erroneous argument that this Court lacks subject matter jurisdiction over



Dewey & LeBoeuf LLP
One Embarcadero Center, Suite 400
San Francisco, CA 94111

his individual claim. Parrish does not, for example, concede that facts learned through the litigation have demonstrated that his claims have no merit. Instead, he is seeking to preserve and appeal the denial of his class certification to the Ninth Circuit and, at the same time, take the position that his individual claim should not be tried before this Court.

It would be fundamentally unfair for Defendants to have expended substantial resources in defending against Parrish's claim only to have him dismiss it without prejudice at the eleventh hour, and then seek to have it reinstated on appeal. Accordingly, Parrish's motion to dismiss without prejudice should be denied, and he should be ordered to either: (1) go forward with his individual claim in this action through trial; or (2) dismiss his individual claim with prejudice, which would preclude him from appealing the class certification decision and attempting to reassert his claim at a later time. *See Marks v. AC Transit of East Bay*, No. C-92-1109 RFP, 1992 U.S. Dist. LEXIS 5982, at *3, n.1 (N.D. Cal. Apr. 23, 1992) (stating that "'[d]ismissal with prejudice' means that the claim cannot be brought to this court again").

Moreover, the attempt by Parrish to dismiss his claim but also preserve his right to appeal the class certification decision makes no legal sense. If the court dismisses his claim, then Parrish cannot possibly appeal the decision that he is not an adequate class representative, since it is well-settled that a class representative must have claims that are typical of the class. *See Navellier v. Sletten*, 262 F.3d 923, 941 (9th Cir. 2001) (holding the district court did not abuse its discretion in denying class certification in part because the plaintiff "was neither a typical nor adequate class representative and was subject to unique defenses"); Fed. R. Civ. P. 23(a)(3) (requiring a plaintiff seeking class certification to demonstrate that "the claims or defenses of the representative parties are typical of the claims or defenses of the class"). If the Parrish claim is dismissed, he would not have any claim at all and thus could not possibly seek to be certified as a typical class representative on appeal.

**B. <u>If the Court Dismisses Parrish's Claim Without Prejudice, the Dismissal Should Be Conditioned Upon Parrish Paying Defendants' Costs and Fees</u>**

Finally, if the Court decides to grant Parrish's Motion and dismisses his claim without prejudice, it should exercise its discretion under Rule 41(a)(2) to attach conditions to the

dismissal. In particular, any dismissal without prejudice should be conditioned "upon the payment of appropriate costs and attorneys fees" to Defendants. *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). Such a condition "is common place and serves the purpose of protecting the defendant from undue prejudice." *Helio v. Palm, Inc.*, No. C 06-7754 SBA, 2007 U.S. Dist. LEXIS 29422, at *8 (N.D. Cal. April 9, 2007). Requiring Parrish to pay Defendants' costs and attorneys fees for defending his action is especially appropriate in this case because Defendants have litigated the claim almost to its conclusion, and have incurred significant expense in the course of answering the complaint, extended motion practice, discovery, and preparing for the upcoming trial (as discussed above). Accordingly, Defendants request that, at a minimum, Parrish be required to pay the costs incurred in moving for judgment on the pleadings of his claim, providing discovery in connection with Parrish's claims, opposing the certification of the Parrish claim, and preparing to defend against Parrish's individual claim at trial.

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court (i) deny the Motion, (ii) order Plaintiff Parrish to either dismiss his claim with prejudice or continue to prosecute his claim, or, in the alternative, if the dismissal is granted without prejudice, order Parrish to pay Defendants' costs and attorneys fees in defending the Parrish claim; and (iii) for such other and further relief as this Court deems just and proper.

Date: August 28, 2008

DEWEY & LEBOEUF LLP

BY: __/s/ Jeffrey L. Kessler_____

Jeffrey L. Kessler

*Attorneys for Defendants*

Dewey & LeBoeuf LLP
One Embarcadero Center, Suite 400
San Francisco, CA 94111