IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BERNARD PAUL PARISH, HERBERT ANTHONY ADDERLEY, and WALTER ROBERTS III, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a PLAYERS INC., a Virginia corporation,

    Defendant.

No. C 07-00943 WHA

**ORDER DENYING DEFENDANTS' MOTION TO DECERTIFY THE CLASS**

Defendants' motion to decertify the class is denied. In its motion, defendants argue that the Court's order denying summary judgment creates an inherent conflict among the class between those who licensed their rights through ad hoc agreements and those that are seeking royalty payments through group licensing agreements. In particular, defendants cite to the following language (Dkt. 353 at 7):

> If defendants planned to have companies like EA obtain all retired player rights through ad hoc agreements, it is unclear why they worked so hard to recruit retired players to sign GLAs in the first place. It remains a genuine issue of material fact whether defendants had a duty, created by the plain wording of the GLA, to ensure that retired players' rights were licensed primarily through the GLAs rather than through *ad hoc* agreements and that retired players, like active players, shared in a pool of money generated by those group licensing deals.

Defendants' previously-considered argument must be rejected again. Significantly, the Court has repeatedly made clear that the class has a common interest in determining what rights, if any, they were entitled to under the GLAs. As further stated in the order denying summary judgment (*id*. at 9):

> The $30 million in revenues that defendants paid out to *certain* retired players under *ad hoc* licensing deals is not at issue here. Rather, what is at issue is the collective group licensing that defendants engaged in, for which defendants paid *active* players an "equal share" royalty but paid class members nothing. The retired players have a common interest in establishing whether the GLAs entitled them to something.

The money paid to certain retired players under ad hoc agreements does not affect whatever rights the class members have under the GLAs. As noted in previous orders, active players were paid an equal share royalty under their GLAs despite their ability to enter in separate *ad hoc* agreements to license their images individually. The facts having not changed, defendants' motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 2, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE