Todd Padnos (Bar No. 208202)
*tpadnos@dl.com*
DEWEY & LEBOEUF LLP
One Embarcadero Center, Suite 400
San Francisco, CA 94111
Tel: (415) 951-1100; Fax: (415) 951-1180

Jeffrey L. Kessler (*pro hac vice*)
*jkessler@dl.com*
David G. Feher (*pro hac vice*)
*dfeher@dl.com*
David Greenspan (*pro hac vice*)
*dgreenspan@dl.com*
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, NY 10019
Tel: (212) 259-8000; Fax: (212) 259-6333

Kenneth L. Steinthal (*pro hac vice*)
*kenneth.steinthal@weil.com*
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Tel: (650) 802-3000; Fax: (650) 802-3100

Bruce S. Meyer (*pro hac vice*)
*bruce.meyer@weil.com*
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000; Fax: (212) 310-8007

Attorneys for Defendants National Football League Players Association
and National Football League Players Incorporated d/b/a Players Inc

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| BERNARD PAUL PARRISH, HERBERT ANTHONY ADDERLEY, WALTER ROBERTS III,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION and NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a/ PLAYERS INC,<br><br>Defendants. | Case No. C 07 0943 WHA<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE REGARDING HOW DEFENDANTS ALLEGEDLY SPENT MONIES CLAIMED BY PLAINTIFFS, AND EVIDENCE REGARDING THE ECONOMIC WEALTH OF DEFENDANTS AND ACTIVE NFL PLAYERS** |

Defendants' Motion in Limine No. 1 to Exclude Evidence Re How         Civ. Action No. C07 0943 WHA
Defendants Allegedly Spent Monies and Re Economic Wealth

Dockets.Justia.com

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on September 1, 2008, or as soon thereafter as the matter may be heard in the above-referenced Court, Defendants National Football League Players Association ("NFLPA") and National Football League Players Incorporated d/b/a Players Inc ("Players Inc") (collectively, "Defendants"), will and hereby do move to exclude evidence regarding how Defendants spent the money that they allegedly should have paid to Plaintiffs, and the economic wealth of Defendants and active NFL players.

This Motion is based on the accompanying Memorandum of Points and Authorities, the accompanying declarations, the pleadings in this matter, and on such further evidence and argument as may be presented at the hearing on this Motion.

Date: August 19, 2008    DEWEY & LEBOEUF LLP

BY: __/s/Jeffrey L. Kessler_____
Jeffrey L. Kessler

*Attorneys for Defendants*

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs should be precluded from introducing any evidence or allegations at trial relating to (i) how Defendants spent the money that they allegedly should have paid to Plaintiffs, and/or (ii) the economic wealth of Defendants and active NFL players, including how much money is paid to active players. These issues are irrelevant to the case and run the risk of emotionally appealing to the jury to grant a substantial damages award simply because many GLA Class members made comparatively little money when they played in the NFL, while Defendants and current active NFL players are economically well off. Such emotional appeals are inconsistent with the rule of law, and would be highly prejudicial. Defendants request that this evidence be precluded under Federal Rules of Evidence 402 and 403 so that the trial of this action may rightly focus upon the legal merits of the claims before the Court.

### A. Defendants' Expenses

Plaintiffs have repeatedly tried to turn their prosecution of this action into a political circus, referring to matters such as Gene Upshaw's salary, the salaries of other NFLPA or Players Inc personnel, allegedly excessive "overhead," and other expenses of Defendants. This Court has already properly excluded discovery of any information relating to Mr. Upshaw's salary, finding that this subject is "far removed from the issues in this case." Declaration of Roy Taub in Support of Defendants' Motion in Limine No. 1 ("Taub Decl.") ¶ 2, Ex. 1 (Transcript of Proceedings, dated June 11, 2008) ("Tr.") at 11:1-4. As the Court noted, "I cannot imagine a scenario where we say to the jury, you go and decide whether Upshaw earns his money or not. Either the contract that [Plaintiffs] showed me the other day gives the players some rights or it doesn't. . . . I can't imagine any scenarios where Upshaw's salary ties into that somehow [i.e., why this case was certified], even less so whether he earns it. . . ." Id. at 11:5-13; see also id. at 11:14-18 ("So if your case depends on showing that Upshaw is getting overpaid, I think you're in trouble. I would advise you to come up with a better theory."). For this same reason, Plaintiffs should be precluded from introducing evidence or allegations at trial relating to Mr. Upshaw's compensation or any other salaries or expenses of Defendants.

Defendants' Motion in Limine No. 1 to Exclude Evidence Re HowCiv. Action No. C07 0943 WHA
Defendants Allegedly Spent Monies and Re Economic Wealth

1

Plaintiffs' claims are based on the assertion that the GLA Class members should have received certain group licensing money they were not paid. Purportedly in support of these claims, Plaintiffs argue that these alleged retired player licensing revenues were "used to support the overhead, substantial salaries and perquisites" of Defendants. Third Amended Complaint ¶ 39; see also Second Amended Complaint ¶ 21 ("Instead of providing payments to all retired players who signed a GLA, PLAYERS INC has, on information and belief, diverted millions of dollars from PLAYERS INC to the NFLPA in order to support the overhead, substantial salaries and perquisites of NFLPA management and employees."). This allegation, however, has no relevance to Plaintiffs' claims, since it makes no difference how licensing money was spent by the NFLPA or Players Inc. Such use has no bearing on whether Plaintiffs were legally entitled to receive the money.

Plaintiffs' proffered expert, Dr. Daniel Rascher, based one part of his report on a comparison of Mr. Upshaw's salary with the salaries of the executive directors of two other professional sports unions. After the filing of Dr. Rascher's expert report, Plaintiffs sought further information in discovery about Mr. Upshaw's salary, but the Court, as noted above, properly denied that discovery because information about the salaries of Defendants' employees and other expenses are irrelevant to what rights the GLA Class have under the GLA and whether those rights were fulfilled.

Following the Court's discovery ruling on Mr. Upshaw's salary information, Dr. Rascher stated in his reply report that he was no longer offering any opinion on Mr. Upshaw's salary, because it "has been ruled to be irrelevant to the issues in this suit." Declaration of Jason Clark in Support of Defendants' Motion in Limine No. 4 to Exclude the Testimony of Daniel A. Rascher ("Clark Decl.") ¶ 2, Ex. 1 (Expert Reply Report of Daniel A. Rascher) at 2 n.3; Clark Decl. ¶ 5, Ex. 4 (Rascher Depo. Tr.) at 219:1-4. Thus, Plaintiffs have apparently conceded that Mr. Upshaw's salary has been determined to be irrelevant. But, Plaintiffs have not yet conceded that similar references to other NFLPA or Players Inc expenditures are also irrelevant. Thus, Defendants are filing this motion in limine so that the parties have clear guidance that no

reference may be made at trial either to Mr. Upshaw's compensation or how Defendants otherwise spent their monies.

As this Court has recognized, this case is about whether Plaintiffs are entitled to any group licensing revenues that they did not receive, and, if so, in what amount. Thus, any evidence about Defendants' employees' compensation, or about how Defendants otherwise used the revenues they generated, is irrelevant as a matter of law.[1] See Smith v. Bd. of County Comm'rs of County of Lyon, No. 01-4018-SAC, 2003 WL 21293565, *3 (D. Kan. May 27, 2003) (excluding evidence regarding money received by jail and how that money was budgeted or used by defendants as "irrelevant" and "play[ing] no part in this case"); see also First Nat'l Mortgage Co. v. Fed. Realty Inv. Trust, No. C-03-02013 RMW, 2006 WL 2228941, *13 (N.D. Cal. Aug. 3, 2006) ("[I]t does not matter for what purpose First National uses the money. Accordingly, evidence of [the purported reason for the expenditure] is both irrelevant and severely prejudicial."); Buckley v. Evans, No. 2:02-cv-01451-JKS, 2007 WL 2900173, *5 (E.D. Cal. Sept. 28, 2007) (evidence that does not "directly address the merits, i.e., an element of a claim" in the case should be excluded) (citing United States v. Gonzalez-Flores, 418 F.3d 1093, 1098 (9th Cir. 2005).

This same conclusion applies to other expenses of the NFLPA and Players Inc. Whatever the Defendants spent on office leases, staff salaries, furniture, or coffee, it is irrelevant to Plaintiffs' claims. Indeed, at the argument relating to discovery of Mr. Upshaw's salary, Plaintiffs' counsel addressed the "overhead" issue, and, when challenged with the fact that no mention was made of any such issue in Plaintiffs' expert reports, Plaintiffs' counsel was left with the tepid response that Dr. Rascher's report would have to be amended if Plaintiffs were granted access to such information. Taub Decl. ¶ 2, Ex. 1 (Tr.) at 10:5-23. The Court's reaction was to deny Plaintiffs' motion, and cut off Plaintiffs' efforts to pursue information that is irrelevant to

---

[1] Moreover, as the outside accountant for the NFLPA testified, "[t]he compensation paid to Mr. Upshaw as a result of employment contracts that stipulate certain amounts of money to be paid from the fund of Players, Inc. and NFLPA [is] not traceable to any one revenue source." Taub Decl. ¶ 3, Ex. 2 (Eyrich 30(b)(6) Depo. Tr.) at 191:9-192:9

this case. Id. at 10:24-25.

In addition to its irrelevance, evidence relating to Defendants' expenses should also be excluded, pursuant to Federal Rule of Evidence 403, because of its highly prejudicial nature. Rule 403 provides that evidence should be excluded where its probative value would be "substantially outweighed" by, among other things, the risk of unfair prejudice, jury confusion, or waste of time to be caused by its presentation at trial. See Fed. R. Evid. 403. Any effort to refer at trial to purportedly excessive NFLPA or Players Inc expenditures would be a blatantly prejudicial effort to influence the jury on the basis of how much money Mr. Upshaw receives or the NFLPA or Players Inc spends. Courts routinely exclude such evidence because it would unfairly prejudice the jury. See, e.g., United States v. Mitchell, 172 F.3d 1104, 1108-09 (9th Cir. 1999) (proof of wealth, "without more, is likely to amount to a great deal of unfair prejudice with little probative value"); Koufakis v. Carvel, 425 F.2d 892, 902 (2d Cir. 1970) (comments about case as "one which pitted a 'little' and virtuous man of modest resources against a powerful and unscrupulous man with untold wealth" were so prejudicial as to warrant a new trial).[2]

### B. Defendants' Economic Wealth

For similar reasons, Plaintiffs should be precluded from presenting any evidence at trial concerning the economic wealth of Defendants and active NFL players, or how their wealth compares to that of the GLA Class members. Throughout this case, Plaintiffs have made repeated emotional appeals based on the fact that many GLA Class members made relatively little money compared to current active NFL players – a result of changes in the economics of professional sports and the leverage of players, issues far afield from this action. Plaintiffs'

---

[2] Introducing evidence about Defendants' employees' compensation, or about how Defendants otherwise spend their funds, would also confuse the jury and waste its – as well as the Court's – time. Indeed, the trial would become embroiled in a series of "mini-trials" about whether particular salaries, bonuses, overhead items, or expenditures were exorbitant or proper. See, e.g., Olson v. Ford Motor Co., 481 F.3d 619, 623-24 (8th Cir. 2007) ("No judge wants to see one trial turn into several, especially when the one trial presents complex issues with which the jury may already be struggling."); Taub Decl. ¶ 2, Ex. 1 (Tr.) at 11:5-13 ("I cannot imagine a scenario where we say to the jury, you go and decide whether Upshaw earns his money or not. . . . I can't imagine any scenario where Upshaw's salary ties into [this case], even less so whether he earns it or not.").

filings have been rife with assertions that they should receive a substantial damages award because of the relative wealth of Defendants and current active players, as part of a larger political vendetta against the NFLPA and Players Inc by Plaintiffs and a small group of retired players. This vendetta has already resulted in the disqualification of Plaintiff Bernard Parrish as a class representative, and the Court should not permit Class counsel to serve as a substitute for Mr. Parrish on these issues.

Specifically, Plaintiffs should be precluded from introducing any evidence or allegations relating to the economic wealth of Defendants or current NFL players, or how that wealth compares to the economic situations of GLA Class members. Such evidence would be a prejudicial distraction and is wholly irrelevant to Plaintiffs' claims. See, e.g., Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) ("It has been widely held by the courts that have considered the problem that the financial standing of the defendant is inadmissible as evidence in determining the amount of compensatory damages to be awarded. . . . [T]he ability of a defendant to pay the necessary damages injects into the damage determination a foreign, diverting, and distracting issue which may effectuate a prejudicial result.").

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court grant this Motion to exclude any evidence regarding how Defendants spent the money that they allegedly should have paid to Plaintiffs, and the economic wealth of Defendants and active NFL players, under Federal Rules of Evidence 402 and 403.

Date: August 19, 2008

DEWEY & LEBOEUF LLP

BY: __/s/ Jeffrey L. Kessler_____
Jeffrey L. Kessler
*Attorneys for Defendants*

Defendants' Motion in Limine No. 1 to Exclude Evidence Re How Defendants Allegedly Spent Monies and Re Economic Wealth

Civ. Action No. C07 0943 WHA

5