MANATT, PHELPS & PHILLIPS, LLP
RONALD S. KATZ (Bar No. CA 085713)
E-mail: rkatz@manatt.com
RYAN S. HILBERT (California Bar No. 210549)
E-mail: rhilbert@manatt.com
NOEL S. COHEN (California Bar No. 219645)
E-mail: ncohen@manatt.com
1001 Page Mill Road, Building 2
Palo Alto, CA 94304-1006
Telephone: (650) 812-1300
Facsimile: (650) 213-0260

MCKOOL SMITH, P.C.
LEWIS T. LECLAIR (Bar No. CA 077136)
E-mail: lleclair@mckoolsmith.com
JILL ADLER NAYLOR (Bar No. CA 150783)
E-mail: jnaylor@mckoolsmith.com
300 Crescent Court
Dallas, TX 75201
Telephone: (214) 978-4984
Facsimile: (214) 978-4044

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT

SAN FRANCISCO DIVISION

| | |
|---|---|
| BERNARD PAUL PARRISH, HERBERT ANTHONY ADDERLEY, and WALTER ROBERTS III, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION, a Virginia corporation, and NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a PLAYERS INC, a Virginia corporation,<br><br>Defendants. | CIVIL ACTION NO. C07 0943 WHA<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE REGARDING HOW DEFENDANTS ALLEGEDLY SPENT MONIES CLAIMED BY PLAINTIFFS, AND EVIDENCE REGARDING THE ECONOMIC WEALTH OF DEFENDANTS AND ACTIVE NFL PLAYERS**<br><br>Judge: Honorable William H. Alsup<br>Date: October 15, 2008<br>Time: 2:00 p.m.<br>Place: Courtroom 9, 19th Floor |

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

20202979.1
Dallas 258080v3

Dallas 260697v3

In their first motion in limine, Defendants ask the Court to exclude evidence related to the expenditures and economic wealth of Defendants. The Court should summarily deny this Motion.

The evidence sought to be excluded is highly relevant and, indeed, will be a central part of ***Defendants'*** case to which Plaintiffs will be entitled to respond. For example, evidence showing Defendants' distribution of a relatively small portion of the funds from received group licensing revenue, as shown in Defendants' financial statements and their LM-2 filings, proves that Defendants' astounding 64-69% licensing capture rate is patently unreasonable. Defendants intend to argue, presumably, that this retained "commission" is somehow "fair" or "appropriate" based upon their expenditure levels and financial needs. Plaintiffs will need to, and will, rebut this attempted showing. This Motion is a naked and unjustified attempt to tie Plaintiffs' hands in this regard. Furthermore, evidence of the Defendants' wealth will be a necessary component of the jury's finding of an appropriate punitive damage amount. As such, the challenged evidence is directly relevant to the case, and the Court should deny Defendants' first motion in limine.

## I. Evidence of how Defendants Use Licensing Proceeds Rebuts Defendants' Damages Theories, and Supports Plaintiffs' Theories

Evidence of Defendants' expenditures is relevant, indeed necessary, in evaluating the reasonableness of Defendants' licensing practices. For example, Defendants' expert Roger Noll criticizes Plaintiffs' expert Daniel Rascher's methodology, in part, for not properly accounting for Defendants' use of their licensing revenues "to deliver services to its members" in determining an appropriate revenue share for Defendants to keep from their licensing efforts. *See* Garza Decl., Ex. A at 51. Noll thus demonstrates in his critique of Plaintiffs' expert that the jury in this case will be called upon to consider how Defendants have used licensing revenues in determining whether the 64%-69% licensing capture is reasonable. If Defendants have not provided adequate compensation to retired players, whether through actual payments to players or benefits-in-kind, then a reasonable jury may infer that a 64%-69% licensing capture rate is unreasonable. In the same vein, evidence that Defendants have failed to distribute a sizable portion of received group

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

20202979.1
Dallas 258080v3
Dallas 260697v3

licensing revenue, as shown in Defendants' financial statements and their LM-2s, shows that the high licensing capture rate is unreasonable.

Notwithstanding the instant motion, Defendants recognize that evidence of Defendants' use of licensing proceeds helps the jury understand the parties' damages positions. Defendants' retained expert, Dr. Noll, cited to the *use* of licensing proceeds to form a strike fund as rebutting any comparisons between the NFLPA and the MLBPA. *See* Garza Decl., Ex. A at 13. In fact, Defendants have included the NFLPA's annual financial statements on their proposed exhibit list. *See* Garza Decl., Ex. B at 33-34 (including financial statements as proposed exhibits 380-84). As Defendants intend to rely on how the NFLPA has chosen to use licensing proceeds, Plaintiffs should be able to do the same.

**II.     Plaintiffs Will Not Seek to Introduce Specific Active Player Salaries, the Specific Salary of Gene Upshaw, or the Specific Salary of Any of Defendants' Employees**

Plaintiffs do not intend to introduce evidence relating to active player salaries, the salary of Gene Upshaw, or the specific salary of any of Defendants' employees during its case-in-chief. Plaintiffs agree that evidence of these salaries is of little probative value, in light of the added evidence that would likely be adduced to explain the terms and conditions associated with those salaries.

Plaintiffs will stand prepared, however, to introduce evidence of active player salaries to rebut certain arguments relating to the "equal share" royalty. As an example, Defendants have argued that an "equal share" royalty is inappropriate for retired players, because "their careers are over, and [their] marketability, or lack thereof, is fixed." *See* Dkt. No. 312 at 12. "Marketability," however, is not a key factor in determining licensing rates for collective group licenses -- were marketability a major factor, active superstar players (like Brett Favre or Frank Gore), would earn a larger share of group licensing revenue than the rank-and-file active player. In response to Defendants' positions, Plaintiffs may introduce evidence of active salaries, to show how disparities between active players are not reflected in their "equal share" licensing rates. In

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

20202979.1
Dallas 258080v3
Dallas 260697v3

3

the same vein, Plaintiffs will be prepared to introduce evidence of Defendants' employees' salaries, if necessary, to rebut any relevant arguments raised by Defendants.

## III. Evidence of Defendants' Wealth is Relevant to the Jury's Determination of Punitive Damages

Plaintiffs seek punitive damages in this lawsuit. The laws of Virginia and the District of Columbia recognize that the jury may consider the size and wealth of Defendant in determining an appropriate punitive award. *See Norfolk & W. Ry. Co. v. A. C. Allen & Sons*, 95 S.E. 406, 409 (Va. 1918) ("In a case in which exemplary or punitive damages are properly allowable, evidence of the wealth of the defendant may be introduced . . . "); *Jonathan Woodner Co. v. Breeden*, 665 A.2d 929, 941 n.19 (D.C. 1995) (holding that proof of Defendants' net worth "is only one of several considerations relevant to a punitive damages determination."); *see also Pac. Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 21-22 (1991) (approving, among other factors used to determine a punitive damage award, the "financial position" of the defendant). Thus, the Court should allow Plaintiffs to introduce such evidence to support their punitive damages claim.

## IV. Conclusion

Plaintiffs request that the Court deny Defendants' Motion in Limine No. 1.

| | |
|---|---|
| 1 | Respectfully submitted, |
| 2  Dated: October 6, 2008 | MANATT, PHELPS & PHILLIPS, LLP |

By: /s/ Ronald S. Katz
Ronald S. Katz (SBN 085713)
Ryan S. Hilbert (SBN 210549)
Noel S. Cohen (SBN 219645)
1001 Page Mill Road, Building 2
Palo Alto, CA 94304-1006
Telephone: (650) 812-1300
Facsimile: (650) 213-0260

MCKOOL SMITH, P.C.
Lewis T. LeClair (SBN 077136)
Jill Adler Naylor (SBN 150783)
300 Crescent Court
Dallas, TX 75201
Telephone: (214) 978-4984
Facsimile: (214) 978-4044

*Attorneys for Plaintiffs*

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

20202979.1
Dallas 258080v3
Dallas 260697v3

5