1  Todd Padnos (Bar No. 208202)
   *tpadnos@dl.com*
2  DEWEY & LEBOEUF LLP
   One Embarcadero Center, Suite 400
3  San Francisco, CA 94111
   Tel: (415) 951-1100; Fax: (415) 951-1180
4
   Jeffrey L. Kessler (*pro hac vice*)
5  *jkessler@dl.com*
   David G. Feher (*pro hac vice*)
6  *dfeher@dl.com*
   David Greenspan (*pro hac vice*)
7  *dgreenspan@dl.com*
   DEWEY & LEBOEUF LLP
8  1301 Avenue of the Americas
   New York, NY 10019
9  Tel: (212) 259-8000; Fax: (212) 259-6333

10 Kenneth L. Steinthal (*pro hac vice*)
   *kenneth.steinthal@weil.com*
11 WEIL, GOTSHAL & MANGES LLP
   201 Redwood Shores Parkway
12 Redwood Shores, CA 94065
   Tel: (650) 802-3000; Fax: (650) 802-3100
13
   Bruce S. Meyer (*pro hac vice*)
14 *bruce.meyer@weil.com*
   WEIL, GOTSHAL & MANGES LLP
15 767 Fifth Avenue
   New York, NY 10153
16 Tel: (212) 310-8000; Fax: (212) 310-8007

17 Attorneys for Defendants National Football League Players Association
   and National Football League Players Incorporated d/b/a Players Inc

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| BERNARD PAUL PARRISH, HERBERT ANTHONY ADDERLEY, WALTER ROBERTS III,<br><br>  Plaintiffs,<br><br>  v.<br><br>NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION and NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a/ PLAYERS INC,<br><br>  Defendants. | Case No. C 07 0943 WHA<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE ABOUT PLAINTIFFS' COMPLAINTS RELATING TO RETIRED PLAYER PENSION AND DISABILITY BENEFITS, COLLECTIVE BARGAINING AND OTHER UNION ISSUES** |

Defs.' Motion in Limine No. 2 to Exclude Evidence about                    Civ. Action No. C07 0943 WHA
Pls.' Complaints relating to Retired Player Pension and Disability Benefits, etc.

Dockets.Justia.com

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on September 1, 2008, or as soon thereafter as the matter may be heard in the above-referenced Court, Defendants National Football League Players Association ("NFLPA") and National Football League Players Incorporated d/b/a Players Inc ("Players Inc") (collectively, "Defendants"), will and hereby do move to exclude any evidence relating to Plaintiffs' complaints about retired player pension and disability benefits, collective bargaining or other union issues.

This Motion is based on the accompanying Memorandum of Points and Authorities, the pleadings in this matter, and on such further evidence and argument as may be presented at the hearing on this Motion.

Date: August 19, 2008                      DEWEY & LeBOEUF LLP

BY: ___/s/Jeffrey L. Kessler_____
Jeffrey L. Kessler

*Attorneys for Defendants*

Dewey & LeBoeuf LLP
One Embarcadero Center, Suite 400
San Francisco, CA 94111

**MEMORANDUM OF POINTS AND AUTHORITIES**

By this motion in limine, Defendants seek to exclude all evidence regarding Plaintiffs' complaints about the NFLPA's performance as a union, its role in collective bargaining, and the benefits provided through collective bargaining to retired players, such as pensions and disability payments. This evidence should be excluded at trial because it is completely irrelevant to the licensing issues in the case, and introducing any such evidence would be confusing, wasteful, prejudicial and suggest a decision on an improper and emotional basis. It also would unduly extend the duration of trial and require a mini-trial on irrelevant benefits and collective bargaining issues. The evidence is thus not admissible pursuant to Federal Rules of Evidence 402 and 403.

The thrust of Adderley's claims in the Third Amended Complaint ("TAC") is that Defendants have breached the Group Licensing Authorization forms ("GLAs") and purported fiduciary duties by failing to pay certain group licensing revenues allegedly due to the GLA Class Members. TAC, ¶¶ 54, 96. Adderley's claims are solely about retired player licensing and have nothing to do with collective bargaining or the benefits provided to retired players through collective bargaining, such as pension and disability benefits.

Nevertheless, Plaintiffs have repeatedly sought to inject into these proceedings their complaints about the amounts in pension, disability and other benefits retired players receive from the union – as well as Gene Upshaw's role in collective bargaining – even though these complaints have nothing to do with the licensing issues in this case. See e.g., Complaint for Breach of Fiduciary Duty, Unjust Enrichment and an Accounting ("Initial Complaint"), February 14, 2007, ¶ 9 ("[Adderley's] payment pension from the NFLPA is $176.85 per month."); id. at ¶ 13 ("In addition to poverty-level NFLPA pension payments . . . the situation regarding disability payments is a rapidly growing tragedy"); id. at ¶ 15 (complaining about disability status of former player Mike Webster); Proposed Third Amended Compliant, Rec. Doc. 139-2, September 27, 2007, ¶ 51 ("Adderley is a senior citizen who . . . earns a pension from the NFLPA of less than $180 per month. Adderley suffers from some physical

Dewey & LeBoeuf LLP
One Embarcadero Center, Suite 400
San Francisco, CA 94111

disabilities…, as do most members of the GLA Class."). In particular, class counsel has used the claim about the union's purportedly withholding of unspecified "information" (see TAC ¶¶ 76-79), as a guise for pursuing collective bargaining issues that have nothing to do with this case. See Upshaw Depo. Tr. at 69:20-70:6 (class counsel stating, "It's very difficult, when the category is information, to sort of parse out things that you don't think are information, because everything is information . . . But I would just direct your attention to those paragraphs of the third amended complaint, which are very, very broad.").[1]

In addition, class counsel has tried to use an out-of-context, public statement from Gene Upshaw that he "does not work for retired players" as evidence of a breach of fiduciary duty, even though that statement refers only to the collective bargaining that the union, as a matter of federal labor law, does solely on behalf of the active NFL players who comprise the NFLPA's bargaining unit. TAC, ¶¶ 72-75; Berthelsen Declaration, Rec. Doc. 155, Oct. 10, 2007, at ¶¶ 10-14, see also Collective Bargaining Agreement between the NFL Management Counsel and the NFLPA, available at www.nflpa.org, at Preamble (retired players not included in NFLPA bargaining unit).[2] The Upshaw statement has nothing to do with retired player licensing, and thus has no relevance to this case.

As the Court knows, Mr. Parrish – a longtime critic with a forty-year-old vendetta against Gene Upshaw and the NFLPA – has been vehement in his complaints about the level of pension benefits that the union provides retired players. See Charles Chandler, NFL Improves Player Benefits, Announcement Draws Mixed Reaction from Retired Players, Charlotte

---

[1] The $50 individual claim asserted by Mr. Parrish with respect to the union's alleged withholding of unspecified information is not relevant to any complaints Mr. Parrish may have with respect to whether and to what extent he received pension, disability or other non-licensing benefits through the union. The question of whether Mr. Parrish had access to certain information about "other benefits" is unrelated to Mr. Parrish's receipt of, or any complaints he may have about, the benefits provided to retired players through collective bargaining.

[2] It is plain from Mr. Upshaw's full quote – not the snippet used by Plaintiffs – that he was discussing collective bargaining issues that are irrelevant to this case: "'The bottom line is I don't work for them,' he said. 'They don't hire me and they can't fire me. They can complain about me all day long. They can have their opinion. But, the active players have the vote. That's who pays my salary. They (retirees) don't have anybody in the (bargaining room.) Well, they don't and they never will. I'm the only one in that room. They're not in the bargaining unit. They don't even have a vote.'" (emphasis added).

---

Defs.' Motion in Limine No. 2 to Exclude Evidence about          Civ. Action No. C07 0943 WHA
Pls.' Complaints relating to Retired Player Pension and Disability Benefits, etc.

2

Observer, July 28, 2006, at 6C (quoting Parrish as stating "Upshaw's 25 percent increase announcement [i.e., announcing an increase of 25 percent in pension benefits for retired players] is an insult."); Parrish Depo. Tr. at 164:9 – 166:22 (threatened lawsuit against NFLPA Board of Player Representatives, NFLPA agents, and active players), 80:6-81:18 (threatened lawsuit against the NFLPA retirement plan); 231:7-232:12 (threatened lawsuit against NFLPA disability plan). Accordingly, class counsel has attempted to make this lawsuit a general attack upon all of the union's activities without regard to whether they are relevant to licensing. See Transcript of Proceedings, June 11, 2008 at 11 (denying Plaintiffs' motion to compel the employment contracts of Gene Upshaw, finding that Mr. Upshaw's compensation "is so far removed from the issues in this case, that I don't see any reason to invade his privacy and try make him the issue in this case.").

This Court has properly rejected Plaintiffs' attempts to turn this lawsuit into a referendum upon the NFLPA's treatment of retired players outside the context of retired player licensing. In particular, the Court has held that Adderley could not plead a fiduciary duty based on confidential relationship and struck from the TAC all complaints about pensions and disability payments. See Order Granting in Part and Denying in Part Plaintiffs' Motion for Leave to File an Amended Complaint, Rec. Doc. 176, November 14, 2007, at 10 ("[Adderley] also alleges now that he receives only a minimal pension from the NFLPA and suffers from physical disabilities . . . [T]aking plaintiff's allegations regarding his physical disabilities as true, it is not certain that his conditions are severe enough to render him vulnerable in this sense [of creating a confidential relationship]."). Thus, there is no claim in this case relevant to bargaining issues.[3]

In short, any evidence regarding (i) Plaintiffs' complaints about the collective

---

[3] Indeed, even union members cannot use a claim of breach of contract or breach of fiduciary duty to challenge the NFLPA's collective bargaining activities, being limited under the Labor Management Relations Act, 29 U.S.C. § 185(a) to claims for breach of duty of fair representation that for the GLA Class are now time-barred. See e.g., Henderson v. Office & Prof'l Employees Int'l Union, 143 Fed. Appx. 741, 743 (9th Cir. 2005); Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 210-11 (1985).

Defs.' Motion in Limine No. 2 to Exclude Evidence about     Civ. Action No. C07 0943 WHA
Pls.' Complaints relating to Retired Player Pension and Disability Benefits, etc.

3

bargaining benefits provided by the union to retired players, (ii) Mr. Upshaw's statement that he does not work for retired players with respect to collective bargaining, and (iii) any other union issues not related to licensing, should be excluded from trial as irrelevant. See Fed. R. Evid. 401 & 402. See generally U.S. v. Rewald, 889 F.2d 836, 852 (9th Cir. 1989) (to be relevant, evidence must have a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable").

Further, even if evidence related to union collective bargaining were relevant (which it is not), all such evidence should still be excluded because its probative value would be substantially outweighed by its potential for juror confusion, prejudicial effect and creation of a mini-trial on collective bargaining issues that would cause juror distraction and delay. See Fed. R. Evid. 403; Rewald, 889 F.2d at 852 (even relevant evidence is inadmissible if its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, [or] undue delay . . . .").

Specifically, evidence about retired players' pension and disability payments, or other union issues, would be unfairly prejudicial because it would be an inappropriate appeal to the jury's sympathy and may cause the jury to improperly compensate Plaintiffs for their disabilities and other union complaints rather than for any alleged non-payment of group licensing revenues. See Fed. R. Evid. 403 advisory committee's note ("Unfair prejudice within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."); Epstein v. Kalvin-Miller Int'l, Inc., 121 F.Supp.2d 742, 746 (S.D.N.Y. 2000) ("Evidence of the extent of a plaintiff's disability can be highly prejudicial and 'carries the potential of an inappropriate appeal to the jury's sympathy.'"); Argon v. Trs. of Columbia Univ., No. 88 CIV. 6294 (MJL), 1997 WL 837187, at *4 (S.D.N.Y. Dec. 10, 1997) (evidence that plaintiff was disabled as a result of an assault that took place on defendant's property "may cause the jury, out of sympathy or anger, to require Defendant to compensate Plaintiff for her assault . . . [T]he danger of unfair prejudice to Defendant substantially outweighs its probative value.")). A trial about collective bargaining by the NFLPA would also delay the

trial and direct the jurors' attention to irrelevant side issues that have no bearing on the case.

Finally, Mr. Upshaw's statement that he does not work for retired players in collective bargaining should be excluded for the additional reason that it would be both prejudicial and confusing. If this statement were admitted, Defendants would have to introduce evidence to explain Mr. Upshaw's role as the Executive Director of the exclusive collective bargaining agent for active NFL players, the legal status and scope of that bargaining unit, and why, as a matter of federal labor law, Defendants do not represent retired players in collective bargaining. Moreover, because the statement – which on its face has nothing to do with licensing – has no probative value in this case, the confusion created by a "mini-trial" about the collective bargaining activities to which it refers should be avoided. See e.g., Olson v. Ford Motor Co., 481 F.3d 619, 624 (8th Cir. 2007) ("No judge wants to see one trial turn into several, especially when the one trial presents complex issues with which the jury may already be struggling.").

## **CONCLUSION**

For all of the foregoing reasons, this Court should exclude from trial any evidence or allegations regarding Defendants' collective bargaining activities, including evidence relating to the pension or disability benefits provided through collective bargaining to retired players and Gene Upshaw's statement that he does not work for retired players with respect to collective bargaining.

Date: August 19, 2008                                                    DEWEY & LEBOEUF LLP

                                                                 BY:  /s/ Jeffrey Kessler
                                                                      Jeffrey L. Kessler
                                                                      *Attorneys for Defendants*