MANATT, PHELPS & PHILLIPS, LLP
RONALD S. KATZ (Bar No. CA 085713)
E-mail: rkatz@manatt.com
RYAN S. HILBERT (California Bar No. 210549)
E-mail: rhilbert@manatt.com
NOEL S. COHEN (California Bar No. 219645)
E-mail: ncohen@manatt.com
1001 Page Mill Road, Building 2
Palo Alto, CA 94304-1006
Telephone: (650) 812-1300
Facsimile: (650) 213-0260

MCKOOL SMITH, P.C.
LEWIS T. LECLAIR (Bar No. CA 077136)
E-mail: lleclair@mckoolsmith.com
JILL ADLER NAYLOR (Bar No. CA 150783)
E-mail: jnaylor@mckoolsmith.com
300 Crescent Court
Dallas, TX 75201
Telephone: (214) 978-4984
Facsimile: (214) 978-4044

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT

SAN FRANCISCO DIVISION

| | |
|---|---|
| BERNARD PAUL PARRISH, HERBERT ANTHONY ADDERLEY, and WALTER ROBERTS III, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION, a Virginia corporation, and NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a PLAYERS INC, a Virginia corporation,<br><br>Defendants. | CIVIL ACTION NO. C07 0943 WHA<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE ABOUT PLAINTIFFS' COMPLAINTS RELATING TO RETIRED PLAYER PENSION AND DISABILITY BENEFITS, COLLECTIVE BARGAINING, AND OTHER ISSUES.**<br><br>Judge: Honorable William H. Alsup<br>Date: October 15, 2008<br>Time: 2:00 p.m.<br>Place: Courtroom 9, 19th Floor |

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

20202979.1
Dallas 258080v3

Dallas 260770v3

In the guise of a motion in limine solely directed to "collective bargaining," Defendants ask the Court to exclude categories of evidence that have only a tenuous connection to collective bargaining. Specifically, Defendants ask the Court to exclude Gene Upshaw's statements made in the January 16, 2006, Charlotte Observer article and evidence of Defendants' relationship with the class members, both of which support the finding of a fiduciary relationship. Such evidence supports Plaintiffs' breach of fiduciary duty claim, and deserves to be considered by the jury in their deliberations. Additionally, Defendants ask the Court to exclude evidence of Defendants' failure to provide class members with appropriate disability and pension benefits. Although Plaintiffs do not plan to introduce such evidence, evidence of Defendants' failures in this regard may properly be introduced to rebut Defendants' arguments. As such, the Court should deny Defendants' second motion in limine.

**I. The Jury Should Weigh Mr. Upshaw's Statements in Evaluating His Credibility and Defendants' Representatives' Credibility.**

Defendants ask the Court to exclude certain statements found in a January 16, 2006, article from the Charlotte Observer related to retired players:

> Upshaw, 60, who has been executive director of the NFLPA since 1987, said he stands by his record and rejects the suggestion he's supposed to be the retirees' representative.
>
> "The bottom line is I don't work for them," he said. "They don't hire me and they can't fire me. They can complain about me all day long. They can have their opinion. But the active players have the vote. That's who pays my salary."
>
> "They (retirees) say they don't have anybody in the (bargaining) room. Well, they don't and they never will. I'm the only one in that room. They're not in the bargaining unit. They don't even have a vote."

*See* Garza Decl., Ex. A at CLASS 3001. These statements are highly relevant to Plaintiffs' claims. Plaintiffs' claim for breach of fiduciary duty revolves around Mr. Upshaw and Defendants' failure to adequately represent retired players in licensing negotiations with third parties. The fact that the NFLPA's executive director said that "[the retired players] can't fire me" and "I don't work for [the retired players]" shows a disdain for the retired players whom they

were supposed to be representing, that the NFLPA did not value the retired players' rights, and supports a finding that the Defendants did not adequately represent retired players' interests in licensing negotiations. Furthermore, Defendants now state that they adequately attempted to promote retired players rights. *See* Dkt. No. 305 at 33 ("[D]efendants did attempt to promote the GLA Class members . . . [but] there was simply no market for the group rights of most of these individuals."); Garza Decl., Ex. B, at 68:4-10 (J. Nahra 30(b)(6) deposition) ("[T]here was a hope that licensees would be willing to pay money to get retired player rights in general without regard to who those particular players were but that never happened. Despite our efforts that never happened.") The jury is entitled to consider Mr. Upshaw's statements -- which suggest that the NFLPA did *not* regard retired players highly -- in evaluating Defendants' litigation-driven statements to the contrary.

Defendants argue that Mr. Upshaw's statements "refer[] only to collective bargaining that the union . . . does solely on behalf of the active NFL players . . ." *See* Defs.' Br at 2. First, Defendants cannot, by fiat, declare what inferences a jury may properly draw from Mr. Upshaw's statements -- this is a classic fact question reserved for the jury's determination. *See Costa v. Desert Palace*, 299 F.3d 838, 861 (9th Cir. 2002) ("It is primarily the province of the jury to determine what inferences can be drawn from circumstantial evidence."). In fact, when questioned about these statements at his deposition, Mr. Upshaw did not mention collective bargaining, and instead stated that he "directed these statements to Joe DeLamielleure." Garza Decl., Ex. C, at 58:1-59:4. The jury, not Defendants, should assess why Upshaw made that statement and the context in which it was made. Second, the jury should be allowed to consider Mr. Upshaw's attitude toward the class members, in light of his position at the NFLPA, in determining whether to believe Defendants' position that they adequately represented retired players in their licensing negotiations, and these statements are powerful evidence of Mr. Upshaw's dismissive attitude toward class members. Mr. Upshaw's statements are relevant and helpful, and should be admitted to support Plaintiffs' claims.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

20202979.1
Dallas 258080v3
Dallas 260770v3

3

**II. Evidence of Defendants' Relationship with Retired Players Proves a Fiduciary Relationship and an Agency Relationship.**

Second, the questions of whether Defendants and the class members established a fiduciary or agency relationship is a question of fact. *See* Dkt. No. 310 at 30-32 (citing *Allen Realty Corp. v Holbert*, 318 S.E.2d 592, 595 (Va. 1984); *Acordia of Va. Ins. Agency, Inc. v. Genito Glenn, L.P.*, 560 S.E. 2d 246, 250 (Va. 2002); *Smith v. Jenkins*, 452 A.2d 333, 335 (D.C. 1982); *Church of Scientology, Int'l v. Eli Lilly & Co.*, 848 F. Supp. 1018, 1028 (D.D.C. 1994)). The background context between Defendants and retired players inform this analysis, and support Plaintiffs' breach of fiduciary duty claims. Because the NFLPA was the retired players' union, and offered such benefits as disability and pension benefits to retired players, a reasonable jury could find that this was no ordinary disinterested contract between an unrelated individual and a licensing company of equal bargaining power. Instead, retired players would more reasonably trust the NFLPA and PI to represent the retired players and their interests in third-party negotiations, more than some unrelated third-party. Because of this, Plaintiffs are entitled to introduce evidence that shows the benefits offered by Defendants to retired players, to more accurately illuminate the relationship between the class and Defendants.

**III.    Defendants May Open the Door to Introduction of Evidence of the NFLPA's Failure to Provide Adequate Pensions or Disability Benefits**

Although Plaintiffs do not intend to introduce evidence relating to the NFLPA's failures to provide adequate pensions or disability benefits during its case-in-chief, Plaintiffs expect that they may need to introduce such evidence to rebut Defendants' arguments that Defendants use their ill-gotten gains from the licensing fees to provide benefits to class members. In his report, Dr. Noll criticizes Dr. Rascher's methodology, in part, for not properly accounting for Defendants' use of its licensing revenues "to deliver services to its members" in determining an appropriate revenue share for Defendants to keep from its licensing efforts. *See* Garza Decl., Ex. D, at 51.

Defendants could open the door to this evidence in a number of ways. Defendants may (1) introduce evidence as to the superlative benefits provided by Defendants to active and/or retired players, (2) suggest that all retired players benefit from retired player licensing through

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

20202979.1
Dallas 258080v3
Dallas 260770v3

4

retired player programs even if only specific individuals receive payments from retired player licensing, or (3) justify their 64-69% licensing take by referencing benefits provided to retired players. If Defendants open the door, Plaintiffs will likely introduce evidence about Defendants' failures to provide promised benefits to class members, to show the falsity of Defendants' position.

In any event, Plaintiffs agree that the NFLPA's overall benefits program for retired players, and any systemic failures and problems with that program, are collateral to the claims remaining in this lawsuit, and should be excluded. Plaintiffs request that the Court prevent both sides from introducing evidence related to the pension plans and problems thereof. However, if Defendants introduce such evidence, Plaintiffs stand prepared, as described above, to introduce rebuttal evidence.

**IV. Conclusion**

Plaintiffs request that the Court deny Defendants' Motion in Limine No. 2.

Respectfully submitted,

Dated: October 6, 2008

MANATT, PHELPS & PHILLIPS, LLP

By: /s/ Anthony
Ronald S. Katz (SBN 085713)
Ryan S. Hilbert (SBN 210549)
Noel S. Cohen (SBN 219645)
1001 Page Mill Road, Building 2
Palo Alto, CA 94304-1006
Telephone: (650) 812-1300
Facsimile: (650) 213-0260

MCKOOL SMITH, P.C.
Lewis T. LeClair (SBN 077136)
Jill Adler Naylor (SBN 150783)
300 Crescent Court
Dallas, TX 75201
Telephone: (214) 978-4984
Facsimile: (214) 978-4044

*Attorneys for Plaintiffs*