Parrish et al v. National Football League Players Incorporated Doc. 415

Todd Padnos (Bar No. 208202)
*tpadnos@dl.com*
DEWEY & LEBOEUF LLP
One Embarcadero Center, Suite 400
San Francisco, CA 94111
Tel: (415) 951-1100; Fax: (415) 951-1180

Jeffrey L. Kessler (*pro hac vice*)
*jkessler@dl.com*
David G. Feher (*pro hac vice*)
*dfeher@dl.com*
David Greenspan (*pro hac vice*)
*dgreenspan@dl.com*
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, NY 10019
Tel: (212) 259-8000; Fax: (212) 259-6333

Kenneth L. Steinthal (*pro hac vice*)
*kenneth.steinthal@weil.com*
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Tel: (650) 802-3000; Fax: (650) 802-3100

Bruce S. Meyer (*pro hac vice*)
*bruce.meyer@weil.com*
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000; Fax: (212) 310-8007

Attorneys for Defendants National Football League Players Association and National Football League Players Incorporated d/b/a Players Inc

**Dewey & LeBoeuf LLP**
**One Embarcadero Center, Suite 400**
**San Francisco, CA 94111**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

BERNARD PAUL PARRISH, HERBERT ANTHONY ADDERLEY, WALTER ROBERTS III,

Plaintiffs,

v.

NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION and NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a/ PLAYERS INC,

Defendants.

Case No. C 07 0943 WHA

**DEFENDANTS' MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE REGARDING PLAINTIFFS' COMPLAINTS RELATING TO "AD HOC" AGREEMENTS**

Defs' Mot. in Limine No. 3 to Exclude Evidence Regarding Plaintiffs' Complaints Relating to "Ad Hoc" Agreements Civ. Action No. C07 0943 WHA

Dockets.Justia.com

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on September 1, 2008, or as soon thereafter as the matter may be heard in the above-referenced Court, Defendants National Football League Players Association ("NFLPA") and National Football League Players Incorporated d/b/a Players Inc ("Players Inc") (collectively, "Defendants"), will and hereby do move to exclude evidence regarding Plaintiffs' complaints relating to "ad hoc" licensing agreements, as to which Plaintiffs make no claim in this action.

This Motion is based on the accompanying Memorandum of Points and Authorities, the accompanying declarations, the pleadings in this matter, and on such further evidence and argument as may be presented at the hearing on this Motion.

Date: August 19, 2008

DEWEY & LEBOEUF LLP

BY: /S/Jeffrey L. Kessler
Jeffrey L. Kessler
*Attorneys for Defendants*

Dewey & LeBoeuf LLP
One Embarcadero Center, Suite 400
San Francisco, CA 94111

Dewey & LeBoeuf LLP
One Embarcadero Center, Suite 400
San Francisco, CA 94111

**MEMORANDUM OF POINTS AND AUTHORITIES**

By this motion in limine, Defendants seek to exclude any evidence or allegations regarding Plaintiffs' complaints relating to "ad hoc" retired player licensing agreements, as to which Plaintiffs make no claim in this action, including evidence or allegations regarding the claimed economic inadequacy of such ad hoc agreements. Plaintiffs are attempting to inject such disavowed claims into this case by challenging Defendants' negotiation of an ad hoc group licensing agreement among Players Inc, Electronic Arts, Inc. ("EA"), and the Pro Football Hall of Fame ("HOF") (the "EA-HOF Agreement").

Plaintiffs have repeatedly represented to the Court and Defendants that "ad hoc" licensing agreements are not part of their claims. For example, one of Plaintiffs' premises for their Motion for Leave to File a Third Amended Complaint was that they were not making any claim based on any ad hoc deal: "The monies paid to Adderley and identified in Defendants' letter and affidavit appear to relate to individual 'ad hoc' agreements Mr. Adderley signed with PLAYERS INC. As explained in detail below and in the TAC, Plaintiffs are not claiming that Defendants failed to pay Mr. Adderley pursuant to any 'ad hoc' agreement, nor have they alleged any claims based on an 'ad hoc' agreement." Pls' Mot. for Leave to File a TAC at 4 n.1 (Nov. 27, 2007) (Rec. Doc. 190) (emphasis added); see also Pls' Opp'n to Defs' Mot. for Summ. J. ("Opp'n") at 21-22 (July 1, 2008) (Rec. Doc. 310) (stating that ad hoc agreements "are not in dispute in this case" and discussing the EA-HOF Agreement).

Moreover, Plaintiffs claim no damages – an essential element of both their breach of contract and breach of fiduciary duty claims – arising out of any ad hoc agreement (e.g., Plaintiffs claim no damages relating to the purported economic inadequacy of the EA-HOF Agreement). See Deposition of Philip Y. Rowley 63:3-64:5; 149:20-151:3 ("In assessing the potential damages, I have not looked to premium appearances, ad hocs, side deals . . . .") (attached as Exhibit 2 to the Declaration of Jason Clark In Support of Defs.' Mot. in Limine No. 5). Accordingly, any evidence regarding Plaintiffs' complaints about the ad hoc agreements – such as complaints about the purported economic inadequacy of the EA-HOF Agreement – would not be relevant to the claims in this case, would be confusing to the jury, and should be

Defs' Mot. in Limine No. 3 to Exclude Evidence Regarding Plaintiffs' Complaints Relating to "Ad Hoc" Agreements
Civ. Action No. C07 0943 WHA

1

precluded under Federal Rules of Evidence 402 and 403. See, e.g., Fowler v. State Farm Fire & Cas. Co., No. 1:06CV489-HSO-RHW, 2008 WL 3050417, *2 (S.D. Miss. July 25, 2008) ("[F]raud is no longer an issue in the case and is not relevant to any remaining claims. References to fraud would not only be irrelevant, but also highly prejudicial and confusing to a jury, and are of little to no probative value to the remaining claims. Plaintiffs shall make no reference to any alleged 'fraud' during any portion of the trial.") (internal citations to Fed. R. Evid. 401, 402, and 403 omitted).

Despite the above, Plaintiffs have indicated that they intend to try to introduce at trial a series of emails exchanged between employees of Players Inc and Electronic Arts which purportedly support a complaint by Plaintiffs that Defendants breached their fiduciary duty by facilitating the EA-HOF Agreement at a compensation level for Hall of Fame players that Plaintiffs claim was below fair market value.[1] Opp'n at 3-4, 14-16. But since Plaintiffs have renounced any damages or legal claim against the ad hoc agreements – including the EA-HOF Agreement – all of this evidence is irrelevant and confusing. Indeed, the section of Plaintiffs' Opposition Brief discussing the EA-HOF Agreement is entitled "The Irrelevance of Individually Negotiated 'Ad Hoc' Agreements." See Opp'n at 21-24.

If evidence of Plaintiffs' complaint about the EA-HOF Agreement is admitted at trial, Defendants will be forced to conduct a mini-trial on the economic adequacy of this agreement. The same problem would be true of any other ad hoc agreement Plaintiffs decide to complain about. Because Plaintiffs have renounced any legal claim against, or damages from, any of the ad hoc agreements, the Court should not permit such complaints to disrupt and confuse the trial now. See, e.g., Tennison v. Circus Circus Enters., Inc., 244 F.3d 684, 689-90 (9th Cir. 2001) (affirming exclusion of evidence about alleged harasser's prior conduct, though probative, as its admission "might have resulted in a 'mini trial,' considering that much of their

[1] The authors of these emails were Clay Walker and Andrew Feffer, neither of whom Plaintiffs chose to depose in this case. Nor did Plaintiffs ask Joel Linzner, EA's 30(b)(6) designee, any questions regarding the market value of Hall of Fame players rights in relation to the EA-HOF Agreement.

testimony was disputed by Defendants"); Olson v. Ford Motor Co., 481 F.3d 619, 623-24 (8th Cir. 2007) ("No judge wants to see one trial turn into several, especially when the one trial presents complex issues with which the jury may already be struggling.").

Furthermore, it is obvious that Plaintiffs seek to use the EA-HOF Agreement emails for their inflammatory – not probative – effect. In addition to the fact that Plaintiffs have not had their damages expert calculate any damages arising out of the EA-HOF Agreement (or any other ad hoc agreement), Plaintiffs' economics expert, Daniel Rascher, did not consider any of the ad hoc agreements in his analysis. See Deposition of Daniel A. Rascher, Ph.D. 88:24-90:20; 134:2-137:19; 180:1-181:20; 182:8-184:24 ("I haven't studied the ad hoc deals.") (attached as Exhibit 4 to the Declaration of Jason Clark In Support of Defs.' Mot. in Limine No. 4). This is precisely the type of situation that requires preclusion under Federal Rule of Evidence 403, especially since of the more than 2,000 GLA Class members, only 17 who had GLAs in effect were licensed under the EA-HOF Agreement, making any complaint about the EA-HOF Agreement inappropriate for class consideration. See, e.g., Buckley v. Evans, No. 2:02-cv-01451-JKS, 2007 WL 2900173, *5 (E.D. Cal. Sept. 28, 2007) (evidence should be excluded under F.R.E. 403 that does not "directly address the merits, i.e., an element of a claim") (citing United States v. Gonzalez-Flores, 418 F.3d 1093, 1098 (9th Cir. 2005)); Beachy v. Boise Cascade Corp., 191 F.3d 1010, 1014 (9th Cir. 1999) (prejudicial effect of evidence of an employer's harsh treatment of employees outweighed probative value, especially as the conduct was minimally relevant to Plaintiffs' claims); Lewis v. City of Chicago, No. 04 C 6050, 2008 WL 2596458, *8-9 (N.D. Ill. June 30, 2008) (excluding an EEOC finding of discrimination, evidence of the result of defendant's internal investigation, and evidence of a workplace accident because of risk of jury confusion and "an undue risk that the jury would reach a verdict based on sympathy for Plaintiff.").

In sum, Plaintiffs have renounced any legal or damages claim against the ad hoc agreements in this case, including the EA-HOF Agreement. This Court should thus not permit Plaintiffs to prejudice, confuse, and distract the jury by making irrelevant and inflammatory

complaints about any of the ad hoc agreements, which are not admissible under Federal Rules of Evidence 401, 402, and 403.

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court grant this Motion to exclude any evidence or allegation at the trial regarding Plaintiffs' complaints against any of the "ad hoc" agreements – including any evidence relating to the purported economic inadequacy of the EA-HOF Agreement.

Date: August 19, 2008

DEWEY & LEBOEUF LLP

BY: /s/ Jeffrey L. Kessler
Jeffrey L. Kessler
*Attorneys for Defendants*

Dewey & LeBoeuf LLP
One Embarcadero Center, Suite 400
San Francisco, CA 94111

Defs' Mot. in Limine No. 3 to Exclude Evidence Regarding Plaintiffs' Complaints Relating to "Ad Hoc" Agreements

Civ. Action No. C07 0943 WHA

4