1  Todd Padnos (Bar No. 208202)
   *tpadnos@dl.com*
2  DEWEY & LEBOEUF LLP
   One Embarcadero Center, Suite 400
3  San Francisco, CA 94111
   Tel: (415) 951-1100; Fax: (415) 951-1180
4
   Jeffrey L. Kessler (*pro hac vice*)
5  *jkessler@dl.com*
   David G. Feher (*pro hac vice*)
6  *dfeher@dl.com*
   David Greenspan (*pro hac vice*)
7  *dgreenspan@dl.com*
   DEWEY & LEBOEUF LLP
8  1301 Avenue of the Americas
   New York, NY 10019
9  Tel: (212) 259-8000; Fax: (212) 259-6333

10 Kenneth L. Steinthal (*pro hac vice*)
   *kenneth.steinthal@weil.com*
11 WEIL, GOTSHAL & MANGES LLP
   201 Redwood Shores Parkway
12 Redwood Shores, CA 94065
   Tel: (650) 802-3000; Fax: (650) 802-3100
13
   Bruce S. Meyer (*pro hac vice*)
14 *bruce.meyer@weil.com*
   WEIL, GOTSHAL & MANGES LLP
15 767 Fifth Avenue
   New York, NY 10153
16 Tel: (212) 310-8000; Fax: (212) 310-8007

17 Attorneys for Defendants National Football League Players Association
   and National Football League Players Incorporated d/b/a Players Inc

18

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| BERNARD PAUL PARRISH, HERBERT ANTHONY ADDERLEY, WALTER ROBERTS III,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION and NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a/ PLAYERS INC,<br><br>Defendants. | Case No. C 07 0943 WHA<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 6 TO EXCLUDE THE TESTIMONY OF PETER RHEE AND TO EXCLUDE FROM EVIDENCE THE "SUMMARY" EXHIBITS PREPARED BY MR. RHEE** |

Defs.' Motion in Limine No. 6     Civ. Action No. C07 0943 WHA

Dockets.Justia.com

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on October 8, 2008, or as soon thereafter as the matter may be heard in the above-referenced Court, Defendants National Football League Players Association ("NFLPA") and National Football League Players Incorporated d/b/a Players Inc ("Players Inc") (collectively, "Defendants"), will and hereby do move to exclude any testimony given at trial by Peter Rhee, as well as to exclude from evidence the "summaries related to various Madden football games" prepared by Mr. Rhee.

This Motion is based on the accompanying Memorandum of Points and Authorities, declaration, the pleadings in this matter, and on such further evidence and argument as may be presented at the hearing on this Motion.

Date: September 25, 2008                    DEWEY & LEBOEUF LLP

BY:    /s/Jeffrey L. Kessler
              Jeffrey L. Kessler

*Attorneys for Defendants*

Defs.' Motion in Limine No. 6                                     Civ. Action No. C07 0943 WHA

i

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs should be precluded from introducing the trial testimony of Peter Rhee, who Plaintiffs never disclosed as a witness in this case until they made their Rule 26(a)(3) pretrial disclosures on August 27, 2008, more than three months after the close of fact discovery and over one month after the close of expert discovery. In fact, until Mr. Rhee's name appeared in Plaintiffs' pretrial disclosures, Plaintiffs provided Defendants with no notice whatsoever that Mr. Rhee was a potential witness with discoverable information in this case, much less a "will call" trial witness. Defendants have had no opportunity to depose Mr. Rhee, to question other witnesses about Mr. Rhee, or to otherwise conduct discovery into the subject matter of Mr. Rhee's proposed trial testimony. Plaintiffs' efforts to conduct a trial by surprise should not be permitted.

## I. PLAINTIFFS SHOULD BE PRECLUDED FROM INTRODUCING EXPERT TESTIMONY FROM PETER RHEE

According to Plaintiffs' pretrial disclosures, Mr. Rhee is employed by OSKR, an expert litigation firm, and Plaintiffs "expect" to question him regarding "summaries related to various Madden football games," whatever that means. Defendants' understanding is that Mr. Rhee's testimony about the "summary" exhibits that he apparently created (but did not timely disclose) would relate to Plaintiffs' eleventh hour theory about the purported "scrambling" of retired players in the Madden video game.[1]

As a threshold issue, the subject matter of scrambling in the Madden video games is irrelevant and prejudicial and Mr. Rhee's testimony on this subject should be precluded for this reason alone. See Defs.' Mot. in Limine No. 7 (Sept. 25, 2008). Mr. Rhee's testimony should be precluded for the additional reason that Plaintiffs failed to make any disclosure of Mr.

---

[1] Plaintiffs retained another expert in this case, Dr. Daniel A. Rascher, who also works at OSKR with Mr. Rhee. Mr. Rhee's name surfaced for the first time in this case at Dr. Rascher's deposition, which took place three months after the close of fact discovery and one month after submission of Plaintiffs' expert reports, when Dr. Rascher testified that Mr. Rhee assisted him on his opening report. Dr. Rascher never disclosed that Mr. Rhee was a potential witness in this case, nor did Dr. Rascher's opening expert report include anything about Plaintiffs' "scrambling" claim or "summaries related to various Madden football games" – the purported subject of Mr. Rhee's proposed trial testimony.

Defs.' Motion in Limine No. 6                                    Civ. Action No. C07 0943 WHA

1

Rhee as a potential witness, nor has Mr. Rhee disclosed any expert report describing his work, his methods, his conclusions, his purported qualifications to serve as an expert, or any other required expert disclosure. As a consequence, Defendants have had no opportunity to conduct discovery into the methods or reliability of Mr. Rhee's creation of "summaries related to various Madden football video games."[2]

The Federal Rules and the rules of this Court provide that parties must timely disclose purported expert witnesses, such as Mr. Rhee, who are "retained or specially employed to provide expert testimony in the case." The disclosure must be accompanied by a "written report prepared and signed by the witness," which contains a "complete statement of all opinions the witness will express and the basis and reasons for them; the data or other information considered by the witness in forming them; any exhibits that will be used to summarize or support them; the witness's qualifications, including a list of all publications authored in the previous ten years; a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; a statement of the compensation to be paid for the study and testimony in the case." Fed. R. Civ. P. 26(a)(2)(B); see also Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases before Judge William Alsup, February 22, 2007 ("Supplemental Order"), at ¶ 23. Federal Rule 37(c)(1) provides that a party that fails to comply with its duty to timely make the expert disclosures required by Rule 26(a), unless its failure is justified, shall be forbidden to "use that information or witness to supply evidence on a motion, at a hearing, or at trial . . ." Fed. R. Civ. P. 37(c)(1).[3]

---

[2] These "summaries" – Plaintiffs' proposed Trial Exhibits 1239 and 1240 – are attached as Exhibits 1 and 2 to the Declaration of Molly Donovan ("Donovan Decl.") filed concurrently herewith.

[3] See also Pickern v. Pier 1 Imports (U.S.), Inc., 457 F.3d 963, 968 n.5 (9th Cir. 2006) ("It is not an abuse of discretion to exclude a party's expert testimony when that party failed to disclose the expert report by the scheduling deadline and that party reasonably could have anticipated the necessity of the witness at the time of the deadline."); Hogan v. Robinson, No. 1:03-CV-06408-LFO WMW, 2007 WL 1452790, at *10 (E.D. Cal. May 15, 2007) (precluding the use of trial testimony of witness who was not disclosed until Plaintiffs offered an untimely "supplemental" expert opinion).

Dewey & LeBoeuf LLP
One Embarcadero Center, Suite 400
San Francisco, CA 94111

Another reason why Mr. Rhee – or, for that matter, any expert – should be precluded from testifying about the alleged "scrambling" of retired players in the Madden video game (including testimony about Mr. Rhee's "summaries") is that Plaintiffs failed to disclose the subject of alleged "scrambling" on their list of issues on which they would proffer expert testimony. This constitutes yet another violation of the Court's disclosure requirements and warrants preclusion of <u>any</u> expert testimony on the subject.[4]

## II. PLAINTIFFS SHOULD ALSO BE PRECLUDED FROM CALLING MR. RHEE AS A PURPORTED FACT WITNESS

Mr. Rhee should be precluded from testifying at trial even if Plaintiffs attempt to circumvent the expert disclosure requirements by trying to characterize Mr. Rhee – who is employed by Plaintiffs' retained expert – as a fact witness.[5] Any such claim would be disingenuous. Indeed, Mr. Rhee has no percipient knowledge relating to the factual issues in this case, but instead was retained through an expert consulting firm to perform an analysis comparing data in the Madden video games to data regarding GLA Class members. See Pls.' Proposed Trial Ex. 1240 (Donovan Decl., Ex. 2). Mr. Rhee's so-called "summaries" are not merely a rote compilation of available data, but a comparative analysis that requires expert judgment and discretion.

However, even if Mr. Rhee were a genuine fact witness (which he is not), his testimony should still be precluded. The Federal Rules impose on a party the obligation to provide the opposing party information about "each individual likely to have discoverable information . . . that the disclosing party may use to support its claims" within 14 days of the

---

[4] <u>See</u> Case Management Order and Reference to Magistrate Judge for Mediation/Settlement, Rec. Doc. 83, June 14, 2007 at ¶ 5 ("At least 28 calendar days before the due date for opening reports, each party shall serve a list of issues on which it will offer any expert testimony in its case-in-chief (including from non-retained experts) . . . .Failure to do so may result in preclusion."). <u>See</u> also Plaintiffs' Disclosure of Issues On Which They Will Offer Expert Testimony In Support Of Their Case-In-Chief, dated April 25, 2008 (listing only "damages," "Defendants' licensing practices and their effect on the market;" "comparative finances of sports union operation; and "the duties and obligations a union and its officers owe to their members.") (Donovan Decl. Ex. 3).

[5] <u>See</u> <u>E.E.O.C. v. Lennar Homes of Ariz., Inc.</u>, No. CV-03-1827-PHX-DGC, 2006 WL 1734594, at *4 (D. Ariz. June 23, 2006) (Plaintiffs cannot evade the expert disclosure requirements of Rule 26(a)(2)(A) by "simply calling an expert witness in the guise of a layperson").

Defs.' Motion in Limine No. 6            Civ. Action No. C07 0943 WHA

3

Dewey & LeBoeuf LLP
One Embarcadero Center, Suite 400
San Francisco, CA 94111

Rule 26(f) Conference (which in this case took place in June 2007). Fed. R. Civ. P. 26 (a)(1)(A)(C). This duty is not only mandatory, but is ongoing and requires correction and updating of prior disclosures. Fed. R. Civ. P. 26(e)(1), (2); Supplemental Order, at ¶¶ 24, 27 ("[U]ntimely-disclosed materials may not be used at trial . . . ."). As set forth above, however, Plaintiffs never disclosed Mr. Rhee as a potential witness with discoverable information. Rather, Mr. Rhee's name was disclosed for the first time on Plaintiffs' pretrial disclosures – long after the close of fact and expert discovery. As a result, Defendants never had any opportunity to propound discovery about Mr. Rhee and his purported knowledge about relevant "facts," if any, and this alone requires the preclusion of his testimony.[6]

There is no excuse for Plaintiffs' failure to disclose Mr. Rhee as a purported fact witness on the purported "scrambling" issue because they have known about this issue since even before the start of this case.[7] Former co-Plaintiff Bernard Parrish testified that he and Adderley had even discussed pursuing a claim based on "scrambling," but they never did so:

> Q: Okay. And what products did you identify to Mr. Adderley where you thought your rights were being utilized, but you weren't being paid?
> A: In particular, I brought up Madden video games in which both the Cleveland Browns and the Packers are mentioned in the vintage 2005 issue of that, of the video game and which the Browns 1964 and '65 teams are in it and the 1965 or '66 Packers were in it. And Herb and I had a discussion about that. And that was something, he said, hell, I've never gotten anything out of it. I said I've never gotten anything out of it. I don't know anybody who has….
>
> \* \* \*
>
> Q: There's no allegations about your name being used or your image or your identity being used in that video game in any of the complaints filed in this action, is there?
> A: I don't recall it, maybe it ought to be added.[8]

---

[6] UniRAM Tech., Inc. v. Taiwan Semiconductor Mfg. Co., No. C-04-1268 VRW, 2007 WL 2572223, at *2 (N.D. Cal. Sept. 5, 2007) (precluding the trial testimony of a witness who was not disclosed until one month after the close of discovery). See also Lennar Homes, 2006 WL 1734594, at *4 ("Defendant has been deprived of the opportunity to depose, evaluate, and file motions concerning [a witness] on one of the critical issues in this case . . . Such an effect is not harmless."); Great Am. Ins. Co. of N.Y. v. Vegas Constr. Co., Inc., No. 2:06-cv-00911-BES-PAL, 2007 WL 2375056, at *4 (D. Nev. Aug. 15, 2007) ("When a party fails to provide the disclosures required by Rule 26(a)(2) in accordance with the court's scheduling order, 'disruption to the schedule of the court and other parties in that manner is not harmless.'")

[7] See Nov. 7, 2006 Email from Parrish (CLASS003725) (Donovan Decl., Ex. 4).

[8] Parrish Depo. Tr. at 198:15-201:14 (Donovan Decl. Ex. 6).

Further, Defendants produced the letter which Plaintiffs assert is their "smoking gun" document on this issue, on March 28, 2008, two months before the close of fact discovery, and more than three months before the close of expert discovery.[9] The bottom line is that Plaintiffs' failure to disclose Mr. Rhee in any capacity absolutely precludes him from testifying at trial.

## III. THE "SUMMARIES" CREATED BY MR. RHEE MUST ALSO BE EXCLUDED

Finally, Plaintiffs cannot be permitted to circumvent their disclosure violations with respect to Mr. Rhee by having other witnesses testify about, or otherwise seek to admit into evidence, the "summaries" prepared by Mr. Rhee. Plaintiffs did not produce Mr. Rhee's "summaries" until they served the documents identified on their trial exhibit list (i.e., long after the close of fact and expert discovery). Thus, Defendants have had no opportunity to depose any witness about the contents of these proposed trial exhibits, let alone Mr. Rhee.

Nevertheless, Plaintiffs have indicated that they intend to have another one of their proffered experts, Dr. Rascher (who, like Mr. Rhee, is employed by the OSKR expert litigation consulting firm), testify about the "summaries" prepared by Mr. Rhee. According to Dr. Rascher's improper "Supplemental Report" – his third, and completely untimely, expert report in this case – Dr. Rascher will testify about "a summary exhibit of 581 class members whose names and numbers do not appear in the Madden 2007 game, but for whom a near-substitute . . . is included." See Supplemental Report of Daniel A. Rascher, August 27, 2008, at 2 (Donovan Decl. Ex. 8). Although Defendants have had no opportunity to conduct any discovery about Dr. Rascher's unauthorized Supplemental Report (because it was not disclosed until after the close of expert discovery), Defendants assume that this is a reference to the "summaries" prepared by Mr. Rhee.[10] Such testimony by Dr. Rascher would be improper.

First, as noted above, Plaintiffs failed to disclose the subject of purported retired player "scrambling" in Madden video games in their list of issues on which they would proffer

---

[9] See March 28, 2008 Ltr. to Mr. Hilbert enclosing the disc that contained the "smoking gun" letter. (Donovan Decl. Ex. 5).

[10] Plaintiffs' submission of Dr. Rascher's Supplemental Report without leave of the Court and without a written stipulation was, in and of itself, completely improper. See Pretrial Guidelines, at 17 ("With timely leave of Court or by written stipulation, the experts may update their reports (with supplemental reports) to a date closer to the time of trial.").

expert testimony. See Case Management Order at ¶ 5. Thus, neither Dr. Rascher nor any other expert (including Mr. Rhee) may testify on this subject (including the "summary" exhibits).

Second, Dr. Rascher never included Mr. Rhee's "summary" exhibits in any of his expert reports. According to the rules of this Court, Dr. Rascher therefore may not testify with respect to these exhibits.[11]

Third, Dr. Rascher's opening report says nothing at all about Plaintiffs' "scrambling" issue. Accordingly, Dr. Rascher is precluded from testifying about this issue at all – including any testimony with respect to the "summary" exhibits prepared by Mr. Rhee – during Plaintiffs' case-in-chief.[12]

In fact, the only reference to the Madden "scrambling" issue in any of Dr. Rascher's (timely) expert reports is a single footnote in his Reply Report about seventeen retired players who he asserts were somehow included, but not named, in a Madden video game.[13] Putting aside the fact that this single footnote was not proper rebuttal and therefore should not have been included at all,[14] Dr. Rascher's disclosure of these seventeen allegedly "scrambled" retired players is a far cry from Dr. Rascher now seeking to testify about a summary of 581 purportedly "scrambled" retired players identified in Mr. Rhee's improper "summary" exhibits. At most, Dr. Rascher would be permitted to testify at trial only about the seventeen allegedly

---

[11] See Pretrial Guidelines for Trial and Final Pretrial Conference for Civil Jury Cases before the Honorable William Alsup ("Pretrial Guidelines") at ¶ 14 ("Exhibits to be used as a summary of or support for the opinions must be included in the report. Accordingly, at trial, the direct testimony of experts will be limited to the matters disclosed in their reports;" "[c]harts may be used on direct examination only if they were part of the expert's report.").

[12] See Pretrial Guidelines at ¶ 14 (limiting the direct examination of an expert to subjects covered in his opening report).

[13] See Expert Reply Report of Daniel A. Rascher, June 26, 2008, at 14 n.37 (Donovan Decl. Ex. 9).

[14] Dr. Rascher was required to limit his reply report to true rebuttal. Case Management Order at ¶ 5 (limiting reply reports – let alone unauthorized "supplemental" reports – solely to "rebutting specific material in opposition reports. Reply reports must be limited to true rebuttal and should be very brief. They should not add new material that should have been placed in the opening report.") (emphasis added). Dr. Rascher's opinions about the purported significance of alleged retired player "scrambling," however, was new information that should have been, but was not, included in Dr. Rascher's opening report. Indeed, the fact that "scrambling" is not a genuine rebuttal issue is self-evident from the fact that Plaintiffs seek to include it as part of their case-in-chief.

Defs.' Motion in Limine No. 6     Civ. Action No. C07 0943 WHA

6

Dewey & LeBoeuf LLP
One Embarcadero Center, Suite 400
San Francisco, CA 94111

"scrambled" retired players disclosed in his Reply Report, and even then, such testimony would have to be part of Plaintiffs' rebuttal case.[15] Under no circumstances, however, should Dr. Rascher be permitted to testify about, or otherwise rely upon, the "summaries" improperly prepared by Mr. Rhee.

Finally, Mr. Rhee's "summary" proposed Trial Exhibit 1240 should be excluded from evidence (and thus from use by any witness) for the additional reason that it is not proper "compilation" under Federal Rule of Evidence 1006. Rule 1006 exhibits are "simple compilation[s] of voluminous records."[16] Here, proposed Trial Exhibit 1240 includes self-described "samples" – not "summaries" – of data that Mr. Rhee has extrapolated from multiple sources (GLAs, dozens of Madden video games, and the ESPN Football Encyclopedia) and then interpreted. See Pls.' Proposed Trial Ex. 1240 (Donovan Decl., Ex. 2). Simply put, there is no one source, or even multiple sources, that identifies which, if any, retired players purportedly had their images "scrambled" in the Madden video games. Instead, the proffered "compilations" for this proposition are actually "interpretations and analyses" of data which do not qualify under the admissibility rule regarding compilations.

## CONCLUSION

For all of the reasons discussed above, Defendants respectfully request that this Court exclude the trial testimony of Peter Rhee and exclude from evidence all of the "summary" exhibits prepared by Mr. Rhee.

Date: September 25, 2008                           DEWEY & LEBOEUF LLP

BY:   /s/ Jeffrey L. Kessler
Jeffrey L. Kessler
*Attorneys for Defendants*

---

[15] See Pretrial Guidelines at ¶ 14 ("Material in a 'reply' report must ordinarily be presented in a party's rebuttal (or sur-rebuttal) case after the other side's expert has appeared and testified.").

[16] State Office Sys., Inc. v. Olivetti Corp. of Am., 762 F.2d 843, 845-46 (10th Cir. 1985) (purported compilations are "not legitimately admissible as summaries under Rule 1006" if they are actually "interpretations" of data or "projections"). See also Eichorn v. AT&T Corp., 484 F.3d 644, 650 (3d Cir. 2007) (rejecting purported 1006 compilations which "are better described as a synthesis rather than a summary of the charts and other evidence on which [the witness] relied. The calculations went beyond the data they summarized and included several assumptions, inferences, and projections . . . which represent [the witness's] opinion rather than the underlying information.")