1   MANATT, PHELPS & PHILLIPS, LLP
    RONALD S. KATZ (Bar No. CA 085713)
2   E-mail: rkatz@manatt.com
    RYAN S. HILBERT (California Bar No. 210549)
3   E-mail: rhilbert@manatt.com
    NOEL S. COHEN (California Bar No. 219645)
4   E-mail: ncohen@manatt.com
    1001 Page Mill Road, Building 2
5   Palo Alto, CA 94304-1006
    Telephone: (650) 812-1300
6   Facsimile: (650) 213-0260

7   McKOOL SMITH, P.C.
    LEWIS T. LECLAIR (Bar No. CA 077136)
8   E-mail: lleclair@mckoolsmith.com
    JILL ADLER (Bar No. CA 150783)
9   E-mail: jadler@mckoolsmith.com
    300 Crescent Court, Suite 1500
10  Dallas, TX 75201
    Telephone: (214) 978-4000
11  Facsimile: (214) 978-4044

12  Attorneys for Plaintiffs

                    UNITED STATES DISTRICT COURT

13                NORTHERN DISTRICT OF CALIFORNIA

14                    SAN FRANCISCO DIVISION

15

16                                          CIVIL ACTION NO. C07 0943 WHA

17  BERNARD PAUL PARRISH, HERBERT          **PLAINTIFFS' OPPOSITION TO**
    ANTHONY ADDERLEY, and WALTER           **DEFENDANTS' MOTION IN LIMINE NO. 6**
18  ROBERTS, III on behalf of themselves and   **TO EXCLUDE TRIAL TESTIMONY OF**
    all others similarly situated,          **PETER RHEE AND TO EXCLUDE FRE**
19                                          **RULE 1006 SUMMARY EXHIBITS**

20                      Plaintiffs          [Filed Concurrently With Declaration of Noel S.
                                            Cohen in Support of Plaintiffs' Opposition to
21  vs.                                     Defendants' Motion in Limine No. 6 to Exclude
                                            Trial Testimony of Peter Rhee and to Exclude
22                                          FRE Rule 1006 Summary Exhibits]
    NATIONAL FOOTBALL LEAGUE
23  PLAYERS ASSOCIATION, a Virginia
    corporation, and NATIONAL FOOTBALL
24  LEAGUE PLAYERS INCORPORATED            Judge:      Honorable William H. Alsup
    d/b/a PLAYERS INC, a Virginia          Date:       October 8, 2008
25  corporation,

26

27                      Defendants.

28

Dockets.Justia.com

# I.    INTRODUCTION

Through their Sixth Motion In Limine ("Motion"), Defendants seek to exclude at trial the testimony of Peter Rhee and his summaries of voluminous data prepared and offered under Rule 1006 of the Federal Rules of Evidence (FRE) on the grounds that (1) Mr. Rhee is purportedly an "expert" who did not prepare a report under Federal Rule of Civil Procedure ("FRCP") Rule 26, (2) he is a "fact witness" whom Plaintiffs were required to disclose earlier in the case, and (3) the summaries somehow do not comply with FRE Rule 1006 because the underlying "documents" (specific versions of Electronic Arts' ("EA") Madden video football games which Defendants have stipulated are admissible)[1] are not voluminous, nor were they compiled from one source.

Defendants' Motion is meritless and should be denied for several reasons.

First, Mr. Rhee is not an "expert" and does not purport to be. He will offer *no opinion testimony* under FRE Rule 702. He is simply the individual who compiled the Rule 1006 summaries and will lay the foundation for admission of those at trial. As such, there were no required expert disclosures or reports under FRCP Rules 26(a)(2)(B) and 37.

Second, Mr. Rhee is not a traditional "fact witness" as defined under Rule 26(a)(1)(A)(i). He has no knowledge of the operative facts or circumstances central to this case (the GLAs, defendants' conduct, non-payment to class members, etc.), and, as such, never had discoverable information. As mentioned above, Mr. Rhee merely compiled summaries under specific guidelines (evident from the summaries themselves) that were established by the Plaintiffs. If called to testify at trial, he will lay the appropriate evidentiary foundation for admission of the summaries, **the accuracy of which is not in dispute**. There is no rule or case that required Plaintiffs to disclose Mr. Rhee as a "fact" witness, and Defendants have cited no such authority. Rather, as set forth below, the rules require only that Plaintiffs make Mr. Rhee available for cross-examination *at trial*, not during discovery.

---

[1] See concurrently filed Declaration of Noel S. Cohen ("Cohen Decl.") Ex. A (Stipulation Regarding Testimony of EA's Joel Linzner, filed September 19, 2008, ("Linzner Stipulation"), ¶ 7 and Exh. C thereto).

OPPOSITION TO MIL #6 MR. RHEE
CASE NO. C:07-0943 WHA

1    Finally, Defendants argue unavailingly that the summaries should be excluded because

2    they do not comply with FRE Rule 1006. Rather than analyzing the *four* factors that the Ninth

3    Circuit has held trial courts are to utilize in determining if summary exhibits comply with Rule

4    1006, Defendants object based on only one of the factors – and are wrong even in that analysis.

5    They incorrectly argue that Mr. Rhee's summaries are not a compilation of voluminous records as

6    the summaries contain data from multiple sources. There is, however, no requirement that a

7    compilation come from a single source. Indeed, the rule contemplates exactly the contrary. To

8    meet the "voluminous" records requirement, a summary must be compiled from multiple sources

9    that cannot be conveniently examined by a trier of fact. Here, the summaries contain information

10   from more than 500 pages of documents and multiple editions of video games that require several

11   different gaming platforms. As such, this factor has been met. Further, although Defendants do

12   not and cannot dispute that Plaintiffs have met the remaining elements of Rule 1006.

13   Accordingly, Defendants' Sixth Motion In Limine should be denied.

14   **II.    FACTUAL BACKGROUND**

15   As detailed in Plaintiffs' Opposition to Defendants' Seventh Motion in Limine, Electronic

16   Arts ("EA") was instructed by the NFLPA through Players Inc to "scramble" the identities of

17   former class members in its Madden NFL video games. [Cohen Decl., Ex. A (Linzner

18   Stipulation, ¶ 6, Exh. A)]. As proved by documents produced on the eve of the discovery cut-off

19   by EA and Defendants, remarkably, and in clear violation of duties owed to the GLA class,

20   **"despite [EA's] attempts to convince them otherwise,** [defendants took] a hard line on **no**

21   **retired players in the [Madden] game** in any form." [*Id.* at ¶ 7, Exh. B (emphasis added).]

22   Of course, this evidence absolutely contradicts Defendants' fundamental positions in this

23   case: that (1) licensees such as EA never wanted to license and therefore never actually did

24   license retired player rights under the GLAs, so that (2) no monies received from such licensees

25   (hundreds of millions of dollars over the years) are due to the class of retired players who signed

26   GLAs. In fact, the evidence shows that EA desperately wanted to use GLA retired players in the

27   lucrative Madden game (specifically in connection with its "vintage" team feature), "attempt[ed]

28   to convince" the Defendants that EA use retired members in the games, that Defendants

3

1  consistently said "no," and that, in order to try to avoid required payments to the GLA class, the

2  retired player images were "scrambled."

3     Despite the undisputed appearance of class members' "scrambled identities" in numerous

4  versions of the Madden games, and the fact that defendants received guaranteed royalties from

5  EA, GLA class members did not receive a penny of those millions. Mr. Rhee's summaries show

6  the extent of EA's "scrambled" use of class members.

7     Mr. Rhee is an associate at OSKR LLC, a consulting firm. Unlike plaintiffs' disclosed

8  expert Dr. Daniel Rascher, Mr. Rhee was never retained by Plaintiffs to testify as an expert

9  witness in this case. He will offer no opinions at trial under FRE Rule 702. Neither is Mr. Rhee a

10  true "fact witness." He was merely instructed by Plaintiffs' counsel to compile summary exhibits

11  -- using materials that have all been produced to Defendants almost a month before trial  The

12  summaries were identified timely on Plaintiffs' Exhibit List and produced.[2] Defendants have

13  been advised repeatedly that Mr. Rhee will be made available at trial for cross-examination to the

14  extent they wish to question him on the accuracy of his compilation. And despite the fact that

15  Plaintiffs have produced all underlying materials some time ago, Defendants have never contested

16  the accuracy of any summary.

17  ## III.  LEGAL ARGUMENT

18  ### A.  Rule 1006 Is Liberally Employed to Permit Summaries of Documents.

19
20     Rule 1006 permits a proponent to use charts or summaries to prove the content of

21  voluminous documents that cannot conveniently be examined in court. *See, e.g., Amarel v.*

22  *Connell*, 102 F.3d 1494, 1516 (9th Cir. 1996); 31 Charles Alan & Victor James Gold, *Federal*

23  *Practice and Procedure* § 8042 (2000) ("Wright & Miller) (Rule 1006 creates an exception to the

24  best evidence doctrine). Because Rule 1006 eliminates unjustifiable expense and delay, it

25  "should be liberally employed in complex cases." *In re U. S. Fin. Sec. Litig.*, 609 F.2d 411, 428

26  (9th Cir. 1979), *cert. denied sub nom, Gant v. Union Bank*, 446 U.S. 929 (1980).

27
28  ---

[2] The Rhee Summaries (Trial Exhibits 1239 and 1240) that are the subject of the instant motion are attached as Exhibit B to the Cohen Decl.

A proponent of a summary exhibit must establish a foundation that (1) the underlying data upon which the summary is based consists of voluminous writings, recordings, or photographs; (2) the underlying data upon which the summary is based is independently admissible; (3) the proponent made the underlying data available to the opposing party at a reasonable time and place prior to introducing the summary at trial; and (4) the summary "fairly represents" the underlying data that it purports to convey. *See Davis & Cox v. Summa Corp.*, 751 F.2d 1507, 1516 (9th Cir. 1985); *Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254, 1259 (9th Cir. 1984); *see* 6 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence*, § 1006.07[1] (2d ed.1998) (summary should "accurately reflect the underlying documents"). Whether a proponent has satisfied the conditions of Rule 1006 and the summary is admissible is left to the discretion of the trial judge. *Davis & Cox*, 751 F.2d at 1516.

**B.** **Plaintiffs Have Satisfied Rule 1006 and the Proffered Summaries Compiled By Mr. Rhee Are Admissible For Substantive Purposes.**

**1.** **The Documents Making Up the Summary Are Voluminous.**

The purpose of Rule 1006 "is to allow the use of summaries when the documents are unmanageable or when the summaries would be useful to the judge." *Id.* The "voluminous" requirement is satisfied "where, even though it is possible for the [finder of fact] to digest the source material, appreciable time and effort can be saved by admitting summary evidence." Wright & Miller § 8044.

Here, the supporting materials contain over 580 pages of documents as well as numerous EA Madden video games that require several different gaming platforms, including the Sony Playstation 2, the Nintendo GameCube and Microsoft's XBox. The summaries simplify these multiple and diverse materials into a form that is convenient and easy to understand. They will save the Court and jury appreciable time and effort. The first element or Rule 1006 ("voluminous writings") is thus satisfied.[3]

---

[3] Defendants argue that the summaries contained in Trial Exhibit 1240 are not a "compilation of voluminous records" under Rule 1006 because they are "extrapolated from multiple sources." This is precisely the purpose of Rule 1006: to summarize "the contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court." F. R. Evid. 1006.

## 2.    The Underlying Documents Are Independently Admissible.

The second element is also satisfied because the underlying documents are independently admissible.  Defendants do not dispute that.  Indeed, the parties entered into a stipulation with EA establishing the authenticity and admissibility of the Madden games.  [Cohen Decl., Ex. A.] Rather, Defendants dispute that the Rule 1006 Summaries (and the materials underlying them) are irrelevant, and contend that they are more prejudicial than probative.  But as further detailed in Plaintiffs' Opposition to Defendants' Seventh Motion in Limine, such materials and summaries are in fact highly relevant to this dispute.  Indeed, Plaintiffs' "scrambled" identities are at the heart of this case:  instructing EA to strip the identities of retired players in the EA Madden game is a perfect example of the lengths to which Defendants will go to avoid paying retired players guaranteed group licensing revenue under the GLA.  As such, there can be no good faith argument that such summaries are not relevant to this action.

## 3.    The Underlying Documents Have Been Made Available to Defendants.

Rule 1006 requires that the materials underlying a summary must be made available to the opposing party at a reasonable time and place.  Fed. R. Evid. 1006.  The purpose of this requirement is to give the opposing party an opportunity to verify the reliability and accuracy of the summary and to prepare for cross-examination.  *See Amarel v. Connell*, 102 F.3d 1494, 1516 (9th Cir. 1997); *see also Air Safety, Inc. v. Roman Catholic Archbishop of Boston*, 94 F.3d 1, 8 (1st Cir. 1996).

Rule 1006 does not mandate that the summary itself be made available to opposing party, only the underlying documents.  *U.S. v. Foley*, 598 F.2d 1323, 1338 (4th Cir. 1979); *cf.*, Wright & Miller § 8045 ("[t]he proponent of summary evidence must give the adverse parties not only access to the source material but, at the same time, also must give notice of the contents of the summaries").  Nonetheless, each summary was provided to Defendants on September 11, 2008, as part of the parties' mutually agreed exchange of exhibits.[4]  In analyzing whether a proponent

---

[4] Plaintiffs have satisfied the third element of Rule 1006.  On or about August 25, 2008, Plaintiffs disclosed that they would be utilizing facts from the ESPN Pro Football Encyclopedia ("Encyclopedia") to compile their summaries.  [Cohen Decl., ¶ 4.]  It should be noted that Defendants will also be relying on information from this encyclopedia at trial (which makes their

has made the underlying data available to the opposing party at a reasonable time and place, the key is whether that opponent has had sufficient time to inspect the source of the summary, detect any inaccuracies, and prepare to challenge any such inaccuracies. *See* Wright & Miller § 8045.

The Ninth Circuit has not created a bright-line test as to what is a reasonable time under Rule 1006. *See Davis & Cox*, 751 F.2d at 1516 (affirming only that "just before trial" is not sufficient). Most courts in other circuits, however, agree that two weeks to one month before trial is sufficient time for an opponent to review Rule 1006 source documents. *See, e.g., Fidelity,, Nat'l Title v. Intercounty Nat'l Title*, 412 F.3d 745, 753 (7th Cir. 2005) (30 days sufficient time to review hundreds of thousands of pages of contracts); *U.S. v. Gorel*, 622 F.2d 100, 106 (5th Cir. 1979) (two weeks before trial reasonable). The documents need not be produced during discovery as Defendants mistakenly contend.

### 4. Defendants Do Not Dispute That The Summaries Fairly Represent The Underlying Documents.

Rule 1006 summaries must be accurate reflections of the underlying material and must not be misleading. *See Martin v. Funtime, Inc.*, 963 F.2d 110, 115-116 (6th Cir. 1992) ("Under Rule 1006, the summary must be "accurate, authentic and properly introduced before it may be admitted into evidence"); *see also, U.S. v. Driver*, 798 F.2d 248, 252-253 (7th Cir. 1986) ("admission of a summary under [Rule 1006] requires a proper foundation as to the admissibility of the material that is summarized and a showing that the summary is accurate"); *U.S. v. Wainright*, 351 F.3d 816, 820 n. 3 (8th Cir. 2003) ("the information on the document [must] summarize[] the information contained in the underlying documents accurately, correctly, and in a nonmisleading manner").

objection to Plaintiffs' use curious, at best. Additionally, more than one month before trial, Plaintiffs produced each of the Madden games referenced in the summaries (September 11, 2008), as well as the encyclopedias utilized for the summaries (September 19, 2008). [*Id.* at Exs. C, D.] As such, Defendants have had ample time to review the materials comprising the Rule 1006 Summaries in anticipating of cross-examining Mr. Rhee at trial.

1    Here, Defendants do not even attempt to argue (nor can they) that the fourth element of

2    Rule 1006 is not met because the proposed summaries "fairly represent" the materials that have

3    been made available to Defendants.

4        Finally, although not considered a "factor," a Rule 1006 summary must be prepared by a

5    witness who is available for cross-examination at trial. *See U.S. v. Green*, 428 F.3d 1131, 1134-

6    1135 (8th Cir. 2005). Plaintiffs are making the preparer of the summaries, Mr. Rhee, available at

7    trial to testify about this compilation. Defendants' complaint -- without a shred of legal authority

8    -- that Mr. Rhee's identity should have been made available to them prior to the close of

9    discovery is simply wrong.

10   **IV.    CONCLUSION**

11       For the reasons given above, Defendants' Motion to exclude the testimony of Peter Rhee

12   and the summaries he created should be denied.

13

14   Dated:  October 6, 2008              Respectfully submitted,

15                                        MANATT, PHELPS & PHILLIPS, LLP

16                                        By:_____/s/_____
                                          Ronald S. Katz (SBN 085713)
17                                        Ryan S. Hilbert (SBN 210549)
                                          Noel S. Cohen (SBN 219645)
18                                        1001 Page Mill Road, Building 2
                                          Palo Alto, CA  94304-1006
19                                        Telephone:  (650) 812-1300
                                          Facsimile:  (650) 213-0260

20                                        MCKOOL SMITH, P.C.
                                          Lewis T. LeClair (SBN 077136)
21                                        Jill Adler Naylor (SBN 150783)
                                          300 Crescent Court
22                                        Dallas, TX 75201
                                          Telephone:  (214) 978-4984
23                                        Facsimile:  (214) 978-4044

24                                        *Attorneys for Plaintiffs*

25   41325234.1

26

27

28