Todd Padnos (Bar No. 208202)
*tpadnos@dl.com*
DEWEY & LEBOEUF LLP
One Embarcadero Center, Suite 400
San Francisco, CA 94111
Tel: (415) 951-1100; Fax: (415) 951-1180

Jeffrey L. Kessler (*pro hac vice*)
*jkessler@dl.com*
David G. Feher (*pro hac vice*)
*dfeher@dl.com*
David Greenspan (*pro hac vice*)
*dgreenspan@dl.com*
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, NY 10019
Tel: (212) 259-8000; Fax: (212) 259-6333

Kenneth L. Steinthal (*pro hac vice*)
*kenneth.steinthal@weil.com*
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Tel: (650) 802-3000; Fax: (650) 802-3100

Bruce S. Meyer (*pro hac vice*)
*bruce.meyer@weil.com*
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000; Fax: (212) 310-8007

Attorneys for Defendants National Football League Players Association
and National Football League Players Incorporated d/b/a Players Inc

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| BERNARD PAUL PARRISH, HERBERT ANTHONY ADDERLEY, WALTER ROBERTS III,<br><br>    Plaintiffs,<br><br>  v.<br><br>NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION and NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a/ PLAYERS INC,<br><br>    Defendants. | Case No. C 07 0943 WHA<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 7** |

Defs.' Motion in Limine No. 7 to Exclude Evidence     Civ. Action No. C07 0943 WHA
Regarding EA's Alleged Scrambling in the Madden Video Game

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, on October 8, 2008, or as soon thereafter as the matter may be heard in the above-referenced Court, Defendants National Football League Players Association and National Football League Players Incorporated d/b/a Players Inc (collectively, "Defendants"), will and hereby do move to exclude any evidence or allegations regarding EA's alleged scrambling of certain retired player images in the Madden NFL video game, including any allegations that Defendants conspired with EA or are otherwise responsible or liable for EA's alleged conduct.

This motion is based on the accompanying Memorandum of Points and Authorities, the Declaration of Ian Papendick in Support of Defendants' Motion in Limine No. 7, the pleadings in this matter, and on such further evidence and argument as may be presented at the hearing on this Motion.

Date: September 25, 2008                          DEWEY & LEBOEUF LLP

                                                  BY: __/s/ Jeffrey L. Kessler_____
                                                       Jeffrey L. Kessler
                                                       *Attorneys for Defendants*

# MEMORANDUM OF POINTS AND AUTHORITIES

By this motion in limine, Defendants seek to exclude any allegations or evidence regarding EA's alleged scrambling of certain retired player images in the Madden NFL video game.

<u>First</u>, these allegations and evidence are irrelevant under Federal Rule of Evidence 402 because the alleged conduct by EA, even if true, did not, as a matter of law, violate any intellectual property rights of the GLA class. Specifically, it is undisputed that the "scrambled" images challenged by Plaintiffs do <u>not</u> use any player names, any player images, or any other legally protected aspect of player identity. In fact, Plaintiffs have admitted "there is no evidence that Plaintiffs could or would be successful" asserting an claim against EA on the scrambling issue. Pls.' Mot. In Limine No. 2, at 2. Since there could be no valid legal claim against EA for using these images, it follows, <u>a fortiori</u>, that Plaintiffs cannot make any derivative claim for breach of contract or fiduciary duty against Defendants for allegedly permitting EA to use these images.

<u>Second</u>, even if these allegations and evidence somehow were relevant, they should be excluded under Federal Rule of Evidence 403 because any such marginal relevance would be far outweighed by the resulting confusion and unfair prejudice. Permitting such allegations and evidence would result in a diversionary mini-trial on issues such as whether the alleged conduct by EA was or was not legally proper, which EA products did or did not include allegedly scrambled images, which GLA class members were purportedly injured by such scrambling, and whether Defendants had any role in EA's conduct – all without EA being a defendant in this action. Plaintiffs are trying to divert the trial from the main issue – whether Defendants' license agreements covered retired player GLA class members when <u>none</u> of Defendants' licensees believed the agreements did so, and when the GLA class members were fully paid whenever their rights were used – into a sideshow designed to distract and inflame the jury.

<u>Finally</u>, any evidence of alleged player scrambling by EA should be excluded because it has never been part of the Third Amended Complaint, and Plaintiffs deliberately

1

1 raised this issue only after the conclusion of discovery which is far too late and unfairly
2 prejudicial. Plaintiffs knew about the alleged scrambling for years before filing this action, and
3 were given every opportunity to plead and replead all of their possible claims for class
4 certification. But Plaintiffs never raised the subject until Defendants' summary judgment
5 motion. It would be completely improper to inject this issue, which was never part of discovery
6 or class certified, into the case when Defendants had no opportunity to conduct discovery from
7 EA or anyone else on the issue. Indeed, Plaintiffs' binding interrogatory answers did not identify
8 any EA scrambling as an instance in which Defendants' conduct resulted in Plaintiffs' rights
9 being used without payment. Plaintiffs are estopped from taking a contradictory position now.

## ARGUMENT

### 1. The "Scrambling" Evidence Is Irrelevant Under F.R.E. 402 Because EA Did Not, As A Matter Of Law, Violate Any Intellectual Property Right Of The GLA Class

Plaintiffs concede that the Madden NFL video game did not, and does not, use any retired NFL players' names, likenesses, game statistics, contract details, pictures or signatures. This concession destroys any claim of relevance as to the scrambling issue because any alleged infringement on rights to publicity or misappropriation of such rights requires that someone actually use the names or likenesses of GLA class members. See Restatement (Second) of Torts § 652C ("One who appropriates to his own use or benefit the name or likeness of another is subject to liability to the other for invasion of his privacy") (emphasis added); Newcombe v. Adolf Coors Co., 157 F.3d 686, 692 (9th Cir. 1998) (under California law, common law cause of action for misappropriation requires proof of "the defendant's use of plaintiff's identity" and "the appropriation of plaintiff's name or likeness to defendant's advantage") (citing Eastwood v. Superior Ct., 149 Cal. App. 3d 409, 417 (Cal. Ct. App. 1983)); Cal. Civ. Code § 3344 (providing a statutory cause of action for use of another's "name, voice, signature, photograph, or likeness" without consent); Polsby v. Spruill, Civ. No. 96-1641 (TFH), 1997 U.S. Dist. LEXIS 11621, *13-14 (D.D.C. Aug. 1, 1997) (holding plaintiff's claims for misappropriation and infringement on the right to publicity failed because, among other reasons, "there is no evidence defendants even used her name or likeness in the novel or article"); PTS

Corp. v. Buckman, 263 Va. 613, 619 (2002) (a person's right to publicity is violated where his "name, portrait, or picture is used" without consent); Va. Code Ann. § 8.01-40(A) (2008) (statutory action for unauthorized use of the "name, portrait, or picture" of another person).

Indeed, one Circuit Court recently held that the commercial use in "fantasy" baseball games of "names along with performance and biographical data of actual major league baseball players" – conduct more extensive than that raised by Plaintiffs here – is legally protected under the First Amendment. C.B.C. Distrib. & Mktg. v. Major League Baseball Advanced, L.P., 505 F.3d 818, 820, 823-24 (8th Cir. 2007), cert. denied 128 S. Ct. 2872 (2008). While Defendants disagree that the First Amendment permits the use of player names and biographical data for commercial purposes in fantasy games, it cannot be disputed that EA had the right to use a "scrambled" avatar that resembles no particular player – without any name, picture, signature, or playing statistics – as a matter of law. Indeed, in their Motion in Limine No. 2, Plaintiffs admitted that "there is no evidence that Plaintiffs could or would be successful in a lawsuit against EA." Pls.' Mot. In Limine No. 2, at 2 (emphasis added). Plaintiffs should not be permitted to confuse the jury by claiming that EA's conduct is a violation of their rights for which Defendants should be held accountable.

Simply put, because EA's alleged conduct is not unlawful, Defendants cannot have breached any purported duty by allegedly conspiring with EA to engage in such lawful behavior. Under California law, "[c]onspiracy is not an independent tort" and "cannot create a duty or abrogate an immunity." Applied Equipment Corp. v. Litton Saudi Arabia Ltd., 7 Cal. 4th 503, 514 (1994). A defendant can be liable under a conspiracy theory only if some underlying independent tort is actually committed. See Entm't Research Group v. Genesis Creative Group, 122 F.3d 1211, 1228 (9th Cir. 1997) (quoting 5 B. Witkin, Summary of California Law, Torts § 44 (9th ed. 1988) as stating "there is no civil action for conspiracy to commit a recognized tort unless the wrongful act itself is committed and damage results therefrom" and affirming grant of summary judgment in favor of defendant on a civil conspiracy claim because no underlying torts existed). Nor is there any precedent for holding Defendants liable for any breach of fiduciary duty for allegedly failing to prevent EA from engaging in behavior which was lawful and,

3

Defs.' Motion in Limine No. 7 to Exclude Evidence
Regarding EA's Alleged Scrambling in the Madden Video Game
Civ. Action No. C07 0943 WHA

therefore, beyond any power of Defendants or anyone else to stop.  Evidence relating to any alleged scrambling of player images is thus inadmissible under Rule 402 because it is not relevant to any viable claim in this action.  <u>See</u> <u>generally</u> <u>United States v. Rewald</u>, 889 F.2d 836, 852 (9th Cir. 1989) (relevant evidence must have a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable").

**2. The "Scrambling" Evidence Should Be Excluded Under F.R.E. 403 Because Any Purported Relevance Is Far Outweighed By Confusion And Unfair Prejudice**

Plaintiffs' evidence and allegations of "scrambling" by EA also must be excluded because any marginal relevance would be substantially outweighed by the potential for unfair prejudice and confusion, as well as the diversion of juror attention to irrelevant issues about the legality of EA's conduct.  <u>See</u> <u>Buckley v. Evans</u>, No. 2:02-cv-01451-JKS, 2007 WL 2900173, *5 (E.D. Cal. Sept. 28, 2007) (evidence that does not "directly address the merits, <u>i.e.</u>, an element of a claim" should be excluded under Rule 403) (citing <u>United States v. Gonzales-Flores</u>, 418 F.3d 1093, 1098 (9th Cir. 2005)).  Plaintiffs would be clearly appealing to jurors who might believe the law should prohibit such conduct, even though it does not do so, to try to get such jurors to punish the Defendants on the basis of conduct that was proper as a matter of law.  <u>See</u> <u>Coursen v. A.H. Robbins Co., Inc.</u>, 764 F.2d 1329, 1335 (9th Cir. 1985) ("prejudice and confusion would be generated by innuendos of collateral misconduct"); <u>Lewis v. City of Chicago</u>, 563 F. Supp. 2d 905, 917 (N.D. Ill. 2008) (excluding evidence where there was the risk of jury confusion and "an undue risk that the jury would reach a verdict based on sympathy for Plaintiff").

Moreover, introduction of this legally irrelevant scrambling evidence would unduly extend the trial and result in a mini-trial on issues that have no material bearing on Plaintiffs' claims.  <u>See</u> <u>Olson v. Ford Motor Co.</u>, 481 F.3d 619, 624 (8th Cir. 2007) ("No judge wants to see one trial turn into several, especially when the one trial presents complex issues with which the jury may already be struggling").  For example, the presentation of Plaintiffs' scrambling allegations would require a trial within a trial regarding the legality of EA's conduct, whether and (if so) to what extent the alleged scrambling constituted a use of GLA class members' intellectual property rights, which EA products included allegedly "scrambled" GLA

4
Defs.' Motion in Limine No. 7 to Exclude Evidence
Regarding EA's Alleged Scrambling in the Madden Video Game
Civ. Action No. C07 0943 WHA

class members' images, which GLA class members were supposedly injured (since not all alleged class members were involved), what, if any, damages they suffered, and what was Defendants' role, if any, in EA's alleged conduct – all without EA being a defendant in this action, with no discovery conducted on the subject, and without Plaintiffs' damages expert having done any analysis of the issue. This is precisely the type of collateral and prejudicial issue which is likely to lead to jury confusion and prejudice, and which should be excluded under Federal Rule of Evidence 403.

## 2. The "Scrambling" Evidence Should Be Excluded Because Plaintiffs Have Not Alleged Any Claims Based On This Conduct, Swore To Interrogatories That Are Inconsistent With Their Current Position, And Raised The Issue Far Too Late

Evidence on the scrambling issue should also be excluded because Plaintiffs did not allege any claim based on this conduct in any of their complaints, and Plaintiffs deliberately chose not to raise the issue until after discovery was closed and Defendants could no longer gather evidence on the issue. It is undisputed that Plaintiffs knew about EA's alleged scrambling behavior for years before they filed this action. See, e.g., Nov. 7, 2006 email from Bernard Parrish (attached as Exhibit 1 to the Declaration of Ian Papendick ("Papendick Decl."), dated September 25, 2008); Alan Schwarz, "Upshaw Maintains Royalties Were Distributed Properly," N.Y. Times, Feb. 16, 2007, at CLASS003006 (Papendick Decl. Ex. 2); Parrish Depo. 198:15-201:14 (Papendick Decl. Ex. 3).[1] But, Plaintiffs never asserted any claims about EA's

---

[1] Parrish specifically testified as follows:
> Q: Okay. And what products did you identify to Mr. Adderley where you thought your rights were being utilized, but you weren't being paid?
> A: In particular, <u>I brought up Madden video games in which both the Cleveland Browns and the Packers are mentioned in the vintage 2005 issue of that, of the video game and which the Browns 1964 and '65 teams are in it and the 1965 or '66 Packers were in it</u>. And Herb and I had a discussion about that. And that was something, he said, hell, I've never gotten anything out of it. I said I've never gotten anything out of it. I don't know anybody who has….
> Q: There's no allegations about your name being used or your image or your identity being used in that video game in any of the complaints filed in this action, is there?
> A: <u>I don't recall it</u>, <u>maybe it ought to be added</u>.

Parrish Depo. 198:15-201:14 (Papendick Decl. Ex. 3) (emphasis added).

scrambling in their Third Amended Complaint, or in any of their prior complaints, even though Plaintiffs have been given every opportunity to state their claims in this case through the filing of multiple complaints. In fact, Plaintiffs know they could not assert any class claim based on such conduct, since only a fraction of GLA class members allegedly have had their images scrambled by EA. See Supplemental Report of Daniel A. Rascher, at 2 (expert given names of 581 class members whose identifies allegedly were scrambled in Madden NFL game, out of more than 2,000 total class members) (Papendick Decl. Ex. 4).[2]

Further, Plaintiffs did not identify EA's use of scrambled player images as an alleged improper use of class member rights, even though Plaintiffs were specifically asked in an interrogatory to identify each instance in which a licensee, such as EA, utilized the identity rights of class members without the retired player(s) receiving payment from Defendants. See Pls.' Resps. and Objs. to Defs.' Fourth Set of Interrogs., Resp. Interrog. No. 14 (dated May 21, 2008) ("Response to Int. No. 14") (Papendick Decl. Ex. 6); Pls.' Supplemental Resps. and Objs. to Defs.' Fourth Set of Interrogs., Resp. to Interrog. No. 14 (dated June 3, 2008) ("Suppl. Response to Int. No. 14") (Papendick Decl. Ex. 7).[3] Having issued sworn interrogatory responses that did not identify EA's use of scrambled player images as an alleged misuse of class member rights in this case, Plaintiffs are estopped from taking an inconsistent position on this issue now. See Cambridge Elecs. Corp. v. MGA Elecs., Inc., 227 F.R.D. 313, 323-324 (C.D. Cal. 2004) (plaintiff could not rely on a declaration in opposition to summary judgment when the facts contained therein were not disclosed in its interrogatory answers even though the facts were

---

[2] Nor can Plaintiffs seriously argue their delay was excused by when Defendants produced the letter from LaShun Lawson to EA discussing the fact that EA did not have the right to use certain player images. See May 31, 2001 Letter from LaShun Lawson (Papendick Decl. Ex. 5). That letter was produced on March 28, 2008, several months before May 23, 2008, which was both the fact discovery cut-off and the date Plaintiffs produced their expert reports.

[3] Interrogatory No. 14 requested Plaintiffs to "[i]dentify each (if any) occasion within the STATUTE OF LIMITATIONS when a LICENSEE actually utilized the IDENTITY RIGHTS of a member of the putative GLA CLASS without such retired player(s) receiving a payment from DEFENDANTS in connection with such use of his IDENTITY RIGHTS." Response to Int. No. 14, at 4. Plaintiffs' response and their supplemental response did not refer to any alleged scrambling by EA. See id. at 4-5 (referencing "each time Defendants licensed retired player rights" in specified license agreements); Suppl. Response to Int. No. 14, at 5 (referencing alleged portrayals of retired players' rights in physical form by Photo File).

6

Defs.' Motion in Limine No. 7 to Exclude Evidence Regarding EA's Alleged Scrambling in the Madden Video Game

Civ. Action No. C07 0943 WHA

available to plaintiff when it answered the interrogatories).

Indeed, Plaintiffs' damages expert did not address EA's scrambling at all in his damages report, which by itself precludes any damages award on this issue, since there is <u>no</u> evidence on which the jury could base any award of damages. Guidelines For Trial And Final Pretrial Conference In Civil Jury Cases Before The Honorable William Alsup, at 6, ¶ 14 ("[A]t trial, the direct testimony of experts will be limited to the matters disclosed in their reports.").

Plaintiffs thus deliberately withheld these claims from this action until after the close of discovery, and after class certification. It is simply too late and prejudicial for Plaintiffs to raise these claims now, when there is no opportunity for fact discovery, no determination that the claims are appropriate for class treatment, and no basis for Plaintiffs to justify the late introduction of these claims. See, e.g., <u>Nagrampa v. MailCoups, Inc.</u>, 469 F.3d 1257, 1277 n.6 (9th Cir. 2006) ("The type of claim asserted in the complaint dictates the nature of the relief that may be afforded to the plaintiff" and "[i]t hardly needs to be said that an attorney's arguments also do not constitute a claim if they are not asserted in the complaint."); <u>Van Slyke v. Capital One Bank</u>, No. C 07-00671 WHA, 2007 U.S. Dist. LEXIS 82690, *46-47 (N.D. Cal. Nov. 7, 2007) (granting summary judgment in favor of defendants and declining to consider new allegations that did not appear in operative complaint and were not disclosed in interrogatory responses); <u>Scott v. Reno</u>, 902 F. Supp. 1190, 1193 n.2 (C.D. Cal. 1995) (claim for violation of the Fifth Amendment asserted in an opposition brief "is not asserted in the complaint and is not before the Court").

**CONCLUSION**

For all of the foregoing reasons, this Court should exclude from trial any evidence or allegations regarding any alleged scrambling of player images in the Madden NFL video game, including any allegations that Defendants conspired with EA or are otherwise responsible for EA's alleged conduct.

Date: September 25, 2008

DEWEY & LEBOEUF LLP

BY: __/s/ Jeffrey L. Kessler_____
Jeffrey L. Kessler
*Attorneys for Defendants*

7

Defs.' Motion in Limine No. 7 to Exclude Evidence
Regarding EA's Alleged Scrambling in the Madden Video Game

Civ. Action No. C07 0943 WHA