MANATT, PHELPS & PHILLIPS, LLP
RONALD S. KATZ (Bar No. CA 085713)
E-mail: rkatz@manatt.com
RYAN S. HILBERT (California Bar No. 210549)
E-mail: rhilbert@manatt.com
NOEL S. COHEN (California Bar No. 219645)
E-mail: ncohen@manatt.com
1001 Page Mill Road, Building 2
Palo Alto, CA 94304-1006
Telephone: (650) 812-1300
Facsimile: (650) 213-0260

MCKOOL SMITH, P.C.
LEWIS T. LECLAIR (Bar No. CA 077136)
E-mail: lleclair@mckoolsmith.com
JILL ADLER NAYLOR (Bar No. CA 150783)
E-mail: jnaylor@mckoolsmith.com
300 Crescent Court
Dallas, TX 75201
Telephone: (214) 978-4984
Facsimile: (214) 978-4044

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT

SAN FRANCISCO DIVISION

| | |
|---|---|
| BERNARD PAUL PARRISH, HERBERT ANTHONY ADDERLEY, and WALTER ROBERTS III, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION, a Virginia corporation, and NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a PLAYERS INC, a Virginia corporation,<br><br>Defendants. | CIVIL ACTION NO. C07 0943 WHA<br><br>**PLAINTIFFS' MOTION IN LIMINE NO. 1, REQUESTING EXCLUSION OF EVIDENCE AND ARGUMENT RELATED TO BERNARD PARRISH**<br><br>Judge: Honorable William H. Alsup<br>Date: September 9, 2008<br>Time: 2:00 p.m.<br>Place: Courtroom 9, 19th Floor |

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

20202979.1
Dallas 258080v3

Dallas 260372v2

Dockets.Justia.com

## I. The Court Should Exclude Any Evidence, Testimony, or Reference regarding Bernard Parrish.

Plaintiffs request that the Court exclude any evidence or testimony regarding Bernard Parrish, including deposition testimony, documents authored by Mr. Parrish, and communications authored or received by Mr. Parrish. Such evidence and testimony is irrelevant, would tend to confuse the jury, and should be excluded under Rules 402 and 403.

### A. Bernard Parrish's Claims Will Not Be At Issue At Trial.

Bernard Parrish's individual claims are subject to a motion to dismiss. *See* Dkt. No. 360 (motion to dismiss individual claim). Additionally, the Court declined to certify the putative "retired-member" class, of which Mr. Parrish was a part. *See* Dkt. No. 275 at 11-14 (order declining to certify putative "retired member" class). Plaintiffs will not proceed at this trial with Mr. Parrish's claims.

Mr. Parrish's claims are neither legally nor factually similar to the claims of the GLA Class. Mr. Parrish's individual claims arise out of his relationship with the Defendants as a retired member of the NFLPA. The GLA Class members' claims, on the other hand, arise out of their contractual relationship with the Defendants. While each of the members of the GLA Class signed a contract – the GLA – with the NFLPA, there is no record that Mr. Parrish (nor any of the putative class members for which he sought to be a class representative) signed such a contract during the statute of limitations. As such, Mr. Parrish has not asserted a contract claim against the Defendants. Furthermore, unlike Mr. Adderley and the members of the GLA Class, Mr. Parrish's current claim does not allege that his rights were licensed to third parties such as Electronic Arts and Topps and he does not allege that he is entitled to an "equal share" of the GLA pool.

Because Mr. Parrish's claims will not be presented at trial, and because his claims are factually and legally distinct from the remaining claims for trial, evidence relating to Mr. Parrish, any grievances he may have with the NFLPA and its leadership, or any other statements that he has made are wholly irrelevant to this lawsuit and should be excluded. *See Redwood Christian Schs. v. Cty. of Alameda*, No. 01-CV-4282, 2007 U.S. Dist. LEXIS 8287, at *7 (N.D. Cal. Jan. 26, 2007) (Conti, J.) ("The dismissed causes of action are irrelevant and may not be presented by either side.").

B. <u>Bernard Parrish's Statements are Unduly Prejudicial, in Light of Any Minimal Probative Value, and Should Be Excluded Under Rule 403.</u>

Many statements of Mr. Parrish and documents related to Mr. Parrish that Defendants have cited to during this litigation are unduly prejudicial, and should be excluded under Rule 403. For example, in Defendants' Opposition to Plaintiffs' Motion for Class Certification, Defendants cited numerous statements of Mr. Parrish that many could consider racist and inflammatory. *See* Dkt. No. 257 at 13 (comparing Gene Upshaw to Adolf Hitler and Slobodan Milosevic); *id.* (suggesting that Gene Upshaw should be investigated in connection with his former wife's death); *id.* at 8 (listing various comments related to race); *id.* at 12 (listing statements that suggest that Mr. Parrish has antagonized various retired NFL players); *id.* (listing statements suggesting that Mr. Parrish has threatened to sue various entities related to Defendants and the NFL). Defendants also contend that Mr. Parrish abused the judicial system. *See id.* at 11, n.28 (citing Greenspan Dec., Exs. 17-20). These statements have nothing to do with Mr. Adderley or any of the other members of the GLA Class. Moreover, considering that Mr. Parrish is not a member of the GLA class, these statements will not help a jury determine any issues in this lawsuit, including (1) whether Defendants breached the GLA with the members of the class, or (2) whether Defendants breached their fiduciary duty to the class members. Additionally, because Mr. Parrish is nevertheless a retired player, a jury may mistakenly impute his attitudes and statements to the

class, which creates a risk of confusing the issues. As a result, the Court should exclude any statements made by or about Mr. Parrish under Rule 403, as they are unduly prejudicial to the class members compared to any minimal probative value. *See United States v. Layton*, 767 F.2d 549, 553-54 (9th Cir. 1985) (approving the exclusion, *in limine*, of evidence under Rule 403).

## II. Conclusion

Plaintiffs respectfully request that the Court grant its Motions in Limine.

Respectfully submitted,

Dated: August 19, 2008

MANATT, PHELPS & PHILLIPS, LLP

By: /s/ Ryan S. Hilbert
Ronald S. Katz (SBN 085713)
Ryan S. Hilbert (SBN 210549)
Noel S. Cohen (SBN 219645)
1001 Page Mill Road, Building 2
Palo Alto, CA 94304-1006
Telephone: (650) 812-1300
Facsimile: (650) 213-0260

MCKOOL SMITH, P.C.
Lewis T. LeClair (SBN 077136)
Jill Adler Naylor (SBN 150783)
300 Crescent Court
Dallas, TX 75201
Telephone: (214) 978-4984
Facsimile: (214) 978-4044

*Attorneys for Plaintiffs*

## PROOF OF SERVICE

I, Daniel Q. Crim, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 1001 Page Mill Road, Building 2, Palo Alto, CA 94304-1006. On August 19, 2008, I served the following documents:

1. **Plaintiffs' Motion In Limine No. 1, Requesting Exclusion Of Evidence And Argument Related To Bernard Parrish;**

2. **Plaintiffs' Motion In Limine No. 2, Requesting Exclusion Of Evidence Or Argument Relating To The Possibility Of Suing Additional Parties For Relief;**

3. **Plaintiffs' Motion In Limine No. 3, Requesting Exclusion Of Evidence And Argument Related To Mr. Adderley's Purported Fiduciary Relationship With Members Of Retired Professional Football Players For Justice;**

4. **Plaintiffs' Motion In Limine No. 4, Requesting Exclusion Of Parol Evidence Tending To Prove The Intent Of The Parties To Third-Party Licensing Agreements;**

5. **Plaintiffs' Motion In Limine No. 5, Requesting Exclusion Of Evidence Or Argument Relating To Dismissed Causes Of Action And The Uncertified Putative Class;**

6. **Plaintiffs' Motion In Limine No. 6, Requesting Exclusion Of Evidence And Arguments Of Legal Conclusions Made By Herb Adderley; and**

7. **Plaintiffs' Motion In Limine No. 7, Requesting Exclusion Of Evidence, Testimony And Argument Related To The Nfl Sponsorship And Internet Agreement.**

☐ By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail, addressed as set forth below.

☐ By transmitting via facsimile the document listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ By placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for overnight delivery.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

PROOF OF SERVICE
CASE NO. C:07-0943 WHA

☒ By electronic mail to the below email addresses:

| Jeffrey L. Kessler, Esq.<br>David G. Feher, Esq.<br>Eamon O'Kelly, Esq.<br>David Greenspan, Esq.<br>Dewey & LeBoeuf LLP<br>1301 Avenue of the Americas<br>New York, NY 10019-6092<br>Email: jkessler@dl.com; dfeher@dl.com;<br>dgreenspan@dl.com; jclark@dl.com;<br>rtaub@dl.com; MDonovan@dl.com;<br>ipapendick@dl.com; lcaplan@dl.com | Kenneth L. Steinthal, Esq.<br>Joseph Wetzel, Esq.<br>Weil, Gotshal & Manges, LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065<br>Email: bruce.meyer@weil.com;<br>Joseph.Wetzel@weil.com |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 19, 2008, at Palo Alto, California.

_Daniel Q. Crim_

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

2

PROOF OF SERVICE
CASE NO. C:07-0943 WHA

Todd Padnos (Bar No. 208202)
*tpadnos@dl.com*
DEWEY & LEBOEUF LLP
One Embarcadero Center, Suite 400
San Francisco, CA 94111
Tel: (415) 951-1100; Fax: (415) 951-1180

Jeffrey L. Kessler (*pro hac vice*)
*jkessler@dl.com*
David G. Feher (*pro hac vice*)
*dfeher@dl.com*
David Greenspan (*pro hac vice*)
*dgreenspan@dl.com*
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, NY 10019
Tel: (212) 259-8000; Fax: (212) 259-6333

Kenneth L. Steinthal (*pro hac vice*)
*kenneth.steinthal@weil.com*
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Tel: (650) 802-3000; Fax: (650) 802-3100

Bruce S. Meyer (*pro hac vice*)
*bruce.meyer@weil.com*
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000; Fax: (212) 310-8007

Attorneys for Defendants National Football League Players Association
and National Football League Players Incorporated d/b/a Players Inc

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| BERNARD PAUL PARRISH, HERBERT ANTHONY ADDERLEY, WALTER ROBERTS III, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION and NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a/ PLAYERS INC, <br><br> Defendants. | Case No. C 07 0943 WHA <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTIONS IN LIMINE NOS. 1, 3 AND 5** |

# ARGUMENT

Plaintiffs seek in their Motions in Limine Nos. 1, 3 and 5 ("Mot. No. 1, 3, and 5," respectively) to exclude all evidence and argument related to (i) Bernard Parrish; (ii) Adderley's relationship with the Retired Professional Football Players for Justice ("RPFPJ"); and (iii) the dismissed causes of action and the uncertified putative class, respectively. With the exception of references to any decision or comments by the Court, this evidence should be admissible at trial because it goes directly to the motives for this litigation and the motives and credibility of both Mr. Adderley and Plaintiffs' retired player witnesses in pursuing the GLA Class claims in this case. If this evidence were to be excluded, Defendants would be deprived of their fundamental right to challenge the credibility of Plaintiffs' witnesses.

Plaintiffs seek to exclude "any evidence or testimony regarding Bernard Parrish, including deposition testimony, documents authored by Mr. Parrish, and communications authored or received by Mr. Parrish" on the ground that his claims are purportedly distinct from those of the GLA Class, and because Mr. Parrish's statements about the union will allegedly "not help a jury determine any issues in this lawsuit." Mot. No. 1, at 2-3.

Plaintiffs, however, ignore the fact that evidence relating to Mr. Parrish and his involvement in this case is highly relevant to enable the jury to assess the credibility of the claims asserted by the GLA Class. In particular, this evidence will be relevant to expose the motivations of Mr. Adderley and the other player witnesses identified by Plaintiffs and to help the jury assess the biases and hidden connections which undermine the credibility of their testimony. See Ruffin v. City of Boston, 146 Fed. Appx. 501, 506 (1st Cir. 2005) (evidence about dismissed claims is still relevant to show bias).

Indeed, the evidence will establish that the claims made by the GLA Class are unequivocally the product of Mr. Parrish's dominating influence and motivations. For example, Mr. Adderley testified that it was Mr. Parrish who recruited him to be involved with this case and that it was Mr. Parrish who explained to him his duties as a class representative. Adderley Depo. 15:22-16:9, 246:1-15 (attached as Exhibit 1 to the Declaration of David Greenspan

Defs.' Opp'n to Pls.' Mots. in Limine Nos. 1, 3 & 5     Civ. Action No. C07 0943 WHA

1

("Greenspan Decl."), dated October 8, 2008). Moreover, it was Mr. Parrish – not Mr. Adderley – who selected class counsel and worked to develop all of the claims in this lawsuit. Parrish Depo. 193:10-198:10; Adderley Depo. 246:1-15 (Greenspan Decl., Exs. 2 & 1).

Similarly, Walter Beach – whom Plaintiffs did not disclose as a witness until August 2008 (long after the Court's denial of Mr. Parrish's motion for class certification) – is a former teammate and "very good friend" of Mr. Parrish. Beach Depo. 45:23-46:13 (Greenspan Decl., Ex. 3). Not surprisingly, Mr. Beach testified that he was recruited by Mr. Parrish to be a witness in this case. Id. ("[Parrish] just asked could he give my name to the attorneys, and I told him 'of course.'"); see also id. at 56:2-15 (agreeing with Parrish's statement that "Upshaw and his cadre of agents, goons and NFLPA insiders [are] trying to confuse and manipulate the players ... widows and survivors"). Plaintiffs also belatedly disclosed as witnesses – after the Parrish class certification motion was denied – Bruce Laird and Clifton McNeil, both of whom are retired NFL players. Not surprisingly, both also have substantial connections to Mr. Parrish. Mr. McNeil is Mr. Parrish's former teammate and Mr. Laird was an active cohort with Mr. Parrish in his vendetta against the union. See Email from Bernard Parrish to Bruce Laird, at CLASS002715 ("I sure want you on our Board [of the RPFPJ], but I don't intend to lose control over this lawsuit or this non-profit . . .") (Greenspan Decl., Ex. 4); email from Bernard Parrish to Ben Lynch, dated November 24, 2007, at CLASS003161 ("When elected Executive Director [of the NFLPA, Parrish] will name Bruce Laird, Assistant Executive Director.") (Greenspan Decl., Ex. 5).

Evidence that Mr. Parrish – who did not sign a GLA – recruited and directs the GLA Class's witnesses is highly relevant to their motives and credibility and will help the jury determine whether their testimony about key issues in this case, e.g., their claimed understanding of the Retired Player GLAs, is believable. United States v. Abel, 469 U.S. 45, 52 (1984) ("Proof of bias is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony."); United States v. Hankey, 203 F.3d 1160, 1171 (9th Cir. 2000) ("Evidence is relevant . . . if it has a mere tendency to impeach a witness' credibility by a

showing of bias or coercion."); Lewy v. S. Pac. Transp. Co., 799 F.2d 1281, 1298 (9th Cir. 1986) ("[Plaintiff] was entitled to introduce evidence of [witness'] bias both by cross-examining her and through presentation of extrinsic evidence . . . ."). This evidence, therefore, is admissible. Abel, 469 U.S. at 52 ("A witness' and a party's common membership in an organization, even without proof that the witness or party has personally adopted its tenets, is certainly probative of bias."); Hankey, 203 F.3d at 1171 ("The point of a bias inquiry is to expose to the jury the witness' special motives to lie, by revealing facts such as . . . personal animosity or favoritism towards the defendant."); Obrey v. Johnson, 400 F.3d 691, 697 (9th Cir. 2005) ("'[E]vidence that the defendant has made disparaging remarks about the class of persons to which plaintiff belongs[] may be introduced to show that the defendant harbors prejudice towards that group.'"), quoting Lam v. Univ. of Haw., 164 F.3d 1186, 1188 (9th Cir. 1999) (internal quotation marks omitted).

Simply put, Defendants are entitled to challenge the motives and credibility of Plaintiffs' witnesses. To do so, it will be relevant to introduce evidence on cross-examination about Mr. Parrish and his forty-year vendetta against the NFLPA, and the influence which Mr. Parrish currently has over Mr. Adderley and Plaintiffs' other witnesses.

Similarly, there is no basis for Plaintiffs to seek to exclude evidence about Mr. Adderley's relationship with the RPFPJ. Plaintiffs assert that any argument by Defendants at trial that "Mr. Adderley breached his fiduciary duties" owed to RPFPJ members is not relevant. Mot. No. 3, at 2. Defendants, however, do not intend to prove at trial any breach of fiduciary duty by Mr. Adderley with respect to the members of RPFPJ. There is, therefore, no risk of any "trial within a trial" on this issue. By contrast, Defendants intend, and are entitled, to introduce at trial evidence that Mr. Adderley is the Co-President of RPFPJ, an organization whose stated purpose is filing class action lawsuits and addressing other complaints about the NFLPA that have nothing to do with retired player licensing. See RPFPJ Statement of Purpose, available at http://www.playersforjustice.org/aboutus.html ("The organization will engage in activities like bringing class action lawsuits, testifying before Congress, and providing information to the media highlighting the situation of those whose former physically demanding careers have resulted in long-term damage to their health."). Such evidence is relevant to Mr. Adderley's

motives and credibility. United States v. Pierson, 121 F.3d 560, 563 (9th Cir. 1997) (evidence regarding witness's motive to testify is relevant to his credibility); cf. Abel, 469 U.S. at 51-52, 56 (the fact that a witness belongs to a particular organization may be probative of bias). Further, evidence proving that Mr. Adderley regularly defers to Mr. Parrish with respect to the activities of RPJPJ will help the jury assess whether Mr. Adderley's testimony in this case is another deferral to the direction and influence of Mr. Parrish. This evidence is admissible, therefore, because it is probative of Mr. Adderley's credibility and is not at all confusing.

The same is true of evidence relating to Plaintiffs' claims that have been superseded or dismissed. Although Defendants agree that neither party should refer to any commentary or ruling by the Court – including the Court's dismissal of certain claims by Plaintiffs, the Court's rulings on Plaintiffs' motion for class certification, and its denial of Defendants' motion for summary judgment – evidence that Plaintiffs' factual claims in this case have changed multiple times goes to the veracity of their newest factual complaints about Defendants' licensing activities. For example, Mr. Adderley testified at his deposition that when he brought this case, his only licensing complaint against Defendants related to his ad hoc license with Reebok, and that he did not understand that he was entitled under the Retired Player GLA to any share of active player licensing revenues. Adderley Depo. 77:13-21; 91:16-22 (Greenspan Decl., Ex. 1).

Even Plaintiffs concede that evidence about the changing nature of their claims is relevant to the credibility of Plaintiffs' witnesses: "References to the number or nature of superseded claims [could suggest that] Plaintiffs had difficulty coming up with a viable claim, thereby impugning their credibility." Mot. No. 5, at 2 (emphasis added). This is precisely why this evidence, about the changing nature of Plaintiffs' factual claims, is relevant and admissible. This evidence tends to prove that the most recent testimony of Mr. Adderley and Plaintiffs' other retired player witnesses about their purported understanding of the Retired Player GLA is either manufactured for this litigation, motivated by Mr. Parrish's and the witnesses' personal vendettas against the union, or both. Evidence about the changing nature of Plaintiffs' claims is thus admissible and helpful to the jury's determination of the credibility of the witnesses and claims

in this case. Cf. Ruffin, 146 Fed. Appx. at 506 (evidence going to dismissed claims is relevant to show bias on remaining claims).[1]

### CONCLUSION

For all of the foregoing reasons, Plaintiffs' Motions in Limine Nos. 1, 3 and 5 should be denied except that no party should be permitted at trial to refer to any commentary or rulings of the Court, including the Court's decisions on Defendants' motions to dismiss, Plaintiffs' motion for class certification and Defendants' motion for summary judgment.

Date: October 8, 2008

DEWEY & LEBOEUF LLP

BY: /s/ Jeffrey Kessler
Jeffrey L. Kessler
*Attorneys for Defendants*

---

[1] The sole case cited by Plaintiffs provides no support for them here. That case does not address whether the excluded evidence could have been used to impeach any witness or was relevant to any remaining claims. See Motion No. 5, at 2 citing Redwood Christian Schools v. County of Alameda, No. C-01-4282 SC, 2007 U.S. Dist. LEXIS 8287, at *6 (N.D. Cal. Jan. 26, 2007).