MANATT, PHELPS & PHILLIPS, LLP
RONALD S. KATZ (Bar No. CA 085713)
E-mail: rkatz@manatt.com
RYAN S. HILBERT (California Bar No. 210549)
E-mail: rhilbert@manatt.com
NOEL S. COHEN (California Bar No. 219645)
E-mail: ncohen@manatt.com
1001 Page Mill Road, Building 2
Palo Alto, CA 94304-1006
Telephone: (650) 812-1300
Facsimile: (650) 213-0260

MCKOOL SMITH, P.C.
LEWIS T. LECLAIR (Bar No. CA 077136)
E-mail: lleclair@mckoolsmith.com
JILL ADLER NAYLOR (Bar No. CA 150783)
E-mail: jnaylor@mckoolsmith.com
300 Crescent Court
Dallas, TX 75201
Telephone: (214) 978-4984
Facsimile: (214) 978-4044

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT

SAN FRANCISCO DIVISION

| | |
|---|---|
| BERNARD PAUL PARRISH, HERBERT ANTHONY ADDERLEY, and WALTER ROBERTS III, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION, a Virginia corporation, and NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a PLAYERS INC, a Virginia corporation,<br><br>Defendants. | CIVIL ACTION NO. C07 0943 WHA<br><br>**PLAINTIFFS' MOTION IN LIMINE NO. 2, REQUESTING EXCLUSION OF EVIDENCE OR ARGUMENT RELATING TO THE POSSIBILITY OF SUING ADDITIONAL PARTIES FOR RELIEF**<br><br>Judge: Honorable William H. Alsup<br>Date: September 9, 2008<br>Time: 2:00 p.m.<br>Place: Courtroom 9, 19th Floor |

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

20202979.1
Dallas 258080v3

Dallas 260376v1

Dockets.Justia.com

## I. The Court Should Exclude Any Evidence, Testimony, Argument or Reference Regarding the Possibility or Propriety of Plaintiffs Suing Additional Parties for Relief, including Electronic Arts.

Plaintiffs request that the Court exclude any testimony, evidence, argument, or reference regarding other parties that Plaintiffs could have sued in light of the evidence presented at trial. For example, Plaintiffs may present evidence of "scrambling" of various class members' identities in certain versions of the Madden football video game sold by Electronic Arts ("EA"). This "scrambling" supports Plaintiffs' claims of breach of contract and breach of fiduciary duty against Defendants. This evidence shows, *inter alia*, (1) that EA attempted to narrowly avoid actual usage of the retired players' identities in an effort to avoid having to pay licensing fees and/or (2) that Defendants, despite their fiduciary duty to promote the use of retired players' rights, were complicit in "scrambling" the retired players' identities, to avoid sharing royalty revenue with the retired players.

Plaintiffs expect Defendants to try and divert attention from the causes of action at issue by arguing that EA, *instead* of Defendants, should bear responsibility for any "scrambling," or that Plaintiffs should have sued EA, or failed to sue EA. Such argument would be pure speculation -- there is no evidence that Plaintiffs could or would be successful in a lawsuit against EA or any other third party. Even still, whether or not Plaintiffs would have a viable cause of action against EA, or any third party to this litigation, based on the facts proven at trial, is not relevant or helpful in determining whether or not Defendants breached their contract with Plaintiffs, or violated their fiduciary duty to Plaintiffs. In short, this evidence is irrelevant, and should be excluded under Rule 402.

This line of argument would also unduly confuse the jury, and should be excluded under Rule 403. Defendants' ability or responsibility to pay damages for their breaches of contract and/or fiduciary duty are wholly unaffected by any hypothetical cause of action against a third

party. However, if Defendants argue that Plaintiffs should have sued EA (or any third party), or that EA is culpable, a jury may become confused, and mentally assign all or part of the responsibility to provide Plaintiffs' compensation to EA, and reduce the verdict against Defendants accordingly. As a result, the Court should prevent Defendants from addressing this line of argument under Rule 403.

## II. Conclusion

Plaintiffs respectfully request that the Court grant its Motions in Limine.

Dated: August 19, 2008

Respectfully submitted,

MANATT, PHELPS & PHILLIPS, LLP

By: /s/ Ryan S. Hilbert
Ronald S. Katz (SBN 085713)
Ryan S. Hilbert (SBN 210549)
Noel S. Cohen (SBN 219645)
1001 Page Mill Road, Building 2
Palo Alto, CA 94304-1006
Telephone: (650) 812-1300
Facsimile: (650) 213-0260

MCKOOL SMITH, P.C.
Lewis T. LeClair (SBN 077136)
Jill Adler Naylor (SBN 150783)
300 Crescent Court
Dallas, TX 75201
Telephone: (214) 978-4984
Facsimile: (214) 978-4044

*Attorneys for Plaintiffs*

## PROOF OF SERVICE

I, Daniel Q. Crim, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 1001 Page Mill Road, Building 2, Palo Alto, CA 94304-1006. On August 19, 2008, I served the following documents:

1. **Plaintiffs' Motion In Limine No. 1, Requesting Exclusion Of Evidence And Argument Related To Bernard Parrish;**

2. **Plaintiffs' Motion In Limine No. 2, Requesting Exclusion Of Evidence Or Argument Relating To The Possibility Of Suing Additional Parties For Relief;**

3. **Plaintiffs' Motion In Limine No. 3, Requesting Exclusion Of Evidence And Argument Related To Mr. Adderley's Purported Fiduciary Relationship With Members Of Retired Professional Football Players For Justice;**

4. **Plaintiffs' Motion In Limine No. 4, Requesting Exclusion Of Parol Evidence Tending To Prove The Intent Of The Parties To Third-Party Licensing Agreements;**

5. **Plaintiffs' Motion In Limine No. 5, Requesting Exclusion Of Evidence Or Argument Relating To Dismissed Causes Of Action And The Uncertified Putative Class;**

6. **Plaintiffs' Motion In Limine No. 6, Requesting Exclusion Of Evidence And Arguments Of Legal Conclusions Made By Herb Adderley; and**

7. **Plaintiffs' Motion In Limine No. 7, Requesting Exclusion Of Evidence, Testimony And Argument Related To The Nfl Sponsorship And Internet Agreement.**

☐ By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail, addressed as set forth below.

☐ By transmitting via facsimile the document listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ By placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for overnight delivery.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

PROOF OF SERVICE
CASE NO. C:07-0943 WHA

☒ By electronic mail to the below email addresses:

| Jeffrey L, Kessler, Esq.<br>David G. Feher, Esq.<br>Eamon O'Kelly, Esq.<br>David Greenspan, Esq.<br>Dewey & LeBoeuf LLP<br>1301 Avenue of the Americas<br>New York, NY 10019-6092<br>Email: jkessler@dl.com; dfeher@dl.com;<br>dgreenspan@dl.com; jclark@dl.com;<br>rtaub@dl.com; MDonovan@dl.com;<br>ipapendick@dl.com; lcaplan@dl.com | Kenneth L. Steinthal, Esq.<br>Joseph Wetzel, Esq.<br>Weil, Gotshal & Manges, LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065<br>Email: bruce.meyer@weil.com;<br>Joseph.Wetzel@weil.com |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 19, 2008, at Palo Alto, California.

*Daniel Q. Crim*

Todd Padnos (Bar No. 208202)
*tpadnos@dl.com*
DEWEY & LEBOEUF LLP
One Embarcadero Center, Suite 400
San Francisco, CA 94111
Tel: (415) 951-1100; Fax: (415) 951-1180

Jeffrey L. Kessler (*pro hac vice*)
*jkessler@dl.com*
David G. Feher (*pro hac vice*)
*dfeher@dl.com*
David Greenspan (*pro hac vice*)
*dgreenspan@dl.com*
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, NY 10019
Tel: (212) 259-8000; Fax: (212) 259-6333

Kenneth L. Steinthal (*pro hac vice*)
*kenneth.steinthal@weil.com*
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Tel: (650) 802-3000; Fax: (650) 802-3100

Bruce S. Meyer (*pro hac vice*)
*bruce.meyer@weil.com*
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000; Fax: (212) 310-8007

Attorneys for Defendants National Football League Players Association
and National Football League Players Incorporated d/b/a Players Inc

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| BERNARD PAUL PARRISH, HERBERT ANTHONY ADDERLEY, WALTER ROBERTS III,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION and NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a/ PLAYERS INC,<br><br>Defendants. | Case No. C 07 0943 WHA<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 2** |

## PRELIMINARY STATEMENT

Plaintiffs assert that the alleged inclusion of "scrambled," <u>unrecognizable</u>, images of some class members by Electronic Arts ("EA") in its Madden NFL video game products somehow supports Plaintiffs' claim that the Defendants breached their contractual obligations or fiduciary duties to the GLA Class. However, in their Motion in Limine No. 2 ("Mot. No. 2") Plaintiffs seek to exclude Defendants from offering any defensive testimony, evidence, argument, or even reference that "EA, <u>instead</u> of Defendants, should bear responsibility" for any such "scrambling." Mot. No. 2 at 2 (emphasis original). Contrary to Plaintiffs' assertion that such defensive evidence and argument should be excluded under Federal Rules of Evidence 402 and 403 because it is allegedly not relevant, Plaintiffs are seeking through this Motion to prevent Defendants from offering the most relevant defense to such allegations – that the party who allegedly committed the actions at issue was <u>not</u> Defendants. Moreover, the fact that Plaintiffs have known of EA's inclusion of "scrambled" images in the Madden NFL video game since prior to the commencement of this lawsuit, but did not make any allegations against Defendants in the Third Amended Complaint based on these facts, or file any complaint against EA, is directly relevant to the credibility of Plaintiffs' last minute complaints about this subject. It would thus seriously prejudice Defendants' ability to defend against these allegations to preclude any evidence about Plaintiffs' knowing failure to pursue any claims against EA for the conduct by EA that Plaintiffs, not Defendants, seek to put at issue in this lawsuit.

Indeed, if any evidence is to be excluded on this subject under Rules 402 and 403, then the only proper and equitable result is to exclude <u>all</u> evidence – offensive or defensive – concerning Plaintiffs' "scrambling" allegations. As mentioned above, these allegations appear nowhere in the Third Amended Complaint against Defendants and were only raised, for the first time, at the last minute, in opposition to Defendants' summary judgment motion. Further, the only "evidence" proffered by Plaintiffs to link Defendants to the alleged "scrambling" of images by EA is a single, inadmissible document from <u>before</u> the statue of limitations period. This is not a sufficient basis to justify the juror confusion of issues and waste of time that would be caused by a mini-trial on the legality of the alleged use by EA of scrambled images, especially

other than the defendant committed the crime that is charged."); Toberman v. Copas, 800 F. Supp. 1239, 1242 (M.D. Pa. 1992) ("When a third party's conduct furnishes a complete defense against the defendant's liability, the defendant may raise that conduct defensively in his answer . . . .").[1] Indeed, there could be no more relevant defense than for Defendants to prove that the alleged conduct at issue was solely done by someone else during the limitations period, without any participation or direction by Defendants.

In this connection, as this Court knows, the only "evidence" Plaintiffs have identified in support of their contention that Defendants are responsible for the conduct of EA is a pre-statue of limitations letter. See Order Denying Defs.' Mot. for Summ. J. at 7-8. Even if this document were admissible, it simply indicates that an employee of Players Inc told EA that it could not use the names or images of any retired or active players whom EA had not licensed through Players Inc. Defs.' Reply Letter Brief to the Court, dated Aug. 1, 2008, at 3 (Rec. Doc. 345). Significantly, Plaintiffs cite no evidence at all for the allegation that Defendants ever had any discussions with EA about this subject during the limitations period. Defendant are thus clearly entitled to respond to Plaintiffs' allegations about their purported involvement during the limitations period by presenting evidence and argument that any acts by EA to scramble player images during the limitations period was solely the unilateral decision and legal responsibility of someone other than Defendants.

Similarly, it is clearly relevant for Defendant to prove and argue that Plaintiffs' knowing delay in raising any legal complaint about the alleged scrambling of images by EA, despite the fact that plaintiffs have known about this practice since prior to the time this action was filed, is probative of the fact that plaintiffs do not actually believe that such scrambled images violate any of their rights (as it does not). Plaintiff Bernard Parrish has been publicly complaining about EA's inclusion of "scrambled" player images since prior to the commencement of this case. See Email from Parrish to Bruce Laird, dated Nov. 7, 2006, at

---

[1] Additionally, even Plaintiffs' Motion In Limine No. 3 recognizes that for evidence of extrinsic acts to be admissible under Rule 404(b) "there must be sufficient evidence for the jury to find the [actor] committed the act." Mot. No. 3 at 3 (quoting Duran v. City of Maywood, 221 F.3d 1127, 1132-1133 (9th Cir. 2000)).

-3-

Defendants' Opposition to Plaintiffs' Motion in Limine No. 2  Civ. Action No. C07 0943 WHA

CLASS003725 (attached as Exhibit 6 to the Declaration of David Greenspan ("Greenspan Decl."), dated October 8, 2008); Alan Schwarz, "Upshaw Maintains Royalties Were Distributed Properly," N.Y. Times, Feb. 16, 2007 at CLASS003006 (Greenspan Decl., Ex. 7). Despite Plaintiffs' awareness of this supposed issue, they have never filed any action against EA and did not include any legal claims about this conduct in the Third Amended Complaint in this action. It was not until Plaintiffs' argument at the hearing on Defendants' summary judgment motion that Plaintiffs even surfaced this issue in the case. See MSJ Hearing Tr. at 37, 41.[2] This knowing failure previously to pursue any legal claim about EA's scrambling of images is clearly relevant to the jury's assessment of the credibility of Plaintiffs' belated attempts to assert a claim against Defendants for this issue now. See In re Airline Ticket Comm'n Antitrust Litig., 268 F.3d 619, 624 (8th Cir. 2001); U.S. v. Aguwa, 123 F.3d 418, 420 (6th Cir. 1997); U.S. v. Manning, No. 95-6402, 1997 WL 62973, *1 (2d Cir. Feb. 12, 1997).

Plaintiffs' argument for exclusion of any reference to the responsibility of someone other than Defendants for the alleged "scrambling" of player images is also inconsistent with Plaintiffs' ever changing positions about what the evidence will show. At the hearing on Defendants' Motion for Summary Judgment, Plaintiffs asserted that Defendants "conspired with EA to alter former players' images and numbers so that an argument could later be manufactured by Defendants that EA did not actually license or use GLA retired player images." MSJ Hearing Tr. at 37:3-6. However, Plaintiffs now assert in Motion No. 2 that the evidence will show "(1) that EA attempted to narrowly avoid actual usage of retired players' identities in an effort to avoid having to pay licensing fees and/or (2) that Defendants . . . were complicit in 'scrambling' the retired players' identities, to avoid sharing royalty revenue with retired players." Mot. No. 2 at 2. If Plaintiffs' proposition that EA may have "attempted to narrowly avoid actual usage of retired players' identities in an effort to avoid having to pay licensing fees" is correct, then

---

[2] Moreover, Plaintiffs did not identify this alleged scrambling in response to an interrogatory requesting that Plaintiffs identify each occasion "when a licensee actually utilized the identity rights of a [GLA class member] without such retired player(s) receiving a payment." See Pls.' Supplemental Resps. and Objs. to Defs.' Fourth Set of Interrogs. at 4-5 (Greenspan Decl., Ex. 8). As discussed below, this is another reason to exclude Plaintiffs' efforts to inject the "scrambling" issue into this case.

Defendants' Opposition to Plaintiffs' Motion in Limine No. 2      Civ. Action No. C07 0943 WHA

Defendants are entitled to prove this fact, which would preclude any legal responsibility by Defendants for any such action by EA. Simply put, there could be no basis for holding Defendants liable for the alleged failure to distribute licensing revenues to GLA class members purportedly attributable to scrambled player images in the EA video game if EA never paid any such licensing fees to Defendants for these images. There is thus no scenario in which it would not be highly relevant for Defendants to prove, in response to Plaintiffs allegations about "scrambling," that Defendants were not responsible for any such conduct by EA.

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' motion to exclude evidence and argument relating to the responsibility of EA or other third-parties for alleged "scrambling" of players' images in EA products.

Date: October 8, 2008

DEWEY & LEBOEUF LLP

BY: /s/ Jeffrey L. Kessler
Jeffrey L. Kessler
*Attorneys for Defendants*