MANATT, PHELPS & PHILLIPS, LLP
RONALD S. KATZ (Bar No. CA 085713)
E-mail: rkatz@manatt.com
RYAN S. HILBERT (California Bar No. 210549)
E-mail: rhilbert@manatt.com
NOEL S. COHEN (California Bar No. 219645)
E-mail: ncohen@manatt.com
1001 Page Mill Road, Building 2
Palo Alto, CA 94304-1006
Telephone: (650) 812-1300
Facsimile: (650) 213-0260

McKOOL SMITH, P.C.
LEWIS T. LECLAIR (Bar No. CA 077136)
E-mail: lleclair@mckoolsmith.com
JILL ADLER (Bar No. CA 150783)
E-mail: jadler@mckoolsmith.com
300 Crescent Court, Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BERNARD PAUL PARRISH, HERBERT ANTHONY ADDERLEY, and WALTER ROBERTS III on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION, a Virginia corporation, and NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a PLAYERS INC, a Virginia corporation,<br><br>Defendants. | CIVIL ACTION NO. C07 0943 WHA<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 7 TO EXCLUDE EVIDENCE OR ALLEGATIONS REGARDING ELECTRONIC ARTS' "SCRAMBLING" OF RETIRED PLAYERS IMAGES IN THE MADDEN NFL VIDEOGAMES**<br><br>[Filed Concurrently with Declaration of Noel S. Cohen in Support Thereof.]<br><br>Judge: Honorable William H. Alsup<br>Date: October 15, 2008 |

## I. SUMMARY OF ARGUMENT

Defendants' Motion in Limine No. 7 to exclude evidence at trial of how Electronic Arts "scrambled" retired player data in its Madden video game fails on every level.

From the outset of this litigation, through and including their arguments in connection with their motion for summary judgment, Defendants have taken the position that GLA class members are entitled to ***nothing***. They support this argument by claiming that no licensee ever wanted to license the group rights of retired players who signed GLAs. They further argue, despite clear language to the contrary in nearly 100 separate, lucrative license agreements, that retired players' group rights were never licensed to any third party. As a consequence, they argue, no escrow fund was ever set up from which GLA class members were paid (in violation of the clear language of the GLA). This is so, they say, because no funds were ever received from licensees for the group rights to retired players.

These fundamental defense contentions are belied in part by documents produced late in the case by Players Inc. and Electronic Arts ("EA"). On virtually the eve of the close of discovery, defendant Players Inc. produced a two-page unsigned version of a letter from LaShun Lawson of Players Inc to EA's Jeremy Strauser dated May 31, 2001. [Declaration of Noel S. Cohen ("Cohen Decl."), Ex. A.][1] In the letter which was received by EA, Lawson instructed EA how to "use" retired players in the Madden games:

> For all retired players that are not listed in either Attachment A or B, their identity must be altered so that it cannot be recognized [. . .] Hence, any and all players not listed in Attachment A or B cannot be represented in Madden 2002 with the number that the player actually wore, and **must** be scrambled. (**bold in original.**)

From 2001 on, under these express instructions from Defendants, EA "scrambled" GLA class member data in the Madden game. Plaintiffs have identified hundreds of class members who are featured on vintage NFL teams in the EA Madden games.

---

[1] A true and correct copy of the letter received by EA is attached as Exhibit B to the Cohen Decl. Defendants and EA have stipulated that the document is authentic and that the statements of Ms. Lawson are admissions by a party-opponent and therefore not-hearsay. [Cohen Decl., Ex. C at ¶ 6.]

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

In 2005, the NFLPA negotiated a new license agreement with EA which guaranteed minimum royalty payments of $25 million per year. In connection with this new EA license agreement, EA again approached Defendants about using retired players in the EA Madden game. As reflected in another document produced by EA (EA 000153-156), and attached as Exhibit C to the Cohen Decl., EA wrote by e-mail to Ms. Lawson at Players Inc:

> **I know that Players Inc. doesn't want us to include any retired players 'in the game'** -- but in this case given that it is factual, real-world information that is readily available, our hope is that you would agree with us that this particular feature is made much stronger by including the text display of the record data. (emphasis added).

In violation of contractual and fiduciary duties, Defendants responded that EA could not use these licensed rights. EA wrote internally:

> **They said 'no' to this despite my attempts to convince them otherwise. They have taken a hard line on no retired players in the game in any form**. (emphasis added).

Each of the proffered grounds for this Motion In Limine to preclude this evidence -- relevance, prejudice, and alleged "nondisclosure" -- are meritless:

First, the evidence is highly relevant. Defendants' argument that evidence of EA's "scrambling" is irrelevant because EA did not violate intellectual property rights of retired players is a classic red herring. Plaintiffs have never argued that EA violated intellectual property rights. They have not sued EA. Rather, the evidence outlined above is centrally relevant to dispel Defendants' disingenuous defenses and to demonstrate that Defendants did not have retired players' interests in mind in dealing with licensees in violation of their fiduciary duties.

Second, Defendants argue that evidence of EA's scrambling of retired players' identities in the Madden game should be excluded under FRE 403. However, the probative value of this evidence *far outweighs* any "unfair" prejudice to Defendants. It is undisputed that Plaintiffs received nothing from Defendants' group licensing efforts. Defendants' excuses for why this occurred are contradicted, in material part, by the "scrambling" evidence. This is not the type of prejudice contemplated by Rule 403.

Third, and finally, Defendants argue that Plaintiffs should be precluded at trial from rebutting Defendants' basic positions because, allegedly, the bases for the rebuttal were not

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

disclosed precisely in the pleading and discovery phase of the litigation. This contention is insupportable. The issue of whether retired players' rights were licensed to EA has been a central issue in this case from the commencement of the action. Plaintiffs requested third party agreements and correspondence related thereto in June 2007. However, as part of its extended "rolling production" of documents, Defendants did not produce the damaging documentary evidence of their instructions to EA to "scramble" retired players' images until the eve of the discovery cut-off -- almost *ten months* after the request was served. Moreover, EA did not produce the original of the Lawson letter until months *after* the discovery cut-off. Then, Defendants argued incorrectly that Plaintiffs' were barred from using the documents because of some deal that Defendants claim was struck regarding pre-statute of limitations materials. Defendants' contention that they have not had adequate time to conduct discovery on this issue is a problem solely within their power to correct. These are their documents, written by their witnesses, about their licensing program. What discovery could Defendants possibly need from Plaintiffs on this subject?

The only reserved objections to the admissibility of this critical evidence are set forth in this Motion – relevance, prejudice, and non-disclosure. Foundation and non-hearsay are established by Stipulation for the key documents. This Court should overrule these remaining objections by denying this Motion and the materials and remaining evidence regarding EA's scrambling should be admitted into evidence.

## II. LEGAL ARGUMENT

### A. Defendants' Contention that Evidence of Scrambling, Some of the Most Probative and Relevant Evidence in This Case, Should Be Precluded Because EA Did Not Violate Intellectual Property Rights of the GLA Class Is Erroneous

In arguing that scrambling evidence is not relevant, Defendants have concocted a "straw man" argument *never* raised by Plaintiffs. Specifically, Defendants argue that, because EA's use of the scrambled identities is not in and of itself a violation of the intellectual property rights of retired players, evidence of the scrambling is irrelevant to this case. However, Plaintiffs *do not*

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

contend that EA's scrambling is a violation intellectual property rights.[2]

### B. Evidence of Scrambling Is Not Only Highly Relevant, But Will Not Unfairly Prejudice Defendants

To exclude relevant evidence under Rule 403, its probative value must be <u>substantially outweighed</u> by the risk of unfair prejudice or confusion. *Mihailovich v. Laatsch*, 359 F3d 892, 906 (7th Cir. 2004). Consequently, when the probative value and the danger of prejudice or confusion are of relatively equal weight, the evidence should be admitted. *See Blancha v. Raymark Industries*, 972 F2d 507, 516 (3rd Cir. 1992). Most evidence is "prejudicial" to the party against whom it is offered. However, Rule 403 *only* guards against "unfair prejudice, not prejudice per se." *U.S. v. Benedetti*, 433 F.3d 111, 117-118 (1st Cir. 2005); *U.S. v. Winkle*, 477 F3d 407, 417 (6th Cir. 2007). Rule 403 is typically utilized when certain evidence is likely to "inflame the passions of the jury" or create emotional discomfort. *See, e.g., U.S. v. Layton*, 767 F2d 549 (9th Cir. 1985), and *Navarro de Csome v. Hospital Pavia*, 922 F.2d 926, 930-31 (1991). Even under such circumstances, relevant evidence is not excluded under Rule 403. *See., U.S. v. Smith*, 459 F3d 1276, 1296 (11th Cir. 2006) (in child pornography case, naked photos of defendant with females, other than victim were relevant and not excludible simply because of emotionally charged nature of the offense); *Martin v. Maintenance Co., Inc.*, 588 F2d 355, 357 (2nd Cir. 1978) (photos of plaintiff's mangled foot that had been caught in escalator properly admitted).

There is no question that the EA Madden videogame is an important product that includes the "scrambled" identities of retired players and for which Defendants never shared the guaranteed minimum payments. It will not "inflame the passions of the jury," nor will it create emotional discomfort. Indeed, other than citing generic case law about Rule 403, and making the conclusory statement that scrambling evidence is prejudicial, Defendants never articulate how such evidence is "unfairly" prejudicial.

---

[2] Defendants cite a litany of cases supporting their argument that EA did not violate any intellectual property right of the GLA class. Because Plaintiffs have never made such an argument, they will not waste the Court's time responding to these irrelevant citations.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

Defendants next argue that the scrambling evidence should be excluded under Rule 403 because it "will result in a mini-trial on issues that have no bearing on Plaintiff's claims." [Motion at 4:22-23.] This argument is meritless. Defendants' own documents admit, and Defendants have never denied, that retired players' images appear "scrambled" in the Madden videogames. The only example Defendants give as to the chance of a purported mini-trial -- whether the scrambling constitutes a use of class members' intellectual property rights -- is a non-issue.

### C. Defendants' Failure to Pay Class Members Per the EA Agreement and Defendants' Breach of Fiduciary Duties Were Plainly Disclosed

Defendants' final argument as to why evidence of scrambling should be excluded -- the "claim" was not timely disclosed -- should be rejected. In fact, it is puzzling that Defendants would even raise this argument in light of their own tactical misconduct. Plaintiffs requested all communications between Defendants and third parties, including EA, regarding licensing of retired players in June 2007. However, the Lashun Lawson letter was not produced until **March 28, 2008** as part of Defendants' year-long "rolling production." [Cohen Decl., Ex. E.]

Additionally, this is hardly a novel issue. Once Plaintiffs became aware of the "scrambling" evidence, they brought it to the attention of Defendants and the Court. The parties each submitted letter briefs to the Court over two months ago at this Court's direction in connection with Defendants' Motion for Summary Judgment.[3] Further, while evidence of "scrambling" was not produced by Defendants until approximately one month before the discovery cut-off[4] (and 10 months after requested), this evidence is simply that: evidence supporting allegations in the Third Amended Complaint. Defendants have cited no case law requiring Plaintiffs to identity in a pleading each piece of evidence supporting its allegations, and

---

[3] Defendants also recently questioned trial witness Walter Beach about the use of identities in the Madden games.

[4] Even after producing the Lawson letter, Defendants argued that it was barred by the statute of limitations because it was sent in 2001 and the GLA class covers 2003-2007. However, at the time the letter was written, a large number of class members' GLAs were in effect that remained in effect until after February 14, 2003. [Cohen Decl, Ex. D.] Moreover, the scrambling indicated in the letter continues today.

there is no such requirement.[5]

Defendants proffer three examples of why the scrambling issue was raised too late. The first is that Bernie Parrish testified during his deposition that he did not recall whether the complaint contained allegations that his name or image was being used in the Madden 2005 vintage game. [Motion at fn. 1.] Mr. Parrish's testimony is irrelevant because (1) he was never a member of the GLA class, (2) his claims (now dismissed) did not relate to the GLA or to the use of player images but rather to a refund of the $50 dues he paid to the NFLPA, (3) he testified only that he did not recall whether this was an allegation in the complaint, and (4) the question that was asked in deposition was limited to the 2005 vintage game (not multiple games).

The next example is that Plaintiffs' "damages expert" did not address the scrambling issue in his expert report. This argument is disingenuous. Indeed, what Defendants fail to tell the Court is that Plaintiffs' other expert, Daniel Rascher, expressly referenced and relied upon Plaintiffs' scrambling evidence in his original and in his supplemental report. [Cohen Decl., Exs. F and G.] Dr. Rascher's supplemental report lists the names of those class members whose identities were scrambled in the Madden videogames. [Id., Ex. G.] In addition to being disingenuous, Defendants' argument regarding Mr. Rowley's expert damages report also is irrelevant. Mr. Rowley does calculate damages resulting from Defendants putting licensee interests over retired players interests, which subsumes this scrambling misconduct. Again, Defendants have not cited any authority for the proposition that a damages expert is required to identify every piece of evidence in his report, or that a piece of evidence should be given any less weight because only one, and not both, of its experts relied upon it.

Finally, Defendants argue that evidence of scrambling is inadmissible because Plaintiffs were "specifically asked" in an interrogatory to identify each instance in which a licensee utilized the identity rights of class members. [Motion at 6:8-15.] Again, this statement is misleading as

---

[5] Defendants did cite three cases supporting the general proposition that a party cannot seek relief as to claims not alleged in the complaint. [Motion at 7:7-20.] Plaintiffs do not dispute this legal theory but do note that they have absolutely alleged in the TAC that Defendants acted deliberately to violate the class members' contract rights under the GLA and breached fiduciary duties they owed retired NFL players who signed GLAs. [TAC, ¶¶ 29-56.]

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

OPPOSITION TO MOTION IN LIMINE NO. 7
CASE NO.: C:07-0943-WHA

Defendants did not "specifically ask" the broad interrogatory they now attempt to rewrite. Instead, Defendants asked Plaintiffs to identify any occasion when a licensee "<u>actually</u> utilized the identity rights of a member of the putative class without such retired player(s) receiving a payment from Defendants in connection with such use of his identity rights." (emphasis added). [Declaration of Ian Papendick in Support of Motion in Limine 7 at Ex. 7.] Plaintiffs' response to this interrogatory is wholly consistent with their current position. Plaintiffs do not contend that the images of class members were "actually" utilized, as the interrogatory reads. Rather, Plaintiffs contend that Defendants breached their contractual and fiduciary duties to Plaintiffs by instructing EA to "scramble" the identity of retired players in the videogames so that Defendants could later claim that such rights were ***not*** used.

## IV. CONCLUSION

For the reasons given above, Defendants' Seventh Motion in Limine should be denied.

Dated: October 6, 2008

Respectfully submitted,

MANATT, PHELPS & PHILLIPS, LLP

By:_____/s/_____
       Ronald S. Katz

*Attorneys for Plaintiffs*
Herbert, Anthony Adderley on behalf of himself and all others similarly situated

20207837.1