MANATT, PHELPS & PHILLIPS, LLP
RONALD S. KATZ (Bar No. CA 085713)
E-mail: rkatz@manatt.com
RYAN S. HILBERT (California Bar No. 210549)
E-mail: rhilbert@manatt.com
NOEL S. COHEN (California Bar No. 219645)
E-mail: ncohen@manatt.com
1001 Page Mill Road, Building 2
Palo Alto, CA 94304-1006
Telephone: (650) 812-1300
Facsimile: (650) 213-0260

MCKOOL SMITH, P.C.
LEWIS T. LECLAIR (Bar No. CA 077136)
E-mail: lleclair@mckoolsmith.com
JILL ADLER NAYLOR (Bar No. CA 150783)
E-mail: jnaylor@mckoolsmith.com
300 Crescent Court
Dallas, TX 75201
Telephone: (214) 978-4984
Facsimile: (214) 978-4044

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT

SAN FRANCISCO DIVISION

| | |
|---|---|
| BERNARD PAUL PARRISH, HERBERT ANTHONY ADDERLEY, and WALTER ROBERTS III, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION, a Virginia corporation, and NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a PLAYERS INC, a Virginia corporation,<br><br>Defendants. | CIVIL ACTION NO. C07 0943 WHA<br><br>**PLAINTIFFS' MOTION IN LIMINE NO. 3, REQUESTING EXCLUSION OF EVIDENCE AND ARGUMENT RELATED TO MR. ADDERLEY'S PURPORTED FIDUCIARY RELATIONSHIP WITH MEMBERS OF RETIRED PROFESSIONAL FOOTBALL PLAYERS FOR JUSTICE**<br><br>Judge: Honorable William H. Alsup<br>Date: September 9, 2008<br>Time: 2:00 p.m.<br>Place: Courtroom 9, 19th Floor |

**I. The Court Should Exclude Any Evidence, Testimony, Argument or Reference that Mr. Adderley's Involvement with Retired Professional Football Players for Justice ("RPFPJ") Created a Fiduciary Relationship Between Adderley and Retired Player Members.**

In Defendants' Opposition to Plaintiffs' Motion for Class Certification, Defendants argue that *Mr. Adderley and Mr. Parrish* breached *their* fiduciary duties to retired player members of RPFPJ by, *inter alia*, failing to adequately monitor Mr. Parrish's use of approximately $5000 of solicited donations. Neither Defendants nor retired players are accusing Mr. Adderley of breaching any fiduciary duty in this lawsuit, and Mr. Adderley's relationship with RPFPJ is completely irrelevant in determining whether Defendants breached any fiduciary duty to the class members. The Court should exclude this evidence and argument.

A. <u>Mr. Adderley's relationship with RPFPJ is irrelevant and unduly prejudicial.</u>

Plaintiffs bring a claim of breach of fiduciary duty against Defendants, arguing that the GLAs, *inter alia*, created a fiduciary relationship between Plaintiffs and Defendants, and Defendants breached their fiduciary duty to Plaintiffs. Plaintiffs expect Defendants to confuse the issues by arguing that the class representative is a fiduciary to the members of RPFPJ, and that Mr. Adderley breached his fiduciary duties to those members. First, Mr. Adderley's acts in relation to the members of RPFPJ are wholly inapposite to whether Defendants are liable for breaches of contract and fiduciary duty, as Plaintiffs claim. Second, this testimony is unfairly prejudicial, as the discussion of a second "fiduciary relationship" may confuse the jurors, especially when that purported relationship has no affect on the breach of fiduciary duty claim that will be presented to the jury. As such, the Court should exclude this evidence and argument, *in limine*, under Rules 402 and 403.

B. <u>Mr. Adderley's Purported Deficient Oversight of Mr. Parrish Is a "Bad Act" Inadmissible Under Rule 404(b).</u>

Any accusation that Mr. Adderley abused any fiduciary relationships to members of RPFPJ will adversely affect the jury's evaluation of his character. The Supreme Court has

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

20202979.1
Dallas 258080v3
Dallas 260377v1

2

recognized that this provides a basis for exclusion under Rule 404(b). *See Huddleston v. United States*, 485 U.S. 681, 685 (1988) ("Federal Rule of Evidence 404(b) -- which applies in both civil and criminal cases -- generally prohibits the introduction of evidence of extrinsic acts that might adversely reflect on the actor's character, unless that evidence bears upon a relevant issue in the case such as motive, opportunity, or knowledge.") Mr. Adderley's relationship with RPFPJ does not bear upon any relevant issues in this case, thus, this evidence should be excluded under Rule 404(b).

Moreover, a Ninth Circuit panel has recognized that, under Rule 404(b), "there must be sufficient evidence for the jury to find the [actor] committed the other act." *Duran v. City of Maywood*, 221 F.3d 1127, 1132-33 (9th Cir. 2000). For Defendants to prove up any purported breach of fiduciary duty by Mr. Adderley, the Court must allow, in effect, a "trial within a trial," requiring details of the factual relationship between Mr. Adderley and the members of RPFPJ, any acts of Mr. Parrish related to RPFPJ, and Mr. Adderley's knowledge and purported acquiescence in those acts. Given the limited value of such evidence, the Court may properly exclude this line of argument as a waste of time. *See id.* at 1133 (upholding exclusion of evidence of a shooting because, *inter alia*, inclusion would require multiple witnesses, create undue delay, and result in a waste of time).

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

20202979.1
Dallas 258080v3
Dallas 260377v1

3

## II. Conclusion

Plaintiffs respectfully request that the Court grant its Motions in Limine.

Respectfully submitted,

Dated: August 19, 2008

MANATT, PHELPS & PHILLIPS, LLP

By: /s/ Ryan S. Hilbert
Ronald S. Katz (SBN 085713)
Ryan S. Hilbert (SBN 210549)
Noel S. Cohen (SBN 219645)
1001 Page Mill Road, Building 2
Palo Alto, CA 94304-1006
Telephone: (650) 812-1300
Facsimile: (650) 213-0260

MCKOOL SMITH, P.C.
Lewis T. LeClair (SBN 077136)
Jill Adler Naylor (SBN 150783)
300 Crescent Court
Dallas, TX 75201
Telephone: (214) 978-4984
Facsimile: (214) 978-4044

*Attorneys for Plaintiffs*

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

20202979.1
Dallas 258080v3
Dallas 260377v1

4

## PROOF OF SERVICE

I, Daniel Q. Crim, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 1001 Page Mill Road, Building 2, Palo Alto, CA 94304-1006. On August 19, 2008, I served the following documents:

1. **Plaintiffs' Motion In Limine No. 1, Requesting Exclusion Of Evidence And Argument Related To Bernard Parrish;**

2. **Plaintiffs' Motion In Limine No. 2, Requesting Exclusion Of Evidence Or Argument Relating To The Possibility Of Suing Additional Parties For Relief;**

3. **Plaintiffs' Motion In Limine No. 3, Requesting Exclusion Of Evidence And Argument Related To Mr. Adderley's Purported Fiduciary Relationship With Members Of Retired Professional Football Players For Justice;**

4. **Plaintiffs' Motion In Limine No. 4, Requesting Exclusion Of Parol Evidence Tending To Prove The Intent Of The Parties To Third-Party Licensing Agreements;**

5. **Plaintiffs' Motion In Limine No. 5, Requesting Exclusion Of Evidence Or Argument Relating To Dismissed Causes Of Action And The Uncertified Putative Class;**

6. **Plaintiffs' Motion In Limine No. 6, Requesting Exclusion Of Evidence And Arguments Of Legal Conclusions Made By Herb Adderley; and**

7. **Plaintiffs' Motion In Limine No. 7, Requesting Exclusion Of Evidence, Testimony And Argument Related To The Nfl Sponsorship And Internet Agreement.**

☐ By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail, addressed as set forth below.

☐ By transmitting via facsimile the document listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ By placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for overnight delivery.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

PROOF OF SERVICE
CASE NO. C:07-0943 WHA

☒ By electronic mail to the below email addresses:

| Jeffrey L. Kessler, Esq.<br>David G. Feher, Esq.<br>Eamon O'Kelly, Esq.<br>David Greenspan, Esq.<br>Dewey & LeBoeuf LLP<br>1301 Avenue of the Americas<br>New York, NY 10019-6092<br>Email: jkessler@dl.com; dfeher@dl.com;<br>dgreenspan@dl.com; jclark@dl.com;<br>rtaub@dl.com; MDonovan@dl.com;<br>ipapendick@dl.com; lcaplan@dl.com | Kenneth L. Steinthal, Esq.<br>Joseph Wetzel, Esq.<br>Weil, Gotshal & Manges, LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065<br>Email: bruce.meyer@weil.com;<br>Joseph.Wetzel@weil.com |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 19, 2008, at Palo Alto, California.

*Daniel Q. Crim* (signature)
Daniel Q. Crim

Todd Padnos (Bar No. 208202)
*tpadnos@dl.com*
DEWEY & LEBOEUF LLP
One Embarcadero Center, Suite 400
San Francisco, CA 94111
Tel: (415) 951-1100; Fax: (415) 951-1180

Jeffrey L. Kessler (*pro hac vice*)
*jkessler@dl.com*
David G. Feher (*pro hac vice*)
*dfeher@dl.com*
David Greenspan (*pro hac vice*)
*dgreenspan@dl.com*
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, NY 10019
Tel: (212) 259-8000; Fax: (212) 259-6333

Kenneth L. Steinthal (*pro hac vice*)
*kenneth.steinthal@weil.com*
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Tel: (650) 802-3000; Fax: (650) 802-3100

Bruce S. Meyer (*pro hac vice*)
*bruce.meyer@weil.com*
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000; Fax: (212) 310-8007

Attorneys for Defendants National Football League Players Association
and National Football League Players Incorporated d/b/a Players Inc

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| BERNARD PAUL PARRISH, HERBERT ANTHONY ADDERLEY, WALTER ROBERTS III,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION and NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a/ PLAYERS INC,<br><br>Defendants. | Case No. C 07 0943 WHA<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTIONS IN LIMINE NOS. 1, 3 AND 5** |

## ARGUMENT

Plaintiffs seek in their Motions in Limine Nos. 1, 3 and 5 ("Mot. No. 1, 3, and 5," respectively) to exclude all evidence and argument related to (i) Bernard Parrish; (ii) Adderley's relationship with the Retired Professional Football Players for Justice ("RPFPJ"); and (iii) the dismissed causes of action and the uncertified putative class, respectively. With the exception of references to any decision or comments by the Court, this evidence should be admissible at trial because it goes directly to the motives for this litigation and the motives and credibility of both Mr. Adderley and Plaintiffs' retired player witnesses in pursuing the GLA Class claims in this case. If this evidence were to be excluded, Defendants would be deprived of their fundamental right to challenge the credibility of Plaintiffs' witnesses.

Plaintiffs seek to exclude "any evidence or testimony regarding Bernard Parrish, including deposition testimony, documents authored by Mr. Parrish, and communications authored or received by Mr. Parrish" on the ground that his claims are purportedly distinct from those of the GLA Class, and because Mr. Parrish's statements about the union will allegedly "not help a jury determine any issues in this lawsuit." Mot. No. 1, at 2-3.

Plaintiffs, however, ignore the fact that evidence relating to Mr. Parrish and his involvement in this case is highly relevant to enable the jury to assess the credibility of the claims asserted by the GLA Class. In particular, this evidence will be relevant to expose the motivations of Mr. Adderley and the other player witnesses identified by Plaintiffs and to help the jury assess the biases and hidden connections which undermine the credibility of their testimony. See Ruffin v. City of Boston, 146 Fed. Appx. 501, 506 (1st Cir. 2005) (evidence about dismissed claims is still relevant to show bias).

Indeed, the evidence will establish that the claims made by the GLA Class are unequivocally the product of Mr. Parrish's dominating influence and motivations. For example, Mr. Adderley testified that it was Mr. Parrish who recruited him to be involved with this case and that it was Mr. Parrish who explained to him his duties as a class representative. Adderley Depo. 15:22-16:9, 246:1-15 (attached as Exhibit 1 to the Declaration of David Greenspan

("Greenspan Decl."), dated October 8, 2008). Moreover, it was Mr. Parrish – not Mr. Adderley – who selected class counsel and worked to develop all of the claims in this lawsuit. Parrish Depo. 193:10-198:10; Adderley Depo. 246:1-15 (Greenspan Decl., Exs. 2 & 1).

Similarly, Walter Beach – whom Plaintiffs did not disclose as a witness until August 2008 (long after the Court's denial of Mr. Parrish's motion for class certification) – is a former teammate and "very good friend" of Mr. Parrish. Beach Depo. 45:23-46:13 (Greenspan Decl., Ex. 3). Not surprisingly, Mr. Beach testified that he was recruited by Mr. Parrish to be a witness in this case. Id. ("[Parrish] just asked could he give my name to the attorneys, and I told him 'of course.'"); see also id. at 56:2-15 (agreeing with Parrish's statement that "Upshaw and his cadre of agents, goons and NFLPA insiders [are] trying to confuse and manipulate the players . . . widows and survivors"). Plaintiffs also belatedly disclosed as witnesses – after the Parrish class certification motion was denied – Bruce Laird and Clifton McNeil, both of whom are retired NFL players. Not surprisingly, both also have substantial connections to Mr. Parrish. Mr. McNeil is Mr. Parrish's former teammate and Mr. Laird was an active cohort with Mr. Parrish in his vendetta against the union. See Email from Bernard Parrish to Bruce Laird, at CLASS002715 ("I sure want you on our Board [of the RPFPJ], but I don't intend to lose control over this lawsuit or this non-profit . . .") (Greenspan Decl., Ex. 4); email from Bernard Parrish to Ben Lynch, dated November 24, 2007, at CLASS003161 ("When elected Executive Director [of the NFLPA, Parrish] will name Bruce Laird, Assistant Executive Director.") (Greenspan Decl., Ex. 5).

Evidence that Mr. Parrish – who did not sign a GLA – recruited and directs the GLA Class's witnesses is highly relevant to their motives and credibility and will help the jury determine whether their testimony about key issues in this case, e.g., their claimed understanding of the Retired Player GLAs, is believable. United States v. Abel, 469 U.S. 45, 52 (1984) ("Proof of bias is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony."); United States v. Hankey, 203 F.3d 1160, 1171 (9th Cir. 2000) ("Evidence is relevant . . . if it has a mere tendency to impeach a witness' credibility by a

showing of bias or coercion."); Lewy v. S. Pac. Transp. Co., 799 F.2d 1281, 1298 (9th Cir. 1986) ("[Plaintiff] was entitled to introduce evidence of [witness'] bias both by cross-examining her and through presentation of extrinsic evidence . . . ."). This evidence, therefore, is admissible. Abel, 469 U.S. at 52 ("A witness' and a party's common membership in an organization, even without proof that the witness or party has personally adopted its tenets, is certainly probative of bias."); Hankey, 203 F.3d at 1171 ("The point of a bias inquiry is to expose to the jury the witness' special motives to lie, by revealing facts such as . . . personal animosity or favoritism towards the defendant."); Obrey v. Johnson, 400 F.3d 691, 697 (9th Cir. 2005) ("'[E]vidence that the defendant has made disparaging remarks about the class of persons to which plaintiff belongs[] may be introduced to show that the defendant harbors prejudice towards that group.'"), quoting Lam v. Univ. of Haw., 164 F.3d 1186, 1188 (9th Cir. 1999) (internal quotation marks omitted).

Simply put, Defendants are entitled to challenge the motives and credibility of Plaintiffs' witnesses. To do so, it will be relevant to introduce evidence on cross-examination about Mr. Parrish and his forty-year vendetta against the NFLPA, and the influence which Mr. Parrish currently has over Mr. Adderley and Plaintiffs' other witnesses.

Similarly, there is no basis for Plaintiffs to seek to exclude evidence about Mr. Adderley's relationship with the RPFPJ. Plaintiffs assert that any argument by Defendants at trial that "Mr. Adderley breached his fiduciary duties" owed to RPFPJ members is not relevant. Mot. No. 3, at 2. Defendants, however, do not intend to prove at trial any breach of fiduciary duty by Mr. Adderley with respect to the members of RPFPJ. There is, therefore, no risk of any "trial within a trial" on this issue. By contrast, Defendants intend, and are entitled, to introduce at trial evidence that Mr. Adderley is the Co-President of RPFPJ, an organization whose stated purpose is filing class action lawsuits and addressing other complaints about the NFLPA that have nothing to do with retired player licensing. See RPFPJ Statement of Purpose, available at http://www.playersforjustice.org/aboutus.html ("The organization will engage in activities like bringing class action lawsuits, testifying before Congress, and providing information to the media highlighting the situation of those whose former physically demanding careers have resulted in long-term damage to their health."). Such evidence is relevant to Mr. Adderley's

motives and credibility. United States v. Pierson, 121 F.3d 560, 563 (9th Cir. 1997) (evidence regarding witness's motive to testify is relevant to his credibility); cf. Abel, 469 U.S. at 51-52, 56 (the fact that a witness belongs to a particular organization may be probative of bias). Further, evidence proving that Mr. Adderley regularly defers to Mr. Parrish with respect to the activities of RPJPJ will help the jury assess whether Mr. Adderley's testimony in this case is another deferral to the direction and influence of Mr. Parrish. This evidence is admissible, therefore, because it is probative of Mr. Adderley's credibility and is not at all confusing.

The same is true of evidence relating to Plaintiffs' claims that have been superseded or dismissed. Although Defendants agree that neither party should refer to any commentary or ruling by the Court – including the Court's dismissal of certain claims by Plaintiffs, the Court's rulings on Plaintiffs' motion for class certification, and its denial of Defendants' motion for summary judgment – evidence that Plaintiffs' factual claims in this case have changed multiple times goes to the veracity of their newest factual complaints about Defendants' licensing activities. For example, Mr. Adderley testified at his deposition that when he brought this case, his only licensing complaint against Defendants related to his ad hoc license with Reebok, and that he did not understand that he was entitled under the Retired Player GLA to any share of active player licensing revenues. Adderley Depo. 77:13-21; 91:16-22 (Greenspan Decl., Ex. 1).

Even Plaintiffs concede that evidence about the changing nature of their claims is relevant to the credibility of Plaintiffs' witnesses: "References to the number or nature of superseded claims [could suggest that] Plaintiffs had difficulty coming up with a viable claim, thereby impugning their credibility." Mot. No. 5, at 2 (emphasis added). This is precisely why this evidence, about the changing nature of Plaintiffs' factual claims, is relevant and admissible. This evidence tends to prove that the most recent testimony of Mr. Adderley and Plaintiffs' other retired player witnesses about their purported understanding of the Retired Player GLA is either manufactured for this litigation, motivated by Mr. Parrish's and the witnesses' personal vendettas against the union, or both. Evidence about the changing nature of Plaintiffs' claims is thus admissible and helpful to the jury's determination of the credibility of the witnesses and claims

in this case. Cf. Ruffin, 146 Fed. Appx. at 506 (evidence going to dismissed claims is relevant to show bias on remaining claims).[1]

## CONCLUSION

For all of the foregoing reasons, Plaintiffs' Motions in Limine Nos. 1, 3 and 5 should be denied except that no party should be permitted at trial to refer to any commentary or rulings of the Court, including the Court's decisions on Defendants' motions to dismiss, Plaintiffs' motion for class certification and Defendants' motion for summary judgment.

Date: October 8, 2008

DEWEY & LEBOEUF LLP

BY:   /s/ Jeffrey Kessler
      Jeffrey L. Kessler
      *Attorneys for Defendants*

---

[1] The sole case cited by Plaintiffs provides no support for them here. That case does not address whether the excluded evidence could have been used to impeach any witness or was relevant to any remaining claims. See Motion No. 5, at 2 citing Redwood Christian Schools v. County of Alameda, No. C-01-4282 SC, 2007 U.S. Dist. LEXIS 8287, at *6 (N.D. Cal. Jan. 26, 2007).