MANATT, PHELPS & PHILLIPS, LLP
RONALD S. KATZ (Bar No. CA 085713)
E-mail: rkatz@manatt.com
RYAN S. HILBERT (California Bar No. 210549)
E-mail: rhilbert@manatt.com
NOEL S. COHEN (California Bar No. 219645)
E-mail: ncohen@manatt.com
1001 Page Mill Road, Building 2
Palo Alto, CA 94304-1006
Telephone: (650) 812-1300
Facsimile: (650) 213-0260

MCKOOL SMITH, P.C.
LEWIS T. LECLAIR (Bar No. CA 077136)
E-mail: lleclair@mckoolsmith.com
JILL ADLER NAYLOR (Bar No. CA 150783)
E-mail: jnaylor@mckoolsmith.com
300 Crescent Court
Dallas, TX 75201
Telephone: (214) 978-4984
Facsimile: (214) 978-4044

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT

SAN FRANCISCO DIVISION

| | |
|---|---|
| BERNARD PAUL PARRISH, HERBERT ANTHONY ADDERLEY, and WALTER ROBERTS III, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION, a Virginia corporation, and NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a PLAYERS INC, a Virginia corporation,<br><br>Defendants. | CIVIL ACTION NO. C07 0943 WHA<br><br>**PLAINTIFFS' MOTION IN LIMINE NO. 7, REQUESTING EXCLUSION OF EVIDENCE, TESTIMONY AND ARGUMENT RELATED TO THE NFL SPONSORSHIP AND INTERNET AGREEMENT**<br><br>Judge: Honorable William H. Alsup<br>Date: September 9, 2008<br>Time: 2:00 p.m.<br>Place: Courtroom 9, 19th Floor |

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

20202979.1
Dallas 258080v3

Dallas 260372v2

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

## I. Introduction.

Plaintiffs request that the Court preclude Defendants from introducing evidence, testimony or argument regarding the NFL Sponsorship and Internet Agreement (the "NFL Agreement") between Players Inc ("PI") and the NFL on the ground that Defendants refused to provide responsive information on this Agreement during discovery.

## II. Background of this Dispute.

Plaintiffs claim that they are entitled to an equal share of those retired player rights that were licensed by Players Inc to the NFL under the NFL Agreement. This NFL Agreement purports to give the NFL the right to convey to its sponsors the right to utilize those NFL player group licensing rights owned by PI in exchange for a guaranteed minimum royalty to PI.

Paragraph 1 of the NFL Agreement describes the license grant to the NFL as follows (in relevant part): "In exchange for the Annual Sponsorship Payment as set forth below . . . NFL Properties shall acquire Group Player Licensing Rights (as defined in the CBA) and the exclusive use of PI's name and logo, for all corporate sponsorships/endorsements . . . ." When one looks to the CBA, the term "Group Player Licensing" is "defined as the use of a total of six or more NFL players' names, signatures facsimiles, voices, pictures, photographs, likenesses and/or biographical information on [designated products]." Even though (1) this definition does not distinguish between active and retired NFL players, (2) Defendants' own witnesses and documents have stated that numerous retired players were used by NFL sponsors in connection with the NFL Agreement, and (3) Defendants have conceded that they have paid retired players in connection with the NFL Agreement, Defendants have nonetheless repeatedly stated without any support that retired player rights were not included in this Agreement.

Plaintiffs propounded Document Request No. 31 to Players Inc, and corresponding Document Request No. 33 to the NFLPA, both of which called for "[a]ll draft agreements, correspondence and/or communications between the NFLPA, the NFL and/or PLAYERS INC that relate to the negotiation, drafting or execution of the NFL Sponsorship and Internet Agreement." The purpose of Plaintiffs' requests was to determine, among other things, whether the parties contemplated or discussed retired player rights at the time the NFL Agreement was

executed. It also may have explained why the term "Group Player Licensing" did not distinguish between active and retired players, and/or whether this lack of a distinction was intentional.

Defendants objected to these requests on several grounds, including on the grounds that they were "overly broad" and "unduly burdensome." Defendants did not state that no responsive documents existed. Instead, Defendants refused to provide any documents responsive to these requests, with the narrow exception of those documents purporting to evidence the adoption of their practice of paying retired players under this Agreement (which they later conceded did not exist).

Because Defendants expressly refused to provide documents responsive to Plaintiffs' requests, Plaintiffs sent Defendants a letter dated May 16, 2008 in which they "expressly reserve[d] their right to raise all inferences from Defendants' refusal at trial, and to preclude Defendants from subsequently seeking to introduce documents or testimony related to these issues or Plaintiffs' inferences."

Over the course of the next two weeks, Defendants tried to back away from their earlier position by first offering to produce "any documents regarding Plaintiffs' allegation 'that retired player rights are included in the NFL Sponsorship and Internet Agreement.'" Unsurprisingly, Defendants stated that no such documents existed. The fact that Defendants could even make this statement, however, suggests that they searched for and collected the very documents Plaintiffs sought in their original requests.

Defendants then offered to produce documents "from the files of those persons at Players Inc or the NFLPA who were involved in the negotiations of the NFL Sponsorship and Internet Agreements", even though Defendants' statement under Paragraph 14 of this Court's Standing Order clearly demonstrated that the vast majority of Defendants' documents were from Defendants' shared servers, not individual employee files. Indeed, Plaintiffs were under the impression that the majority of Defendants' employees did not keep their own individual files given Defendants' representation that they had only searched the hard-copy files of four individuals in connection with this case.

Because Defendants continued to refuse to produce documents responsive to these requests, Plaintiffs continued to maintain their right to raise all inferences from Defendants' refusal and to preclude Defendants from seeking to introduce documents or testimony related to these issues at trial. Even to this day, Defendants have not amended their responses to Document Request No. 31 to Players Inc, and corresponding Document Request No. 33 to the NFLPA. Nor have they produced any documents responsive to these requests.

**III. The Court Should Exclude Any Evidence, Testimony or Argument Explaining the NFL Sponsorship and Internet Agreement.**

Plaintiffs intend to show at trial that they are entitled to an equal share of those retired player rights that were licensed by Players Inc to the NFL under the NFL Agreement. Because of Defendants' failure to produce responsive documents, Plaintiffs do not have all of the documents on which they could have relied to prove their case-in-chief. To make matters worse, however, Defendants will seek to parade before the jury numerous witnesses, all of whom will state that retired players were not included in the NFL Agreement. Defendants cannot introduce such testimony or evidence at the same time they have refused to produce the very documents Plaintiffs need to rebut it.

Defendants will likely claim that this motion should be denied on the ground that Plaintiffs could have brought but failed to bring a motion to compel. Plaintiffs are unaware of any rule requiring them to file a motion to compel before they can seek the preclusion of information Defendants should have produced in good faith during discovery. Indeed, Paragraph 16 of this Court's Standing Order states: "Except for good cause, no item shall be received as case-in-chief evidence if the proponent has failed to produce it in response to a reasonable and proper discovery request covering the item, <u>regardless of whether any discovery motion was made</u>" (emphasis added).

Defendants may also claim that the production of responsive documents would have been overly broad and/or unduly burdensome. Not only is this allegation belied by Defendants' ability to represent to Plaintiffs that certain documents did not exist (as explained above), it also runs

afoul of Paragraph 16 of this Court's Standing Order: "A burden or overbreadth or similar objection shall not be a valid reason for withholding requested materials actually known to counsel or a party representative responsible for the conduct of the litigation."

**IV. Conclusion.**

For the reasons given above, Plaintiffs respectfully request that the Court grant this Motion and preclude Defendants from introducing any evidence, testimony or argument regarding the NFL Agreement.

Respectfully submitted,

Dated: August 19, 2008

MANATT, PHELPS & PHILLIPS, LLP

By: /s/ Ryan S. Hilbert
Ronald S. Katz (SBN 085713)
Ryan S. Hilbert (SBN 210549)
Noel S. Cohen (SBN 219645)
1001 Page Mill Road, Building 2
Palo Alto, CA 94304-1006
Telephone: (650) 812-1300
Facsimile: (650) 213-0260

MCKOOL SMITH, P.C.
Lewis T. LeClair (SBN 077136)
Jill Adler Naylor (SBN 150783)
300 Crescent Court
Dallas, TX 75201
Telephone: (214) 978-4984
Facsimile: (214) 978-4044

*Attorneys for Plaintiffs*

## PROOF OF SERVICE

I, Daniel Q. Crim, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 1001 Page Mill Road, Building 2, Palo Alto, CA 94304-1006. On August 19, 2008, I served the following documents:

1. **Plaintiffs' Motion In Limine No. 1, Requesting Exclusion Of Evidence And Argument Related To Bernard Parrish;**

2. **Plaintiffs' Motion In Limine No. 2, Requesting Exclusion Of Evidence Or Argument Relating To The Possibility Of Suing Additional Parties For Relief;**

3. **Plaintiffs' Motion In Limine No. 3, Requesting Exclusion Of Evidence And Argument Related To Mr. Adderley's Purported Fiduciary Relationship With Members Of Retired Professional Football Players For Justice;**

4. **Plaintiffs' Motion In Limine No. 4, Requesting Exclusion Of Parol Evidence Tending To Prove The Intent Of The Parties To Third-Party Licensing Agreements;**

5. **Plaintiffs' Motion In Limine No. 5, Requesting Exclusion Of Evidence Or Argument Relating To Dismissed Causes Of Action And The Uncertified Putative Class;**

6. **Plaintiffs' Motion In Limine No. 6, Requesting Exclusion Of Evidence And Arguments Of Legal Conclusions Made By Herb Adderley; and**

7. **Plaintiffs' Motion In Limine No. 7, Requesting Exclusion Of Evidence, Testimony And Argument Related To The Nfl Sponsorship And Internet Agreement.**

☐ By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail, addressed as set forth below.

☐ By transmitting via facsimile the document listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ By placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for overnight delivery.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

PROOF OF SERVICE
CASE NO. C:07-0943 WHA

☒   By electronic mail to the below email addresses:

| | |
|---|---|
| Jeffrey L. Kessler, Esq.<br>David G. Feher, Esq.<br>Eamon O'Kelly, Esq.<br>David Greenspan, Esq.<br>Dewey & LeBoeuf LLP<br>1301 Avenue of the Americas<br>New York, NY 10019-6092<br>Email: jkessler@dl.com; dfeher@dl.com;<br>dgreenspan@dl.com; jclark@dl.com;<br>rtaub@dl.com; MDonovan@dl.com;<br>ipapendick@dl.com; lcaplan@dl.com | Kenneth L. Steinthal, Esq.<br>Joseph Wetzel, Esq.<br>Weil, Gotshal & Manges, LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065<br>Email: bruce.meyer@weil.com;<br>Joseph.Wetzel@weil.com |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 19, 2008, at Palo Alto, California.

*Daniel Q. Crim*

Todd Padnos (Bar No. 208202)
*tpadnos@dl.com*
DEWEY & LEBOEUF LLP
One Embarcadero Center, Suite 400
San Francisco, CA 94111
Tel: (415) 951-1100; Fax: (415) 951-1180

Jeffrey L. Kessler (*pro hac vice*)
*jkessler@dl.com*
David G. Feher (*pro hac vice*)
*dfeher@dl.com*
David Greenspan (*pro hac vice*)
*dgreenspan@dl.com*
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, NY 10019
Tel: (212) 259-8000; Fax: (212) 259-6333

Kenneth L. Steinthal (*pro hac vice*)
*kenneth.steinthal@weil.com*
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Tel: (650) 802-3000; Fax: (650) 802-3100

Bruce S. Meyer (*pro hac vice*)
*bruce.meyer@weil.com*
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000; Fax: (212) 310-8007

Attorneys for Defendants National Football League Players Association
and National Football League Players Incorporated d/b/a Players Inc

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| BERNARD PAUL PARRISH, HERBERT ANTHONY ADDERLEY, WALTER ROBERTS III,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION and NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a/ PLAYERS INC,<br><br>Defendants. | Case No. C 07 0943 WHA<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 7** |

Defendants' Opposition to Plaintiffs' Motion in Limine No. 7 — Civ. Action No. C07 0943 WHA

# ARGUMENT

In their Motion in Limine No. 7, Plaintiffs manufacture a non-existent discovery dispute and seek to use it to prevent Defendants from introducing <u>any</u> testimony or evidence regarding a licensing agreement between Players Inc and NFL Properties, Inc. (the "NFL Sponsorship and Internet Agreement"), even though the NFL Sponsorship and Internet Agreement is the basis for a lion's share of Plaintiffs' damages calculations. In addition to the active player group licensing revenues generated by the other license agreements at issue in this case, Plaintiffs contend that, notwithstanding the fact that the NFL Sponsorship and Internet Agreement never refers to retired players, the GLA Class members were entitled to an equal share of the active player licensing revenues generated by this agreement.

Plaintiffs' contention is nothing more than a money grab, as including the NFL Sponsorship and Internet Agreement <u>nearly doubles</u> the gross licensing revenues that they are seeking as damages. <u>See</u> Expert Report of Philip Y. Rowley, Ex. 3 (attached as Exhibit 1 to the Declaration of Jason Clark in Support of Defs.' Mot. in Limine No. 5, dated Aug. 19, 2008). Rather than support their claims to these revenues through probative evidence, Plaintiffs seek to preclude Defendants from defending against this claim at trial by moving to preclude Defendants from offering <u>any</u> evidence showing – or from even arguing – that the NFL Sponsorship and Internet Agreement, like the other agreements whose revenues were placed in the gross licensing revenues ("GLR") pool at issue in this case, licensed the rights of active players only. But the truth is that there was no discovery misconduct by Defendants and the evidence that Defendants will introduce at trial on this issue <u>has been produced or made available at deposition to Plaintiffs</u>.

Plaintiffs' Motion is based on alleged discovery misconduct concerning requests for documents that Defendants objected to months ago, related to the negotiation, drafting, or execution of the NFL Sponsorship and Internet Agreement. Plaintiffs are thus, in effect, seeking a discovery sanction on the eve of trial without ever having filed a motion to compel on this or any other discovery issue related to the NFL Sponsorship and Internet Agreement. Plaintiffs cannot, however, seek to exclude evidence because of any alleged discovery failure when they

have not diligently pursued such discovery by moving to compel its production. See Patelco Credit Union v. Sahni, 262 F.3d 897, 903 & 913 (9th Cir. 2001) (affirming denial of motion in limine to preclude use of unproduced evidence, and affirming sanctions award against in limine movant, because motion was really an untimely discovery sanctions motion); cf. Pfingston v. Ronan Eng'g Co., 284 F.3d 999, 1005 (9th Cir. 2002) (affirming refusal of a continuance for a summary judgment motion where plaintiff did not diligently pursue discovery or move to compel); Mackey v. Pioneer Nat'l Bank, 867 F.2d 520, 524 (9th Cir. 1989) ("A movant cannot complain if it fails to diligently pursue discovery before summary judgment").

Plaintiffs seek refuge in the Court's Standing Order for failing to move to compel, but they mischaracterize the relevant provision, Paragraph 16.[1] Defendants do not intend to offer into evidence during their case-in-chief any documents concerning the negotiation, drafting, or execution of the NFL Sponsorship and Internet Agreement that have not been produced. But if Plaintiffs continue to assert that they are entitled to a share of the revenues from the NFL Sponsorship and Internet Agreement, then Defendants will offer into evidence the NFL Sponsorship and Internet Agreement itself – which was produced to Plaintiffs one year ago (see Letter from J. Wetzel to R. Hilbert, dated Aug. 29, 2007 (attached as Exhibit 9 to the Declaration of David Greenspan, dated October 8, 2008)) – and may also introduce testimony, as opposed to documents, about the negotiation and meaning of the NFL Sponsorship and Internet Agreement, just as Plaintiffs were able to ask Defendants' current and former employees unlimited questions about these subjects during their depositions. See, e.g., Upshaw Depo. 142:8-16, 142:25-143:8, 144:3-18 (Greenspan Decl., Ex. 10) (Gene Upshaw, who negotiated the NFL Sponsorship and

---

[1] Paragraph 16 to the Court's Standing Order states, in full:

> Except for good cause, no item shall be received as case-in-chief evidence if the proponent has failed to produce it in response to a reasonable and proper discovery request covering the item, regardless of whether any discovery motion was made. A burden or overbreadth or similar objection shall not be a valid reason for withholding requested materials actually known to counsel or a party representative responsible for the conduct of the litigation.

Supp. Order to Order Setting Initial Case Mgmt. Conf. in Civil Cases Before Judge William Alsup (Feb. 22, 2007) at ¶ 16.

Internet Agreement, testifying in response to Plaintiffs' counsel's questions that it was negotiated in connection with the collective bargaining agreement and was for active NFL players' rights only). <u>All of this evidence was thus either produced or made available at depositions to Plaintiffs.</u>

Further, no discovery sanction or preclusion order would be appropriate with respect to the NFL Sponsorship and Internet Agreement, as Defendants fully complied with their discovery obligations under the Federal Rules of Civil Procedure and this Court's Standing Order, and reasonably sought to address the issues raised by Plaintiffs regarding the NFL Sponsorship and Internet Agreement. Indeed, it was Plaintiffs who sought to fabricate a discovery dispute over the NFL Sponsorship and Internet Agreement – in an apparent attempt to establish the predicate for this Motion – by rejecting Defendants' attempts reasonably to resolve any discovery issues with little or no explanation, refusing to meet and confer, and blaming Defendants for delay caused by their own inaction.

Specifically, on April 14, 2008, over four months ago, and over one month before the close of fact discovery, Defendants timely objected to certain document requests about the negotiation history of the NFL Sponsorship and Internet Agreement on the basis that, among other things, they sought:

> documents that are neither relevant nor reasonably calculated to the discovery of admissible evidence. The referenced agreements do not involve the licensing of retired player group licensing rights, and the only connection between these agreements and retired players is that NFL Properties and Players Inc subsequently adopted a practice that certain moneys paid to retired players by Players Inc under other agreements could be applied against the accounting 'Active Usage Credit' referenced in Paragraph 14 of the NFL Sponsorship Agreement. Subject to and without waiver of the foregoing objections, Players Inc <u>will produce</u> any documents evidencing the adoption of that practice.

NFLPA's Resps. and Objs. to Pls.' Third Req. for Production at No. 33; Players Inc's Resps. And Objs. to Pls.' Second Req. for Production at No. 31 (Greenspan Decl., Exs. 11 & 12) (emphasis added).[2]

---

[2] A diligent search, however, subsequently revealed no documents evidencing the adoption of the practice of applying payments to retired players against the "Active Usage Credit" in the NFL Sponsorship and Internet Agreement.

Defendants also subsequently agreed to produce, among other things, any documents regarding "Plaintiffs' allegation 'that retired player rights are included in the NFL Sponsorship and Internet Agreement.'" Letter from J. Clark to R. Hilbert, dated May 20, 2008, at 2 (Greenspan Decl., Ex. 13). In response to further inquiries, Defendants also proposed producing "all documents responsive to [Plaintiffs' Requests] from the files of those persons at [Defendants] who were involved in the negotiations of the NFL Sponsorship and Internet Agreements." Letter from J. Clark to L. LeClair, dated June 2, 2008, at 1-2 (Greenspan Decl., Ex. 14). Plaintiffs conveniently ignore, and did not inform the Court, that Plaintiffs rejected this proposal on June 4, 2008 on the pretext that it was made too late. Letter from B. Charhon to J. Clark, dated June 4, 2008 (Greenspan Decl., Ex. 15). That same day, Plaintiffs elected to move to compel, <u>not</u> on the alleged failure to produce documents relevant to the negotiation of the NFL Sponsorship and Internet Agreement that is the basis of this Motion, but solely with respect to Defendants' refusal to produce Mr. Upshaw's employment contracts, a position that this Court upheld in denying Plaintiffs' motion to compel. Pls.' Letter Brief to the Court, dated June 4, 2008 (Rec. Doc. 285); Transcript of Proceedings, dated June 11, 2008 (Rec. Doc. 293).

This Court should similarly reject Plaintiffs' attempt to preclude Defendants from defending themselves against Plaintiffs' allegation that even though retired players are <u>not</u> referred to in the NFL Sponsorship and Internet Agreement, GLA Class members are somehow entitled to a share of the active player licensing revenues generated by that agreement. Plaintiffs make this argument even though the terms of the NFL Sponsorship and Internet Agreement – which Plaintiffs apparently seek to exclude even though it was produced to them over a year ago – expressly state that the Active Usage Credit, that is, the portion of the annual sponsorship payment which is paid to players for marketing or other appearances, will be paid "to <u>active</u> NFL players." NFL Sponsorship and Internet Agreement at PI090972 (Greenspan Decl., Ex. 16) (emphasis added).[3] There is no basis for Plaintiffs' claim that retired player rights were

---

[3] Contrary to Plaintiffs' argument, the reference in paragraph 1 of the NFL Sponsorship and Internet Agreement to "Group Player Licensing Rights (as defined in the CBA [collective bargaining agreement])" simply reinforces the conclusion that the NFL Sponsorship and Internet Agreement does not include retired players' rights. As the Court knows, the CBA is the

conferred in the NFL Sponsorship and Internet Agreement and that is why they are improperly seeking to prevent Defendants from putting in evidence to defend themselves against this unsupported contention at trial. There is simply no basis for the Court to impose any discovery sanction on Defendants with respect to the NFL Sponsorship and Internet Agreement, let alone the draconian sanction of preclusion requested in Plaintiffs' motion.

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that Plaintiffs' Motion in Limine No. 7 be denied in its entirety. There is no basis to exclude Defendants' evidence and arguments about the NFL Sponsorship and Internet Agreement as a discovery sanction against Defendants. To the contrary, the documents and testimony on this issue that Defendants intend to rely upon were either produced to Plaintiffs or made available to them through depositions.

Date: October 8, 2008

DEWEY & LEBOEUF LLP

BY: /s/ Jeffrey L. Kessler
Jeffrey L. Kessler
*Attorneys for Defendants*

---

collective bargaining agreement for active, not retired, NFL players. See Preamble to NFL Collective Bargaining Agreement (Greenspan Decl., Ex. 17) (stating that the NFLPA "is recognized as the sole and exclusive bargaining representative of present and future employee players in the NFL"). Thus, on their face, these agreements do not refer to any retired player licensing rights.