1   MANATT, PHELPS & PHILLIPS, LLP
   RONALD S. KATZ (Bar No. CA 085713)
2   E-mail: rkatz@manatt.com
   RYAN S. HILBERT (California Bar No. 210549)
3   E-mail: rhilbert@manatt.com
   NOEL S. COHEN (California Bar No. 219645)
4   E-mail: ncohen@manatt.com
   1001 Page Mill Road, Building 2
5   Palo Alto, CA 94304-1006
   Telephone: (650) 812-1300
6   Facsimile: (650) 213-0260

7   MCKOOL SMITH, P.C.
   LEWIS T. LECLAIR (Bar No. CA 077136)
8   E-mail: lleclair@mckoolsmith.com
   JILL ADLER NAYLOR (Bar No. CA 150783)
9   E-mail: jnaylor@mckoolsmith.com
   300 Crescent Court
10   Dallas, TX 75201
   Telephone: (214) 978-4984
11   Facsimile: (214) 978-4044

12   *Attorneys for Plaintiffs*

13      UNITED STATES DISTRICT COURT

14        NORTHERN DISTRICT

15       SAN FRANCISCO DIVISION

16

17   BERNARD PAUL PARRISH, HERBERT   CIVIL ACTION NO. C07 0943 WHA
   ANTHONY ADDERLEY, and WALTER
18   ROBERTS III, on behalf of themselves and   **PLAINTIFFS' MOTION IN LIMINE NO. 8,**
   all others similarly situated,   **REQUESTING EXCLUSION OF EVIDENCE**
19        **AND ARGUMENTS RELATING TO**
     Plaintiffs,   **PLAINTIFFS' COUNSEL'S CONTINGENCY**
20        **FEE INTEREST**

21
       Judge:  Honorable William H. Alsup
22   NATIONAL FOOTBALL LEAGUE   Date:  October 15, 2008, 2:00 p.m.
   PLAYERS ASSOCIATION, a Virginia   Place:  Courtroom 9, 19th Floor
   corporation, and NATIONAL FOOTBALL
23   LEAGUE PLAYERS INCORPORATED
   d/b/a PLAYERS INC, a Virginia
24   corporation,

25       Defendants.

26

27

28

20202979.1
Dallas 258080v3

Dallas 266289v1

**I.  The Court Should Exclude Any Evidence, Testimony, Argument or Reference to Class Counsel's Contingency Fee Interest or Possibility of Recovery in this Case.**

Plaintiffs request that the Court preclude Defendants from introducing evidence to the jury relating to Plaintiffs' counsel representing them on a contingency fee basis, or as to any recovery that may eventually inure to Plaintiffs' counsel's benefit, as such evidence is irrelevant to any factual issue in this case.  Such evidence would also waste time, confuse the jury, and unduly prejudice Plaintiffs.

The remaining claims in this case relate to Defendants' breach of the GLA, and Defendants' breach of their fiduciary duty to the GLA Class.  Evidence relating to Plaintiffs' counsel's form of payment, whether contingency or otherwise, does not help the jury determine any of the factual issues posed to them.  The evidence is also highly prejudicial, as it may taint the jury's perception of Plaintiffs' counsel as Plaintiffs' advocate, in light of counsel's financial interest in the outcome of the case.  Given the lack of probative value, the Court should exclude any such evidence pursuant to Rule 402 and Rule 403.  Other courts have granted similar motions in limine. *See Pucci v. Litwin*, No. 88-10293, 1993 U.S. Dist. LEXIS 13902, at *1 (N.D. Ill. Oct. 4, 1993); *Falise v. Am. Tobacco Co.*, No. 99-CV-7392, 2000 U.S. Dist. LEXIS 22344, at *4 (E.D.N.Y. Nov. 30, 2000); *Bailey PVS Oxide (Delta) LLC v. Plas-Tanks, Inc.*, No. 3:02-CV-7363, 2005 U.S. Dist. LEXIS 11250, at *4 (N.D. Ohio June 6, 2005).

Despite this, Defendants have included exhibits that refer directly to this contingency fee interest, or suggest that Plaintiffs' counsel has a personal stake in the outcome of the lawsuit. Exhibit 2382 (Garza Decl., Ex. A) states that Plaintiffs' counsel is "gambling up to $2 million" on this lawsuit.  *See also* Exhibit 2352 (Garza Decl., Ex. E) (similar statements).  Furthermore, Defendants have included exhibits 160, 307, and 321, (Garza Decl., Exs. B-D) which suggest that class counsel are affiliated with Retired Professional Football Players for Justice, an organization

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

20202979.1
Dallas 258080v3
Dallas 266289v1

that has purportedly advocated for the type of litigation at issue in this case. The Court should exclude the above-listed exhibits, and any testimony, argument, evidence or reference to class counsel's contingent interest in this case, or other financial recovery in this case.

## II. Conclusion

Plaintiffs respectfully request that the Court grant its Motions in Limine.

Respectfully submitted,

Dated: 25 SEPT, 2008

MANATT, PHELPS & PHILLIPS, LLP

By: _____
Ronald S. Katz (SBN 085713)
Ryan S. Hilbert (SBN 210549)
Noel S. Cohen (SBN 219645)
1001 Page Mill Road, Building 2
Palo Alto, CA 94304-1006
Telephone: (650) 812-1300
Facsimile: (650) 213-0260

MCKOOL SMITH, P.C.
Lewis T. LeClair (SBN 077136)
Jill Adler Naylor (SBN 150783)
300 Crescent Court
Dallas, TX 75201
Telephone: (214) 978-4984
Facsimile: (214) 978-4044

*Attorneys for Plaintiffs*

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

20202979.1
Dallas 258080v3
Dallas 266289v1

3

Todd Padnos (Bar No. 208202)
*tpadnos@dl.com*
DEWEY & LEBOEUF LLP
One Embarcadero Center, Suite 400
San Francisco, CA 94111
Tel: (415) 951-1100; Fax: (415) 951-1180

Jeffrey L. Kessler (*pro hac vice*)
*jkessler@dl.com*
David G. Feher (*pro hac vice*)
*dfeher@dl.com*
David Greenspan (*pro hac vice*)
*dgreenspan@dl.com*
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, NY 10019
Tel: (212) 259-8000; Fax: (212) 259-6333

Kenneth L. Steinthal (*pro hac vice*)
*kenneth.steinthal@weil.com*
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Tel: (650) 802-3000; Fax: (650) 802-3100

Bruce S. Meyer (*pro hac vice*)
*bruce.meyer@weil.com*
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000; Fax: (212) 310-8007

Attorneys for Defendants National Football League Players Association
and National Football League Players Incorporated d/b/a Players Inc

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| BERNARD PAUL PARRISH, HERBERT ANTHONY ADDERLEY, WALTER ROBERTS III,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION and NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a/ PLAYERS INC,<br><br>Defendants. | Case No. C 07 0943 WHA<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 8** |

Dewey & LeBoeuf LLP
One Embarcadero Center, Suite 400
San Francisco, CA 94111

In their Motion in Limine No. 8, Plaintiffs seek to: (1) "preclude Defendants from introducing evidence to the jury relating to Plaintiffs' counsel representing them on a contingency fee basis, or as to any recovery that may eventually inure to Plaintiffs' counsel's benefit"; and (2) exclude specified exhibits, numbered 160, 307, and 321, that "suggest that class counsel are affiliated with Retired Professional Football Players for Justice, an organization that has purportedly advocated for the type of litigation at issue." Motion No. 8 at 2-3. Defendants have no issue with the first part of Plaintiffs' Motion, and do not contest it.

However, there is no basis for Plaintiffs' request to exclude Exhibits 160, 307, or 321, or any other evidence of connections between this litigation and Retired Professional Football Players for Justice ("RPFPJ"), because that evidence goes directly to the credibility of Plaintiff Herb Adderley. Specifically, Mr. Adderley, along with former Plaintiff Bernard Parrish, is Co-President of RPFPJ, an organization whose stated purpose is filing class action lawsuits and addressing other complaints about the NFLPA that have nothing to do with retired player licensing. See RPFPJ Statement of Purpose, available at http://www.playersforjustice.org/aboutus.html ("The organization will engage in activities like bringing class action lawsuits, testifying before Congress, and providing information to the media highlighting the situation of those whose former physically demanding careers have resulted in long-term damage to their health.").

Evidence relating to RPFPJ, and Mr. Adderley's involvement with that organization and its goals, are not at all confusing, but, even more importantly, such evidence is critical to assessing the credibility of Mr. Adderley and other witnesses affiliated with RPFPJ. See United States v. Abel, 469 U.S. 45, 52 (1984) ("Proof of bias is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony."); United States v. Hankey, 203 F.3d 1160, 1171 (9th Cir. 2000) ("Evidence is relevant . . . if it has a mere tendency to impeach a witness' credibility by a showing of bias or coercion."); Lewy v. S. Pac. Transp. Co., 799 F.2d 1281, 1298 (9th Cir. 1986) ("[Plaintiff] was entitled to introduce evidence

Dewey & LeBoeuf LLP
One Embarcadero Center, Suite 400
San Francisco, CA 94111

of [witness's] bias both by cross-examining her and through presentation of extrinsic evidence . . . .").

In particular, this evidence will be relevant to demonstrate how Mr. Adderley and another named witness, Mr. Bruce Laird, have personal interests that reflect adversely on their credibility, and should be taken into account by the jury in assessing their believability. One such example is a reference in a document that Mr. Parrish sought to have Mr. Laird join the Board of Directors of RPFPJ, but only so long as Mr. Parrish would not "lose control over this lawsuit." See Email from Bernard Parrish to Bruce Laird, at CLASS002715 ("I sure want you on our Board [of RPFPJ], but I don't intend to lose control over this lawsuit or this non-profit . . . .") (attached as Exhibit 4 to the Declaration of David Greenspan, dated October 8, 2008). Mr. Laird's response to this inquiry goes to the heart of his credibility.

Defendants are entitled to challenge the motives and credibility of Plaintiffs and their witnesses. Evidence about RPFPJ – and its connection to Mr. Adderley and Mr. Laird – is simply part of assessing the credibility of these witnesses, which is essential to any fair trial of this case.

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that Plaintiffs' Motion in Limine No. 8 be denied in part, as reviewed above.

Date: October 8, 2008

DEWEY & LEBOEUF LLP

By: __/s/ Jeffrey L. Kessler___
Jeffrey L. Kessler
*Attorneys for Defendants*

Dewey & LeBoeuf LLP
One Embarcadero Center, Suite 400
San Francisco, CA 94111