MANATT, PHELPS & PHILLIPS, LLP
RONALD S. KATZ (Bar No. CA 085713)
E-mail: rkatz@manatt.com
RYAN S. HILBERT (California Bar No. 210549)
E-mail: rhilbert@manatt.com
NOEL S. COHEN (California Bar No. 219645)
E-mail: ncohen@manatt.com
1001 Page Mill Road, Building 2
Palo Alto, CA 94304-1006
Telephone: (650) 812-1300
Facsimile: (650) 213-0260

MCKOOL SMITH, P.C.
LEWIS T. LECLAIR (Bar No. CA 077136)
E-mail: lleclair@mckoolsmith.com
JILL ADLER NAYLOR (Bar No. CA 150783)
E-mail: jnaylor@mckoolsmith.com
300 Crescent Court
Dallas, TX 75201
Telephone: (214) 978-4984
Facsimile: (214) 978-4044

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT

SAN FRANCISCO DIVISION

| | |
|---|---|
| BERNARD PAUL PARRISH, HERBERT ANTHONY ADDERLEY, and WALTER ROBERTS III, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION, a Virginia corporation, and NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a PLAYERS INC, a Virginia corporation,<br><br>Defendants. | CIVIL ACTION NO. C07 0943 WHA<br><br>**PLAINTIFFS' MOTION IN LIMINE NO. 9, REQUESTING EXCLUSION OF EVIDENCE AND ARGUMENT RELATING TO THE JUSTIN V. PLAYERS INC. LAWSUIT.**<br><br>Judge: Honorable William H. Alsup<br>Date: October 15, 2008, 2:00 p.m.<br>Place: Courtroom 9, 19th Floor |

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

20202979.1
Dallas 258080v3

Dallas 266297v1

## I. The Court Should Exclude Any Evidence, Testimony, Argument or Reference to the Justin v. Players Inc. Lawsuit.

On April 4, 2003, Johnnie L. Cochran, Jr., along with the law firm of Mehri & Skalet, filed a lawsuit on behalf of a putative class of retired players against Players Inc styled *Justin v. Players Inc.* (the "Justin Lawsuit"). In the Justin Lawsuit, the plaintiffs alleged, *inter alia*, that Players Inc. had not provided the putative class with sufficient information to determine the scope and terms of the licensing agreements, and had thus breached its fiduciary duty toward the class. In the context of that litigation, Cyrus Mehri and Mr. Cochran sent a letter to Players Inc. explaining how retired players were not receiving enough information to evaluate their entitlement to royalties from Players Inc.

Defendants have not presented Plaintiffs with any documents that indicate that the putative class in the Justin Lawsuit was certified, or that any of the named plaintiffs in the Justin Lawsuit litigated his claims to conclusion. As a result, the Justin Lawsuit is not probative to the remaining claims at issue here, as that Lawsuit does not provide any evidence that makes it more or less likely that Defendants breached any contracts or fiduciary duties owed to the Plaintiff class.

Evidence of the Justin Lawsuit, however, would be confusing to the jury. Upon hearing of the Justin Lawsuit, many jurors would wonder whether the respective classes contain the same members, and/or whether Plaintiffs' decision to file the instant litigation was in any way influenced by the prior Lawsuit. The jury might also wonder whether any of the agreements at issue in the Justin Lawsuit are also at here.

Evidence of the Justin Lawsuit is also unfairly prejudicial. The fact that the Justin Lawsuit was filed, and not concluded in those plaintiffs' favor, may raise an inference that Players Inc. has not, in fact, breached any duties toward retired players. There is no evidence,

however, that this lawsuit referenced or disposed of any of the instant breach of contract claims related to the GLAs, or any breaches of fiduciary duties associated with those GLAs. Plaintiffs expect that Defendants could try to elicit testimony of the Justin Lawsuit to raise the inference that the issues in the instant lawsuit have already been decided in Defendants' favor.

As any probative value of introducing evidence related to the Justin Lawsuit is substantially outweighed by its prejudicial effects, the Court should exclude any evidence, testimony, argument, or reference to the Justin Lawsuit under Rule 403. *See Rondor Music Int'l, Inc. v. TVT Records LLC*, No. 05-2909, 2006 U.S. Dist. LEXIS 97118, at *27-29 (C.D. Cal. Aug. 21, 2006) (excluding reference to Defendant's prior successful lawsuit).

## II. Conclusion

Plaintiffs respectfully request that the Court grant its Motions in Limine.

Respectfully submitted,

Dated: October 8, 2008

MANATT, PHELPS & PHILLIPS, LLP

By: /s/ Ryan S. Hilbert
Ronald S. Katz (SBN 085713)
Ryan S. Hilbert (SBN 210549)
Noel S. Cohen (SBN 219645)
1001 Page Mill Road, Building 2
Palo Alto, CA 94304-1006
Telephone: (650) 812-1300
Facsimile: (650) 213-0260

MCKOOL SMITH, P.C.
Lewis T. LeClair (SBN 077136)
Jill Adler Naylor (SBN 150783)
300 Crescent Court
Dallas, TX 75201
Telephone: (214) 978-4984
Facsimile: (214) 978-4044

*Attorneys for Plaintiffs*


Todd Padnos (Bar No. 208202)
tpadnos@dl.com
DEWEY & LEBOEUF LLP
One Embarcadero Center, Suite 400
San Francisco, CA 94111
Tel: (415) 951-1100; Fax: (415) 951-1180

Jeffrey L. Kessler (*pro hac vice*)
jkessler@dl.com
David G. Feher (*pro hac vice*)
dfeher@dl.com
David Greenspan (*pro hac vice*)
dgreenspan@dl.com
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, NY 10019
Tel: (212) 259-8000; Fax: (212) 259-6333

Kenneth L. Steinthal (*pro hac vice*)
kenneth.steinthal@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Tel: (650) 802-3000; Fax: (650) 802-3100

Bruce S. Meyer (*pro hac vice*)
bruce.meyer@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000; Fax: (212) 310-8007

Attorneys for Defendants National Football League Players Association
and National Football League Players Incorporated d/b/a Players Inc

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| BERNARD PAUL PARRISH, HERBERT ANTHONY ADDERLEY, WALTER ROBERTS III,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION and NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a/ PLAYERS INC,<br><br>Defendants. | Case No. C 07 0943 WHA<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 9** |

## ARGUMENT

In their Motion in Limine No. 9, Plaintiffs seek to exclude evidence at trial about a prior lawsuit captioned <u>Justin v. Players Inc</u>, which was filed against Players Inc in 2003 by a putative class of retired players concerning the conduct of the NFLPA Retired Players Licensing Program, but subsequently dropped after the NFLPA provided the retired players with additional information concerning the program. Defendants do not oppose Plaintiffs' Motion, but only if Plaintiffs are precluded from referring to the case themselves, or making any reference to the NFLPA or Players Inc allegedly being unresponsive to any retired player complaints about the Retired Player Licensing Program. Defendants have no plan to refer to the <u>Justin</u> case, but Defendants also should not be precluded from defending themselves fully if Plaintiffs open the door.

Because this motion depends upon Plaintiffs' conduct at trial, Defendants respectfully request the motion be denied as premature.

Date: October 8, 2008

DEWEY & LEBOEUF LLP

BY: <u>/s/ Jeffrey L. Kessler</u>
Jeffrey L. Kessler
*Attorneys for Defendants*