MANATT, PHELPS & PHILLIPS, LLP
RONALD S. KATZ (Bar No. CA 085713)
E-mail: rkatz@manatt.com
RYAN S. HILBERT (California Bar No. 210549)
E-mail: rhilbert@manatt.com
NOEL S. COHEN (California Bar No. 219645)
E-mail: ncohen@manatt.com
1001 Page Mill Road, Building 2
Palo Alto, CA 94304-1006
Telephone: (650) 812-1300
Facsimile: (650) 213-0260

MCKOOL SMITH, P.C.
LEWIS T. LECLAIR (Bar No. CA 077136)
E-mail: lleclair@mckoolsmith.com
JILL ADLER NAYLOR (Bar No. CA 150783)
E-mail: jnaylor@mckoolsmith.com
300 Crescent Court
Dallas, TX 75201
Telephone: (214) 978-4984
Facsimile: (214) 978-4044

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT

SAN FRANCISCO DIVISION

| | |
|---|---|
| BERNARD PAUL PARRISH, HERBERT ANTHONY ADDERLEY, and WALTER ROBERTS III, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION, a Virginia corporation, and NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a PLAYERS INC, a Virginia corporation,<br><br>Defendants. | CIVIL ACTION NO. C07 0943 WHA<br><br>**PLAINTIFFS' MOTION IN LIMINE NO. 10, REQUESTING EXCLUSION OF EVIDENCE OF HOMAGES FOR GENE UPSHAW, INCLUDING THE "GU 63" BADGE WORN BY ACTIVE PLAYERS.**<br><br>Judge: Honorable William H. Alsup<br>Date: October 15, 2008, 2:00 p.m.<br>Place: Courtroom 9, 19th Floor |

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

20202979.1
Dallas 258080v3

Dallas 266379v1

Dockets.Justia.com

## I. The Court Should Exclude Any Evidence, Testimony, Argument or Reference to any Homages to Gene Upshaw, Including the "GU 63" Badge Worn by Active Players

As this Court is aware, Gene Upshaw recently passed away, unexpectedly, during the pendency of this litigation. Mr. Upshaw served as executive director of the NFLPA for over twenty years, played for the Oakland Raiders for fifteen seasons, and earned a spot in the Pro Football Hall of Fame. After his death, there was an outpouring of sympathy for Mr. Upshaw's family, including various homages from the sports and mainstream media regarding his career playing football and his career with the NFLPA. *See, e.g.*, Garza Decl., Exs. A and B. During the first week of the current NFL season, active players wore a black "GU 63" patch on their jerseys, which represents Gene Upshaw's initials and jersey number with the Oakland Raiders. *See* Garza Decl., Ex. C (photograph of Tony Romo, an active Dallas Cowboys player, taken at the first game of the current NFL season, wearing a "GU 63" patch). Many of the in-game announcers during that week acknowledged Gene Upshaw's death, provided highlights of Gene Upshaw's football and NFLPA career, and expressed sympathy to his family and the broader football community. The NFL has announced that, for the rest of the current season, most active players will wear a "GU 63" decal on their helmets instead of the patch shown in Ex. C, while Oakland Raider active players will continue to wear the "GU 63" patch.

Gene Upshaw is an important figure in the instant lawsuit. As the longtime Executive Director of the NFLPA, invariably, his statements and actions help establish that Defendants have breached their contracts and fiduciary duties toward the Plaintiff class. It is entirely proper, then, for Defendants to tell the jury of Gene Upshaw's passing, and to explain why Mr. Upshaw will only testify at the trial by deposition.

It is improper, however, for Defendants to introduce evidence of the various homages that were made following news of Mr. Upshaw's death. The eulogies of Mr. Upshaw do not clarify

20202979.1
Dallas 258080v3
Dallas 266379v1

2

any of the issues remaining in this lawsuit, constitute impermissible character evidence under Rule 404, and will (many times) rely on hearsay. Additionally, introduction of this evidence may confuse the issues, by shifting the focus from the actions of the Defendants' organizations to what the public said or thought of the executive director of the NFLPA and Chairman of Players Inc. Stated differently, Plaintiffs do not want Defendants to base their arguments on the life and accomplishments of Gene Upshaw, rather than Mr. Upshaw's actions that are relevant and probative to the issues remaining in the lawsuit. Because of the minimal probative value of these homages, and their potential to confuse the merits of the remaining claims, they should be excluded under Rule 403. The Court should additionally exclude any other improper argument provided by the lawyers related to Mr. Upshaw's death, or any additional homages made by any of Defendants' witnesses.

## II. Conclusion

Plaintiffs respectfully request that the Court grant its Motions in Limine.

Respectfully submitted,

Dated: 25 SEPT, 2008

MANATT, PHELPS & PHILLIPS, LLP

By /s/ _____
Ronald S. Katz (SBN 085713)
Ryan S. Hilbert (SBN 210549)
Noel S. Cohen (SBN 219645)
1001 Page Mill Road, Building 2
Palo Alto, CA 94304-1006
Telephone: (650) 812-1300
Facsimile: (650) 213-0260

MCKOOL SMITH, P.C.
Lewis T. LeClair (SBN 077136)
Jill Adler Naylor (SBN 150783)
300 Crescent Court
Dallas, TX 75201
Telephone: (214) 978-4984
Facsimile: (214) 978-4044

*Attorneys for Plaintiffs*

1  Todd Padnos (Bar No. 208202)
   tpadnos@dl.com
2  DEWEY & LEBOEUF LLP
   One Embarcadero Center, Suite 400
3  San Francisco, CA 94111
   Tel: (415) 951-1100; Fax: (415) 951-1180
4
   Jeffrey L. Kessler (*pro hac vice*)
5  jkessler@dl.com
   David G. Feher (*pro hac vice*)
6  dfeher@dl.com
   David Greenspan (*pro hac vice*)
7  dgreenspan@dl.com
   DEWEY & LEBOEUF LLP
8  1301 Avenue of the Americas
   New York, NY 10019
9  Tel: (212) 259-8000; Fax: (212) 259-6333

10 Kenneth L. Steinthal (*pro hac vice*)
   kenneth.steinthal@weil.com
11 WEIL, GOTSHAL & MANGES LLP
   201 Redwood Shores Parkway
12 Redwood Shores, CA 94065
   Tel: (650) 802-3000; Fax: (650) 802-3100
13
   Bruce S. Meyer (*pro hac vice*)
14 bruce.meyer@weil.com
   WEIL, GOTSHAL & MANGES LLP
15 767 Fifth Avenue
   New York, NY 10153
16 Tel: (212) 310-8000; Fax: (212) 310-8007

17 Attorneys for Defendants National Football League Players Association
   and National Football League Players Incorporated d/b/a Players Inc

18
## UNITED STATES DISTRICT COURT
19 ## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION
20

| | |
|---|---|
| BERNARD PAUL PARRISH, HERBERT ANTHONY ADDERLEY, WALTER ROBERTS III,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION and NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a/ PLAYERS INC,<br><br>Defendants. | Case No. C 07 0943 WHA<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 10** |

# ARGUMENT

In their Motion in Limine No. 10 ("Mot. No. 10"), Plaintiffs seek to exclude any "homages" to Gene Upshaw – the former longstanding executive director of the NFLPA and Chairman of Players Inc. – as well as "any other improper argument provided by the lawyers related to Mr. Upshaw's death, or any additional homages made by any of Defendants' witnesses." Mot. No. 10 at 3. Plaintiffs concede that "[i]t is entirely proper . . . for Defendants to tell the jury of Gene Upshaw's passing, and to explain why Mr. Upshaw will only testify at the trial by deposition." Id. at 2.

Defendants are prepared to agree that they and their witnesses cannot refer to any "homages" to Mr. Upshaw, provided that Plaintiffs do not attack Mr. Upshaw's credibility or character, such as by accusing him or the NFLPA under his leadership of disparaging or ignoring retired players, or taking money from retired players for his or the NFLPA's personal benefit, as Plaintiffs have repeatedly done in this litigation. See, e.g., Third Am. Compl. ¶ 39 (Nov. 15, 2007) (alleging that licensing revenues allegedly owed to the GLA Class members were "used to support the overhead, substantial salaries and perquisites" of Defendants and their employees).

If Plaintiffs attack Mr. Upshaw or his credibility or integrity, it would be grossly unfair to disarm Defendants in their response. See Fed. R. Evid. 608 (allowing for the character or credibility of a witness to be supported by evidence under certain circumstances); Thomas v. Sheahan, 514 F. Supp. 2d 1083, 1089 (N.D. Ill. 2007) (denying motion to exclude evidence supporting the character of defendants as it may be used under Federal Rule of Evidence 608); Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc., C 03-01431 SBA (EDL), 2006 U.S. Dist. LEXIS 42159, *14 (N.D. Cal. June 12, 2006) ("Evidence is excluded on a motion in limine only if the evidence is clearly inadmissible for any purpose.") (quotation omitted).

Plaintiffs' Motion also should have no bearing on Defendants' ability to refer to Mr. Upshaw's career in the NFL and the NFLPA as background evidence in their case as is appropriate. Such background evidence is "universally offered and admitted as an aid to understanding." Ross v. City of Evanston, No. 96 C 6042, 1998 U.S. Dist. LEXIS 5032, *7 (N.D. Ill. Apr. 13, 1998) (quoting Advisory Committee Notes, Fed. R. Evid. 401).

This motion is premature, since any references to Mr. Upshaw depend upon Plaintiffs' own conduct in the trial. However, Defendants should not be permitted to attack the integrity and credibility of Mr. Upshaw, and the NFLPA under his leadership, without giving Defendants the opportunity to defend someone who will not be present in Court to defend himself.

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that Plaintiffs' Motion in Limine No. 10 be denied.

Date: October 8, 2008

DEWEY & LEBOEUF LLP

BY: /s/ Jeffrey L. Kessler
Jeffrey L. Kessler
*Attorneys for Defendants*