Todd Padnos (Bar No. 208202)
*tpadnos@dl.com*
DEWEY & LEBOEUF LLP
One Embarcadero Center, Suite 400
San Francisco, CA 94111
Tel.: (415) 951-1100; Fax: (415) 951-1180

Jeffrey L. Kessler (*pro hac vice*)
*jkessler@dl.com*
David G. Feher (*pro hac vice*)
*dfeher@dl.com*
David Greenspan (*pro hac vice*)
*dgreenspan@dl.com*
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, NY 10019
Tel: (212) 259-8000; Fax: (212) 259-6333

Kenneth L. Steinthal (*pro hac vice*)
*kenneth.steinthal@weil.com*
*claire.goldstein@weil.com*
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Tel: (650) 802-3000; Fax: (650) 802-3100

Bruce S. Meyer (*pro hac vice*)
*bruce.meyer@weil.com*
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000; Fax: (212) 310-8007

Attorneys for Defendants.

Ronald S. Katz (Bar No. CA 085713)
*rkatz@manatt.com*
Ryan S. Hilbert (Bar No. CA 210549)
*rhilbert@manatt.com*
Noel S. Cohen (Bar No. CA 219645)
*ncohen@manatt.com*
MANATT, PHELPS & PHILLIPS, LLP
1001 Page Mill Road, Building 2
East Palo Alto, CA 94303-1006
Tel: (650) 812-1300; Fax: (650) 213-0260

Lewis T. LeClair (Bar No. CA 077136)
*lleclair@mckoolsmith.com*
Jill Adler (Bar No. CA 150783)
*jadler@mckoolsmith.com*
MCKOOL SMITH, P.C.
300 Crescent Court, Suite 1500
Dallas, TX 75201
Tel: (214) 978-4984; Fax: (214) 978-4044

Attorneys for Plaintiffs.

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| BERNARD PAUL PARRISH, HERBERT ANTHONY ADDERLEY, WALTER ROBERTS III,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION and NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a/ PLAYERS INC,<br><br>Defendants. | Case No. C 07 0943 WHA<br><br>**SUMMARY OF RULINGS MADE AT THE PRETRIAL CONFERENCE HELD ON OCTOBER 15, 2008** |

Summary of Rulings Made at the Pretrial Conference Held on October 15, 2008    Civ. Action No. C07 0943 WHA
Dallas 267412v1

Dockets.Justia.com

Plaintiffs Bernard Paul Parrish, Herbert Anthony Adderley, and Walter Roberts III (collectively, "Plaintiffs") and Defendants National Football League Players Association and National Football League Players Incorporated d/b/a/ Players Inc (collectively, "Defendants"), hereby respectfully submit this summary of pretrial conference rulings.

## MOTIONS IN LIMINE

The parties preserve their rights to approach the Court outside the presence of the jury or to submit further briefing to the Court to obtain permission to admit evidence that was excluded, as a preliminary matter, by the rulings made by the Court at the pretrial conference. In particular, in the event one party opens the door to evidence preliminarily excluded at the pretrial conference, the other party may approach the Court outside the presence of the jury to obtain permission to admit such evidence. In addition, the parties preserve their rights to object to the admissibility of any evidence, document or testimony for reasons not before the Court at the pretrial conference.

## DEFENDANTS' MOTIONS IN LIMINE

**Defendants' Motion in Limine No. 1**. Granted in part and denied in part. Evidence relating to the compensation of Gene Upshaw shall be excluded. Evidence relating to Defendants' economic wealth shall be excluded unless and until any supplemental jury proceeding on punitive damages. Evidence relating to the specific salaries or economic wealth of individual employees of the Defendants or of active NFL players shall also be excluded, subject to the terms and preservation of rights in the parties' Stipulation Regarding Motions in Limine (Paragraph 3). Plaintiffs may submit evidence regarding any flow of funds from licensees to Defendants and active players, subject to Rule 403.

**Defendants' Motion in Limine No. 2.** Granted in part and denied in part. Evidence relating to any complaints about Defendants' role in collective bargaining and complaints about the benefits provided to retired players through collective bargaining (such as pension and disability payments) shall be excluded. Gene Upshaw's statements in the July 28, 2006 Charlotte Observer article shall not be excluded.
Defendants plan to submit additional briefing on the issue of whether Mr. Upshaw's statements in that newspaper article related solely to the representation of retired players in collective bargaining and should therefore be excluded.

**Defendants' Motion in Limine No. 3.** Granted. Plaintiffs may not introduce evidence relating to Plaintiffs' complaints about ad hoc license agreements, including but not limited to such evidence relating to the license agreement between Electronic Arts, Inc. ("EA"), the Pro Football Hall of Fame, and Players Inc.

Dewey & LeBoeuf LLP
One Embarcadero Center, Suite 400
San Francisco, CA 94111

**Defendants' Motion in Limine No. 4.** Granted in part and denied in part. Plaintiffs' expert economist, Dr. Daniel A. Rascher, will be permitted to offer his opinion expressly disclosed on pages 4 and 5 of his expert report. Dr. Rascher's opinion that the share of the gross licensing revenue ("GLR") pool retained by Defendants exceeds a "customary" amount shall be permitted. Dr. Rascher's opinion that the "custom" is for group licensing revenues to be shared equally by organizations other than the NFLPA shall be excluded. Dr. Rascher's opinion that Defendants have leverage akin to market power shall be permitted.

**Defendants' Motion in Limine No. 5.** Granted in part and denied in part. Plaintiffs' expert, Mr. Phillip Y. Rowley, shall be permitted to testify as to his arithmetic calculation of different damages amounts based upon various assumptions provided to him as to liability.

Defendants believe that the Court ruled that Mr. Rowley shall not be permitted to offer any opinions beyond the fact of his arithmetic calculations (e.g., about liability, causation, or damages); Plaintiffs disagree.

**Defendants' Motion in Limine No. 6.** The Court reserves ruling and will hold an evidentiary hearing at a date to be determined to decide whether Mr. Rhee may testify. The Court will separately determine whether Mr. Rhee's Trial Exhibit 1240 ("Samples of 'Scrambled' Class Members") constitutes a compilation under F.R.E. 1006. Trial Exhibit 1239 may be introduced as a compilation.

**Defendants' Motion in Limine No. 7.** Denied. Plaintiffs will be permitted to introduce evidence with respect to the alleged "scrambling" of GLA Class members in EA's Madden NFL video games.

Defendants plan to submit a proposed curative instruction directing the jury that such alleged "scrambling" of GLA Class members did not violate any retired player's intellectual property rights.

## PLAINTIFFS' MOTIONS IN LIMINE

**Plaintiffs' Motion in Limine No. 1.** Granted. Evidence and testimony regarding Bernard Parrish, including deposition testimony, documents authored by Mr. Parrish, and communications authored or received by Mr. Parrish, shall be excluded

Defendants contend that such documents or communications that refer to the relationship of Mr. Adderley or Mr. Laird to Retired Professional Football Players for Justice ("RPFPJ") are admissible given the Court's ruling on Plaintiffs' Motion in Limine No. 3.

**Plaintiffs' Motion in Limine No. 2.** Denied.

Plaintiffs contend that the Court ruled that Defendants could not point to an "empty chair" during the trial.

Defendants contend that the Court ruled that Defendants may submit evidence and argument relating to the responsibility of Electronic Arts ("EA") for alleged "scrambling" of player images in EA products, and that Plaintiffs have not sued EA about this conduct.

**Plaintiffs' Motion in Limine No. 3.** Granted in part and denied in part. Defendants shall not refer to payments to RPFPJ allegedly withheld by Mr. Parrish. In all other

-2-

respects, the motion is denied and evidence relating to Herbert Adderley's relationship with RPFPJ shall not be excluded.

**Plaintiffs' Motion in Limine No. 4.** The Court reserves ruling and the parties will submit further briefing.

Defendants contend that the Court already ruled that Defendants' third-party license agreements are ambiguous and that therefore extrinsic evidence may be admitted to explain their meaning. Defendants believe that the only issue on which the Court asked the parties to submit further briefing was on the issue of whether evidence about a contracting party's subjective intent or contemporaneous understanding about the meaning of a contractual term is admissible under D.C. law as part of that extrinsic evidence.

Plaintiffs disagree. Plaintiffs contend that the Court postponed its ruling on this Motion in Limine in light of the briefing submitted by the parties on October 17, 2008.

**Plaintiffs' Motion in Limine No. 5.** Granted. References to the putative class that was not certified, or any superseded or dismissed claim in this action, shall be excluded.

**Plaintiffs' Motion in Limine No. 6.** Denied. Testimony by Mr. Adderley regarding his expectations as to the meaning of his GLA at the time he signed it, including but not limited to whether he expected the GLA to entitle retired players to certain revenues, shall not be excluded.

**Plaintiffs' Motion in Limine No. 7.** Granted in part and denied in part. Defendants may not introduce into evidence any document responsive to Document Request No. 31 to Players Inc and/or Document Request No. 33 to the NFLPA, other than the documents responsive thereto that Defendants produced (i.e., the NFL Sponsorship and Internet Agreements). Exclusion of any testimony is denied.

**Plaintiffs' Motion in Limine No. 8.** Pursuant to the attached stipulation, evidence and argument about Plaintiffs' counsel's contingent interest shall not be admissible. Exhibits 160, 307, and 321 shall be redacted to remove references to counsel and their law firms.

**Plaintiffs' Motion in Limine No. 9.** Pursuant to the attached stipulation, evidence or testimony by any party relating to the Justin v. Players Inc lawsuit shall be excluded.

**Plaintiffs' Motion in Limine No. 10.** Granted. Evidence of homages to Gene Upshaw, including the "GU 63" patches, shall be excluded.

## OTHER RULINGS

**Joint binder of exhibits.** The parties shall provide a joint binder to the Court with the exhibits they believe would be most helpful to the Court, including samples of the most significant contracts. Plaintiffs shall highlight portions of the documents in pink, defendants in yellow.

**Trial brief on parol evidence.** Each side shall provide a further brief on Motion in Limine No. 4 by Friday, October 17, at noon.

**Doug Allen.** Mr. Allen shall appear on Wednesday, October 22, at 7:30 am. Mr. Allen's testimony shall start early enough that day so that it concludes on October 22 with both

-3-

sides having a full and fair opportunity to examine Mr. Allen. Either party may seek to interrupt the pending witness's examination if that party believes that putting Mr. Allen on at the beginning of the day is necessary in order to assure that Mr. Allen's testimony will be completed on that day.

**Number of Jurors.** The Court will seat ten jurors.

**Time for evidence.** The Court will allow eighteen hours of evidence per side (which excludes the time for openings and closings, and any sidebars not in the presence of the jury).

**Time for opening statement.** The Court will allow forty-five minutes per side.

**Original Exhibits.** The parties must use the original trial exhibits filed with the Court for examination of each witness.

**Statement of the Case.** The parties shall provide a joint, one-page Statement of the Case to the Court on the first day of trial.

**Trial Exhibit 1184.** Plaintiffs shall not be permitted to introduce or refer to unredacted Trial Exhibit 1184 unless and until the Court rules otherwise.

Plaintiffs plan to submit a brief to the Court as to the admissibility of all or portions of Trial Exhibit 1184.

**Trial Exhibit 1320.** The Court stated that Trial Exhibit 1320 constitutes an admission of a party-opponent.

Defendants plan to make further submissions to the Court regarding the admissibility of Trial Exhibit 1320.

Respectfully Submitted,

Date: October 17, 2008      Manatt, Phelps & Phillips, LLP

BY: __/s/__ Anthony Garza_____

*Attorneys for Plaintiffs*

*Filer's Attestation: Pursuant to General Order No. 45, Section X(B) regarding signatures*, Ryan S. Hilbert hereby attests that concurrence in the filing of this document has been obtained.

Date: October 17, 2008      Dewey & LeBoeuf LLP

BY: ___/s/ Jeffrey L. Kessler (with permission)

Jeffrey L. Kessler
*Attorneys for Defendants*

*Filer's Attestation: Pursuant to General Order No. 45, Section X(B) regarding signatures*, Ryan S. Hilbert hereby attests that concurrence in the filing of this document has been obtained.

-4-

Summary of Rulings Made at the Pretrial Conference Held on October 15, 2008   Civ. Action No. C07 0943 WHA

Dallas 267412v1