DEWEY & LEBOEUF

Dewey & LeBoeuf LLP
1301 Avenue of the Americas
New York, NY 10019-6092

tel   +1 212 259 8050
fax   +1 212 259 7013
jkessler@dl.com

October 17, 2008

The Honorable William Alsup
United States District Court,
Northern District of California
450 Golden Gate Avenue
San Francisco, CA  94102

>       **Re:**   ***Parrish v. National Football League Players Association, et al.***
>               **Case No. C07-0943 WHA**

Dear Judge Alsup,

        Defendants submit this supplemental letter brief to exclude Plaintiffs' use of an out-of-context statement by Mr. Upshaw that he "does not work for retired players" in an attempt to confuse and inflame the jury.  Mr. Upshaw's statement refers only to the undisputed fact that he did not work for retired players in collective bargaining, which is irrelevant to Plaintiffs' claims in this case about retired player licensing.  This statement is thus irrelevant – as well as prejudicial – and should be excluded under Fed. R. Evid. 402 and 403, as the Court has already granted Defendants' motion to exclude collective bargaining complaints from the case.

        Defendants' Motion In Limine No. 2 sought to exclude evidence about Plaintiffs' complaints relating to retired player pension and disability benefits, collective bargaining and other union issues, and thus encompassed Mr. Upshaw's statement quoted in a January 15, 2006 article in the Charlotte Observer.  Defendants' Mot. In Limine No. 2 at 2:8-16.  The article, entitled "Ex-Players Say NFL Neglects Retirees, Hall of Famers: League, Union Leader Fall Short in Providing Benefits" (emphasis added) quoted Mr. Upshaw as stating:

> The bottom line is I don't work for them.  They don't hire me and they can't fire me.  They can complain about me all day long.  They can have their opinion.  But the active players have the vote.  That's who pays my salary.

> They (retirees) say they don't have anybody in the (bargaining) room.  Well, they don't and they never will.  I'm the only one in that room.  They're not in the bargaining unit.  They don't even have a vote.

Declaration of Jason Clark in Support of Defendants' Supplemental Brief to Exclude Statement By Gene Upshaw Regarding Collective Bargaining ("Clark Decl.") Ex. 1 at 2 (emphases added).

        This statement does not mention licensing, nor does the article mention anything about licensing.  Rather, both Mr. Upshaw's statement and the entire article are clearly about collective bargaining and benefits and disability issues.  Mr. Upshaw's statement itself says

"They're not in the <u>bargaining unit</u>" (which is undisputed as a matter of labor law).[1]  Clark Decl. Ex. 1 at 2.  Throughout the article it is clear that the story is about complaints by retired players about benefits and pensions.  Specifically, the article discusses "health and financial difficulties" (<u>Id.</u> ¶ 2), "varying degrees of dissatisfaction with the NFL's pension and healthcare benefits" (<u>Id.</u> ¶ 4), "pension improvements made under his [Mr. Upshaw's] leadership" (<u>Id.</u> ¶ 11), how much the league pays out in "retirement benefits" (<u>Id.</u> ¶ 13), "Regret of taking early pension" (<u>Id.</u>¶ 19), and individual players monthly pension payments (<u>Id.</u> ¶ 25-34).  The very title of the article states that it is about benefits.

The article also discusses retired player Joe DeLamielleure's pension situation and quotes him regarding complaints about his pension.  Clark Decl. Ex. 1 at 2.  At his deposition, Mr. Upshaw testified that his statement in the article was "directed to one individual, Joe DeLamielleure."  Clark Decl. Ex. 3 (Dep. Tr. 58:17-59:1).  Notably, there is no discussion of any complaints by Mr. DeLamielleure about licensing in the article.

Mr. Upshaw also testified at his deposition about a memorandum that he sent to NFLPA Retired Player Members regarding his statement in the article.  Clark Decl. Ex. 3 (Dep. Tr. at 59:7-16) and Clark Decl. Ex. 4 (Dep. Ex. 119).  In the memorandum, which is titled "The Truth About <u>Retiree Benefits</u>," (emphasis added) and dated January 20, 2006, five days after the article was published, Mr. Upshaw addressed his "recent comments to the Charlotte Observer."  Clark Decl. Ex. 4.  The memorandum describes "both pension and disability benefit improvements since 1982."  <u>Id.</u>  It then lists several bullet points regarding pensions, disability, the Players Assistance Trust, severance, extended health care benefits and the Retired Players Department.  This memorandum responding to the Charlotte Observer article, like the article itself, makes no mention of <u>licensing</u> – only retired player <u>benefits</u>.

Mr. Upshaw further testified about his comments and the memorandum:

Q.     Okay.  Then it says, in the second paragraph it says: Like any other labor union, we represent only active players.  And when you say represent there, you mean in collective bargaining?

A.     Yes.

Q.     Because you do represent the retired players in other ways, right?

A.     Yes.

Q.     For example, you represent them in their licensing, isn't that right?

A.     We provide access for the retired players through our programs, yes.

Q.     You represent them, the NFLPA represents them, and PI represents them in their licensing activities; isn't that correct, sir?

A.     Some, yes.

Q.     Then it says: As a retired player, you are not a union member.  That's actually not right, is it, sir?  They are union members right?

---

[1] <u>See</u> Clark Decl. Ex. 2 (Declaration of Richard Berthelsen in Support of Defendants' Opposition to Plaintiffs' Motion for Leave to File a Third Amended Complaint ¶¶ 12-14).

        A.      They're not union members in the sense of collective bargaining.  That is accurate.  They are not union members.  They are not part of the bargaining unit.

Clark Decl. Ex. 4 (Dep. Tr. 62:20-63:20).  In other words, Mr. Upshaw testified that the NFLPA does represent retired players in licensing, just not in collective bargaining.  This is exactly the <u>opposite</u> of what the Plaintiffs are trying to evidence by their misuse of these newspaper quotes of a man who can no longer explain or defend those statements.

        Tellingly, Plaintiffs' have previously attempted to mischaracterize Mr. Upshaw's statement in their Third Amended Complaint ("TAC" ¶¶ 72-73) – but only in the section of the TAC regarding <u>Mr. Parrish's</u> now dismissed claims on behalf of NFLPA Retired Player Association members who did not sign GLAs.  Clark Decl. Ex. 5.  Thus, Plaintiffs previously asserted that Mr. Upshaw's statement was evidence of a breach of fiduciary duty only to retired players who had not even signed GLAs.  Their attempt to now use that statement in the part of the case that deals exclusively with licensing issues is improper and a blatant attempt to inflame the jury with a quote that is irrelevant to the issues in this case.

        Finally, during the argument on Defendants' Motion in Limine No. 2, Plaintiffs attempted to conflate Mr. Upshaw's statement about not working for retired players in collective bargaining with an unrelated statement, quoted in another newspaper more than a year later, that did have to do with licensing: "We could have the greatest dog food in the world, but if the dogs don't like it, we can't sell it.  Put that at the top of the story."  Clark Decl. Ex. 6 at 1 ("Upshaw Maintains Royalties Were Distributed Properly," New York Times (February 16, 2007)).  Defendants do not seek to exclude this statement because Mr. Upshaw was, in <u>this</u> instance, talking about retired player licensing (he was describing the unfortunate reality that licensees are not interested in purchasing the rights to the vast majority of retired players).  Mr. Upshaw's statements in the Charlotte Observer article, in contrast, dealt only with collective bargaining issues that have no relevance to this case.  They thus should be excluded under Fed. R. Evid. 402 and 403.

        Respectfully submitted,


        /s/ Jeffrey L. Kessler
        Jeffrey L. Kessler
        Counsel for Defendants


cc:     Peter Parcher, Esq.