

Ronald S. Katz
Manatt, Phelps & Phillips, LLP
Direct Dial: (650) 812-1346
E-mail: rkatz@manatt.com

October 19, 2008

Client-Matter: 29749-060

**VIA ELECTRONIC FILING**

The Honorable William Alsup
United States District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:   *Parrish v. National Football League Players Association*, Case No. C07-0943 WHA

Dear Judge Alsup:

      This letter brief responds to Defendants' October 17, 2008 supplemental letter brief ("Brief") to exclude Mr. Upshaw's statement that he "does not work for retired players." Through their Brief, Defendants argue that this statement should be excluded because (1) it relates solely to collective bargaining and is thus irrelevant to the issues at trial, and (2) it will "confuse and inflame the jury." Neither argument is persuasive. First, as detailed below, this statement is hardly the type of inflammatory evidence that need be excluded. Second, the jury -- not Defendants -- will determine whether Mr. Upshaw's statement referred solely to collective bargaining or, as Plaintiffs contend, it had little to do with collective bargaining, but rather relates to the manner in which Mr. Upshaw thought of retired players generally. Defendants' attempt to take Mr. Upshaw's statement out of context should be rejected. While Defendants are entitled to their interpretation about what Mr. Upshaw meant, Plaintiffs are entitled to theirs. Each can make their respective arguments, and the jury can determine whose position is more credible and weigh the evidence accordingly.

      **Mr. Upshaw's Statement Is Not Confusing and/or Inflammatory**

      To exclude relevant evidence under Rule 403, its probative value must be <u>substantially outweighed</u> by the risk of unfair prejudice or confusion. *See Mihailovich v. Laatsch*, 359 F.3d 892, 906 (7th Cir. 2004). Most evidence is "prejudicial" to the party against whom it is offered. However, Rule 403 *only* guards against "unfair prejudice, not prejudice per se." *U.S. v. Benedetti*, 433 F.3d 111, 117-118 (1st Cir. 2005); *U.S. v. Winkle,* 477 F.3d 407, 417 (6th Cir. 2007). Thus, Rule 403 is typically utilized only when certain evidence is likely to "inflame the passions of the jury" or create emotional discomfort. *See, e.g., U.S. v. Layton*, 767 F.2d 549 (9th Cir. 1985); *Navarro de Csome v. Hospital Pavia*, 922 F.2d 926, 930-31 (1st Cir. 1991).

      Even under such circumstances, relevant evidence is not always excluded under Rule 403. *See., U.S. v. Smith,* 459 F3d 1276, 1296 (11th Cir. 2006) (in child pornography case, naked photos of defendant with females, other than victim were relevant and not excludible simply because of emotionally charged nature of the offense); *Martin v. Maintenance Co., Inc.,* 588 F2d 355, 357 (2d Cir. 1978) (photos of plaintiff's mangled foot that had been caught in escalator properly admitted).

      Mr. Upshaw's statement in no way qualifies under this strict standard. While it is alarming that Mr. Upshaw turned his back on retired players who put their trust in his union and expected their best interests to be protected, this is not the type of statement that warrants exclusion due to its purported inflammatory nature.

1001 Page Mill Road, Building 2, Palo Alto, California 94304-1006  Telephone: 650.812.1300  Fax: 650.213.0260

Albany | Los Angeles | New York | Orange County | Palo Alto | Sacramento | Washington, D.C.



### Mr. Upshaw's Statement Does Not Relate Solely to Collective Bargaining

Defendants next attempt to couch Mr. Upshaw's statement as solely related to collective bargaining. Their argument flies in the face of Mr. Upshaw's testimony[1] and of the quote itself. Mr. Upshaw's statement is highly relevant to this case.

His testimony that retired players are union members (left out by Defendants in their October 17, 2008 letter brief even though it appears within eight lines of their cherry-picked quote of Mr. Upshaw on page 3 of their letter brief) is unequivocal:

> Q: I agree with you, they're not members of the bargaining unit, okay? I'm not asking that question. The question I'm asking is simply, isn't it correct that retired players are members of the NFLPA?
>
> A. Yes.

[Declaration of Noel S. Cohen, Ex. A (Upshaw Deposition Transcript at 64:3-8).]

Given this admission that the retired players are union members and given that the licensing is an admitted activity of the union, Defendants' position that Mr. Upshaw's statement that "only the active players . . . pay my salary" certainly applies to licensing on its face, or so a reasonably jury could find. The same analysis applies to Mr. Upshaw's statement that the retired players " . . .don't hire me and they can't fire me." How can Defendants seriously contend that this language does not apply to licensing, one of the functions for which Mr. Upshaw was hired?

As to Mr. Upshaw's statement that the retired players "don't even have a vote," this goes directly to Plaintiffs' theory on Defendants' motive: Defendants wanted to please those who had votes and they did not have to and/or want to please those that did not.

Put simply, Plaintiffs submit that Mr. Upshaw's statement applies to all of his job functions, and the mere fact that Mr. Upshaw does not specifically mention licensing rights in this statement is irrelevant. Indeed, he does not mention collective bargaining in his statement either, yet Defendants contend that collective bargaining is the only subject he intended to reference. Defendants should not be allowed to belatedly rewrite public statements of Mr. Upshaw, statements that Mr. Upshaw has admitted to making, and statements that he himself has never attempted to limit to the subject of collective bargaining. The jury can and should decide if Mr. Upshaw's statements are limited to collective bargaining, or if they are related to more. *See, e.g. Costa v. Desert Palace,* 299 F.3d 838, 861 (9th Cir. 2002) ("It is primarily the province of the jury to determine what inferences can be drawn from the circumstantial evidence.")

Finally, to support their collective bargaining theory, Defendants' Brief refers to a Memorandum that Mr. Upshaw sent to NFLPA Retired Player Members. But this Memorandum actually hurts

---

[1] Defendants' statement on page 3 of their letter brief that Mr. Upshaw "can no longer explain or defend these statements" is irrelevant. Mr. Upshaw had a full opportunity to explain and defend these statements at his deposition under questioning not only by Plaintiffs' counsel but also by Mr. Kessler.



Honorable William Alsup
October 19, 2008
Page 3

Defendants' argument as the Memorandum never states that Mr. Upshaw's comments were limited to collective bargaining. If that is truly what Mr. Upshaw meant to limit his comments to, as Defendants suggest, he arguably would have done so. Instead, Mr. Upshaw begins and concludes his memorandum by writing: "Much has been made of my comments to the Charlotte Observer." . . . "To question my commitment to retired players is simply unfair, and more importantly, unfounded." Mr. Upshaw acknowledges Plaintiffs' position: retired players, reading the Charlotte Observer article, interpreted Mr. Upshaw's statements as an indication that Mr. Upshaw does not value retired players, and Mr. Upshaw responded by sending out this rebuttal memorandum. But again, this is something the jury can weigh in making its own determination about the scope of Mr. Upshaw's statements.

### Mr. Upshaw's Deposition Testimony Concerning His Statements in the Charlotte Observer Also Should Not Be Excluded

Defendants have objected to Plaintiffs playing at trial those videotaped excerpts of Mr. Upshaw's deposition in which he discusses his statements to the Charlotte Observer. [Cohen Decl., Ex. A at 57:10-59:3.] Such testimony is clearly relevant for the same reasons given in connection with Mr. Upshaw's statements. Therefore, Plaintiffs respectfully request that they be allowed to play such excerpts as part of Plaintiffs' case-in-chief.

For the reasons given above, Plaintiffs respectfully request that Defendants' Motion to exclude Mr. Upshaw's statement be denied, and that Plaintiffs be permitted to play videotaped excerpts related to such statements at trial.

Respectfully submitted,

/s/ Ronald S. Katz
Ronald S. Katz
Counsel for Plaintiffs

cc: Jeffrey Kessler

41329601.1