| | |
|---|---|
| 1 | MANATT, PHELPS & PHILLIPS, LLP |
| | RONALD S. KATZ (Bar No. CA 085713) |
| 2 | E-mail: rkatz@manatt.com |
| | RYAN S. HILBERT (California Bar No. 210549) |
| 3 | E-mail: rhilbert@manatt.com |
| | NOEL S. COHEN (California Bar No. 219645) |
| 4 | E-mail: ncohen@manatt.com |
| | 1001 Page Mill Road, Building 2 |
| 5 | Palo Alto, CA 94304-1006 |
| | Telephone: (650) 812-1300 |
| 6 | Facsimile: (650) 213-0260 |
| 7 | McKOOL SMITH, P.C. |
| | LEWIS T. LECLAIR (Bar No. CA 077136) |
| 8 | E-mail: lleclair@mckoolsmith.com |
| | JILL ADLER (Bar No. CA 150783) |
| 9 | E-mail: jadler@mckoolsmith.com |
| | 300 Crescent Court, Suite 1500 |
| 10 | Dallas, TX 75201 |
| | Telephone: (214) 978-4000 |
| 11 | Facsimile: (214) 978-4044 |

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BERNARD PAUL PARRISH, HERBERT ANTHONY ADDERLEY, and WALTER ROBERTS III on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION, a Virginia corporation, and NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a PLAYERS INC, a Virginia corporation, <br><br> Defendants. | CIVIL ACTION NO. C07 0943 WHA <br><br> **PLAINTIFFS' BRIEF RE: ADMISSIBILITY OF TRIAL EXHIBIT NO. 1184; EXHIBITS A AND B HERETO** <br><br> Judge: Honorable William H. Alsup <br> Trial Date: October 20, 2008 |

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

## I. SUMMARY OF ARGUMENT

Defendants have argued throughout this action that no licensee *ever* wanted to license the group rights of retired players who signed GLAs. This contention is belied in part by documents produced late in the case by third party Electronic Arts ("EA"). One such document is Trial Exhibit No. 1184 (EA 000153-156), wherein two significant emails were exchanged: one between an employee of Players Inc and an employee of EA, the other between that same EA employee and his colleague wherein he relays a conversation he had just had with Players Inc. Both emails firmly establish that EA wanted to include retired players' information in its Madden video games and that Players Inc was adamant that EA could not include retired players' information in EA Madden video games. Because Defendants cannot explain away this correspondence, they are left arguing about its admissibility. Their argument fails.

As the Court is aware, from 2001 on, under the express instructions from Defendants, EA "<u>scrambled</u>" GLA class member data in the Madden video games. In 2005, the NFLPA negotiated a new license agreement with EA which guaranteed minimum royalty payments of $25 million per year. In connection with this new EA license agreement, EA approached Defendants about using retired players in the EA Madden game. As reflected in Trial Exhibit No. 1184 (produced by EA), and attached as Exhibit A hereto, EA wrote by e-mail to Ms. Lawson at Players Inc:

> **I know that Players Inc doesn't want us to include any retired players 'in the game'** -- but in this case given that it is factual, real-world information that is readily available, our hope is that you would agree with us that this particular feature is made much stronger by including the text display of the record data. (emphasis added).

In violation of their fiduciary duties, Defendants responded that EA could not use retired players' information in its football game. EA wrote internally:

> **They said 'no' to this despite my attempts to convince them otherwise. They have taken a hard line on no retired players in the game in any form**. (emphasis added).

Defendants do not dispute authenticity of the subject emails (both Defendants and EA have stipulated to its admissibility), but Defendants do dispute their admissibility.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

1

PLAINTIFFS' BRIEF RE: ADMISSIBILITY OF
EXHIBIT NO. 1184
CASE NO.: C:07-0943-wHA

The first email in the chain (EA 000155) is admissible as it is not being utilized for the truth of the matter asserted (i.e. that "Players Inc doesn't want us to include retired players in the game.") Rather, that statement establishes that EA did in fact want to include retired players in the game. Further, it establishes that Lashun Lawson was on notice of EA's desire to include retired players information.

The second email in dispute (at the bottom of EA 000153) is admissible for two reasons. First, Players Inc's response of "no" when asked by EA to include retired players is not hearsay: it is a party admission. Second, the statement is a present sense impression of the declarant. Thus, as set forth below, the entire email chain is admissible.

Finally, the entire email chain is admissible as a business record as Plaintiffs have met each of the requisite five elements. The first three elements, (1) authenticity, (2) the email was sent in the ordinary course of business and (3) "within the scope of [Mr. Strauser's] duties for EA has been stipulated to. The fourth foundational requirement is met as the emails were without question sent "near" the time of the event. And the fifth requirement -- that the email was created by a person with knowledge -- is also satisfied as Mr. Strauser, the author of the email, is the EA representative personally communicating with Defendants about this issue.

Accordingly, and as detailed below, the entirety of Trial Exhibit 1184 should be admitted.

## II. THE EMAIL BETWEEN EA AND PLAYERS INC (EA 000155) IS ADMISSIBLE

An out-of-court statement offered for any purpose other than to prove its truth is nonhearsay. *See Swirsky v. Carey,* 376 F.3d 841, 852 (9th Cir. 2004). On EA 00155, Strauser writes to Players Inc's Lashun Lawson asking Players Inc to reconsider its stance that retired players' information not be included. This email shows unmistakably that Defendants knew that EA wanted to use retired players' information. This evidence is nonhearsay and is circumstantial evidence that contradicts Defendants' contention (and that of Mr. Upshaw under oath) that no third party licensee, including EA, was interested in licensing retired players' images. To the extent Defendants argue that this statement is in fact hearsay, it is admissible to show the "state of

mind" of EA: that Players Inc did not want EA to include retired players in the video games. As such, it should be admitted.

## III. THE INTERNAL EA EMAIL (EA 000153) IS ADMISSIBLE

The second email in question (located on EA 000153) is between two employees of EA, with one employee relaying to the other his impression of a conversation with an employee of Players Inc. Defendants argue that the email should be precluded because it contains double hearsay. It does not. The email itself qualifies as an admissible business record of EA. And the purported hearsay statements in the email are not hearsay: they are an admission by a party opponent. As such, this evidence should be admitted.

### A. Strauser's Statement Contains an Admission by a Party Opponent

An admission is an out-of-court statement offered against a party. FRE 801(d)(2). But the federal rules expressly provide that admissions by an opposing party are not hearsay. Such admissions are substantive evidence of the facts stated. *Id*; *see Auto-Owners Ins. Co. v. Jensen,* 667 F2d 714, 722 (8th Cir. 1981).

In the email at issue, Mr. Strauser informed his colleague, Mr. Luhr, that Players Inc advised him that they did not want retired players in the Madden video games. Specifically, he wrote: "They said "no" to this despite my attempts to convince them otherwise. They have taken a hard line on no retired players in the game in any form." [Cohen Decl., Ex. A.] Players Inc's statement to Mr. Strauser that "they said no" and is memorialized in this email is a classic admission by party opponent.

The case of *Herdman v. Smith,* 707 F.2d 839 (5th Cir. 1983), is particularly instructive here. In *Herdman,* aware that police had been called, the defendant told a friend to deny knowing him and fled the scene. The court held that evidence of defendant's statement to the friend was an admission under Rule 801(d)(2). *Id.* at 841-42.

The same principle and analysis applies here. When Lawson and Strauser spoke on August 8, 2005, Strauser believed that EA had been told not to include retired players in the Madden game. Defendant contends in this action that EA, and other licensees were not interested

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

3

PLAINTIFFS' BRIEF RE: ADMISSIBILITY OF
EXHIBIT NO. 1184
CASE NO.: C:07-0943-wHA

in licensing the rights of retired players. That contention is expressly contradicted by this email, thereby warranting its admission.[1]

### B. Strauser's Statement is Also a Present Sense Impression

Strauser's statement is also admissible as a present sense impression. A present sense impression is "a statement describing or explaining an extent or condition made while the declarant was perceiving the event or condition, or immediately thereafter." FRE 803(1). Present sense impressions are considered trustworthy because the substantial contemporaneity of event and statement minimizes unreliability due to defective recollection or conscious fabrication." *See Shering Corp. v. Pfizer Inc.*, 189 F.3d 218, 233 (2nd Cir. 1999). Three requirements must be satisfied for this hearsay exception to apply: (1) the statement must be describing an event or condition; (2) the witness must have actually perceived the event or condition; and (3) the statement must be made during the perception or immediately thereafter. Plaintiffs can meet all three requirements.

First, Strauser's statement to his colleague that Players Inc is taking a hard line and refusing to allow retired players in the video games qualifies as a condition. Based on the timing of the email, Strauser had just spoken to Players Inc wherein he perceived that he was informed of this "hard line." As such, the first element is met. *See Phoenix Mut. Life Ins. Co. v. Adams*, 30 F.3d 554, 567 (4th Cir. 1994) (holding that declarant's handwritten notes following a telephone conversation with another is admissible as a present sense impression with the telephone conversation being meeting the "condition" requirement .)

Second, there can be no dispute that Strauser himself "perceived" this event. He is the individual communicating with Players Inc over this issue and is relaying his conversations and correspondence with Players Inc to his colleague. Thus, the second requirement is met.

The third requirement, that the statement was made contemporaneously with the event is

---

[1] To the extent Defendants argue that the admission was not against its interest at the time it was made, and, therefore is inadmissible, that argument is misplaced. Unlike a statement against interest, a party admission need not have been against the party's interest when made. *See Marquis Theatre Corp v. Condado Mini Cinema,* 846 F.2d 86, 90, fn. 3 (1st Cir. 1998).

also met. Here, the event, a conversation between Lawson and Strauser occurred within three hours of the date the email was sent. Specifically, on August 8, 2005 at 11:52 a.m., Ms. Lawson emailed Mr. Strauser and requested that he call her "today" to discuss whether Players Inc would agree to allow EA to include retired players in the game. [Ex. A at EA 000154.] The internal email in question memorializes this conversation and was sent by Mr. Strauser on that same date at 2:58 p.m. [*Id.* at EA 000153.] As such, there can be no legitimate dispute that an email sent the day of the conversation between Ms. Lawson and Mr. Strauser meets the contemporaneity requirement. *See, e.g., Wheeler v. Sims,* 951 F.2d 796, 804 (7th Cir. 1992) (finding that prison records made as long as 11 days after inmate's activities held sufficiently timely).

Accordingly, the internal email between Strauser and his colleague also is admissible on the grounds that it is a present sense impression.[2]

## IV. THE ENTIRE EXHIBIT QUALIFIES AS A BUSINESS RECORD

The business records exception to the hearsay rule covers "a memorandum, report, record or data compilation, in any form, of acts, events, conditions opinions or diagnoses." FRE 803(6). A business record may include data stored electronically on computers, and printed out for presentation in court. *See In re Vee Vinhnee,* 336 BR 437, 441-442 (9th Cir. 2005).

A business record is admissible if all of the following foundational requirements are met: (1) the record must be authentic; (2) the record must have been made and kept in the ordinary course of business; (3) it must be the business' regular practice to make such a record; (4) the record must have been made at or near the time of the act or event; and (5) the record must have been made by a person with knowledge. *See* FRE 803(6); *U.S. v. Miller*, 771 F.2d 1219 (9th Cir. 1985). Plaintiffs have met each element.

First, pursuant to a stipulation between Plaintiffs, Defendants and EA, authenticity has been established. [Ex. B hereto at ¶ 7 (Stipulation Re: EA 000153-156).]

---

[2] The Strauser email also qualifies under the "state of mind" exception to the hearsay rule in that Strauser is noting his then existing state of mind that despite their repeated requests, Players Inc did not want to include retired players in the game.

1  Additionally, Defendants have stipulated to the second and third foundational

2  requirements: the email was sent in the ordinary course of business and "within the scope of [Mr.

3  Strauser's] duties for EA." [*Id.*]

4  As to the fourth foundational requirement, as detailed above, the email was without

5  question sent "near" the time of the event.

6  The fifth and final requirement -- that the email was created by a person with knowledge -

7  - is also satisfied. It is important to note that there is no requirement that the party seeking to

8  introduce the record be able to produce the specific individual upon whose knowledge or

9  information the record is based. Rather, it is sufficient to show that it was that individual's (Mr.

10  Strauser) regular practice to base the business record upon information transmitted by a person

11  with firsthand knowledge (Ms. Lawson). *See* FRE 803(b), Adv. Comm. Notes; *see also MRT*

12  *Const. Inc. v. Hardrives, Inc.*, 158 F.3d 478, 483 (9th Cir. 1998) (holding that attorney bills

13  generated by a law firm that represented a government contractor in a fraud case were admissible

14  in a subsequent action for accounting between the government contractor and a subcontractor).

15  Here, Mr. Strauser had email communications and at least one conversation with Ms.

16  Lawson, an employee of Players Inc. regarding EA's use of retired players images. Ms. Lawson

17  had first-hand knowledge of whether Players Inc. would allow EA to use retired players images in

18  the Madden video games. And Mr. Strauser relayed that knowledge via email within the scope of

19  his duties at EA. As such, the author of the email, Mr. Strauser, had direct knowledge of the

20  information upon which his email was based, thereby meeting the fifth requisite element.

21  Finally, there can be no legitimate dispute that the email chain has a sufficient indicia of

22  trustworthiness. With respect to EA's communications with Players Inc, neither party had a

23  reason to stray from the truth. And the subsequent email between EA employees is inherently

24  reliable as there would be no reason for Mr. Strauser to provide false information internally at EA

25  regarding his interpretation of communications with third parties.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

6

PLAINTIFFS' BRIEF RE: ADMISSIBILITY OF
EXHIBIT NO. 1184
CASE NO.: C:07-0943-wHA

## V. **CONCLUSION**

Accordingly, and for the reasons given above, Trial Exhibit No. 1184 is admissible and any objection as to the admissibility of this document should be denied.

Dated: October 20, 2008

Respectfully submitted,

MANATT, PHELPS & PHILLIPS, LLP

By: /s/ Ronald S. Katz
    Ronald S. Katz

*Attorneys for Plaintiffs*
Herbert, Anthony Adderley on behalf of himself and all others similarly situated

41328887.3