Todd Padnos (Bar No. 208202)
*tpadnos@dl.com*
DEWEY & LEBOEUF LLP
One Embarcadero Center, Suite 400
San Francisco, CA 94111
Tel:  (415) 951-1100; Fax:  (415) 951-1180

Jeffrey L. Kessler (*pro hac vice*)
*jkessler@dl.com*
David G. Feher (*pro hac vice*)
*dfeher@dl.com*
David Greenspan (*pro hac vice*)
*dgreenspan@dl.com*
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, NY  10019
Tel:  (212) 259-8000; Fax:  (212) 259-6333

Kenneth L. Steinthal (*pro hac vice*)
*kenneth.steinthal@weil.com*
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065
Tel:  (650) 802-3000; Fax:   (650) 802-3100

Bruce S. Meyer (*pro hac vice*)
*bruce.meyer@weil.com*
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY  10153
Tel:  (212) 310-8000; Fax:  (212) 310-8007

Attorneys for Defendants National Football League Players Association
and National Football League Players Incorporated d/b/a Players Inc

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| BERNARD PAUL PARRISH, HERBERT ANTHONY ADDERLEY, WALTER ROBERTS III, | Case No.  C 07 0943 WHA |
| Plaintiffs, | **DEFENDANTS' BRIEF RE: THE INADMISSIBILITY OF TRIAL EXHIBIT NO. 1184** |
| v. | |
| NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION and NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a/ PLAYERS INC, | |
| Defendants. | |

Dewey & LeBoeuf LLP
One Embarcadero Center, Suite 400
San Francisco, CA 94111

Civ. Action No. C07 0943 WHA

Dewey & LeBoeuf LLP
One Embarcadero Center, Suite 400
San Francisco, CA 94111

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ARGUMENT**

More than three and a half months before the close of fact discovery on May 23, 2008, non-party Electronic Arts, Inc. ("EA") produced to Plaintiffs certain email communications of its employee Jeremy Strauser. Although Plaintiffs made clear at the summary judgment hearing that they intended to rely upon such out-of-court communications involving Mr. Strauser, they never attempted to subpoena his deposition, which would have preserved his testimony for trial, and would have allowed Defendants to cross-examine him. Plaintiffs consciously chose to forego his deposition, despite knowing that he lives in Florida, outside the subpoena power of this court to compel his live testimony at trial. See Transcript of Proceedings, October 15, 2008, at 86 ("COURT: Why don't you bring in Strausser, who's the guy, and let him be cross-examined? MR. HUMMELL: I would love to. I understand he lives in Florida. We did not depose him in the case.").

Instead, Plaintiffs now ask the Court, (i) to contort the business records exception to the hearsay rule in order to admit emails by Mr. Strauser that are plainly inadmissible hearsay; (ii) to admit purported statements by former Players Inc employee LaShun Lawson that Mr. Strauser paraphrases in an email, despite such statements being inadmissible hearsay within inadmissible hearsay. At the October 15, 2008 Hearing, the Court expressed skepticism that these statements are admissible. The Court's skepticism is well founded, and all of these communications in Ex. 1184 should be excluded.

**I. The Business Records Exception Does Not Apply to Email Correspondence**

Plaintiffs flatly misstate the business records exception to the hearsay rule. Business records are excepted from the hearsay rule because of their unusual reliability – "[t]he element of unusual reliability of business records is said variously to be supplied by systematic checking, by regularity and continuity which produce habits of precision, by actual experience of business in relying upon them, or by a duty to make an accurate record as part of a continuing job or occupation." Fed. R. Evid. 803(6), 1972 Advisory Committee's Note. The type of records that qualify for the exception are records of "systematic business activity," such as electronic

inventory records kept by a bookkeeper or computerized telephone billing records.  See

Monotype Corp. v. Int'l Typeface Corp., 43 F.3d 443, 450 (9th Cir. 1994); United States v.

Miller, 771 F.2d 1219, 1236-37 (9th Cir. 1985).

Controlling Ninth Circuit law makes clear that email correspondence does not meet the

high threshold of "systematic business activity" necessary to qualify for the exception.  See

Monotype Corp., 43 F.3d at 450 ("E-mail is far less of a systematic business activity than a

monthly inventory printout . . . .  [A]n electronic inventory recording system is a regular,

systematic function of a bookkeeper prepared in the course of business."); United States v.

Swanson, No. CR 06-0692 PJH, 2007 WL 4105732, *4 (N.D. Cal. Nov. 16, 2007) ("The court

has already determined that emails standing alone are not business records and that they are also

not likely to be admitted as embodying present sense impressions."); Cutrona v. Sun Health

Corp., No. CV 06-2184-PHX-MHM, 2008 WL 4446710, *5-6 (D. Ariz. Sept. 30,

2008) (investigation reports authored in email form are "insufficient to constitute business

records as contemplated under [Rule] 803(6)").

"While e-mailed billing statements and similar records may qualify, routine personal or

professional communications, like routine written correspondence, often fail to satisfy the

exception because they lack the regularity and systematic checking of information that justifies

making business records an exception to the hearsay rule." 5 Christopher Mueller & Laird

Kirkpatrick, Federal Evidence § 9:9.  The emails that Plaintiffs wish to present are routine

correspondence that lack the inherent reliability of actual business records, such as bookkeeping

records.  See Monotype Corp., 43 F.3d at 450.  The emails in Exhibit 1184 reflect routine

correspondence between Mr. Strauser and his colleagues at EA, and his equally routine

correspondence to Ms. Lawson.  Unlike bookkeeping records or billing statements, which record

systematic business activity, these emails contain nothing more than the hearsay opinions and

impressions of non-parties to this lawsuit, and as such, they are inadmissible.  See Clark v. Los

Angeles, 650 F.2d 1033, 1037 (9th Cir. 1981) ("Expressions of opinion or conclusions in a

business record are admissible only if the subject matter calls for an expert or professional

Dewey & LeBoeuf LLP
One Embarcadero Center, Suite 400
San Francisco, CA 94111

opinion and is given by one with the required competence.").  In short, none of the email correspondence contained in Exhibit 1184 qualifies for the business record exception to the hearsay rule, and thus is inadmissible.  Indeed, the Court has recognized exactly this conclusion.  See Transcript of Proceedings, October 15, 2008 at 85-86.

## II.    The Strauser Email Is Not Admissible As An Admission Of A Party-Opponent

Plaintiffs argue that an email dated August 8, 2005 is "Players Inc's response of 'no' when asked by EA to include retired players" and, therefore, is an admission by a party opponent.  It is nothing of the sort.  Mr. Strauser paraphrases in his own words a statement purportedly made to him by former Players Inc employee Ms. Lawson.  Far from being non-hearsay (and admissible), Mr. Strauser's email is hearsay because it is an out-of-court statement offered to prove the truth of the matter asserted, i.e. that Ms. Lawson declined Mr. Strauser's attempts to convince her to use retired players in the Madden NFL video game.  Fed. R. Evid. 801(c).  Ms. Lawson's statement itself is similarly hearsay because it is an out-of-court statement offered to prove that she and Defendants declined Mr. Strauser's attempts to use retired players.  Id.

Thus, Mr. Strauser's email is double-hearsay because it contains two levels of hearsay.  When there are multiple levels of hearsay within a single piece of evidence, a party must show that each level is independently admissible.  See Johnson v. Weld County, Colo., Civ. No. 06-cv-02362-JLK, 2008 U.S. Dist. LEXIS 72620, at *20-22 (D. Colo. Sept. 24, 2008).  When one statement recounts statements of another party, "each statement must be admissible under an exception to the hearsay rule."  Id. at *21.  In order it to be admitted into evidence, Plaintiffs would have to show that (1) Ms. Lawson's statement to Mr. Strauser, and (2) Mr. Strauser's email are both independently admissible.  Id. at *20-22.  Thus, while it is possible that Mr. Strauser could have testified had his deposition been subpoenaed (which would have allowed defendants to cross-examine him), his out-of-court email is hearsay and is inadmissible.

Dewey & LeBoeuf LLP
One Embarcadero Center, Suite 400
San Francisco, CA 94111

Moreover, even if Ms. Lawson's statement as paraphrased by Mr. Strauser could have been admissible as a statement of a party-opponent, it is still inadmissible as double hearsay.  Id., at *20-22 (holding that a plaintiff's testimony about what three witnesses told her about the statements of a fourth person was inadmissible, even if the statement of the fourth person would have been admissible as statements of a party-opponent); United States v. Santisteban, 501 F.3d 873, 878-79 (8th Cir. 2007) (finding that a memorandum which recounted a witness's statement was inadmissible because, "even if the first level - the author's out-of-court statement - is viewed as an admission of a party opponent, and thus non-hearsay, the second and third levels of hearsay are not covered by any hearsay exception") (citations omitted).  In short, in order for Ms. Lawson's purported statement to be admissible, Mr. Strauser's email would have had to be admissible first.  Mr. Strauser's statement itself is clearly not an admission of a party opponent, since he is not a party to this case or Defendants' agent.

### III.    The Strauser Email Is Inadmissible As A Present Sense Impression

Plaintiffs also argue that Mr. Strauser's email regarding his purported conversation with Ms. Lawson falls within the present sense impression exception to the hearsay rule.  However, Plaintiffs fail to meet the requirements for that exception.  As an exception to the hearsay rule, the present sense impression allows for statements that describe an act, event or condition if it was made while the speaker perceived or participated in the act, or immediately thereafter.  Fed. R. of Evid. 803(1).  Three requirements must be met in order for an utterance or statement to be a present sense impression.  First, it must "be contemporaneous with the act [or] event."  4 Christopher B. Mueller & Laird C. Kirkpatrick, Federal Evidence § 8:67 (3d ed. 2008).  Second, it must involve an act or event the speaker has perceived.  Id.  Finally, it must describe or explain that act or event.  Id.

Dewey & LeBoeuf LLP
One Embarcadero Center, Suite 400
San Francisco, CA 94111

The requirement of contemporaneousness is strict, because it is the very basis on which trustworthiness of the statement if founded.  Id.  It is a rigid standard, precluding delays or lapses in time of minutes or hours between the event and the corresponding statement, because they provide time for reflection and may diminish the trustworthiness of the statement.  Hilyer v. Howat Concrete Co., 578 F.2d 422, 426 n.7 (D.C. Cir 1978) ("It is doubtful that Simms' statement to Officer Strother comes within the present sense impression exception. By our calculations, the statement could not have been made until at least fifteen minutes -- and possibly up to forty-five minutes -- after the accident."); U.S. v. Portsmouth Paving Corp., 694 F.2d 312, 323 (4th Cir. 1982) (deeming contemporaneous a statement about a phone call that was spoken "no more than a few seconds" after the call ended).

Plaintiffs assert that the Strauser email was sent within three hours of the alleged conversation between Mr. Strauser and Ms. Lawson, and argue that "an email sent the day of the conversation between Ms. Lawson and Mr. Strauser meets the contemporaneity requirement." Plaintiffs provide no evidence of a phone conversation having occurred between Mr. Strauser and Ms. Lawson during or immediately before the former's email and, because Mr. Strauser will not be testifying, there is no way to test the credibility of his email statement.  In addition, the time delay between the alleged phone conversation and the Strauser email could have been up to three hours, which is much longer than the short delay contemplated by the rule's requirement that the statement be made contemporaneously or "immediately thereafter."  Fed. R. Evid. 803(1); see, e.g., U.S. v. Peacock, 654 F.2d 339, 350 (5th Cir. 1981) (admitting statement to speaker's wife describing a phone conversation immediately after the conversation ended); U.S. v. Earley, 657 F.2d 195, 197-98 (8th Cir. 1981)(allowing evidence of speaker's comments immediately after completing a phone call as spontaneously attesting to the trustworthiness of

the statement).[1]  Because Mr. Strauser's email was not contemporaneous with his alleged

conversation with Ms. Lawson, it does not satisfy the first element of the present sense

impression exception to the hearsay rule.  U.S. v. Green, 541 F.3d 176, 182 (3rd Cir. 2008)

(overturning lower court admission statement as present sense impression where there was a 50-

minute interval between event and corresponding statement, and the declarant had reflected on

the event); U.S. v. Narciso, 446 F.Supp. 252, 288 (E.D. Mich. 1977) (disallowing note patient

wrote to doctor two hours after being injected and suffering respiratory arrest as not meeting

present sense impression exception).

Finally, the purpose for which Plaintiffs intend to use these communications

illustrates why the hearsay rule applies.  The first sentence of Defendants' brief admits that

Defendants intend to admit these documents to show that EA "wanted" to license the group

rights of retired players who signed GLAs.  Defendants had every opportunity to depose Mr.

Lawson about these communications referenced in this document (EA153-56) – which was

produced by a third party, EA, shortly before Joel Linzner's deposition on February 8, 2008 –

more than three and a half months before the close of fact discovery.  But Plaintiffs deliberately

chose not to depose Mr. Strauser or other participants in these communications.  Thus, no one at

this trial knows what Mr. Strauser actually meant in these emails, the full context for these

statements, or the purpose for which they were sent.  None of the reliability indications for the

exceptions to the hearsay rule are present here.  Admitting these unreliable emails when

Plaintiffs could have deposed Mr. Strauser, but chose not to, would undermine the hearsay rule

and encourage litigation by ambush.

---

[1]  In addition, Plaintiffs' reference to Wheeler v. Sims, 951 F.2d 796, 804 (7th Cir. 1992) is
inapposite for the purpose of demonstrating contemporaneousness because the applicable
hearsay exception in that case was under Fed. R. Evid. 803(6), which establishes the business
records exception.

Dewey & LeBoeuf LLP
One Embarcadero Center, Suite 400
San Francisco, CA 94111

Dewey & LeBoeuf LLP
One Embarcadero Center, Suite 400
San Francisco, CA 94111

## CONCLUSION

For all of the foregoing reasons, Defendants request that the Court rule that all portions of Exhibit 1184, except for the email segments created by Defendants, are hearsay and not admissible in the trial of this action.


Date: October 20, 2008                                    DEWEY & LEBOEUF LLP

                                              BY: ___/s/ Jeffrey L. Kessler_____
                                                    Jeffrey L. Kessler
                                                    *Attorneys for Defendants*