| | |
|---|---|
| 1 | KEKER & VAN NEST, LLP |
| | ROBERT A. VAN NEST - #84065 |
| 2 | R. JAMES SLAUGHTER - #192813 |
| | 710 Sansome Street |
| 3 | San Francisco, CA 94111-1704 |
| | Telephone: (415) 391-5400 |
| 4 | Facsimile: (415) 397-7188 |
| 5 | Attorneys for Third Party |
| | ELECTRONIC ARTS, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BERNARD PAUL PARRISH, HERBERT ANTHONY ADDERLEY, and WALTER ROBERTS III, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION, a Virginia corporation, and NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a/ PLAYERS INC., a Virginia corporation,<br><br>Defendants. | Case No. C07 0943 WHA<br><br>**THIRD PARTY ELECTRONIC ARTS, INC.'S NOTICE OF MOTION AND MOTION FOR ADMINISTRATIVE RELIEF TO FILE DOCUMENT UNDER SEAL**<br><br>Date: October 22, 2008<br>Time: 7:30 a.m.<br>Dept: Courtroom 9, 19th Floor<br>Judge: Honorable William H. Alsup |

| | |
|---|---|
| 1 | TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: |
| 2 | PLEASE TAKE NOTICE THAT on October 22, 2008, at 7:30 a.m., or as soon thereafter |
| 3 | as may be heard, in the Courtroom of the Honorable William H. Alsup located at 450 Golden |
| 4 | Gate Avenue, 19th Floor, San Francisco, California, third party Electronic Arts Inc. will and |
| 5 | hereby does move pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Civil Local |
| 6 | Rules 79-5(c) and (d) and 7-11 for an order permitting Trial Exhibit 80 to be filed under seal and |
| 7 | that a redacted version of the document (that redacts only the competitively sensitive price |
| 8 | information in Paragraph 6 of the Trial Exhibit) be used at trial.  Electronic Arts Inc. makes this |
| 9 | motion on the ground that Trial Exhibit 80 has not been publicly disclosed and contains |
| 10 | extremely sensitive and confidential business information. |
| 11 | This motion is based on this Notice of Motion and Motion, the Memorandum of Points |
| 12 | and Authorities in Support Thereof, the Declaration Jacob J. Schatz in Support Thereof, the files |
| 13 | and pleadings in place in this action, and any argument of counsel. |

Dated: October 21, 2008                                    KEKER & VAN NEST, LLP


                                                           By:  /s/ R. James Slaughter
                                                                R. JAMES SLAUGHTER
                                                                Attorneys for Third Party
                                                                Electronic Arts Inc.

THIRD PARTY ELECTRONIC ARTS, INC.'S NOTICE OF MOTION AND
MOTION FOR ADMINISTRATIVE RELIEF TO FILE DOCUMENT UNDER SEAL
CASE NO. C07 0943 WHA

429215.01

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Third Party Electronic Arts Inc. ("EA") requests that the Court order that Trial Exhibit 80—EA's current license agreement with the National Football League Players Association ("NFLPA")—be filed under seal and that a redacted version of the exhibit (that only redacts competitively sensitive price information in Paragraph 6 of that exhibit) be used during trial. EA makes this motion on the ground that its current license agreement with NFLPA has not been publicly disclosed and contains extremely sensitive and confidential business information, the disclosure of which would severely harm EA in negotiations with other licensors. EA also requests that any evidence that makes use of the EA's confidential pricing information from its current license agreement with NFLPA, be similarly redacted.

## II. BACKGROUND

In response to a subpoena, EA produced numerous documents in this matter, among them EA's current license agreement with NFLPA, dated effective March 1, 2006, (Bates No. EA000057-EA000076) ("2006 License Agreement"). Declaration of Jacob J. Schatz ("Schatz Decl.") ¶ 2. The 2006 License Agreement is EA's current license agreement with the NFLPA. *Id*. The license agreement includes EA's royalty rates and guaranteed minimum payments to NFLPA, which are extremely sensitive and confidential business information. *Id*. EA never shares publicly, including with other licensors the royalty rates and guaranteed minimum payments contained in a license agreement with another licensor. *Id*. The public disclosure of such information would severely harm EA in its negotiations with other parties. *Id*. Because of the sensitivity of the agreement, EA designated the document highly confidential pursuant to the terms of the protective order in place in this litigation and expected that it would be kept and used on an attorneys eyes only basis. *Id*.

On October 21, 2008, EA learned for the first time that the Court intended to permit all documents and information produced during this litigation to be publicly disclosed during trial. Schatz Decl. ¶ 3. Upon learning this information, EA contacted counsel for Plaintiffs and Defendants to alert them to EA's concern about the potential public disclosure of this

information and to request that they stipulate to the use of a redacted version of the 2006 License Agreement that redacts only EA's competitively sensitive financial information contained in Paragraph 6 of the 2006 License Agreement. *Id*. At the time of the filing of this request, neither plaintiffs nor defendants had responded to EA's request.. *Id*.

### III. ARGUMENT

Pursuant to Federal Rule of Civil Procedure 26(c), this Court is authorized to prevent the disclosure of information, including trade secrets or competitively sensitive commercial information, upon a showing of "good cause." "Good cause" exists for filing protectable information under seal whenever disclosure would result in specific harm or prejudice to the party to whom the information belongs. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006); *Reilly v. Medianews Group Inc*., No. C 06-04332 SI, U.S. Dist LEXIS 8139, at *11-13 (N.D. Cal. Jan. 24, 2007).

Good cause exists here for the use of a redacted version of Exhibit 80 (the 2006 License Agreement) during trial. As described above, the 2006 License Agreement contains extremely sensitive, competitive pricing information. The disclosure of such information would severely harm EA. *See Reilly*, 2007 U.S. Dist. LEXIS 8139 at * 14 (filing under seal information that might allow competitors to anticipate future actions or that might help bargaining position of companies that negotiate with party producing the information).

Moreover, EA's request is narrowly tailored to achieve the goal of preserving its confidential, trade secret information while permitting disclosure of non-protected material. EA requests only that pricing information be redacted from the document, not that it be filed under seal in its entirety.

### IV. CONCLUSION

For the foregoing reasons, Third Party Electronic Arts Inc. respectfully requests that the Court permit the parties to use at trial a redacted version of the 2006 License Agreement, which is attached as Exhibit B to the Schatz Declaration and that an unredacted version of the document be maintained confidential and filed under seal. EA further requests that any evidence that makes use of the EA's confidential pricing information from the 2006 License Agreement be

2
THIRD PARTY ELECTRONIC ARTS, INC.'S NOTICE OF MOTION AND
MOTION FOR ADMINISTRATIVE RELIEF TO FILE DOCUMENT UNDER SEAL
CASE NO. C07 0943 WHA

429215.01

1 | similarly redacted or kept confidential and maintained under seal.
2 |
3 | Dated: October 21, 2008                              KEKER & VAN NEST, LLP
4 |
5 |
6 |                                                By:  /s/ R. James Slaughter
                                                       R. JAMES SLAUGHTER
7 |                                                    Attorneys for Third Party
                                                       Electronic Arts Inc.

3
THIRD PARTY ELECTRONIC ARTS, INC.'S NOTICE OF MOTION AND
MOTION FOR ADMINISTRATIVE RELIEF TO FILE DOCUMENT UNDER SEAL
CASE NO. C07 0943 WHA

429215.01