

manatt | phelps | phillips

**Ronald S. Katz**
Manatt, Phelps & Phillips, LLP
Direct Dial: (650) 812-1346
E-mail: rkatz@manatt.com

October 21, 2008                                    Client-Matter: 29749-060

**VIA ELECTRONIC FILING**

The Honorable William Alsup
United States District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

     Re:    ***Parrish v. National Football League Players Association*, Case No. C07-0943 WHA**

Dear Judge Alsup:

     This responds to Defendants' October 20, 2008 letter brief ("Brief") regarding the admissibility of the deposition testimony of Warren Friss. The issue presented is whether Defendants can introduce deposition testimony under Rule 32 which simply affirms prior declaration statements. The testimony was given in response to <u>leading</u> defense questions to a non-adverse witness whose declaration was drafted by defense counsel. Under no circumstances, would such testimony be allowed if Mr. Friss were to testify live at trial; the rules cannot be circumvented because Mr. Friss does not come live to trial.

     Defendants' letter brief, which does not cite to a single controlling case, is not persuasive. Defendants' primary contention is that this testimony should be allowed at trial because he is a third party witness that is not "within the control of Defendants" and has been "dragged into this matter." This is absolutely not true. To the contrary, Defendant brought Mr. Friss into this case when they procured a declaration from him in support of their Opposition to the Motion for Leave to Amend the Complaint <u>and</u> in support of their Motion for Summary Judgment. In fact, they not only procured this declaration, but Mr. Friss has testified that counsel for Defendants drafted it. [Ex. A at 9:8-19 (attached hereto).] Put simply, this is not, as Defendants contend, a third party who has against their will been dragged into this case.

     In support of their contention that Friss' "leading testimony" is admissible at trial, Defendants cite to the recent decision of *Gell v. Town of Aulander,* 2008 WL 42000148, *10-12 (E.D.N.C. September 12, 2008). Defendants contend that *Gell* has a "very similar fact pattern" to the case at hand. Not true. In *Gell,* as quoted in Defendants' letter brief, the court held that it was permissible to ask leading questions of "two uninvolved, average citizens, who have been dragged into this matter." As detailed above, that is not remotely what happened here. Here, Defendants procured Mr. Friss' declaration, and Plaintiffs then were forced to depose him. At his deposition, counsel for Defendants was free to properly question Mr. Friss. In fact, in the *Gell* case relied upon by Defendants cites a case stating as much. *Id.* at 31 (quoting *Ardoin v. J. Ray McDermott & Co., Inc.,* 684 F.2d 335, 336 (5th Cir. 1982) ("a trial court therefore has the power to require a party cross-examining a friendly witness to employ non-leading questions.") He did not, and Mr. Friss' testimony should thus be excluded at trial.

     Defendants next contend that the leading testimony should be permitted under Rule 611 of the Federal Rules of Civil Procedure to "avoid needless consumption of time . . ." Defendants have taken Rule 611 entirely out of context, which is why they tellingly do not cite a single case supporting their argument. Rule 611 does not speak to the admissibility of improper leading deposition testimony of a third party witness. Rather, it simply states that the court should exercise control over the mode and

1001 Page Mill Road, Building 2, Palo Alto, California 94304-1006 Telephone: 650.812.1300 Fax: 650.213.0260

Albany | Los Angeles | New York | Orange County | Palo Alto | Sacramento | Washington, D.C.

Dockets.Justia.com



order of interrogating witnesses and presenting evidence. Counsel for Defendants could have asked appropriate questions at deposition and that testimony would not have "avoided needless consummation of time." Defendants also no doubt could have asked Mr. Friss -- who is undoubtedly under their control -- to testify at trial despite the fact that he is outside the subpoena power of the Court.

Finally, Defendants argue, without a shred of legal authority, that even if their questioning was improper (which it was), thus making said testimony inadmissible at trial, Plaintiffs waived this objection by failing to assert their objections at the deposition itself. That is not the law. *See, e.g. Oberlin v. Marlin American Corp.*, 596 F.2d 1322, 1328-29 (7th Cir. 1979) (excluding testimony based on leading questions despite party's failure to object to such questions during the deposition).

Accordingly, Plaintiffs' objections to Mr. Friss' testimony should be sustained.

Respectfully submitted,

/s/ Ronald S. Katz
Ronald S. Katz
Counsel for Plaintiffs

41330311.1