United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BERNARD PAUL PARISH, HERBERT ANTHONY ADDERLEY, and WALTER ROBERTS III, on behalf of themselves and all others similarly situated,

    Plaintiffs,

  v.

NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a PLAYERS INC., a Virginia corporation,

    Defendant.
                                    /

No. C 07-00943 WHA

**ORDER RE ELECTRONIC ART'S MOTION TO SEAL**

On Wednesday the 22nd, Electronic Arts, a third party, moved to seal Trial Exhibit 80, claiming that it contained confidential proprietary information. EA is not a party to the jury trial underway but it produced TX 80 during discovery (under a protective order). The Court denied the motion for two reasons. The proper standard at trial to seal evidence is the "compelling interest" standard of *Kamakana* but EA, while citing *Kamakana*, did not even mention the compelling interest standard; instead EA tried to pass *Kamakana* off as requiring only "good cause." The second reason was that the economic terms between EA and the NFLPA and Players Inc., are important to the fact issues for the jury to decide and, indeed, arguably central to plaintiffs retired players theory. EA's reason, while sympathetic, did not overcome the relevance. Under *Kamakana*, it would be hard to justify suppressing this information from the public (even though both sides are willing to do so as long as the jury can use it).

Although EA did not cite the decision to the district court, the Court has learned of *Pintos v. Pacific Creditors Ass'n*, 504 F.3d 792 (9th Cir. 2007). That decision seems to support a theory that the "compelling reasons" standard is applicable only after documents are "filed" with the Court (and even then, of course, only as to a dispositive proceeding). While a dispositive jury proceeding is certainly underway, the exhibit in question — TX 80 — has thus far only been lodged with the Clerk and marked, it has not been offered into evidence. Therefore, it will not become open to public view under any test until it is offered and/or admitted, which may or may not occur. In the meantime, it will remain private and not subject to public view.

This circumstance was not brought to the Court's attention by EA. The Court understood EA as trying to seal the agreement regardless of whether it was ever offered and possibly to seal other like documents already in evidence and to do so without regard to the compelling reason standard, which EA had totally omitted from its motion.

For the foregoing reasons, the motion to seal is probably not ripe. But if it is ripe, the Court finds yet again after balancing the *Kamakana* factors, that the importance of the royalty payment details have sufficient importance to the issues being decided by the jury that no compelling reason has been advanced to seal it. TX 80 is at the heart of the damages period in suit and plaintiffs are claiming that they were entitled to a share of the very funds paid pursuant to the "Royalty Payment" section of TX 80. Nonetheless, for the reasons stated, TX 80 will not be made available to the public until, at the soonest, it is offered into evidence, but if it is received evidence, it will not be sealed.

**IT IS SO ORDERED.**

Dated: October 24, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2