FILED

**NOT FOR PUBLICATION**

OCT 28 2008

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: ELECTRONIC ARTS, INC. | No. 08-74426 |
| | D.C. No. 3:07-cv-00943-WHA |
| ELECTRONIC ARTS, INC., | |
| Petitioner, | MEMORANDUM [*] |
| v. | |
| UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, | |
| Respondent, | |
| BERNARD PAUL PARRISH; et al., | |
| Real Parties in Interest. | |

Appeal from the United States District Court
for the Northern District of California
William H. Alsup, District Judge, Presiding

Argued and Submitted October 27, 2008
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Dockets.Justia.com

Before: WARDLAW, W. FLETCHER and RAWLINSON, Circuit Judges.

Electronic Arts, Inc. ("EA") petitions for a writ of mandamus from the district court's order denying its Motion for Administrative Relief to File Document Under Seal. We grant the petition.

On a "mandamus petition, we review the district court's orders, not for an abuse of discretion, but for clear error." *Cordoza v. Pacific States Steel Corp.,* 320 F.3d 989, 998 (9th Cir. 2003). "Five objective principles guide the inquiry: whether (1) [petitioner] has no other adequate means, such as direct appeal, to attain the relief, (2) [petitioner] will be damaged or prejudiced in a way not correctable on appeal, (3) the district court's order is clearly erroneous as a matter of law, (4) the district court's order is an oft-repeated error, or manifests a persistent disregard of the federal rules, or (5) the district court's order raises new and important problems, or issues of law of first impression." *Id.* (internal quotation marks omitted).

Plaintiff class counsel has represented that he plans to introduce EA's 2006 Licensing Agreement ("Trial Exhibit 80") on Wednesday, October 29, 2008. Defendant's counsel has stated that he has no objection to its introduction into evidence. The district court has ordered that if Trial Exhibit 80 is received in evidence "it will not be sealed." Therefore, this matter is ripe for our review.

*Hulteen v. AT&T Corp.*, 498 F.3d 1001, 1004 n.1 (9th Cir. 2007) (en banc), *cert. granted on other grounds*, 128 S. Ct. 2957 (2008).

Because Trial Exhibit 80 will ineluctably become a part of the judicial record in the underlying case, the district court correctly concluded that the legal principles set forth in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006), control the decision whether to seal paragraph 6 of Trial Exhibit 80 from public access. The district court, however, committed clear error in its application of *Kamakana* to the confidential and commercially sensitive information EA seeks to protect from public disclosure in this case.

In *Kamakana*, we held that "[u]nless a particular court record is one 'traditionally kept secret,' a strong presumption in favor of access is the starting point." *Id.* at 1178. The party seeking to seal a judicial record must then overcome the presumption by demonstrating "compelling reasons" for sealing the document. We wrote further, however, that "[i]n general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). In *Nixon*, the U.S. Supreme Court established that "the right to inspect and copy judicial records is not

3

absolute," and, in particular, "the common-law right of inspection has bowed

before the power of a court to insure that its records are not used . . . as sources of

business information that might harm a litigant's competitive standing."  435 U.S.

at 598.

This is the precise sort of information EA seeks to seal in this case—the

pricing terms, royalty rates, and guaranteed minimum payment terms found in

paragraph 6 of the 2006 Licensing Agreement.  This is also information that

plainly falls within the definition of "trade secrets."  A "trade secret may consist of

any formula, pattern, device or compilation of information which is used in one's

business, and which gives him an opportunity to obtain an advantage over

competitors who do not know or use it."  *Restatement of Torts* § 757, cmt. b; s*ee*

*also Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (adopting the

Restatement definition and finding that "a detailed plan for the creation,

promotion, financing, and sale of contracts" constitutes a trade secret); *Whyte v.*

*Schlage Lock Co.*, 101 Cal. App.4th 1443, 1455–56 (2002).

Therefore, under *Kamakana* and *Nixon*, the district court erred as a matter of

law by concluding that EA failed to meet the "compelling reasons" standard.  EA

has no adequate means, other than mandamus, to attain relief.  Once paragraph 6 of

Trial Exhibit 80 is released to the public, EA will be irreparably damaged in a way

4

not correctable on appeal.  *See Bittaker v. Woodford*, 331 F.3d 715, 748 (9th Cir. 2003) ("Appeal after final judgment cannot remedy the breach in confidentiality occasioned by erroneous disclosure of protected materials.") (quoting *In re Ford Motor Co.*, 110 F.3d 954, 962-64 (3d Cir. 1997)).  A redacted version of Trial Exhibit 80, not containing paragraph 6, need not be filed under seal and may be made available to the public.

Trial Exhibit 80 shall be filed under seal and the district court is directed to grant EA's Motion for Administrative Relief.[1]

**PETITION GRANTED**.

---

[1] This grant of mandamus does not preclude providing an unredacted version of Trial Exhibit 80 to the jury subject to appropriate measures to protect the confidentiality of paragraph 6, and appropriate admonitions to the jury about confidentiality.