**manatt**
manatt | phelps | phillips

**Ronald S. Katz**
Manatt, Phelps & Phillips, LLP
Direct Dial: (650) 812-1346, Ext. 1346
E-mail: rkatz@manatt.com

November 3, 2008

Client-Matter: 29749-060

**VIA ELECTRONIC FILING**

The Honorable William Alsup
United States District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

RE:   *Bernard Paul Parrish, et al. v. National Football League Players Association and Players Inc.,* Case No. C07-0943 WHA

Dear Judge Alsup:

Plaintiffs seek through this letter brief to strike certain statements by defense witness Trace Armstrong on the ground that such statements invoke documents that Defendants failed to produce in response to a reasonable and proper discovery request by Plaintiffs.

## I.   Trace Armstrong Testified About Communications With Retired NFL Players Concerning Licensing Matters

During his direct examination on November 3, 2008, Trace Armstrong, a witness for Defendants, testified that he participated in several player representative meetings in which there were communications with retired players concerning licensing matters:[1]

```
23 Q.  Now. At the annual player meetings that you attended,
24     would there be reports from the different departments of the
25     NFLPA?
                                2020
 1 A.  That's right. The meetings typically lasted four days.
 2     They would run -- a typical day would be eight hours, but
 3     sometimes if there was a big issue or something that was hotly
 4     debated we had meetings go 14, 16 hours in a particular day.
            *      *      *
24        When you were at the Board of Player Representatives
```

---

[1]   Earlier in the day on November 3, 2008, Dan Goich, another of Defendants' witnesses, also confirmed his participation in player representative meetings in which licensing was discussed. *See* Trial Transcript of Dan Goich 1986:12-1988:4 (attached hereto as Exhibit B).

1001 Page Mill Road, Building 2, Palo Alto, California 94304-1006   Telephone: 650.812.1300  Fax: 650.213.0260

Albany | Los Angeles | New York | Orange County | Palo Alto | Sacramento | San Francisco | Washington, D.C.

Dockets.Justia.com



>            25 did members -- some members of the Retired Players Steering
>                                   2021
> 1 Committee sometimes get invited to those meetings.
> 2 A.   Yes.  Lynn Tavis (phonetic) was there every year that I
> 3 was there.  He was part of the Steering Committee.  So there
> 4 was always a member of the Retired Players Group there.
> 5 Q.   And would the Retired Players Steering Committee Member be
> 6 able to attend the part that was the licensing reports?
> 7 A.   Yes.
> 8 Q.   And at those licensing reports was there a discussion of
> 9 all the retired players who were getting licensing money?
> 10 A.   Yes.
>             *      *      *
> **18 Q.   Okay.  And was it discussed at those meetings how retired**
> **19 player group licensing worked?**
> **20 A.   Yes.**

*See* Trial Transcript of Trace Armstrong 2019:3-2021:20 (emphasis added) (attached hereto as Exhibit A).

Moreover, Steve Saxon, outside counsel to Defendants and a director of Players Inc, previously testified in his deposition that Richard Berthelsen., General Counsel of the NFLPA, took minutes of those meetings:

> Q:      Is it accurate that you appeared at every player rep meeting?
> A.      I've been at every player rep meeting since about 1993 or so.
> Q.      And is that Board of Player Representatives?
> A.      That's correct.
> Q.      That runs the NFLPA?
> A.      That's correct.
> Q.       What is your role at such meetings?
> A.      I'm outside tax counsel.
> Q.      Are you responsible in any way for keeping minutes of such meetings?
> A.      No.
> **Q.      Are minutes kept of such meetings?**
> **A.      Yes.**
> **Q.      Who keeps them?**
> **A.      Richard Berthelsen.**



*See* Deposition Transcript of Steve Saxon, October 1, 2008, 16:24-17:17 (emphasis added) (attached hereto as Exhibit C).

## II. Plaintiffs Have Requested, And Defendants Have Failed to Produce, the Minutes of the Player Representative Meetings In Which Retired Player Licensing Was Discussed

During discovery, Plaintiffs requested and Defendants agreed to produce documents encompassing the issues Mr. Armstrong testified about and that Mr. Saxon confirmed were in existence. Plaintiffs' Document Request No. 6 called for "[a]ll documents that summarize, describe or refer to communications with any retired NFL player concerning licensing matters." *See* NFLPA's Responses and Objections to Plaintiffs' First Request for Production of Documents (attached hereto as Exhibit D).[2] Despite this, Defendants have only produced a single page of board meeting minutes, and none from the meetings that are the subject of Mr. Armstrong's testimony.[3]

Paragraph 16 of this Court's supplemental standing order is clear: "Except for good cause, no item shall be received as case-in-chief evidence if the proponent has failed to produce it in response to a reasonable and proper discovery request covering the item, regardless of whether ac discovery motion was made." Here, there is no question that Plaintiffs propounded a narrow document request that calls for the minutes of the meetings discussed by Mr. Armstrong. Nor is there any question that Defendants agreed to provide such documents, but failed to do so. Defendants should not be allowed to circumvent their discovery obligations by offering testimony at trial on the very subjects covered in documents they refused to provide to Plaintiffs. Plaintiffs respectfully request that all testimony along these lines, including the testimony of Trace Armstrong identified above, be stricken from the record.

                                                           Respectfully submitted,

                                                           /s/ Ronald S. Katz
                                                           Ronald S. Katz
                                                           Counsel for Plaintiffs

---

[2] In response to this Request, the NFLPA agreed to "produce any documents that summarize, describe or refer to communications with retired NFL players referring to the group licensing program for retired players, licensing or appearance opportunities available to retired players, the licensees of the NFLPA and/or Players Inc that license retired NFL player rights, the terms of licensing programs for retired NFL players, and the performance, revenues or finances of the group licensing program for retired NFL players."

[3] The single page of minutes Defendants produced discusses Defendants' efforts to define "eligibility" in a manner that excludes retired players and thus Defendants have already introduced this document, which is Trial Exhibit 2247, into evidence during their direct examination of Doug Allen.