
manatt | phelps | phillips

**L. Peter Parcher**
Manatt, Phelps & Phillips, LLP
Telephone: (650) 812-1300
E-mail: pparcher@manatt.com

November 6, 2008

Client-Matter: 29749-060

**VIA ELECTRONIC FILING**

The Honorable William Alsup
United States District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

    Re:    *Parrish v. National Football League Players Association*, Case No. C07-0943 WHA

Dear Judge Alsup:

    We know that it is your Honor's duty and desire even-handedly to instruct the jury in this case on the theories presented. Respectfully, Proposed Instruction #46, as drafted, does not do that and, in my view, poses a clear risk of jury confusion and could unintentionally tip the scales toward the defense theory of the case. For this reason, Plaintiffs formally object to the instruction. It inadvertently appears to denigrate by omission Plaintiffs' position that there was a duty to market a combined active and retired licensing program, as Plaintiffs suggest was intended by the GLA. If the Court's instruction were applied broadly by the jury, it would have the effect of instructing the jury to reject a major theory of Plaintiffs' case.

    I realize that I may have inadvertently triggered all this by suggesting that I might consider arguing a "leveraging" theory in summation. I thought that I had made it clear to the Court that I was only considering it as an option but would not use it in closing if the Court considered that improper.

    Respectfully, the charge as drafted is unwarranted based on a full reading of the transcript on this subject. It is simply not true that Plaintiffs' counsel in any way suggested or intimated that Defendants were obligated under the GLA or a fiduciary duty to "refuse" to license active NFL players unless a licensee also took a license to retired players. The precise question apparently of concern to the Court is at Transcript p. 2252:12-17, to which defense counsel objected. Nowhere in the question is it suggested that Defendants engage in a "tie" or illegal refusal to deal. Rather, the only point being made, consistent with Dr. Rascher's analysis about "leverage" which was rebutted by Dr. Noll, was that defendants were the "only game in town" -- a one-stop shop -- for NFL player group licensing and that this conferred on them the ability to suggest additional licenses of retired players. This was the entire point of Dr. Rascher's opinions on this topic and Defendants never objected until Dr. Noll's critique and credibility were undermined. (For the Court's review, the entirety of the relevant transcript pages are attached hereto.) The transcript makes clear that it was <u>defense counsel's objection</u> and then the Court's own questions of the witness (Tr. 2258: 8-12) that raised the spector of potentially illegal conduct.

    As phrased, the proposed charge unfairly legitimizes an argument urged by the Defendants in the case that it would have been entirely acceptable under the GLA to have completely separate active and retired group licensing programs. While Defendants are entitled to argue this, Plaintiffs contend that the entire point of the GLA was to offer group licenses, defined as six or more actives or retireds, to licensees and that the Class is entitled to share evenly in the proceeds from such licenses. Plaintiffs will argue that Defendants -- using Madden as an example -- had an obligation to the class to use best efforts

1001 Page Mill Road, Building 2, Palo Alto, California 94304-1006   Telephone: 650.812.1300   Fax: 650.213.0260
Albany | Los Angeles | New York | Orange County | Palo Alto | Sacramento | Washington, D.C.



to license six or more present or former players and to pay based on such licenses.  Defendants also had an obligation not to direct EA to scramble players' identifying information when they had the ability to license members of the class as a group.

      As stated at the charging conference, Plaintiffs will not offer any argument in summation that Defendants had any duty under the GLA to coerce sales of alleged unwanted retired player licenses by withholding access to active players.  That would have been a suggestion of illegality, and that was not the intent or import of Plaintiffs' questions of Dr. Noll.  Therefore, Charge #46 should be deleted.  If however, the Court is still inclined to give some instruction to this effect, I request that it add the following sentence at the end of the instruction in order to make clear that the Court is not rejecting Plaintiffs' interpretation of the GLA: "Neither would it have been illegal for Defendants to offer present and former players together in a group license, which plaintiffs contend should have been done."

      If you have any further questions about the foregoing, we can clarify our position in the morning.

      Respectfully submitted,

      /s/ L. Peter Parcher
      L. Peter Parcher
      Counsel for Plaintiffs

41335526.1