Todd Padnos (Bar No. 208202)
*tpadnos@dl.com*
DEWEY & LEBOEUF LLP
One Embarcadero Center, Suite 400
San Francisco, CA 94111
Tel: (415) 951-1100; Fax: (415) 951-1180

Jeffrey L. Kessler (*pro hac vice*)
*jkessler@dl.com*
David G. Feher (*pro hac vice*)
*dfeher@dl.com*
David Greenspan (*pro hac vice*)
*dgreenspan@dl.com*
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, NY 10019
Tel: (212) 259-8000; Fax: (212) 259-6333

Kenneth L. Steinthal (*pro hac vice*)
*kenneth.steinthal@weil.com*
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Tel: (650) 802-3000; Fax: (650) 802-3100

Bruce S. Meyer (*pro hac vice*)
*bruce.meyer@weil.com*
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000; Fax: (212) 310-8007

Attorneys for Defendants National Football League Players Association
and National Football League Players Incorporated d/b/a Players Inc

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| BERNARD PAUL PARRISH, HERBERT ANTHONY ADDERLEY, WALTER ROBERTS III,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION and NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a/ PLAYERS INC,<br><br>Defendants. | Case No. C 07 0943 WHA<br><br>**DEFENDANTS' MOTION FOR STAY OF EXECUTION OF JUDGMENT PENDING DISPOSITION OF DEFENDANTS' RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW**<br><br>Date: November 25, 2008<br>Time: 2:00 p.m.<br>Ctrm: 9<br>Judge: William H. Alsup |

Defs.' Mot. for Stay of Execution of Judgment Pending
Disposition of Defs.' Renewed Mot. for Judgment as a Matter of Law

Civ. Action No. C07 0943 WHA

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on November 25, 2008 at 2:00 p.m., or at such date and time as the Court may order, Defendants National Football League Players Association ("NFLPA") and National Football League Players Incorporated d/b/a Players Inc ("Players Inc") (collectively, "Defendants"), will and hereby do move, pursuant to Fed. R. Civ. P. 62(b), for an order staying enforcement of the judgment entered in this action on November 12, 2008, or any supplementary proceeding in aid of execution of the judgment, pending disposition of Defendants' forthcoming renewal of their motion for judgment as a matter of law.

This Motion is based on the accompanying Memorandum of Points and Authorities, the accompanying declarations, the pleadings in this matter, and on such further evidence and argument as may be presented at the hearing, if any, on this Motion.

Date: November 18, 2008                    DEWEY & LEBOEUF LLP


BY: __/s/Jeffrey L. Kessler_____
Jeffrey L. Kessler

*Attorneys for Defendants*

Dewey & LeBoeuf LLP
One Embarcadero Center, Suite 400
San Francisco, CA 94111

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Fed. R. Civ. P. 62(b), Defendants National Football League Players Association ("NFLPA") and National Football League Players Incorporated ("Players Inc") (collectively, "Defendants") hereby submit this Motion for Stay of Execution of Judgment Pending Disposition of Defendants' Renewed Motion for Judgment as a Matter of Law ("Motion"). Defendants respectfully submit that an order staying enforcement of the judgment entered in this action on November 12, 2008, or any supplementary proceeding in aid of execution of the judgment, pending disposition of Defendants' forthcoming renewal of their motion for judgment as a matter of law is appropriate to prevent irreparable harm and injury to Defendants given the very real possibility that the judgment in favor of Plaintiffs may be reversed or modified by the Court. See United States v. Moyer, No. C 07-00510 SBA, 2008 WL 3478063, *6-12 (N.D. Cal. Aug. 12, 2008) (granting stay of execution of judgment pending disposition of post-trial motion); Johnston v. Sch. Dist. of Philadelphia, No. Civ.A. 04-4948, 2006 WL 563003, *2 (E.D. Pa. Mar. 7, 2006) (same); Schmude v. Sheahan, No. 00 C 4580, 2004 WL 1157841, *4 (N.D. Ill. May 21, 2004) (same).

More specifically, Defendants' Motion satisfies all four factors considered in the Ninth Circuit. First, Defendants' forthcoming Renewed Motion of Law, which this court previously described as "very substantial," (Trial Tr. at 2472:25-2473:14), is likely to succeed on the merits. Second, absent a stay, Defendants will be irreparably injured by being required to pay $28.1 million to satisfy a judgment that is likely to subsequently be modified or vacated by the Court. Third, issuance of a stay will not injure Plaintiffs, as Plaintiffs can claim interest for any delay in execution of the judgment, and any resultant delay will be slight because the stay will last only until the Court decides Defendants' Renewed Motion for Judgment as a Matter of Law. Fourth, the public interest lies in not forcing parties to prematurely and improperly satisfy judgments, especially significant judgments such as this one, before they have availed themselves of their right to obtain judgment as a matter of law under Federal Rules of Civil Procedure 50 and 62. See Moyer, 2008 WL 3478063, *6-12 (discussing and applying these

Defs.' Mot. for Stay of Execution of Judgment Pending
Disposition of Defs.' Renewed Mot. for Judgment as a Matter of Law
Civ. Action No. C07 0943 WHA

factors).

The Ninth Circuit also employs a "sliding scale" in deciding whether to stay execution of a judgment. "At one end of the continuum, the moving party is required to show both a probability of success on the merits and the possibility of irreparable injury. At the other end of the continuum, the moving party must demonstrate that serious legal questions are raised and that the balance of hardships tips sharply in its favor." Lopez v. Heckler, 713 F.2d 1432, 1435 (9th Cir.1983) (internal citations omitted). Under the sliding scale theory, a party "need not demonstrate that he will succeed on the merits, but must at least show that his cause presents serious questions of law worthy of litigation." Topanga Press, Inc. v. City of Los Angeles, 989 F.2d 1524, 1528 (9th Cir.1993). Considering the Court's description of Defendants' motion for judgment of law as "very substantial," Defendants have readily met this standard. Moreover, since Defendants have demonstrated the presence of all four factors – especially that serious (or "very substantial") legal questions are raised and that the balance of hardships tips sharply in its favor – a stay is appropriate under either end of the "sliding scale."

Finally, policy considerations also support staying execution of the judgment pending disposition of Defendants' Renewed Motion for Judgment as a Matter of Law. Absent such a stay, Defendants would be compelled to initiate their appeal early so that they could obtain an automatic stay (upon posting a supersedeas bond). See Am. Mfrs. Mut. Ins. Co. v. Am. Broadcasting-Paramount Theatres, Inc., 87 S. Ct. 1, 3 (1966) (Harlan, J.) (Mem.) ("[A] party taking an appeal from the District Court is entitled to a stay of a money judgment as a matter of right if he posts a bond in accordance with Fed.R.Civ.P. 62(d) and 73(d) . . . .") (emphasis added). No policy would be served by requiring a defendant to begin the appellate process prematurely before its Rule 50 motion is decided.

Date: November 18, 2008        DEWEY & LEBOEUF LLP

BY: __/s/ Jeffrey Kessler_____
Jeffrey L. Kessler
*Attorneys for Defendants*

2

Defs.' Mot. for Stay of Execution of Judgment Pending                    Civ. Action No. C07 0943 WHA
Disposition of Defs.' Renewed Mot. for Judgment as a Matter of Law