MANATT, PHELPS & PHILLIPS, LLP
RONALD S. KATZ (Bar No. CA 085713)
E-mail: rkatz@manatt.com
RYAN S. HILBERT (California Bar No. 210549)
E-mail: rhilbert@manatt.com
NOEL S. COHEN (California Bar No. 219645)
E-mail: ncohen@manatt.com
1001 Page Mill Road, Building 2
Palo Alto, CA 94304-1006
Telephone: (650) 812-1300
Facsimile: (650) 213-0260

MCKOOL SMITH, P.C.
LEWIS T. LECLAIR (Bar No. CA 077136)
E-mail: lleclair@mckoolsmith.com
JILL ADLER NAYLOR (Bar No. CA 150783)
E-mail: jnaylor@mckoolsmith.com
300 Crescent Court
Dallas, TX 75201
Telephone: (214) 978-4984
Facsimile: (214) 978-4044

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT

SAN FRANCISCO DIVISION

| | |
|---|---|
| HERBERT ANTHONY ADDERLEY, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION, a Virginia corporation, and NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a PLAYERS INC, a Virginia corporation,<br><br>Defendants. | CIVIL ACTION NO. C07 0943 WHA<br><br>**DECLARATION OF HERBERT ANTHONY ADDERLEY IN SUPPORT OF CLASS COUNSELS' APPLICATION FOR FEES, EXPENSES, AND AN INCENTIVE PAYMENT FOR CLASS REPRESENTATIVE, HERBERT ADDERLEY** |

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

ADDERLEY DECLARATION
ISO CLASS COUNSELS' APPLICATION
CASE NO. C 07-0943 WHA

I, Herbert Anthony Adderley, declare as follows:

1. I am a party to this lawsuit. I am submitting this Declaration in support of Class Counsels' application for an award of attorneys' fees in connection with services rendered in this action. The following declaration is based upon my personal knowledge. If called as a witness I could and would competently testify to the facts set forth herein.

2. I am a retired professional football player who played for more than 10 years in the National Football League ("NFL") for the Green Bay Packers and the Dallas Cowboys. I was elected to be a member of the professional football Hall of Fame in 1980.

3. I did not keep a contemporaneous record of the time I spent working on this case. However, based on my knowledge of the tasks I performed in connection with this case from February 2007 to the present, I believe that I spent over 550 hours assisting Plaintiffs' counsel in the prosecution of this case. This is a conservative estimate.

4. I spent approximately 10 hours assisting Plaintiffs' counsel on each of the three complaints that were filed in this action, for a total of 30 hours.

5. I also spent approximately 10 hours searching for and collecting documents in response to discovery requests sent by Defendants' counsel, and in specifically addressing Defendants' subsequent criticism of the scope of my document production, for which I eventually provided a signed declaration. In addition, I spent approximately 20 hours assisting Plaintiffs' counsel in responding to other discovery requests, including Plaintiffs' responses to Defendants' interrogatory requests, for which I provided a signed verification.

6. I spent approximately 30 hours reviewing correspondence from February 2007 to the present. This includes correspondence sent to and received by Plaintiffs' counsel by and from Defendants' counsel, as well as e-mails sent to me by Plaintiffs' counsel.

7. I spent approximately 8 hours a day for 4 days – for a total of 32 hours – in connection with my deposition. This includes time I spent preparing for and attending my deposition. This also includes time I spent subsequently reviewing the transcript of my deposition and working with Plaintiffs' counsel to correct errors in the transcript.

8. Over the last 20 months, I spent approximately 5 hours a day for 5 days – for a

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

2

ADDERLEY DECLARATION
ISO CLASS COUNSELS' APPLICATION
CASE NO. C 07-0943 WHA

total of 25 hours – meeting with counsel in connection with this case.

9. Even though I was precluded from seeing any of Defendants' confidential documents and information until May 2008, once I was allowed access to such documents, I spent approximately 180 hours reviewing them.

10. I spent approximately 10 hours a day for 24 days – for a total of 240 hours – in connection with the trial in this matter. This includes the time I spent attending every single day of trial (which began at 7:30 a.m.) despite my physical discomfort resulting from a back surgery, and the time I spent traveling from my home near Philadelphia to the location of the trial in San Francisco. It also includes the time I spent working with Plaintiffs' counsel to prepare for my role as a witness.

11. There were many retired players who supported me in this lawsuit. Attached as Exhibit A is an article referring to the type of support I received from retired players during trial. Many retired players also congratulated me upon hearing of the verdict. However, I am aware of the tension between retired players and the National Football League Players Association ("NFLPA"), as well as the tension that existed between retired players and Gene Upshaw who, up until August 2008, was the head of both the NFLPA and Players Inc.

12. I had a legitimate concern that Defendants would retaliate against me because of my participation in this lawsuit. For example, I am aware that Gene Upshaw told the press in June 2007 (4 months after this lawsuit was filed) that he would break the neck of Hall of Fame guard Joe DeLamielleure, a leading advocate of retired NFL players, for questioning the modest benefits retired players receive from their union. Attached as Exhibit B is an article discussing Mr. Upshaw's comment. In addition, I have witnessed firsthand Defendants' aggressive behavior in response to this lawsuit, including Defendants' counsel's aggressive (and oppressive) behavior towards me at my deposition and the demeaning statements they made about me when opposing Plaintiffs' motion for class certification. This behavior, combined with statements such as the one made about Mr. DeLamielleure by Mr. Upshaw, further confirmed my fear of retaliation.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on November 25, 2008.

_____
Herbert Anthony Adderley

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Palo Alto

4

ADDERLEY DECLARATION
ISO CLASS COUNSELS' APPLICATION
CASE NO. C 07-0943 WHA