# Dewey & LeBoeuf

Dewey & LeBoeuf LLP
1301 Avenue of the Americas
New York, NY 10019-6092

tel   +1 212 259 8050
fax  +1 212 259 7013
jkessler@dl.com

December 2, 2008

The Honorable William Alsup
United States District Court,
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:    *Parrish v. National Football League Players Association, et al.*
              **Case No. C07-0943 WHA**

Dear Judge Alsup,

      On November 26, 2008, Plaintiffs submitted (i) an Application for Preliminary and Final Determination of Costs, Fees, Expenses, and an Incentive Payment for Class Representative Herbert Adderley ("Application") (Rec. Doc. 584) and (ii) Bill of Costs (Rec. Doc. 583). Defendants respectfully submit that Plaintiffs' submissions are premature and that the Court should not address them until it decides Defendants' Renewed Motion for Judgment as a Matter of Law (Rec. Doc. 580) ("Rule 50 Motion").

      As previously set forth in Defendants' letter brief to the Court dated November 14, 2008 (Rec. Doc. 566), Defendants believe that it would be premature to now address Plaintiffs' Application for various fees and costs totaling over $9 million. Indeed, in light of Defendants' "very substantial" (Trial Tr. 2472:25-2473:14) Rule 50 Motion, there is a possibility that the judgment in favor of Plaintiffs may be reversed or modified. Because the reasonableness of Plaintiffs' Application depends on the amount of Plaintiffs' ultimate recovery, if any, it would be inefficient for the Court and the parties (including the absent class members) to respond to Plaintiffs' Application until after Defendants' Rule 50 Motion is decided. See Plaintiffs' Application, at 5 ("On behalf of the putative class, Herbert Adderley, as a class representative, signed a fee agreement, acknowledging that his lawyers would seek a portion of any recovery for expenses and fees.").

      Indeed, Plaintiffs were not even supposed to file their Application until after the Rule 50 Motion has been resolved. See Bailey v. County of Riverside, 414 F.3d 1023, 1025 (9th Cir. 2005) (". . . the requirement that the motion for attorneys' fees 'must be filed no later than 14 days after entry of judgment' is tolled pending the outcome of post-trial motions under Rule 50. . . . This is because those motions operate to suspend the finality of a district court's judgment. A 'judgment' for purposes of the Federal Rules of Civil Procedure includes a decree or order 'from which an appeal lies.' The judgment was not appealable during the pendency of the post trial motions in this case. Therefore, the Rule 54(d)(2)(B) motion for fees is timely if filed no later than 14 days after the resolution of a Rule 50(b) . . . motion.").

The Court has the discretion to decide Plaintiffs' Application at any time. See Fed. R. Civ. Proc. 23(h). In this case, the Court already has granted Defendants' Motion for Stay of Execution of Judgment Pending Disposition of Defendants' Renewed Motion for Judgment as a Matter of Law (Rec. Doc. 578), and thus there is presently no executable judgment from which Plaintiffs may recover the requested fees and costs in any event. Plaintiffs' Application is thus premature for this additional reason.

Similarly, it would be premature for Defendants to now respond to Plaintiffs' Bill of Costs, which also depends on the verdicts at issue in Defendants' Rule 50 Motion. Accordingly, Defendants request that the Court exercise its discretion under Rule 54(d) to stay taxation of such costs just as it exercised its discretion to stay the execution of the judgment. See Am. Infra-Red Radiant Co. v. Lambert Indus., Inc., 41 F.R.D. 161, 164 (D. Minn. 1966) (staying taxation of costs pending appeal); Estate of Pidcock v. Sunnyland America, Inc., 716 F. Supp. 1322, 1341 (S.D. Ga. 1989) ("postpon[ing] the awarding of costs until the resolution of the post-trial motions . . . ."); Salvatto v. County of Solano, No. Civ. S-04-0163, 2007 WL 2428082, *1 (E.D.Cal. Aug. 22, 2007) ("This court has discretion to stay costs until after disposition of appeal.").

For the foregoing reasons, Defendants respectfully request that the Court rule that Defendants' oppositions to Plaintiffs' Application and Bill of Costs are tentatively off the calendar (Defendants' oppositions are now due on December 18, 2008 and December 11, 2008, respectively), and that the Court will set a new briefing and hearing schedule, if necessary, after Defendants' Rule 50 motion has been decided.

Respectfully submitted,

/s/ Jeffrey L. Kessler
Jeffrey L. Kessler
Counsel for Defendants


cc:     Ronald S. Katz, Esq.