Todd Padnos (Bar No. 208202)
*tpadnos@dl.com*
DEWEY & LEBOEUF LLP
One Embarcadero Center, Suite 400
San Francisco, CA 94111
Tel: (415) 951-1100; Fax: (415) 951-1180

Jeffrey L. Kessler (*pro hac vice*)
*jkessler@dl.com*
David G. Feher (*pro hac vice*)
*dfeher@dl.com*
David Greenspan (*pro hac vice*)
*dgreenspan@dl.com*
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, NY 10019
Tel: (212) 259-8000; Fax: (212) 259-6333

Kenneth L. Steinthal (*pro hac vice*)
*kenneth.steinthal@weil.com*
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Tel: (650) 802-3000; Fax: (650) 802-3100

Bruce S. Meyer (*pro hac vice*)
*bruce.meyer@weil.com*
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000; Fax: (212) 310-8007

Attorneys for Defendants National Football League Players Association
and National Football League Players Incorporated d/b/a Players Inc

Dewey & LeBoeuf LLP
One Embarcadero Center, Suite 400
San Francisco, CA 94111

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| BERNARD PAUL PARRISH, HERBERT ANTHONY ADDERLEY, WALTER ROBERTS III, | Case No. C 07 0943 WHA |
| Plaintiffs, | **DEFENDANTS' OBJECTIONS TO PLAINTIFFS' BILL OF COSTS** |
| v. | |
| NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION and NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a/ PLAYERS INC, | |
| Defendants. | |

Defendants' Objections to Plaintiffs' Bill of Costs                    Civ. Action No. C07 0943 WHA

Pursuant to Federal Rule of Civil Procedure 54 and Local Rule 54-2, Defendants respectfully submit the following objections to Plaintiffs' Bill of Costs dated November 26, 2008.[1]

Under Fed. R. Civ. Proc. 54, a prevailing party may recover only those costs "necessarily obtained" for use in the case.[2] Terry v. Allstate Ins. Co., No. Civ. S-05-2261 RRB DAD, 2007 WL 3231716, at *1 (E.D. Cal. Nov. 1, 2007). The prevailing party bears the burden of stating its costs with the requisite specificity and justifying why its costs were necessarily incurred. Moreover, "the prevailing party necessarily assumes the risks inherent in a failure to meet that burden." Id. See also Ferreira v. M/V CCNI Antofagasta, No. 2:04-cv-1916-MCE-DAD, 2007 WL 3034941, at *1-*2 (E.D. Cal. Oct. 16, 2007) ("The mere recitation of the phrase 'necessarily incurred,' as Plaintiff has done in his bill of Costs, is not sufficient to meet the requirements of Section 1920 . . . Plaintiff has failed to provide the Court with any specific basis justifying" his costs.).

Here, Plaintiffs did not justify at all why their $92,000 in costs were necessarily incurred. Rather, Plaintiffs simply submitted, without any explanation, various charges they incurred in connection with this case, many of which cannot be taxed to Defendants as a matter of law. Thus, Plaintiffs' Bill of Costs should be rejected in its entirety or, in the alternative, should be substantially reduced.

**A. Plaintiffs Failed, in Violation of the Local Rules, to Provide Any Affidavit Justifying Their Costs**

In violation of Local Rule 54-1, Plaintiffs failed to justify their Bill of Costs with an affidavit, pursuant to 28 U.S.C. § 1924, stating that their costs are correctly stated, were necessarily incurred, and are allowable by law. See L.R. 54-1(a) ("[The bill of costs] must be supported by an affidavit, pursuant to 28 U.S.C. § 1924 . . .") (emphasis added). In fact,

---

[1] Pursuant to Local Rule 54-2, Defendants met and conferred with Plaintiffs regarding these Objections on December 10, 2008.

[2] 28 U.S.C. § 1920 allows the Court to tax, among other things, (i) fees of the clerk and marshal; (ii) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case and (iii) fees and disbursements for printing and witnesses.

Dewey & LeBoeuf LLP
One Embarcadero Center, Suite 400
San Francisco, CA 94111

Plaintiffs provide no explanation whatsoever why their $92,000 in costs were necessarily incurred, or even whether their costs were incurred in connection with one of the claims on which Plaintiffs ultimately prevailed. For this reason, Plaintiffs' Bill of Costs should be rejected outright.

Additionally, all of the claims asserted in this case by Bernard Parrish were voluntarily dismissed by him with prejudice. See Order Granting Bernard Paul Parrish's Unopposed Motion for Dismissal with Prejudice (Rec. Doc. 396) (Sept. 9, 2008). As to those claims, Defendants are the prevailing party within the meaning of the applicable rules and Plaintiffs, therefore, are entitled to none of their costs incurred in connection with those claims. See L.R. 54-1 (a) (permitting only "a prevailing party" to file a bill of costs); Marbled Murrelet v. Babbitt, No. C 95-3261 LCB, 1999 WL 193387, at *3 (N.D. Cal. April 5, 1999) (the defendant is the prevailing party on claims plaintiff voluntarily dismissed with prejudice). Because Plaintiffs made no effort to segregate the costs they incurred for Plaintiff Parrish's claims from the costs they incurred for the claims of the GLA Class, Plaintiffs' bill should be rejected.

But, even if Plaintiffs' bill is not rejected in its entirety, certain costs purportedly incurred by Plaintiffs are not taxable to Defendants as a matter of law and should be deducted from Plaintiffs' bill. Each is discussed below.[3]

**B. Fees of the Clerk**

Plaintiffs seek $655.00 in costs related to pro hac vice applications and a certificate of good standing for admission to the Court. See Plaintiffs' Bill of Costs, at Exh. A. Defendants have found no authority in this district allowing Plaintiffs to recover such costs. See Gidding v. Anderson, No. C-07-04755-JSW, 2008 WL 5068524, at *2 (N.D. Cal. Nov. 24, 2008) (disallowing assessment of court fees in connection with pro hac vice applications); MEMC Elec. Materials v. Mitsubishi Materials, No. C-01-4925 SBA (JCS), 2004 WL 5361246, at *1 (N.D. Cal. Oct. 22, 2004) ("Defendants concede that they are not entitled to the cost of . . . pro hac vice fees"). Moreover, these costs cannot be disassociated from the claims asserted by

---

[3] For the Court's convenience, Defendants are filing concurrently herewith as Exhibit A a list of all the costs to which Defendants specifically object.

Plaintiff Parrish, as to which Plaintiffs decidedly did not prevail. Thus, in its discretion, the Court should not tax these expenses to Defendants.

### C. Fees for Hearing and Trial Transcripts

Local Rule 54-3(b) provides that the costs of obtaining hearing and trial transcripts are taxable only for transcripts (i) necessarily obtained for an appeal, or (ii) which contain a statement by a Judge from the bench which is to be reduced to a formal order prepared by counsel. The cost of "other transcripts is <u>not normally allowable</u> unless, before it is incurred, it is approved by a Judge or stipulated to be recoverable by counsel." L.R. 54-3(b) (emphasis added). Here, Plaintiffs request over $31,000 in costs for hearing and trial transcripts, none of which were approved by a Judge or stipulated to be recoverable by Defendants' counsel. Further, Plaintiffs made no attempt to meet their burden to show that these transcripts – including daily trial transcripts costing over $19,000 – were necessarily obtained for any appeal or contain statements from a Judge that were reduced to a formal order prepared by Plaintiffs.[4] Thus, pursuant to the normal rule, these transcript costs should be disallowed. <u>See</u> <u>MEMC Elec. Materials</u>, 2004 WL 5361246, at *2 ("With respect to the hearing transcripts for the discovery motions, Defendants also fail to provide any persuasive argument for awarding these costs where they did not obtain the prior approval of a judge or the stipulation of Plaintiff, as required under Local Rule 54-3(b)(3)."); <u>Dunn & Fenley, LLC v. Allen</u>, No. 02-1750-JE, 2007 WL 2973549, at *6 (D.Or. Oct. 9, 2007) ("Though the trial transcript may have been of some use to counsel, it was not necessary within the meaning of § 1920, and this court does not routinely allow for the recovery of the costs of such transcripts.").

Plaintiffs' bill of costs for trial transcripts should be disallowed for the additional reason that the parties split the cost of daily transcripts, and the approximately $19,000 requested by

---

[4] This includes Plaintiffs' costs for the following: Sanctions Hearing Transcript, Case Management Conference Transcript, Hearing on Plaintiffs' Discovery Dispute, Hearing on Motion to Dismiss Second Amended Complaint, Hearing on Discovery Dispute, Class Certification Hearing, Hearing on Discovery Dispute, Summary Judgment Hearing, Summary Judgment Hearing (deposit), Pretrial Hearing, Trial Transcripts ($2,255.86), Trial Transcripts (deposit), Trial Transcript ($17,000), Trial Transcript ($607.24). <u>See</u> Plaintiffs' Bill of Costs, at Exh. C.

Plaintiffs represents their share of the costs, as Defendants have already paid the same amount to the reporter.[5]  See El Dorado Irrigation Dist. v. Traylor Bros., Inc., No. CIV. S-03-949 LKK/GGH, 2007 WL 512428, at *8 (E.D. Cal. Feb. 12, 2007) (deducting the cost of trial transcripts from the bill of costs because "[b]oth parties had requested a daily transcript and agreed to split the cost.  The amount [billed] represents TBI's share of the costs.").

Plaintiffs also seek at least $8,482.00 for "realtime" Live Note feed during trial.  See Plaintiffs' Bill of Costs, at Exhibit C pp. 58 ($671.00) and 63 ($7811.05).  It is well-settled that such costs are not "necessarily incurred" and, therefore, are not taxable.  Ishida Co., Ltd. v. Taylor, No. C-02-1617-JF(PVT), 2004 WL 2713067, at *1 (N.D. Cal. Nov. 29, 2004) (disallowing fees for realtime hookups, which are "extras"); El Dorado, 2007 WL 512428, at *11 (costs incurred for the convenience of counsel are not taxable).

Plaintiffs also seek the costs of multiple copies of hearing and trial transcripts.  See, e.g., Plaintiffs' Bill of Costs, at Exhibit C pp. 45 (original plus one copy), 63 (original plus two copies), 51 (same), 54 (same), 58 (original plus two copies), 63 (hard copy, "txt copy", pdf copies and condensed copy).  And, in some instances, Plaintiffs also seek to charge Defendants for additional rough ASCII copies of transcripts.  See Plaintiffs' Bill of Costs, at Exh. C pp. 48 (some portion of $132 charged for ASCII version), 61 ($214 charge for ASCII version).  Defendants have found no authority in this district that would allow Plaintiffs to recover the costs of multiple copies of hearing transcripts obtained from court reporters.  Moreover, costs for additional ASCII rough versions are never allowed.  Ishida Co., Ltd., 2004 WL 2713067, at *1 (disallowing costs for ASCII version).  Thus, all these costs should be disallowed.

Moreover, Plaintiffs seek to tax Defendants for the cost of expediting certain hearing transcripts.  See, e.g., Plaintiffs' Bill of Costs, at Exh. C pp. 54 and 45.  Costs for expedited delivery, however, are disallowed and must be deducted here.  Fresenius Med. Care Holdings,

---

[5] See Plaintiffs' Bill of Costs, at Exh. C, pp. 56 ("Included in that estimate:  Split cost of original transcript between Plaintiffs and Defendants"); 63 (charging for original and 2 pdf copies of trial transcript "split with defense counsel.").

Inc. v. Baxter Int'l, Inc., No. C 03-1431 SBA, 2008 WL 2020533, at *5 (N.D. Cal. May 8, 2008) ("Baxter is clearly not entitled to expediting fees and therefore such costs will not be allowed.").

Finally, Defendants may not be taxed for the cost of the motion hearings on which Defendants were the prevailing party. For example, Plaintiffs seek $101.40 for the transcript of a discovery dispute hearing held on June 11, 2008, and $217.80 for the transcript of a hearing held on Defendants' Motions to Dismiss the Second Amended Complaint. Defendants, however, were the prevailing parties with respect to both these hearings. See 6/11/2008 Discovery Dispute Hearing Tr. 10:24-11:4 ("The Motion to Compel is denied. The reason it's denied is that the salary paid to Upshaw is so far removed from the issues in this case, that I don't see any reason to invade his privacy and try [sic] make him the issue in this case.") and Order Granting Motions to Dismiss (Rec. Doc. 133) (Sept. 6, 2007). Cf. Solis v. Cty. of Los Angeles, 514 F.3d 946, 958-59 (9th Cir. 2008) (vacating bill of costs entered against prevailing party); Mills v. State of Cal., 320 F.3d 986, 989 (9th Cir. 2003) ("Here, the underlying case was dismissed without prejudice . . . Under these circumstances, the [defendant] is a 'prevailing party' and Rule 54(d) properly applies."). Similarly, Plaintiffs seek $132.00, which is presumably the full cost incurred by them to obtain the class certification hearing transcript.[6] Defendants, however, prevailed in part on Plaintiffs' Motion for Class Certification and, therefore, should not be taxed the full amount of Plaintiffs' costs. See Order Granting in Part and Denying in Part Plaintiffs' Motion for Class Certification (Rec. Doc. 275) (April 29, 2008).

### D. Deposition Transcripts

Plaintiffs are not entitled to any costs incurred in connection with the claims voluntarily dismissed by Bernard Parrish. Order Granting Bernard Paul Parrish's Unopposed Motion for Dismissal with Prejudice (Rec. Doc. 396) (Sept. 9, 2008). For purposes of those claims, Plaintiffs are not the prevailing party and, thus, may not recover any costs. See L.R. 54-1 (permitting only "a prevailing party" to file a bill of costs); Solis, 514 F.3d at 958-59; Marbled

---

[6] Additionally, the "Notice of Transcript Availability" provided by Plaintiffs regarding the class certification hearing transcript indicates that a copy of the transcript, ASCII and a condensed version of the transcript would cost Plaintiffs a total of $132.00. As set forth above, ASCII and condensed copies are not taxable. See Ishida, 2004 WL 2713067, at *1.

, 1999 WL 193387, at *3 (N.D. Cal. April 5, 1999) (the defendant is the prevailing party on claims plaintiff voluntarily dismissed with prejudice).  Accordingly, Plaintiffs' charges for $4,043.91 for the cost of Bernard Parrish's deposition, $1493.71 for the cost of Margaret Parrish's deposition, and some portion of $796.00 for videotape copies of these same depositions, see Plaintiffs' Bill of Costs, at Exhibit C at pp. 6, 28, 29, 30 and 31, should be deducted.  These depositions were taken by Defendants in connection with Mr. Parrish's claims on which Defendants were the prevailing party.  Thus, these costs are not allowable.

Plaintiffs also seek fees for video and stenographic copies of various depositions.  See, e.g., Plaintiffs' Bill of Costs, at Exh. C, pp. 13 ($2,487.92 charge for original transcript, rough transcript and video services); 8 ($4, 918.95 charge for, among other things, original transcript, stenographic copy of transcript, videotape copies, and word index).  This is not allowable where, as here, Plaintiffs provide no rationale "justifying why both [video and stenographic] copies were necessary for the litigation." Terry, 2007 WL 3231716, at *3, citing Nederhiser v. Foxworth, No. 05-787-KI, 2007 WL 1378602, at *2 (D.Or. May 7, 2007) (noting that "an award of costs for both transcribing and videotaping a deposition turns on whether both are reasonably necessary, which requires a showing beyond convenience or duplication to ensure alternative methods of presenting materials at trial.").  This is especially the case since the testimony of all the trial witnesses who testified by deposition was read into the record at trial, and not presented by videotape means.  Thus, Plaintiffs should (at most) be allowed to recover the costs they incurred in obtaining only the stenographic transcripts of such depositions.

Plaintiffs also apparently seek over $4,493.00 in costs for the expedited delivery of numerous deposition transcripts, including rough transcripts.  See, e.g., Plaintiffs' Bill of Costs, at Exhibit C pp.  11 ("daily delivery" fee); 16 ("immediate" rough transcript), 17 (expedited delivery fee for rough transcript), 26 (same), 28 (two-day delivery fee), 31 (expedited delivery fee), 32 (daily delivery fee), 33 (same), 39 ("immediate" rough transcript), 61 (expedited delivery fee), 25 (some portion of $4,313.21 for 4-day expedited rate), 36 (some portion of $3,475.55 fee for 1-day expedited rate).  The costs of expediting transcripts are not allowable as a matter of law and should be deducted.  Fresenius Med. Care Holdings, Inc., 2008 WL 2020533,

1    at *5 ("Baxter is clearly not entitled to expediting fees and therefore such costs will not be

2    allowed.").

3        Further, the local rules allow Plaintiffs to recover the cost of an original and one copy of

4    a deposition transcript, but not the cost of additional rough ASCII copy.  <u>See</u> L.R. 54-3(c)(1)

5    ("The cost of an original and one copy of any deposition (including video taped depositions) . . .

6    is allowable.").  However, Plaintiffs seek to charge Defendants for multiple rough ASCII

7    versions.  <u>See</u> <u>e.g.</u>, Plaintiffs' Bill of Costs, at Exhibit C pp. 16 (invoicing costs of an original,

8    certified copy, and $136.00 for additional rough copy), 17 ($706.00 for additional rough copy),

9    19 ($265.00 for rough ASCII disk); 11 ($222 charge for rough ASCII disk), 5 ($583 charge for

10   rough ASCII disk), 28 ($747 charge for rough ASCII disk), 31 ($273 charge for rough ASCII

11   disk), 32 ($364 charge for rough ASCII disk), 33 ($353.40 charge for rough ASCII disk), 39

12   ($136.50 charge for rough ASCII).[7]  These are not taxable costs.  <u>Ishida Co., Ltd.</u>, 2004 WL

13   2713067, at *1 (disallowing costs for ASCII transcripts); <u>Universal Trading & Investment Co. v.</u>

14   <u>Kiritchenko</u>, No. C-99-3073 MMC (EDL), 2008 WL 2156993, at *3 (N.D. Cal. May 21, 2008)

15   ("At the hearing, the Court asked Defendants whether certain costs claimed were recoverable,

16   namely postage and handling for transcript delivery, rough ASCII transcripts, and

17   expedition/rush costs.  Defendants agreed that they would subtract such costs out from their cost

18   bill . . .").

19       Plaintiffs also seek at least $245.00 for the cost of condensed versions of transcripts, <u>see</u>

20   <u>e.g.</u>, Plaintiffs' Bill of Costs, at Exh. C, pp. 5, 11, 19, 28, 31, 32, 33, 61, and at least $202.40 for

21   "word indexes" of at least one transcript.  <u>Id.</u> at 8.  Plaintiffs further seek at least $1000 for "real

22   time" Live Note feed or "synch" for various depositions.  <u>See</u> Plaintiffs' Bill of Costs, at Exh. C

23   pp. 6 (video capture & "synch"), 18, 27.  These costs, which are not "necessarily incurred," are

24   not allowable.  <u>Ishida Co., Ltd.</u>, 2004 WL 2713067, at *1 (disallowing fees for realtime hookups,

25   ASCII, mini-scripts, and e-transmissions of transcripts; "[w]hile these services may provide

26   

27   ―――――――――――――

[7] Plaintiffs also seek the cost of two video copies for at least one deposition, while the local rules allow Plaintiffs to recover the cost of only one copy.  <u>See</u> Plaintiffs' Bill of Costs, at Exh. C p. 39 (charge for 2 copies of video deposition); L.R. 54-3(c)(1) (allowing costs for the original transcript and one copy).

28   

―――――――――――――――――――――――――――――――――――――――――――――――――――

Defendants' Objections to Plaintiffs' Bill of Costs                    Civ. Action No. C07 0943 WHA

added convenience to counsel, they are 'extras' in addition to the one original and one copy of the transcript allowed under the rule. Accordingly, these costs properly were disallowed by the Clerk."); El Dorado, 2007 WL 512428, at *11 (costs incurred for the convenience of counsel are not taxable). These costs, therefore, should be subtracted from Plaintiffs' bill.

Finally, Plaintiffs seek the cost of various "invoice processing fees", which are to be "deducted if paid within 30 days." See, e.g., Plaintiffs' Bill of Costs, at Exh. C pp. 39 ($216.57), 16 ($91.42). Plaintiffs, however, provide no documentation that would allow Defendants to determine if such fees were ever deducted. These fees are not allowable costs.

### E. Fees for Witnesses

Taxable costs for "witness fees" include (i) witness attendance fees of $40 per day, 28 U.S.C. § 1821, (ii) subsistence payments and (iii) mileage payments. See L.R. 54-3(e) ("Per diem, subsistence and mileage payments for witnesses are allowable . . . No other witness expenses, including fees for expert witnesses, are allowable."). Plaintiffs, however, seek $2,058.60 in costs for service of subpoenas, which are not properly taxed as "witness fees." See, e.g., Plaintiffs' Bill of Costs, at Exh. B. These costs, therefore, should be deducted from Plaintiffs' bill.

### F. Fees for Exemplification and Costs of Making Copies

Plaintiffs wholly fail to state with any specificity their costs for exemplification and copying. Plaintiffs, for instance, tax Defendants $3,203.79 for copying costs of "images" and the production and duplication of "DVD's." See Plaintiffs' Bill of Costs at Exh. D. This does not even come close to meeting Plaintiffs' burden to state with specificity some justification for their expenses. Ferreira, 2007 WL 3034941, at *2-3 (rejecting bill for exemplification fees where Plaintiff provided no specific basis justifying the expense); El Dorado, 2007 WL 512428, at *10 (rejecting bill for costs of copies where "not enough has been done to explain and justify these costs"). These costs, therefore, should not be allowed.

# CONCLUSION

For all of the foregoing reasons, Plaintiffs' Bill of Costs should be rejected in its entirety or, in the alternative, the Court should exercise its discretion to reduce the amount of Plaintiffs' costs that are taxable to Defendants as reviewed above.

Date: December 11, 2008

DEWEY & LeBOEUF LLP

BY:   __/s/   David G. Feher_____
David G. Feher
*Attorneys for Defendants*