Todd Padnos (Bar No. 208202)
*tpadnos@dl.com*
DEWEY & LEBOEUF LLP
One Embarcadero Center, Suite 400
San Francisco, CA 94111
Tel: (415) 951-1100; Fax: (415) 951-1180

Jeffrey L. Kessler (*pro hac vice*)
*jkessler@dl.com*
David G. Feher (*pro hac vice*)
*dfeher@dl.com*
David Greenspan (*pro hac vice*)
*dgreenspan@dl.com*
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, NY 10019
Tel: (212) 259-8000; Fax: (212) 259-6333

Kenneth L. Steinthal (*pro hac vice*)
*kenneth.steinthal@weil.com*
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Tel: (650) 802-3000; Fax: (650) 802-3100

Bruce S. Meyer (*pro hac vice*)
*bruce.meyer@weil.com*
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000; Fax: (212) 310-8007

Attorneys for Defendants National Football League Players Association
and National Football League Players Incorporated d/b/a Players Inc

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| BERNARD PAUL PARRISH, HERBERT ANTHONY ADDERLEY, WALTER ROBERTS III,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION and NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a/ PLAYERS INC,<br><br>Defendants. | Case No. C 07 0943 WHA<br><br>**DEFENDANTS' RESPONSE TO CLASS COUNSEL'S FEE APPLICATION FOR PRELIMINARY AND FINAL DETERMINATION OF COSTS, FEES, EXPENSES, AND AN INCENTIVE PAYMENT FOR CLASS REPRESENTATIVE, HERBERT ADDERLEY** |

**MEMORANDUM OF LAW**

Defendants respectfully submit their response to Class Counsel's Application for Preliminary and Final Determination of Costs, Fees, Expenses, and an Incentive Payment for Class Representative, Herbert Adderley, as well as a Determination of Form of Class Notice and Scheduling Order, dated November 26, 2008 ("Fee App."). As set forth below, Class Counsel's requests for (i) thirty percent of the common fund in attorneys' fees and (ii) $60,000 as an incentive award for Mr. Adderley, are unreasonable as a matter of District of Columbia law and should be rejected. The Court should exercise its discretion to reduce these amounts so that the members of the GLA Class receive an appropriate share of the jury's judgment if that judgment is not overturned.[1]

### A. Class Counsel's Request for Thirty Percent of the Common Fund in Attorneys' Fees is Unreasonable

Under District of Columbia law, the factors to be applied in evaluating a request from Class Counsel for attorneys fees in a common fund case include: (i) the size of the fund created and the number of persons benefitted, (ii) the presence or absence of substantial objections by members of the class to the requested fees, (iii) the skill and efficiency of the attorneys involved, (iv) the complexity and duration of the litigation, (v) the risk of nonpayment, (vi) the amount of time devoted to the case by class counsel, and (vii) the awards in similar cases. In re Lorazepam & Clorazepate Antitrust Litig. Advocate Health Care v. Mylan Laboratories, Inc., No. MDL 1290(TFH), 99MS276(TFH), Civ. 99-0790(TFH), 2003 WL 22037741, at *8 (D.D.C. June 16, 2003).

As a practice, D.C. courts applying the Lorazepam factors "start with [a] 20% figure" and then only "make any necessary upward or downward adjustments." Fresh Kist Produce, L.L.C. v. Choi Corp., Inc., 362 F. Supp. 2d 118, 128 (D.D.C. 2005) (emphasis added) ("the seminal case in this area is Swedish Hospital" where "this court awarded plaintiffs' counsel twenty percent of

---

[1] Although defendants sometimes have no interest in how a common fund is divided between plaintiffs and class counsel, Defendants here have an interest in seeing that, if there is a judgment that is not overturned, an appropriate amount of the judgment goes to the members of the GLA Class, virtually all of whom are former NFL players.

the common fund.") (citing <u>Swedish Hosp. Corp. v. Shalala</u>, 1 F.3d 1261, 1272 (D.C. Cir. 1993) (dispute involving costs hospitals incurred administering Medicare programs)). Courts award more than twenty percent of the common fund only in cases involving "unusual circumstances." <u>Fresh Kist</u>, 362 F. Supp. 2d. at 131.[2] In this case, there are no "unusual circumstances" that would justify an attorneys' fees award of thirty percent. Even Class Counsel cannot identify a single similar case – for example, one involving common law contract or tort claims that was litigated over less than a two-year period – where a court awarded thirty-percent, or even anything close to that percentage amount, in fees.

Although Class Counsel claims that this litigation was "fraught with novel and complex issues related to liability, damages and class certification," Class Counsel does not specifically identify any such issues. In fact, this case, which involves common law breach of contract and breach of fiduciary duty claims, is less complex than the antitrust and securities cases on which Class Counsel relies. <u>See</u>, <u>e.g.</u>, <u>In re Lorazepam</u>, 2003 WL 22037741, at *8 ("it is undisputed that this complex [antitrust] litigation was vigorously litigated over a protracted [four-year] period of time."); <u>In re Baan Co. Securities Litig.</u>, 288 F. Supp. 2d 14, 22 (D.D.C. 2003) (awarding 28% in securities case involving unusual and complex jurisdictional issues). Indeed, antitrust cases are recognized as some of the most difficult cases to prosecute. <u>See</u> Yvette Ostolaza, <u>Overview of Arbitration Clauses in Consumer Financial Services</u> <u>Contracts</u>, 40 Tex. Tech L. Rev. 37, 54 (Fall 2007). ("Notably, the court distinguished antitrust lawsuits from suits under other federal laws, such as TILA, because the former were more complex and required substantially more time and resources to prosecute."); Falon M. Wrigley, <u>Kristian v. Comcast:</u> <u>Another Drop in the Bucket, or the Achilles Heel of Arbitration Agreements Banning Class</u> <u>Mechanisms</u>, 27 St. Louis Univ. Pub. L. Rev. 163, 193 (2007) ("unlike ADEA claims, antitrust law is so much more complex [and] requires more sophisticated analysis . . ."). This is significant because the "bulk of fee awards," even in complex antitrust cases, is <u>less than twenty-</u>

---

[2] The D.C. precedents are roughly consistent with Ninth Circuit practice, where the "benchmark" award is twenty-five percent, and awards normally range from twenty percent to as high as thirty percent in unusual cases. <u>See</u> <u>Paul, Johnson, Alston & Hunt v. Graulty</u>, 886 F.2d 268 (9th Cir. 1989).

five percent. In Re Ampicillin Antitrust Litig., 526 F. Supp. 494, 498 (D.D.C. 1981). The "complexity" factor does not weigh in favor of Class Counsel's request for a thirty percent fee award.

Moreover, this action – which took only twenty months from its filing to the trial – was also of shorter duration than other actions in which counsel was awarded less than thirty percent. See Democratic Cent. Comm. of D.C. v. Wash. Area Metro. Area Transit Comm'n, 3 F.3d 1568, 1574 (D.C. Cir. 1993) (awarding 23.3% after five years of litigation); Fresh Kist, 362 F.Supp. 2d at 130-131 (awarding 20% after four years of litigation); In re Baan, 288 F. Supp. 2d at 22 (awarding 28% after five years of litigation). The length of this case does not support a higher fee award. See Fresh Kist, 362 F. Supp. 2d at 130 ("four-year period of litigation, including a 21-month period of most intense activity" is "not significant enough" to weigh in counsel's favor for a higher award).

With respect to the factor regarding the amount of time devoted by counsel, 30% is appropriate only in cases, such as In re Lorazepam, that involve an unusual amount of litigation and discovery, e.g., "86 depositions, production, review and analysis of substantially more than a half-million pages of documents and approximately 91 CDs of data . . ., the filing by Class Counsel of at least 44 memoranda of law, [and] an appeal to the D.C. Circuit." 2003 WL 22037741, at *8. By contrast, in this case, no appeal was fully litigated in any circuit court, only approximately 20 depositions were taken, and fewer than 200,000 pages of documents (including third-party documents) were produced in discovery. The size of this case does not justify an upward adjustment in fees.

The efficiency factor also weighs against a thirty percent fee award. Class Counsel justifies their request for thirty percent of the common fund by trumpeting their "successful defeat" of "several motions to dismiss" and "an opposition to a motion seeking leave to file amended pleadings." Fee App. (Rec. Doc. 584) (Nov. 26, 2008), at 5. In fact, Defendants were the prevailing parties with respect to the only two ruled-upon motions to dismiss in this case – the NFLPA's Motion to Dismiss the Second Amended Complaint and Players Inc's Motion to

Dismiss the Second Amended Complaint. See Rec. Docs. 86 (July 6, 2007) and 87 (July 6, 2007). Plaintiffs filed three amended complaints in this action, with many of the claims in these complaints struck by the Court as deficient as a matter of law. See Order Granting in Part and Denying in Part Plaintiffs' Motion for Leave to File an Amended Complaint (Rec. Doc. 176) (Nov. 4, 2007). Indeed, much of the time Class Counsel expended in this case was devoted to prosecuting the meritless claims of putative class representative Bernard Parrish, whom the Court determined was so inappropriate to serve as a class representative that the Court disqualified Mr. Parrish from serving in that role.

Further, the Court has admonished Class Counsel for devoting resources to arguments that had no merit and wasting the time and resources of the Court, both in the pretrial proceedings and the trial itself. For example, in dismissing the claims in the Second Amended Complaint, the Court described that pleading as "smoke and mirrors." See Order Granting Motions to Dismiss (Rec. Doc. 133) (Sept. 6, 2007), at 4. During the hearing on Plaintiffs' motion to compel the salary information of Mr. Gene Upshaw, the Court admonished Counsel for pursuing discovery that had "nothing to do" with the case and advised Counsel to come up with a "better theory". See June 11, 2008 Hearing Tr. at 11 (Rec. Doc. 293). During the trial, Class Counsel was repeatedly told to stop wasting the Court's time and to pursue some theory having something to do with the GLA. See, e.g., Trial Tr. 1133:12-21 ("I want to say something to Plaintiffs here. You have some good points in this case. And a lot of them are getting buried in dribble . . . You are running to the constitution. You're running to the – that thing over their, their present reminder, which to my mind has nothing to do with this case . . . If your case comes down to 'pay homage to our former player,' you're going to lose."); 558:23-559:4 ("The Court is going to find that this is so far afield of the issues . . . is so far afield of the issues we've got for this jury it's going to confuse them, and it is just not fair to get into it.").[3] And, Plaintiffs seek to

---

[3] See also Trial Tr. 563:13-14 ("You used 96 minutes on this witness alone so far. And in my judgment, a lot of the time was wasted . . ."); 1134:6-12 ("COURT: Don't tell me it's central to the case. MR. HUMMEL: I didn't tell you it's central. I said – COURT: You said it was central to your case. If that's the truth, you might as roll this case up and go home now. Your case – you've got stronger points to make than that. But most of the time you're not making them.").

Dewey & LeBoeuf LLP
One Embarcadero Center, Suite 400
San Francisco, CA 94111

recover fees for the regular attendance at the trial of four separate partners (Mssrs. Hummel, Parcher, Katz, LeClair), one counsel (Ms. Naylor), and four associates (Mssrs. Hilbert, Cohen, Charhon and Garza). See Declaration of Ron Katz ("Katz Decl.") (Rec. Doc. 585) (Nov. 26, 2008), at 41-42 and Declaration of Lewis LeClair ("LeClair Decl.") (Rec. Doc. 586) (Nov. 26, 2008), at 37. In effect, Class Counsel added an entirely new trial team comprised of Mr. Parcher and Mr. Hummel on the eve of trial, in addition to the two partners who had worked on the case since its inception. By contrast, only two partners attended trial for Defendants on a daily basis. Class Counsel cannot claim an exceptional fee award based on the efficiency factor.

The remaining Lorazepam factors similarly do not support an increase in the fee award. The size of the fund ($28.1 million before the fee award) and the number of persons benefitted (2062) is not unusually high compared to other class actions. See, e.g., In re Baan, 288 F. Supp. 2d at 17 ($32.5 million fund and 17,500 potential class members), In re Vitamins Antitrust Litigation, No. Misc. 99-197 (TFH), MDL 1285, 2001 WL 34312839, at *1 (D.D.C. July 16, 2001) (over $1 billion fund and nearly 4,000 class members). And, there is not yet any basis to know whether the class members will object to the size of the proposed fee, inasmuch as the class has not yet received notice of the thirty percent amount proposed to be deducted from their award.

Finally, Class Counsel's lodestar amount of $6,907,298 – 24% of the common fund – is another indication that the 30% fee request is excessive. Under District of Columbia law, there is a "strong presumption" that any amount above the loadstar is not reasonable. See D.C. v. Patterson, 667 A.2d 1338, 1346 (D.C. 1995) quoting City of Burlington v. Dague, 505 U.S. 557, 561 (1992) ("[W]e have established a strong presumption that the lodestar represents the reasonable fee. Accordingly, the fee applicant who seeks more than that has the burden on showing that such adjustment is necessary to the determination of a reasonable fee.") (internal quotations omitted).[4] Under controlling District of Columbia law, Class Counsel's fee request, which would increase their fee by an additional 25% above the lodestar, should be denied.

---

[4] In the Ninth Circuit, the district court has discretion to apply the lodestar method, rather than the percentage-of-the-fund method. Pincay Investments Co. v. Covad Comm's Grp., 90

### B. Class Counsel's Request for a $60,000 Incentive Payment for Plaintiff Herb Adderley is Excessive

Class Counsel's request for $60,000 as an incentive award for Mr. Adderley is also excessive. Indeed, the highest amount ever previously awarded to any single class representative under D.C. law (according to Class Counsel's authority) is $20,000 – only one-third of the amount requested here. See Fee App. at 13, citing In re Lorazepam, 2003 WL 22037741, at *10.[5]

Under D.C. law, courts have authority to award only "modest compensation" to any class representative. In re Lorazepam, 2003 WL 22037741, at *10. The amount requested here – $60,000 – is far from "modest" and is, in fact, unprecedented under D.C. law. See Equal Rights Center v. Wash. Metro. Area Transit Authority, 573 F.Supp. 2d 205, 214 n.10 (D.D.C. 2008) (awarding only $5,000 and $1,000 to named plaintiffs and deposed class members despite their various disabilities, which made it difficult for them to attend court proceedings); Cohen v. Chilcott, 522 F. Supp. 2d 105, 124 (D.D.C. 2007) (awarding only $7,500 to named plaintiffs who fully participated in the action). The additional amount requested is especially excessive here since it would be a windfall to Mr. Adderley, who will also receive his share of the class damages award, in addition to the $13,000 he already received from Defendants for licensing during the class period. See Trial Exhibit 2056.

---

Fed.Appx. 510, 511 (9th Cir. 2004) ("In a common fund case, the district court has discretion to apply either the lodestar method or the percentage-of-the-fund method . . .").

[5] The cases that Class Counsel cited with incentive awards greater than $60,000 all involved multiple class representatives, with none of them individually receiving as much as $60,000.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs' fee application should be denied in part. If the judgment is not overturned, the Court should award Class Counsel reasonable fees in the amount of 20% of the common fund award, and an incentive fee to Mr. Adderley that is reasonable under the circumstances.

Date: December 18, 2008

DEWEY & LEBOEUF LLP

BY: \_\_\_\_/s/ David G. Feher_____
David G. Feher
*Attorneys for Defendants*

**Dewey & LeBoeuf LLP**
**One Embarcadero Center, Suite 400**
**San Francisco, CA 94111**