# Dewey & LeBoeuf

Dewey & LeBoeuf LLP
1301 Avenue of the Americas
New York, NY 10019-6092

tel   +1 212 259 8050
fax  +1 212 259 7013
jkessler@dl.com

January 27, 2009

The Honorable William Alsup
United States District Court,
Northern District of California
450 Golden Gate Avenue
San Francisco, CA  94102

       Re:    *Parrish v. National Football League Players Association, et al.*
                  **Case No. C07-0943 WHA**

Dear Judge Alsup,

       Defendants National Football League Players Association ("NFLPA") and National Football League Players Incorporated ("Players Inc") (collectively, "Defendants") hereby respond to the Court's request in its Order Denying All Post-Trial Motions, dated January 13, 2009, for a short memorandum on two issues related to a plan of distribution.

       In response to the Court's first inquiry – "whether it is necessary to approve a plan of distribution or take any further action before the case can go on appeal" – the answer is "no."  After diligent research, it does not appear that the Ninth Circuit has specifically addressed the Court's question, however, Ninth Circuit law does provide that when the merits of a case have been fully litigated before the district court, and judgment has been entered, the matter is "final" and thus appealable.  See Hensley v. Northwest Permanente P.C. Ret. Plan & Trust, 258 F.3d 986, 991 (9th Cir. 2001) ("[C]ourts of appeals have jurisdiction solely over appeals from 'final decisions of the district courts of the United States.'  A final decision 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'") (quoting 28 U.S.C. §1291 and Catlin v. United States, 324 U.S. 229, 233 (1945) (emphasis added)).  It is therefore unnecessary for the Court to approve a distribution plan or take any further action before Defendants' appeal can be heard.

       Moreover, Defendants agree with the Court that, in the interest of judicial economy, it would be premature to address a distribution plan, attorneys' fees, and an "incentive payment" for Mr. Adderley prior to the Ninth Circuit deciding Defendants' appeal.  In fact, counsel for Defendants met and conferred with counsel for Plaintiffs, and both parties agree that the merits have now been fully adjudicated, and thus this matter is "final" and ripe for appeal.

       All of that having been said, Defendants are aware of a Tenth Circuit case that holds that a distribution plan must be determined prior to appeal.  See Strey v. Hunt Int'l Resources Corp., 696 F.2d 87 (10th Cir. 1982).  This decision is obviously not controlling, nor do Defendants believe that its reasoning is sound.  Moreover, other courts that have addressed

this issue have found that a distribution plan need not be finalized prior to any appeal because issues related to the distribution do not touch on the merits of the case and "any further orders of [the district court] will not affect the basic outcome of the case and further rulings of this [district court] will be so independent of the issues presented on any appeal that repetitive judicial consideration of the same questions will not occur." Broussard v. Meineke Discount Muffler Shops, Inc., 958 F. Supp. 1087, 1112 (W.D.N.C. 1997), reversed on other grounds, 155 F.3d 331 (4th Cir. 1998); see also Parks v. Pavkovic, 753 F.2d 1397, 1402 (7th Cir. 1985) ("[T]he processing of the individual class members' claims will not be costless, so that if this appeal is allowed and the state persuades us that no damages should be awarded, an expensive computation involving thousands of bills will be avoided. If the district court's order is upheld, still nothing will have been lost by the appeal…. [N]othing remains pending in the district court except calculating the actual amount owed each class member, which as we have said is not the resolution of a separate claim but merely the disbursement stage following what we have determined to have been the final judgment on damages."). Defendants believe that this approach is both efficient and legally correct.

The Court's second inquiry was "whether notice and opportunity to be heard should be given to the class as to the proposed plan of distribution as to any attorneys' fee motion and/or a side bonus payment to the class representative." The answer to this question is "yes." The Federal Rules, in fact, require that class members be given notice and opportunity to object to Class Counsel's Motion for Attorney Fees. Fed. R. Civ. P. 23(h)(1)&(2); see, e.g., Fleury v. Richemont North America, Inc., No. C-05-4525 EMC, 2008 WL 3287154, *1 (N.D. Cal. Aug. 6, 2008). Additionally, Defendants believe that it would be appropriate for class members to be given notice of the proposed bonus payment to Mr. Adderley and any proposed distribution plan. Class members "have an interest in the arrangements for payment of class counsel," and have a similar interest in bonus payments to class representatives which come out of the class award. See Fed. R. Civ. P. 23(h)(1) advisory committee note to the 2003 Amendments; see also Fleury, 2008 WL 3287154, *1 (including notice of proposed incentive payment in Rule 23(h)(1) notice). As any objections from class members will assist the Court "to ensure an overall fee that is fair for counsel and equitable within the class," the notice to class members should disclose the proposed bonus payment and distribution plan. See Fed. R. Civ. P. 23(h) advisory committee note to the 2003 Amendments.

    Respectfully submitted,

    /s/ Jeffrey L. Kessler
    Jeffrey L. Kessler
    Counsel for Defendants

cc:    Ron S. Katz, Esq.