MANATT, PHELPS & PHILLIPS, LLP
RONALD S. KATZ (Bar No. CA 085713)
E-mail: rkatz@manatt.com
RYAN S. HILBERT (California Bar No. 210549)
E-mail: rhilbert@manatt.com
NOEL S. COHEN (California Bar No. 219645)
E-mail: ncohen@manatt.com
1001 Page Mill Road, Building 2
Palo Alto, CA 94304-1006
Telephone: (650) 812-1300
Facsimile: (650) 213-0260

McKOOL SMITH, P.C.
LEWIS T. LECLAIR (Bar No. CA 077136)
E-mail: lleclair@mckoolsmith.com
300 Crescent Court, Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| BERNARD PAUL PARRISH, HERBERT ANTHONY ADDERLEY, and WALTER ROBERTS, III on behalf of themselves and all others similarly situated,<br><br>Plaintiffs<br><br>vs.<br><br>NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION, a Virginia corporation, and NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a PLAYERS INC, a Virginia corporation,<br><br>Defendants. | CIVIL ACTION NO. C07 0943 WHA<br><br>MEMORANDUM RE FINALITY OF JUDGMENT AND PLAN OF DISTRIBUTION TO CLASS MEMBERS |

**Memorandum re Finality of Judgment and Plan of Distribution – Page 1**
**Civil Action No. C07 0943 WHA**

Dallas 271240v4

In its Order Denying All Post-Trial Motions dated January 13, 2009 ("Order"), this Court requested that the parties' submit short memoranda on the issue of whether it is necessary to approve a plan of distribution, rule on attorneys fees, or take any further action before the case can be treated as final for purposes of appeal.

Plaintiffs do not believe that the plan of distribution, including the award of attorneys' fees and any incentive award, needs to be determined before there is a final and appealable judgment. The judgment disposes of all claims against Defendants and provides complete finality on issues between the parties.

Generally, a 'final decision' is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945) (citation omitted). A plan of distribution is not merit-based; instead it would be a post-judgment collateral matter. In fact, the plan of distribution would likely not even directly involve Defendants in this matter. Further, Appellate Rule 4(a)(4)(i) provides that the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion for judgment under Rule 50(b). In this case, the Order Denying All Post-Trial Motions disposed of Defendants' Rule 50(b) Motion.

Moreover, Rule 54 provides for separate post-judgment proceedings on attorneys fees and costs. Fed.R.Civ.P. Rule 54; *see also, U.S. ex rel. Shutt v. Community Home and Health Care Services, Inc.,* 550 F.3d 764, 766 (9th Cir. 2008) ("[W]e held that a district court retains the power to award attorney's fees after a notice of appeal from the decision on the merits has been filed [citation omitted], and adopted the "bright-line rule" that "all attorney's fees requests are collateral to the main action," rendering a " judgment on the merits ... final and appealable even though a request for attorney's fees is unresolved. . . ."). Logically, proceedings with respect to a

**Memorandum re Finality of Judgment and Plan of Distribution – Page 2**
**Civil Action No. C07 0943 WHA**

Dallas 271240v4

plan of distribution should be treated in the same way and at the same time, since fees and costs and any incentive award directly effect the plan of distribution. It would be potentially wasteful of the Court's and the parties' time and resources to engage in the process of approving distribution, including notice to the class, prior to any resolution of the major issues on appeal.

There is little case law directly on point and none found from the Ninth Circuit. The Seventh Circuit has recognized in a class action where all that remained to be done in the district court was for the members of the class to submit receipts or other evidence showing what they had paid or still owed the institutions "the determination of damages will be mechanical and uncontroversial, so that the issues the defendant wants to appeal before that determination is made are very unlikely to be mooted or altered by it--in legal jargon, if only a "ministerial" task remains for the district court to perform--then immediate appeal is allowed." *Parks v. Pavkovic*, 753 F.2d 1397, 1401-02 (7th Cir.) *cert. denied*, 473 U.S. 906 (1985). After noting the general rule that an order that leaves the determination of damages to a future proceeding is not final, the Court noted that such a decision is sufficiently final if the issues presented in the appeal are unlikely to be mooted or altered by the damage computation and further proceedings in the trial court are unlikely to make the appeal moot or even affect the issues on appeal. In that case, there is no reason to delay the appeal while they are resolved; and the delay may be a source of cost. *Parks,* 753 F.2d at 1401-02. Applying this test, the court concluded that "[a]lthough computing the money owed each class member is not automatic, it is mechanical, is unlikely to engender dispute or controversy, and will require no analytic or judgmental determinations that might affect the questions now before us or give rise to other appealable questions" because even in the "unlikely event that any appealable issues arise in computing each class member's entitlement to damages, they will not be factually similar to

those raised by the present appeal, so there will be no judicial diseconomy if they are considered in a separate appeal." *Parks,* 753 F.2d at 1402; *see also Broussard v. Meineke Discount Muffler Shops, Inc.*, 958 F .Supp. 1087, 1112 (W.D.N.C. 1997) (judgment final after a jury trial in class action and jury verdict on claims and defenses because all that remained was for the allocation of damages to individual class members in light of the formula adopted by the Court), *rev'd on other grounds*, 155 F.3d 331 (4th Cir. 1998); 15B Fed. Prac. & Proc. Juris.2d § 3915.2; *but compare Strey v. Hunt Int'l Resources Corp.*, 696 F.2d 87, 88 (10th Cir. 1982), *cert. denied*, 479 U.S. 870 (a judgment awarding damages in favor of the plaintiff class, but which did not provide for a division of damages among class members, for disposition of any funds that went unclaimed by class members, or for measure of attorney fees to be assessed against the common fund, was not an appealable final decision.)[1]

Plaintiffs suggest that a plan of distribution in this case is more ministerial than substantial, in that the award will simply be divided by an equal share methodology. The plan of distribution is mechanical and non-controversial. Immediate appeal would be useful, since it would avoid the costs of the ministerial process if Defendants should prevail. Should Defendants lose, nothing would be lost by the appeal; there would be no duplication of effort should some unlikely dispute lead to subsequent appeals over the amount due any particular Plaintiff. *Id.* Thus, Plaintiffs believe that this matter is similar to *Parks v. Pavkovic* and that a

---

[1] More recently, the Eleventh Circuit in *Robbins v. Koger Properties, Inc*., 116 F.3d 1441, 1446 (11th Cir. 1997), left the question undecided. In *Robbins,* the trial court denied the defendant's post-trial motions, entered judgment and an order directing final judgment, and retained jurisdiction to supervise the distribution of the award to the plaintiff class. The court also certified its judgment, the order directing judgment, and the jury verdict for appeal as involving "a controlling question of law as to which there is substantial ground for difference of opinion" pursuant to 28 U.S.C § 1292(b). The appellate court granted appeal and held that: "[g]iven our jurisdiction under § 1292(b), we need not decide whether a judgment that reserves jurisdiction over distribution of an award to a plaintiff class is an appealable final judgment." *Id.*

plan of distribution, including an award of attorneys' fees and incentive award, need not be determined before the court can render an appealable judgment.

The Order also requests a response to whether notice and an opportunity to be heard should be given to the class as to the proposed plan of distribution and as to any attorneys fee motion and/or an incentive payment to the class representative. Plaintiffs do believe that such a hearing is required and would expect to notice such a hearing to the entire class.

Rule 23(d)(1)(B) provides that the court may issue orders that require – to protect class members and fairly conduct the action – giving appropriate notice to some or all class members of: (i) any step in the action; (ii) the proposed extent of the judgment; or (iii) the members' opportunity to signify whether they consider the representation fair and adequate, to intervene and present claims or defenses, or to otherwise come into the action. Specifically, with regard to attorneys' fees, Rule 23(h) provides that in a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement. The following procedures apply:

> (1) A claim for an award must be made by motion under Rule 54(d)(2), subject to the provisions of this subdivision (h), at a time the court sets. Notice of the motion must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner.
>
> (2) A class member, or a party from whom payment is sought, may object to the motion.
>
> (3) The court may hold a hearing and must find the facts and state its legal conclusions under Rule 52(a).

Thus, at least for the attorney's fees application, notice and a hearing are required. Plaintiffs are not aware of any similar mandate for a distribution plan or incentive payment.

However, Rule 23(e)(1) provides that with regard to a settlement or compromise, the court must direct notice in a reasonable manner to all class members who would be bound by the proposal. If the proposal would bind class members, the Court may approve it only after a hearing and finding that it is fair, reasonable, and adequate. Rule 23(e)(2). In the case of settlement, the distribution of the award and incentive awards are often key components of a settlement agreement and objections by class members are considered at a fairness hearing. *See, e.g., In re Lorazepam & Clorazepate Antitrust Litigation,* 2003 WL 22037741, 5 (D.D.C. 2003); *see also, Vista Healthplan, Inc. v. Warner Holdings Co. III, Ltd.*, 246 F.R.D. 349, 356 (D.D.C. 2007); *Cohen v. Chilcott*, 522 F.Supp.2d 105, 113 (D.D.C. 2007). Thus, it is customary, at least in the settlement context, to notify class members of any distribution plan and incentive awards. For that reason, Plaintiffs believe it is appropriate to give such notice in this matter at the appropriate time, *i.e.*, after any appeal on the merits has been decided. The need for notice and a hearing is another reason that it would be most efficient to delay the plan of distribution as well as the award of attorneys fees so that a single notice and hearing can resolve both pending issues, after resolution of any appeal on the merits.

Dated: January 27, 2009

Respectfully submitted,

MANATT, PHELPS & PHILLIPS, LLP

By: /s/ Ronald S. Katz
    Ronald S. Katz (SBN 085713)
    Ryan S. Hilbert (SBN 210549)
    Noel S. Cohen (SBN 219645)
1001 Page Mill Road, Building 2
Palo Alto, CA 94304-1006
Telephone: (650) 812-1300
Facsimile: (650) 213-0260

MCKOOL SMITH, P.C.
Lewis T. LeClair (SBN 077136)
Jill Adler Naylor (SBN 150783)
300 Crescent Court
Dallas, TX 75201
Telephone: (214) 978-4984
Facsimile: (214) 978-4044

*Attorneys for Plaintiffs*

Dallas 271240v4