1   MANATT, PHELPS & PHILLIPS, LLP
    RONALD S. KATZ (Bar No. CA 085713)
2   E-mail:  rkatz@manatt.com
    RYAN S. HILBERT (California Bar No. 210549)
3   E-mail:  rhilbert@manatt.com
    NOEL S. COHEN (California Bar No. 219645)
4   E-mail:  ncohen@manatt.com
    1001 Page Mill Road, Building 2
5   Palo Alto, CA  94304-1006
    Telephone:  (650) 812-1300
6   Facsimile:  (650) 213-0260

7   MCKOOL SMITH, P.C.
    LEWIS T. LECLAIR (Bar No. CA 077136)
8   E-mail: lleclair@mckoolsmith.com
    JILL ADLER NAYLOR (Bar No. CA 150783)
9   E-mail: jnaylor@mckoolsmith.com
    300 Crescent Court
10  Dallas, TX 75201
    Telephone:  (214) 978-4984
11  Facsimile:  (214) 978-4044

12  *Attorneys for Plaintiffs*

13                  UNITED STATES DISTRICT COURT

14                 NORTHERN DISTRICT OF CALIFORNIA

15                    SAN FRANCISCO DIVISION

16

17  HERBERT ANTHONY ADDERLEY, on            CIVIL ACTION NO. C07 0943 WHA
    behalf of himself and all others similarly
18  situated,                               **NOTICE OF MOTION AND MOTION
                                            FOR PRELIMINARY APPROVAL OF
19            Plaintiffs,                    SETTLEMENT**

20        vs.                               Date:   Thursday, August 20, 2009
                                            Time:  8:00 a.m.
21  NATIONAL FOOTBALL LEAGUE                Judge: Honorable William H. Alsup
    PLAYERS ASSOCIATION, a Virginia         Place:  Courtroom 9, 19th Floor
22  corporation, and NATIONAL FOOTBALL
    LEAGUE PLAYERS INCORPORATED
23  d/b/a PLAYERS INC., a Virginia
    corporation,
24
              Defendants.
25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP      20210136.1                    NOTICE OF MOTION AND MOTION FOR
ATTORNEYS AT LAW                                 PRELIM. APPROVAL OF SETTLEMENT
PALO ALTO                                        CASE NO.  C 07-0943 WHA

                                                          Dockets.Justia.com

1

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

2

**PLEASE TAKE NOTICE** that on August 20, 2009 at 8:00 a.m. in the above-entitled

3   Court, Plaintiff Herbert Adderley, on behalf of himself and the certified Class (the "Class"), by

4   undersigned counsel, will and hereby does respectfully move the Court for an order granting

5   preliminary approval of a settlement between the Class and Defendants. Plaintiffs seek an order

6   preliminarily approving the settlement described in the Settlement Agreement attached hereto,

7   directing that notice of the settlement be given to the Class, and setting a schedule for final

8   approval of that settlement.

9

Dated:    July 13, 2009                    MANATT, PHELPS & PHILLIPS, LLP

10

11

12          By:  _____Ronald S. Katz_____.
                       Ronald S. Katz (SBN 085713)
                       Ryan S. Hilbert (SBN 210549)
13                     Noel S. Cohen (SBN 219645)
                 MANATT, PHELPS & PHILLIPS, LLP
14               1001 Page Mill Road, Building 2
                 Palo Alto, CA  94304-1006
15               Telephone:    (650) 812-1300
                 Facsimile:     (650) 213-0260
16
                 McKOOL SMITH, P.C.
17               Lewis T. LeClair, Esq.
                 Jill Adler Naylor
18               300 Crescent Court
                 Suite 1500
19               Dallas, TX 75201
                 214-978-4984
20               214-978-4044 (fax)

21               *Attorneys for Plaintiff*

22

23

24

25

26

27

28

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

## I.   INTRODUCTION

3        Plaintiff Herbert Adderley ("Plaintiff"), by undersigned counsel, respectfully submits this

4    memorandum in support of his motion for an order: (i) preliminarily approving the settlement of

5    this class action with Defendants National Football League Players Association ("NFLPA") and

6    National Football League Players Incorporated d/b/a Players Inc ("Players Inc.") (collectively, the

7    "Defendants"); (ii) approving the form and manner of notice of the settlement to members of the

8    Class, and (iii) setting a schedule for remaining proceedings in the case, including notice,

9    objections, and the request for final approval of the settlement and entry of final judgment.

10    Defendants join in the relief that Plaintiff and the Class request in this motion, but do not stipulate

11    to, and do not necessarily agree with, all of the statements made in this memorandum.

12        After more than two years of hard-fought litigation, Plaintiff and his counsel have

13    obtained an excellent result by entering into a settlement with Defendants.   Pursuant to a

14    settlement agreement between Plaintiffs and Defendants, executed on June 5, 2009 (the

15    "Settlement Agreement"), Defendants have agreed to pay $26,250,000 in cash, which will earn

16    interest until distribution, in order to resolve this action.   The Settlement Agreement, attached

17    hereto as Exhibit 1, was achieved through extensive arms-length negotiations by experienced

18    counsel and was based on the parties' comprehensive knowledge of the relative strengths of their

19    respective positions. Risks of continued litigation for the Class exist because litigation could lead

20    to a recovery substantially smaller than the settlement, or to no recovery at all. Defendants have

21    strongly denied Plaintiffs' allegations, that they engaged in wrong-doing, or have any liability

22    whatsoever, and, represented by able counsel, have expended substantial resources defending the

23    case.

24        Despite this vigorous defense, the settlement amounts to a significant recovery for the

25    Class—a very large percentage of the jury's $28.1 million verdict in this matter, without the risk

26    of a reversal on appeal.   In light of this excellent result for the Class, Plaintiff seeks preliminary

27    approval of the Settlement Agreement, and requests that the Court order that notice of the

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

202101361.1                                        1                NOTICE OF MOTION AND MOTION FOR
                                                                    PRELIM. APPROVAL OF SETTLEMENT
                                                                    CASE NO. C 07-0943 WHA

1    settlement be given to the Class and begin the process to determine whether final approval of the

2    Settlement Agreement should be granted.

3    **II.     BACKGROUND**

4           **A.     Overview of the Litigation**

5           On April 29, 2008, the Court ruled that this lawsuit may proceed as a class action with

6    Herbert Adderley as class representative.  The Court subsequently modified this ruling on June 9,

7    2008, and defined the Class as:

> All retired NFL players who executed a group licensing
> authorization form (GLA) with the NFLPA that was in effect at any
> time between February 14, 2003 and February 14, 2007 and which
> contains the following language: '[T]he moneys generated by such
> licensing of retired player group rights will be divided between the
> player and an escrow account for all eligible NFLPA members who
> have signed a group licensing authorization form.'

13          After extensive discovery and litigation, including the extensive utilization of experts and

14   previous failed settlement negotiations, the parties proceeded to a 3-week jury trial in this Court.

15   On November 10, 2008, the jury returned a verdict against Defendants that, among other things,

16   awarded the Class a total of $7.1 million in actual damages and $21 million in punitive damages,

17   both arising solely from the alleged breach of fiduciary duty.   On January 28, 2009, final

18   judgment was entered by the Court in the amount of $28.1 million.   On February 3, 2009,

19   Defendants filed an appeal with the United States Court of Appeals for the Ninth Circuit.

20   Defendants' grounds for appeal likely would have included contesting fundamental issues, such

21   as class certification and choice of law, various evidentiary issues, and the verdict and resultant

22   judgment.

23          Pursuant to the Settlement Agreement, the parties filed a joint stipulation to request that

24   the Ninth Circuit dismiss Defendants' appeal without prejudice to reinstatement on June 15, 2009,

25   pending this Court's consideration of the parties' request for approval of the settlement.   The

26   Ninth Circuit granted that request on June 29, 2009, and returned jurisdiction over this case to this

27   Court.

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

20210136.1                    2              NOTICE OF MOTION AND MOTION FOR
                                             PRELIM. APPROVAL OF SETTLEMENT
                                             CASE NO. C 07-0943 WHA

1

**B.    Allegations of the Class and Defendants' Response**

2    Plaintiff Herbert Adderley, individually and as class representative, contends that

3    Defendants, in breach of their contractual and fiduciary obligations, failed to pay to Adderley and

4    the Class their share of the guaranteed licensing revenues generated by Group Licensing

5    Authorizations ("GLAs").    The NFLPA promoted GLAs through a Retired Player Group

6    Licensing Program and which granted the NFLPA the right to use the player's name, signature,

7    facsimile, voice, picture, photograph, likeness and/or biographical information in the Retired

8    Group Licensing Program.    The GLA defines a "group licensing program" as any program or

9    license "in which a licensee utilizes a total of six (6) or more present or former NFL player

10    images in conjunction with or on products that are sold at retail or used as promotional or

11    premium items."   Plaintiff Adderley alleges that the GLA and the totality of the circumstances,

12    including the relationship between the retired player and his union, the NFLPA, created a

13    fiduciary relationship between the Class members and Defendants.

14    Adderley and Class Counsel understand that after soliciting and acquiring the GLAs, the

15    NFLPA assigned these rights to Players Inc., which in turn, entered into profitable group

16    licensing agreements with several third parties, such as Electronic Arts and Topps, that generated

17    millions of dollars in revenues for Players Inc. In the class action, plaintiff Adderley alleges that

18    Defendants, in breach of their contractual and fiduciary obligations, failed to pay to Adderley and

19    the Class their share of licensing revenue and instead kept those monies.

20    Plaintiff Adderley also alleges that Defendants failed to negotiate vigorously for inclusion

21    of retired players in licensing programs, in breach of their obligations as agents of the Class

22    Members, and, in other cases, that Defendants negotiated for below-market rates for retired player

23    licenses, in breach of their obligations.   In any case, Adderley alleged that Defendants failed to

24    report or disclose any information to the Class Members information regarding the licenses, fees,

25    escrow account, or royalties of the collective group licensing, and that this failure allegedly

26    constitutes a breach of fiduciary duties.

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

20210136.1                          3                    NOTICE OF MOTION AND MOTION FOR
                                                         PRELIM. APPROVAL OF SETTLEMENT
                                                         CASE NO. C 07-0943 WHA

1   Defendants NFLPA and Players Inc. deny all of Adderley's allegations and deny that they

2   engaged in any wrongdoing, or have any liability, whatsoever. However, Defendants have agreed

3   to pay $ 26,250,000 to settle all claims and put an end to this litigation.

4   **C.      Litigation and Trial**

5   The jury verdict and resultant judgment was achieved after nearly two years of vigorous

6   and hard-fought litigation. During this time, Class Counsel spent thousands of hours of attorney

7   and paralegal time analyzing hundreds of thousands of pages of documents; conducting multiple

8   depositions across the country; drafting numerous briefs and motion papers; battling over class

9   certification and pleading amendments, including a motion for summary judgment and motions to

10  decertify the class; participated in numerous court hearings; consulted with accounting and

11  damage experts; and conducted a three-week jury trial. Several attorneys and paralegals worked

12  on this case on a nearly exclusive basis for months at a time.

13  The Action was hard-fought and intense from beginning to end opposing well-funded,

14  able and tenacious Defense counsel from multiple law firms. Thus, based upon their extensive

15  investigation, consultation with experts, and their evaluation of the jury's verdict, the judgment

16  and pending appeal and overall familiarity with the issues, Class Counsel and Class

17  representative, Herbert Adderley, believe that the Settlement Agreement is fair, reasonable, and

18  adequate and in the best interests of the Class.

19  **III.    SUMMARY OF SETTLEMENT TERMS**

20  Subject to Court approval, Defendants will pay $26,250,000 (Twenty-Six Million Two

21  Hundred Fifty Thousand Dollars) into an interest-bearing Escrow Account, the "Gross Settlement

22  Amount." The Gross Settlement Amount will be paid in two installments. Defendants paid into

23  the Escrow Account the sum of Thirteen Million One Hundred Twenty-Five Thousand Dollars

24  ($13,125,000), constituting one half of the Settlement Amount on July 13, 2009. If the Court

25  approves the Settlement, and there are no appeals of the Court's ruling, then by June 5, 2010, the

26  Defendants will pay into the Escrow Account another Thirteen Million One Hundred Twenty-

27  Five Thousand Dollars ($13,125,000).

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

20210136.1                      4                  NOTICE OF MOTION AND MOTION FOR
                                                    PRELIM. APPROVAL OF SETTLEMENT
                                                         CASE NO. C 07-0943 WHA

1    The Settlement Agreement further provides that attorneys' fees, costs, incentive fee, and

2    expenses may be paid out of the Settlement Fund (as defined by the Settlement Agreement) after

3    Court approval.  Class Counsel will request reimbursement for a portion of their attorneys' fees

4    and litigation costs and expenses.  Class Counsel will apply to the Court for an award from the

5    Settlement Fund of approximately $1.7 million in litigation and settlement expenses incurred on

6    behalf of the Class, and for attorneys' fees in an amount equal to 30% of the remaining settlement

7    fund after deduction of the amount that the Court awards for the litigation and settlement

8    expenses that Class Counsel incurred on behalf of the Class.  All costs, fees and expenses will be

9    paid solely out of the Settlement Fund.  Each Class Member will be paid from the remainder of

10   the Settlement Fund, (the "Net Settlement Amount" as defined by the Settlement Agreement), in

11   accordance with the Distribution Plan, as approved by the Court.  The proposed Distribution Plan

12   divides the Net Settlement Amount on a per year basis (2003, 2004, 2005 and 2006) in what Class

13   Counsel understands to be the same percentage as the active players received.  The Distribution

14   Plan is attached hereto as Exhibit 2.

15   In exchange, each Class Member will release the Defendants and Releasees from any and

16   all claims, demands and causes of action, whether known or unknown, that relate to any conduct

17   prior to the date of the Settlement Agreement and arising out of or related in any way to any

18   conduct alleged or that could have been alleged in the Class Action, as set forth in the Settlement

19   Agreement.

20   **IV.    THE COURT SHOULD GRANT PRELIMINARY APPROVAL OF THE**
         **SETTLEMENT AND DISTRIBUTION PLAN.**

21

22          **A.    Standard for Approval**

23   As protection for absent Class members, Rule 23(e) requires that a class action only be

24   settled with the approval of the Court.  *See Officers for Justice v. Civil Serv. Comm'n of San*

25   *Francisco*, 688 F.2d 615, 623-24 (9th Cir. 1982).  To grant such approval, the Court must

26   determine whether the settlement is "fundamentally fair, adequate, and reasonable."  *Hanlon v.*

27   *Chrysler*, 150 F.3d 1011, 1026 (9th Cir. 1998).  The Court conducts a balancing of several factors

28   in making this assessment, such as: (1) the risk, expense, complexity, and likely duration of

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

20210136.1                          5                   NOTICE OF MOTION AND MOTION FOR
                                                        PRELIM. APPROVAL OF SETTLEMENT
                                                        CASE NO. C 07-0943 WHA

1  further litigation; (2) the risk of maintaining class action status through trial; (3) the amount

2  offered in settlement; (4) the extent of discovery completed and the stage of the proceedings;

3  (5) the experience and views of counsel; and (6) the reaction of the Class members to the

4  proposed settlement. *Officers for Justice*, 688 F.2d at 625; *In re Critical Path Inc.*, 2002 WL

5  32627559, at *5 (N.D. Cal. June 18, 2002). The Court can give varying weight to these or other

6  factors, depending on the circumstances of the particular case. *Officers for Justice*, 688 F.2d at

7  625. Ultimately, review is limited to the extent necessary "to reach a reasoned judgment that the

8  agreement is not the product of fraud or overreaching by, or collusion between, the negotiating

9  parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all

10  concerned." *Id.* ("Ultimately, the district court's determination is nothing more than 'an amalgam

11  of delicate balancing, gross approximations and rough justice.'") (quoting *City of Detroit v.*

12  *Grinnell Corp.*, 495 F.2d 448, 468 (2d Cir. 1974)).

13       Obtaining court approval of a class action settlement is a two-step process. "First, the

14  judge reviews the proposal preliminarily to determine whether it is sufficient to warrant public

15  notice and a hearing. If so, the final decision on approval is made after the hearing." Manual For

16  Complex Litigation (Fourth) § 13.14 (2007); *see also* 4 Newberg on Class Actions § 11:25, at 38-

17  39 (4th ed. 2008). The first step is a preliminary, pre-notification hearing to determine whether

18  the proposed settlement is "within the range of possible approval." *Newberg*, § 11.25, at 38-39

19  (quoting Manual for Complex Litigation § 30.41 (3rd ed. 1995)). At the preliminary approval

20  stage, the court makes only "a preliminary determination on the fairness, reasonableness, and

21  adequacy of the settlement terms and must direct the preparation of notice of the . . . proposed

22  settlement, and date of the final fairness hearing." Manual For Complex Litigation § 21.632.

23  Because preliminary approval is merely a provisional step beginning the settlement approval

24  process, any doubts are resolved in favor of preliminary approval. *See In re Traffic Executive*

25  *Ass'n E.R.R.s v. Long Island R.R. Co.*, 627 F.2d 631, 634 (2d Cir. 1980) (preliminary approval "is

26  at most a determination that there is what might be termed 'probable cause' to submit the

27  proposal to class members and hold a full-scale hearing as to its fairness"). Notice of a settlement

28  should be sent where "the proposed settlement appears to be the product of serious, informed,

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

20210136.1                6                NOTICE OF MOTION AND MOTION FOR
PRELIM. APPROVAL OF SETTLEMENT
CASE NO. C 07-0943 WHA

1    non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential

2    treatment to class representatives or segments of the class, and falls within the range of possible

3    approval." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007).

4          Likewise, the Court has broad discretion in approving a Plan of Distribution. *See Class

5    Plaintiffs v. Seattle*, 955 F.2d 1268, 1284 (9th Cir. 1992); *In re Heritage Bond Litig.*, 2005 WL

6    1594403, 11 (C.D. Cal. 2005).  Approval of a plan of allocation of settlement proceeds in a class

7    action under Federal Rule of Civil Procedure 23 is governed by the same standards of review

8    applicable to approval of the settlement as a whole: the plan must be fair and reasonable. *See

9    Class Plaintiffs*, 955 F.2d 1268, 1284-85; *In re Heritage Bond Litig.*, 2005 WL 1594403, 11; *see

10   also In re Oracle Securities Litigation*, 1994 WL 502054 at 1 (N.D. Cal. 1994).  However, "[a]n

11   allocation formula need only have a reasonable, rational basis, particularly if recommended by

12   experienced and competent counsel." *In re Heritage Bond Litig.*, 2005 WL 1594403, 11.

13   Generally, "[a] plan of allocation that reimburses class members based on the extent of their

14   injuries" is "reasonable." *Id.; In re Oracle Securities Litig.*, 1994 WL 502054, 1 (N.D. Cal. 1994).

15   It is also reasonable to "allocate more of the settlement to class members with stronger claims on

16   the merits." *In re Heritage Bond Litig.*, 2005 WL 1594403, 11; *In re Oracle Securities Litig.*,

17   1994 WL 502054, 1.

18          **B.     The Settlement and Plan of Distribution Meet All the Criteria for Approval**

19                  **1.     The Amount Offered in Settlement is a Significant Percentage of the
                            Jury's Verdict and Final Judgment Amount.**

20

21          With this settlement, the most significant factor is the large amount offered by Defendants

22   in relation to the verdict and judgment.  Although the other criteria are also met, this fact alone is

23   sufficient to demonstrate that the settlement warrants approval.  *See Torrisi v. Tucson Elec.

24   Power Co.*, 8 F.3d 1370, 1376 (9th Cir. 1993) ("Here one factor predominates to make clear that

25   the district court acted within its discretion [in approving the settlement].").  While the jury

26   awarded to the Class $28.1 million, the defendants have offered $26.25 million in settlement.

27   Thus, the settlement represents a recovery of most of the jury's awarded damages, despite

28

MANATT, PHELPS &
PHILLPS, LLP
ATTORNEYS AT LAW
PALO ALTO

20210136.1                    7          NOTICE OF MOTION AND MOTION FOR
                                         PRELIM. APPROVAL OF SETTLEMENT
                                         CASE NO. C 07-0943 WHA

1   Defendants' spirited defense, vigorous denials of liability, and pending appeal. This is a strong

2   and credible result for the Class.

3         In the context of settlement, class plaintiffs typically accept some fraction of their

4   damages in exchange for avoidance of the risks and costs of trial. *See, e.g., Jaffe v. Morgan*

5   *Stanley*, 2008 WL 346417, at \*9 (N.D. Cal. Feb. 7, 2008) ("The settlement amount could

6   undoubtedly be greater [40% of predicted damages], but it is not obviously deficient, and a

7   sizeable discount is to be expected in exchange for avoiding the uncertainties, risks, and costs that

8   come with litigating a case to trial."); *see also Kakani v. Oracle Corp.*, 2007 WL 2221073, at \*3

9   (N.D. Cal. Aug. 2, 2007) (granting preliminary approval to settlement for 12.3% of maximum

10  claims). Here, of course, the discount is only slight.

11        **2.    The Advanced Stage of the Litigation Allows the Parties and the Court to
              Assess the Strengths and Weaknesses of Plaintiff's Case.**

12

13        Because of the preparation, investigation and evaluation by a myriad of counsel in this

14  matter on both Plaintiff's and Defendants' sides, and the fact that the evidence and arguments

15  have been thoroughly tested before a jury, the parties are in an excellent position to make a

16  realistic assessment of the strengths and weaknesses of Plaintiff's case. In approving class

17  settlements, courts generally defer to the judgment of experienced counsel who have conducted

18  arms-length negotiations. *See In re Vitamins Antitrust Litig.*, 305 F. Supp. 2d 100, 104 (D.D.C.

19  2004) ("A 'presumption of fairness, adequacy, and reasonableness may attach to a class

20  settlement reached in arm's length negotiations between experienced, capable counsel after

21  meaningful discovery.'") (quoting Manual For Complex Litigation (Third) § 30.42). A strong

22  judicial policy exists that favors the voluntary conciliation and settlement of complex class action

23  litigation. *In re Syncor*, 516 F.3d at 1101 (citing *Officers for Justice v. Civil Serv. Comm'n*, 688

24  F.2d 615 (9th Cir. 1982)). While the district court has discretion regarding the approval of a

25  proposed settlement, it should give "proper deference to the private consensual decision of the

26  parties." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998). Ultimately, the Court's

27  role is to ensure that the settlement is fundamentally fair, reasonable, and adequate. Fed. R. Civ.

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

20210136.1                          8                    NOTICE OF MOTION AND MOTION FOR
                                                         PRELIM. APPROVAL OF SETTLEMENT
                                                         CASE NO. C 07-0943 WHA

P. 23(e)(2); *In re Syncor*, 516 F.3d at 1100.  The settlement reflects the result of extensive, arms-length negotiation between experienced counsel.

### 3. The Risk, Complexity, and Expense of Further Litigation Demonstrate that Preliminary Approval of the Settlement is Proper.

Because Plaintiffs will receive most of their awarded damages through this settlement, there is little benefit to them of further litigation and a greater risk of having their award reversed and receiving nothing.  Further, an appeal and possible second trial are complex and costly, and uncertain as to the result.  In light of the risks, complexity, and expense of continued litigation, settlement for almost 100% of the award offers the best opportunity for Plaintiff to maximize the recovery on behalf of the Class.

### 4. The Settlement is Not the Result of Fraud or Collusion.

In terms of collusion, the Court has expressed concern regarding settlements that benefit defendants by broadly releasing claims and providing large cash payments to lead counsel, but that furnish little benefit to absent class members.  *See, e.g., In re Zoran Corp. Derivative Litig.*, 2008 WL 941897, at *2 (N.D. Cal. Apr. 7, 2008).  There is absolutely no hint of any such collusion here.  First, the settlement releases only the claims of members of the certified Class.  Second, Class Counsel acknowledges that any fee and cost award must be based on the amount of the common settlement fund and will be granted at the discretion of the Court.  Third, as seen above, the settlement is based on recovery of almost 100% of the Class's projected damages, so the settlement confers substantial benefit upon absent Class members.

### 5. The Plan of Distribution Is Fair and Reasonable.

The allocation of the settlement proceeds through the Distribution Plan is based upon the same percentages of recovery received by the active players of the General Licensing Revenues pool on a per year basis, divided equally amongst the eligible players.  This formula is reasonable and rational, and intends to allocate more of the settlement to class members with stronger claims on the merits.  Class Counsel is of the opinion that this is the fairest division of Net Settlement proceeds.  As provided in the Settlement Agreement, Defendants NFLPA and Players, Inc. have no role or responsibility with respect to disbursements from, or administration of, the Settlement

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

20210136.1                    9           NOTICE OF MOTION AND MOTION FOR
PRELIM. APPROVAL OF SETTLEMENT
CASE NO. C 07-0943 WHA

1    Fund, including the calculation of the amounts that each former player will receive, which is

2    being overseen by Class Counsel and the Claims Administrator.

3    **V.    THE PROPOSED FORM OF NOTICE MEETS THE REQUIREMENTS OF RULE
       23 AND DUE PROCESS**

4

5         Under Rule 23(e)(1), if the Court grants preliminary approval, it must also "direct notice

6    in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ.

7    P. 23(e)(1).    Class Counsel proposes that this requirement be accomplished using the same

8    method of notice previously used (and approved by this Court) following class certification.  In

9    particular, notice will be given by: (1) posting a link on Defendants' website, and (2) sending out

10   a notice via first class mail of the date of the hearing scheduled by the Court to consider the

11   fairness, adequacy, and reasonableness of the proposed settlement (the "Settlement Hearing").

12   Because notice has already been given successfully to the Class after class certification, such

13   notice should be sufficient.    As an additional means of notice, Class Counsel suggest that this

14   Court permit a Twitter account to be established for the sole purpose of providing electronic

15   updates to Class Members.

16        The form of the proposed notice of the settlement, attached hereto as <u>Exhibit 3</u>, will also

17   include the:

18        •    general description of the litigation, including information about the nature of the

19             litigation and the identities of the parties, including Counsel;

20        •    general terms of the settlement as set forth in the Settlement Agreement;

21        •    general terms of the fee and expense application;

22        •    description of Class members' rights to object to the settlement and/or to appear at

23             the Settlement Hearing; and

24        •    general terms of the proposed Distribution Plan.

25        The proposed notice satisfies the requirements of Rule 23(e) because it provides a

26   description of the Class and the procedural status of the litigation and advises Class members of

27   their rights under Rule 23(e), including the right to object to the proposal and the date of the

28   proposed hearing on which the Court will make a final determination regarding the settlement.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

20210136.1                          10                  NOTICE OF MOTION AND MOTION FOR
                                                        PRELIM. APPROVAL OF SETTLEMENT
                                                        CASE NO. C 07-0943 WHA

1    *See* Fed. R. Civ. P. 23(e)(2), (5).  The notice also sets forth the significant terms of the Settlement

2    Agreement, including the amount of money to be paid by Defendants for the benefit of the Class.

3    Thus, the Notice of Settlement fairly describes the proposed Settlement Agreement and its legal

4    significance.

5         The proposed Notice of the Settlement is consistent with the notice program implemented

6    subsequent to class certification and with other programs that this Court and others have found

7    sufficient under Rule 23.  *See, e.g., In re Network Associates Sec. Litig.*, 2001 WL 34135321, at

8    *2 (N.D. Cal. Feb. 28, 2001) (notice by mail, paper publication, and posting on Internet); *In re

9    U.S. Fin. Sec. Litig.*, 69 F.R.D. 24, 47 (S.D. Cal. 1975).  Delivery by first-class mail satisfies Rule

10   23's individual notice requirement.  *See Hunt v. Check Recovery Sys., Inc.*, 2007 WL 2220972, at

11   *3 (N.D. Cal. Aug. 1, 2007).  In cases where most class members can be notified through direct

12   mail, then the direct mailing is sufficient, and further notice is unnecessary.  *See In re Wal-Mart

13   Stores, Inc. Wage & Hour Litig.*, 2008 WL 1990806, at *2 (N.D. Cal. May 5, 2008) ("notice by

14   publication is only used when the identity and location of class members cannot be determined

15   through reasonable efforts, which is not the case here since the identity and location of class

16   members can be determined through reasonable efforts using Wal-Mart's electronic records").

17   The proposed Notice of the Settlement satisfies the requirements of due process by alerting and

18   informing the members of the Class of the Settlement.

19   **VI.    PROPOSED SCHEDULE**

20        Finally, Plaintiffs propose the following schedule for completing the approval process:

21        a.    Within twenty (20) days after entry of a preliminary approval order: dissemination

22              of Notice of the Settlement to the Class via publication on the defendants' website

23              and direct mail;

24        b.    Thirty-five (35) days before the Settlement Hearing: deadline for submission of

25              Class Counsel's motion for final approval of the Settlement Agreement and

26              application for fees and expenses;

27        c.    Twenty-one (21) days before the Settlement Hearing: deadline to object to the

28              Settlement Agreement; and

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

NOTICE OF MOTION AND MOTION FOR
PRELIM. APPROVAL OF SETTLEMENT
CASE NO. C 07-0943 WHA

1    d.    Seven (7) days before the Settlement Hearing: deadline for responses to any

2          objections.

3    e.    At least ninety (90) days after Order Granting Preliminary Approval: Settlement

4          Hearing.

5    **VII.    CONCLUSION**

6          For the foregoing reasons, Plaintiff Herbert Adderley, on behalf of himself and the

7    certified Class, requests that the Court preliminarily approve the proposed Settlement Agreement,

8    approve the proposed form and manner of notice of the settlement to the Class, and enter the

9    proposed schedule or any other schedule satisfactory to the Court.

10

Dated: July 13, 2009                        Respectfully submitted,

11
                                            MANATT, PHELPS & PHILLIPS, LLP
12

13

                                            By: _____Ronald S. Katz_____.
14                                               Ronald S. Katz (SBN 085713)
                                                 Ryan S. Hilbert (SBN 210549)
15                                               Noel S. Cohen (SBN 219645)
                                            1001 Page Mill Road, Building 2
16                                          Palo Alto, CA  94304-1006
                                            Telephone:  (650) 812-1300
17                                          Facsimile:  (650) 213-0260

18                                          MCKOOL SMITH, P.C.
                                            Lewis T. LeClair (SBN 077136)
19                                          Jill Adler Naylor (SBN 150783)
                                            300 Crescent Court
20                                          Dallas, TX 75201
                                            Telephone:  (214) 978-4984
21                                          Facsimile:  (214) 978-4044

22                                          *Attorneys for Plaintiffs*

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

20210136.1                    12              NOTICE OF MOTION AND MOTION FOR
                                              PRELIM. APPROVAL OF SETTLEMENT
                                              CASE NO. C 07-0943 WHA