THIS IS AN IMPORTANT LEGAL NOTICE.  THE MATTERS DISCUSSED IN THIS NOTICE MAY AFFECT YOUR LEGAL RIGHTS.
*PLEASE READ THIS NOTICE CAREFULLY.*

## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD PAUL PARRISH, HERBERT ANTHONY ADDERLEY, and WALTER ROBERTS, III on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br> v.<br><br>NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED, et al.,<br><br>    Defendants. | Case No. C 07-00943 WHA |

### NOTICE OF CLASS ACTION SETTLEMENT

**TO:**  THE CLASS: ALL RETIRED NFL PLAYERS WHO EXECUTED A GROUP LICENSING AUTHORIZATION FORM (SOMETIMES REFERRED TO AS A "GROUP LICENSING AGREEMENT") ("GLA") WITH THE NFLPA THAT WAS IN EFFECT AT ANY TIME BETWEEN FEBRUARY 14, 2003 AND FEBRUARY 14, 2007 AND WHICH CONTAINS THE FOLLOWING LANGUAGE:  "[T]HE MONEYS GENERATED BY SUCH LICENSING OF RETIRED PLAYER GROUP RIGHTS WILL BE DIVIDED BETWEEN THE PLAYER AND AN ESCROW ACCOUNT FOR ALL ELIGIBLE NFLPA MEMBERS WHO HAVE SIGNED A GROUP LICENSING AUTHORIZATION FORM" AND WHO HAVE NOT REQUESTED TO BE EXCLUDED FROM THE CLASS.

**YOU MAY BE ENTITLED TO MONEY AS A RESULT OF A SETTLEMENT.  THE AMOUNT YOU, AS A CLASS MEMBER, MAY RECEIVE DEPENDS UPON FACTORS INCLUDING THE NUMBER OF YEARS THAT YOU PARTICIPATED IN THE GLA PROGRAM AND THE AMOUNT OF FEES, EXPENSES, AND COSTS APPROVED BY THE COURT.  UNDER THE PROPOSED DISTRIBUTION PLAN, WHICH IS SUBJECT TO COURT APPROVAL, IT IS ESTIMATED THAT THE YOU MAY BE ENTITLED TO AN AMOUNT OF AT LEAST $1,700 AND NOT MORE THAN $11,900.  CLASS MEMBERS MAY OBJECT TO THE DISTRIBUTION PLAN AS EXPLAINED IN THIS NOTICE.**

**THIS SETTLEMENT MAY ALSO ELIMINATE SOME OF YOUR RIGHTS TO SUE THE NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION ("NFLPA") OR THE NATIONAL FOOTBALL LEAGUE PLAYERS, INC. ("PLAYERS INC.") IN CONNECTION WITH YOUR RIGHTS UNDER A GLA.**

41419395. 1

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

**I.    INTRODUCTION**

Your rights may be affected by the preliminary approval of a settlement in this class action case *Bernard Paul Parish, et al., v. National Football League Players Inc., et al.*, a lawsuit now pending before the United States District Court for the Northern District of California ("the Court") (Case No. C 07-00943 (WHA)).

**II.    BACKGROUND**

   A.    **Description of the Lawsuit**

The Complaint in the case alleges that the GLAs signed by Plaintiff Herbert Adderley ("Adderley" or "Plaintiff") and other retired football players promised an equal share of an escrow fund derived from revenues Players Inc. received from third-party licensees. Plaintiff Adderley further alleges that the Defendants executed several licensing agreements from which the Class should have been compensated. Plaintiff Adderley also alleges that Defendants' failure to adequately represent those that signed GLAs is a further breach of fiduciary duty. More specifically, Plaintiff Adderley believes that the Defendants have repeatedly breached their fiduciary duties to Adderley and the Class by (i) failing to accurately report group licensing revenues to members of the Class, (ii) failing to distribute revenues to the members of the Class that should have been distributed and were owed to them; (iii) misappropriating funds that should have been paid to Adderley and the Class; and (iv) placing themselves in a position of conflict of interest and acting adversely to the interests of retired NFL players who signed a GLA.

Defendants NFLPA and Players Inc. deny all of Adderley's allegations and deny that they engaged in any wrongdoing, or have any liability, whatsoever. However, Defendants have agreed to pay $ 26,250,000 to settle all claims and put an end to this litigation.

B. **Status of the Litigation**

On April 29, 2008, the Court ruled that this lawsuit may proceed as a class action. The Court subsequently modified the ruling on June 9, 2008, defining the Class as: "All retired NFL players who executed a group licensing authorization form ("GLA") with the NFLPA that was in effect at any time between February 14, 2003 and February 14, 2007 and which contains the following language: '[T]he moneys generated by such licensing of retired player group rights will be divided between the player and an escrow account for all eligible NFLPA members who have signed a group licensing authorization form.'" You may be a member of this Class.

On November 10, 2008, a jury returned a verdict against the NFLPA and Players Inc. that, among other things, awarded Plaintiff and the Class a total of $7.1 million in actual damages as well as $21 million in punitive damages, both arising solely from the alleged breach of fiduciary duty. On January 28, 2009, final judgment was entered by the Court in the amount of $28.1 million. On February 3, 2009, the Defendants filed an appeal to the United States Court of Appeals for the Ninth Circuit.

On June 5, 2009, the Defendants, the Plaintiff, and Class Counsel (the "Settling Parties") reached a settlement that would, as described in more detail below, resolve this litigation in exchange for a payment by Players Inc. of $ 26,250,000 (the "Settlement Agreement"). On July 13, 2009, Class Counsel filed a motion with the Court requesting preliminary approval of this settlement. Following a hearing with the Court on July 30, 2009, the parties amended certain terms of the Settlement Agreement pursuant to an Amendment to Settlement and Release Agreement dated August 4, 2009. The Court granted preliminary approval of the settlement on August ___, 2009. The Court also scheduled a hearing on final approval of the settlement (the "Settlement Hearing") for [**DATE**]. The purpose of this notice is to advise you of the details of this settlement and your rights concerning it.

C.  **Your Rights Under the Settlement Agreement**

If you are a member of this Class, you will be entitled to a portion of the settlement. The amount of money you will ultimately receive will depend on a number of factors, including which years that you participated in the GLA program and the amount of attorneys' fees, expenses and fees approved by the Court. In exchange for the settlement payment, Class Members will give up their right to pursue the existing judgment or to sue the Defendants for claims related in any way to the allegations in this case. A full copy of the Settlement Agreement can be found at www.RetiredPlayerClassAction.com.

On [**DATE**], the Court will hold the Settlement Hearing, at which time the Court will determine whether to give final approval to the settlement. The Court must approve all aspects of this settlement, including the amount of the settlement payment, the rights Class members will surrender in exchange for this money, and any money to be awarded to the lawyers from the settlement payment. If you choose to object to the settlement for any reason, this Notice explains what your rights are and how to object. If you choose to object, you may also be entitled to be heard at the Settlement Hearing and this Notice explains how to do that as well.

The specifics of filing objections, and appearance at the Settlement Hearing will be discussed below, but the following chart summarizes your rights.

| **YOUR LEGAL RIGHTS AND OPTIONS UNDER THE SETTLEMENT** | |
|---|---|
| | |
| **YOU MAY OBJECT TO THE SETTLEMENT BY:** | If you wish to object to any part of the settlement, including the Distribution Plan, you may do so by filing in the Office of the Clerk of the United States District Court for the Northern District of California a statement of your position and the grounds for it. You can hire your own counsel to intervene or to appear on your behalf at the hearing. If you or your counsel file a statement, you must file by [**DATE**]. You must also send copies of your position statement to the lawyers for the Settling Parties by the same deadline. |

| | |
|---|---|
| **YOU MAY ATTEND THE SETTLEMENT HEARING TO BE HELD ON [DATE]** | If you file in the Office of the Clerk of the United States District Court for the Northern District of California a notice of intention to appear at the Settlement Hearing, and a statement of your position on the settlement by [DATE], you may (but do not have to) attend the Settlement Hearing and present your objections to the Court. You may attend the Settlement Hearing in person or through your own counsel. You or your counsel may attend even if you do not file a written objection, but you will only be allowed to speak at the Settlement Hearing if you file written comments in advance of the Settlement Hearing. |
| **YOU MAY DO NOTHING** | If you are a Class Member you will receive payment in an amount as ordered by the Court, be bound by the release of the Settling Parties, and you will not be able to bring or pursue any of the Released Claims in any other lawsuit or proceeding. |

Again, the Court still has to decide whether to approve the terms of the Settlement Agreement. Payments will be made only if the Court approves the settlement and that approval is upheld in the event of any appeal. The timetable for the Court's consideration of the Settlement is as follows:

| DATE | EVENT OR ACTION REQUIRED |
|---|---|
| [Date of Preliminary Approval ] | Court issues Order of Preliminary Approval of Settlement |
| [20 Days after Preliminary Approval] | Class Notice Distributed to Class Members |
| [35 Days before Settlement Hearing] | Class Counsel file Motion for Final Approval of the Settlement, Approval of the Distribution Plan, and Amended and Final Application for Attorneys Fees and Expenses |
| [21 Days before Settlement Hearing] | Class Members must File Notice of Intention to Appear at Settlement Hearing and a Statement of their Basis for any Objection to the Settlement or Distribution Plan |

| | |
|---|---|
| [14 Days before Settlement Hearing] | Responses to any Objections filed to the Settlement, Distribution Plan, or Other matters set for approval at the Settlement Hearing |
| [Date of Settlement Hearing] | Final Settlement Hearing will take place at 450 Golden Gate Ave., 19th floor, before the Honorable William H. Alsup. |

### III. THE CLASS

On April 29, 2008, the Court certified the class and designated Herbert Adderley as class representative. The Class is defined as:

> **All retired NFL players who executed a group licensing authorization form ("GLA") with the NFLPA that was in effect at any time between February 14, 2003 and February 14, 2007 and which contains the following language: "[T]he moneys generated by such licensing of retired player group rights will be divided between the player and an escrow account for all eligible NFLPA members who have signed a group licensing authorization form."**

### IV. THE PROPOSED SETTLEMENT

The following description of the Settlement Agreement is only a summary. The Settlement Agreement and its exhibits are located at www.RetiredPlayerClassAction.com.

#### A. The Settlement Fund

Subject to the terms of the Settlement Agreement, Defendants will pay $26,250,000 (Twenty-Six Million Two Hundred and Fifty Thousand Dollars) (the "Gross Settlement Amount") into an interest-bearing Escrow Account. The Gross Settlement Amount shall be paid in two installments. Defendants paid into the Escrow Account the sum of Thirteen Million One Hundred Twenty-Five Thousand Dollars ($13,125,000), constituting one half of the Settlement Amount, on July 13, 2009. If the Court approves the Settlement, and there is no appeal, the Defendants will pay into the Escrow Account another Thirteen Million One Hundred Twenty-Five Thousand Dollars ($13,125,000) by June 5, 2010. These funds, and any interest earned thereon, are referred to in this Notice as the "Settlement Fund."

### B. Investigation Leading to the Settlement

Based upon their extensive investigation, consultation with experts, and their evaluation of the risks and benefits of continuing to prosecute the litigation, Class Counsel believe that the settlement is fair, reasonable, adequate, and is in the best interests of the Class.

### C. Release of Claims Against Settling Defendants and Releasees

In the event that the Court approves the Settlement Agreement after the Settlement Hearing, and you are a Class Member, you cannot sue, continue to sue, or be a part of any other lawsuit, for the claims that the Settlement Agreement resolves. If you are a Class Member, when the proposed settlement become Final, in general you will be releasing the Defendants from any and all claims, and causes of action, arising out of any conduct alleged in the Class Action, as provided in the Settlement Agreement.

More specifically, in the Settlement Agreement, Class Members are also referred to as "Releasors," and the Defendants are also referred to as "Releasees." Upon the occurrence of the Effective Date, including the Court's final approval of the Settlement Agreement, the Releasors, and any other Person claiming (now or in the future) through or on behalf of them, shall be deemed to have, and by operation of the judgment shall have completely released, acquitted, and forever discharged the Releasees from, and shall have, or be deemed to have, covenanted not to sue the Releasees with respect to, any and all claims, and causes of action, including costs, expenses, penalties, and attorneys' fees, that arise out of the facts, occurrences, transactions, or other matters that were the subject of the certified claims or that were alleged in the Class Action, under state or federal law.

Any claims by class members, individually or as a class, against Electronic Arts or any other licensee of defendants concerning misuse of their images or identities, including scrambling, will not be released by the settlement. Those claims, however, will not be prosecuted as part of this case. This case will end upon the distribution of the settlement proceeds. Class members would be responsible for pursuing those claims, if they are so inclined.

### D. Net Settlement Amount

The Settlement Agreement provides that attorneys' fees, costs, incentive payments for the class representative, and expenses may be paid out of the Settlement Fund after Court approval. Class Counsel will request reimbursement for a portion of their attorneys' fees and litigation costs and expenses. Class Counsel will apply to the Court for an award from the Settlement Fund, of litigation and settlement expenses incurred on behalf of the Class and attorneys' fees of up to 30% of the Settlement Fund. All costs, fees and expenses will be paid solely out of the Settlement Fund. The fee and expense application will be available for inspection during normal business hours at the Office of the Clerk of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102. It will also be available at www.RetiredPlayerClassAction.com. The remainder of the Settlement Fund, after costs, fees and expenses after subtracted, comprises the Net Settlement Amount, and will be divided up amongst the Class members, in accordance with the Distribution Plan.

### E. Distribution Plan

If you are a Class Member and the settlement becomes effective in accordance with the terms of the Settlement Agreement, you will be entitled to share in the Net Settlement Amount (the $ 26,250,000 million plus interest, minus whatever attorneys' fees, costs, incentive fee, and expenses the Court awards). The Court will also determine when and in what manner you will receive any distribution from the Net Settlement Amount. You have the right to object to the Distribution Plan.

The Distribution Plan, which will be presented to the Court for approval at the Settlement Hearing, will provide for the distribution of the Net Settlement Amount among Class Members. The amount you, as a Class Member, may receive depends upon factors including the number of years that the you participated in the GLA program, which years the you participated, and the amount of fees, expenses, and costs approved by the Court. The distribution will take place after the: (1) final approval of the settlement by the Court and the expiration of any period for further review or appeal of the Court's order of approval or the resolution of any such review or appeal;

and (2) approval by the Court of the Claims Administrator's recommendations as to the amounts to be paid to Class members.

The Proposed Plan of Distribution is attached to this notice as Exhibit "A," and can also be found at www.RetiredPlayerClassAction.com. Pursuant to the terms of the proposed Distribution Plan, the amount that an individual Class Member will receive will depend on the particular years in which the Class Member had a GLA in effect. The more years that a Class Member had a GLA in effect during the Class Period, the more that the Class Member would receive under the proposed settlement and Distribution Plan. For example, the maximum amount a Class Member may receive under the Distribution Plan is approximately $11,900, assuming that the Class Member had a GLA in effect for all four of the years of the Class Period, and the Court approves the proposed settlement and the award of attorneys fees and costs requested by Class Counsel. The minimum amount a Class Member may receive under the Distribution Plan is approximately $1700, assuming that the Class Member had a GLA in effect only for 2003.

As provided in the Settlement Agreement, Defendants NFLPA and Players, Inc. have no role or responsibility with respect to disbursements from, or administration of, the Settlement Fund, including the calculation of the amounts that each former player will receive, which is being overseen by Class Counsel and the Claims Administrator.

V.   **FINAL SETTLEMENT HEARING AND SETTLEMENT OBJECTIONS**

   A.   **Schedule for Settlement Hearing**

The Settlement Hearing is presently set for [**DATE**]. The time and date of the hearing may be postponed from time to time. Notice of any such postponement shall be posted at the United States Courthouse or on the Court's website, www.cand.uscourts.gov/.

   B.   **Purpose of Settlement Hearing**

At the Settlement Hearing, the Court will consider whether the Settlement Agreement should be approved as fair, adequate, and reasonable to the Class and whether the claims of the Class should be dismissed with prejudice, as provided in the Settlement Agreement. The Court will also consider the requests for attorney fees and costs and the proposed plan of distribution for the Net Settlement Amount.

   C.   **Rights of Class Members at Settlement Hearing**

Any Class Member is entitled to appear and be heard at the Settlement Hearing, either in person or through his or her attorney, and to show cause why the settlement should not be approved as fair, reasonable and adequate, including any objections to the Application for Attorney's Fees and Expenses, *provided, however*, that no one shall be heard in opposition, and no paper or brief submitted by such person shall be received or considered by the Court unless, by [**DATE**], such person files a notice of intention to appear, and a statement of the position to be asserted, and the grounds therefor, together with copies of any supporting papers or brief with the Clerk, Office of the Clerk of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102. Copies of the materials filed with the Court must also be served on the counsel identified below, and proof of such service must be filed with the Court at the same time as the materials are filed:

Ronald S. Katz  
Manatt, Phelps & Phillips, LLP  
101 Page Mill Road, Building 2  
Palo Alto, CA 94304-1006  
*Class Plaintiffs' Lead Counsel*

David A. Barrett  
Latham & Watkins LLP  
555 Eleventh Street, N.W., Ste. 1000  
Washington, D.C. 20004  
*Counsel for the Defendants*

No class member shall be entitled to contest the terms and conditions of the Settlement Agreement without following these procedures, and persons who fail to object shall be deemed to have waived and shall be foreclosed forever from raising any such objections or appealing from any orders or judgments entered with respect to the Settlement Agreement.

## VI.   ADDITIONAL INFORMATION

**THE ABOVE INFORMATION IS ONLY A SUMMARY OF THE SETTLEMENT AGREEMENT**.

For more detailed information concerning the matters involved in the litigation, please refer to the pleadings, to the Settlement Agreement, to the Orders entered by the Court, and to the other papers filed in the Class Action, which may be inspected at the Office of the Clerk of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102 during regular business hours.  In addition, the Settlement Agreement and some other materials, such as Class Notices, are posted at www.RetiredPlayerClassAction.com.

**ALL INQUIRIES CONCERNING THIS NOTICE AND SETTLEMENT AGREEMENT SHOULD BE MADE IN *WRITING* TO EITHER THE CLAIMS ADMINISTRATOR OR CLASS COUNSEL AT THE ADDRESSES SET FORTH BELOW:**

The Garden City Group, Inc.
815 Western Avenue, Suite 200
Seattle, WA 98104
Telephone: (206) 876-5276
*Claims Administrator*

Ronald S. Katz
Manatt, Phelps & Phillips, LLP
101 Page Mill Road, Building 2
Palo Alto, CA 94304-1006
*Class Counsel*

Lewis T. LeClair
McKool Smith, P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
*Class Counsel*

**INQUIRIES <u>SHOULD NOT</u> BE MADE BY TELEPHONE AND <u>SHOULD NOT</u> BE DIRECTED TO THE COURT**

If you change your address, or if this Notice was not mailed to your correct address, you should immediately provide your correct address to the Claims Administrator at the following address:

**The Garden City Group, Inc.**
**815 Western Avenue, Suite 200**
**Seattle, WA 98104**
**Telephone: (206) 876-5276.**

**If the Claims Administrator does not have your correct address, you may not receive notice of important developments in this litigation.**

41419395.1                             12