MANATT, PHELPS & PHILLIPS, LLP
RONALD S. KATZ (Bar No. CA 085713)
E-mail: rkatz@manatt.com
RYAN S. HILBERT (California Bar No. 210549)
E-mail: rhilbert@manatt.com
NOEL S. COHEN (California Bar No. 219645)
E-mail: ncohen@manatt.com
1001 Page Mill Road, Building 2
Palo Alto, CA 94304-1006
Telephone: (650) 812-1300
Facsimile: (650) 213-0260

MCKOOL SMITH, P.C.
LEWIS T. LECLAIR (Bar No. CA 077136)
E-mail: lleclair@mckoolsmith.com
JILL ADLER NAYLOR (Bar No. CA 150783)
E-mail: jnaylor@mckoolsmith.com
300 Crescent Court
Dallas, TX 75201
Telephone: (214) 978-4984
Facsimile: (214) 978-4044

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HERBERT ANTHONY ADDERLEY, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION, a Virginia corporation, and NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a PLAYERS INC., a Virginia corporation,<br><br>Defendants. | CIVIL ACTION NO. C07 0943 WHA<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF ORDER RE ATTORNEY'S FEES AND COSTS**<br><br>Date:<br>Time:<br>Judge: Honorable William H. Alsup<br>Place: Courtroom 9, 19th Floor |

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

20210136.1

MOTION FOR LEAVE TO FILE
MOTION FOR RECONSIDERATION
CASE NO. C 07-0943 WHA

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Counsel for the GLA Class ("Class Counsel") hereby move the Court pursuant to Civil L.R. 7-9(b) for leave to file a motion for reconsideration of the Court's September 2, 2009 Order re Attorney's Fees and Costs (the "Order").

Class Counsel make this Motion on the grounds that (a) prior to trial in this case, the parties stipulated, and this Court ordered on October 2, 2008, that the law of the District of Columbia ("DC law") would be applied "for all purposes" in this case; (b) in common fund cases such as this, DC law provides that attorneys' fees are calculated on a percentage of the recovery basis (typically, 30%), and not an "actual fee" plus lodestar basis as described generally by the Court in the Order; (c) Class Counsel stipulated to the applicability of DC law in this case for the benefit of the class on all issues in the case and then justifiably relied in part on that stipulation in trial staffing and resource allocation decisions as dictated by the needs of the case, the vigorous nature of the defense (including opposing the efforts of two major New York-based law firms at every stage of this case at the trial and appellate court levels), and the ultimate consideration of providing the best prosecution of the claims in pre-trial and trial proceedings that Plaintiff Class Counsel could muster, all to the ultimate benefit of the Class; and (d) in light of the stipulation and order regarding DC law, Class Counsel have already prepared and submitted by the legal deadline of last November a detailed, comprehensive application for attorney's fees and costs.

This Motion is based upon this Notice and the accompanying Memorandum of Points and Authorities, all papers and pleadings on file in this action, and such other argument or evidence that may be presented to the Court at or before any hearing on this Motion. Class Counsel have spoken to Defendants' Counsel about this Motion. Defendants' Counsel indicated that they do not take any position on this matter.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

20210136.1

2

MOTION FOR LEAVE TO FILE
MOTION FOR RECONSIDERATION
CASE NO. C 07-0943 WHA

| | | |
|---|---|---|
| 1 | Dated: September 4, 2009 | MANATT, PHELPS & PHILLIPS, LLP |
| 2 | | By:  /s/ Ronald S. Katz                      . |
| 3 | | Ronald S. Katz (SBN 085713)<br>Ryan S. Hilbert (SBN 210549)<br>Noel S. Cohen (SBN 219645) |
| 4 | | MANATT, PHELPS & PHILLIPS, LLP<br>1001 Page Mill Road, Building 2 |
| 5 | | Palo Alto, CA  94304-1006<br>Tel: (650) 812-1300; Fax: (650) 213-0260 |
| 6 | | |
| 7 | | McKOOL SMITH, P.C.<br>Lewis T. LeClair (SBN 077136)<br>Jill Adler Naylor (SBN 150783) |
| 8 | | 300 Crescent Court, Suite 1500<br>Dallas, TX 75201 |
| 9 | | Tel: 214-978-4984; Fax: 214-978-4044 |
| 10 | | *Attorneys for Plaintiffs* |

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

20210136.1

3

MOTION FOR LEAVE TO FILE
MOTION FOR RECONSIDERATION
CASE NO.  C 07-0943 WHA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Counsel for the GLA Class ("Class Counsel") respectfully seek leave to request that this Court reconsider and vacate its September 2, 2009, Order re Attorney's Fees and Costs (the "Order"). The Order is legally erroneous in that it would lead to an award of attorneys' fees based on a methodology that is contrary to the law that this Court previously ordered would be applied in this case. Given the comments by the Court from the bench regarding attorneys' fees and cost reimbursement during the July 30, 2009 hearing on preliminary approval of the class settlement, Class Counsel, in retrospect, clearly should have reminded the Court that DC law is to be applied in this case to determine the appropriate attorneys' fee award and that DC law unambiguously provides that Class Counsel in a common fund case such as this are to be compensated based on a percentage of the fund. Such a reminder might have avoided the Order which is the subject of this Motion, and class counsel therefore apologizes to the Court for that oversight.

On October 1, 2008, the parties stipulated and on October 2, 2008, this Court ordered that DC law would be applied "for all purposes in this action". (Docket No. 402). The decision to enter that stipulation was carefully considered by Class Counsel and was motivated solely by an intent to benefit the Class in the prosecution of the class claims. One important reason that DC law benefited the Class is that DC law mandates the percentage-of-the-fund method of determining a reasonable fee award for Class Counsel: this method enabled Class Counsel to use a number of lawyers similar to that of its formidable adversaries (two prominent New York-based law firms, Dewey LeBoeuf and Weil Gotshal), which marshaled the resources of numerous senior lawyers before, after and at trial and which Class Counsel estimates charged over $10 million in fees.

With the percentage-of-the-fund method, having numerous lawyers helps the class without costing it more, because the percentage is the same regardless of how many lawyers are used. Although matching the number of lawyers of Dewey and Weil under the percentage-of-the-fund recovery method on which Class Counsel relied will cause the matter to be less profitable for

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

20219858.2                           1                     MOTION FOR LEAVE TO FILE
                                                           MOTION FOR RECONSIDERATION
                                                           CASE NO. C 07-0943 WHA

1   Class Counsel, it was necessary to ensure zealous and effective Class representation in this
2   extremely hard-fought matter. It also eliminates unseemly disputes between the Class and Class
3   Counsel regarding how many lawyers are used on the case.

4       For that reason, the application of DC law to the determination of attorneys' fees in this
5   matter is not only required by prior order of this Court and the stipulation of all the parties, but
6   also it is the fairest result: Class Counsel relied on the fee recovery method mandated by DC law
7   to deliver the services required to deal with deep-pocketed adversaries.[1] As the leading DC
8   Circuit case on point holds: "We adopt a percentage-of-the-fund methodology not because it will
9   pay lawyers more, but primarily because it is more efficient, easier to administer, and more
10  closely reflects the marketplace." *Swedish Hosp. Corp. v. Shalala*, 1 F.3d 1261, 1270 (D.C. Cir.
11  1993).

12      Moreover, Class Counsel already have filed, pursuant to the November 26, 2008 deadline
13  set by law, a detailed, comprehensive application for attorney's fees and costs, including
14  supporting declarations of over 85 pages. It is also important to note that the percentage of
15  recovery sought (30%) is less than the standard 33-40% charged for contingency cases in this
16  District, especially very risky cases like this against well-resourced opposition.

17      Class Counsel have spoken to Defendants' Counsel about this Motion. Defendants'
18  Counsel indicated that they do not take any position on this matter.

19  **II.   RELEVANT FACTUAL BACKGROUND**

20      On April 29, 2008, the Court granted the motion for class certification in part and stated
21  that the certified claims in this case would be governed by Virginia or District of Columbia law.
22  (Docket No. 275). Thereafter, on October 1, 2008, the parties stipulated that they would request
23  that the Court apply DC law for all purposes. (Docket No. 401). On October 2, 2008, the Court
24  ordered "that the substantive law of the District of Columbia shall be applied by the Court for all

---

[1] The requested 30% of the settlement amount is a fraction of the total amount of legal fees that would have been incurred if the fees were calculated by multiplying the hours expended by Class Counsel firms by the standard hourly rates of the lawyers involved, and far less than Class Counsel believe were expended by Defendants in their failed defense of this case at trial.

Manatt, Phelps & Phillips, LLP
Attorneys At Law
Palo Alto

20219858.2                               2                    MOTION FOR LEAVE TO FILE
                                                              MOTION FOR RECONSIDERATION
                                                              CASE NO. C 07-0943 WHA

1   purposes. . ." (Docket No. 402). (For ease of reference, attached as <u>Exhibit A</u> is copy of the
2   Court's October 3, 2008 Order.)

3   Following a multi-week trial on the merits, the jury returned a verdict on November 10,
4   2008, against Defendants in the amount of $28.1 million. (Docket No. 563.) As required by law,
5   on November 26, 2008, Class Counsel timely filed pursuant to FRCP 54(d)(2)(B)(i) their
6   Application for Preliminary and Final Determination of Costs, Fees, Expenses, and an Incentive
7   Payment for Class Representative, Herbert Adderley. (Docket No. 584). Class Counsel sought
8   30% of the then-judgment amount of $28.1 million under the percentage-of-the-fund standard
9   mandated by DC law, filing two detailed declarations spanning 85 pages describing the amount
10  and nature of the work performed by each of Class Counsels' law firms. (Docket Nos. 585-86).
11  This work was described consistent with Class Counsels' customary practice for recording time;
12  Class Counsel did not and do not bill matters on a per-project basis.

13  After November 26, 2008, Class Counsel had to defend against a number of pleadings
14  filed by Defendants, including a renewed motion for judgment as matter of law and Defendants'
15  subsequent appeal. On June 5, 2009, the parties entered into a settlement agreement under which
16  Defendants agreed to pay the Class $26.25 million.

17  On August 18, 2009, the Court preliminarily approved the settlement agreement. (Docket
18  No. 635). In that same Order, the Court stated that Class Counsels' amended Application for
19  attorney's fees and expenses would be due October 15, 2009. (*Id*.). In their amended
20  Application, which class counsel have worked on since August 19, 2009, Class Counsel will
21  request 30% of the $26.25 million under D.C. law (minus expenses), even though the lodestar for
22  Class Counsels' fees now exceeds that amount.

23  **III.   CLASS COUNSEL RESPECTFULLY REQUEST THAT THEY BE GRANTED
         LEAVE TO FILE A MOTION FOR RECONSIDERATION**
24

25  Leave to file a motion for reconsideration may be granted in a number of circumstances.
26  *See* Local Rule 7-9(b); *see also Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364,
27  369 n.5 (9th Cir. 1989) ("The major grounds that justify reconsideration involve an intervening
28  change of controlling law, the availability of new evidence, or the need to correct a clear error or

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

20219858.2                              3                    MOTION FOR LEAVE TO FILE
                                                             MOTION FOR RECONSIDERATION
                                                             CASE NO. C 07-0943 WHA

1 prevent manifest injustice.") (internal quotations omitted).  Here, unfortunately, not applying DC law is a clear error, although Class Counsel regrets not reminding the Court of DC law at the July 30, 2009 hearing.  Also, it is manifestly unjust for Class Counsel to be penalized for relying on DC law in order to field the large number of lawyers needed to match up with the Dewey and Weil firms.

### A. The Percentage-of-the-Fund Approach to Collecting Fees Applies to this Case, Thereby Eliminating the Need For a Project-Specific Description of Services.

As stated above, this Court has ordered that DC law applies in this case.  This includes the determination of Class Counsels' award of fees.  *See Vizcaino v. Microsoft Corp.,* 290 F.3d 1043, 1047 (9th Cir. 2002) (the law that governed the claims also governs the award of fees).

Under DC law, courts use the percentage-of-recovery approach to calculate fees in common fund cases instead of the "lodestar" method.[2]  *Swedish Hosp. Corp. v. Shalala*, 1 F.3d 1261, 1271 (D.C. Cir. 1993) ("In sum, we join the Third Circuit Task Force and the Eleventh Circuit, among others [see fn 3 below Re 9th Circuit], in concluding that a percentage-of-the-fund method is the appropriate mechanism for determining the attorney fees award in common fund cases."); *Fresh Kist Produce, L.L.C., v. Choi Corp., Inc*., 362 F. Supp. 2d 118, 127 (D.C. Cir. 2005).[3]  Underscoring this point, *Swedish Hospital* cites with approval the Third Circuit Task Force's criticisms of the lodestar method, a "cumbersome, enervating and often surrealistic process of preparing and evaluating fee petitions that now plagues the Bench and Bar."  *Id.* at 1266.[4]

---

[2] This is a "common fund" case.  The Supreme Court "has recognized consistently that a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole."  *Boeing Co. v. Van Gemert,* 444 U.S. 472, 478 (1980).  It is well established that the "common fund doctrine" allows an attorney whose efforts created, increased or preserved a fund to recover from the fund the costs of his litigation, including attorneys' fees.  *Vincent v. Hughes Air W., Inc*., 557 F.2d 759, 769 (9th Cir. 1977); *see also Swedish Hosp. Corp. v. Shalala*, 1 F.3d 1261 (D.C. Cir. 1993); *Cathedral Ave. Co-op., Inc. v. Carter,* 947 A.2d 1143, 1159-60 (D.C. 2008).

[3] Use of the percentage method in common-fund cases also appears to be dominant in the Ninth Circuit and has been adopted by the U.S. District for the Northern District of California.  *In re Omnivision Techs., Inc.,*559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2008)  ("The advantages of using the percentage method have been described thoroughly by other courts. . . .The Court finds those advantages persuasive, and adopts the percentage method in this matter.").

[4] *Id.* at 1266-67: "The task force enumerated nine deficiencies in the lodestar process:  1) it increases the workload of an already overtaxed judicial system; 2) the elements of the process 'are insufficiently objective and produce results that are far from homogeneous'; 3) the process 'creates a sense of mathematical precision that is unwarranted

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

20219858.2

4

MOTION FOR LEAVE TO FILE
MOTION FOR RECONSIDERATION
CASE NO. C 07-0943 WHA

Thirty percent of the recovery is normal and often, as here, fully warranted. *In re Baan Co. Securities Litigation*, 288 F. Supp. 2d 14, 17 ( D.D.C. 2003); *Lorazepam,* 2003 WL 22037741, *7 (*citing, In re Aetna Inc.,* 2001 WL 20928 (E.D. Pa. Jan. 4, 2001)) (finding thirty percent to constitute a reasonable award); *In re Ampicillin Antitrust Litig.*, 526 F. Supp. 494, 498 (D.D.C. 1981) (noting that several courts have awarded more than forty percent of a settlement fund). Similarly, the Ninth Circuit uses a "benchmark" of 25%; however, it is recognized that in most common fund cases, the award exceeds that benchmark, equaling 30%. *In re Omnivision Techs., Inc.,* 559 F. Supp. 2d 1036, 1047.[5]

As explained in *Swedish Hospital, id.* at 1269, the percentage-of-the-fund approach not only accurately reflects the economics of contingency fee litigation but also it eliminates unseemly arguments between Class Counsel and the Class about how many lawyers are used:

> "Furthermore, a percentage-of-the-fund approach more accurately reflects the economics of litigation practice. The district court in *Howers v. Atkins*, 668 F. Supp. 1021 (E.D. Ky. 1987), noted that "plaintiffs' litigation practice, given the uncertainties and hazards of litigation, must necessarily be result-oriented. It matters little to the class how much the attorney spends in time or money to reach a successful result. Id. at 1025 (internal quotation marks omitted). Making a similar point, Judge Posner has recently argued that a percentage-of-the-fund approach most closely approximates the manner in which attorneys are compensated in the marketplace for these types of cases. Writing for the court in In re Continental Illinois Sec. Litig., 962 F.2d 566, 572 (7th Cir. 1992), he noted:
> 
> > The judicial task might be simplified if the judge and the lawyers spent their efforts on finding out what the market in fact pays not for the individual hours but for the ensemble of services rendered in a case of this character....

---

in terms of the realities of the practice of law'; 4) the process 'is subject to manipulation by judges who prefer to calibrate fees in terms of percentages of the settlement fund or the amounts recovered by the plaintiffs or of an overall dollar amount'; 5) the process, although designed to curb abuses, has led to other abuses, such as encouraging lawyers to expend excessive hours engaging in duplicative and unjustified work, inflating their 'normal' billing rates, and including fictitious hours'; 6) it 'creates a disincentive for the early settlement of cases'; 7) it 'does not provide the district court with enough flexibility to reward or deter lawyers so that desirable objectives, such as early settlement, will be fostered'; 8) the process 'works to the particular disadvantage of the public interest bar' because, for example, the 'lodestar' is set lower in civil rights cases than in securities and antitrust cases; and 9) despite the apparent simplicity of the lodestar approach, 'considerable confusion and lack of predictability remain in its administration.' *Id. at 246-49."*

[5] Almost none of the cases cited in the text involved, as here, a three week trial; indeed, most resulted in settlement. *See, e.g., Lorazepam*, 2003 WL 22037741, at *3-8 (in a potential class of over 55,000 members, defendants settled for $35,000,000, and the court granted the attorneys a 30% common fund award). The massive amount of high-quality work in this case against skilled adversaries with an excellent result fully justifies the 30% figure.

Manatt, Phelps & Phillips, LLP
Attorneys At Law
Palo Alto

20219858.2                                       5                    MOTION FOR LEAVE TO FILE
                                                                      MOTION FOR RECONSIDERATION
                                                                      CASE NO. C 07-0943 WHA

"The class counsel are entitled to the fee they would have received had they handled a similar suit on a contingent fee basis, with a similar outcome."

### B. Class Counsel Would Be Prejudiced If They Were Forced to Significantly Re-Work the Fee Application That Has Already Been Completed In Accordance With Prevailing Law.

As explained above, Class Counsel were required to submit by the November 26, 2008 deadline an Application for attorney's fees and expenses in accordance with FRCP 54 and prevailing law. Class Counsel used as a template a motion for attorney's fees used successfully in *Yamagiwa v. City of Half Moon Bay*, Case No. C05-04149 VRW, which was also in the U.S. District Court for the Northern District of California. Class Counsel also prepared and filed concurrently therewith two detailed declarations spanning 85 pages describing the amount and nature of the work performed by each of Class Counsels' law firms. (Docket Nos. 585-86).

The Application and accompanying declarations already addressed many of the items identified in the Court's September 2, 2009 Order, including:

- a separate summary chart of total time and fees per individual timekeeper (¶ 4);
- a description of the qualifications, experience and role of each attorney and paralegal who worked on the matter and each person's billing rate during the time billed (¶ 5);
- proof that "billing judgment" was exercised, including a description of all adjustments made and why (¶ 5); and
- a description of the materials used to compile the information in the Application and accompanying declarations and how such information was prepared (¶ 5).

Such items also were segregated between the two law firms who served as Class Counsel. (¶ 7).

Since the Court's August 18, 2009 Order preliminarily approving the settlement, Class Counsel have updated their documents to reflect fees and costs incurred after November 26 (which now far exceed the 30% Class Counsel are seeking). In light of the tremendous amount of time and resources already expended by Class Counsel, it would be prejudicial to require Class Counsel to re-categorize their descriptions, especially since Class Counsel are seeking a fixed amount of recovery under the percentage-of-recovery approach mandated by DC law.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

20219858.2

6

MOTION FOR LEAVE TO FILE
MOTION FOR RECONSIDERATION
CASE NO. C 07-0943 WHA

### C. In the Alternative, Class Counsel Respectfully Request That the Date for Compliance With the Order Be Continued to October 15, 2009.

Based on the Court's August 18, 2009 Order preliminarily approving settlement, Class Counsel thought that they would have until October 15, 2009 to finalize and submit their revised Application for attorney's fees and expenses and supporting documents. The Court's September 2, 2009 Order now shortens that period to September 24, 2009.

Given the tremendous amount of work that would need to be re-done and done differently in order to comply with the Order, Class Counsel respectfully request that the deadline for compliance be continued to October 15, 2009 – the date originally identified in the August 18, 2009 Order – if the Court does not reconsider its September 2, 2009 Order. Class Counsel also need the additional time because two of their primary counsel – who also previously submitted declarations in support of Class Counsels' Application and who will do so again – will be in trial from September 14, 2009 through early October 2009.[6]

### IV. CONCLUSION

Pursuant to this Court's rulings, the percentage-of-the-fund method mandated by DC law must be used in this case. Class Counsel again apologize for not bringing up the DC law order at the July 30, 2009, hearing.

---

[6] Specifically, Ronald Katz will be in trial in the matter of *Flying J, Inc. v. People of the State of California*, Case No. 250116 SPC, in Kern County Superior Court. Lewis LeClair will be in trial in the matter of *4KS Aviation III, Inc. v. Darwin A. Deason*, Case No. CC-07-05898-E, in the County Court of Dallas, Texas.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

20219858.2

7

MOTION FOR LEAVE TO FILE
MOTION FOR RECONSIDERATION
CASE NO. C 07-0943 WHA

| | | |
|---|---|---|
| 1 | Dated: September 4, 2009 | Respectfully submitted, |
| 2 | | MANATT, PHELPS & PHILLIPS, LLP |
| 3 | | |
| 4 | | By: _____/s/ Ronald S. Katz_____ . |
| | | Ronald S. Katz (SBN 085713) |
| 5 | | Ryan S. Hilbert (SBN 210549) |
| | | Noel S. Cohen (SBN 219645) |
| 6 | | 1001 Page Mill Road, Building 2 |
| | | Palo Alto, CA  94304-1006 |
| 7 | | Telephone:  (650) 812-1300 |
| | | Facsimile:  (650) 213-0260 |
| 8 | | MCKOOL SMITH, P.C. |
| | | Lewis T. LeClair (SBN 077136) |
| 9 | | Jill Adler Naylor (SBN 150783) |
| | | 300 Crescent Court |
| 10 | | Dallas, TX 75201 |
| | | Telephone:  (214) 978-4984 |
| 11 | | Facsimile:  (214) 978-4044 |
| 12 | | *Attorneys for Plaintiffs* |

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

20219858.2

8

MOTION FOR LEAVE TO FILE
MOTION FOR RECONSIDERATION
CASE NO.  C 07-0943 WHA