United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD PAUL PARRISH, HERBERT ANTHONY ADDERLEY, and WALTER ROBERTS III,<br><br>    Plaintiffs,<br><br>  v.<br><br>NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION, a Virginia corporation, and NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a PLAYERS INC., a Virginia corporation.<br><br>    Defendants.<br>_____ / | No. C 07-00943 WHA<br><br>**ORDER RE PLAINTIFFS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** |

    Even if the law of the District of Columbia would say that only a percentage-of-recovery approach is applicable, the ultimate amount of attorney's fees and percent to be awarded is in the discretion of the district court under Rule 23. We must always remember the funds in question *belong to the class*, the retired football players. The money does not belong to plaintiffs' counsel or defense counsel. Therefore, counsel may not stipulate to deny important information the district judge needs in protecting the class from possible overreaching on attorney's fees motions. Under Rule 23, in exercising the duty to protect the class members, the district judge in this case believes it is important to not only look at the benefit achieved for the

class but also the specific effort expended on behalf of the class.  The Ninth Circuit has stated that

> In a class action, whether the attorneys' fees come from a common fund or are otherwise paid, the district court must exercise its inherent authority to assure that the amount and mode of payment of attorneys' fees are fair and proper.  This duty of the court exists independently of any objection.

*Zucker v. Occidental Petroleum Corp.*, 192 F.3d 1323, 1329 (9th Cir. 1999).

Plaintiffs have requested in the alternative that the deadline be extended from September 24 to October 15 to file their detailed declaration regarding attorney's fees and costs.  Two of plaintiffs' primary counsel will be in trial from September 14 through early October, and plaintiffs have represented that a "tremendous" amount of work would need to be re-done to comply with the Court's order.  The class members, however, must be given ample time to review the attorney's fees request and to file objections.  The class members' objections are due on October 29, and the hearing on final approval is November 19.  Therefore, the deadline will be extended to October 2, 2009.

**IT IS SO ORDERED.**

Dated:  September 15, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2