**Exhibit B**
**to the**
**Declaration of Lewis T. LeClair in Support of**
**Class Counsels' Renewed Application for Fees,**
**Expenses, and an Incentive Payment For Class**
**Representative, Herbert Adderley**

Dockets.Justia.com

*Attorney-Client Confidential*

# CO-COUNSEL AGREEMENT

## Bernard Parrish, et. al.  v. National Football League Players Association and Players, Inc.

This Agreement is made between and among Manatt Phelps & Phillips, located at 1001 Page Mill Road, Building 2, Palo Alto, California 94304 (herein referred to as "Manatt"), McKool Smith, P.C., located at 300 Crescent Court, Suite 1500, Dallas, Texas, 75201 (herein referred to as "McKool"), and Sam Mutch, P.A. located at 2114 N.W. 40th Terrace, Suite A-1, Gainesville, Florida (herein referred to as "Mutch").

Collectively, the parties will be referred to as the "CO-COUNSEL."  This Agreement governs the conditions under which the CO-COUNSEL will work together to prosecute claims against the National Football League Players Association ("NFLPA") and Players, Inc., ("Players") in a proposed class action to be filed in Gainesville, Florida, and in any related arbitrations asserting similar claims (the "Claims"), including allegations of breach of contract, breach of fiduciary duty, and other related claims for the failure to pay royalties or any other amounts due to retired NFL players.  The CO-COUNSEL agree as follows:

1.     The CO-COUNSEL may find it advisable to associate other counsel.  No such additional counsel shall be added without approval by Manatt and McKool.

2.     Manatt, McKool and Mutch will work together to coordinate all aspects of the litigation on behalf of Plaintiffs.  CO-COUNSEL will confer with each other prior to undertaking

*Attorney-Client Confidential*

any action or making any strategic decision having a potential material impact on the case. In the event of any disagreement, Manatt shall have final authority to determine the course of action, consistent with ethical duties and standards. The tasks to be undertaken include, but are not limited to, the following:

    a.    organizing and developing a plan for conducting the litigation on behalf of Plaintiffs, assigning tasks among Plaintiffs' counsel, and, as needed, calling and conducting meetings among counsel and such other committees or working groups as may be established to conduct the litigation effectively;

    b.    communication with the Court and defendants' counsel on questions of coordination, consolidation, discovery, motions and other pre-trial matters;

    c.    communicating with the Court on behalf of Plaintiffs or designating other plaintiffs' counsel who are responsible for doing so;

    d.    initiating, coordinating and supervising the efforts of Plaintiffs' counsel to ensure that pre-trial and trial preparation is conducted effectively, efficiently, equitably and that schedules are met and unnecessary or redundant work and expenditures are avoided;

    e.    engaging experts, consultants and other service providers as may be necessary on behalf of Plaintiffs' counsel;

*Attorney-Client Confidential*

     f.     conducting settlement negotiations as the representatives on behalf of all Plaintiffs and the proposed class;

     g.     ensuring that work assignments to Plaintiffs' counsel including their respective firms, partners, associates, other attorneys, paralegals, staff, etc.) are made in the best interests of Plaintiffs and the proposed class and are made on the basis of the qualifications and expertise of the persons assigned particular tasks or responsibilities and counsel's knowledge of the facts and issues, efficiency and cost-effectiveness;

     h.     reviewing and monitoring time and expense reports of Plaintiffs' counsel and establishing policy and procedures related thereto; and

     i.     approving any settlements to be submitted to the Court and any distributions therefrom.

3.     Subject to Court approval, Manatt, with the assistance of Mutch, will act as Class Liaison Counsel and shall have, at the direction of CO-COUNSEL, the following duties:

     a.     receiving on behalf of and promptly distributing the parties for whom it acts all orders, notices or other documents and communications from the Court;

     b.     filing all notices, motions, pleadings and other documents with the Court;

     c.     serving all notices, pleadings and other documents on all opposing counsel;

*Attorney-Client Confidential*

    d.     communicating with local defense counsel in scheduling and other matters; and

    e.     maintaining and distributing to the Court, to counsel for Plaintiffs, and to counsel for defendants an up-to-date comprehensive Service List.

4.    CO-COUNSEL shall each absorb their internal "in-house" costs including, but not limited to the following: telephone and facsimile costs, in-house copying, and travel and lodging.

5.    Manatt and McKool shall each advance 50% of all third-party out-of-pocked (external costs). After the signing of this Agreement, Manatt will set up a Litigation Trust Fund (the "Fund") that shall be maintained by Manatt with other trust funds held for clients. The Fund shall be used to pay expenses of prosecuting the Claims, including the expenses of using third-party services or specialists (such as court reporters, copying services, expert consultants and witnesses, jury consultants, and graphics services, etc.)

6.    At such time as attorneys fees or costs are received or paid in connection with the Claims, the amount received will be apportioned in accordance with this Agreement. The intent behind the provisions of the Agreement is to apportion fairly any recovery in this case among CO-COUNSEL. In the event that any fee award or cost recovery is made on a "percentage of recovery" or other collective methodology, the amount recovered shall be paid into the Trust and then shared among CO-COUNSEL as follows: (a) first, to reimburse Manatt and McKool for all costs incurred in prosecuting the Claims, whether through the Trust or otherwise in accordance with this Agreement; (b) next to Co-Counsel in the following percentages: Manatt-45% of the remainder, McKool-45% of the remainder, and Mutch-10% of the remainder, after all expenses

*Attorney-Client Confidential*

in (a) above have been reimbursed. Manatt and McKool may agree that certain amounts should be retained in the Trust to cover additional expenses that have or may be incurred in prosecuting the Claims and, in such event, the amounts shall not be distributed, but shall be retained in the Trust for later distribution or payment.

7.      In the event that fees and costs are awarded by the Court or arbitrator on the basis of a "lodestar" analysis, the equitable apportionment shall be done by the following:  first, by awarding external or third-party out-of-pocket costs to CO-COUNSEL who advances such costs, next, by awarding each CO-COUNSEL 50% of their respective lodestar fee amounts as found by the Court of arbitrators (the "Lodestar fee amount")(in the absence of specific findings, the Lodestar fee amount shall be defined as the hours expended on the case by such firm (as recorded in contemporaneous time records) multiplied by the hourly rate normally charged by CO-COUNSEL, without inclusion of costs); and finally, by awarding any additional recovery (above 50% of the respective Lodestar fee amounts) to each CO-COUNSEL in the following percentages: to Manatt-45%, to McKool-45%, and to Mutch-10%.

8.      Costs advanced shall be payable out of any recovery in this case as set froth above.  Any attorneys' fees recovered, whether designated as, attributed, to, or described as attorneys' fees, costs, out-of-pocket expenses, or otherwise, shall be used first to repay CO-COUNSEL the amounts of any third party expenses or costs they have advanced in pursuing this matter in accordance with paragraph 6.

9.      If the monies recovered are insufficient to cover 50% of the respective Lodestar fees of the CO-COUNSEL, they shall first be divided pro rata in repaying CO-COUNSEL for third-party out-of-pocket costs; and then in proportion to each firm's Lodestar fee amount.

PARRISH, ET. AL. v. NFLPA
**CO-COUNSEL AGREEMENT** - Page 5
Dallas 231259v2

*Attorney-Client Confidential*

10.     All CO-COUNSEL shall maintain accurate, contemporaneous records for all time that will be billed in this action. CO-COUNSEL shall exercise reasonable billing judgment to eliminate any inefficiencies or unreasonable time expenditures. CO-COUNSEL'S billing professionals will record the amount of time they spend working on the Claims and will each provide to Manatt monthly statements by the 15th of the following month, that show the identity of the timekeepers, a description of the hours expended and services provided, the period covered by each statement, and a list of costs and expenses incurred. Manatt shall provide monthly updates to McKool of hours and expenses incurred, and shall circulate quarterly reports to all CO-COUNSEL showing each firm's quarterly time and expenses in the case.

11.     CO-COUNSEL will cooperate in their work on this matter. Manatt shall supervise assignments to CO-COUNSEL and shall review time and expenses incurred to determine that they are reasonable. If any party to this Agreement voluntarily withdraws as CO-COUNSEL, of if any party voluntarily terminates the CO-COUNSEL relationship, the sharing of fees and repayment of costs shall remain in effect for the time and cost incurred prior to termination, but such withdrawing or terminating party shall only be entitled to receive a maximum of the lodestar amount awarded by the Court or such other amount agreed by all of the parties hereto. Should fees or costs be received on a percentage of recovery method, the terminating party shall be entitled to reasonable value for the services rendered, or such other amount as agreed to by all parties. Each party to this Agreement will support the other's fee application to the extent that the application reflects work actually devoted to the case and expenses actually paid in the prosecution of the case.

*Attorney-Client Confidential*

12.    All the signatories below represent that they have authority to enter this Agreement on behalf of their respective firms.

13.    It is expressly understood and agreed that this Agreement shall be governed by, construed, interpreted, and enforced in accordance with the laws of the State of Texas and shall be performable in Dallas County, Texas.  All claims, disputes, or other differences between CO-COUNSEL or any of the attorneys involved regarding the above-referenced litigation, the engagement or services related thereto, or this Agreement shall first be referred to a lawyer selected jointly by CO-COUNSEL. The parties shall explain their respective claims, disputes, or differences to the lawyer selected who shall render a non-binding recommendation to them for resolving such claims, disputes, or differences.  If the parties are unable to agree on a lawyer, or if, at least, one of the parties is unwilling to accept and abide by the non-binding recommendation of the lawyer, then any and all such claims, disputes, or differences shall be exclusively resolved by binding arbitration pursuant to the Federal Arbitration Act and the Commercial Arbitration Rules of the American Arbitration Association ("AAA"), with arbitration to occur at Dallas, Texas. The arbitration shall be before a single arbitrator selected from the complex business or commercial cases panel of the AAA, and each party shall bear its own attorney fees and costs in connection with the arbitration, including the costs of the AAA and the arbitrator, which shall be equally divided.  The AAA shall, promptly after receipt of a demand for arbitration from one of the parties, proceed to select the arbitrator. In doing so, the AAA shall submit a list of 5 potential arbitrators to the parties who, within five days thereafter,  shall be entitled to strike two names and rank the remaining names. In the event that, for any reason, the arbitration provision set forth in this paragraph is deemed to be

*Attorney-Client Confidential*

unenforceable, such unenforceability shall have no effect on any other provision of this Agreement and the parties in such event shall be free to pursue whatever other remedies are otherwise available to them.

14.    This document shall be executed in three original counterparts: one to be held by each of the parties.  Each counterpart shall be deemed an original and taken together shall constitute one and the same Agreement, which shall be binding and effective as to all parties hereto.  A facsimile copy of a signature shall be deemed binding and effective.

15.    This Agreement may be revised or amended only by a written instrument signed by all CO-COUNSEL.

_____
Ronald S. Katz, on behalf of Manatt, Phelps & Phillips


_____
Lewis T. LeClair, on behalf of McKool Smith P.C.

_____
Sam Mutch, P.A.
Samuel A. Mutch, P.A.

PARRISH, ET. AL. v. NFLPA
CO-COUNSEL AGREEMENT - Page 8
Dallas 231259v2

*Attorney-Client Confidential*

days thereafter, shall be entitled to strike two names and rank the remaining names. In the event that, for any reason, the arbitration provision set forth in this paragraph is deemed to be unenforceable, such unenforceability shall have no effect on any other provision of this Agreement and the parties in such event shall be free to pursue whatever other remedies are otherwise available to them.

14.    This document shall be executed in three original counterparts: one to be held by each of the parties. Each counterpart shall be deemed an original and taken together shall constitute one and the same Agreement, which shall be binding and effective as to all parties hereto. A facsimile copy of a signature shall be deemed binding and effective.

15.    This Agreement may be revised or amended only by a written instrument signed by all CO-COUNSEL.

_____
Ronald S. Katz, on behalf of Manatt, Phelps & Phillips

_____
Lewis T. LeClair, on behalf of McKool Smith P.C.

_____
Sam Mutch, P.A.

*Attorney-Client Confidential*

unenforceable, such unenforceability shall have no effect on any other provision of this Agreement and the parties in such event shall be free to pursue whatever other remedies are otherwise available to them.

14.     This document shall be executed in three original counterparts: one to be held by each of the parties.  Each counterpart shall be deemed an original and taken together shall constitute one and the same Agreement, which shall be binding and effective as to all parties hereto.  A facsimile copy of a signature shall be deemed binding and effective.

15.     This Agreement may be revised or amended only by a written instrument signed by all CO-COUNSEL.

_____
Ron Katz, on behalf of Manatt, Phelps & Phillips

_____
Lewis T. LeClair, on behalf of McKool Smith P.C.

_____
Sam Mutch, P.C.

**PARRISH, ET. AL. v. NFLPA**
<u>**CO-COUNSEL AGREEMENT**</u> **- Page 8**
Dallas 231259v3

*__Attorney-Client Confidential__*

The undersigned, the client(s) for whom the Claims are to be asserted, acknowledges that CO-COUNSEL have disclosed this Agreement and explained its terms including, but not limited to, its fee splitting provisions among CO-COUNSEL.  CO-COUNSEL hereby represent that this Agreement will not increase the total fee charged to the client(s)  and the putative class and that any fee recovered in this case must be approved by the Court.  The client(s) hereby consent to this division of fees and terms of this Agreement.

_____
Bernard P. Parrish


_____
Herbert A. Adderley


_____


20174252.1

**PARRISH, ET. AL. v. NFLPA**
**CO-COUNSEL AGREEMENT - Page 9**
Dallas 231259v2

*Attorney-Client Confidential*

The undersigned, the client(s) for whom the Claims are to be asserted, acknowledges that CO-COUNSEL have disclosed this Agreement and explained its terms including, but not limited to, its fee splitting provisions among CO-COUNSEL. CO-COUNSEL hereby represent that this Agreement will not increase the total fee charged to the client(s) and the putative class and that any fee recovered in this case must be approved by the Court. The client(s) hereby consent to this division of fees and terms of this Agreement.

_____
Bernard P. Parrish

_____
Herbert A. Adderley

_____

20174252.1

**PARRISH, ET. AL. v. NFLPA**
**CO-COUNSEL AGREEMENT** - **Page 9**
Dallas 231259v2