**Exhibit C**
**to the**
**Declaration of Ronald S. Katz**
**in Support of Class Counsels'**
**Response re Objections**

Dockets.Justia.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD PAUL PARRISH, HERBERT ANTHONY ADDERLEY, and WALTER ROBERTS, III on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED, et al., <br><br> Defendants | Case No. C 07-00943 WHA |

### SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement (hereinafter the "Settlement Agreement") is entered into this 5th day of June 2009 (the "Execution Date") by and between plaintiff class representative Herbert Anthony Adderley ("Plaintiff") and defendants National Football League Players Association ("NFLPA") and National Football League Players Incorporated (collectively "Defendants"). All claims of Bernard Paul Parrish were dismissed with prejudice, and the claims of Walter Roberts, III were dismissed prior to class certification and no appeal was taken from such dismissal. Plaintiff enters this Settlement Agreement both individually and on behalf of the Class defined in Paragraph 2 below. This Settlement Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims, upon and subject to the terms and conditions, hereof, and the approval of the Court.

WHEREAS, Plaintiff is prosecuting the above-captioned action (the "Class Action") against Defendants on his own behalf and on behalf of the Class;

WHEREAS, Plaintiff alleges, among other things, that Defendants failed to properly disburse revenue generated from the "Retired Players Group Licensing Program" and breached their fiduciary duties to Plaintiff and the Class;

WHEREAS, on November 10, 2008, a jury returned a verdict that, among other things, awarded Plaintiff and the Class $7.1 million in actual damages and $21 million in punitive damages, both arising solely from the alleged breach of fiduciary duty;

WHEREAS, on January 28, 2009, final judgment was entered by the Court in the amount of $28.1 million;

WHEREAS, Defendants deny Plaintiff's allegations, have not conceded or admitted any liability, and assert that the aforementioned final judgment was the result of several instances of reversible error, which are the subject of an appeal pending before the United States Court of Appeals for the Ninth Circuit, notice of which was filed on February 3, 2009;

WHEREAS, Counsel for Plaintiff have conducted an investigation into the facts and the law regarding the Class Action and have concluded that a settlement with Defendants according to the terms set forth below is in the best interest of Plaintiff and the Class;

WHEREAS, Defendants have concluded, despite their belief that they have meritorious defenses to the claims asserted and that they will prevail on appeal, that they will enter into this Settlement Agreement in order to avoid the further expense, inconvenience, and distraction of burdensome and protracted litigation, to obtain the releases and judgment contemplated by this Settlement Agreement, and to terminate with finality all claims that the Class has or could have asserted against Defendants in this Class Action; and

WHEREAS, arm's length settlement negotiations have taken place between Counsel for Plaintiff and Defendants and this Settlement Agreement, which embodies all of the terms and

2

conditions of the settlement between Plaintiff, both individually and on behalf of the Class, and

Defendants, has been reached as a result of the Parties' negotiations, subject to approval of the

Court.

NOW, THEREFORE, in consideration of the covenants, agreements, and releases set

forth herein and for other good and valuable consideration, it is agreed by and among the

undersigned that the Class Action be settled, compromised, and dismissed on the merits with

prejudice, without costs (except as provided expressly herein) as to Plaintiff, the Class, or

Defendants, subject to the approval of the Court and on the following terms and conditions:

## I.    DEFINITIONS

1.    *Claims Administrator*:  The term "Claims Administrator" shall mean Garden City

Group, an independent professional service firm selected by Class Counsel and approved by

Counsel for Defendants and charged with administering the claims process, mailing and

arranging for publication of required notices, and distributing the settlement proceeds pursuant to

a Court approved plan of distribution.

2.    *Class / Class Members*:  The terms "Class" and "Class Members" shall mean the

class previously certified by the Court's Order dated April 29, 2008, and subsequently modified

by the Court on June 9, 2008, of:

> All retired NFL players who executed a group licensing
> authorization form ("GLA") with the NFLPA that was in effect at
> any time between February 14, 2003 and February 14, 2007 and
> which contains the following language: "[T]he moneys generated
> by such licensing of retired player group rights will be divided
> between the player and an escrow account for all eligible NFLPA
> members who have signed a group licensing authorization form."

Excluded from the Class are the persons who fall within the definition of the Class but who

previously submitted a valid and timely request for exclusion from the Class by July 15, 2008,

3

pursuant to the Class Notice approved by the Court's Order dated May 22, 2008, and modified by the Court's June 9, 2008 Order (the "Opt-Outs" as defined in Paragraph 16).

3.     *Class Action*:  The term "Class Action" shall mean the case captioned *Bernard Parrish, et al., v. National Football League Players Inc., et al.*, No. C07 0943 WHA, brought in the United States District Court for the Northern District of California, and now pending before the United States Court of Appeals for the Ninth Circuit, No. 09-15226.

4.     *Class Counsel / Counsel for Plaintiff*:  The term "Class Counsel" and "Counsel for Plaintiff" shall mean the law firms of Manatt, Phelps & Phillips, L.L.P. and McKool Smith, P.C.

5.     *Class Notice:*  The term "Class Notice" shall mean the form of notice that will be mutually agreed upon by the Parties and submitted to the Court with the Preliminary Approval Motion.

6.     *Class Period*:  The term "Class Period" shall mean the period from and including February 14, 2003 to February 14, 2007.

7.     *Court*:  The term "Court" shall mean the United States District Court for the Northern District of California.

8.     *Defendants / Counsel for Defendants*:  The term "Defendants" shall mean defendants National Football League Players Association and National Football League Players Incorporated.  The term "Counsel for Defendants" shall mean Latham & Watkins LLP, which shall enter its appearance in the Class Action as soon as practicable after the Execution Date.

9.     *Distribution Plan*:  The term "Distribution Plan" shall mean the method by which the Net Settlement Amount will be distributed to the Class as provided in Paragraph 39 below.

10.    *Effective Date*:  The term "Effective Date" is defined in Paragraph 30 below.

4

11. *Execution Date*: The term "Execution Date" shall mean the date specified in the first paragraph of this Settlement Agreement, representing the date by which the representatives of all of the Parties have affixed their signatures to the signature page of this Settlement Agreement.

12. *Escrow Account / Escrow Agreement / Escrow Agent*: The term "Escrow Account" shall mean the account(s) established pursuant to the terms and conditions set forth in an "Escrow Agreement," to be negotiated in good faith and mutually agreed by Counsel for Plaintiff and Counsel for Defendants, and administered by an "Escrow Agent" in accordance with the terms of this Settlement Agreement.

13. *Final Approval Order / Final Judgment*: The term "Final Approval Order" shall mean the order granting final approval of the Settlement Agreement the Parties agree to seek pursuant to Paragraph 29 below, in the form attached hereto as Exhibit B. The term "Final Judgment" shall mean the final judgment the Parties agree to seek pursuant to Paragraph 29 below, in the form attached hereto as Exhibit C.

14. *Gross Settlement Amount / Net Settlement Amount*: The term "Gross Settlement Amount" shall mean Twenty-Six Million Two Hundred and Fifty Thousand Dollars ($26,250,000.00). The term "Net Settlement Amount" shall mean the Gross Settlement Amount, plus any interest accrued after payment by the Defendants as provided for in Paragraph 34, minus attorneys' fees, costs, expenses, and incentive fees to the Class Representative, as awarded by the Court.

15. *Notice and Administration Costs*: The term "Notice and Administration Costs" shall mean the costs associated with administering the Settlement Agreement, including, but not limited to, establishing and maintaining a filing process for claims of Class Members, processing

returned and/or undeliverable mail, including updating databases to reflect such returned or undeliverable mail using the National Change of Address registry, processing Claim forms, responding to Class Member inquiries, distributing checks to Class Members, preparing and disseminating reports to Class Counsel, preparing and filing tax returns, post-distribution settlement administration and related activities, and all costs and expenses related to providing Class Notice. Notice and Administration Costs includes all charges and expenses of the Claims Administrator.

16.     *Opt-Outs*:  The term "Opt-Outs" shall mean John Baker, Richard J. Yelvington, Lynn Chandnois, John E. Demarie, Dan Goich, Daniel V. Direnzo, James "Scottie" Graham, Deacon Jones, Steve M. Largent, Brig Owens, Ben Pucci, Donald R. Testerman, and Andre Collins, all of whom have requested exclusion from the Class pursuant to the Class Notice approved by the Court's Order dated May 22, 2008, and modified by the Court's June 9, 2008 Order.

17.     *Party / Parties*:  The term "Party" and "Parties" shall mean the parties to this Settlement Agreement.

18.     *Person / Persons*:  The terms "Person" and "Persons" shall mean any individual, corporation, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and any spouses, heirs, predecessors, successors, representatives or assignees of any of the foregoing.

6

19.     *Plaintiff / Class Representative*:  The terms "Plaintiff" and "Class Representative" shall mean plaintiff class representative Herbert Anthony Adderley on behalf of himself individually, and on behalf of the Class.

20.     *Preliminary Approval Motion*:  The term "Preliminary Approval Motion" shall mean the Motion for Preliminary Approval referred to in Paragraph 28 of this Settlement Agreement.

21.     *Preliminary Approval Order*:  The term "Preliminary Approval Order" shall mean the Order in the form attached hereto as Exhibit A.

22.     *Released Claims*:  The term "Released Claims" shall mean those claims released pursuant to Paragraphs 32 and 33 of this Settlement Agreement.

23.     *Releasees*:  The term "Releasees" shall refer jointly and severally, individually, and collectively to the Defendants and their respective past and present parents, subsidiaries, affiliates, officers, directors, employees, agents, attorneys, servants, and representatives (and any such parents', subsidiaries', and affiliates' past and present officers, directors, employees, agents, attorneys, servants, and representatives), and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.

24.     *Releasors*:  The term "Releasors" shall refer jointly and severally, individually. and collectively to Plaintiff, Class Members, and their respective past and present parents, subsidiaries, affiliates, officers, directors, employees, agents, attorneys, servants, and representatives (and any such parents', subsidiaries', and affiliates' past and present officers, directors, employees, agents, attorneys, servants, and representatives), and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.

7

25.     *Settlement Fund*:  The term "Settlement Fund" shall mean the Gross Settlement Amount and any interest earned thereon after payment thereof by Defendants into the Escrow Account.

## II.     APPROVAL OF THIS AGREEMENT AND DISMISSAL OF CLAIMS

26.     The Parties shall use their best efforts to effectuate this Settlement Agreement, including cooperating in promptly seeking and obtaining the Court's preliminary and final approval of this Settlement Agreement (including providing notice to the Class under Federal Rules of Civil Procedure 23 (c) and (e)), and to secure the entry of the Final Judgment.

27.     Within ten (10) business days after the Execution Date, Defendants shall submit, and Plaintiff shall stipulate to, a motion to the Court of Appeals for the Ninth Circuit to dismiss, without prejudice subject to reinstatement, Defendants' pending appeal of the Class Action, No. 09-15226, pending final approval of the Settlement and the occurrence of the Effective Date.

28.     Within fourteen (14) days after the dismissal of the pending appeal of the Class Action provided for in Paragraph 27 is granted, Plaintiff shall submit to the Court the Preliminary Approval Motion, which will be joined in or stipulated to by the Defendants, requesting entry of the Preliminary Approval Order, authorization to disseminate the Class Notice to all potential Class Members, and a stay of all proceedings in the Class Action against the Defendants, except for proceedings provided for, by, or in connection with this Settlement Agreement as set forth herein.

29.     If the Court preliminarily approves the Settlement, the Parties shall jointly seek entry of an order (the "Final Approval Order"), and final judgment (the "Final Judgment"), the form and content of which are set forth in the attached Exhibits B and C, respectively, as follows:

(a) as to the Class Action, finding that the notice given to Class
Members complies with Rule 23 of the Federal Rules of Civil
Procedure, and approving finally this Settlement Agreement and its
terms as being a fair, reasonable, and adequate settlement as to the
Class Members within the meaning of Rule 23 of the Federal Rules
of Civil Procedure and directing its consummation according to its
terms;

(b) directing that the Class Action be dismissed with prejudice and,
except as provided for in this Settlement Agreement, without costs;

(c) discharging and releasing the Releasees from all Released
Claims, in conformance with this Settlement Agreement;

(d) for the payment of the Gross Settlement Amount by Defendants
in conformance with this Settlement Agreement and approving the
Settlement Fund and creation of the Escrow Account;

(e) either awarding the payment of attorneys' fees and costs from
the Settlement Fund and an incentive payment to the Class
Representative from the Settlement Fund, as determined by the
Court, or reserving those matters for separate determination after
approval of the Settlement Agreement;

(f) reserving exclusive jurisdiction over the settlement and this
Settlement Agreement, including the award of attorneys fees and
costs as provided therein and as approved by the Court, and the
administration and consummation of this settlement; and

(g) finding under Federal Rule of Civil Procedure 54(b) that there
is no just reason for delay and directing that the judgment of
dismissal as to Defendants shall be final and entered forthwith.

30.     This Settlement Agreement shall become final, and the Effective Date shall occur,

upon: (a) the entry of the Final Approval Order and Final Judgment described in Paragraph 29,

which, among other things, approves the Settlement Agreement under Federal Rule of Civil

Procedure 23(e) and dismisses the Class Action and all claims therein against the Defendants on

the merits with prejudice as to Plaintiff, Class Members, and Releasors; and (b) the expiration of

the time for appeal or to seek permission to appeal from the Court's approval of the Settlement

Agreement and entry of the Final Judgment or, if an appeal from an approval and Final Judgment

9

is taken, the affirmance of such approval and Final Judgment in its entirety, without modification, by the court of last resort to which an appeal of such approval and Final Judgment may be taken. Neither the provisions of Rule 60 of the Federal Rules of Civil Procedure nor the All Writs Act, 28 U.S.C. § 1651, shall be taken into account in determining the above-stated times.

31.     On the date the Parties have executed this Settlement Agreement, Plaintiff and the Defendants shall be bound by its terms, and this Settlement Agreement shall not be rescinded or terminated except in accordance with the terms of this Settlement Agreement or as ordered by the Court.

## III.    RELEASE AND DISCHARGE

32.     Upon the occurrence of the Effective Date, including the Court's final approval of this Settlement Agreement, and in consideration of payment of the Gross Settlement Amount specified in Paragraph 34 of this Settlement Agreement and subject to this Paragraph, the Releasors, and any other Person claiming (now or in the future) through or on behalf of them, and regardless of whether any such Releasor ever seeks or obtains by any means any distribution from the Settlement Fund, shall be deemed to have, and by operation of the judgment shall have completely released, acquitted, and forever discharged the Releasees from, and shall have, or be deemed to have, convenanted not to sue the Releasees with respect to, and shall be permanently barred and enjoined from instituting, commencing, or prosecuting against Releasees, any and all claims, demands, actions, suits, and causes of action (whether class, individual, or otherwise in nature), damages whenever incurred, and liabilities of any nature whatsoever, including costs, expenses, penalties, and attorneys' fees, that Releasors, or any one of them, whether directly, representatively, derivatively, or in any other capacity, ever had, now have, or hereafter can, shall, or may have against the Releasees, whether known or unknown, that relate in any way to

10

the facts, occurrences, transactions, or other matters that were the subject of the certified claims or that were alleged in the Class Action, under federal or state law. The Releasors covenant that they shall not, after the Effective Date of this Settlement Agreement, seek to recover against any of the Releasees for any of the Released Claims.

33.     Upon the Effective Date and pursuant to this Settlement Agreement and the entry of Final Judgment, for good and valuable consideration, the Releasors shall have completely released, acquitted, and forever discharged any and all of the Releasees from any and all Released Claims. The Releasors hereby expressly waive and relinquish as to the Releasees, to the fullest extent permitted by law, any and all benefits and rights conferred by § 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
> WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT
> TO EXIST IN HIS OR HER FAVOR AT THE TIME OF
> EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM
> OR HER MUST HAVE MATERIALLY AFFECTED HIS OR
> HER SETTLEMENT WITH THE DEBTOR.

The Releasors also hereby expressly waive and relinquish as to the Releasees, to the fullest extent permitted by law, any and all benefits and rights conferred by any state or federal law, rule, regulation or statute similar to § 1542 of the California Civil Code. The Releasors may hereafter discover facts other than or different from those that they know or believe to be true with respect to the Released Claims, but the Releasors hereby expressly waive and fully, finally and forever settle and release, as to Releasees, any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim with respect to the Released Claims, whether or not hidden or concealed, without regard to subsequent discovery. Plaintiff acknowledges, and Class Members shall be deemed to have acknowledged, that the

11

foregoing waiver was separately bargained for and a key element of the settlement terms set forth herein.

## IV.    PAYMENT

34.    Subject to the provisions hereof, and in full, complete, and final settlement of the Class Actions as provided herein, Defendants, jointly and severally, agree to pay the Class the Gross Settlement Amount of Twenty-Six Million Two Hundred and Fifty Thousand Dollars ($26,250,000.00); provided, however, that collectively, Defendants shall not pay any more than the Gross Settlement Amount under any circumstances. The Gross Settlement Amount shall be paid in two installments. By July 13, 2009, the Parties shall execute the Escrow Agreement and establish the Escrow Account, and defendant National Football League Players Incorporated shall pay into the Escrow Account by wire transfer the sum of Thirteen Million One Hundred Twenty Five Thousand Dollars ($13,125,000.00), constituting one half of the Gross Settlement Amount. Within one year after the Execution Date, or ten (10) business days after the Effective Date, whichever is later, defendant National Football League Players Incorporated shall pay into the Escrow Account by wire transfer Thirteen Million One Hundred Twenty Five Thousand Dollars ($13,125,000.00), constituting the remainder of the Gross Settlement Amount. The Escrow Account shall be administered in accordance with the provisions of this Settlement Agreement as provided for in the Escrow Agreement.

## V.    THE SETTLEMENT FUND

35.    Each Class Member shall look solely to the Settlement Fund for settlement and satisfaction, as provided herein, of all Released Claims. Except as provided by order of the Court, no Class Member shall have any interest in the Settlement Fund or any portion thereof. Defendants shall have no liability or responsibility with respect to disbursements from, or administration of, the Settlement Fund.

36.     Disbursements for Notice and Administration Costs, including reasonable
expenses associated with providing notice of the settlement to the Class, expenses associated
with administering the settlement, and any payments and expenses incurred in connection with
taxation matters relating to the settlement and this Settlement Agreement, shall be paid from the
Settlement Fund when incurred. Such disbursements, but only up to a maximum of One
Hundred Fifty Thousand Dollars ($150,000.00), shall not be refundable to the Defendants in the
event the Settlement Agreement is disapproved, rescinded, or otherwise fails to become
effective.

37.     The Escrow Account shall be maintained in cash or invested in cash equivalents
or other instruments backed by the full faith and credit of the United States Government,
provided, however, that such portions of the Escrow Account as may reasonably be needed to
pay current expenses associated with providing notice to the Class and administering the
Settlement Fund may be deposited in a federally insured bank account. All interest earned by the
Escrow Account shall become and remain part of the Escrow Account.

38.     Defendants shall not have any responsibility, financial obligation, or liability
whatsoever with respect to the investment, distribution, use, or administration of the Settlement
Fund, including, but not limited to, the costs and expenses of such investment, distribution, use,
or administration, except as otherwise provided in this Settlement Agreement. All funds held in
the Settlement Fund shall remain subject to the jurisdiction of the Court until such time as such
funds are distributed pursuant to the Settlement Agreement and/or further order of the Court.

39.     After the Effective Date, the Settlement Fund shall be distributed in accordance
with a plan in form and content that will be mutually agreed upon by the Parties, and approved
by the Court.

13

40. Subject to application to and approval of the Court, Plaintiff and Class Counsel shall be reimbursed and paid solely out of the Settlement Fund for all expenses including, but not limited to, past, current, or future attorneys' fees; past, current, or future litigation expenses (including, but not limited to, experts' and consultants' fees and expenses); any incentive payments to the Class Representative; and the costs of giving notice of this settlement to the Class.

41. After, and other than, making the payments described in Paragraph 34 of this Settlement Agreement, Defendants shall have no responsibility whatsoever for the allocation or distribution of the Settlement Fund and shall not be responsible or otherwise liable for any disputes relating to the amount, allocation, or distribution of any fees, costs, or awards. Further, other than making the payments described in Paragraph 34, Defendants shall not be liable for any additional payments to the Class Members or Class Counsel pursuant to this Settlement Agreement, or for any other attorneys' fees, expenses or other amounts related to this Class Action. Under no circumstances shall Defendants or any Releasee, collectively, be required to pay more than the Gross Settlement Amount pursuant to this Settlement Agreement, the settlement, or any plan of distribution provided for in Paragraph 39 and approved by the Court. .

42. Defendants agree to take no position, subject to any order of the Court, with respect to any application by Class Counsel or the Class Representative for reimbursement of attorneys' fees, costs and expenses incurred in the prosecution of this Class Action or the amount of any incentive payment to the Class Representative. Provided, however, no attorneys' fees, expenses, or incentive payments shall be paid to Class Counsel or the Class Representative prior to the Effective Date.

## VI.   **RESCISSION IF THE SETTLEMENT IS NOT FINALLY APPROVED**

14

43.     If the Court declines to approve this Settlement Agreement, or if such approval is materially modified or set aside on appeal, or if the Court does not enter the Final Approval Order and Final Judgment, or if the Court enters the Final Approval Order and Final Judgment and on appellate review the Final Approval Order and Final Judgment are not affirmed, then Defendants and the Plaintiff shall each, in their respective sole discretion, have the option to rescind this Settlement Agreement in its entirety, and any and all amounts constituting the Settlement Fund, including any interest earned thereon, shall be returned forthwith to Defendants, except for any disbursements made or incurred in accordance with Paragraph 36 of this Settlement Agreement. The Claims Administrator shall disburse the Settlement Fund to Defendants in accordance with this Paragraph within fifteen (15) business days after receipt of either (i) written notice signed by Counsel for Defendants and Class Counsel stating that this Settlement Agreement has been rescinded, or (ii) any order of the Court so directing. To the extent any taxes that are paid from the Settlement Fund pursuant to Paragraphs 36 or 45 of this Settlement Agreement are refunded as a result of rescission of the Settlement Agreement, such refunded amounts shall likewise be returned to the Settlement Fund for disbursement to Defendants. A modification or reversal on appeal of any amount of Class Counsel's fees and expenses, any incentive payments to the Class Representative awarded by the Court from the Settlement Fund, or any plan of allocation or distribution of the Settlement Fund shall not be deemed a modification of all or part of the terms of this Settlement Agreement or the Final Judgment.

44.     In the event that this Settlement Agreement is rescinded, Defendants and the Plaintiff reserve all of their rights, and nothing in this Settlement Agreement shall be construed

15

as an admission or evidence, or as a waiver of any rights or arguments that Defendants or the
Plaintiff may have.

## VII.  TAXES

45.    Class Counsel shall be solely responsible for directing the Escrow Agent to file all
informational and other tax returns necessary to report any taxable and/or net taxable income
earned by the Settlement Fund. Further, Class Counsel shall be solely responsible for directing
the Escrow Agent to take out of the Settlement Fund, as and when legally required, any tax
payments, including interest and penalties due on income earned by the Settlement Fund.
Defendants shall have no responsibility to make any filings relating to the Settlement Fund and
shall have no responsibility to pay tax on any income earned by the Settlement Fund or to pay
any taxes on the Settlement Fund unless the settlement is not consummated and the Settlement
Fund is returned to Defendants. Other than as specifically set forth herein, Defendants shall have
no responsibility for the payment of taxes or tax expenses. If for any reason, for any period of
time, Defendants are required to pay taxes on income earned by the Escrow Account, the Escrow
Agent shall, upon written instructions from Defendants with notice to Class Counsel, timely pay
to Defendants sufficient funds to enable them to pay all taxes (state, federal, or other) on income
earned by the Escrow Account.

46.    For the purpose of § 468B of the Internal Revenue Code of 1986, as amended,
and the regulations promulgated thereunder, the "Administrator" of the Escrow Account shall be
the Escrow Agent, who shall timely and properly file or cause to be filed on a timely basis, all
tax returns necessary or advisable with respect to the Settlement Fund (including without
limitation all income tax returns, all informational returns, and all returns described in Treas.
Reg. § 1.468B-2(1)).

16

47.     The Parties to this Settlement Agreement and their counsel shall treat, and shall cause the Escrow Agent to treat, the Settlement Fund as being at all times "qualified settlement funds" within the meaning of Treas. Reg. § 1.468B-1.  The Parties, their counsel, and the Escrow Agent agree that they will not ask the Court to take any action inconsistent with the treatment of the Settlement Fund in such manner.  In addition, the Escrow Agent and, as required, the Parties shall timely make such elections as necessary or advisable to carry out the provisions of this Paragraph, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-l(j)) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  The Escrow Agent shall timely and properly prepare and deliver the necessary documentation for signature by all necessary parties and thereafter to cause the appropriate filing to occur.  All provisions of this Settlement Agreement shall be interpreted in a manner that is consistent with the Settlement Fund being "qualified settlement funds" within the meaning of Treas. Reg. § 1.468B-1.

48.     The Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of Section VII of this Settlement Agreement.

49.     Taxes and expenses related thereto shall be treated as, and considered to be, a cost of administration of the settlement and shall be timely paid by the Escrow Agent out of the Escrow Account with respect to which such taxes and/or tax expenses have accrued, without prior order from the Court.  The Escrow Agent shall be obligated (not withstanding anything herein to the contrary) to withhold from distribution out of the Escrow Account any funds necessary to pay such amount including the establishment of adequate reserves or any taxes and

17

tax expenses (as well as any amounts that may be required to be withheld under Treasury Regulation Section 1.468B-2).

## VIII. MISCELLANEOUS

50. Except as absolutely necessary to meet the obligations provided under Paragraphs 26-29 of this Settlement Agreement, the Parties agree to maintain the confidentiality of all statements made during settlement negotiations or mediation, and the confidentiality of all documents subject to the protective order entered in this case on July 30, 2007 that have not been filed as part of the public record or admitted as exhibits at trial.

51. Neither this Settlement Agreement, the settlement itself, nor any act performed or document executed pursuant to or in furtherance of this Settlement Agreement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claims, of any allegation made in the litigation, or of any wrongdoing or liability of Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any liability, fault or omission of the Releasees in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Neither this Settlement Agreement, the settlement itself, nor any act performed or document executed pursuant to or in furtherance of this Settlement Agreement or the settlement shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement Agreement.

52. All of the Exhibits mutually agreed by the Parties and attached to this Settlement Agreement and/or the proposed Preliminary Approval Order, are material and integral parts hereof and are fully incorporated herein by this reference.

53. This Settlement Agreement constitutes the entire agreement among Plaintiff and Defendants pertaining to the settlement of the Class Action and supersedes any and all prior and contemporaneous undertakings of Plaintiff and Defendants in connection therewith. This

18

Settlement Agreement may be modified or amended only by a writing executed by Class Counsel and Defendants and, after preliminary approval of the Settlement Agreement, with Court approval.

54.     This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of Releasors and Releasees. Without limiting the generality of the foregoing and subject to the Effective Date occurring: (a) each and every covenant and agreement made herein by Plaintiff or Class Counsel shall be deemed binding upon all Class Members and the Releasors, and (b) each and every covenant and agreement made herein by the Defendants shall be binding upon all Releasees.

55.     Neither the Defendants nor Plaintiff, nor any of them, shall be considered to be the drafter of this Settlement Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Settlement Agreement.

56.     All terms of this Settlement Agreement shall be governed by and interpreted according to the substantive laws of California without regard to its choice of law or conflict of law principles.

57.     The United States District Court for the Northern District of California retains exclusive jurisdiction over all matters relating to the implementation and enforcement of the settlement, the Settlement Agreement, and the Settlement Fund, including, but not limited to, any plan for distribution of the Settlement Fund that the Court approves.

58.     This Settlement Agreement may be executed in counterparts by Plaintiff and Defendants and/or their respective counsel, and a facsimile signature shall be deemed an original signature for purposes of executing this Settlement Agreement.

19

59.     Where this Settlement Agreement requires any Party to provide notice or any

other communication or document to any other Party, such notice, communication, or document

shall be provided by facsimile or letter by overnight delivery to counsel for that Party, and in the

case of notice to members of the Class, notice to Class Counsel shall be sufficient.

60.     Each of the undersigned persons represents that he or she is fully authorized to

enter into the terms and conditions of, and to execute, this Settlement Agreement, subject to

Court approval.

IN WITNESS WHEREOF, the Parties hereto, through their fully authorized

representatives, have agreed to this Settlement Agreement as of the date first herein written

below.

**[Signature pages appear on following pages.]**

Dated:  June [ ], 2009

By: _____

    Ronald S. Katz
    Ryan S. Hilbert
    Noel S. Cohen
    MANATT, PHELPS & PHILLIPS, LLP
    101 Page Mill Road, Building 2
    Palo Alto, CA 94304-1006
    Telephone: (650) 812-1300
    Facsimile: (650) 213-0260

    Lewis T. LeClair
    Jill Naylor
    McKOOL SMITH, P.C.
    300 Crescent Court, Suite 1500
    Dallas, Texas 75201
    (214)978-4000

    Attorneys for Plaintiff and the Class

Dated:  June [ ], 2009

By: _____

    DeMaurice Smith
    Executive Director, National Football League

20

Players Association
Chairman, National Football League Players
Incorporated

and

David A. Barrett
LATHAM & WATKINS, LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004-1304
Telephone: (202) 637-2126
Facsimile: (202) 637-2201

Charles H. Samel
LATHAM & WATKINS, LLP
355 South Grand Avenue
Los Angeles, CA 90071-1560
Telephone: (213) 891-8285
Facsimile: (213) 891-8763

Attorneys for Defendants National Football League
Players Association and National Football League
Players Incorporated

21

# <u>Exhibit A</u>

Preliminary Approval Order

1               **UNITED STATES DISTRICT COURT**

2           **NORTHERN DISTRICT OF CALIFORNIA**

3

4 BERNARD PAUL PARRISH, HERBERT )
   ANTHONY ADDERLEY, and WALTER )

5 ROBERTS, III on behalf of themselves and all )
   others similarly situated, )

6                          )

7        Plaintiffs, )
         v. )   Case No. C 07-00943 WHA

8                      )
   NATIONAL FOOTBALL LEAGUE )

9 PLAYERS INCORPORATED, et al., )
                     )

10       Defendants. )

11                    )

12     **ORDER PRELIMINARILY APPROVING PROPOSED SETTLEMENT**

13         Upon review and consideration of the Settlement Agreement dated June 5, 2009,

14 executed on behalf of plaintiff Herbert Adderley and the Class by Class Counsel and on behalf of

15 defendants the National Football League Players Association and the National Football League

16 Players, Inc. (collectively "the Defendants") by their authorized representative, the exhibits

17 attached thereto (the "Settlement Agreement"), and the Plaintiff's Preliminary Approval Motion,

18 it is hereby **ORDERED** as follows:

19              **PRELIMINARY APPROVAL OF SETTLEMENT**

20     1.     The terms of the Settlement Agreement are hereby preliminarily approved,

21 subject to further consideration thereof at the Settlement Hearing provided for below. The Court

22 finds that said settlement is sufficiently within the range of reasonableness so that notice of the

23 proposed settlement should be given as provided in Paragraphs 2 and 3 of this Order.

24     2.     Within twenty (20) days after the date of the entry of this Order, Class Counsel

25 shall cause copies of the Class Notice, in the form attached to Plaintiff's Preliminary Approval

26 Motion, to be distributed to Class Members by first-class mail to the list of persons to whom

27 Class Counsel mailed the Notice of Pendency of Class Action pursuant to the Court's order dated

28 May 22, 2008.

                         1

1    3.    Counsel for Defendants shall cause to be published the Class Notice on a link

2    located in a noticeable position on the front page of the website www.nflpa.com. This

3    publication will be carried out as soon after the date of this Order as is reasonably practicable,

4    and in any event, within 45 days of the date of this Order.

5    4.    Prior to the Settlement Hearing, Class Counsel and Counsel for Defendants shall

6    serve and file a sworn statement attesting to compliance with the provisions of Paragraphs 2 and

7    3 of this Order.

8    5.    The actions set forth in Paragraphs 2 and 3 of this Order are hereby found to be

9    reasonably calculated to provide direct notice to all Class Members and, when completed, shall

10   constitute due and sufficient notice of the proposed settlement and the Settlement Hearing to all

11   persons affected by and/or entitled to participate in the settlement, in full compliance with the

12   notice requirements of Fed. R. Civ. P. 23 and due process.

13                    **FEE AND EXPENSE PETITION AND MOTIONS FOR FINAL**

14             **APPROVAL AND APPROVAL OF PROPOSED PLAN OF ALLOCATION**

15   6.    No later than thirty-five (35) days before the Settlement Hearing, Class Counsel

16   shall file a motion for final approval of the settlement (seeking entry of the Final Approval Order

17   and Final Judgment), a motion for approval of their proposed plan of allocation of Net

18   Settlement Amounts to the Class (the "Distribution Plan"), a motion for approval of an incentive

19   payment to the Class Representative, and a final application for attorneys' fees and expenses.

20                              **THE SETTLEMENT HEARING**

21   7.    A hearing on final settlement approval (the "Settlement Hearing") is hereby

22   scheduled to be held before the undersigned on _____ at ____ [a.m. /

23   p.m.] in Courtroom 9, 19th Floor, United States District Court for the Northern District of

24   California, 450 Golden Gate Avenue, San Francisco 94102, to consider: (a) the fairness,

25   reasonableness and adequacy of the proposed settlement; (b) the dismissal of the Class Action

26   with prejudice and the entry of the Final Approval Order and Final Judgment; (c) the approval of

27   the Distribution Plan; (d) the award and size of an incentive payment paid to the Class

28

1 │ Representative; and (e) the award and size of attorneys' fees, costs and expenses paid to Class

2 │ Counsel.

3 │       8.     Any Class Member may appear at the Settlement Hearing in person or by counsel

4 │ and may be heard, to the extent allowed by the Court, either in support of or in opposition to the

5 │ fairness, reasonableness and adequacy of the proposed settlement, the dismissal of the Class

6 │ Action with prejudice as to Defendants, and the entry of the Final Approval Order and Final

7 │ Judgment; provided, however, that no person shall be heard in opposition to such settlement,

8 │ dismissal and/or entry of the Final Approval Order and Final Judgment, and no papers or briefs

9 │ submitted by or on behalf of any such person shall be accepted or considered by the Court,

10 │ unless on or before _____ [21 days prior to the Settlement Hearing], such person: (a)

11 │ files with the Clerk of the Court a notice of such person's intention to appear as well as a

12 │ statement that indicates the basis for such person's opposition to the proposed settlement, the

13 │ dismissal of claims and/or the entry of the Final Approval Order and Final Judgment and any

14 │ documentation in support of such opposition, and (b) serves copies of such notice, statement and

15 │ documentation, as well as any other papers or briefs that such person files with the Court, either

16 │ in person or by mail, upon the following counsel:

17 │ Ronald S. Katz                       David A. Barrett

18 │ Manatt, Phelps & Phillips, LLP       Latham & Watkins LLP
   │ 101 Page Mill Road, Building 2       555 Eleventh Street, N.W., Suite 1000

19 │ Palo Alto, CA 94304-1006            Washington, D.C. 20004
   │ *Class Counsel*                          *Counsel for the Defendants*

20 │

21 │       9.     Responses to any objection or opposition to the proposed settlement shall be filed

22 │ with the Court no later than seven (7) days prior to the Settlement Hearing.

23 │      10.    The date and time of the Settlement Hearing shall be set forth in the Class Notice

24 │ but shall be subject to adjournment by the Court without further notice to the Class Members

25 │ other than that which may be posted at the Court or on the Court's website at

26 │ www.cand.uscourts.gov.

27 │

28 │

3

1       **OTHER PROVISIONS**

2           11.     Terms used in this Order that are defined in the Settlement Agreement, unless

3   otherwise defined herein, have the same meaning as in the Settlement Agreement.

4           12.     The Court approves the establishment of the Escrow Account under the

5   Settlement Agreement and retains continuing jurisdiction as to any issue that may arise in

6   connection with the formation and/or administration of the Escrow Account.

7           13.     In the event that the settlement is terminated in accordance with the provisions of

8   the Settlement Agreement, the settlement and all proceedings had in connection therewith shall

9   be null and void, except insofar as expressly provided to the contrary in the Settlement

10  Agreement, and without prejudice to the status quo ante rights of the Defendants and the Class

11  Members.

12          14.     All proceedings in the Class Action are hereby stayed until such time as the Court

13  renders a final decision regarding the approval of the settlement and, if it approves the

14  Settlement, enters the Final Approval Order and Final Judgment as provided in the Settlement

15  Agreement.

16  SO ORDERED:

17  Dated: _____, 2009                    _____

18                                                   Hon. William Alsup
                                                     United States District Judge
19

20

21

22

23

24

25

26

27

28

4

# **Exhibit B**

[Proposed] Final Approval Order

1

2   **UNITED STATES DISTRICT COURT**

3   **NORTHERN DISTRICT OF CALIFORNIA**

4

| | |
|---|---|
| 5  BERNARD PAUL PARRISH, HERBERT ANTHONY ADDERLEY, and WALTER 6  ROBERTS, III on behalf of themselves and all others similarly situated, | Case No. C 07-00943 WHA |
| 7                    Plaintiffs, | |
| 8            v. | |
| 9  NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED, et al., 10 | **[PROPOSED] ORDER PROVIDING FINAL APPROVAL OF SETTLEMENT, DISTRIBUTION PLAN, ATTORNEY'S FEES, INCENTIVE PAYMENT, and PAYMENT OF COSTS AND EXPENSES** |
| 11            Defendants | |
| 12 | Hon. William H. Alsup |

13

14         This matter having come before the Court for hearing, pursuant to the Order of this Court,

15   dated _____, 2009, on the application of plaintiff Herbert Adderley, individually and on

16   behalf of the Class certified by this Court, and defendants National Football League Players

17   Association and National Football League Players Incorporated for final approval of the

18   settlement set forth in the Settlement Agreement dated June 5, 2009 (the "Settlement

19   Agreement"), and due and adequate notice having been given to the Class as required in said

20   Order, and the Court having considered all papers filed and proceedings had herein and otherwise

21   being fully informed in the premises and good cause appearing therefore,

22         **IT IS HEREBY ORDERED** that:

23         1.       As used in this Order the capitalized terms not otherwise defined herein have the

24   meanings set forth in the Settlement Agreement.

25         2.       This Court has exclusive jurisdiction over the subject matter of the Class Action

26   and over all Class Members, and to consider and enter this Order.

27         3.       The notice previously given to Class Members of the Settlement Agreement and

28   the other matters set forth therein constitutes the best notice practicable under the circumstances

1.

1   and complies in all respects with the requirements Rule 23 of the Federal Rules of Civil

2   Procedure and due process.

3       4.      The Court has been advised of any objections to the Settlement Agreement and has

4   given fair consideration to any such objections.

5       5.      The  Parties conducted arm's length negotiations in good faith which resulted in

6   the Settlement Agreement.

7       6.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby

8   approves the Settlement Agreement, finds that said Settlement Agreement is, in all respects, fair,

9   reasonable, and adequate with respect to the Class, and directs that the Settlement Agreement be

10  consummated in accordance with its terms and conditions.

11      7.      The Releasors, and any other Person claiming (now or in the future) through or on

12  behalf of them and regardless of whether any such Releasor ever seeks or obtains by any means

13  any distribution from the Settlement Fund established pursuant to the Settlement Agreement, shall

14  be deemed to have fully, finally, and forever released, relinquished, and discharged all Released

15  Claims against the Releasees.  The Releasors also shall have covenanted not to sue the Releasees

16  with respect to all such Released Claims, and shall be permanently barred and enjoined from

17  instituting, commencing, prosecuting or asserting any such Released Claim against the Releasees.

18      8.      The Distribution Plan is adjudged to be fair, reasonable and adequate and is hereby

19  approved.  Class Counsel is directed to proceed with the Distribution Plan.

20      9.      The Court approves an award of $_____, to reimburse Class

21  Counsel for payment of costs and expenses reasonably incurred in prosecuting and settling this

22  action.

23      10.     The Court approves an award of $_____, to reimburse Class

24  Counsel for reasonable attorneys' fees.

25      11.     The Court has reviewed the application of the Class Representative, Herbert

26  Adderley, and Class Counsel, for an incentive payment to Mr. Adderley, and in the circumstances

27  of this Class Action, the Court finds good cause and justification for such an award.  The Court

28

[PROPOSED] ORDER PROVIDING FINAL
APPROVAL OF SETTLEMENT

1   therefore approves an award of $_____, to the Class Representative, Herbert

2   Adderley, as an incentive payment.

3       12.     Without further order of the Court, the Parties may agree to reasonable extensions

4   of time to carry out any of the provisions of the Settlement Agreement.

5

6   **IT IS SO ORDERED.**

7

8   DATED: _____, 2009

9

10

11   _____

12   Hon. William H. Alsup
     United States District Court Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3.                          [PROPOSED] ORDER PROVIDING FINAL
                              APPROVAL OF SETTLEMENT

# __Exhibit C__

# [Proposed] Final Judgment

1

2 **UNITED STATES DISTRICT COURT**

3 **NORTHERN DISTRICT OF CALIFORNIA**

4

5

6 BERNARD PAUL PARRISH, HERBERT )
   ANTHONY ADDERLEY, and WALTER )
7 ROBERTS, III on behalf of themselves and all )
   others similarly situated, )
8

9         Plaintiffs,
        v.                     )    Case No. C 07-00943 WHA

10 NATIONAL FOOTBALL LEAGUE )
    PLAYERS INCORPORATED, et al., )   **[PROPOSED] FINAL JUDGMENT**
11 )

12         Defendants )

13      Having given final approval of the settlement agreement in this action ("the Settlement

14 Agreement") by and between plaintiff class representative Herbert Adderley both individually

15 and on behalf of the Class certified by this Court, and defendants National Football League

16 Players Association and National Football League Players, Inc. (collectively "the Defendants"),

17      **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

18     1.     As used in this Judgment the capitalized terms not otherwise defined herein have

19 the meanings set forth in the Settlement Agreement.

20     2.     The above-captioned action is dismissed with prejudice, without costs (except as

21 set forth in the Settlement Agreement).

22     3.     Without affecting the finality of this Judgment, the Court hereby retains exclusive

23 jurisdiction over (a) implementation of the Settlement Agreement; (b) any award or distribution

24 of the Settlement Fund established pursuant to the Settlement Agreement, including interest

25 earned thereon; and (c) all other proceedings related to the implementation and enforcement of

26 the terms of the Settlement Agreement and/or the settlement. The time to appeal from this

27 Judgment shall commence upon its entry. Without limiting the generality of the foregoing, any

28

   **[PROPOSED] FINAL JUDGMENT**
                                         **M:07-CV- 00943-WHA**

1    dispute concerning the provisions of this Judgment, including but not limited to any suit, action or

2    proceeding in which the provisions of this Judgment are asserted as a defense in whole or in part

3    to any claim or cause of action asserted by any plaintiff or otherwise raised as an objection, shall

4    constitute a suit, action or proceeding arising out of or relating to this Judgment. Solely for

5    purposes of any such suit, action or proceeding, to the fullest extent possible under applicable

6    law, the Defendants and the Class Members are deemed to have irrevocably waived and to have

7    agreed not to assert, whether by way of motion, as a defense or otherwise, any claim, argument or

8    objection that they are not subject to the jurisdiction of this Court or that this Court is in any way

9    an improper venue or an inconvenient forum.

10       4.      This Judgment is a final judgment in the Class Action as to all claims among

11   Defendants, on the one hand, and the Plaintiffs and all Class Members, on the other. This Court

12   finds, for purposes of Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just

13   reason for delay and expressly directs entry of judgment as set forth herein.

14       5.      In the event that the settlement is terminated in accordance with the provisions of

15   the Settlement Agreement, the settlement and all proceedings had in connection therewith shall be

16   null and void, except insofar as expressly provided to the contrary in the Settlement Agreement,

17   and without prejudice to the status quo ante rights of the Defendants and the Class Members.

18   **IT IS SO ORDERED, ADJUDGED AND DECREED.**

19

20   Dated: _____

21

22                                        _____
                                          The Honorable William H. Alsup
23                                        United States District Court Judge

24

25

26

27

28

                                     2.                     [PROPOSED] FINAL JUDGMENT
                                                            M:07-CV-00943-WHA