MANATT, PHELPS & PHILLIPS, LLP
RONALD S. KATZ (Bar No. CA 085713)
E-mail: rkatz@manatt.com
RYAN S. HILBERT (California Bar No. 210549)
E-mail: rhilbert@manatt.com
NOEL S. COHEN (California Bar No. 219645)
E-mail: ncohen@manatt.com
1001 Page Mill Road, Building 2
Palo Alto, CA 94304-1006
Telephone: (650) 812-1300
Facsimile: (650) 213-0260

MCKOOL SMITH, P.C.
LEWIS T. LECLAIR (Bar No. CA 077136)
E-mail: lleclair@mckoolsmith.com
JILL ADLER NAYLOR (Bar No. CA 150783)
E-mail: jnaylor@mckoolsmith.com
300 Crescent Court
Dallas, TX 75201
Telephone: (214) 978-4984
Facsimile: (214) 978-4044

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HERBERT ANTHONY ADDERLEY, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION, a Virginia corporation, and NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a PLAYERS INC., a Virginia corporation,<br><br>Defendants. | CIVIL ACTION NO. C07 0943 WHA<br><br>**CLASS COUNSELS' RESPONSE TO NOVEMBER 17, 2009 ORDER**<br><br>Date: Thursday, November 19, 2009<br>Time: 2:00 p.m.<br>Judge: Honorable William H. Alsup<br>Place: Courtroom 9, 19th Floor |

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

1

RESPONSE RE NOVEMBER 17 ORDER
CASE NO. C 07-0943 WHA

Dockets.Justia.com

Counsel for the GLA Class ("Class Counsel" or "Plaintiffs' Counsel") respectfully submit the following response pursuant to the Court's November 17, 2009 Order (the "Order") entitled "Order Seeking Additional Response by Class Counsel to Objections re Class List."

## I. INTRODUCTION

According to the Declaration of Eugene Upshaw dated May 17, 2007 (Docket No. 67), there were over 13,000 retired players living as of May 2007. Six of the over 10,000 not included in the Class now assert that they should have been included, but none of them has produced a signed GLA from the relevant period.[1] Because the Class list was diligently obtained through the discovery process, these assertions should be disregarded by the Court.

## II. CLASS COUNSEL MADE DILIGENT EFFORTS TO OBTAIN AN ACCURATE LIST OF CLASS MEMBERS

The class was defined as:

> All retired players who executed a group licensing authorization form ("GLA") with the NFLPA that was in effect at any time between February 13, 2003 and February 14, 2007 and which contains the following language: "[T]he moneys generated by such licensing of retired player group rights will be divided between the player and an escrow account for all eligible NFLPA members who have signed a group licensing authorization form."

Stipulation and Order Revising Class Definition and Class Notice, June 9, 2008 (Docket No. 289).

During discovery, Plaintiffs' counsel asked Defendants to: "IDENTIFY each retired NFL player who signed a GLA that was in effect during the statute of limitations period and that includes a provision stating 'it is further understood that the moneys generated by such licensing of retired player group rights will be divided between the player and an escrow account for all eligible NFLPA members who have signed a group licensing authorization form.'" Declaration of Ryan S. Hilbert ("Hilbert Decl."), Exh. A (Plaintiffs' First Set of Interrogatories to Defendant National Football League Players Association). In response, Defendants produced a number of signed GLAs and, consistent with their obligations under Federal Rule of Civil Procedure 33(d),

---

[1] Five of these individuals do not allege they signed a GLA during the relevant period. The sixth, John Bramlett, claims that he did submit a GLA but it was not produced by Defendants during discovery along with the other 2,074 GLAs and Mr. Bramlett has not produced a signed GLA.

identified the specific GLAs from which the answer to this request could be derived. Hilbert Decl., Exh. B (National Football League Players Association's Responses to Plaintiffs' First Set of Interrogatories).

At trial, Plaintiffs were prepared to introduce into evidence a list of those retired players who had signed GLAs based on the information provided by Defendants during discovery. Around this same time, Defendants' counsel indicated that they had "paintstakingly re-vetted [their] GLA compilation" and sent to Plaintiffs' counsel the results of their work, which was substantially similar to what Plaintiffs had compiled. Hilbert Declaration, Exhibit C. Plaintiffs' counsel did not have any reason to doubt the veracity of this re-vetted compilation, which was produced pursuant to the law regulating discovery, and thus agreed to enter it into evidence as Exhibit 2057 at trial. Plaintiffs' counsel subsequently relied on Exhibit 2057 when determining who should receive class notices, and in the creation of the proposed plan of distribution.

### III. THE PLAYERS REFERENCED IN THE COURT'S NOVEMBER 17, 2009 ORDER HAVE NOT STATED THAT THEY SIGNED GLA'S DURING THE RELEVANT PERIOD

Several of the letters identified by the Court are from retired players who claim that they were improperly excluded from the Class. These players include Robert C. Khayat, Eddie Khayat, Billy Ray Barnes, Dick Bielski, and Kevin House, Sr. However, none of these five players state that they ever signed a Group Licensing Authorization form. Instead, they claim that they should be included because, among other reasons, they are and have been members in good standing with the NFLPA and/or the Bert Bell pension plan.

As the Court has noted on many occasions, however, this case is about the GLA. As noted above, Class counsel made diligent efforts to obtain an accurate list of those who signed a GLA. There is nothing on the record to indicate that Defendants did not comply with their discovery obligations regarding the list of those who signed GLA's during the relevant period. Indeed, Exhibit C to the Hilbert Declaration states that the Defendants were painstaking in their efforts to comply with discovery regarding those who signed GLA's. There is no reason to believe--and no evidence submitted--to indicate that this painstakingly vetted list was either over- or under-inclusive.

### IV. THE LIST IS NOT OVER-INCLUSIVE

Mr. Eddie Khayat's letter says that five individuals are included on the list that "never played a single down for any NFL team." It is possible, however, to be a retired NFL player without having played a down in a game, and Mr. Eddie Khayat appears to acknowledge that four of the five individuals he references did sign NFL contracts ("The NFL office has the records of all player contracts. One listed recipient of the payout is nowhere to be found as ever having signed a contract with any NFL team. Furthermore, no member of the team he claims to have played on remembers him.").

The NFL was not a party to this lawsuit, and Class Counsel are not aware of the state of the records to which Mr. Eddie Khayat refers. According to Mr. Eddie Khayat's letter, the individual claims to have played. Mr. Eddie Khayat's statement that "no member of the team he claims to have played on remembers him" implies that Mr. Eddie Khayat has been in contact with every member of that team, an assertion that strains credibility. In any event, because the individual and the team are unnamed, Class Counsel are unable to do further research on this question.

Even if it were possible to do further research, it would apparently at most generate disputed facts about one individual out of 2,062. Mr. Eddie Khayat, although undoubtedly well intentioned, has not made a sufficient showing to cast doubt on the overall integrity of the class list.

### V. CONCLUSION

Plaintiffs zealously pursued discovery in this case on behalf of the class members. Defendants complied with their discovery obligations. No evidence has been presented that would undermine the integrity of the discovery process. Therefore, Class Counsel respectfully request that the proposed settlement be approved.

| | |
|---|---|
| Dated: November 18, 2009 | Respectfully submitted, |
| | MANATT, PHELPS & PHILLIPS, LLP |
| | By: ____/s/ Ronald S. Katz_____.<br>Ronald S. Katz (SBN 085713)<br>Ryan S. Hilbert (SBN 210549)<br>Noel S. Cohen (SBN 219645)<br>1001 Page Mill Road, Building 2<br>Palo Alto, CA  94304-1006<br>Telephone:  (650) 812-1300<br>Facsimile:  (650) 213-0260 |
| | MCKOOL SMITH, P.C.<br>Lewis T. LeClair (SBN 077136)<br>Jill Adler Naylor (SBN 150783)<br>300 Crescent Court<br>Dallas, TX 75201<br>Telephone:  (214) 978-4984<br>Facsimile:  (214) 978-4044 |
| | *Attorneys for Plaintiffs* |