# Exhibit B
## To The
## Declaration Of Ryan S. Hilbert In Support Of
## Class Counsels' Response To November 17, 2009
## Order

Dockets.Justia.com

1   Mark Malin (Bar No. 199757)
    *mmalin@dl.com*
2   DEWEY & LEBOEUF LLP
    1950 University Avenue, Suite 500
3   East Palo Alto, CA  94303
    Tel:  (650) 845-7000; Fax:  (650) 845-7333
4
    Jeffrey L. Kessler (*pro hac vice*)
5   *jkessler@dl.com*
    David G. Feher (*pro hac vice*)
6   *dfeher@dl.com*
    Eamon O'Kelly (*pro hac vice*)
7   *eokelly@dl.com*
    DEWEY & LEBOEUF LLP
8   1301 Avenue of the Americas
    New York, NY  10019
9   Tel: (212) 259-8000; Fax:  (212) 259-6333

10  Kenneth L. Steinthal (*pro hac vice*)
    *kenneth.steinthal@weil.com*
11  Claire E. Goldstein (Bar No. 237979)
    *claire.goldstein@weil.com*
12  WEIL, GOTSHAL & MANGES LLP
    201 Redwood Shores Parkway
13  Redwood Shores, CA  94065
    Tel:  (650) 802-3000; Fax:  (650) 802-3100
14
    Bruce S. Meyer (*pro hac vice*)
15  *bruce.meyer@weil.com*
    WEIL, GOTSHAL & MANGES LLP
16  767 Fifth Avenue
    New York, NY  10153
17  Tel: (212) 310-8000; Fax:  (212) 310-8007

18  Attorneys for Defendants National Football League Players Association
    and National Football League Players Incorporated d/b/a Players Inc
19

20            UNITED STATES DISTRICT COURT
      NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION
21

| | |
|---|---|
| 22  BERNARD PAUL PARRISH, HERBERT ANTHONY ADDERLEY, WALTER ROBERTS III,<br><br>23              Plaintiffs,<br><br>24          v.<br><br>25  NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION and NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a/ PLAYERS INC.<br><br>28              Defendants. | Case No.  C 07 00943 WHA<br><br>**NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** |

Dewey & LeBoeuf LLP
1950 University Avenue
East Palo Alto, California 94303-2225

1  Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant
2  National Football League Players Association ("NFLPA") hereby responds and objects to
3  Plaintiffs' First Set of Interrogatories to Defendant NFLPA (collectively, the "Interrogatories,"
4  and individually, an "Interrogatory"), dated November 20, 2007.

5  ## PRELIMINARY STATEMENT

6  The following responses and objections are based upon the information currently
7  known and available to the NFLPA, including information ascertained pursuant to the NFLPA's
8  reasonable inquiry in response to each Interrogatory. Discovery and investigation are in the
9  preliminary stages and are ongoing, and may disclose the existence of additional information
10 responsive to the Interrogatories. The NFLPA reserves the right to amend or supplement these
11 responses and objections as additional information is discovered, revealed, recalled or otherwise
12 ascertained. The NFLPA further reserves the right to amend these responses and objections in
13 light of any future rulings by the Court. The NFLPA specifically reserves the right to utilize
14 subsequently discovered information or evidence at trial.

15 The NFLPA's responses and objections to any Interrogatory shall not waive any
16 objections by the NFLPA, in this or in any subsequent proceeding, on any grounds, including
17 objections as to the competency, relevancy, materiality, privilege or admissibility of the
18 responses, or the subject matter thereof.

19 ## GENERAL OBJECTIONS

20 The NFLPA asserts the following general objections with respect to each of the
21 Interrogatories:

22 1. The NFLPA objects to the Interrogatories, including the General
23 Instructions, to the extent that they purport to impose obligations beyond those imposed by the
24 Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, an
25 applicable Order of this Court, or any other applicable rules or statutes.

26 2. The NFLPA objects to the Interrogatories to the extent that they seek
27 information subject to the attorney-client privilege, the work-product doctrine, or any other
28 applicable evidentiary or other privilege, immunity or restriction. Any response is made without

Dewey & LeBoeuf LLP
1950 University Avenue, Suite 500
East Palo Alto, California 94303-2225

---

NFLPA's Responses and Objections To Plaintiffs'          Civ. Action No. C07 0943 WHA
First Set of Interrogatories

1  waiver of any privilege, claim of confidentiality, or other objection. Insofar as any response by

2  the NFLPA may be deemed to be a waiver of any privilege or right, such waiver shall be deemed

3  to be a limited waiver with respect to that particular information only.

4      3.    The NFLPA objects to the Interrogatories to the extent that they seek

5  information constituting or containing trade secrets, competitively sensitive information or other

6  non-public confidential or proprietary information. The NFLPA agrees to disclose such

7  information only pursuant to the terms of the protective order that has been so-ordered by the

8  Court in this action.

9      4.    The NFLPA objects to the Interrogatories to the extent that they seek

10  responses that are not relevant to the subject matter of this action and not reasonably calculated

11  to lead to the discovery of admissible evidence. As set forth in the next paragraph, this objection

12  includes, but is not limited to, Interrogatories calling for information outside the applicable

13  statutes of limitations.

14      5.    The NFLPA objects to the Interrogatories to the extent that they call for

15  responses relating to any asserted conduct by the NFLPA prior to February 14, 2003, the

16  commencement of the earliest applicable statutes of limitations for any claim asserted in the

17  Third Amended Complaint.

18      6.    The NFLPA objects to the Interrogatories to the extent they call for

19  information outside the scope of the claims of the putative class representatives.

20      7.    The NFLPA objects to the Interrogatories to the extent that they are vague,

21  ambiguous, overly broad in scope, confusing or unduly burdensome.

22      8.    The NFLPA objects to the Interrogatories to the extent that they seek

23  information not in the NFLPA's possession, custody or control. The NFLPA construes each

24  Interrogatory as requiring it to engage in a reasonable search for responsive information within

25  its possession, custody or control.

26      9.    The NFLPA reserves all objections or other positions it may have as to the

27  competency, relevance, materiality, privilege, or admissibility of any information produced in

28  response to the Interrogatories for any purpose whatsoever.

Dewey & LeBoeuf LLP
1950 University Avenue
East Palo Alto, California 94303-2225

-2-

## RESPONSES AND SPECIFIC OBJECTIONS

The NFLPA expressly incorporates each of the above general objections in its response to each specific Request as if fully set forth therein.

### INTERROGATORY NO. 1

IDENTIFY each retired NFL player who signed a GLA that contains identical printed text to the GLA attached hereto as Exhibit A and that was in effect during the statute of limitations period. For purposes of this interrogatory, the term "IDENTIFY" means to provide the (a) retired NFL player's full name; (b) retired NFL player's address; (c) year in which the GLA was signed; and (d) year in which the GLA expired.

### RESPONSE TO INTERROGATORY NO. 1

The NFLPA objects to Interrogatory No. 1 on the grounds that it calls for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is unduly burdensome. Specifically, Interrogatory No. 1 requests identifying information of putative class members, but such information is neither relevant nor discoverable under the Federal Rules of Civil Procedure before the certification of a class. See, e.g., Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 354-55 (1978). At this stage of the litigation, Plaintiffs may, at most, discover the number of putative class members. Moreover, Interrogatory No. 1 requests information about retired players who signed the referenced GLA without regard to whether such GLAs were in effect during the time period that Herbert Adderley -- the only Plaintiff who asserts a claim based on a GLA -- had a GLA in effect. Within the limitations period, Mr. Adderley had a GLA in effect between February 14, 2003 (the start of the limitations period) and December 31, 2005 (the date Mr. Adderley's last GLA expired). The information requested concerning retired players who did not have a GLA in effect at any time during this period is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The NFLPA further objects to Interrogatory No. 1 on the ground that it is unduly burdensome in that it calls for information that Plaintiffs may otherwise ascertain from business records that have already been produced in this litigation (i.e., GLAs themselves).

Dewey & LeBoeuf LLP
1950 University Avenue
East Palo Alto, California 94303-2225

-3-

Dewey & LeBoeuf LLP
1950 University Avenue
East Palo Alto, California 94303-2225

1    Subject to and without waiver of the foregoing objections, and pursuant to

2  Rule 33(d) of the Federal Rules of Civil Procedure, the NFLPA responds to Interrogatory No. 1

3  by reference to GLAs previously produced in this action that can be found within Bates Range

4  PI027379 to PI030996. After conducting a reasonable and diligent search, the NFLPA has

5  ascertained that an additional four persons had GLAs in effect sometime between February 14,

6  2003 and December 31, 2005, but for whom the NFLPA has not been able to locate the

7  corresponding GLAs. The NFLPA is not certain whether the GLAs for these persons were or

8  were not in the referenced form.

9  **INTERROGATORY NO. 2**

10    IDENTIFY each retired NFL player who signed a GLA that was in effect during
the statute of limitations period and that includes a provision stating "it is further understood that

11  the moneys generated by such licensing of retired player group rights will be divided between
the player and an escrow account for all eligible NFLPA members who have signed a group

12  licensing authorization form." For purposes of this interrogatory, the term "IDENTIFY" means

13  to provide the (a) retired NFL player's full name; (b) retired NFL player's address; (c) year in
which the GLA was signed; and (d) year in which the GLA expired.

14  **RESPONSE TO INTERROGATORY NO. 2**

15    The NFLPA objects to Interrogatory No. 2 on the grounds that it calls for

16  information that is neither relevant nor reasonably calculated to lead to the discovery of

17  admissible evidence, and is unduly burdensome. Specifically, Interrogatory No. 2 requests

18  identifying information of putative class members, but such information is neither relevant nor

19  discoverable under the Federal Rules of Civil Procedure before the certification of a class. See,

20  e.g., Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 354-55 (1978). At this stage of the

21  litigation, Plaintiffs may, at most, discover the number of putative class members. Moreover,

22  Interrogatory No. 2 requests information about retired players who signed the referenced GLA

23  without regard to whether such GLAs were in effect during the time period that Herbert

24  Adderley -- the only Plaintiff who asserts a claim based on a GLA -- had a GLA in effect.

25  Within the limitations period, Mr. Adderley had a GLA in effect between February 14, 2003 (the

26  start of the limitations period) and December 31, 2005 (the date Mr. Adderley's last GLA

27  expired). The information requested concerning retired players who did not have a GLA in

28

NFLPA's Responses and Objections To Plaintiffs'              Civ. Action No. C07 0943 WHA
First Set of Interrogatories

1  effect at any time during this period is neither relevant nor reasonably calculated to lead to the

2  discovery of admissible evidence. The NFLPA further objects to Interrogatory No. 2 on the

3  ground that it is unduly burdensome in that it calls for information that Plaintiffs may otherwise

4  ascertain from business records that have already been produced in this litigation (i.e., GLAs

5  themselves).

6       Subject to and without waiver of the foregoing objections, and pursuant to

7  Rule 33(d) of the Federal Rules of Civil Procedure, the NFLPA responds to Interrogatory No. 2

8  by reference to GLAs previously produced in this action that can be found within Bates Range

9  PI027379 to PI030996. After conducting a reasonable and diligent search, the NFLPA has

10 ascertained that an additional four persons had GLAs in effect sometime between February 14,

11 2003 and December 31, 2005, but for whom the NFLPA has not been able to locate the

12 corresponding GLAs. The NFLPA believes those GLAs may have contained the language

13 quoted in Interrogatory No. 2.

14 **INTERROGATORY NO. 3**

15     IDENTIFY each retired NFL player who paid dues to be a member of the NFLPA
   within the statute of limitations and within the period of time that the Constitution attached
16 hereto as Exhibit B was in effect, but who, according to your records, did not sign a GLA the
   same year that they were a member. For purposes of this interrogatory, the term "IDENTIFY"
17 means to provide the (a) retired NFL player's full name; (b) retired NFL player's address; and (c)
18 year(s) in which that player paid dues

19 **RESPONSE TO INTERROGATORY NO. 3**

20     The NFLPA objects to Interrogatory No. 3 on the ground that it is vague and

21 ambiguous in its reference to retired NFL players who paid dues to "be a member of the

22 NFLPA." Subject to and without waiving that objection, for purposes of this response the

23 NFLPA interprets the quoted language to refer to retired NFL players who paid dues to be a

24 member of the NFLPA Retired Players Association. The NFLPA further objects to Interrogatory

25 No. 3 on the grounds that it calls for information that is neither relevant nor reasonably

26 calculated to lead to the discovery of admissible evidence, and is unduly burdensome.

27 Specifically, Interrogatory No. 3 requests identifying information of putative class members, but

28 such information is neither relevant nor discoverable under the Federal Rules of Civil Procedure

Dewey & LeBoeuf LLP
1950 University Avenue
East Palo Alto, California 94303-2225

-5-

1    before the certification of a class.  See, e.g., Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340,

2    354-55 (1978).  At this stage of the litigation, Plaintiffs may, at most, discover the number of

3    putative class members.  Moreover, Interrogatory No. 3 requests information about certain

4    members of the NFLPA Retired Players Association without regard to whether such persons

5    were members of the NFLPA Retired Players Association during the time period that Bernard

6    Parrish -- the only Plaintiff who asserts a claim based on being a member of the NFLPA Retired

7    Players Association -- was such a member.  Within the limitations period, Mr. Parrish was a

8    member of the NFLPA Retired Players Association from April 28, 2005 to April 30, 2006.

9    Information related to retired players who were not members of the NFLPA Retired Players

10   Association at any time during this period is neither relevant nor reasonably calculated to lead to

11   the discovery of admissible evidence.

12           Subject to and without waiver of the foregoing objections, the NFLPA responds

13   as follows.  The March 1994 Constitution attached as Exhibit B to Plaintiffs' Interrogatories was

14   amended in or around March 1996 and was therefore not in effect during the applicable statute of

15   limitations period.  Accordingly, no retired players meet the criteria set forth in Interrogatory

16   No. 3.  The NFLPA is willing to meet and confer with Plaintiffs about, and respond in a timely

17   manner to, a reformulation of Interrogatory No. 3.

18

19   | Date: December 20, 2007 | DEWEY & LEBOEUF LLP |

20

21   BY: _____
                          David G. Feher
                          Attorneys for Defendant NFLPA

22

Dewey & LeBoeuf LLP
1950 University Avenue
East Palo Alto, California 94303-2225

-6-

## VERIFICATION OF ANDRE COLLINS

I, Andre Collins, hereby declare:

I am employed as the Director of the National Football League Players Association ("NFLPA") Retired Players Department and am authorized to make this verification on behalf of the NFLPA. I have read the NFLPA's Responses and Objections to Plaintiffs' First Set of Interrogatories and hereby declare under penalty of perjury that said responses are either true to the best of my personal knowledge or were assembled by authorized employees or agents of the NFLPA who inform me that the facts as to which I do not have personal knowledge are true to the best of that person's or persons' knowledge and belief.

Executed in Washington, D.C. on December 20, 2007

Andre Collins

Dewey & LeBoeuf LLP
1950 University Avenue, Suite 500
East Palo Alto, California 94303-2225