**United States District Court**
For the Northern District of California

1
2
3
4
5

6    IN THE UNITED STATES DISTRICT COURT

7
8    FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   HERBERT ANTHONY ADDERLEY, on behalf of himself and all others similarly situated,

   No. C 07-00943 WHA

   CLASS ACTION

   Plaintiffs,

   v.

   **ORDER GRANTING MOTION FOR FINAL APPROVAL OF THE SETTLEMENT AGREEMENT AND PROPOSED PLAN OF DISTRIBUTION**

   NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION, a Virginia corporation, and NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a PLAYERS INC., a Virginia Corporation

   Defendants.
   _____/

On November 19, 2009, the Court held a fairness hearing pursuant to FRCP 23(e)(2) on the settlement reached between Defendants National Football League Players Association and National Football League Players Incorporated, and Plaintiff Herbert Anthony Adderley, on behalf of himself and all others similarly situated, in this certified class action alleging breach of fiduciary duty and breach of contract.

Having scrutinized the terms of the settlement agreement, proposed plan of distribution, and adequacy of notice provided to class members, and having considered the motion for final approval of the settlement agreement, the declarations submitted therewith, oral argument by counsel, letters of objection to the settlement, the award of attorney's fees, costs, and expenses,

and all other documents of record in the case, the Court finds that the settlement agreement and distribution plan are in the best interests of the class, and are fair, reasonable, and adequate under the factors set forth in *Hanlon v. Chrysler*, 150 F.3d 1011 (9th Cir. 1998).

The settlement approved by the Court binds *only* the class as certified, defined as:

> All retired NFL players who executed a group licensing authorization form (GLA) with the NFLPA that was in effect at any time between February 14, 2003 and February 14, 2007 and which contains the following language: "[T]he moneys generated by such licensing of retired player group rights will be divided between the player and an escrow account for all eligible NFLPA members who have signed a group licensing authorization form."

Stipulation and Order Revising Class Definition and Notice (Docket No. 289). Falling within this definition were 2,074 retired NFL players (TX. 2054)[1], of which twelve submitted a valid and timely request for exclusion from the class pursuant to the class notice.[2] As such, the total number of class members who did not opt-out, and are therefore bound to the settlement, is 2,062. Both parties stipulated as to this final number in their "Amended Joint Stipulated Facts" filed before trial (Dkt. 482).

In finding that the settlement and distribution plan are fair and reasonable, fifty-three letters submitted by class members and non-class members regarding the terms of the settlement were considered by the Court. Two of these letters praised the outcome reached by class counsel. Of the remaining letters objecting to various aspects of the settlement, most did not make cogent objections to the settlement's fairness, and over half of these letters were "form letters" drafted by

---

[1] This class roster admitted at trial, listing the names of all 2,074 retired football players who signed qualifying GLAs and the years in which they signed those GLAs, was also made available online at http://retiredplayers.org. It is still available as of the date this Order was filed.

[2] The settlement agreement names and expressly excludes these "Opt-Outs" from the class. They are John Baker, Richard J. Kelvington, Lynn Chandnois, John E. Demarie, Dan Goich, Daniel V. Direzo, James "Scottie" Graham, Deacon Jones, Steve M. Largent, Brig Owens, Ben Gucci, Donald R. Testerman, and Andre Collins. A careful reader might notice that there are thirteen rather than twelve names. This is because Mr. Collins was later determined to not fall within the definition of the certified class (he is not among the 2,074).

2

a non-class member.[3] Moreover, a significant number of objections were signed by non-class members, whose rights are unaffected by this settlement.

One concern raised in a few letters, and discussed in depth at the fairness hearing, was the treatment of non-class members who now claimed to be improperly excluded from the class list. The Court agrees with class counsel that these individuals, who came forward only after notice of the settlement was provided, should not be treated as class members under the settlement agreement given their failure, despite opportunity according to counsel, to show that they signed qualifying GLAs. Class counsel is ordered to notify these individuals promptly in writing, quoting the language of this paragraph, of their non-class member status under the settlement agreement. Similarly, the Court agrees with class counsel that current class members should be required to attest to their entitlement to settlement proceeds before receiving funds under the proposed plan of distribution.

Finally, the Court notes that the scope of release in the settlement agreement was narrowed significantly to protect the interests of absent class members. At the hearing for preliminary approval of the settlement, vague and overbroad language in the proposed release by class members was rejected.[4] Ultimately, the Court obtained modifications to the settlement agreement expressly stating that claims against non-parties to the class action – such as Electronic Arts and other licensees of the Defendants – were *not* released, and that the release was *limited to certified or asserted claims*. Preliminary approval of the settlement was only granted after numerous revisions were made to the original settlement agreement clarifying these issues, and the Court was satisfied that the version of the agreement and notice of settlement mailed to class members clearly communicated these limitations.

---

[3] The form letter contained allegations that the initial version of the proposed settlement did *not* release licensees of the defendant. This allegation is not supported by any evidence, and moreover, the final version of the settlement contains language clearly stating that claims against licensees are not released.

[4] As an illustration, the original settlement agreement released "any and all claims" that Releasors "ever had, now have, or hereafter can, shall, or may have against the Releasees, whether known or unknown, that relate in any way" to the subject of the claims certified or alleged in the class action. Language defining the scope of Releasors and Releasees was similarly sweeping in the original agreement.

1   Accordingly, the entire matter of the proposed settlement having been duly noticed, and
2   having been fully considered by the Court:  IT IS HEREBY ORDERED that the Motion for Final
3   Approval of the Settlement Agreement and Proposed Plan of Distribution is **GRANTED**.[5]

4   IT IS FURTHER ORDERED that (1) upon consideration of the entire record by the Court,
5   the settlement agreement is deemed fair, reasonable, adequate, and in the best interests of the
6   class under the factors set forth in *Hanlon*; (2) the plan of distribution is approved as fair and
7   reasonable; and (3) the settlement shall be consummated subject to its terms

8   IT IS FURTHER ORDERED that class counsel notify non-class members who claimed to
9   be improperly excluded from the class list pursuant to the instructions set forth in this order.

10  IT IS FURTHER ORDERED that class counsel, as discussed and agreed upon at the
11  fairness hearing, send a written form to class members requiring each member to attest, under
12  penalty of perjury, that he is entitled to the share of the settlement fund that class counsel's
13  records indicates he will receive (e.g. that he is a retired football player and signed qualifying
14  GLAs in the years on record) before receiving any proceeds from the settlement.  Class counsel
15  shall submit an exemplar of this form with a declaration confirming that delivery of this form has
16  taken place once such delivery has occurred.  Once all funds have been distributed in accordance
17  with this order, counsel shall submit a final declaration certifying to full compliance, and bring
18  the case to a complete close.

19  IT IS FURTHER ORDERED that judgment is accordingly **ENTERED,** all certified and
20  asserted claims in this class action against all parties to the action are dismissed with prejudice to
21  the extent *limited* by the terms of the settlement agreement and this order, and the Court will
22  retain jurisdiction over this matter for the purpose of assuring compliance with the agreement.

23  **IT IS SO ORDERED.**

25  Dated:  November 23, 2009.

    _____
    WILLIAM ALSUP
    UNITED STATES DISTRICT JUDGE

---

[5] The Court properly considered the reasonableness of attorney's fees and costs in evaluating the fairness and adequacy of the settlement, as well as the reasonableness of the requested incentive fee for the lead plaintiff, and has ruled on these issues by separate order.

4