**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERBERT ANTHONY ADDERLEY, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION, a Virginia corporation, and NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a PLAYERS INC., a Virginia corporation<br><br>Defendants.<br>_____/ | No. C 07-00943 WHA<br><br>**CLASS ACTION**<br><br>**QUESTIONS TO COUNSEL REGARDING MOTION FOR FINAL DISTRIBUTION OF SETTLEMENT FUNDS** |

The undersigned has reviewed class counsel's motion and supporting declarations seeking approval of the second and final distribution from the settlement fund (Dkt. Nos. 692–94). Before deciding the motion, however, the Court would like counsel to answer the following questions, in declaration form, **BY NOON ON MONDAY, JULY 12, 2010**:

1. The class list submitted at trial included 2,074 retired NFL players (TX 2054). Twelve of these class members submitted timely opt-out requests. This means that 2,062 class members should have been mailed a claim form (Dkt. 482). Counsel shall please explain: (i) of these 2,062 class members, how many were included in the first mailing of claim forms and (ii) how many were included in the second mailing of claim forms?

2. Counsel shall list the names of any class members (excluding those who timely opted out) who were not included in either the first or second round of mailings. If any class members fit this description, counsel shall explain why they were never mailed a claim form.

3. The declarations submitted in support of the instant motion refer to 2,059 class members rather than 2,062 class members (*see, e.g.*, LeClair Decl. ¶ 5). Counsel must explain this discrepancy. If there are any errors (such as duplicate entries) in the list of 2,062 class members, this must be brought to the Court's attention and explained in detail by counsel.

4. Counsel have indicated that the addresses used for the first mailing of claim forms were obtained from the United States Postal Service's National Change of Address database. Counsel further explained that 261 of these claim forms were nevertheless returned as "undeliverable." Counsel (or the claims administrator) shall please describe in greater detail the "additional searches" that were performed to locate new addresses for the 261 class members whose claim forms were returned as "undeliverable."

5. In this connection, of the 261 class members whose claim forms were returned as "undeliverable" after the first round of mailings, how many were mailed a second claim form? Of these second mailings, how many were again returned as "undeliverable"?

\*          \*          \*

As these questions illustrate, the undersigned is most concerned about whether a large number of class members never received a claim form (either because no mailing address could be found or because the forms were all returned as "undeliverable") and whether these individuals comprise a significant portion of the 259 class members who never filed a claim.

Dated: July 6, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2