IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERBERT ANTHONY ADDERLEY, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION, a Virginia corporation, and NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED d/b/a PLAYERS INC., a Virginia corporation,<br><br>    Defendants.<br>_____ / | No. C 07-00943 WHA<br><br>**CLASS ACTION**<br><br><br><br>**ORDER DIRECTING FURTHER FOLLOW-UP BY CLASS COUNSEL AND TENTATIVELY RESOLVING CLASS FUND DISTRIBUTION** |

Class counsel report that the first and second rounds of settlement checks have been distributed, and that all outstanding checks from those distributions have become void. The second-round checks became void in early February, ninety days after they were issued. Counsel report that a variety of claims upon the class fund nonetheless remain outstanding, and that the remaining funds are insufficient to cover all outstanding claims.

Specifically, counsel identify claims that total $204,018.70, but only $165,430.27 remains in the pot. Counsel request guidance as to how the remaining funds should be distributed in light of this $38,588.43 shortage. Class counsel suggest several possible priority-based and pro-rata schemes for solving the problem. Class counsel represent that defendants "take no position" with respect to the instant motion (Dkt. No. 746).

Following the first round of briefing on the class fund shortage, class counsel were directed to contact class members who failed to cash their checks before they became void but had not requested replacement checks. Class counsel explained to these nine class members that their checks may or may not be re-issued and that the inquiry was being made as a courtesy and out of a desire to protect class members. Counsel filed a declaration stating which class members could not be reached and explaining why the other class members failed to timely cash their checks (Dkt. No. 756).

Class counsel are now directed to contact each of the four class members who have expressed willingness to submit a late claim form but still have not done so. Counsel should send letters and additional claim forms to those class members immediately. The letters should provide clear notice that this is the last opportunity to submit a claim form and to participate in the class recovery. The letters should explain they were sent because the recipients have expressed interest in submitting a claim form but have not done so despite multiple opportunities. The letters should state that if a properly completed claim form is received by June 10, 2011, the Court will consider allowing the class member to participate in the class recovery, but any payment would be pro-rated because of the lateness of the claim form, meaning only about 70% of the claim would be paid. The letters also should state that if a properly completed form is not received by June 10, the class member's claim will be completely extinguished — the deadline will not be extended, and there will be no further opportunities to collect payment. On **JUNE 15, 2011**, counsel shall file a report stating how many additional claims forms were received by way of this procedure.

Having considered all submissions regarding the class fund shortage, a plan for distribution of the remaining class funds will then be finalized. A tentative plan is set forth below. Counsel may comment on this plan and raise any other remaining issues in the June 15 filing.

*First*, Jon Dumbauld's outstanding claim shall be paid in full. This payment will restore to Mr. Dumbauld "the difference between what he should have received and what he actually

received" due to a clerical error in the administration of the fund that was not his fault (Dkt. No. 746 at 3).

*Second*, any checks that were uncashed or returned as undeliverable because their recipients had passed away shall be re-issued in full to the estates of the deceased class members.

*Third*, the remaining funds shall be pro-rated among the following groups of claimants: (1) class members who failed to timely cash their checks for reasons other than having passed away; (2) class members who submitted timely but deficient claim forms and now have corrected the deficiencies (*e.g.*, missing signatures or social security numbers); and (3) class members who submitted untimely claim forms.

*Fourth*, the claims of the class members who have expressed willingness to submit late claim forms but who still have not done so shall be extinguished. The letters described above will give these class members fair notice of possible preclusion and a final opportunity to participate in the class recovery.

*Fifth*, any small amount of funds remaining after this final set of distributions is made (for example, because additional checks expire without being cashed) shall be donated to the Center for the Study of Traumatic Encephalopathy at the Boston University Medical School, which studies a serious disease that results from the sports concussions to which football players are exposed.

After the final set of distribution checks is mailed, class counsel shall file a report stating when the mailing was completed and what percentage payment ultimately was made on the pro-rated claims. Three weeks *before* the final distribution checks are set to become void, class counsel shall contact any class member whose check has not been cashed to provide a reminder about the deadline. After all checks have been cashed or become void and any donation has been made, class counsel shall file a final report stating the amount of any donation and confirming that nothing further remains to be done.

**IT IS SO ORDERED.**

Dated: May 17, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3